AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Rosy Giron Defendant Reyes, et al.

*Plaintiff*

v.

Waples Mobile Home Park, et al.

*Defendant*

Civil Action No. 1:16cv00563-TSE-TCB

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Yardi Systems, Inc.
SERVE: Corporation Service Company, Bank of America Center, 16th Floor
1111 East Main St.  Richmond VA, 23219

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Appendix A attached

| Place: Legal Aid Justice Center<br>6066 Leesburg Pike, Suite 250 520<br>Falls Church, VA 22041 | Date and Time:<br><br>September 5, 2016, 10:00 a.m |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8/3/2016

CLERK OF COURT

*Signature of Clerk or Deputy Clerk*       OR       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Rosy Giron De Reyes, et al. , who issues or requests this subpoena, are:
Simon Y. Sandoval-Moshenberg; 6066 Leesburg Pike, Suite 250 520 Falls Church, VA 22041; simon@justice4all.org; (703) 778-3450 x 605

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:16cv00563-TSE-TCB

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

ROSY GIRON DE REYES;
JOSE DAGOBERTO REYES;
FELIX BOLANOS; RUTH RIVAS;
YOVANA JALDIN SOLIS; ESTEBAN
MOYA YRAPURA; ROSA AMAYA; and
HERBERT SARAVIA,

*Plaintiffs*,

vs.

WAPLES MOBILE HOME PARK
LIMITED PARTNERSHIP; WAPLES
PROJECT LIMITED PARTNERSHIP; and
A.J. DWOSKIN & ASSOCIATES, INC.,

*Defendants*.

Civil Action No. 1:16cv00563-TSE-TCB

## Appendix A to Subpoena

Instructions

1. Please produce clear, unredacted (except as set forth in these instructions), and legible copies of the following documents. **If any responsive document has writing or information on the back of the document, please also produce the back of that document.**

2. You may redact any personally identifying information of any individual other than any named plaintiff, as well as the account information connected to any individual other than plaintiffs. You may also redact any bank routing numbers or bank account numbers or banking information pertaining to any person or entity other than any named plaintiff.

3. If you object to any of the document requests herein on any grounds whatsoever, or if you consider any of the document requests herein insufficiently specific or too vague for you to respond, or if you intend to move the court for a protective order or to quash the subpoena, you are invited to confer with plaintiffs' counsel in an initial effort to resolve the dispute without court action.

4. If you intend to claim any privilege whatsoever, please produce a privilege log that describes the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable the requesting party to assess the applicability of the privilege or protection.

5. If you consider any of the material requested to be proprietary, you are invited to confer with plaintiffs' counsel in an initial effort to resolve the dispute without court action and enter into a protective order.

6. Throughout this appendix, an "ITIN" refers to an Individual Taxpayer Identification Number, a nine-digit tax processing number issued by the Internal Revenue Service.

7. "Document" is defined broadly to be given the full scope of that term contemplated in Federal Rules of Civil Procedure 26 and 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive possession, custody, or control, regardless of the medium on which they are produced, reproduced, or stored (including, without limitation, electronically stored information), and any recording or writing, as these terms are defined in Rule 1001 of the Federal Rules of Evidence. Any document bearing marks, including, without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document.

8. All documents requested are to be produced in the same file or other organizational environment in which they are maintained. Therefore, electronically stored documents may be produced in electronic format on a disk, flash drive, or other electronic storage means made available to counsel (such as Drop Box or other similar software).

## Documents To Be Provided Pursuant To This Subpoena

1. Provide any and all contracts or service agreements with Waples Mobile Home Park Limited Partnership, Waples Mobile Project Limited Partnership and/or A.J. Dwoskin & Associates, Inc. (hereinafter, "Defendants") dating from 2006 to the present.

2. Provide any and all other agreements, renewals, notices of service changes, or other updates of materials you have provided to Defendants dating from 2006 to the present.

3. Provide any and all records of those services you perform for Defendants related to Waples Mobile Home Park background and credit checks dating from 2006 to the present.

4. If you offer clients a menu of services to choose from, please provide this menu.

5. Provide any and all instruction and training manuals that Yardi Systems Inc. provides to its employees regarding the criminal background check process in use from 2006 to the present.

6. Provide any and all tutorials, manuals, handbooks or other materials educating clients on how to use the services provided by Yardi Systems to conduct criminal background checks dating from 2006 to the present.

2

7. Provide any and all instruction and training manuals that Yardi Systems Inc. provides to its employees regarding the credit check process in use from 2006 to the present.

8. Provide any and all tutorials, manuals, handbooks or other materials educating clients on how to use the services provided by Yardi Systems to conduct credit checks dating from 2006 to the present.

9. Provide any memos, guidelines, or documents that explain Yardi Systems' legal basis or business motives for implementing the particular background check process that it follows.

10. Provide any memos, guidelines, or documents that explain Yardi Systems' legal basis or business motives for implementing the particular credit check process that it follows.

11. Please provide a listing of all databases, Credit Reporting Agencies, courts, or other sources from which Yardi Systems aggregates data for its criminal background checks and credit checks on behalf of the Defendants.

12. Provide any document identifying the use of ITINs for purposes of criminal background checks and credit checks, if any, and if your company treats ITINs any differently than Social Security numbers, provide any documents that discuss the business or legal reasons for doing so.

13. Provide any document that indicates whether an ITIN can or cannot be utilized for purposes of a criminal background check or credit check, and any documents that discuss the business or legal basis for such distinction.

14. Provide any document that indicates whether an I-94 form is or can be utilized in the criminal background or credit check process.

15. Provide any document that indicates whether any passport information is or can be utilized in the criminal background or credit check process.

16. Provide any document that indicates whether any visa information is or can be utilized in the criminal background or credit check process.

17. Provide any document that indicates whether Yardi investigates legal presence and/or legal immigration status in the United States as a component of any background investigation, criminal or credit, whether on behalf of the Defendants or otherwise.

Please produce the above-mentioned documents to the office of plaintiffs' attorney, Simon Y. Sandoval-Moshenberg, Esq., 6066 Leesburg Pike #520, Falls Church, Virginia 22041, on or before **September 5, 2016 at 10:00 am.**

3

Respectfully submitted,

LEGAL AID JUSTICE CENTER


By: _____//s//_____     Date: August 3, 2016
Simon Y. Sandoval-Moshenberg (VSB No.: 77110)
6066 Leesburg Pike, Suite 520
Falls Church, Virginia 22042
(703) 778-3450 x 605 / Fax: (703) 778-3454
simon@justice4all.org
*Counsel for the plaintiffs*

4