**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| ROSY GIRON DE REYES; JOSE DAGOBERTO REYES; FELIX ALEXIS BOLANOS; RUTH RIVAS; YOVANA JALDIN SOLIS; ESTEBAN RUBEN MOYA YRAPURA; ROSA ELENA AMAYA; and HERBERT DAVID SARAVIA CRUZ, | |
| *Plaintiffs*, | Civil Action No. 1:16-cv-563-TSE-TCB |
| vs. | |
| WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP; WAPLES PROJECT LIMITED PARTNERSHIP; and A.J. DWOSKIN & ASSOCIATES, INC., | |
| *Defendants*. | |

## PROPOSED JOINT DISCOVERY PLAN

Pursuant to the Court's Scheduling Order dated July 28, 2016 (Dkt. 35), the parties' conference pursuant to Rule 26(f), Plaintiffs Rosy Giron de Reyes, Jose Dagoberto Reyes, Felix Alexis Bolanos, Ruth Rivas, Yovana Jaldin Solis, Esteban Ruben Moya Yrapura, Rosa Elena Amaya, and Herbert David Saravia Cruz (collectively "Plaintiffs") and Defendants Waples Mobile Home Park Limited Partnership, Waples Project Limited Partnership, and A.J. Dwoskin & Associates, Inc. (collectively "Defendants"), respectfully submit the following proposed Joint Discovery Plan:

1.     **Rule 26(f) Conference:**  As required by Rule 26(f), the parties conferred by telephone on August 15, 2016 and continued to confer by email thereafter.

2.    <u>**Initial Disclosures:**</u>  The parties will exchange initial disclosures as required by Rule 26(a)(1)(A) on or before August 23, 2016.  The parties do not anticipate any changes in the timing, form, or requirement for disclosures under 26(a).

3.    <u>**Discovery:**</u>  All discovery shall be subject to the limitations set forth in the Court's Scheduling Order, the Federal Rules of Civil Procedure, and the Local Rules of this Court, subject to either party's right to seek to propound additional discovery requests or depositions, or to move the court for leave to continue discovery beyond the cut-off date, by agreement of the parties or for good cause shown.  All written discovery shall be served in time to assure that it is answered before the deadline for completion of discovery.

4.    <u>**Limitations on Discovery:**</u>    The following additional limitations on discovery shall apply:

a.    **Depositions**

- Each Plaintiff and each Defendant shall be entitled to five non-party, non-expert witness depositions; and

- Each notice of a 30(b)(6) deposition, along with a list of topics to be addressed, shall be served no later than 7 days before the deposition. The noticed party shall identify its designated 30(b)(6) witnesses no later than 3 days before the deposition.

b.    **Interrogatories**

- Each Plaintiff shall be entitled to serve thirty interrogatories on all Defendants; and

- Each Defendant shall be entitled to serve thirty interrogatories on all Plaintiffs.

5.    <u>**Discovery Schedule:**</u>  Based on the Court's Scheduling Order and the parties' discussions, the parties propose the following schedule for discovery:

| Date | Action Item |
|---|---|
| Friday, October 14, 2016 | Plaintiffs' opening expert reports under Rule 26(a)(2)(B) and disclosures under Rule 26(a)(2)(C) |
| Friday, November 18, 2016 | Defendants' expert reports responding to Plaintiffs' opening expert reports under Rule 26(a)(2)(B) and disclosures under Rule 26(a)(2)(C). |
| Wednesday, November 30, 2016 | Plaintiffs' expert reports replying to Defendants' responsive expert reports |
| Friday, December 9, 2016 | Completion of all discovery |
| Thursday, December 15, 2016 at 1:00 p.m. | Final pretrial conference and Rule 26(a)(3) disclosures, list of exhibits to be used at trial, list of witnesses to be called at trial, and written stipulation of uncontested facts |
| Monday, December 27, 2016 | Last day to file objections to exhibits |
| Within 4-8 weeks of the final pretrial conference, to be decided by the Court | Trial |

**6.** **Electronically Stored Information:** The parties have agreed on a protocol for discovery of electronically storied information ("ESI") and will submit a proposed ESI order and request entry of the order.

**7.** **Privilege Issues:** The parties agree that any claims of privilege made within discovery responses will be addressed in an appropriate log. However, communications between client and litigation counsel, communications between litigation counsel, and work-product of litigation counsel need not be so addressed. With the exception noted, the objecting party will identify the responsive documents that are withheld and the basis for withholding in log form. Each privilege log shall include, but not be limited to, the following information, where reasonably available: the date; author; addressee, copyee, and blind copyee; identity of any attorney named on the privilege log; type of document; type or nature of the privilege asserted

(*e.g.*, attorney-client privilege, work product doctrine, etc.); generic description of contents of the document that, without revealing information itself privileged or protected, is sufficient to understand the subject matter of the document and the basis of the claim of privilege or immunity; and the Bates Numbers corresponding to the first and last page of any Document that has been redacted or withheld on the basis of a claim of privilege or immunity. The privilege log will be produced no later than 7 days after the production of discovery.

8.    **<u>Inadvertent Production of Privileged Information:</u>**  In accordance with Federal Rule of Civil Procedure 26(b)(5), inadvertent production of documents subject to work-product immunity, the attorney-client privilege, or other privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the producing party promptly notifies the receiving party in writing of such inadvertent production.

If reasonably prompt notification is made, such inadvertently produced documents and all copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be returned to the producing party or destroyed, upon request of the producing party, and such returned or destroyed material shall be deleted from any litigation-support or other database.  No use shall be made of such documents during depositions or at trial and the documents shall not be disclosed to anyone who was not given access to them before the request to return or destroy.  The party returning such documents may move the Court for an order compelling production of the material.

If a receiving Party knows or should reasonably know that it has received documents subject to an immunity or privilege, it shall promptly:

a.  Sequester the documents;

    b.  Refrain from using the documents and the portions of all work product that reflect or are derived from such documents;

    c.  Promptly notify the disclosing party of the existence of such documents to permit the disclosing party to take protective measures as outlined above; and

    d.  Upon request , comply with the procedures described above to destroy or delete the material.

**9.** **<u>Protective Order:</u>** The parties have agreed on a stipulated protective order and will submit proposed order and request entry of the order.

**10.** **<u>Trial by Magistrate Judge:</u>** The parties do not consent to trial before a Magistrate Judge at this time, but will consider consenting to trial before a Magistrate Judge at a later time.

**11.** **<u>Settlement:</u>** The parties do not believe that a settlement conference would be productive at such an early stage of the case, without discovery having been carried out. However, the parties will continue to consider and will discuss the possibility of settlement at an appropriate time.

**12.** **<u>Service of Filings:</u>** Any documents required to be served on the opposing party, with the exception of discovery productions, may be served by e-mail or ECF only. The parties agree to waive the 3 days added to the time to act under the Federal Rules.

Dated: August 17, 2016                              Respectfully submitted,


/s/ Paul Brinkman                                  /s/ Michael S. Dingman
QUINN EMANUEL URQUHART &                           REED SMITH LLP
SULLIVAN, LLP                                      Michael S. Dingman, VSB # 30031
Paul Brinkman, VSB # 35950                         Justin deBettencourt, VSB # 83806
Jeanhee Hong (*pro hac vice*)
Ariel Wade Trajtenberg (*pro hac vice*)            7900 Tysons One Place, Suite 500
Diego Duran de la Vega (*pro hac vice*)            McLean, Virginia 22101
Jongwook Kim (*pro hac vice*)                      Phone: (703) 641-4200
William A. Margeson (*pro hac vice*)               Fax: (703) 641-4340
                                                   mdingman@reedsmith.com
777 Sixth Street NW, 11th Floor                    jdbettencourt@reedsmith.com
Washington, District of Columbia 20001
Phone: (202) 538-8000                              *Counsel for Defendants*
Fax: (202) 538-8100
paulbrinkman@quinnemanuel.com
jeanheehong@quinnemanuel.com
arieltrajtenberg@quinnemanuel.com
diegoduran@quinnemanuel.com
wookiekim@quinnemanuel.com
billmargeson@quinnemanuel.com

LEGAL AID JUSTICE CENTER
Simon Sandoval-Moshenberg, VSB #77110

6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Phone: (703) 778-3450
Fax: (703) 778-3454
simon@justice4all.org


*Counsel for Plaintiffs*