# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

ROSY GIRON DE REYES; JOSE
DAGOBERTO REYES; FELIX ALEXIS
BOLANOS; RUTH RIVAS; YOVANA
JALDIN SOLIS; ESTEBAN RUBEN MOYA
YRAPURA; ROSA ELENA AMAYA; and
HERBERT DAVID SARAVIA CRUZ,

        *Plaintiffs,*

vs.

WAPLES MOBILE HOME PARK LIMITED
PARTNERSHIP; WAPLES PROJECT
LIMITED PARTNERSHIP; and A.J.
DWOSKIN & ASSOCIATES, INC.,

        *Defendants.*

Civil Action No. 1:16-cv-563-TSE-TCB

## STIPULATED PROTECTIVE ORDER

By stipulation and agreement of the parties, and with the express consent of counsel for Plaintiffs and counsel for Defendants, IT IS HEREBY ORDERED that, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following terms and conditions shall govern the treatment of confidential information and documents produced or disclosed in the course of discovery in this action:

1.     The purpose of this Protective Order is to assure the confidentiality of certain information which may be disclosed during the course of discovery and to permit discovery and trial preparation to proceed with a minimum of discovery motions over matters of confidentiality.

2.     "Confidential" information is defined herein to mean information (regardless of how generated, stored, or maintained) that is: (a) information prohibited from public disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial,

1

financial, or other sensitive business information ; (d) communications that the party has maintained as confidential; (e) sensitive personal information; (f) sensitive personal financial information, including but not limited to income tax returns, W-2 forms, and 1099 forms; (g) personnel or employment records; and (h) all documents designated as confidential by the agreement of counsel. The Confidential designation shall not include any material that has been made available as a matter of public record outside of this litigation.

3.      Documents and things produced during the course of discovery deemed by the party producing or disclosing them ("Producing Party") to contain confidential information may be designated by the Producing Party by marking the document or thing with the legend "CONFIDENTIAL." Documents produced in native format may be designated confidential by separate slip-sheet indicating the Bates numbers and designations of each document so designated.

4.      Any written discovery response containing confidential information shall be marked with the legend "CONFIDENTIAL" and shall be identified as such in a searchable electronic format.

5.      In the event that a question is asked which calls for testimony disclosing confidential information, counsel for the party claiming confidentiality may designate the question and answer thereto as confidential by making, at the deposition or hearing (or within 30 days after receipt of a final transcript), a statement so designating such portions, and shall direct the court reporter to identify transcript pages containing confidential information by prominently marking those pages with the legend "CONFIDENTIAL."

6.       Nothing contained in the foregoing paragraphs shall prohibit a party from designating any document, thing, testimony, or information as Confidential subsequent to its first disclosure or production, provided, however, that any such subsequent designation (a) must be in writing; (b) must specifically identify the document, thing, testimony, or information designated; and (c) shall apply only to the treatment and disclosure of such documents, things, testimony, and information by the receiving party after such written designation is received by the receiving party.  Where the Producing Party designates information or materials Confidential pursuant to this paragraph, the receiving party shall immediately request return of the information or materials, and any copies thereof, and make all reasonable best efforts to retrieve the information or materials from any persons not authorized to hold them under this Order.

7.       Materials designated Confidential, copies thereof, and any confidential information contained therein shall not be disclosed to any person except:

(a)       the parties in this litigation and their counsel, employees of counsel, and/or other professionals who are engaged by one of the parties in the prosecution or defense of this litigation, who shall use such information solely for the purposes of this action;

(b)       the Court, its officers, and court reporters providing stenographic or video services in this litigation;

(c)       third party experts or independent consultants engaged by counsel or by the parties to assist in this litigation, who shall use that information solely for the purposes of this litigation, provided that each such expert or independent consultant signs a confidentiality agreement in the form attached hereto as Exhibit A prior to receiving any confidential information, documents, or things;

(d)       officers, directors, or employees of the receiving party, who shall use such information solely for purposes of this litigation, provided that each such officer, director, or employee signs a confidentiality agreement in the form attached hereto as Exhibit A prior to receiving any confidential information, documents, or things;

3

(e)    any special master or mediator or arbitrator engaged by the parties or authorized by the Court for purposes of mediation or other dispute resolution regarding issues arising in this litigation;

(f)    a witness in this litigation to whom disclosure is reasonably necessary and who is not otherwise authorized to view the confidential information in question, during that witness's testimony at a deposition, hearing, or trial in the litigation, provided that if the individual is not an employee or former employee of the parties, then each such witness signs a confidentiality agreement in the form attached hereto as Exhibit A prior to receiving any confidential information, documents, or things;

(g)    individuals who, according to the face of the designated material, authored or received the confidential information; and

(h)    any other individual agreed upon by the parties in writing, which agreement may include a requirement that such person must sign the confidentiality agreement attached hereto as Exhibit A.

8.    Counsel for the receiving party shall maintain the original of each confidentiality agreement signed pursuant to paragraphs 7(c), 7(d), 7(f), and 7(h) above, and shall promptly forward a copy thereof to counsel for the Producing Party upon request.

9.    The parties shall make every reasonable effort to act in good faith to limit and curtail the volume of information, documents, things, testimony, or other materials designated by them as Confidential under this Protective Order; shall use their best efforts to act in good faith to separate out and segregate documents, things, and other materials containing confidential information from those that do not contain confidential information; shall use their best efforts to act in good faith to limit the number of persons to whom confidential information is to be disclosed; and shall confer with each other in good faith for the purpose of attempting to limit and curtail the volume of information and materials to be so designated.

10.    To the extent that any materials that qualify as Confidential (or any pleading, motion, or memorandum referring to them) are proposed to be filed or are filed with the Court,

4

those materials and papers, or any portion thereof which discloses Confidential information, shall be filed consistent with Local Rule 5 of the Eastern District of Virginia.

11.    No discoverable information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by this Order unless the party claiming a need for greater protection moves for an order providing such special protection by no later than the date on which its response to such discovery is due.

12.    A designation of confidentiality may be challenged by motion. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.

13.    The inadvertent or unintentional disclosure by any party of Confidential or privileged information, regardless of whether the information was so designated at the time of the production in this litigation, shall not itself result in a waiver in whole or in part of a party's claim of confidentiality or privilege, either as to the specific information disclosed or as to any other related information on the same or related subject matter, and such material may not be used except as provided under Rule 26(b)(5) of the Federal Rules of Civil Procedure so long as the party promptly took reasonable steps to rectify the error, including (if applicable) following Rule 26(b)(5).

14.    Nothing in this Order shall be deemed to be a limit or waiver of the attorney-client privilege, the work product doctrine, or any other relevant privilege.

15.    In the event that any person who has received Confidential information pursuant to this Protective Order receives facially valid discovery requesting production of Confidential information provided in this litigation, that person will: (a) promptly notify in writing the party that produced the information and designated the information Confidential; (b) provide the person issuing the discovery request with a copy of this Order; and (c) refuse to produce the requested Confidential information until the party that produced the Confidential information has had an opportunity to object or oppose the request, but failed to do so, has stated in writing that it does not oppose the production, or a Court has ordered the production. To the extent that the

5

party that designated the information as Confidential timely seeks a protective order, the person who received the discovery request will not produce any Confidential information before a determination by the Court. The party who designated the information as Confidential will bear the burden and all expense of opposing any such production or seeking protection of any Confidential material.

16.    At the conclusion of the litigation, all material designated as Confidential under this Order and not received in evidence shall be destroyed, except that if the Producing Party requests in writing and pays for the expense of returning such materials, such material will be returned instead of being destroyed. No party will be required to return any material or information that is privileged or subject to work product protection.

17.    The Court shall retain jurisdiction, both before and after the entry of final judgment in this case, whether by settlement or adjudication, to construe, enforce, and amend the provisions of this Order.

18.    This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

SO ORDERED this _____ day of _____, 2016.

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

United States Magistrate Judge

6

STIPULATED AND AGREED TO BY:


_/s/ Paul Brinkman_
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Paul Brinkman, VSB # 35950
Jeanhee Hong (*pro hac vice*)
Ariel Wade Trajtenberg (*pro hac vice*)
Diego Duran de la Vega (*pro hac vice*)
Jongwook Kim (*pro hac vice*)
William A. Margeson (*pro hac vice*)

777 Sixth Street NW, 11th Floor
Washington, District of Columbia 20001
Phone: (202) 538-8000
Fax: (202) 538-8100
paulbrinkman@quinnemanuel.com
jeanheehong@quinnemanuel.com
arieltrajtenberg@quinnemanuel.com
diegoduran@quinnemanuel.com
wookiekim@quinnemanuel.com
billmargeson@quinnemanuel.com

LEGAL AID JUSTICE CENTER
Simon Sandoval-Moshenberg, VSB #77110

6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Phone: (703) 778-3450
Fax: (703) 778-3454
simon@justice4all.org

*Counsel for Plaintiffs*


_/s/ Michael S. Dingman_
REED SMITH LLP
Michael S. Dingman, VSB # 30031
Justin deBettencourt, VSB # 83806

7900 Tysons One Place, Suite 500
McLean, Virginia 22101
Phone: (703) 641-4200
Fax: (703) 641-4340
mdingman@reedsmith.com
jdbettencourt@reedsmith.com

*Counsel for Defendants*

**EXHIBIT A**

**CONFIDENTIALITY AGREEMENT**
**UNDER STIPULATED PROTECTIVE ORDER**

I, _____, certify that certain CONFIDENTIAL material is being made available to me pursuant to the terms and restrictions of a Stipulated Protective Order (the "Protective Order") entered into by and between counsel for Rosy Giron de Reyes, Jose Dagoberto Reyes, Felix Alexis Bolanos, Ruth Rivas, Yovana Jaldin Solis, Esteban Ruben Moya Yrapura, Rosa Elena Amaya, and Herbert David Saravia Cruz and counsel for Waples Mobile Home Park Limited Partnership, Waples Project Limited Partnership, and A.J. Dwoskin & Associates, Inc. dated August ___, 2016. I further certify that I have read the Protective Order, that I understand the terms of the Protective Order, and that I agree to be fully bound by the Protective Order, including, without limitation, the restrictions contained therein on disclosure. I hereby submit myself to the jurisdiction of the United States District Court for the Eastern District of Virginia for purposes of enforcement of the Protective Order.

I understand that any violation of the terms of this Protective Order will be subject to such relief as deemed appropriate by the Court.

Dated: _____       Signature: _____

8