UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ROSY GIRON DE REYES; JOSE DAGOBERTO REYES; FELIX ALEXIS BOLANOS; RUTH RIVAS; YOVANA JALDIN SOLIS; ESTEBAN RUBEN MOYA YRAPURA; ROSA ELENA AMAYA; and HERBERT DAVID SARAVIA CRUZ, <br><br> *Plaintiffs,* <br><br> vs. <br><br> WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP; WAPLES PROJECT LIMITED PARTNERSHIP; and A.J. DWOSKIN & ASSOCIATES, INC., <br><br> *Defendants.* | Civil Action No. 1:16-cv-563-TSE-TCB |

## ORDER REGARDING ELECTRONIC DISCOVERY

### I.   DEFINITIONS

1.   "Bates Number" means a legible, unique fixed-length alphanumeric identifier containing seven (7) or eight (8) digits, plus a prefix identifying the producing Party (*e.g.*, "US0000000" or "US00000000") affixed to each produced document.

2.   "Confidentiality Designation" means the Document's confidentiality designation (*i.e.*, Confidential) pursuant to the Stipulated Protective Order filed with the Court.

3.   "Court" means the United States District Court for the Eastern District of Virginia.

4.   "Disclosed Information" means any documents or information subject to a claim of attorney-client privilege or work product protection, and disclosed in connection with this Litigation.

5. "Disclosing Party" shall mean a Party who discloses Disclosed Information in connection with this Litigation.

6. "Document" carries the meaning consistent with Federal Rule of Civil Procedure 34(a), and includes ESI and paper (*i.e.*, hard copy) documents.

7. "Electronically Stored Information" or "ESI" carries the meaning consistent with Federal Rule of Civil Procedure 34(a) and Federal Rule of Evidence 1001.

8. "JPEG" refers to the Joint Photographic Experts Group's file format for storing graphic images using a compression algorithm.

9. "Litigation" means the above-captioned litigation, *Giron de Reyes, et al. v. Waples Mobile Home Park LP*, Case No. 1:16-cv-563-TSE-TCB (E.D. Va.).

10. "Load File" means the load file format specified in Appendix A.

11. "Metadata" means: (i) information embedded in a Native File that is not ordinarily viewable or printable from the application that generated, edited, or modified such Native File; or (ii) information generated automatically by the operation of a computer or other information technology system when a Native File is created, modified, transmitted, deleted or otherwise manipulated by a user of such system. Metadata is a subset of ESI.

12. "Native Format" or "Native File" means the ESI in the electronic format of the application in which such ESI is originally created, viewed and/or modified. Native Files and Native Format documents are a subset of ESI.

13. "Parties" or "Party" means Plaintiffs and Defendants collectively, or each individually.

14. "OCR" means the optical character recognition technology used to read paper documents or electronic images of documents, and to output them to a searchable text.

15. "PDF" means Portable Document Format.

16. "Production Media" means the format used for transmitting discovery documents, and may include CDs, DVDs, hard drives, USB drives, and thumb drives.

17. "Responsive Document" means any Document, excluding source code, that is responsive to any document requests served on the producing Party in the Litigation that the producing Party has agreed to produce, or that the producing Party has been ordered to produce by the Court.

18. "ESI Order" means this [Proposed] Stipulated Order Regarding Electronic Discovery as approved by the Court.

19. "Tagged Image File Format" or "TIFF" refers to the CCITT Group IV graphic file format for storing bit-mapped images, with multiple compression formats and resolutions.

20. "Personally Identifiable Information" means sensitive information related to an individual that is required to be redacted by an applicable data privacy law.

**II.  SCOPE**

1. The procedures and protocols set forth in this ESI Order shall govern the production of Responsive Documents among the Parties in the Litigation. Any practice or procedure set forth herein may be varied only by further written agreement of all of the Parties.

2. The Parties do not waive any objections to the production, discoverability, or confidentiality of Documents, including (without limitation) objections regarding the burden, over-breadth, or relevance of document requests related to Documents. Nothing in this ESI Order shall be interpreted to require the disclosure of irrelevant information, relevant information that is overly burdensome, or relevant information protected by the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

3. The Parties shall make their best efforts to comply with—and resolve any differences concerning compliance with—this ESI Order. If, after meeting and conferring on any differences concerning compliance with this ESI Order, the Parties are unable to reach an agreement, the Parties shall submit any dispute to the Court for resolution.

4. Notwithstanding anything to the contrary in this ESI Order, the following Document types are not discoverable in the Litigation—and, to the extent that they exist, need not be retained, processed, reviewed or produced—except upon a showing of good cause: (a)

recorded voice messages, including voice-mail in the Avaya Voice Player (.lvp) or WAVE (.wav) file formats; (b) instant messaging communications, including Skype communications and text messages; (c) back-up tapes or other long-term storage media that were created strictly for use as a data back-up or disaster recovery medium; (d) temporary data stored in a computer's random access memory (RAM), or other ephemeral data that are difficult to preserve without disabling the operating system; (e) common system and program files; (f) deleted, slack, fragmented or other data only accessible by forensics; (g) on-line access data such as temporary Internet files, history, cache, cookies, and the like; (h) electronic mail or pin-to-pin messages sent to or from mobile devices (*e.g.*, iPhone and Blackberry devices); (i) other electronic data stored on a mobile device, such as calendar or contact data or notes; (j) logs of calls made from mobile devices; (k) server, system, or network logs; (l) electronic data temporarily stored by laboratory equipment or attached electronic equipment, provided that such data is not ordinarily preserved as part of a laboratory report; and (m) data remaining from systems that are no longer in use, and that is unintelligible on systems in use. To the extent a party shows good cause and that discovery of such materials would be proportional to the needs of the case, and to the extent necessary, the parties will meet and confer regarding production of relevant files.

  5. This ESI Order shall have no effect on any producing Party's right to seek reimbursement for costs associated with collection, review, or production of Documents.

**III. PRESERVATION**

  1. Preservation of potentially relevant ESI shall be reasonable and proportionate. The producing Party shall take reasonable steps to collect and process Documents using methods that avoid spoliation of data. Provided that the Parties take reasonable steps to comply with this ESI Order, the Parties will not seek sanctions on a Party for failing to produce ESI that was inadvertently lost. Nothing in this Paragraph shall be read to impose any greater duty to preserve ESI than is set forth in Federal Rule of Civil Procedure 37(e), as amended and effective December 1, 2015, or to otherwise alter the standards applicable to any motion for sanctions related to ESI as set forth in that Rule.

2. The Parties shall meet and confer regarding any issues not addressed under this ESI Order, including any reasonable methods to limit the scope of preservation and production, such as limiting the types of ESI to be preserved, selection of relevant custodians, the relevant date range, and technology-assisted culling or review process (*i.e.*, predictive coding and/or keyword search terms).

## IV. PROCESSING SPECIFICATIONS AND DATA RETENTION

1. Each producing Party shall collect and process Documents using forensically sound, reasonable, and proportionate methods that avoid spoliation of data, and generate and preserve the MD5 hash values of all ESI based on the non-spoliated source native file.

2. <u>Original Documents.</u> Nothing in this Stipulated Order shall eliminate or alter any Party's obligation to retain Native Format copies—including any associated Metadata—of all ESI preserved for and produced in this Litigation, and original versions of all paper Documents preserved for and produced in this Litigation. Nothing in this ESI Order shall alter a Party's obligation to retain data pursuant to the Federal Rules of Civil Procedure or a court order.

## V. PRODUCTION FORMAT

### A. General Provisions

1. <u>Metadata Fields and Processing.</u> Each of the Metadata and coding fields set forth in Appendix B which are available and can be extracted from a Document shall be produced for that Document. The Parties are not obligated to populate manually any of the fields in Appendix B if such fields cannot be electronically extracted from a Document, with the exception of the following, which shall be populated by the producing Party:

    (a) BEGBATES;

    (b) ENDBATES;

    (c) BEGATTACH (IF APPLICABLE);

    (d) ENDATTACH (IF APPLICABLE);

    (e) CUSTODIAN;

    (f) CONFIDENTIALITY (IF APPLICABLE);

  (g) VOLUME;

  (h) NATIVELINK (IF APPLICABLE); AND

  (i) REDACTED (IF APPLICABLE).

2. <u>Text Files.</u> Each Document produced in this litigation shall be accompanied by a single, multipage text file containing all of the text for that item along with the image (or native) files and Metadata. The text file name shall be the same as the Bates Number of the first page of the Document. File names shall not have any special characters or embedded spaces. Electronic text must be extracted directly from the native electronic file unless the document was redacted, an image file, or a physical file—in which case a text file created using OCR will be produced in lieu of extracted text.

3. <u>De-Duplication.</u> Each Party is only required to produce a single copy of a responsive Document. Per Federal Rule of Civil Procedure 34(b)(E)(iii), a party need not produce the same electronically stored information in more than one form; however, the Parties agree that any productions made prior to the entry of this ESI Order shall be re-produced in compliance with the requirements of this ESI Order. De-duplication shall be subject to the following protocol: removal of duplicate Documents shall be done on exact duplicate Documents across the custodians for the producing Party using commercially reasonable methods, such as by using industry standard MD5 or SHA-1 algorithms to create and compare hash values for exact matches only. Any other methodology for identification of duplicates must be discussed with the receiving Party and approved in writing before implementation.

4. <u>Load Files.</u> Except where noted below, Documents shall be produced in electronic format, with files suitable for loading into a Concordance compatible litigation support review database. All productions will include both image and Metadata Load Files, with the Load File in the format described in Appendix A.

5. <u>Production Media.</u> The producing Party shall produce all Documents (whether in TIFF, JPEG, or Native Format), Load Files, and Metadata on Production Media. Each production of Documents in this Litigation shall be accompanied by the following information:

(a) Name of the Litigation and its case number;

(b) Name of the producing Party;

(c) Date of the production (mm/dd/yyyy);

(d) Volume number;

(e) Bates Number range;

(f) Confidentiality Designation; and

(g) Notes regarding any irregularities in the production (*e.g.*, whether it includes replacement Documents, as described in Section V.A.6, below).

6. <u>Replacement Production Media.</u> Any replacement Production Media shall cross-reference the original Production Media, clearly identify that it is a replacement, and cross-reference the Bates Number range that is being replaced.

7. <u>Encryption and Password Protection.</u> All Production Media shall be encrypted or password-protected, with the producing Party to provide a decryption key or password concurrently with (but under separate cover from) the production.

**B.    Electronically Stored Information**

1. <u>Documents Produced in Native Format.</u> Certain file types—for example, Microsoft Excel spreadsheets and Microsoft PowerPoint Documents—can lose significant information and meaning when produced as an image. The Parties have therefore agreed that, if a Document cannot be accurately represented or comprehended as an image, it will be produced in Native Format, if reasonably available. The production of Documents in Native Format shall be subject to the following protocol:

(a) Any Documents produced in Native Format shall be produced with a Bates-numbered TIFF image slip-sheet stating the Document has been produced in Native Format, and noting the Document's Confidentiality Designation.

(b) Any Documents produced in Native Format shall be produced with the applicable Metadata fields set forth in Appendix B, including the "NativeLink" field, to the extent those fields exist for such Documents.

(c) Any Document produced in Native Format shall be given a file name comprised of the Document's Bates Number, Confidentiality Designation (if applicable and reasonably feasible), and file extension (*e.g.*, US00000000_CONF.xls or US00000000_HIGHCONF.xls).

(d) Microsoft PowerPoint Documents shall be processed with hidden slides, with all speaker notes unhidden, and to show both the slide and the speaker's notes on the TIFF or JPEG image. If PowerPoint versions are not produced as native files, then (i) color PowerPoint Documents shall be converted to color JPEG images, and (ii) black and white PowerPoint Documents shall be converted to black and white TIFF images—provided, however, that proper grayscale printing shall be enabled to ensure that any dark colored text will not be hidden from view by other dark objects/drawings around the text.

(e) If a Document to be produced in Native Format contains privileged information, it shall be produced in TIFF format with redactions. To the extent that Documents that fall under this paragraph contain privileged information and cannot be redacted or produced in TIFF format, such Documents shall be logged on a privilege log pursuant to Section VI.B.

(f) For any Document that is not produced in Native Format, and is not adequately represented as an image (*i.e.*, in TIFF or JPEG format), each Party reserves the right to request production in Native Format; such requests shall be made according to the following protocol:

(i) The receiving Party shall provide the producing Party with the Bates Numbers of each Document(s) that it is requesting be

        produced in Native Format, along with a brief description of the reason or reasons for the request.

    (ii) If the Parties are unable to agree as to the production of the requested Documents in Native Format, they may submit the matter to the Court for resolution by requesting a conference with the court prior to moving for an order related to discovery, as contemplated by Federal Rule of Civil Procedure 16(b)(3)(B)(v), as effective and amended December 1, 2015.

2. <u>Documents Produced as TIFF or JPEG Images.</u> Documents, except those described in Section V.B.1, above, will be produced by Parties in TIFF, or JPEG format, according to the following protocol:

  (a) For those Documents that require color to understand their full meaning or content, the producing Party shall use its best efforts to produce such Documents in single page JPEG format.

  (b) All other Documents, other than those to be produced in Native Format, shall be produced as single page Group IV TIFF images using at least 300 DPI print setting.

  (c) If a Document is produced in TIFF format, but requires color to understand its full meaning and content, the receiving Party may, in good faith, request that the Document be produced in color format. The producing Party shall not unreasonably deny such a request, and shall produce such Documents in JPEG format.

  (d) Each image shall be branded with its corresponding Bates Number and Confidentiality Designation, using a consistent font type and size.

3. <u>Redaction.</u> If a file that originates in ESI needs to be redacted before production, the file will be rendered in TIFF, and the TIFF will be redacted and produced.

### C. Paper Documents

1. <u>TIFF Images.</u> Paper Documents shall be scanned as single page, Group IV compression TIFF images using a print setting of at least 300 DPI. Each image shall have a unique file name—*i.e.*, the Bates Number of the Document—and shall be branded with its corresponding Bates Number and Confidentiality Designation, using a consistent font type and size. The producing Party shall make reasonable efforts to avoid obscuring any part of the underlying image with the Bates Number or Confidentiality Designation.

2. <u>OCR Acquired Text Files.</u> When subjecting paper Documents to an OCR process, the settings of the OCR software shall maximize text quality over process speed. Any settings such as "auto-skewing," "auto-rotation," and the like should be turned on when Documents are run through the process.

3. <u>Database Load Files / Cross-Reference Files.</u> Paper Documents shall be provided with: (a) a delimited Metadata file (.dat or .txt) and (b) an image load file (.opt), as detailed in Appendix A.

4. <u>Unitization.</u> In scanning paper Documents, distinct Documents shall not be merged into a single record, and single documents shall not be split into multiple records (*i.e.*, paper Documents should be logically unitized). In the case of an organized compilation of separate Documents—*e.g.*, a binder containing several separate Documents behind numbered tabs—the Document behind each tab should be scanned separately, but the relationship among the Documents in the binder should be reflected in proper coding of the beginning and ending Document and attachment fields. The Parties will make their best efforts to unitize Documents correctly.

## VI.  PRIVILEGE

### A.  Disclosed Information

1. Pursuant to Federal Rule of Evidence 502(d), and as described in the Joint Discovery Plan, the disclosure of Disclosed Information shall not constitute a waiver of the immunity or privilege, provided that the Disclosing Party promptly notifies the receiving Party in writing of such inadvertent production.

### B.  Privilege Log

1. Pursuant to Federal Rule of Civil Procedure 26, and as described in the Joint Discovery Plan, the Parties agree to exchange privilege logs.

2. With respect to ESI included in the privilege log, each member of a family of a Document (*i.e.*, each member of a set of Documents in a parent-child relationship) that is withheld or redacted on grounds of privilege or immunity shall be identified individually (*e.g.*, email attaching memorandum), but members of the same family—to the extent that such members are also withheld or redacted—may be logged together as a single entry on the privilege log.

3. Any email chain (*i.e.*, a series of emails linked together by email responses and/or forwarding) that is withheld or redacted on grounds of privilege or immunity may be logged together as a single entry on the privilege log, and may be identified/logged by the latest in time email in the chain that is withheld or redacted. Portions of emails that are not privileged must be produced.

Signed at Alexandria, Virginia, this \_\_\_18th\_\_\_ day of \_\_\_August\_\_\_, 2016.

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

United States Magistrate Judge

## APPENDIX A: REQUESTED LOAD FILE FORMAT FOR ESI

1.  Delimited Text File. A delimited text file (DAT File) containing the fields listed in 3(a)(v) should be provided. The delimiters for the file should be Concordance defaults:

    - Comma—ASCII character 20 ( )
    - Quote—ASCII character 254 (þ)
    - Newline—ASCII character 174 (®)

2.  Image Cross-Reference File (Opticon Load File). The Opticon cross-reference file is a comma delimited file consisting of six fields per line. There must be a line in the cross-reference file for every image in the database. The format for the file is as follows:

    ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,BoxBreak,PageCount

    - ImageID: The unique designation that Concordance and Opticon use to identify an image. This should be the Bates Number of the Document.
    - VolumeLabel: The name of the volume.
    - ImageFilePath: The full path to the image file.
    - DocumentBreak: If this field contains the letter "Y," then this is the first page of a Document. If this field is blank, then this page is not the first page of a Document.
    - FolderBreak: Leave empty.
    - BoxBreak: Leave empty.
    - PageCount: Number of pages in the Document.

    Sample Data

    PROD00000001,VOL001,E:\100\ PROD00000001.TIF,Y,,2

    PROD00000002, VOL001,E:\100\ MT00000002.TIF,,,,

    PROD00000003, VOL001,E:\100\ MT00000003.TIF,Y,,,4

    PROD00000004, VOL001,E:\100\ MT00000004.TIF,,,,

## APPENDIX B: REQUESTED METADATA FIELDS

| FIELD NAME | EXAMPLE / FORMAT | DESCRIPTION |
|---|---|---|
| BEGBATES | US00000001 (Unique ID) | The Bates Number associated with the first page of the Document. |
| ENDBATES | US00000003 (Unique ID) | The Bates Number associated with the last page of the Document. |
| BEGATTACH | US00000001 (Unique ID Parent-Child Relationships) | The Bates Number associated with the first page of the parent Document. |
| ENDATTACH | US00000008 (Unique ID Parent-Child Relationships) | The Bates Number associated with the last page of the last attachment in the Document family. |
| ATTACHCOUNT | Numeric | The number of attachments to the Document. |
| PGCOUNT | 3 (Numeric) | The Document's page count. |
| VOLUME | VOL001 | The name of CD, DVD or Hard Drive (vendor assigns) |
| SENTDATE | MM/DD/YYYY | The date the email was sent. |
| SENTTIME | HH:MM | The time the email was sent. |
| CREATEDATE | MM/DD/YYYY | The date the Document was created. |
| CREATETIME | HH:MM | The time when the Document was last modified. |
| LASTMODDATE | MM/DD/YYYY | The date on which the Document was last modified. |
| LASTMODTIME | HH:MM | The time when the Document was last modified. |
| RECEIVEDDATE | MM/DD/YYYY | The date the Document was received. |

| FIELD NAME | EXAMPLE / FORMAT | DESCRIPTION |
|---|---|---|
| RECEIVEDTIME | HH:MM | The time the Document was received. |
| DOCTITLE | Resume.docx | The Document's extracted document title. |
| EMAILSUBJECT | Re: Vacation | Subject line extracted from an email. |
| AUTHOR | jsmith | The author of the Document from entered Metadata. |
| FROM | Joe Smith <jsmith@email.com> | The display name and email of the email's author. If only the author's email address is given, then just list the email address. |
| TO | Joe Smith <jsmith@email.com>, tjones@email.com | The display name and email of the recipient(s) of an email. If only the email address is given, then just list the email address. |
| CC | Joe Smith <jsmith@email.com>, tjones@email.com | The display name of the copyee(s) of an email. If only the email address is given, then just list the email address. |
| BCC | Joe Smith <jsmith@email.com>, tjones@email.com | The display name and email of the blind copyee(s) of an email. If only the email address is given, then just list the email address. |
| CUSTODIAN | Joe Smith | The Document's custodian or source. |
| TIMEZONE | PST, CST, EST, etc. | The time zone the Document was processed in.<br><br>Note: This should be the time zone where the Documents were located at the time of collection. |
| FILEPATH | Joe Smith/email/Inbox<br><br>Joe Smith/email/Deleted Items | Fully qualified original path to the source folder, files and/or mail stores. |

| FIELD NAME | EXAMPLE / FORMAT | DESCRIPTION |
|---|---|---|
| | Joe Smith/Loose Files/Accounting . . .<br><br>Joe Smith/ Loose Files/ Documents and Settings/ . . .<br><br>Joe Smith\Work Documents\January<br><br>Joe Smith\Work Documents\February | |
| APPLICATION | MS Word, MS Excel, etc. | Type of Document by application. |
| FILEEXT | XLS | The Document's file extension. |
| FILENAME | Document Name.xls | The Document's file name. |
| FILESIZE | 125256 | The Document's file size in KB. |
| HASH | 9CE469B8DFAD1058C3B1E7450001158SEA | The MD5 or SHA Hash value or "de-duplication key" assigned to the Document. |
| CONFIDENTIALITY | Confidential | The Document's Confidentiality Designation |
| NATIVEFILE | Y | Y (*i.e.*, "Yes") if the Document was produced in Native Format; otherwise, blank. |
| NATIVELINK | D?\NATIVES\US00000001.xls | The full path to a native copy of the Document. |