IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |
|---|---|
| ROSY GIRON DE REYES, *et al.*, <br><br> Plaintiff, <br> v. <br><br> WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP, *et al.*, <br><br> Defendants. | Civil No.: 1:16cv563-TSE-TCB |

### MEMORANDUM IN SUPPORT OF
### DEFENDANTS' MOTION FOR PROTECTIVE ORDER
### TEMPORARILY STAYING DISCOVERY RESPONSES

Defendants Waples Mobile Home Park Limited Partnership, Waples Project Limited Partnership, and A. J. Dwoskin & Associates, Inc. (collectively "Defendants"), by counsel, pursuant to Fed. R. Civ. P. 26(c) and Local Rule 7(F) submit this memorandum of points and authorities in support of Defendants' Motion for Protective Order Temporarily Staying Discovery Responses.

### INTRODUCTION

Plaintiffs allege that this Court has federal question jurisdiction based on their claims for violation of the federal Fair Housing Act and violation of 42 U.S.C. § 1981. *See* Compl. ¶ 9. Defendants have moved to Motion to Dismiss these claims in on the grounds that Plaintiffs are not members of the protected classes that can bring these claims and because the Complaint otherwise fails to state a basis for these claims. (Dkt. 26 at 7-9, 15-16.) The other claims are based on state law and do not give rise to federal question jurisdiction. The Court heard argument on Defendants' Motion to Dismiss on July 22, 2016 and Defendants' Motion to Dismiss is currently pending before the Court.

Plaintiffs have recently served broad discovery requests on Defendants, most of which are relevant only to the claims for which Defendants have sought dismissal[1]. Plaintiffs' interrogatories and document requests will require Defendants to undertake a burdensome and expensive collection process that will be rendered completely moot if the Court grants Defendants' Motion to Dismiss. Further, Defendants will be responding to discovery requests that solely directed at claims subject to Defendants' Motion to Dismiss.

To avoid the unnecessary burden and expense to Defendants, Defendants request the Court to temporarily stay its discovery responses until after the Court rules on Defendants' Motion to Dismiss. Defendants have agreed on a joint discovery plan that was approved by the Court (Dkt. 47), Defendants have agreed to provide Rule 26 disclosures by August 23, 2016 (Dkt. 41 ¶ 2), and Defendants intend to serve their objections to Plaintiffs' discovery requests in accordance with the Local Rules of the Court. Defendants are also aware of the speed at which this Court moves, but Plaintiffs will not be prejudiced as there is more than enough time for the exchange of discovery before the close of discovery on December 9, 2016. Whereas, Defendants are currently forced to respond to Plaintiffs' broad discovery requests, which are directed mainly at claims subject to Defendants' Motion to Dismiss, even though the Court might grant Defendants' Motion to Dismiss and moot the majority of Plaintiffs' discovery requests.

**PROCEDURAL HISTORY**

Plaintiffs filed their Complaint on May 23, 2016, and alleged claims for violations of the federal Fair Housing Act (Count I), violation of the Virginia Fair Housing Law (Count II), violation of the Virginia Manufactured Home Lot Rental Act (Count III), violation of 42 U.S.C. § 1981 (Count IV), breach of contract (Count V), and tortious interference with contract

---

[1] The state law claims asserted in Counts III and IV are based on alleged failure to comply with lease requirements and require limited discovery.

(Count VI). (Dkt. 1.) On June 13, 2016, Defendants filed a Motion to Dismiss, seeking dismissal of Counts I, II, IV, and VI. (Dkt. 25.) At the same time, the parties agreed to a dismissal of Count VI. (Dkt. 30 at 1 n.1 and Dkt 34 (Order dismissing Count VI).) On July 22, 2016, after hearing argument, the Court dismissed Count VI and took Defendants' Motion to Dismiss under advisement as to Counts I, II, and IV. ECF No. 34. Plaintiffs allege federal question jurisdiction under the federal Fair Housing Act (Count I) and their claim under 42 U.S.C. § 1981. The two claims not subject to Defendants' partial Motion to Dismiss, Count III and Count V, do not provide federal question jurisdiction. Therefore, if the Court grants Defendants' Motion to Dismiss, the Court can decide in its discretion to retain or dismiss the remaining state law claims, Counts III and V.

On August 3, 2016, Plaintiff served 28 interrogatories and 53 requests for production of documents on Defendants. Exhibits A (Plaintiffs' Interrogatories) and B (Plaintiffs' Document Requests). On August 17, 2016, the parties filed a Proposed Joint Discovery Plan, pursuant to which the parties agreed to exchange initial disclosures by August 23, 2016, which was approved by the Court in its Rule 16(b) Scheduling Order. (Dkt. 47.)

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 26(c) provides: "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following . . . specifying terms, including time . . . for the disclosure or discovery."

## ARGUMENT

Plaintiffs recently served extremely broad and far-reaching document requests, the majority of which seek documents that, at best, relate only to the claims that are the subject of Defendants' Motion to Dismiss. Many of Plaintiffs' document requests are overly broad and unduly burdensome, as they would require Defendants to obtain documents from email servers and other e-discovery, all at great expense. Some of the requests seek documents from over ten years ago. *See* Ex. B at Document Requests 7, 8, 16. Other requests have no time limitation whatsoever. If there is any doubt about the overwhelming breadth of Plaintiffs' discovery requests, the Court need only examine Request 2 (asking for the entire corporate structure of all Defendants), Request 4 (seeking documents sufficient to identify ***all*** persons who have ever established a policy, practice or operation at Defendants mobile home park), Request 5 (all documents created by any Defendant concerning ownership, operation and management of the Park ***without any time limitation***), Request 47 (documents regarding future business plans for the mobile home park), and Request 48 (documents regarding future revenue projections). A majority of Plaintiffs' overbroad discovery requests are tied only to Plaintiffs' civil rights claims under Counts I, II, and IV. *See* Ex. A at Interrogatories 1-5, 7, 8, 10-17, 21-28; Ex. B at Requests 4-14, 21-33, 38-40, 42, 44, 45, 47-53. These far-reaching discovery requests will require Defendants to undertake an extensive electronic discovery collection process that will be both time-consuming and expensive.

If Defendants' Motion to Dismiss is granted, the only remaining claims will be state law claims for violation of the Virginia Manufactured Home Lot Rental Act and for breach of contract. These claims are based on alleged lease obligations and notice requirements that – if this Court decides to continue with solely state law claims – will require limited discovery.

Thus, a decision to grant the Motion to Dismiss will not only significantly narrow Plaintiffs' Complaint, but it would also dramatically narrow the scope of discovery even assuming the Court exercises its discretion to entertain the remaining state law claims.  Of course, if the Court declines to continue the case with only the state law claims, that would obviate the need for Defendants to respond to the discovery requests at all.

A stay of discovery until after a ruling on the Motion to Dismiss would not be prejudicial to Plaintiffs.  Discovery does not conclude until December 9, 2016.  As noted above, Defendants acknowledge the speed at which this Court moves.  Defendants have already agreed on a joint protective order (Dkt. 42), a joint ESI order (Dkt. 43), a joint discovery plan (Dkt. 41).  Pursuant to the approved discovery plan, Defendants are exchanging their initial disclosures on August 23, 2016, and Defendants intend to file relevant objections to Plaintiffs' discovery requests in accordance with this Court's Local Rules.  Therefore, there is sufficient time for the parties to complete discovery if the Court either denies the Motion to Dismiss or retains jurisdiction after dismissing the federal question claims.

There is ample authority that good cause exists for the Court to stay discovery while a Motion to Dismiss is pending.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1954 (2009) ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery."); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 n.8 (2007) (referring to an "understanding that, before proceeding to discovery, a complaint must allege facts suggestive of illegal conduct"); *Chaudhry v. Mobil Oil Corp.*, 186 F.3d 502, 505 (4th Cir. 1999) (holding that district court did not abuse its discretion by staying discovery where defendant's 12(b)(6) motion to dismiss was pending) ("The only way Chaudhry could possibly have been entitled to discovery was if Mobil had attacked the factual basis for jurisdiction. . . . Such was not the case.  Even accepting all of

the factual allegations in the complaint as true, Chaudhry still failed to state a claim."); *CAE Screenplates, Inc. v. Beloit Corp.*, 957 F. Supp. 784, 789-90 (E.D. Va. 1997) (denying plaintiff's motion to compel discovery and granting defendant's motion for protective order pending resolution of motion to dismiss on the ground that plaintiff was not entitled to discover all pertinent facts that supported its jurisdictional allegations before substantively responding to defendant's motion); *Treadwell v. Murray*, 878 F. Supp. 49, 50 (E.D. Va. 1995) (staying discovery pending resolution of defendants' motion to dismiss); *Virgin Enters. Ltd. v. Virgin Cuts Inc.*, 149 F. Supp. 2d 220, 222 (E.D. Va. 1999) (same); *see also Moseke v. Miller & Smith, Inc.*, 202 F. Supp. 2d 492, 511 (E.D. Va. 2002) (lifting stay of discovery after motion to dismiss was denied); *Cooper v. Lee Cnty. Bd. of Supervisors*, 966 F. Supp. 411, 416 (W.D. Va. 1997) (same); *Williams v. The 5300 Columbia Pike Corp.*, 891 F. Supp. 1169, 1181 (E.D. Va. 1995) (same); *see also* Scott Dodson, Federal Pleading and State Presuit Discovery, 14 Lewis & Clark L. Rev. 43, 55 (2010) ("The import of *Twombly* and *Iqbal* is that only a complaint that can survive a motion to dismiss entitles a plaintiff to discovery from the defendant or third parties."); Scott Dodson, New Pleading, New Discovery, 109 Mich. L. Rev. 53, 69 (2010) (noting that the Court's statements in *Iqbal* and *Twombly* reflect its belief that the filing of a motion to dismiss automatically stays discovery).

  Under *Chaudhry v. Mobil Oil Corp.* and the case law cited above, there is good cause to temporarily stay discovery until after the Court rules on Defendants' Motion to Dismiss. Importantly, Defendants have alleged that Plaintiffs are not members of the protected classes that can bring the civil rights claims Plaintiffs have asserted. Defs.' Mot. Dismiss at 7-9, 15-16. Therefore, the Court must make a threshold ruling akin to standing – that is do Plaintiffs even have the right to bring the civil rights claims they have asserted. If discovery responses and

production are compelled, Defendants will be forced to undertake expensive and wide ranging electronic discovery efforts and potentially divulge a wide-ranging amount of confidential documents to Plaintiffs who did not even have ability to bring the claims they asserted. Plaintiffs should not be allowed to engage in broad discovery by merely filing a lawsuit that the Court has yet to find states a claim in the first place.

Plaintiffs will likely argue 1) that the Court has already issued its Scheduling Order which commences discovery (Dkt. 35) and 2) that Defendants have only filed a partial Motion to Dismiss. Neither argument justifies Defendants undertaking a wide-ranging ESI search on discovery requests centered on claims that will be squarely addressed by the Court's ruling on Defendants' Motion to Dismiss. Defendants acknowledge that this Court routinely issues the initial Scheduling Order in order to quickly set the initial pretrial conference, discovery cut-off and final pretrial conference. However, the unique situation before the Court here, with Defendants facing burdensome discovery while a Motion to Dismiss is pending, weighs in favor of temporarily staying discovery until the Court rules on Defendants' Motion to Dismiss. Further, as Defendants have explained above, if the Court grants Defendants' Motion to Dismiss, a majority of Plaintiffs' burdensome discovery requests will be rendered moot. Additionally, the Court may decide to dismiss the state law claims if the Court grants Defendants' Motion to Dismiss.

## **CONCLUSION**

For the reasons set forth above, Defendants Waples Mobile Home Park Limited Partnership, Waples Project Limited Partnership, and A. J. Dwoskin & Associates, Inc. respectfully request this Court to enter a Protective Order staying the production of Defendants' discovery responses until ten (10) days after the Court rules upon Defendants' Motion to Dismiss.

Respectfully submitted,

WAPLES MOBILE HOME PARK LIMITED
PARTNERSHIP, WAPLES PROJECT LIMITED
PARTNERSHIP AND
A. J. DWOSKIN & ASSOCIATES, INC.

/s/
Michael S. Dingman (VSB No. 30031)
Justin deBettencourt (VSB No. 83806)
7900 Tysons One Place
Suite 500
McLean, Virginia 22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
mdingman@reedsmith.com
jdebettencourt@reedsmith.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of August, 2016, I caused the foregoing to be filed electronically with the Clerk of the Court using CM/ECF, which will then send a notification of such filing to all counsel of record.

/s/
Michael S. Dingman (VSB No. 30031)
Justin deBettencourt (VSB No. 83806)
7900 Tysons One Place
Suite 500
McLean, Virginia 22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
mdingman@reedsmith.com
jdebettencourt@reedsmith.com