# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

| | |
|---|---|
| ROSY GIRON DE REYES; JOSE DAGOBERTO REYES; FELIX ALEXIS BOLANOS; RUTH RIVAS; YOVANA JALDIN SOLIS; ESTEBAN RUBEN MOYA YRAPURA; ROSA ELENA AMAYA; and HERBERT DAVID SARAVIA CRUZ,<br><br>*Plaintiffs*,<br><br>vs.<br><br>WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP; WAPLES PROJECT LIMITED PARTNERSHIP; and A.J. DWOSKIN & ASSOCIATES, INC.,<br><br>*Defendants*. | Civil Action No. 1:16cv00563-TSE-TCB |

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER TEMPORARILY STAYING DISCOVERY RESPONSES

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Paul Brinkman, VSB # 35950
Jeanhee Hong (*pro hac vice*)
Ariel Wade Trajtenberg (*pro hac vice*)
Diego Durán de la Vega (*pro hac vice*)
Jongwook Kim (*pro hac vice*)
William A. Margeson (*pro hac vice*)

777 Sixth Street NW, 11th Floor
Washington, District of Columbia 20001-3706
Phone: (202) 538-8000
Fax: (202) 538-8100
paulbrinkman@quinnemanuel.com
jeanheehong@quinnemanuel.com
arieltrajtenberg@quinnemanuel.com
diegoduran@quinnemanuel.com
wookiekim@quinnemanuel.com
billmargeson@quinnemanuel.com

LEGAL AID JUSTICE CENTER
Simon Sandoval-Moshenberg, VSB #77110

6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Phone: (703) 778-3450
Fax: (703) 778-3454
simon@justice4all.org

*Attorneys for Plaintiffs*

## **TABLE OF CONTENTS**

**Page**

BACKGROUND ..................................................................................................................2

LEGAL STANDARD..........................................................................................................4

ARGUMENT.......................................................................................................................5

I.  DEFENDANTS HAVE NOT, AND CANNOT, DEMONSTRATE GOOD CAUSE TO MODIFY THE COURT'S INITIAL SCHEDULING ORDER, WHICH AUTHORIZED THE PARTIES TO BEGIN DISCOVERY ................................5

    A.  Defendants Failed To Demonstrate Good Cause To Stay Discovery.......................5

    B.  The Fact That A Motion To Dismiss Is Pending Does Not, By Itself, Provide Good Cause For A Stay.................................................................................7

    C.  Staying Discovery Will Inconvenience The Court And Prejudice Plaintiffs ........10

II.  DEFENDANTS HAVE NOT, AND CANNOT, DEMONSTRATE GOOD CAUSE FOR A PROTECTIVE ORDER............................................................................12

    A.  Plaintiffs' Discovery Requests Do Not Impose An Undue Burden Or Expense ....................................................................................................................12

    B.  The Likely Benefit Of The Discovery Will Outweigh Any Burden......................13

CONCLUSION..................................................................................................................14

Plaintiffs Rosy Giron De Reyes, Jose Dagoberto Reyes, Felix Alexis Bolanos, Ruth Rivas, Yovana Jaldin Solis, Esteban Ruben Moya Yrapura, Rosa Elena Amaya, and Herbert David Saravia Cruz ("Plaintiffs"), by their attorneys, respectfully submit this Memorandum In Opposition To Defendants' Motion For Protective Order Temporarily Staying Discovery Responses.

## BACKGROUND

In this action, Plaintiffs, residents of Waples Mobile Home Park (the "Park") challenge Defendants Waples Mobile Home Park Limited Partnership, Waples Project Limited Partnership, and A.J. Dwoskin & Associates, Inc.'s ("Defendants'") enforcement of a policy (the "Policy") that requires all Park residents over the age of 18 to prove either their U.S. citizenship or their legal status in the United States. As designed and carried out, Defendants' enforcement of this Policy is disproportionately ousting Hispanic or Latino ("Latino") families from their homes and denying them one of the only affordable housing options in Fairfax County, Virginia. In carrying out their Policy, Defendants are violating federal and state anti-discrimination statutes, and at the same time breaching Defendants' obligations under the Plaintiffs' lease agreements.

Accordingly, on May 23, 2016, Plaintiffs brought this action for declaratory and injunctive relief and damages for the injuries they have suffered—and continue to suffer—as a result of Defendants' enforcement of the Policy. The Complaint (Dkt. 1) brings claims for: Violation of Fair Housing Act, 42 U.S.C. § 3601 *et seq.* ("FHA") (Count I); Violation of Virginia Fair Housing Law, Va. Code § 36-96 *et seq.* ("VFHL") (Count II); Violation of Virginia Manufactured Home Lot Rental Act ("VMHLRA"), Va. Code § 55-248.41 *et seq.* (Count III); Violation of 42 U.S.C. § 1981 (Count IV); Breach of Contract (Count V); and Tortious Interference With Contract (Count VI).

On June 13, 2016, Defendants moved to dismiss Counts I, II, IV, and VI. (Dkt. 25.) The Court held oral argument on July 22, 2016. (Dkt. 33.) After the oral argument, the Court issued an order taking the motion under advisement. (Dkt. 34.)[1]

On July 28, 2016, the Court issued an Initial Scheduling Order (Dkt. 35) ("Initial Scheduling Order"), instructing that "[d]iscovery may begin upon receipt of this order." Accordingly, Plaintiffs served their first set of discovery requests on Defendants on August 3, 2016. *See* Exs. A and B to Defs.' Mem.

The Initial Scheduling Order also directed the parties to confer and, among other things, "develop a discovery plan which will complete discovery by Friday, December 9, 2016." (Dkt. 34.) The parties conferred on August 15, 2016. (*See* Dkt. 41, at ¶ 1.) On August 17, 2016, the parties filed a joint proposed discovery plan (Dkt. 41), a joint motion for entry of a proposed protective order (Dkt. 42), and a joint motion for entry of a proposed electronic discovery order (Dkt. 43). The next day, the Court entered the Scheduling Order (Dkt. 47) approving the parties' joint discovery plan. It also signed the proposed protective order (Dkt. 45) and proposed electronic discovery order (Dkt. 46).

Even though the Initial Scheduling Order instructing the parties to begin discovery was issued after oral argument on Defendants' motion to dismiss, on August 19, 2016, Defendants filed their Motion for Protective Order Temporarily Staying Discovery Responses (Dkt. 48) ("Motion"), seeking a stay of discovery until the Court rules on the motion to dismiss. *See* Memorandum In Support Of Defendants' Motion for Protective Order Temporarily Staying Discovery Responses (Dkt. 49) ("Defendants' Memorandum").

---

[1] The Court also dismissed with prejudice Count VI of the Complaint per the parties' agreement. (Dkt. 29 at 8 n.2; Dkt. 34.)

3

Defendants' Memorandum fails to demonstrate the good cause required for a protective order staying discovery. Plaintiffs' initial discovery requests seek information relevant to Plaintiffs' claims and Defendants' defenses, and Defendants responses may lead to additional discovery that needs to be completed under the tight calendar set by the Initial Scheduling Order and subsequent Scheduling Order. Any stay of discovery would prejudice Plaintiffs and inconvenience the Court. Fact discovery is presently scheduled to close in just over three months. Discovery should proceed now to ensure that Plaintiffs are afforded sufficient time to complete discovery and prepare for summary judgment and trial. Accordingly, Plaintiffs respectfully request that the Court deny Defendants' Motion for Protective Order Temporarily Staying Discovery Responses and permit discovery to proceed.

## LEGAL STANDARD

Once a scheduling order has been issued, it may only be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also* Local Civ. R. 16(B) ("The parties and their counsel are bound by the dates specified in [Fed. R. Civ. P. 16(b) and Local Civ. R. 16(B)] orders and no extensions or continuances thereof shall be granted in the absence of a showing of good cause.").

A protective order should only be issued "for good cause . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c); *see also U.S. ex rel. Davis v. Prince*, 753 F. Supp. 2d 561, 565 (E.D. Va. 2010) (providing that a party seeking a protective order must show "'good cause' by demonstrating that 'specific prejudice or harm will result if no protective order is granted'") (citing *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)).

## ARGUMENT

### I. DEFENDANTS HAVE NOT, AND CANNOT, DEMONSTRATE GOOD CAUSE TO MODIFY THE COURT'S INITIAL SCHEDULING ORDER, WHICH AUTHORIZED THE PARTIES TO BEGIN DISCOVERY

Courts in this district do not grant extensions or continuances absent a showing of good cause. *See* Local Civ. R. 16(b). When evaluating a motion to stay discovery, courts also consider whether the stay would inconvenience the court or prejudice the opposing party. *See Mamo v. BP P.L.C.*, No. 1:05-CV-1323-JCC, 2006 WL 897217, at *2 (E.D. Va. Apr. 5, 2006). Not only have Defendants failed to demonstrate good cause for their extension, any extension would both inconvenience the court and prejudice Plaintiffs.

#### A. Defendants Failed To Demonstrate Good Cause To Stay Discovery

After hearing oral argument and taking Defendants' motion to dismiss under advisement, the Court entered its Initial Scheduling Order pursuant to Local Civil Rule 16(B). (Dkt. 35.) The Initial Scheduling Order ordered that all discovery conclude by December 9, 2016. *Id.* Though the Court was aware that Defendants' motion to dismiss was pending when it issued the Initial Scheduling Order, the Court did not stay discovery pending a decision on that motion.[2] Instead, it directed the parties to develop a discovery plan and stated that "[d]iscovery may begin

---

[2] In contrast, in other cases, where this Court found cause to stay discovery pending resolution of a motion to dismiss, it did so. *See, e.g.,* Order, *Hanback v. DRHI, Inc.*, 1:14cv1789 (E.D. Va. Feb. 20, 2015), ECF No. 17 ("It is . . . ORDERED that defendants' motion to dismiss . . . is TAKEN UNDER ADVISEMENT. It is further ORDERED that discovery is STAYED pending a decision on defendant's motion to dismiss."); Minute Entry for Proceedings Held Before District Judge T.S. Ellis, III, *Eweka v. Hartford Life and Accident Ins. Co.*, 1:cv1055 (E.D. Va. Dec. 7, 2012), ECF No. 32 (staying discovery pending resolution of a partial motion to dismiss); Order, *Penn v. Bengston*, 1:11cv1001 (E.D. Va. Apr. 27, 2012), ECF No. 28 ("It is hereby ORDERED that defendant's motion to dismiss . . . is TAKEN UNDER ADVISEMENT. . . . It is further ordered that discovery in this matter is STAYED and all discovery deadlines TERMINATED, to be reset, if necessary, by further Order of the Court.").

upon receipt of this order." (Dkt. 35.)³ Based on the Initial Scheduling Order, Plaintiffs served their First Set of Interrogatories and First Set of Requests for Production on Defendants on August 3, 2016. *See* Exs. A and B to Defs.' Mem.

When the parties met and conferred on August 15, 2016 to discuss, among other things, a joint discovery plan (*see* Dkt. 41 ¶ 1), Defendants' counsel did not raise any objections to the timing or breadth of Plaintiffs' discovery requests, or to the discovery deadline set by the Court. Instead, Defendants' counsel fully agreed with Plaintiffs' counsel on a Proposed Joint Discovery Plan leading to the end of all discovery on December 9, 2016. Accordingly, the parties jointly filed their Proposed Joint Discovery Plan (Dkt. 41), which the Court approved (Dkt. 47).

Defendants' purported good cause is belied by their failure to act diligently regarding their alleged need for a discovery stay. If Defendants foresaw a reason to seek a stay, they had numerous opportunities to seek one—or at least raise the issue with Plaintiffs—earlier, including in their motion to dismiss or during oral argument. Instead, after receiving both the Initial Scheduling Order and Plaintiffs' first discovery requests, Defendants agreed to a short discovery schedule and did not raise the issue of a stay until right before its objections were due.⁴

---

   ³ This unambiguous language authorized the commencement of discovery on July 28. Although the Federal Rules ordinarily require parties to confer pursuant to Rule 26(f) before requesting discovery, the Court's Initial Scheduling Order, as envisioned by Rule 26(d) and Local Civil Rule 16, modified the default timeline for discovery to permit the parties to initiate discovery immediately. *See* Fed. R. Civ. P. 26(d) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), *except . . . when authorized . . . by court order*" (emphasis added)); *see also Physicians Interactive v. Lathian Sys., Inc.*, No. 03-1193-A, 2003 WL 23018270, at *4 (E.D. Va. Dec. 5, 2003) (a district court's "'wide latitude in controlling discovery' . . . give[s it] the power to adjust the timing requirements imposed under Rule 26(d)") (quoting *Rowland v. Am. Gen. Fin., Inc.*, 340 F.3d 187, 195 (4th Cir. 2003)).

   ⁴ Two days prior to filing its Motion for Protective Order Temporarily Staying Discovery Responses, Defendants reached out to Plaintiffs to ask if Plaintiffs agreed that Defendants did not have to respond to Plaintiffs' discovery requests until the Court ruled on the Motion to Dismiss. Plaintiffs disagreed. Defendants did not express substance of their

6

Under these circumstances, Defendants simply cannot show good cause. *See Ball v. Takeda Pharm. Am., Inc.*, 963 F. Supp. 2d 497, 509 (E.D. Va. 2013), *aff'd*, 587 F. App'x 78 (4th Cir. 2014) (finding no good cause for failure to adhere to pretrial order in part because movant "knew about all of the . . . problems . . . but remained silent about the issues" until the last minute and such "silence [w]as the antithesis of diligence"). Because Defendants have not shown good cause to modify schedule, discovery should proceed as authorized by the Initial Scheduling Order.

### B. The Fact That A Motion To Dismiss Is Pending Does Not, By Itself, Provide Good Cause For A Stay

Defendants assert that this case presents a "unique situation" that apparently justifies the modification of the Initial Scheduling Order. Defs.' Mem. at 7. But the fact that a motion to dismiss is pending during discovery is not unique, nor does it alone justify a stay. *See* Order Denying Motion to Stay, *Bennett v. Fastenal Company*, No. 7:15-cv-00543 (W.D. Va. Oct. 9, 2015), ECF No. 32 (denying motion to stay discovery pending resolution of motion to dismiss); *Fed. Ins. Co. v. S. Lithoplate, Inc.*, No. 5:12-CV-793-F, 2013 WL 4045924, at *1-2 (E.D.N.C. Aug. 8, 2013) (same); Order, *United States v. Atlantic Marine Constr. Co.*, No. 2:10-cv-00105 (E.D. Va. Sept. 27, 2010), ECF No. 20 (same); *see also* Order, *Rembrandt Social Media, LP v. Facebook*, No. 13cv158 (E.D. Va. May 23, 2013), Dkt. 114 (granting motion to compel production of certain documents and testimony while motion to dismiss was pending). The fact

---

objections to specific requests. If they had, Plaintiffs certainly would have been willing to confer with Defendants about specific objections and potentially narrow certain requests to avoid bothering the Court.

7

that Defendants found some instances where a motion to dismiss has preceded a stay of discovery by no means requires the Court to override the discovery order in this case.[5]

Defendants' argument that their motion to dismiss *might* be granted, *see* Defs.' Mem. at 6-7, is not a legitimate basis for a discovery stay. A motion for a protective order staying discovery is not the appropriate procedural mechanism to determine the merits of a motion to dismiss. *See, e.g.*, *Turner Broad. Sys. v. Tracinda Corp.*, 175 F.R.D. 554. 556 (D. Nev. 1997) ("Where a party claims [as justification for a stay of discovery] that dismissal is likely, it requires the Court to make a preliminary finding of the likelihood of success on the motion. This would circumvent the procedures for the resolution of such a motion.").

---

[5] The cases Defendants cite to support their argument merely illustrate that the pendency of a motion to dismiss may in some instances justify the grant of a protective order. Those cases do not justify a protective order here, where, after hearing argument on a motion to dismiss, a court orders the initiation of discovery. *See Chaudhry v. Mobil Oil Corp.*, 186 F.3d 502, 505 (4th Cir. 1999) (affirming stay of discovery entered *after* plaintiff failed to state a claim); *Moseke v. Miller & Smith, Inc.*, 202 F. Supp. 2d 492, 511 (E.D. Va. 2002) (lifting discovery stay after resolving motion to dismiss); *Virgin Enters. Ltd. v. Virgin Cuts, Inc.*, 149 F. Supp. 2d 220, 222 (E.D. Va. 2000) (staying discovery where *plaintiff* sought a stay pending resolution of *plaintiff's* motion to dismiss its own complaint for lack of subject matter jurisdiction); *CAE Screenplates, Inc. v. Beloit Corp.*, 957 F. Supp. 784, 789–90 (E.D. Va. 1997) (granting stay of *jurisdictional* discovery pending resolution of a motion to dismiss, and indicating that jurisdictional discovery was unnecessary); *Treadwell v. Murray*, 878 F. Supp. 49, 50–51 (E.D. Va. 1995) (stating that order staying discovery pending resolution of a motion to dismiss was entered, but providing no basis for concluding the circumstances underlying the order); *Cooper v. Lee Cty. Bd. of Supervisors*, 966 F. Supp. 411, 416 (W.D. Va. 1997) (rescinding discovery stay against defendant not entitled to invoke *legislative immunity* as a defense against action pursuant to 42 U.S.C. § 1983); *Williams v. The 5300 Columbia Pike Corp.*, 891 F. Supp. 1169, 1181 (E.D. Va. 1995) (Ellis, J.) (lifting discovery stay ordered at the motion to dismiss hearing after finding plaintiffs established *prima facie* case under the Fair Housing Act).

In contrast, in ordering discovery here, the Court suggested that (1) plaintiffs are entitled to discovery; and (2) the pendency of a motion to dismiss does not "automatically stay[] discovery." *Contra* Defs.' Mem. at 6 (citing Scott Dodson, *Federal Pleading and State Presuit Discovery*, 14 Lewis & Clark L. Rev. 43, 55 (2010); Scott Dodson, *New Pleading, New Discovery*, 109 Mich. L. Rev. 53, 69 (2010)).

Defendants' argument anticipates prevailing on their motion to dismiss and leans heavily on case law regarding the standard by which courts must evaluate the adequacy of a pleading. Defendants' cases are distinguishable in several critical respects. First, *Ashcroft v. Iqbal* involved the assertion by government officials of qualified immunity—something not present here. 556 U.S. 662, 675 (2009). Second, *Iqbal* had *already concluded* that the complaint was fatally flawed, *id.*, whereas the Court here has not reached such a conclusion. *See also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007). Rather, this Court, after taking the motion to dismiss under advisement, expressly instructed the parties to begin discovery.

Even if the motion to dismiss could be dispositive, that possibility is insufficient to justify a stay of discovery. *See, e.g.*, Order, *United States v. Atlantic Marine Constr. Co.*, No. 2:10-cv-00105 (E.D. Va. Sept. 27, 2010), Dkt. 20 (denying motion to stay discovery pending resolution of motion to dismiss the entire complaint because "the Court does not find that good cause exists to stay discovery at this time"). Of course, this motion to dismiss is not dispositive. Even if the Court were to grant Defendants' motion to dismiss at some point during the discovery period, that decision would not automatically end the case. Two claims—Count III (violation of the VMHLRA) and Count V (breach of contract)—are not subject to the motion to dismiss, and would survive regardless of the forthcoming order on the motion to dismiss. Though these are state law claims, there is a "long-standing principle that '. . . when a court grants a motion to dismiss for failure to state a federal claim, the court generally retains discretion to exercise supplemental jurisdiction . . . over pendent state law claims.'" *See, e.g.*, *Crosby v. City of*

*Gastonia*, 635 F.3d 634, 644 (4th Cir. 2011) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).[6]

### C. Staying Discovery Will Inconvenience The Court And Prejudice Plaintiffs

The discovery plans proposed by the parties and ordered by a court should not be disturbed unless the need for a stay outweighs the inconvenience to the court and the prejudice to the non-movant. *See Mamo v. BP P.L.C.*, No. 1:05-CV-1323-JCC, 2006 WL 897217, at *2 (E.D. Va. Apr. 5, 2006) (denying objection to order denying motion to stay discovery because, "the Court cannot afford to delay discovery pending resolution" and noting that prejudice to the non-movant was a "lawful and necessary factor" in the consideration). Here, a stay would inconvenience the Court and impose significant prejudice on Plaintiffs.

Moving the schedule will inconvenience the Court. In the Initial Scheduling Order, the Court directed all discovery to conclude by December 9, 2016. (Dkt. 34.) The Proposed Joint Discovery Plan (Dkt. 41), agreed to by the parties, set a discovery schedule based on the Court's Initial Scheduling Order. In light of the "representations made by the parties in submissions presented [including the Proposed Joint Discovery Plan]," the Court entered the Scheduling

---

[6] *See* also, *Crown Castle NG Atlantic LLC v. City of Newport News*, No. 4:15cv93, 2016 WL 4205355, at *2 (E.D. Va. Aug. 8, 2016) ("[T]rial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state law claims when all federal claims have been extinguished.") (quoting *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995)). Courts base this discretionary determination on the "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan*, 58 F.3d at 110. Here, the factors would weigh in favor of this Court retaining jurisdiction over the state law claims. This Court is already familiar with the facts, discovery has already begun, and the end of fact discovery is just over three months away. Dismissing the state law claims and compelling Plaintiffs to begin their case anew would impose a severe hardship on Plaintiffs and their families, who will not be secure in their homes until this case is resolved. Moreover, Plaintiffs' state law claims relate to precisely the same conduct on which their federal claims are based, and their state law claims do not raise novel or complex issues of Virginia law.

10

Order (Dkt. 47) pursuant to Federal Rule of Civil Procedure 16(b), approving the Joint Proposed Discovery Plan. The stay that Defendants seek would impede the parties' abilities to meet the deadlines imposed by the Initial Scheduling Order, and would likely require the Court to adjust the remaining deadlines. This Court has an interest in resolving cases efficiently and Defendants' request to stay discovery will delay justice, which runs counter to this District's "firm belief that justice delayed is justice denied." *Aventis Pharm. Deutschland GMBH v. Lupin Ltd.*, 403 F. Supp. 2d 484, 491 (E.D.Va. 2005); *see also United States v. Inman*, 483 F.2d 738, 740 (4th Cir. 1973) ("[T]he court also has the right to control its own docket to require that cases proceed in an orderly and timely fashion, and to that end to deny motions for continuances.").

If discovery is stayed, Plaintiffs will suffer significant prejudice in their ability to prepare their case for summary judgment and trial. If Defendants fail to produce documents and interrogatory responses on the current schedule, Plaintiffs will not be able to review carefully Defendants' document productions or take effective depositions, and their experts will not be able to perform adequate analyses and prepare timely expert reports. Further, because Defendants have filed only a partial motion to dismiss, which does not affect two of the five causes of action in the Complaint, Plaintiffs are in any event entitled to seek discovery on these claims, and should not be precluded from doing so simply because Defendants have moved to dismiss other causes of action. *See, e.g.*, *Hulse v. Adams Cty., Colorado*, No. 14-CV-02531-RM-NYW, 2015 WL 1740399, at *1 (D. Colo. Apr. 14, 2015) (declining to exercise discretion to stay discovery on certain claims that were not subject to defendants' "partial motion to dismiss"). Any stay of discovery would impede Plaintiffs' ability to prepare their case regarding these claims—on which Defendants have not moved to dismiss. Discovery must proceed now to

11

ensure that Plaintiffs have sufficient time to prepare for trial and to meet the deadlines agreed to by the parties and ordered by the Court.

## II.   DEFENDANTS HAVE NOT, AND CANNOT, DEMONSTRATE GOOD CAUSE FOR A PROTECTIVE ORDER

Defendants seek a protective order to shield them from their obligation to respond to Plaintiffs' discovery requests.  Federal Rule of Civil Procedure 26(c) authorizes protective orders only "for good cause, . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  "The party seeking a protective order has the burden of establishing 'good cause' by demonstrating that 'specific prejudice or harm will result if no protective order is granted.'"  *U.S. ex rel. Davis v. Prince*, 753 F. Supp. 2d 561, 565 (E.D. Va. 2010) (citing *Phillips v. Gen. Motors Corp.,* 307 F.3d 1206, 1210–11 (9th Cir. 2002)).[7]  Defendants fail to meet their burden here.

### A.   Plaintiffs' Discovery Requests Do Not Impose An Undue Burden Or Expense

Before even filing their objections to Plaintiffs' discovery requests, Defendants argue generally that responding to Plaintiffs' interrogatories and document requests will require "a burdensome and expensive collection process."  Defs.' Mem. at 2.  Without specifying more, Defendants claim they will be burdened by the obligation "to obtain documents from email

---

[7]  *See also Lathon v. Wal–Mart Stores East, LP*, No. 3:09-cv-57, 2009 WL 1810006, at *5 (E.D. Va. June 24, 2009) ("For good cause to exist the party seeking protection bears the burden of showing specific prejudice or harm that will result if no protective order is granted."); *Great Am. Ins. Co. v. Gross*, No. 3:05-cv-159, 2007 WL 1577503, at *12 (E.D. Va. May 30, 2007) ("Rule 26(c)'s good cause requirement indicates that 'the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'") (quoting *SEC v. Dowdell,* No. 3:01-cv-00116, 2002 WL 1969664, at *2 (W.D. Va. Aug. 21, 2002)); *Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 412 (M.D.N.C. 1991) (holding that the party requesting the protective order "must make a particular request and a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which would be suffered without one").

12

servers and other e-discovery, all at great expense," *id.* at 4, and "to undertake an extensive electronic discovery collection process that will be both time-consuming and expensive," *id.* This is no greater than a party's general obligation to comply with discovery requests.

### B. The Likely Benefit Of The Discovery Will Outweigh Any Burden

When evaluating objections concerning burden and expense, Federal Rule of Civil Procedure 26(b)(1) instructs courts to consider "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1); *see also Fed. Ins. Co.*, 2013 WL 4045924, at *1 ("[E]ven assuming that discovery would be more burdensome on [certain parties], countervailing considerations convince the court that discovery should not be stayed in this case."). The likely benefit from the evidence Plaintiffs seek far outweighs any burden or expense imposed on Defendants. Though Defendants fail to identify any specific objections concerning the "burden and expense" in responding to the interrogatories and document requests, Plaintiffs' requests are tailored to seek evidence relevant to the claims and defenses at issue. *See* Fed. R. Civ. P. 26(b)(1) (permitting parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense").

The discovery requests that Defendants claim have "overwhelming breadth," Defs.' Mem. at 4, are in fact not so broad, and instead target information aimed at proving Plaintiffs' case and defeating Defendants' anticipated defenses. Without citing any authority in support, Defendants also argue that certain requests are "overwhelming" and "overbroad" because they have "no time limitation whatsoever." Defs' Mem. at 4. But the omission of a durational limit on a discovery request does not automatically make the request so burdensome that it warrants a protective order.

13

In sum, not only are Plaintiffs' discovery requests reasonable in scope, they also relate directly to the claims and defenses in this case. Accordingly, there is no good cause for a protective order staying discovery.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion For Protective Order Temporarily Staying Discovery Responses and award Defendants reasonable attorneys' fees and costs.

Dated this 24th day of August, 2016

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Paul Brinkman, VSB # 35950
Jeanhee Hong (*pro hac vice*)
Ariel Wade Trajtenberg (*pro hac vice*)
Diego Durán de la Vega (*pro hac vice*)
Jongwook Kim (*pro hac vice*)
William A. Margeson (*pro hac vice*)

777 Sixth Street NW, 11th Floor
Washington, District of Columbia 20001-3706
Phone: (202) 538-8000
Fax: (202) 538-8100
paulbrinkman@quinnemanuel.com
jeanheehong@quinnemanuel.com
arieltrajtenberg@quinnemanuel.com
diegoduran@quinnemanuel.com
wookiekim@quinnemanuel.com
billmargeson@quinnemanuel.com

LEGAL AID JUSTICE CENTER
Simon Sandoval-Moshenberg, VSB #77110

6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Phone: (703) 778-3450
Fax: (703) 778-3454
simon@justice4all.org

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of August, 2016, I filed the foregoing document electronically with the Clerk of the Court using the ECF system, and caused to be served by electronic mail a copy of Plaintiffs' Memorandum In Opposition To Defendants' Motion For Protective Order Temporarily Staying Discovery Responses upon the following parties:

Michael S. Dingman, VSB #30031
REED SMITH LLP
7900 Tysons One Place, Suite 500
McLean, Virginia 22102
Phone: (703) 641-4200
Fax: (703) 641-4340
mdingman@reedsmith.com

*Counsel for Defendants*

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Paul Brinkman, VSB # 35950

777 Sixth Street NW, 11th Floor
Washington, District of Columbia 20001-3706
Phone: (202) 538-8000
Fax: (202) 538-8100
paulbrinkman@quinnemanuel.com

*Counsel for Plaintiffs*

15