## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

ROSY GIRON DE REYES, *et al.*,

          Plaintiffs,

v.

WAPLES MOBILE HOME PARK
LIMITED PARTNERSHIP, *et al.*,

          Defendants.

Civil No.:  1:16cv563-TSE-TCB

## REPLY TO OPPOSITION TO MOTION FOR PROTECTIVE ORDER TEMPORARILY STAYING DISCOVERY RESPONSES

Defendants Waples Mobile Home Park Limited Partnership, Waples Project Limited Partnership, and A. J. Dwoskin & Associates, Inc. (collectively "Defendants"), by counsel, hereby submit their Reply Brief in support of their Motion for Protective Order Temporarily Staying Discovery Responses ("Motion") and in response to Plaintiff's Memorandum of Law In Opposition to Defendants' Motion for Protective Order ("Opp."). As detailed below, Plaintiffs respectfully request the Court to grant their Motion.

## INTRODUCTION

As the central basis for Plaintiffs' Complaint, Plaintiffs attempt to allege a claim under the Fair Housing Act (Count I) and under 42 U.S.C. § 1981 (Count IV) on the basis that the four female Plaintiffs faced discrimination as illegal aliens.[1] Defendants' Mem. Supp. Motion to Dismiss at 2 ("Thus, the Plaintiffs are asking this Court to create a cause of action based on the claimed protected status of being an undocumented, and perhaps, illegal alien.") (Dkt. 26).  Yet, Plaintiffs  fail to cite a single case in response to Defendants' Motion to Dismiss that supports a

---

[1] The claim under the VFHL (Count II) closely tracks the Plaintiffs' claim under the federal Fair Housing Act.

US_ACTIVE-128250351

claim by an illegal alien under the Fair Housing Act or under 42 U.S.C. § 1981. Defendants' Reply Supp. Mot. Dismiss at 4, 14 (Dkt. 30).  Thus, Plaintiffs are seeking a completely novel ruling from this Court.

Even though the Court has not made the threshold ruling on whether Plaintiffs have even stated a claim, Plaintiffs believe they are entitled to intrusive discovery into Defendants servers, computers, and email accounts – even if the Court later rules that Plaintiffs have not stated a claim.

As a red herring argument, Plaintiffs argue that the two claims Defendants have not moved to dismiss, Counts III and V, are based on the same facts; therefore, they are entitled to the same discovery regardless of the Court's decision on the Motion to Dismiss. This is false. Their claims under the Fair Housing Act and 42 U.S.C. § 1981 are based on civil rights claims which allege that the four female plaintiffs were unable to sign leases because they were unable to provide documentation due to their status  as undocumented and perhaps illegal aliens. Compl. ¶¶ 27, 39.  The state law claims which Defendants have not moved to dismiss are based on an entirely different set of facts. For example, Count III under the MHLRA is based on an alleged invalidity of month-to-month leases under the MHLRA. Compl. ¶ 126. The breach of contract claim under Plaintiffs' Leases is based on an alleged failure to provide timely notice of a non-renewal of Plaintiffs' Leases. Compl. ¶ 140.  These claims have nothing to do with the disparate impact claim under the Fair Housing Act or the § 1981 action based on citizenship. Therefore, it is very likely that if the Court grants Defendants' Motion to Dismiss, this case is dismissed entirely.

## ARGUMENT

### I.    Discovery Was Not Pending When the Motion to Dismiss Was Heard

At the outset, Plaintiffs argue that Defendants have not demonstrated good cause to stay discovery because the Court did not stay discovery when it heard argument on the Motion to Dismiss. Opp. at 5. Plaintiffs cite cases where discovery was stayed pending resolution of a Motion to Dismiss to suggest that the Court chose not to follow that path. *Id.* at 5 n.2. This argument is baseless. At the time Defendants' Motion to Dismiss was heard, July 22, 2016 (Dkt. 33), no Scheduling Order had been issued and Plaintiffs had not served their discovery requests.[2] Therefore, at that time, there was no discovery for the Court to stay. Unsurprisingly, Plaintiffs also heavily rely on the fact that the Court issued the Scheduling Order to justify their discovery while the Motion to Dismiss is pending. Opp. at 6 n.3.  Yet, when the Court issued its Scheduling Order on July 28, 2016, there was no discovery pending for the Court to consider staying. The routine initial Scheduling Order issued by the Court also helps accomplish the goals of setting the initial pretrial conference, final pretrial conference and discovery cut-off.

Similarly, Plaintiffs also suggest that Defendants failed to act diligently to seek the instant relief by not raising the issue of a protective order at the hearing on the Motion to Dismiss. Opp. at 6 ("If Defendants foresaw a reason to seek a stay, they had numerous opportunities to seek one—or at least raise the issue with Plaintiffs—earlier, including in their motion to dismiss or during oral argument."). Plaintiffs' argument is simply not credible when the Court's docket is reviewed. Plaintiffs are suggesting that Defendants  should have met and conferred in their Motion to Dismiss or during oral argument regarding a scheduling Order that

---

[2] The initial Scheduling Order was issued on July 28, 2016 (Dkt. 35) and Plaintiffs served their discovery requests on August 2, 2016. *See* Exhibits A and B to Defendants' Motion.

had yet to be issued and regarding discovery that had yet to be served. There were no issues for the parties to meet and confer about at those times.[3]

## II. Plaintiffs' Discovery Requests Are Almost Entirely Tied To The Civil Rights Claims Subject To The Motion To Dismiss

Plaintiffs' discovery requests are almost entirely tied to the their civil rights claims subject to Defendants' Motion to Dismiss. *See* Ex. A to Defendants' Motion at Interrogatories 1-5, 7, 8, 10-17, 21-28; Ex. B to Defendants' Motion at Requests 4-14, 21-33, 38-40, 42, 44, 45, 47-53. In deciding this Motion, Plaintiffs want this Court to ignore the substance of their overbroad discovery requests. Indeed, Plaintiffs fail to point to a single discovery request in the body of their Opposition. Plaintiffs want to dodge their own discovery requests because they now assert that because Defendants did not move to dismiss two state law claims, their discovery should proceed. Opposition at 11. However, almost all of Plaintiffs' overwhelmingly broad discovery requests address the civil rights claims subject to the Motion to Dismiss. *See* Ex. A to Defendants' Motion at Interrogatories 1-5, 7, 8, 10-17, 21-28; Ex. B to Defendants' Motion at Requests 4-14, 21-33, 38-40, 42, 44, 45, 47-53. Here are some examples of the gist of Plaintiffs' requests:

> Interrogatory 4 ("Identify all documents and communications in your possession relating to a prospective or current tenant or occupant's race, national origin, citizenship, alienage, or proof of lawful presence in the United States, including the type of documentation submitted to demonstrate lawful presence and the nation that issued such documentation (e.g., a passport issued by Mexico);
>
> Int. 7 ("Describe every instance in which You have enforced the Policy, including the tenants' names and dates of enforcement.");

---

[3] Plaintiffs also acknowledge the overbroad nature of their discovery requests by suggesting that they could narrow their requests. Opp. at 6 n.4. As an initial matter, if Plaintiffs suggest that their requests can be narrowed, Plaintiffs should have done so before issuing their broad requests bereft of any time limitations. *See* Exhibits A and B to Defendants' Motion. Moreover, while the over breadth of Plaintiffs' requests are related to this motion, the over breadth of the requests is not what is at issue – rather the general requirement to undergo burdensome discovery on novel claims while a Motion to Dismiss is pending is what is at issue.

Int. 16 ("Describe all reasons, excluding none, that you seek to prevent any undocumented immigrants from leasing or occupying homes in the Park.");

RFP 4 ("Documents sufficient to identify all persons who have established, supervised, directed, or controlled the policies, practices, or operations at the Park.");

RFP 9 ("All documents relating to the Park's rules, regulations, and operating protocol from 2006 to the present.");

RFP 21 ("All documents and communications relating to a Park tenant, prospective tenant, or occupant's national origin, including all documents and communications that include the terms "Hispanic," "Latino," or an equivalent.");

RFP 23 ("All documents and communications reflecting your attempts to verify a Park tenant, prospective tenant, or occupant's citizenship or legal presence.").

Almost no requests are directed at the alleged invalidity of month-to-month leases under the MHLRA (Count III) or the alleged failure of Defendants to provide notice of non-renewal of Leases (Count V). Plaintiffs' discovery will be significantly narrowed if Defendants' Motion to Dismiss is granted.

## III.    Plaintiffs Should Not Be Permitted Discovery Into Baseless Claims

Plaintiffs argue that they should be permitted to file a Complaint and proceed to discovery even though the Complaint may be baseless.  A party should not be able to simply file a baseless Complaint and invoke the full powers of discovery.  Even Rule 26(b) – Discovery Scope and Limits – states that a party can only obtain discovery on a "matter that is relevant to any party's claim[.]" Here, the Court does not even know what the claims are.  Permitting intrusive discovery before establishing the predicate for Plaintiffs' claims is contrary to the Rules and ripe for abuse.  This is the import of *Ashrcroft v. Iqbal*, 129 S. Ct. 1937, 1954 (2009) ("We decline respondent's invitation to relax the pleading requirements on the  ground that the Court of Appeals promises petitioners minimally intrusive discovery."). Plaintiffs' attempt to distinguish *Ashcroft* because it dealt with qualified immunity fails. Opp. at 9. Like in *Ashcroft*, Plaintiffs

here must meet a pleading threshold to be allowed to invoke the broad and intrusive powers of discovery. *Ashcroft* clearly counsels that a Plaintiff may not sidestep a threshold pleading requirement, such as a Motion to Dismiss, in a rush to cause Defendants the expense and burden of collecting and producing discovery. Moreover, unlike the petitioners promising minimally intrusive discovery in *Ashcroft*, a promise which did not sway the Court, here Plaintiffs have served numerous broad and overreaching discovery requests.

## IV.    Defendants Approach To Discovery Has Been Reasonable And Cooperative

Defendants approach to discovery has been reasonable and cooperative. Plaintiffs argue that Defendants are attempting to needlessly delay the case by requesting this limited stay on discovery. However, Defendants are not trying to delay the case by requesting the temporary stay. Instead, Defendants have been completely reasonable in their approach with Plaintiffs. Defendants recognize the speed of this Court' schedule and have agreed on a discovery plan, a protective order, and an ESI order. (Dkts. 41, 42, 43.) Defendants have also served Rule 26 disclosures, which identify 16 persons with knowledge relevant to the litigation. Exhibit A (Defendants' Initial Disclosures).[4] These are not the activities of obstructionist Defendants. Of course, despite Plaintiffs' characterizations, Defendants are not requesting a permanent stay. The Court can quickly lift the stay if circumstances change and the Court rules on the Motion to Dismiss.

---

[4] By contrast, Plaintiffs only identified themselves as having information in their initial disclosures and did not identify any boundaries of their knowledge. Exhibit B (Plaintiffs' Initial Disclosures).

## V.    Defendants Face An Undue Burden and Expense

Defendants face the undue burden and expense of searching and collecting for discovery that responds to Plaintiffs' broad and overreaching discovery requests.[5] Defendants have identified 16 individuals in their initial Rule 26 disclosures. *See* Exhibit A. The Rule 26 disclosures discuss knowledge relating to the background check and credit check policies for 15 of the 16 individuals listed in the disclosures.[6] *Id.* As noted above, the majority of Plaintiffs' discovery requests are tied to Defendants' policies as related to Plaintiffs' civil rights claims. *See* Ex. A to Defendants' Motion at Interrogatories 1-5, 7, 8, 10-17, 21-28; Ex. B to Defendants' Motion at Requests 4-14, 21-33, 38-40, 42, 44, 45, 47-53; *e.g.*, Request for Production 26 states "All documents and communications relating to your policies and practices for conducting criminal background and credit checks for prospective and current tenants.". There is no question that if Defendants have to respond to Plaintiffs' broad discovery requests, they will be forced to collect e-discovery from at a minimum, 15 individuals, which will relate almost exclusively to Plaintiffs' civil rights claims subject to Defendants' Motion to Dismiss.

## VI.    Courts Frequently Fail To Exercise Jurisdiction Of Pendant State Law Claims After Dismissing Federal Questions Claims On A Motion To Dismiss

Additionally, Plaintiffs argue that the Court can retain the jurisdiction of the state law claims, Counts III and V, even if the Motion to Dismiss is granted, because the Court has the discretion to retain jurisdiction of those claims. Opp. at 11. Unlike Plaintiffs' characterization and citation to *one* decision by a district court in Colorado, Opp. at 11, federal courts in this

---

[5] Plaintiffs argue that the Defendants have failed to identify specific objections regarding the burdensome nature of Plaintiffs' discovery requests. This argument is disingenuous. Plaintiffs acknowledge, as they must, that Defendants' Objections were not due when the instant Motion was filed.

[6] The Rule 26 disclosures contain the representations of what knowledge these individuals likely have.

district have routinely decided to not exercise pendant jurisdiction over state law claims after dismissing the federal question claims. *Godbey v. Simmons*, No. 1:11CV704 TSE/TCB, 2014 WL 345648, at *8 (E.D. Va. Jan. 30, 2014), *aff'd*, 577 F. App'x 239 (4th Cir. 2014) ("Because the § 1983 and Bivens claims over which this Court otherwise would have original jurisdiction are subject to dismissal, as discussed above, there is no good cause or sound reason to exercise supplemental or pendent jurisdiction over the tort claims Godbey asserts."); *White v. Ammar's, Inc.*, 836 F.2d 1343 (4th Cir. 1988) ("Because there is no subject matter jurisdiction, White's additional claims regarding pendant jurisdiction were properly dismissed."); *Stout v. Meletis*, No. 3:09CV538, 2012 WL 618688, at *4 (E.D. Va. Feb. 24, 2012) ("However, because Stout's federal claims have been dismissed, the Court declines to exercise supplemental jurisdiction over his state law tort claim."); *Rousan v. Custer*, No. 1:12CV595 LMB/TRJ, 2013 WL 458450, at *5 (E.D. Va. Feb. 5, 2013) ("Lastly, because plaintiff's § 1983 claims over which this Court otherwise would have original jurisdiction are subject to dismissal, as discussed above, there is no good cause or sound reason to exercise supplemental or pendent jurisdiction over the tort claim he asserts.").

Here, the case is in its initial stage, Defendants' Motion to Dismiss is pending, discovery responses have not been issued, and an expensive and time consuming discovery collection process has not yet been undertaken. If the Court were to grant Defendants' Motion to Dismiss, the Court is well within its discretion to decline to exercise jurisdiction on the remaining state law claims.

## <u>CONCLUSION</u>

Plaintiffs characterize Defendants as requesting a permanent stay.  Defendants only request a limited stay of discovery pending a decision by the Court on Defendants' Motion to Dismiss.  For the aforementioned reasons, Defendants request the Court to grant its Motion and for such other relief as is just and proper.

Respectfully submitted,

WAPLES MOBILE HOME PARK LIMITED
PARTNERSHIP, WAPLES PROJECT
LIMITED PARTNERSHIP AND
A. J. DWOSKIN & ASSOCIATES, INC.

/s/
Michael S. Dingman (VSB No. 30031)
Justin deBettencourt (VSB No. 83806)
7900 Tysons One Place
Suite 500
McLean, Virginia  22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
mdingman@reedsmith.com
jdebettencourt@reedsmith.com
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the August 25, 2016, I caused the foregoing to be filed electronically with the Clerk of the Court using CM/ECF, which will then send a notification of such filing to all counsel of record.

/s/
_____
Michael S. Dingman (VSB No. 30031)
Justin deBettencourt (VSB No. 83806)
7900 Tysons One Place
Suite 500
McLean, Virginia  22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
mdingman@reedsmith.com
jdebettencourt@reedsmith.com