IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROSY GIRON DE REYES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP, *et al.*, <br><br> Defendants. | Civil No.: 1:16cv563-TSE-TCB |

## MEMORANDUM IN SUPPORT OF
## DEFENDANTS' MOTION TO RECONSIDER

Defendants Waples Mobile Home Park Limited Partnership, Waples Project Limited Partnership, and A. J. Dwoskin & Associates, Inc. (collectively "Defendants"), by counsel, and pursuant to Federal Rules of Civil Procedure 54(b), submit this memorandum of points and authorities in support of Defendants' Motion to Reconsider. Defendants' respectfully request this Court to Reconsider its decision in its September 1, 2016 Order and Memorandum Opinion and dismiss Counts I, II and IV.

### INTRODUCTION

Plaintiffs allege that this Court has federal question jurisdiction based on their claims for violation of the federal Fair Housing Act and violation of 42 U.S.C. § 1981. *See* Compl. ¶ 9. Defendants moved to Dismiss these claims on the grounds that Plaintiffs are not members of the protected classes that can bring these claims and because the Complaint otherwise fails to state a basis for these claims. (Dkt. 26 at 7-9, 15-16.) The other claims are based on state law and do not give rise to federal question jurisdiction. The Court heard argument on Defendants' Motion

to Dismiss on July 22, 2016 and denied Defendants' Motion to Dismiss on September 1, 2016 for the reasons set out in the Court's September 1, 2016 Memorandum Opinion.

In the Court's September 1, 2016 Memorandum Opinion, the Court denied Defendants' Motion to Dismiss Count I (violations of the federal Fair Housing Act ("FHA")) in part because the Court incorrectly concluded – after concluding that the Plaintiffs failed to state a claim for disparate impact – that Plaintiffs stated a claim for disparate treatment under the FHA. There are no allegations in the Complaint that even suggest that the defendants engaged in intentional discrimination giving rise to a disparate treatment claim or that such a claim was being asserted. Indeed, the Plaintiffs themselves plainly stated to this Court that they asserted only a claim for disparate impact *not* disparate treatment. Further, the Court incorrectly denied Defendants' Motion to Dismiss Count II (violation of the Virginia Fair Housing Law ("VFHL")) in part based on the same reasons that the Court incorrectly denied Defendant's Motion to Dismiss Count I. Finally, the Court incorrectly denied Defendants' Motion to Dismiss Count IV (violation of 42 U.S.C. § 1981) in part because the Court read allegations into the Complaint that are not made by Plaintiffs and that perhaps can never be made in good faith. For these reasons which are stated in more detail below, Defendants respectfully move the Court to reconsider its September 1, 2016 rulings.

## **PROCEDURAL HISTORY**

Plaintiffs filed their Complaint on May 23, 2016, and alleged claims for violations of the federal Fair Housing Act (Count I), violation of the Virginia Fair Housing Law (Count II), violation of the Virginia Manufactured Home Lot Rental Act (Count III), violation of 42 U.S.C. § 1981 (Count IV), breach of contract (Count V), and tortious interference with contract (Count VI). (Dkt. 1.) On June 13, 2016, Defendants filed a Motion to Dismiss, seeking

dismissal of Counts I, II, IV, and VI. (Dkt. 25.) At the same time, the parties agreed to a dismissal of Count VI. (Dkt. 30 at 1 n.1 and Dkt 34 (Order dismissing Count VI).) Defendants argued their partial Motion to Dismiss on July 22, 2016, and the Court denied Defendants' Motion to Dismiss on September 1, 2016. (Dkts. 56-57.)

## LEGAL STANDARD

Reconsideration of a non-final, interlocutory order is properly analyzed under Fed. R. Civ. P. 54(b). *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003); Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action ... and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). Under Fed. R. Civ. P. 54(b), "a district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted." *Am. Canoe Ass'n*, 326 F.3d at 514–15. Therefore, "motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Id.* at 514 (citing *Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991) ("An interlocutory order is subject to reconsideration at any time prior to the entry of a final judgment.")); *AdvanFort Co. v. Int'l Registries, Inc.*, No. 1:15-CV-220, 2015 WL 4254988, at *3 (E.D. Va. July 13, 2015) ("Therefore, the more stringent standards for a Rule 59(e) motion do not apply here."). Because the instant motion is properly brought pursuant to Rule 54(b), Defendants are "not required to make a showing of extraordinary circumstances. Instead, the goal [under the instant motion] 'is to reach the correct judgment under law.'" *Netscape Commc'ns Corp. v. ValueClick, Inc.*, 704 F. Supp. 2d 544, 547 (E.D. Va. 2010) (citing *Am.*

*Canoe Ass'n*, 326 F.3d at 514–15 ("The ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law.")).

## ARGUMENT

### I. THE COURT INCORRECTLY CONCLUDED THAT PLAINTIFFS STATED A DISPARATE TREATMENT CLAIM UNDER THE FHA AND THE VFHL

In its memorandum opinion, the Court repeatedly concluded that the Plaintiffs failed to state a claim for disparate impact but denied the motion to dismiss Count I based on a determination that Plaintiffs stated a claim for disparate treatment even though the Complaint contains no allegation of intentional discrimination by the defendants and Plaintiffs specifically disavow making such a claim. Changing Count I from a claim of non-intentional discrimination to one of intentional discrimination is significant. It is unfair to the defendants to recognize such a claim in the absence of any allegations to support it and in the face of Plaintiffs' statements that they never asserted such a claim. Having found that the Complaint fails to state a claim for disparate impact the Court should have dismissed Count I and not recognized an unpled claim. For the same reasons, the Court should have also dismissed Count II based on the VFHL.

**A.    The Court incorrectly concluded that Plaintiffs stated a claim under the FHA**

The Court incorrectly concluded that Plaintiffs stated a claim for disparate treatment under the FHA because there are no allegations in the Complaint to support such a claim. That is not surprising because the Plaintiffs themselves have stated unequivocally that they did not assert such a claim. The Court is limited by the allegations of the Complaint and cannot recognize a claim never pled. This is particularly true where as here the Court has changed the claim from one of unintentional discrimination to one of intentional discrimination. The Defendants should not be subject to such a serious charge in the absence of clear and plain allegations to which they can respond. Having found that the Complaint fails to state a claim for disparate impact, the

Court should dismiss Count I and leave to the Plaintiffs whether they want to seek to amend the Complaint to attempt to state a different claim.

In ruling on Defendants' Motion to Dismiss, the Court concluded that Plaintiffs did not state a claim under the FHA on a disparate impact theory. Instead, the Court held that Plaintiffs stated a claim under the FHA on a disparate treatment theory. Mem. Op. at 5, 18 (Dkt. 56). In essence, the Court concluded that Plaintiffs have stated a claim for disparate treatment under the FHA and that Plaintiffs may use evidence of disparate impact to support that claim. Mem. Op. at 18 ("Although plaintiffs cannot rely solely on disparate impact to prove causation, they may use evidence of disparate impact to help prove that the Policy discriminates 'because of' race or national origin, and to counter any claim of the Policy's legitimate, non-discriminatory reason or justification.") (Dkt. 56).

The Court reached this conclusion on the basis that Plaintiffs allege that the rationale for the Policy is merely pretext for a discriminatory intent:

> At the same time, a fair reading of the Complain reflects defendants' enforcement of the Policy is also alleged to constitute disparate treatment. This is so because (i) Count I can be read to say as much, *see* Compl. ¶ 113, (ii) the entire basis of plaintiffs' § 1981 claim is that defendants are engaged in intentional discrimination, and (iii) plaintiffs contend that the stated rationale for the Policy is merely a pretext for a discriminatory intent, *see* P. Opp. at 28.

Mem. Op. at 5-6 (Dkt. 56).

Not only does this rationale eviscerate the robust causality requirement of *Texas Dep't of Hous. & Cmty Affairs*, 135 S. Ct. 2507 (2015) because every disparate impact claim can now be turned into a disparate treatment claim, but in concluding that Plaintiffs have stated a claim for disparate treatment under the FHA, the Court relies on factual allegations which simply do not support a claim for disparate treatment under the FHA. As the basis for its ruling, the Court cites to Paragraphs 61 – 63 and 113 to support its conclusion that Plaintiffs have stated a claim for

disparate treatment under the FHA. Paragraphs 61 – 63 of the Complaint merely state statistical allegations regarding the percentages of Latinos as undocumented immigrants. *See* Compl. ¶¶ 61-63. These paragraphs do not state any allegations regarding disparate treatment by Defendants or any allegations *regarding an alleged pretext for the Policy* as the Court concluded.

Likewise, Paragraph 113's allegations do not support the Court's conclusion. Paragraph 113 does not contain any factual allegations. *See* Compl. ¶ 113. Instead, Paragraph 113 merely states a legal conclusion – that Defendants enforcement of the Policy constitutes discrimination under the FHA. *Id.* Rather, Plaintiffs' factual allegations reveal that Plaintiffs only attempt to allege a claim for *disparate impact* not disparate treatment. *See* Compl. ¶ 114. In Paragraph 114 of the Complaint, Plaintiffs allege that "Defendants' acts, policies and practices inflict *disproportionate harm* on Latinos…" *Id.* (emphasis added). This allegation came after multiple paragraphs alleging statistics in support of a disparate impact claim. The Court does not cite to or rely on any factual allegations in the Complaint that support its conclusion that Plaintiffs stated – or even attempted to state – a claim for disparate treatment under the FHA.

Additionally, the Court reached its conclusion that Plaintiffs stated a disparate treatment claim in the face of Plaintiffs' own admissions in their pleadings that they alleged a claim for disparate impact and not disparate treatment. In opposing Defendants' Motion to Dismiss, Plaintiffs stated: "Discrimination may occur either by disparate treatment or disparate impact… *Here, Plaintiffs bring a claim for discrimination by disparate impact.*") (citations omitted) (emphasis added). *See* Opp. to Mot. Dismiss at 10 (Dkt. 29). Plaintiffs explicitly stated that they understood that there are two types of discrimination claims under the FHA and that they were not asserting a claim of disparate treatment. Plaintiffs' brief is devoid of any argument of a

"pretext" in support of their FHA claim. Indeed, Plaintiffs spend eight paragraphs of their Complaint alleging statistics to support their disparate impact claim, *see* Compl. ¶¶ 55-63, and Plaintiffs spend five pages of their Opposition to Defendants' Motion to Dismiss addressing those statistical allegations, *see* Opp. to Mot. Dismiss at 13-18. In denying the motion to dismiss Count I, the Court recognized a claim that the Plaintiffs expressly told the Court they are not making and for which there are no allegations in the Complaint. Defendants respectfully submit that the Court cannot recognize an unpled cause of action – especially one that has the connotations of intentional discrimination – to deny the motion to dismiss Count I.

Plaintiffs attempted – as they admit – to allege only a claim for disparate impact under the FHA. The Court determined that Plaintiffs failed to state a claim for disparate impact liability under the FHA, Mem. Op. at 9, 13, 17 (Dkt. 56). Accordingly, the Court should dismiss Count I and not allow it to continue under an unpled claim of disparate treatment.

### B. The Court incorrectly concluded that Plaintiffs stated a claim under the VFHL

The Court incorrectly concluded that Plaintiffs stated a claim under the VFHL. Mem. Op. at 18-19 (Dkt. 56). The Court reached this conclusion for the same reasons it reached its conclusion that Plaintiffs stated a claim for disparate treatment under the FHA. *Id.* at 19 ("Count II states a claim for disparate treatment, and the evidence as to disparate impact may be used for Count II as it may for Count I…"). Therefore, for the reasons stated above, the Court reached an incorrect conclusion at law in denying Defendants' Motion to Dismiss Count II.

## II. THE COURT INCORRECTLY CONCLUDED THAT PLAINTIFFS STATED A CLAIM UNDER 42 U.S.C. § 1981

The Court incorrectly concluded that Plaintiffs stated a claim for intentional discrimination under 42 U.S.C. § 1981 because the Court improperly read allegations into

Plaintiffs' Complaint that were not made. Mem. Op. at 20-22 (Dkt. 56). In its September 1, 2016 Memorandum Opinion, the Court held that Plaintiffs stated a claim for intentional discrimination under § 1981 because of allegations that the Policy was "more burdensome on non-citizens . . . the burden arises from the fact that copies of original I-94 and I-94W forms cost $330...." Mem. Op. at 20 (Dkt. 56). The Court relied on a reference in Plaintiffs' memorandum in opposition to the motion to dismiss to a website for this conclusion; not any allegations in the Complaint. Even assuming that it was appropriate for the Court to rely on the reference in Plaintiffs' memorandum in opposition to the motion to dismiss, the Complaint contains no allegations that any of the Plaintiffs would in fact be confronted with this alleged burden. The Plaintiffs – in particular the female Plaintiffs – do not allege that they ever received or were issued an I-94 or I-94W. This is likely because one must enter the United States legally to be issued such a form. Plaintiffs must allege that but for the alleged cost burden, they could comply with the Policy. This, of course, is not the case if the Plaintiffs were never issued an I-94 or I-94W. In that instance, the Plaintiffs' inability to comply with the Policy is not due to any cost, but rather is due to the fact that they have no I-94 or I-94W in the first place.[1] Thus, there are no allegations in the Complaint to support the alleged burden the Court relied upon to deny the motion to dismiss Plaintiffs' § 1981 claim. Accordingly, the Court should reconsider its denial of Defendants' Motion to Dismiss Count IV and should grant that motion.

## CONCLUSION

For the reasons set forth above, Defendants Waples Mobile Home Park Limited Partnership, Waples Project Limited Partnership, and A. J. Dwoskin & Associates, Inc. respectfully request this Court to Reconsider its decision in its September 1, 2016 Order and Memorandum Opinion and dismiss Counts I, II and IV.

---

[1] Nor do the female Plaintiffs allege that they have a U.S. Visa.

Respectfully submitted,

WAPLES MOBILE HOME PARK LIMITED
PARTNERSHIP, WAPLES PROJECT LIMITED
PARTNERSHIP AND
A. J. DWOSKIN & ASSOCIATES, INC.

/s/
_____
Michael S. Dingman (VSB No. 30031)
Justin deBettencourt (VSB No. 83806)
7900 Tysons One Place
Suite 500
McLean, Virginia 22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
mdingman@reedsmith.com
jdebettencourt@reedsmith.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of September, 2016, I caused the foregoing to be filed electronically with the Clerk of the Court using CM/ECF, which will then send a notification of such filing to all counsel of record.

/s/
Michael S. Dingman (VSB No. 30031)
Justin deBettencourt (VSB No. 83806)
7900 Tysons One Place
Suite 500
McLean, Virginia 22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
mdingman@reedsmith.com
jdebettencourt@reedsmith.com