**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

ROSY GIRON DE REYES, *et al.*,

          Plaintiffs,

v.

WAPLES MOBILE HOME PARK
LIMITED PARTNERSHIP, *et al.*,

          Defendants.

Civil No.:  1:16cv563-TSE-TCB

## <u>ANSWER</u>

Defendants Waples Mobile Home Park Limited Partnership, Waples Project Limited Partnership, and A. J. Dwoskin & Associates, Inc. hereby submit their Answer to the Complaint ("Complaint") of Rosy Giron De Reyes, Jose Dagoberto Reyes, Felix Alexis Bolanos, Ruth Rivas, Yovana Jaldin Solis, Esteban Ruben Moya Yrapura, Rosa Elena Amaya and Herbert David Saravia Cruz (collectively "Plaintiffs").

Defendants Waples Mobile Home Park Limited Partnership, Waples Project Limited Partnership, and A. J. Dwoskin & Associates, Inc. hereby state that Defendant Waples Mobile Home Park LP is neither the owner of the Park nor an agent of the owner of the Park. Therefore, all allegations of the Complaint are expressly denied as to Waples Mobile Home Park LP. Any reference to Defendants below in this Answer refers to Defendants A. J. Dwoskin & Associates, Inc. and Waples Project Limited Partnership (collectively "Defendants"). Further, unless expressly admitted herein, Defendants lack sufficient information or knowledge to admit or deny the allegations of the Complaint and, on that basis, deny them.

US_ACTIVE-128376400

Each paragraph of this Answer below constitutes Defendants' answer to the same numbered paragraph of the Complaint.

## PRELIMINARY STATEMENT

1.     Defendants state that the first sentence of Paragraph 1 contains conclusions of law to which no response is required; however, to the extent a response to the allegations is deemed to be required, Defendants admit that the Plaintiffs were or are residents of Waples Mobile Home Park (the "Park") and deny the remaining allegations of this paragraph.

2.     Defendants deny the allegations of Paragraph 2.

3.     Defendants admit the first sentence of the allegations of Paragraph 3. Defendants admit that at times this Policy was not enforced but deny the remaining allegations of the second sentence of Paragraph 3. Defendants deny the allegations of the third sentence of Paragraph 3. As to the allegations of the fourth sentence of Paragraph 3, Defendants admit that at one time only the individuals signing a lease were required to provide the documents required by the Policy in order to sign the lease. The remaining allegations of the fourth sentence of Paragraph 3 are denied. The allegations of the fifth sentence of Paragraph 3 do not refer to a specific time frame and are denied on that basis.

4.     Defendants deny the allegations of Paragraph 4.

5.     Defendants deny the allegations of Paragraph 5.

6.     Defendants deny the allegations of Paragraph 6.

7.     Defendants deny the allegations of Paragraph 7.

8.     Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 8 and, on that basis, deny them.

## JURISDICTION AND VENUE

9.    Defendants state that allegations in Paragraph 9 contain conclusions of law to which no response is required.  To the extent a response to the allegations is deemed to be required, Defendants deny the allegations contained in Paragraph 9.

10.    Defendants state that allegations contained in Paragraph 10 contain conclusions of law to which no response is required.  To the extent a response to the allegations is deemed to be required, Defendants deny the allegations contained in Paragraph 10.

11.    Defendants state that allegations in Paragraph 11 contain conclusions of law to which no response is required.  To the extent a response to the allegations is deemed to be required, Defendants deny the allegations contained in Paragraph 11.

## PARTIES

### Plaintiffs

12.    Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 12 and, on that basis, deny them.

13.    Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 13 and, on that basis, deny them.

14.    Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 14 and, on that basis, deny them.

15.    Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 15 and, on that basis, deny them.

### Defendants

16.    Defendants deny the allegations contained in Paragraph 16.

17.    Defendants deny the allegations contained in Paragraph 17.

18.    Defendants admit the allegations contained in Paragraph 18.

**FACTS**

**Waples Mobile Home Park**

19.    Defendants admit the allegations contained in the first sentence of Paragraph 19.

In response to the allegations contained in second sentence of Paragraph 19, Defendants admit the allegation that Defendant Waples Project L.P. owns the Park.

Defendants deny the allegations contained in the third sentence of Paragraph 19 to the extent that they differ from or seek to interpret the Park's Lease Agreement, which speaks for itself.

Defendants deny the remaining allegations contained in Paragraph 19.

20.    In response to the allegations contained in the first sentence of Paragraph 20, Defendants admit that Dwoskin & Associates, Inc. helps manage and operate the Park. Defendants admit that Dwoskin & Associates is a real estate development and management company that manages several dozen apartment, townhome and mobile home communities in the northern Virginia counties of Arlington, Fairfax, Fauquier and Prince William.

Defendants deny the remaining allegations contained in Paragraph 20.

21.    Defendants admit the allegations contained in the first sentence of Paragraph 21.

Defendants lack sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 21 and, on that basis, deny them.

22.    In response to the allegations contained in Paragraph 22, Defendants admit that Dwoskin & Associates, Inc. is identified as the Agent for the Park's owner on exhibits attached to the Plaintiffs' Complaint.

Defendants admit the allegations contained in the second sentence of Paragraph 22.

Defendants deny the remainder of the allegations contained in Paragraph 22.

23.    Defendants deny the allegations of Paragraph 23 as to Defendant Waples Mobile Home Park LP. Defendants admit the remaining allegations of Paragraph 23.

24.    Defendants state that the exhibit referenced in Paragraph 24 speaks for itself and the allegations contained in Paragraph 24 are denied to the extent that the allegations vary from the exhibit.

25.    Defendants admit the allegations contained in Paragraph 25 refer to a written policy which speaks for itself.  To the extent that the allegations vary from the written document, Defendants deny the remaining allegations contained Paragraph 25.

### The Policy

26.    Defendants admit the allegations contained in Paragraph 26 refer to a written policy which speaks for itself.  Defendants deny the remaining allegations contained in Paragraph 26.

27.    Defendants admit that they required individuals who applied for leases and occupants over the age of 18 who were listed on lease applications to present the documents required by the Policy. Defendants admit that at one point in time they did not require occupants on leases that were being renewed to present the documents required by the Policy. The remainder of the allegations of the first sentence of Paragraph 27 are denied. The allegations of the second sentence of Paragraph 27 are admitted. The allegations of the third sentence of Paragraph 27 are admitted. The allegations of the fourth sentence of Paragraph 27 are denied.

28.    Defendants admit the allegations contained in Paragraph 28.

29.    Defendants deny the allegations contained in Paragraph 29.

30.    Defendants admit the allegations contained in Paragraph 30.

31.     Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 31 and, on that basis, deny them.

32.     In response to the allegations contained in Paragraph 32, Defendants admit the documents requested by the policy are necessary to conduct criminal background and credit checks.  Defendants deny the remaining allegations contained in Paragraph 32.

33.     Defendants deny the allegations of Paragraph 33.

34.     Defendants deny the allegations contained in the first sentence of Paragraph 34. Defendants lack sufficient information or knowledge to admit or deny the allegations contained in the second and third sentences of Paragraph 34 and, on that basis, deny them.

Defendants deny the allegations contained in the fourth sentence of Paragraph 34.

35.     Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 35 and, on that basis, deny them.

36.     Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 36 and, on that basis, deny them.

37.     Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 37 and, on that basis, deny them.

38.     Defendants deny the allegations of Paragraph 38.

39.     Defendants deny the allegations of Paragraph 39.

### Defendants' Enforcement of the Policy Harms and Excludes Latino Undocumented Immigrants and Their Families

*Overview*

40.     Defendants deny the allegations of Paragraph 40.

*Sudden and Strict Enforcement of a Dormant Policy*

41.     Defendants deny the  allegations of Paragraph 41.

42.     In response to the allegations of Paragraph 42, Defendants admit that all occupants in the park over 18 years of age have to register with the Park's management office. Defendants deny the remaining allegations of Paragraph 42.

43.     Defendants deny the allegations contained in Paragraph 43.

44.     Defendants deny the allegations contained in Paragraph 44.

45.     Defendants deny the allegations contained in Paragraph 45.

46.     In response to the allegations contained in Paragraph 46, Defendants admit they sent letters to tenants informing them that every occupant was required to provide the necessary documentation.

47.     In response to the allegations of Paragraph 47, defendants state that the Policy speaks for itself and the allegations of this paragraph are denied to the extent they vary or differ from the Policy.

***Enforcement of the Dormant Policy Has Resulted in Significant Harm to Latino Immigrant Park Residents***

48.     Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 48 and, on that basis, deny them.

49.     Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 49 and, on that basis, deny them.

50.     In response to the allegations contained in Paragraph 50, Defendants admit they have issued letters to tenants who have not complied with the Park's policies and that the letters speak for themselves.  To the extent a response to the allegations is deemed to be required, Defendants deny the remaining allegations contained in Paragraph 50.

51.     Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 51 and, on that basis, deny them.

52.     Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 52 and, on that basis, deny them.

53.     Defendants admit the allegations of the first sentence of paragraph 53. Defendants deny the allegations of the second sentence of Paragraph 53.

54.     In response to the allegations contained in Paragraph 54, Defendants admit they have pursued the eviction of some tenants in Fairfax County General District Court.

<u>**Demographic Context and Disparate Impact**</u>

*Mobile Home Units*

55.     Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 55 and, on that basis, deny them.

56.     Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 56 and, on that basis, deny them.

57.     Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 57 and, on that basis, deny them.

*Population of Immigrants without Legal Status*

58.     Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 58 and, on that basis, deny them.

59.     Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 59 and, on that basis, deny them.

60.     Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 60 and, on that basis, deny them.

61.     Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 61 and, on that basis, deny them.

62.    Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 62 and, on that basis, deny them.

63.    Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 63 and, on that basis, deny them.

**Harm to Plaintiffs**

*The Reyes Family*

64.    Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 64 and, on that basis, deny them.

65.    Defendants lack sufficient information or knowledge to admit or deny the allegations of the first and second sentences of Paragraph 65 and, on that basis, deny them. Defendants admit that Mr. Reyes contacted the Park regarding a lease application and deny that Mrs. Reyes contacted the Park. Defendants lack sufficient information or knowledge to admit or deny the remaining allegations of the third sentence of Paragraph 65 and deny them on that basis. Defendants admit the allegations of the fourth sentence of Paragraph 65 because Mr. Reyes represented that he was the only occupant over the age of 18. Defendants deny the allegations of the fifth sentence of Paragraph 65.

66.    Defendants admit the allegations of Paragraph 66.

67.    Defendants admit that Mr. Reyes leased a lot at the Park from 2013 through 2016. Defendants lack sufficient information or knowledge to admit or deny the remaining allegations of Paragraph 67 and deny them on that basis.

68.    Defendants admit the allegations of Paragraph 68.

69.    Defendants admit meeting with Mr. Reyes at least one time in Spring 2014. Defendants lack sufficient information or knowledge to admit or deny the remaining allegations

of the first sentence of Paragraph 69 and deny them on that basis.  Defendants deny the allegations of the second sentence of Paragraph 69.

70.     Defendants admit the allegations in the first sentence of Paragraph 70. Defendants admit that Mr. Reyes did not present the documents required by the Policy for Mrs. Reyes' application. Defendants lack sufficient information or knowledge to admit or deny the remaining allegations of the second sentence of Paragraph 70 and deny them on that basis.  As to the allegations of the  third sentence of Paragraph 70, Defendants admit that Defendants required Mrs. Reyes to present the documents required by the Policy. The remaining allegations of Paragraph 70 are denied.

71.     As to the allegations of the  first sentence of Paragraph 71, Defendants admit that an inspection occurred of Mr. Reyes home around May 2014. The remaining allegations of the first sentence of Paragraph 71 are denied. As to the allegations of the  second sentence of Paragraph 71, Defendants admit that Mrs. Reyes was unable to present the documents required by the Policy. The remaining allegations of the second sentence of Paragraph 71 are denied. Defendants deny the allegations of the third and fourth sentences of Paragraph 71.

72.     Defendants admit that Defendants contacted Mr. Reyes to permit his family to renew their Lease. Defendants lack sufficient information or knowledge to admit or deny the remaining allegations of the first sentence of Paragraph 72 and deny them on that basis. The allegations of the second sentence of Paragraph 72 refer to a written document which speaks for itself. The allegations contained in the second sentence of Paragraph 72 are denied to the extent that the allegations vary from the written document.

73.     Defendants admit the allegations of Paragraph 73.

74.     Defendants admit the allegations of the first sentence of Paragraph 74. Defendants admit that the documents that Mrs. Reyes was required to present were required by the Policy. Defendants lack sufficient information or knowledge to admit or deny the allegations that Mrs. Reyes had been a resident of the Park for over two years by June 2015 and deny them on that basis. The remaining allegations of the second sentence of Paragraph 74 are admitted. Defendants admit the allegations of the third sentence of Paragraph 74.

75.     Defendants admit the allegations of the first sentence of Paragraph 75. Defendants lack sufficient information or knowledge to admit or deny the allegations in the second sentence of Paragraph 75 and deny them on that basis. Defendants lack sufficient information or knowledge to admit or deny the allegations contained in the third and fourth sentences of Paragraph 75 and, on that basis, deny them.

76.     Defendants lack sufficient information or knowledge to admit or deny the remainder of the allegations contained in the first sentence of Paragraph 76 and, on that basis, deny them.

77.     Defendants admit that they received a partially handwritten document dated February 3, 2016 indicating that Mr. Reyes intended to sell his mobile home in the Park. Defendants lack sufficient information or knowledge to admit or deny the remainder of the allegations contained in the first sentence of Paragraph 77 and, on that basis, deny them. Defendants deny the allegations of the second sentence of Paragraph 77.

78.     Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 78 and, on that basis, deny them.

79.     Defendants deny the allegations contained in the first sentence of Paragraph 79.

Defendants lack sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 79 and, on that basis, deny them.

***The Bolanos-Rivas Family***

80.    Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 80 and, on that basis, deny them.

81.    The allegations of the first and second sentences of Paragraph 81 refer to a written document which speaks for itself. To the extent the allegations of the first and second sentences of Paragraph 81 vary from the written document, they are denied.  Defendants lack sufficient information or knowledge to admit or deny the allegations contained in the third and fourth sentences of Paragraph 81 and deny them on that basis.

82.    Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 82 and, on that basis, deny them.

83.    The allegations in the first sentence of Paragraph 83 refer to written documents that speak for themselves. The allegations contained in the first sentence of Paragraph 83 are denied to the extent that the allegations vary from the documents.  Defendants admit the allegations of the second sentence of Paragraph 83. As to the allegations of the third and fourth sentences of Paragraph 83, Defendants deny that there would be no problem in 2015 if Ms. Rivas did not have the documents required by the Policy. Defendants lack sufficient information or knowledge to admit or deny the allegations contained in the third and fourth sentences of Paragraph 83 and deny them on that basis. Defendants admit that Ms. Rivas was on the insurance paperwork for the mobile home for a policy beginning in 2015 but deny the remaining allegations of the fifth sentence of Paragraph 83.

84.     Defendants admit that an inspection was done of Mr. Bolanos' home around February 2016. The remaining allegations of the first sentence of Paragraph 84 are denied. The allegations of the second sentence of Paragraph 84 are admitted. As to the allegations of the third sentence of Paragraph 84, Defendants admit that Ms. Rivas needed to present the documents required by the Policy in order to renew the lease. The remaining allegations of Paragraph 84 are denied.

85.     The allegations of Paragraph 85 refer to a written document that speaks for itself. To the extent the allegations of Paragraph 85 contradict the written document, they are denied.

86.     Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 86 and, on that basis, deny them.

87.     Defendants admit that Mr. Bolanos entered into a "month-to-month" lease with a monthly surcharge of $100. The remaining allegations of the first sentence of Paragraph 87 are denied. Defendants deny the allegations of the second sentence of Paragraph 87. As to the allegations of the third sentence of Paragraph 87, Defendants admit that the $300 "month-to-month" surcharge was never enforced or collected. The remainder of the allegations of the third sentence of Paragraph 87 refer to a written document that speaks for itself. To the extent the allegations of the third sentence of Paragraph 87 contradict the written document, they are denied.

88.     Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 88 and, on that basis, deny them.

89.     Defendants admit that Mr. Bolanos and Ms. Rivas have not received a 21-30 notice, but lack sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 89 and, on that basis, deny them.

*The Moya-Jaldin Family*

90.     Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 90 and, on that basis, deny them.

91.     In response to the allegations contained in Paragraph 91, Defendants admit that around February, 2011, Mr. Moya entered into a one-year Lease Agreement with the Defendants. Defendants admit that the remaining allegations contained in Paragraph 91 refer to a written document which speaks for itself.  To the extent a response to the allegations is deemed to be required, Defendants deny the remaining allegations contained in Paragraph 91.

92.     Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 92 and, on that basis, deny them.

93.     Defendants admit that the allegations of Paragraph 93.

94.     Defendants deny the allegations of the first sentence of Paragraph 94. Defendants admit that Ms. Jaldin spoke to Defendants' agents on occasion. The remaining allegations of the second sentence of Paragraph 94 are denied. Defendants admit they inspected Mr. Moya's home on at least one occasion but deny that they did not question Ms. Jaldin's presence in the home in 2015. The remaining allegations of the third sentence of Paragraph 94 are denied.

95.     Defendants deny the allegations of the first sentence of Paragraph 95. Defendants admit the allegations of the second sentence of Paragraph 95.

96.     The allegations of the first two sentences of Paragraph 96 refer to a written document which speaks for itself. To the extent the allegations of the first two sentences of Paragraph 96 vary from the written document, the allegations are denied. Defendants deny the allegations of the third sentence of Paragraph 96.

97.    Defendants admit that the $300 "month-to-month" surcharge was never enforced or collected. The remainder of the allegations of Paragraph 97 refer to a written document which speaks for itself. To the extent the remainder of the allegations of Paragraph 97 vary from the written document, the allegations are denied.

98.    Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 98 and, on that basis, deny them.

99.    Defendants admit that Mr. Moya and Ms. Jaldin have not received a 21-30 notice, but lack sufficient information or knowledge to admit or deny the remaining allegations of Paragraph 99 and, on that basis, deny them.

***The Saravia-Amaya Family***

100.    Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 100 and, on that basis, deny them.

101.    Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 101 and, on that basis, deny them.

102.    Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 102 and, on that basis, deny them.

103.    Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 103 and, on that basis, deny them.

104.    The allegations of the first and second sentences of Paragraph 104 refer to written documents. To the extent the allegations of the first and second sentences of Paragraph 104 vary from the written documents, they are denied. Defendants admit that Mr. Saravia provided Defendants with his Social Security Number but deny the remainder of the allegations of the second sentence of Paragraph 104. Defendants lack sufficient information or knowledge to admit

or deny the allegations contained in the last sentence of Paragraph 104 and, on that basis, deny them.

105.    Defendants admit that Mr. Saravia's lease was renewed in 2013, 2014 and 2015. The remainder of the allegations of the first sentence of Paragraph 105 refer to written documents which speak for themselves. To the extent the allegations of the first sentence of Paragraph 105 vary from the written documents, they are denied. Defendants admit that in 2015 all occupants of a mobile home were required to be on a lease and required to present the documents required by the Policy in order to sign a lease. The remaining allegations of Paragraph 105 are denied.

106.    Defendants admit that in 2016, Defendants required Ms. Amaya to present the required documents under the Policy. The remaining allegations of the first sentence of Paragraph 106 are denied. Defendants admit that they told Mr. Saravia that he had to comply with the Policy with regards to all occupants over the age of 18 in his mobile home. Defendants deny the remaining allegations of Paragraph 106.

107.    Defendants deny the allegations in the first sentence of Paragraph 107. Defendants deny the allegations that the police would place an eviction notice on Mr. Saravia's home but admit the remaining allegations in the second sentence of Paragraph 107. Defendants admit that they informed Mr. Saravia that he was being placed on a "month-to-month" lease with a $100 monthly surcharge. Defendants deny the remaining allegations in the third sentence of Paragraph 107.

108.    Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 108 and, on that basis, deny them.

109.    Defendants lack sufficient information or knowledge to admit or deny the allegations contained in Paragraph 109 and, on that basis, deny them.

110.    Defendants admit that the $300 "month-to-month" surcharge was never enforced or collected. The reminder of the allegations of Paragraph 110 refer to a written document which speaks for itself. To the extent the remainder of the allegations of Paragraph 110 vary from the written document, they are denied.

111.    Defendants admit that Mr. Saravia and Ms. Amaya have not received a 21-30 notice, but lack sufficient information or knowledge to admit or deny the remaining allegations of Paragraph 111 and, on that basis, deny them.

**FIRST CAUSE OF ACTION**
**(Violation of Fair Housing Act, 42 U.S.C. § 3601 *et seq.*)**
***On Behalf of All Plaintiffs***

112.    Defendants incorporate their responses to the preceding paragraphs as though set forth in full herein.

113.    Defendants deny the allegations of Paragraph 113.

114.    Defendants deny the allegations of Paragraph 114.

115.    Defendants deny the allegations of Paragraph 115.

116.    Defendants deny the allegations of Paragraph 116.

117.    Defendants deny the allegations of Paragraph 117.

**SECOND CAUSE OF ACTION**
**(Violation of Virginia Fair Housing Law, Va. Code § 36-96 *et seq.*)**
***On Behalf of All Plaintiffs***

118.    Defendants incorporate their responses to the preceding paragraphs as though set forth in full herein.

119.    Defendants deny the allegations of Paragraph 119.

120.    Defendants deny the allegations of Paragraph 120.

121.    Defendants deny the allegations of Paragraph 121.

122.    Defendants deny the allegations of Paragraph 122.

123.    Defendants deny the allegations of Paragraph 123.

**THIRD CAUSE OF ACTION**
**(Violation of Manufactured Home Lot Rental Act, Va. Code § 55-248.41 *et seq.*)**
***On Behalf of Plaintiffs Jose Dagoberto Reyes, Felix Alexis Bolanos, Esteban Ruben Mota***
***Yrapura, and Herbert David Saravia Cruz***

124.    Defendants incorporate their responses to the preceding paragraphs as though set forth in full herein.

125.    Defendants deny the allegations contained in Paragraph 125.

126.    Defendants state that Paragraph 126 contains conclusions of law to which no response is required; however, to the extent a response to the allegations is deemed to be required, Defendants deny the allegations.

127.    Defendants state that Paragraph 127 contains conclusions of law to which no response is required; however, to the extent a response to the allegations is deemed to be required, Defendants deny the allegations.

128.    Defendants state that Paragraph 128 contains conclusions of law to which no response is required; however, to the extent a response to the allegations is deemed to be required, Defendants deny the allegations.

129.    Defendants state that Paragraph 129 contains conclusions of law to which no response is required; however, to the extent a response to the allegations is deemed to be required, Defendants deny the allegations.

130.    Defendants state that Paragraph 130 contains conclusions of law to which no response is required; however, to the extent a response to the allegations is deemed to be required, Defendants deny the allegations.

131.    Defendants deny the allegations of paragraph 131.

## FOURTH CAUSE OF ACTION
### (Violation of 42 U.S.C. § 1981)
### *On Behalf of All Plaintiffs*

132.    Defendants incorporate their responses to the preceding paragraphs as though set forth in full herein.

133.    Defendants state that Paragraph 133 contains conclusions of law to which no response is required; however, to the extent a response to the allegations is deemed to be required, Defendants deny the allegations.

134.    Defendants deny the allegations of Paragraph 134.

135.    Defendants deny the allegations of Paragraph 135.

136.    Defendants deny the allegations of Paragraph 136.

137.    Defendants deny the allegations of Paragraph 137.

## FIFTH CAUSE OF ACTION
### (Breach of Contract)
### *On Behalf of Plaintiffs Jose Dagoberto Reyes, Felix Alexis Bolanos, Esteban Ruben Mota Yrapura, and Herbert David Saravia Cruz*

138.    Defendants incorporate their responses to the preceding paragraphs as though set forth in full herein.

139.    Defendants admit the allegations contained in Paragraph 139 refer to written documents which speak for themselves. To the extent a response to the allegations is deemed to be required, Defendants deny the allegations contained in Paragraph 139.

140.    Defendants state that Paragraph 140 contains conclusions of law to which no response is required; however, to the extent a response to the allegations is deemed to be required, Defendants deny the allegations.

141.    Defendants state that Paragraph 141 contains conclusions of law to which no response is required; however, to the extent a response to the allegations is deemed to be required, Defendants deny the allegations.

142.    Defendants deny the allegations of Paragraph 142.

### SIXTH CAUSE OF ACTION
#### (Tortious Interference with Contract)
*On Behalf of Plaintiffs Jose Dagoberto Reyes, Felix Alexis Bolanos, Esteban Ruben Mota Yrapura, and Herbert David Saravia Cruz*

143-149.    The Sixth Cause of Action has been dismissed and no response is required.

### PRAYER FOR RELIEF

Defendants state that the allegations in this unnumbered paragraph contain statements to which no response is required.  To the extent a response is deemed to be required, Defendants deny that Plaintiffs are entitled to the relief claimed.

### AFFIRMATIVE DEFENSES

Defendants hereby allege the following separate and distinct defenses and affirmative defenses without conceding that Defendants necessarily bear the burden of proof or persuasion:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State A Claim Upon Which Relief Can Be Granted)

The Complaint, and each claim therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Estoppel)**

Plaintiffs are estopped from pursuing the claims in the Complaint, and each claim therein, by reason of the Plaintiffs' own actions and course of conduct.

### THIRD AFFIRMATIVE DEFENSE

**(Waiver)**

Plaintiffs have waived their right, if any, to pursue the claims in the Complaint, and each claim therein, by reason of their own actions and course of conduct.

### FOURTH AFFIRMATIVE DEFENSE

**(Doctrine of Unclean Hands)**

The Complaint, and each claim therein, is barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

**(Legitimate Business Necessity)**

The Complaint, and each claim therein, is barred because the policies undertaken by Defendants were the result of legitimate business necessities.

### SIXTH AFFIRMATIVE DEFENSE

**(Legitimate Non-Discriminatory Reason)**

The Complaint, and each claim therein, is barred because the policies undertaken by Defendants were undertaken for legitimate non-discriminatory reasons.

### SEVENTH AFFIRMATIVE DEFENSE

**(Necessary Valid Interest)**

The Complaint, and each claim therein, is barred because the policies undertaken by Defendants were necessary to achieve a valid interest.

### EIGHTH AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

The Complaint, and each claim therein, is barred under the statute of limitations for each claim.

## NINTH AFFIRMATIVE DEFENSE

**(Illegal Conduct)**

The Complaint, and each claim therein, is barred because the four female Plaintiffs are illegally present the United States.

## TENTH AFFIRMATIVE DEFENSE

**(Reservation of Additional Defenses)**

To the extent not set forth herein, Defendants reserve the right to assert additional defenses that become available or apparent during discovery and to amend their Answer accordingly.

WHEREFORE, Defendants request that the Court dismiss the Complaint with prejudice and award Defendants such additional relief as the Court deems appropriate.

Respectfully submitted,

WAPLES MOBILE HOME PARK LIMITED
PARTNERSHIP, WAPLES PROJECT LIMITED
PARTNERSHIP AND
A. J. DWOSKIN & ASSOCIATES, INC.

/s/
Michael S. Dingman (VSB No. 30031)
Justin deBettencourt (VSB No. 83806)
7900 Tysons One Place
Suite 500
McLean, Virginia  22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
mdingman@reedsmith.com
jdebettencourt@reedsmith.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2016, I caused the foregoing to be filed electronically with the Clerk of the Court using CM/ECF, which will then send a notification of such filing to all counsel of record.

/s/
_____
Michael S. Dingman (VSB No. 30031)
Justin deBettencourt (VSB No. 83806)
7900 Tysons One Place
Suite 500
McLean, Virginia 22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
mdingman@reedsmith.com
jdebettencourt@reedsmith.com