# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ROSY GIRON DE REYES; JOSE
DAGOBERTO REYES; FELIX ALEXIS
BOLANOS; RUTH RIVAS; YOVANA
JALDIN SOLIS; ESTEBAN RUBEN MOYA
YRAPURA; ROSA ELENA AMAYA; and
HERBERT DAVID SARAVIA CRUZ,

*Plaintiffs*,

vs.

WAPLES MOBILE HOME PARK LIMITED
PARTNERSHIP; WAPLES PROJECT
LIMITED PARTNERSHIP; and A.J.
DWOSKIN & ASSOCIATES, INC.,

*Defendants*.

Civil Action No. 1:16-cv-563

### DEFENDANTS' REQUESTS FOR PRODUCTION
### TO PLAINTIFF JOSE DAGOBERTO REYES

Pursuant to Rules 26 and Rule 34 of the Federal Rules of Civil Procedure, Defendants Waples Mobile Home Park Limited Partnership, Waples Project Limited Partnership, and A.J. Dwoskin & Associates, Inc. (collectively "Defendants"), by and through undersigned counsel, request that Plaintiff Jose Dagoberto Reyes serve responses to Defendants' First Set of Requests for Production to Plaintiff Jose Dagoberto Reyes within thirty (30) days to the undersigned counsel for Defendants. This First Set of Requests for Production to Plaintiff Jose Dagoberto Reyes is to be interpreted and answered in accordance with the following Definitions and Instructions.

## DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1. "You" and "your" refer to Jose Dagoberto Reyes, his agents, representatives, and attorneys.

2. "Person" and "Persons" include natural persons, partnerships, corporations and any other legal entity.

3. "Plaintiffs" or "Plainitff" mean, collectively or individually, Jose Dagoberto Reyes ("Mr. Reyes"), Rosy Giron de Reyes ("Mrs. Reyes"), Felix Alexis Bolanos ("Mr. Bolanos"), Ruth Rivas ("Ms. Rivas"), Esteban Ruben Moya Yrapura ("Mr. Maya"), Yovana Jaldin Solis ("Ms. Jaldin"), Herbert David Saravia Cruz ("Mr. Saravia"), and Rosa Elena Amaya ("Ms. Amaya"), and their respective agents, representatives, and attorneys.

4. "Complaint" or "Compl." mean the Complaint filed by Plaintiffs on or about May 23, 2016 in the case styled *United States ex rel. Ribik v. Waples Mobile Home Park Limited Partnership, et al.*, Civil Action No. 1:16-cv-563, in the United States District Court for the Eastern District of Virginia.

5. "Defendants" or "Defendant" mean Waples Mobile Home Park Limited Partnership, Waples Project Limited Partnership, A.J. Dwoskin & Associates, Inc., collectively or individually, including their agents, employees, and/or representatives, including attorneys.

6. "Park" means the mobile home complex located at 4308 Mobile Court, Fairfax, Virginia 22030.

7. "Mobile Home" means a transportable dwelling unit.

8. "Lot" means the site upon which a tenant would locate a mobile home in the Park.

9. "Lease" or "Rental Agreement" means the agreement between Plaintiffs and Defendants for the rental of a Lot in the Park.

10. "Policy" means the policy referred to in Paragraph 26 of the Complaint.

11. "Undocumented immigrant," "unauthorized immigrant," "illegal alien," "undocumented noncitizen," "unauthorized noncitizen," "illegal noncitizen," and "illegal immigrant" mean any person not able to show any form of valid government-issued proof that they are legally present in the United States.

12. "ITIN" means Individual Taxpayer Identification Number.

13. "Legally present" means that one's immediate or continued presence in the United States does not violate any State or Federal law.

14. "VOICE" means Virginians Organized for Interfaith Community Engagement and its agents, representatives, employees, officers, directors and/or attorneys.

15. "Unauthorized occupant" means any individual over the age of eighteen who is not listed on a lease or Rental Agreement with Defendants.

16. "Communication" means any exchange or transmission of information by any means, including but not limited to written, verbal, e-mail, or other electronic exchanges or transmissions.

17. "Reflecting," "relating to," or "regarding" mean relating to, referring to, concerning, describing, discussing, evidencing, or constituting.

18. The word "document" as used herein is defined as handwritten, printed, typed, computerized, recorded, programmed, or graphic matter of any kind or nature, however produced

or reproduced, including but not limited to agreements, contracts, applications, letters, correspondence, electronic mail, telegrams, telefaxes, wires, books of account, indices, forms, publications, guidelines, manuals, files, memoranda of all types, instructions, confirmations, invoices, calendars, diaries, desk books, schedules, reports, studies, surveys, speeches, minutes of all meetings, pamphlets, notes, records, charts, tabulations, compilations, summaries, financial statements, accounting records, interoffice and intra-office communications, transcripts, computer cards, tapes or disks, printouts, information contained in, or retrievable from computer programs, tape or other voice recordings, records of meetings, conferences, telephone conversations, or other communications, microfilm, photographs, ledgers, licenses, vouchers, bank checks, purchase orders, charge slips, hotel charges, tax returns, receipts, working papers, statistical records, delivery records, stenographers notebooks, appointment books, timesheets and logs and any drafts of the foregoing.

19. The term "identify" as used herein in connection with a document or documents means:

    a. furnish the name and date of that document, the name and address of the person, if any, to whom the document was addressed, the names and addresses of all persons to whom copies of the documents were or have been sent, and the firm, firms, and/or facility(ies) with which all such persons were connected at the date of the document; and

    b. state whether you are in possession of the original of the document or a copy thereof, and if not in possession of the original or copy, furnish the name and address of the custodian of the original or copy.

20. The term "identify" as used herein in connection with a "person" or "persons" means state the names, titles, employer and the present address, e-mail address, or, if unknown, the last known address, e-mail address, and employer of such person or persons.

21. To bring within the scope of these Interrogatories all information and documentation that might otherwise be construed to be outside its scope:

   a. the singular of each word shall be construed to include its plural and vice versa, and the root word and all derivations (*e.g.*, "-ing", "-ed") shall be construed to include each other;

   b. "and" as well as "or" shall be construed both conjunctively and disjunctively;

   c. "each" shall be construed to include "every" and vice versa;

   d. "any" shall be construed to include "all" and vice versa;

   e. the present tense shall be construed to include the past tense and vice versa;

   f. the masculine shall be construed to include the feminine and vice versa;

   g. "knowledge," "information," "possession," "custody" and "control" of a person shall be construed to include such person's agents, representatives, and attorneys;

   h. "include" shall have its ordinary meaning and shall not indicate limitation to the examples or items mentioned;

   i. in general, all terms used herein shall be construed in an ordinary, common sense manner, and not in a technical, strained or otherwise restrictive manner.

## INSTRUCTIONS

1. These requests shall apply to all documents and things in your possession custody, or control at the present time or coming into your possession, custody, or control prior to the date of the production. Should any responsive documents or things come into your possession, custody, or control following the date of production, you are under a duty to produce the additional documents or things and supplement your responses to reflect the additional documents or things.

2. These requests call not only for the knowledge of the Plaintiffs, but also for all knowledge that is available to each Plaintiff by reasonable inquiry, including inquiry of each Plaintiff's agents or representatives acting on their behalf, and, if not privileged, each Plaintiff's attorneys.

3. If no documents are responsive to a particular request, you are to state that no responsive documents exist.

4. If you decline to produce any document or part thereof based on a claim of privilege or any other claim, describe the nature and basis of your claim and the information withheld in a manner sufficient (i) to disclose the facts upon which you rely in asserting your claim; (ii) to permit the grounds and reasons for withholding the information to be identified unambiguously; and (iii) to permit the information withheld to be identified unambiguously.

5. In the event that you object to any request on the ground that it is overbroad and/or unduly burdensome for any reason, respond to that request as narrowed to the least extent necessary, in your judgment, to render it not overbroad/unduly burdensome and state specifically the extent to which you have narrowed that request for purposes of your response and the factual basis for your conclusion

6. In the event that you object to any request on the ground that it is vague and/or ambiguous, identify the particular words, terms or phrases that are asserted to make such request vague and/or ambiguous and specify the meaning that you actually attribute to such words for purposes of your response thereto.

7. All documents requested are to be produced in the same file or other organizational environment in which they are maintained. Alternatively, as to each document and thing produced, you shall identify the request for production and/or the interrogatory in response to which the document or thing is being produced by number.

8. These requests seek all responsive documents in their original language and, if such original language is not English, all English-language translations for such documents.

9. Each document produced shall be accompanied by all drafts, without redactions or abbreviations.

10. These requests are continuous in nature, and you are under a duty to supplement or amend any prior response to these requests.

## REQUESTS FOR PRODUCTION

Unless otherwise stated, the following requests apply to the period from January 1, 2010 to the present.

1. All communications between you and any Defendant.

2. All communications between your wife and any Defendant.

3. All communications between you and any other Plaintiff related to this litigation, the Complaint, the Policy, your Lot, the Park and/or any Rental Agreement between you and Defendants.

4. All communications between you and VOICE related to this litigation, the Complaint, the Policy, your Lot, the Park and/or any Rental Agreement between you and Defendants.

5. All communications between you and any of the tenants referenced in Paragraph 48 – 54 of the Complaint related to this litigation, the Complaint, the Policy, your Lot, the Park and/or any Rental Agreement between you and Defendants.

6. All documents relating to any meetings you had with any Defendant, including documents that describe the communications that took place at each meeting.

7. All documents referencing any ITIN you have ever used.

8. All documents referencing any ITIN your wife has ever used.

9. All documents you have submitted to acquire any ITIN you have ever used.

10. All original Social Security cards you have ever possessed.

11. All original passports you have ever possessed.

12. All U.S. Visas you have ever possessed.

13. All Customs and Border Protection Forms I-94 you have ever possessed.

14. All documents you have sent to or received from any U.S. or state government referencing your immigration status in the United States.

15. All documents you have sent to or received from any U.S. or state government referencing your wife's immigration status in the United States.

16. Any marriage license between you and your wife.

17. Any documents referencing when and where your wife entered the United States.

18. Any lease or rental agreement in the last ten years which you have signed with your wife other than a lease or rental agreement with Defendants.

19. Any documents relating to your allegations in Paragraph 28 of the Complaint that "[u]pon information and belief, Defendants began enforcing similar or identical policies at other housing communities that Dwoskin & Associates manages in Prince William County, Virginia".

20. Any documents relating to your allegations in Paragraph 36 of the Complaint that "[m]any major financial institutions accept ITINs on an equal basis as Social Security numbers. Similarly, major national credit reporting agencies have the capability to run credit reports using ITINs on an equal basis as Social Security numbers".

21. Any documents relating to your allegations in the last sentence of Paragraph 31 of the Complaint that "[a]s a form of identification, the ITIN is as reliable and precise as a Social Security number".

22. Any documents sufficient to identify the tenants referenced in Paragraphs 48 - 54 of the Complaint. Please provide name, address and contact information including phone number and email address if applicable.

23. Any documents relied on or otherwise used to compile the statistics in Paragraphs 56 – 63 of the Complaint.

24. If you contend that any of the Defendants discriminated against you because you are Latino, please produce any documents relating to this contention.

25. If you contend that any of the Defendants discriminated against you because you are not a U.S. citizen, please produce any documents relating to this contention.

26. Any documents relating to any efforts or action by you, or on your behalf, to comply with the Policy.

Respectfully submitted,

WAPLES MOBILE HOME PARK LIMITED
PARTNERSHIP, WAPLES PROJECT
LIMITED PARTNERSHIP AND
A.J. DWOSKIN & ASSOCIATES, INC.

_____
Michael S. Dingman (VSB No. 30031)
Justin deBettencourt (VSB No. 83806)
7900 Tysons One Place
Suite 500
McLean, Virginia 22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
mdingman@reedsmith.com
jdebettencourt@reedsmith.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2016, I caused the foregoing to be sent to the following via email and U.S. mail, postage, prepaid:

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Ariel Wade Trajtenberg (pro hac vice)
777 Sixth Street NW, 11th Floor
Washington, District of Columbia 20001-3706
Phone: (202) 538-8000
Fax: (202) 538-8100
arieltrajtenberg@quinnemanuel.com

_____
Michael S. Dingman (VSB No. 30031)
Justin deBettencourt (VSB No. 83806)
7900 Tysons One Place
Suite 500
McLean, Virginia 22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
mdingman@reedsmith.com
jdebettencourt@reedsmith.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ROSY GIRON DE REYES; JOSE DAGOBERTO REYES; FELIX ALEXIS BOLANOS; RUTH RIVAS; YOVANA JALDIN SOLIS; ESTEBAN RUBEN MOYA YRAPURA; ROSA ELENA AMAYA; and HERBERT DAVID SARAVIA CRUZ,<br><br>*Plaintiffs*,<br><br>vs.<br><br>WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP; WAPLES PROJECT LIMITED PARTNERSHIP; and A.J. DWOSKIN & ASSOCIATES, INC.,<br><br>*Defendants*. | Civil Action No. 1:16-cv-563 |

## DEFENDANTS' REQUESTS FOR PRODUCTION TO PLAINTIFF ROSY GIRON DE REYES

Pursuant to Rules 26 and Rule 34 of the Federal Rules of Civil Procedure, Defendants Waples Mobile Home Park Limited Partnership, Waples Project Limited Partnership, and A.J. Dwoskin & Associates, Inc. (collectively "Defendants"), by and through undersigned counsel, request that Plaintiff Rosy Giron de Reyes serve responses to Defendants' First Set of Requests for Production to Plaintiff Rosy Giron de Reyes within thirty (30) days to the undersigned counsel for Defendants. This First Set of Requests for Production to Plaintiff Rosy Giron de Reyes is to be interpreted and answered in accordance with the following Definitions and Instructions.

## DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1. "You" and "your" refer to Rosy Giron de Reyes, her agents, representatives, and attorneys.

2. Defendants hereby incorporate by reference the Definitions and Instructions in Defendants' First Set of Requests for Production to Plaintiff Jose Dagoberto Reyes other than Definition 1 in Defendants' First Set of Requests for Production to Plaintiff Jose Dagoberto Reyes.

## REQUESTS FOR PRODUCTION

Unless otherwise stated, the following requests apply to the period from January 1, 2010 to the present.

1. All communications between you and any Defendant.

2. All communications between your husband and any Defendant.

3. All communications between you and any other Plaintiff related to this litigation, the Complaint, the Policy, your Lot, the Park and/or any Rental Agreement between you and Defendants.

4. All communications between you and VOICE related to this litigation, the Complaint, the Policy, your Lot, the Park and/or any Rental Agreement between you and Defendants.

5. All communications between you and any of the tenants referenced in Paragraph 48 – 54 of the Complaint related to this litigation, the Complaint, the Policy, your Lot, the Park and/or any Rental Agreement between you and Defendants.

6. All documents relating to any meetings you had with any Defendant, including documents that describe the communications that took place at each meeting.

7. All documents referencing any ITIN you have ever used.

8. All documents referencing any ITIN your husband has ever used.

9. All documents you have submitted to acquire any ITIN you have ever used.

10. All original Social Security cards you have ever possessed.

11. All original passports you have ever possessed.

12. All U.S. Visas you have ever possessed.

13. All Customs and Border Protection Forms I-94 you have ever possessed.

14. All documents you have sent to or received from any U.S. or state government referencing your immigration status in the United States.

15. Any marriage license between you and your husband.

16. Any documents referencing when and where you entered the United States.

17. Any lease or rental agreement in the last ten years which you have signed other than a lease or rental agreement with Defendants.

18. Any documents relating to your allegations in Paragraph 28 of the Complaint that "[u]pon information and belief, Defendants began enforcing similar or identical policies at other housing communities that Dwoskin & Associates manages in Prince William County, Virginia".

19. Any documents relating to your allegations in Paragraph 36 of the Complaint that "[m]any major financial institutions accept ITINs on an equal basis as Social Security numbers. Similarly, major national credit reporting agencies have the capability to run credit reports using ITINs on an equal basis as Social Security numbers".

20. Any documents relating to your allegations in the last sentence of Paragraph 31 of the Complaint that "[a]s a form of identification, the ITIN is as reliable and precise as a Social Security number".

21. Any documents sufficient to identify the tenants referenced in Paragraphs 48 - 54 of the Complaint. Please provide name, address and contact information including phone number and email address if applicable.

22. Any documents relied on or otherwise used to compile the statistics in Paragraphs 56 – 63 of the Complaint.

23. If you contend that any of the Defendants discriminated against you because you are Latino, please produce any documents relating to this contention.

24. If you contend that any of the Defendants discriminated against you because you are not a U.S. citizen, please produce any documents relating to this contention.

25. Any documents relating to any efforts or action by you, or on your behalf, to comply with the Policy.

Respectfully submitted,

WAPLES MOBILE HOME PARK LIMITED
PARTNERSHIP, WAPLES PROJECT
LIMITED PARTNERSHIP AND
A.J. DWOSKIN & ASSOCIATES, INC.


_____
Michael S. Dingman (VSB No. 30031)
Justin deBettencourt (VSB No. 83806)
7900 Tysons One Place
Suite 500
McLean, Virginia 22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
mdingman@reedsmith.com
jdebettencourt@reedsmith.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2016, I caused the foregoing to be sent to the following via email and U.S. mail, postage, prepaid:

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Ariel Wade Trajtenberg (pro hac vice)
777 Sixth Street NW, 11th Floor
Washington, District of Columbia 20001-3706
Phone: (202) 538-8000
Fax: (202) 538-8100
arieltrajtenberg@quinnemanuel.com

 

Michael S. Dingman (VSB No. 30031)
Justin deBettencourt (VSB No. 83806)
7900 Tysons One Place
Suite 500
McLean, Virginia 22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
mdingman@reedsmith.com
jdebettencourt@reedsmith.com