UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ROSY GIRON DE REYES; JOSE DAGOBERTO REYES; FELIX ALEXIS BOLANOS; RUTH RIVAS; YOVANA JALDIN SOLIS; ESTEBAN RUBEN MOYA YRAPURA; ROSA ELENA AMAYA; and HERBERT DAVID SARAVIA CRUZ,<br><br>*Plaintiffs*,<br><br>vs.<br><br>WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP; WAPLES PROJECT LIMITED PARTNERSHIP; and A.J. DWOSKIN & ASSOCIATES, INC.,<br><br>*Defendants*. | Civil Action No. 1:16-cv-563 |

## DEFENDANTS' INTERROGATORIES TO PLAINTIFF JOSE DAGOBERTO REYES

Pursuant to Rules 26 and Rule 33 of the Federal Rules of Civil Procedure, Defendants Waples Mobile Home Park Limited Partnership, Waples Project Limited Partnership, and A.J. Dwoskin & Associates, Inc. (collectively "Defendants"), by and through undersigned counsel, request that Plaintiff Jose Dagoberto Reyes serve responses to Defendants' First Set of Interrogatories to Plaintiff Jose Dagoberto Reyes within thirty (30) days to the undersigned counsel for Defendants. This First Set of Interrogatories to Plaintiff Jose Dagoberto Reyes is to be interpreted and answered in accordance with the following Definitions and Instructions.

### DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1. "You" and "your" refer to Jose Dagoberto Reyes, his agents, representatives, and attorneys.

2. "Person" and "Persons" include natural persons, partnerships, corporations and any other legal entity.

3. "Plaintiffs" or "Plainitff" mean, collectively or individually, Jose Dagoberto Reyes ("Mr. Reyes"), Rosy Giron de Reyes ("Mrs. Reyes"), Felix Alexis Bolanos ("Mr. Bolanos"), Ruth Rivas ("Ms. Rivas"), Esteban Ruben Moya Yrapura ("Mr. Maya"), Yovana Jaldin Solis ("Ms. Jaldin"), Herbert David Saravia Cruz ("Mr. Saravia"), and Rosa Elena Amaya ("Ms. Amaya"), and their respective agents, representatives, and attorneys.

4. "Complaint" or "Compl." mean the Complaint filed by Plaintiffs on or about May 23, 2016 in the case styled *United States ex rel. Ribik v. Waples Mobile Home Park Limited Partnership, et al.*, Civil Action No. 1:16-cv-563, in the United States District Court for the Eastern District of Virginia.

5. "Defendants" or "Defendant" mean Waples Mobile Home Park Limited Partnership, Waples Project Limited Partnership, A.J. Dwoskin & Associates, Inc., collectively or individually, including their agents, employees, and/or representatives, including attorneys.

6. "Park" means the mobile home complex located at 4308 Mobile Court, Fairfax, Virginia 22030.

7. "Mobile Home" means a transportable dwelling unit.

8. "Lot" means the site upon which a tenant would locate a mobile home in the Park.

9. "Lease" or "Rental Agreement" means the agreement between Plaintiffs and Defendants for the rental of a Lot in the Park.

10. "Policy" means the policy referred to in Paragraph 26 of the Complaint.

11. "Undocumented immigrant," "unauthorized immigrant," "illegal alien," "undocumented noncitizen," "unauthorized noncitizen," "illegal noncitizen," and "illegal immigrant" mean any person not able to show any form of valid government-issued proof that they are legally present in the United States.

12. "ITIN" means Individual Taxpayer Identification Number.

13. "Legally present" means that one's immediate or continued presence in the United States does not violate any State or Federal law.

14. "VOICE" means Virginians Organized for Interfaith Community Engagement and its agents, representatives, employees, officers, directors and/or attorneys.

15. "Unauthorized occupant" means any individual over the age of eighteen who is not listed on a lease or Rental Agreement with Defendants.

16. "Communication" means any exchange or transmission of information by any means, including but not limited to written, verbal, e-mail, or other electronic exchanges or transmissions.

17. "Reflecting," "relating to," or "regarding" mean relating to, referring to, concerning, describing, discussing, evidencing, or constituting.

18. The word "document" as used herein is defined as handwritten, printed, typed, computerized, recorded, programmed, or graphic matter of any kind or nature, however produced or reproduced, including but not limited to agreements, contracts, applications, letters, correspondence, electronic mail, telegrams, telefaxes, wires, books of account, indices, forms, publications, guidelines, manuals, files, memoranda of all types, instructions, confirmations, invoices, calendars, diaries, desk books, schedules, reports, studies, surveys, speeches, minutes

of all meetings, pamphlets, notes, records, charts, tabulations, compilations, summaries, financial statements, accounting records, interoffice and intra-office communications, transcripts, computer cards, tapes or disks, printouts, information contained in, or retrievable from computer programs, tape or other voice recordings, records of meetings, conferences, telephone conversations, or other communications, microfilm, photographs, ledgers, licenses, vouchers, bank checks, purchase orders, charge slips, hotel charges, tax returns, receipts, working papers, statistical records, delivery records, stenographers notebooks, appointment books, timesheets and logs and any drafts of the foregoing.

    19.    The term "identify" as used herein in connection with a document or documents means:

    a.    furnish the name and date of that document, the name and address of the person, if any, to whom the document was addressed, the names and addresses of all persons to whom copies of the documents were or have been sent, and the firm, firms, and/or facility(ies) with which all such persons were connected at the date of the document; and

    b.    state whether you are in possession of the original of the document or a copy thereof, and if not in possession of the original or copy, furnish the name and address of the custodian of the original or copy.

    20.    The term "identify" as used herein in connection with a "person" or "persons" means state the names, titles, employer and the present address, e-mail address, or, if unknown, the last known address, e-mail address, and employer of such person or persons.

    21.    To bring within the scope of these Interrogatories all information and documentation that might otherwise be construed to be outside its scope:

a. the singular of each word shall be construed to include its plural and vice versa, and the root word and all derivations (*e.g.*, "-ing", "-ed") shall be construed to include each other;

b. "and" as well as "or" shall be construed both conjunctively and disjunctively;

c. "each" shall be construed to include "every" and vice versa;

d. "any" shall be construed to include "all" and vice versa;

e. the present tense shall be construed to include the past tense and vice versa;

f. the masculine shall be construed to include the feminine and vice versa;

g. "knowledge," "information," "possession," "custody" and "control" of a person shall be construed to include such person's agents, representatives, and attorneys;

h. "include" shall have its ordinary meaning and shall not indicate limitation to the examples or items mentioned;

i. in general, all terms used herein shall be construed in an ordinary, common sense manner, and not in a technical, strained or otherwise restrictive manner.

## INSTRUCTIONS

1. These Interrogatories shall apply to all information in your possession, custody, or control at the present time or coming into your possession, custody, or control prior to the date of your response. Should any responsive information come into your possession, custody, or control

following the date of your response, you are under a duty to supplement your responses to reflect the additional information.

2.  These Interrogatories call not only for the knowledge of the Defendants, but also for all knowledge that is available to each Plaintiff by reasonable inquiry, including inquiry of each Plaintiff's agents or representatives acting on their behalf, and, if not privileged, each Plaintiff's attorneys.

3.  If you decline to provide any information based on a claim of privilege or any other claim, describe the nature and basis of your claim and the information withheld in a manner sufficient (i) to disclose the facts upon which you rely in asserting your claim; (ii) to permit the grounds and reasons for withholding the information to be identified unambiguously; and (iii) to permit the information withheld to be identified unambiguously.

4.  In the event that you object to any request on the ground that it is overbroad and/or unduly burdensome for any reason, respond to that Interrogatory as narrowed to the least extent necessary, in your judgment, to render it not overbroad/unduly burdensome and state specifically the extent to which you have narrowed that Interrogatory for purposes of your response and the factual basis for your conclusion.

5.  In the event that you object to any Interrogatory on the ground that it is vague and/or ambiguous, identify the particular words, terms or phrases that are asserted to make such Interrogatory vague and/or ambiguous and specify the meaning that you actually attribute to such words for purposes of your response thereto.

## INTERROGATORIES

Unless otherwise stated, the following interrogatories apply to the period from January 1, 2010 to the present.

1. Identify any communications between you and any Defendant.

2. Identify any communications between your wife and any Defendant.

3. Identify any communications between you and any other Plaintiff related to this litigation, the Complaint, the Policy, your Lot, the Park and/or any Rental Agreement between you and Defendants.

4. Identify any communications between you and VOICE related to this litigation, the Complaint, the Policy, your Lot, the Park and/or any Rental Agreement between you and Defendants.

5. Identify any meetings you had had with any Defendant and describe the communications that took place at each meeting.

6. Identify any ITIN you have ever used.

7. Identify any ITIN your wife has ever used.

8. Describe in detail how you acquired any ITIN you have ever used, including without limitation, any documents used by you to obtain any such ITIN.

9. Describe in detail how your wife acquired any ITIN she has ever used, including without limitation, any documents used by your wife to obtain any such ITIN.

10. Identify all documents that the IRS accepts as proof of an identity when an individual applies for an ITIN as referenced in Paragraph 31 of the Complaint and the basis for this allegation.

11. State when, where, and how your wife entered the United States, including without limitation, whether she entered the United States legally.

12. Identify when and where you married your wife and any documents showing the marriage such as a marriage license.

13. Identify any other lease or rental agreement which you have signed with your wife in the last ten years other than a lease or rental agreement with Defendants.

14. State in detail the basis for your allegations in Paragraph 28 of the Complaint that "[u]pon information and belief, Defendants began enforcing similar or identical policies at other housing communities that Dwoskin & Associates manages in Prince William County, Virginia".

15. State in detail the basis for your allegations in Paragraph 36 of the Complaint that "[m]any major financial institutions accept ITINs on an equal basis as Social Security numbers. Similarly, major national credit reporting agencies have the capability to run credit reports using ITINs on an equal basis as Social Security numbers".

16. State in detail the basis for the allegations in the last sentence of Paragraph 31 of the Complaint that "[a]s a form of identification, the ITIN is as reliable and precise as a Social Security number".

17. Identify any and all tenants referenced in Paragraphs 48 - 54 of the Complaint. Please provide name, address and contact information including phone number and email address if applicable.

18. Identify all documents relied on or otherwise used to compile the statistics in Paragraphs 56 – 63 of the Complaint.

19. Identify the agent referenced in Paragraphs 71-72 of the Complaint.

20. If you contend that any of the Defendants discriminated against you because you are Latino, state in detail the basis for this contention.

21. If you contend that any of the Defendants discriminated against you because you are not a U.S. citizen, state in detail the basis for this contention.

22. State in detail the basis for your contention that an ITIN is sufficient to perform an accurate criminal background check.

23. Identify any unauthorized occupants who have resided in your Mobile Home at the Park while you have lived at the Park.

24. Describe in detail any actions undertaken by you to comply with the Policy, including without limitation, any meetings or communications with the Defendants, and the outcome of these actions.

Respectfully submitted,

WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP, WAPLES PROJECT LIMITED PARTNERSHIP AND A.J. DWOSKIN & ASSOCIATES, INC.

_____
Michael S. Dingman (VSB No. 30031)
Justin deBettencourt (VSB No. 83806)
7900 Tysons One Place
Suite 500
McLean, Virginia 22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
mdingman@reedsmith.com
jdebettencourt@reedsmith.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2016, I caused the foregoing to be sent to the following via email and U.S. mail, postage, prepaid:

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Ariel Wade Trajtenberg (pro hac vice)
777 Sixth Street NW, 11th Floor
Washington, District of Columbia 20001-3706
Phone: (202) 538-8000
Fax: (202) 538-8100
arieltrajtenberg@quinnemanuel.com

_____
Michael S. Dingman (VSB No. 30031)
Justin deBettencourt (VSB No. 83806)
7900 Tysons One Place
Suite 500
McLean, Virginia 22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
mdingman@reedsmith.com
jdebettencourt@reedsmith.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ROSY GIRON DE REYES; JOSE DAGOBERTO REYES; FELIX ALEXIS BOLANOS; RUTH RIVAS; YOVANA JALDIN SOLIS; ESTEBAN RUBEN MOYA YRAPURA; ROSA ELENA AMAYA; and HERBERT DAVID SARAVIA CRUZ,<br><br>*Plaintiffs*,<br><br>vs.<br><br>WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP; WAPLES PROJECT LIMITED PARTNERSHIP; and A.J. DWOSKIN & ASSOCIATES, INC.,<br><br>*Defendants*. | Civil Action No. 1:16-cv-563 |

### DEFENDANTS' INTERROGATORIES TO PLAINTIFF ROSY GIRON DE REYES

Pursuant to Rules 26 and Rule 33 of the Federal Rules of Civil Procedure, Defendants Waples Mobile Home Park Limited Partnership, Waples Project Limited Partnership, and A.J. Dwoskin & Associates, Inc. (collectively "Defendants"), by and through undersigned counsel, request that Plaintiff Rosy Giron de Reyes serve responses to Defendants' First Set of Interrogatories to Plaintiff Rosy Giron de Reyes within thirty (30) days to the undersigned counsel for Defendants. This First Set of Interrogatories to Plaintiff Rosy Giron de Reyes is to be interpreted and answered in accordance with the following Definitions and Instructions.

### DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1. "You" and "your" refer to Rosy Giron de Reyes, her agents, representatives, and attorneys.

2. Defendants hereby incorporate by reference the Definitions and Instructions in Defendants' First Set of Interrogatories to Plaintiff Jose Dagoberto Reyes other than Definition 1 in Defendants' First Set of Interrogatories to Plaintiff Jose Dagoberto Reyes.

## INTERROGATORIES

Unless otherwise stated, the following interrogatories apply to the period from January 1, 2010 to the present.

1. Identify any communications between you and any Defendant.

2. Identify any communications between your husband and any Defendant.

3. Identify any communications between you and any other Plaintiff related to this litigation, the Complaint, the Policy, your Lot, the Park and/or any Rental Agreement between you and Defendants.

4. Identify any communications between you and VOICE related to this litigation, the Complaint, the Policy, your Lot, the Park and/or any Rental Agreement between you and Defendants.

5. Identify any meetings you had had with any Defendant and describe the communications that took place at each meeting.

6. Identify any ITIN you have ever used.

7. Identify any ITIN your husband has ever used.

8. Describe in detail how you acquired any ITIN you have ever used, including without limitation, any documents used by you to obtain any such ITIN.

9.  Describe in detail how your husband acquired any ITIN he has ever used, including without limitation, any documents used by your husband to obtain any such ITIN.

10.  Identify all documents that the IRS accepts as proof of an identity when an individual applies for an ITIN as referenced in Paragraph 31 of the Complaint and the basis for this allegation.

11.  State when, where, and how you entered the United States, including without limitation, whether you entered the United States legally.

12.  Identify when and where you married your husband and any documents showing the marriage such as a marriage license.

13.  Identify any other lease or rental agreement which you have signed in the last ten years other than a lease or rental agreement with Defendants.

14.  State in detail the basis for your allegations in Paragraph 28 of the Complaint that "[u]pon information and belief, Defendants began enforcing similar or identical policies at other housing communities that Dwoskin & Associates manages in Prince William County, Virginia".

15.  State in detail the basis for your allegations in Paragraph 36 of the Complaint that "[m]any major financial institutions accept ITINs on an equal basis as Social Security numbers. Similarly, major national credit reporting agencies have the capability to run credit reports using ITINs on an equal basis as Social Security numbers".

16.  State in detail the basis for the allegations in the last sentence of Paragraph 31 of the Complaint that "[a]s a form of identification, the ITIN is as reliable and precise as a Social Security number".

17. Identify any and all tenants referenced in Paragraphs 48 - 54 of the Complaint. Please provide name, address and contact information including phone number and email address if applicable.

18. Identify all documents relied on or otherwise used to compile the statistics in Paragraphs 56 – 63 of the Complaint.

19. Identify the agent referenced in Paragraphs 71-72 of the Complaint.

20. If you contend that any of the Defendants discriminated against you because you are Latino, state in detail the basis for this contention.

21. If you contend that any of the Defendants discriminated against you because you are not a U.S. citizen, state in detail the basis for this contention.

22. State in detail the basis for your contention that an ITIN is sufficient to perform an accurate criminal background check.

23. Identify any unauthorized occupants who have resided in your Mobile Home at the Park while you have lived at the Park.

24. Describe in detail any actions undertaken by you to comply with the Policy, including without limitation, any meetings or communications with the Defendants, and the outcome of these actions.

Respectfully submitted,

WAPLES MOBILE HOME PARK LIMITED
PARTNERSHIP, WAPLES PROJECT
LIMITED PARTNERSHIP AND
A.J. DWOSKIN & ASSOCIATES, INC.

_____
Michael S. Dingman (VSB No. 30031)
Justin deBettencourt (VSB No. 83806)
7900 Tysons One Place
Suite 500
McLean, Virginia 22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
mdingman@reedsmith.com
jdebettencourt@reedsmith.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2016, I caused the foregoing to be sent to the following via email and U.S. mail, postage, prepaid:

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Ariel Wade Trajtenberg (pro hac vice)
777 Sixth Street NW, 11th Floor
Washington, District of Columbia 20001-3706
Phone: (202) 538-8000
Fax: (202) 538-8100
arieltrajtenberg@quinnemanuel.com

_____
Michael S. Dingman (VSB No. 30031)
Justin deBettencourt (VSB No. 83806)
7900 Tysons One Place
Suite 500
McLean, Virginia 22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
mdingman@reedsmith.com
jdebettencourt@reedsmith.com