**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| ROSY GIRON DE REYES; JOSE DAGOBERTO REYES; FELIX ALEXIS BOLANOS; RUTH RIVAS; YOVANA JALDIN SOLIS; ESTEBAN RUBEN MOYA YRAPURA; ROSA ELENA AMAYA; and HERBERT DAVID SARAVIA CRUZ, | |
| *Plaintiffs*, | Civil Action No. 1:16-cv-563 |
| vs. | |
| WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP; WAPLES PROJECT LIMITED PARTNERSHIP; and A.J. DWOSKIN & ASSOCIATES, INC., | |
| *Defendants*. | |

## DEFENDANTS' REQUESTS FOR ADMISSION TO PLAINTIFF JOSE DAGOBERTO REYES

Pursuant to Rules 26 and Rule 36 of the Federal Rules of Civil Procedure, Defendants Waples Mobile Home Park Limited Partnership, Waples Project Limited Partnership, and A.J. Dwoskin & Associates, Inc. (collectively "Defendants"), by and through undersigned counsel, request that Plaintiff Jose Dagoberto Reyes serve responses to Defendants' First Set of Requests for Admission to Plaintiff Jose Dagoberto Reyes within thirty (30) days to the undersigned counsel for Defendants. This First Set of Requests for Admission to Plaintiff Jose Dagoberto Reyes is to be interpreted and answered in accordance with the following Definitions and Instructions.

## DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1.      "You" and "your" refer to Jose Dagoberto Reyes, his agents, representatives, and attorneys.

2.      "Person" and "Persons" include natural persons, partnerships, corporations and any other legal entity.

3.      "Plaintiffs" or "Plaintiff" mean, collectively or individually, Jose Dagoberto Reyes ("Mr. Reyes"), Rosy Giron de Reyes ("Mrs. Reyes"), Felix Alexis Bolanos ("Mr. Bolanos"), Ruth Rivas ("Ms. Rivas"), Esteban Ruben Moya Yrapura ("Mr. Maya"), Yovana Jaldin Solis ("Ms. Jaldin"), Herbert David Saravia Cruz ("Mr. Saravia"), and Rosa Elena Amaya ("Ms. Amaya"), and their respective agents, representatives, and attorneys.

4.      "Complaint" or "Compl." mean the Complaint filed by Plaintiffs on or about May 23, 2016 in the case styled *United States ex rel. Ribik v. Waples Mobile Home Park Limited Partnership, et al.*, Civil Action No. 1:16-cv-563, in the United States District Court for the Eastern District of Virginia.

5.      "Defendants" or "Defendant" mean Waples Mobile Home Park Limited Partnership, Waples Project Limited Partnership, A.J. Dwoskin & Associates, Inc., collectively or individually, including their agents, employees, and/or representatives, including attorneys.

6.      "Park" means the mobile home complex located at 4308 Mobile Court, Fairfax, Virginia 22030.

7.      "Mobile Home" means a transportable dwelling unit.

8.       "Lot" means the site upon which a tenant would locate a mobile home in the Park.

9.       "Lease" or "Rental Agreement" means the agreement between Plaintiffs and Defendants for the rental of a Lot in the Park.

10.    "Policy" means the policy referred to in Paragraph 26 of the Complaint.

11.    "Undocumented immigrant," "unauthorized immigrant," "illegal alien," "undocumented noncitizen," "unauthorized noncitizen," "illegal noncitizen," and "illegal immigrant" mean any person not able to show any form of valid government-issued proof that they are legally present in the United States.

12.    "ITIN" means Individual Taxpayer Identification Number.

13.    "Legally present" means that one's immediate or continued presence in the United States does not violate any State or Federal law.

14.    "VOICE" means Virginians Organized for Interfaith Community Engagement and its agents, representatives, employees, officers, directors and/or attorneys.

15.    "Unauthorized occupant" means any individual over the age of eighteen who is not listed on a lease or Rental Agreement with Defendants.

16.    "Communication" means any exchange or transmission of information by any means, including but not limited to written, verbal, e-mail, or other electronic exchanges or transmissions.

17.    "Reflecting," "relating to," or "regarding" mean relating to, referring to, concerning, describing, discussing, evidencing, or constituting.

18.    The word "document" as used herein is defined as handwritten, printed, typed, computerized, recorded, programmed, or graphic matter of any kind or nature, however produced or reproduced, including but not limited to agreements, contracts, applications, letters, correspondence, electronic mail, telegrams, telefaxes, wires, books of account, indices, forms, publications, guidelines, manuals, files, memoranda of all types, instructions, confirmations, invoices, calendars, diaries, desk books, schedules, reports, studies, surveys, speeches, minutes

of all meetings, pamphlets, notes, records, charts, tabulations, compilations, summaries, financial statements, accounting records, interoffice and intra-office communications, transcripts, computer cards, tapes or disks, printouts, information contained in, or retrievable from computer programs, tape or other voice recordings, records of meetings, conferences, telephone conversations, or other communications, microfilm, photographs, ledgers, licenses, vouchers, bank checks, purchase orders, charge slips, hotel charges, tax returns, receipts, working papers, statistical records, delivery records, stenographers notebooks, appointment books, timesheets and logs and any drafts of the foregoing.

19.    The term "identify" as used herein in connection with a document or documents means:

a.    furnish the name and date of that document, the name and address of the person, if any, to whom the document was addressed, the names and addresses of all persons to whom copies of the documents were or have been sent, and the firm, firms, and/or facility(ies) with which all such persons were connected at the date of the document; and

b.    state whether you are in possession of the original of the document or a copy thereof, and if not in possession of the original or copy, furnish the name and address of the custodian of the original or copy.

20.    The term "identify" as used herein in connection with a "person" or "persons" means state the names, titles, employer and the present address, e-mail address, or, if unknown, the last known address, e-mail address, and employer of such person or persons.

21.    To bring within the scope of these Requests all information and documentation that might otherwise be construed to be outside its scope:

a.   the singular of each word shall be construed to include its plural and vice versa, and the root word and all derivations (*e.g.*, "-ing", "-ed") shall be construed to include each other;

b.   "and" as well as "or" shall be construed both conjunctively and disjunctively;

c.   "each" shall be construed to include "every" and vice versa;

d.   "any" shall be construed to include "all" and vice versa;

e.   the present tense shall be construed to include the past tense and vice versa;

f.   the masculine shall be construed to include the feminine and vice versa;

g.   "knowledge," "information," "possession," "custody" and "control" of a person shall be construed to include such person's agents, representatives, and attorneys;

h.   "include" shall have its ordinary meaning and shall not indicate limitation to the examples or items mentioned;

i.   in general, all terms used herein shall be construed in an ordinary, common sense manner, and not in a technical, strained or otherwise restrictive manner.

## INSTRUCTIONS

1.   Each of the statements made below shall be deemed admitted unless you serve on Defendants' undersigned counsel, within 30 days after service, a written answer or objection directed specifically to that matter.

- 5 -

2.      If objection is made, the reasons therefore shall be stated.  The answer shall specifically deny the matter or set forth in detail the reasons why you cannot truthfully admit or deny the matter.

3.      A denial shall fairly meet the substance of the requested admission, and when good faith requires that you qualify your answer or deny only part of the matter of which an admission is requested, you shall specify so much of it as is true and qualify or deny the remainder.

4.      You may not give lack of information or knowledge as a reason for failure to admit or deny unless you state that you have made reasonable inquiry and that the information known or readily obtainable by you is insufficient to enable you to admit or deny.

5.      A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request.

6.      Unless otherwise specified, the time period encompassed by each request is the same as the time period relevant to the allegations in your Complaint or in such case that an allegation includes or references any point in time before or after the filing of the claims for reimbursement, that expanded time period shall apply.

## REQUESTS FOR ADMISSION

1.      Admit that you were able to comply with the Policy.

2.      Admit that you were able to comply with the Policy because you are in the United States legally.

3.      Admit that you were able to enter into Rental Agreements to rent a Lot at the Park.

4.      Admit that you were never denied the right to enter into a Rental Agreement to rent a Lot at the Park because you are Latino.

5.      Admit that you were never denied the right to enter into a Rental Agreement for a Lot at the Park because you are not a citizen of the United States.

6.      Admit that the only reason you cannot enter into a Rental Agreement now is because your wife cannot produce documentation that she has legally entered the United States.

7.      Admit that your wife cannot comply with the Policy because she cannot acquire the documents requested by the Policy.

8.      Admit that your wife does not possess an original Passport.

9.      Admit that your wife does not possess an original U.S. Visa.

10.     Admit that your wife does not have Customs and Border Protection Form I-94.

11.     Admit that your wife cannot acquire or access a Customs and Border Protection Form I-94.

12.     Admit that you have entered the United States legally.

13.     Admit that your wife entered the United States illegally.

14.     Admit that your wife is not able to show any form of valid government-issued proof that she is legally present in the United States.

15.     Admit that your wife is not able to acquire any form of valid government-issued proof that she is legally present in the United States.

16.     Admit your wife cannot comply with the Policy because she is in the United States illegally.

17.     Admit that you have an ITIN.

18.     Admit that your wife has an ITIN.

19.     Admit that other non-U.S. citizens have entered into leases at the Park in 2015.

20.     Admit that other non-U.S. citizens have entered into leases at the Park in 2016.

21.     Admit that other Latinos have entered into leases at the park in 2015.

22.     Admit that other Latinos have entered into leases at the park in 2016.

23.     Admit that other non-U.S. citizens who are Latino have entered into leases at the Park in 2015.

24.     Admit that other non-U.S. citizens who are Latino have entered into leases at the Park in 2016.

25.     Admit that you have had unauthorized occupants reside in your Mobile Home at the Park while you lived at the Park.

Respectfully submitted,

WAPLES MOBILE HOME PARK LIMITED
PARTNERSHIP, WAPLES PROJECT
LIMITED PARTNERSHIP AND
A.J. DWOSKIN & ASSOCIATES, INC.


Michael S. Dingman (VSB No. 30031)
Justin deBettencourt (VSB No. 83806)
7900 Tysons One Place
Suite 500
McLean, Virginia  22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
mdingman@reedsmith.com
jdebettencourt@reedsmith.com
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2016, I caused the foregoing to be sent to the

following via email and U.S. mail, postage, prepaid:

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Ariel Wade Trajtenberg (pro hac vice)
777 Sixth Street NW, 11th Floor
Washington, District of Columbia 20001-3706
Phone: (202) 538-8000
Fax: (202) 538-8100
arieltrajtenberg@quinnemanuel.com

_____
Michael S. Dingman (VSB No. 30031)
Justin deBettencourt (VSB No. 83806)
7900 Tysons One Place
Suite 500
McLean, Virginia  22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
mdingman@reedsmith.com
jdebettencourt@reedsmith.com

- 10 -

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ROSY GIRON DE REYES; JOSE
DAGOBERTO REYES; FELIX ALEXIS
BOLANOS; RUTH RIVAS; YOVANA
JALDIN SOLIS; ESTEBAN RUBEN MOYA
YRAPURA; ROSA ELENA AMAYA; and
HERBERT DAVID SARAVIA CRUZ,

        *Plaintiffs*,

Civil Action No. 1:16-cv-563

vs.

WAPLES MOBILE HOME PARK LIMITED
PARTNERSHIP; WAPLES PROJECT
LIMITED PARTNERSHIP; and A.J.
DWOSKIN & ASSOCIATES, INC.,

        *Defendants*.

## DEFENDANTS' REQUESTS FOR ADMISSION
## TO PLAINTIFF ROSY GIRON DE REYES

Pursuant to Rules 26 and Rule 36 of the Federal Rules of Civil Procedure, Defendants

Waples Mobile Home Park Limited Partnership, Waples Project Limited Partnership, and A.J.

Dwoskin & Associates, Inc. (collectively "Defendants"), by and through undersigned counsel,

request that Plaintiff Rosy Giron de Reyes serve responses to Defendants' First Set of Requests

for Admission to Plaintiff Rosy Giron de Reyes within thirty (30) days to the undersigned

counsel for Defendants. This First Set of Requests for Admission to Plaintiff Rosy Giron de

Reyes is to be interpreted and answered in accordance with the following Definitions and

Instructions.

## DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these Requests

is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1.    "You" and "your" refer to Rosy Giron de Reyes, her agents, representatives, and attorneys.

2.    Defendants hereby incorporate by reference the Definitions and Instructions in Defendants' First Set of Requests for Admission to Plaintiff Jose Dagoberto Reyes other than Definition 1 in Defendants' First Set of Requests for Admission to Plaintiff Jose Dagoberto Reyes.

## REQUESTS FOR ADMISSION

1.    Admit that you are in the United States illegally.

2.    Admit that you were not able to comply with the Policy because you are not in the United States legally.

3.    Admit that you were not able to enter into Rental Agreements to rent a Lot at the Park because you are not in the United States legally.

4.    Admit that you were never denied the right to enter into a Rental Agreement to rent a Lot at the Park because you are Latino.

5.    Admit that you were never denied the right to enter into a Rental Agreement for a Lot at the Park because you are not a citizen of the United States.

6.    Admit that the only reason you cannot enter into a Rental Agreement now is because you cannot produce documentation that you have legally entered the United States.

7.    Admit that you cannot comply with the Policy because you cannot acquire the documents requested by the Policy.

8.    Admit that you do not possess an original Passport.

9.    Admit that you do not possess an original U.S. Visa.

10.    Admit that you do not have Customs and Border Protection Form I-94.

- 2 -

11.    Admit that you cannot acquire or access a Customs and Border Protection Form I-94.

12.    Admit that your husband entered the United States legally.

13.    Admit that you are not able to show any form of valid government-issued proof that you are legally present in the United States.

14.    Admit that your husband was able to comply with the Policy because he is in the United States legally.

15.    Admit you cannot comply with the Policy because you are in the United States illegally.

16.    Admit that your husband has an ITIN.

17.    Admit that you have an ITIN.

18.    Admit that other non-U.S. citizens have entered into leases at the Park in 2015.

19.    Admit that other non-U.S. citizens have entered into leases at the Park in 2016.

20.    Admit that other Latinos have entered into leases at the park in 2015.

21.    Admit that other Latinos have entered into leases at the park in 2016.

22.    Admit that other non-U.S. citizens who are Latino have entered into leases at the Park in 2015.

23.    Admit that other non-U.S. citizens who are Latino have entered into leases at the Park in 2016.

24.    Admit that you have had unauthorized occupants reside in your Mobile Home at the Park while you lived at the Park.

Respectfully submitted,

WAPLES MOBILE HOME PARK LIMITED
PARTNERSHIP, WAPLES PROJECT
LIMITED PARTNERSHIP AND
A.J. DWOSKIN & ASSOCIATES, INC.


Michael S. Dingman (VSB No. 30031)
Justin deBettencourt (VSB No. 83806)
7900 Tysons One Place
Suite 500
McLean, Virginia  22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
mdingman@reedsmith.com
jdebettencourt@reedsmith.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2016, I caused the foregoing to be sent to the

following via email and U.S. mail, postage, prepaid:

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Ariel Wade Trajtenberg (pro hac vice)
777 Sixth Street NW, 11th Floor
Washington, District of Columbia 20001-3706
Phone: (202) 538-8000
Fax: (202) 538-8100
arieltrajtenberg@quinnemanuel.com


_____
Michael S. Dingman (VSB No. 30031)
Justin deBettencourt (VSB No. 83806)
7900 Tysons One Place
Suite 500
McLean, Virginia  22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
mdingman@reedsmith.com
jdebettencourt@reedsmith.com