# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ROSY GIRON DE REYES, *et al.*,            )
                                          )
      *Plaintiffs,*                       )
                                          )
vs.                                       )      Civil Action No.: 1:16-cv-563
                                          )
WAPLES MOBILE HOME PARK LIMITED           )
PARTNERSHIP, *et al.*,                    )
                                          )
      *Defendants.*                       )
_____    )

## PLAINTIFF JOSE DAGOBERTO REYES' OBJECTIONS
## TO DEFENDANTS' DISCOVERY REQUESTS

Plaintiff Jose Dagoberto Reyes ("Plaintiff"), by counsel, hereby states the following

objections to Defendants Waples Mobile Home Park Limited Partnership, Waples Project

Limited Partnership, and A.J. Dwoskin & Associates, Inc.'s ("Defendants'") first set of

discovery requests.

### PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS

Plaintiff's objections are given without prejudice to Plaintiff's right to provide

subsequent relevant information and/or documents, or to add, modify, supplement, or otherwise

change or amend its objections and responses to the Interrogatories, Requests for Production of

Documents, and Requests for Admission as new information is obtained, as legal determinations

are made by the Court, or because the matter is pending further investigation and discovery.  To

the extent documents or information protected by the attorney-client privilege or the work

product doctrine are, or become, responsive to any of the Interrogatories, Requests for

Production of Documents, or Requests for Admission, Plaintiff expressly reserves the right to

assert such objections.  The information contained in these objections is also subject to

correction for omissions or errors.  Plaintiff reserves the right to supplement his objections and responses to any of Defendants' discovery requests up until the time of trial.  Any confidential information (within the meaning of the agreed protective order) will only be produced pursuant to such protective order.

## DEFINITIONS AND INSTRUCTIONS

Plaintiff objects to the Definitions and Instructions to the extent they purport to impose any obligations upon Plaintiff beyond the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of Virginia, and any other applicable law.

Plaintiff objects to Instruction 4 insofar as it contradicts paragraph 7 of the Joint Discovery Plan, entitled "Privilege Issues."

Plaintiff objects to Instruction 8 insofar as it requires the creation, rather than production, of any translated document.

Plaintiff objects to Definition 15, "unauthorized occupants," as it assumes the conclusion of a matter in issue in this litigation.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    All communications between you and any Defendant.

**Objection:**    Plaintiff objects to this request for production as overbroad and unduly burdensome to the extent it seeks "all" communications, and also to the extent it seeks communications with "any" Defendant.  Plaintiff objects to this request for production as not proportional to the needs of the case to the extent it encompasses "all" communications, and also to the extent it seeks communications with "any" Defendant.  Plaintiff further objects on the grounds that this request seeks information without any reasonable limitation as to time or relevant subject matter and is therefore not relevant to the claims or defenses in this action.

Further, Plaintiff cannot possibly remember every conversation with his landlord, at any time, about any topic whatsoever. Consistent with these objections, Plaintiff will answer this discovery request about communications pertaining to his lease and/or the Policy at issue in this litigation.

2. All communications between your wife and any Defendant.

**Objection:** Plaintiff objects to this request for production as overbroad and unduly burdensome to the extent it seeks "all" communications, and also to the extent it seeks communications with "any" Defendant. Plaintiff objects to this request for production as not proportional to the needs of the case to the extent it encompasses "all" communications, and also to the extent it seeks communications with "any" Defendant. Plaintiff further objects on the grounds that this request for production seeks information without any reasonable limitation as to time or relevant subject matter and is therefore not relevant to the claims or defenses in this action. Further, Plaintiff's wife cannot possibly remember every conversation with her landlord, at any time, about any topic whatsoever. Consistent with these objections, Plaintiff will answer this discovery request about communications pertaining to Plaintiff's lease and/or the Policy at issue in this litigation.

3. Communications between you and any other Plaintiff related to this litigation, the Complaint, the Policy, your Lot, the Park, and/or any rental Agreement between you and Defendants.

**Objection:** Plaintiff objects to this request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and the common interest doctrine. Plaintiff further objects on the grounds that this request for production seeks information without any reasonable limitation as to time or relevant subject

matter and is therefore not relevant to the claims or defenses in this action. Consistent with these objections, Plaintiff will provide any non-privileged responsive documents.

6.     All documents relating to any meetings you had with any Defendant, including documents that describe the communications that took place in each meeting.

**Objection:**     Plaintiff objects to this request for production as overbroad and unduly burdensome to the extent it seeks "all" communications, and also to the extent it seeks documents and communications relating to meetings with "any" Defendant. Plaintiff objects to this request for production as not proportional to the needs of the case to the extent it encompasses "all" documents, and also to the extent it seeks documents relating to meetings with "any" Defendant. Plaintiff further objects on the grounds that this request for production seeks information without any reasonable limitation as to time or relevant subject matter and is therefore not relevant to the claims or defenses in this action. Plaintiff cannot possibly remember every conversation with his landlord, at any time, about any topic whatsoever. Consistent with these objections, Plaintiff will answer this discovery request about communications pertaining to his lease and/or the Policy at issue in this litigation.

7.     All documents referencing any ITIN you have ever used.

**Objection:**     Plaintiff objects to this request for production as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents on any ITIN Plaintiff "ha[s] ever used." Plaintiff further objects to this request as vague and ambiguous because it does not indicate what constitutes "use" of an ITIN. Plaintiff further objects on the grounds that this request for production seeks information without any reasonable limitation as to time or relevant subject matter and is therefore not relevant to the claims or defenses in this action. Plaintiff further objects on the ground that this request for production constitutes undue

invasion of privacy. Consent with these objections, Plaintiff will produce a copy of his ITIN, if any.

8.    All documents referencing any ITIN your wife has ever used.

**Objection:**    Plaintiff objects to this request for production as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents on any ITIN Plaintiff's wife "ha[s] ever used." Plaintiff further objects to this request as vague and ambiguous because it does not indicate what constitutes the "use" of an ITIN. Plaintiff further objects on the grounds that this request for production seeks information without any reasonable limitation as to time or relevant subject matter and is therefore not relevant to the claims or defenses in this action. Plaintiff further objects on the ground that this request for production constitutes undue invasion of privacy. Consistent with these objections, Plaintiff will produce a copy of his wife's ITIN, if any.

9.    All documents you have submitted to acquire any ITIN you have ever used.

**Objection:**    Plaintiff objects to this request for production as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents submitted concerning "any" ITIN "ever used." Plaintiff further objects to this request for production to the extent it purports to require Plaintiff to turn over a copy of his federal tax return. Plaintiff further objects on the ground that this request for production constitutes undue invasion of privacy. Consistent with these objections, Plaintiff will produce a copy of all identity documents he used to obtain his ITIN, if any.

11.    All original passports you have ever possessed.

**Objection:**    Plaintiff objects to this request for production as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" original passports.

Plaintiff further objects on the ground that this request for production constitutes undue invasion of privacy.  Consistent with these objections, Plaintiff will provide any original passports, if any, that were valid at any time during his tenancy at the Park or currently.

      12.    All U.S. visas you have ever possessed.

**Objection:**    Plaintiff objects to this request for production as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" U.S. visas.  Plaintiff further objects on the ground that this request for production constitutes undue invasion of privacy.  Consistent with these objections, Plaintiff will provide any original U.S. visas, if any, that were valid at any time during his tenancy at the Park or currently.

      13.    All Customs and Border Protection Forms I-94 you have ever possessed.

**Objection:**    Plaintiff objects to this request for production as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" Customs and Border Protection Forms I-94.  Plaintiff further objects on the ground that this request for production constitutes undue invasion of privacy.  Consistent with these objections, Plaintiff will provide any original I-94s, if any, that were valid at any time during his tenancy at the Park or currently.

      14.    All documents you have sent to or received from any US or state government referencing your immigration status in the United States.

**Objection:**    Plaintiff objects to this request for production as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents sent or received from "any" U.S. or state government relating to immigration status in the United States.  Plaintiff further objects on the ground that this request for production constitutes undue invasion of privacy.  Plaintiff further objects on the ground that this request for production is vague and ambiguous to the extent it does not define the scope of the term "referencing."  Consistent with

these objections, Plaintiff will provide any passports, U.S. visas, and/or I-94s, if any, at any time

during his tenancy at the Park or currently.

15.    All documents you have sent to or received from any US or state government

referencing your wife's immigration status in the United States.

**Objection:**    Plaintiff objects to this request for production as overbroad, unduly burdensome,

and not proportional to the needs of the case to the extent it seeks "all" documents sent or

received from any U.S. or state government relating to immigration status in the United States.

Plaintiff further objects on the ground that this request for production constitutes undue invasion

of privacy.  Plaintiff further objects on the ground that this request for production is vague and

ambiguous to the extent it does not define the scope of the term "referencing."  Consistent with

these objections, Plaintiff will provide any of his wife's passports, U.S. visas, and/or I-94s, if

any, at any time during her tenancy at the Park or currently.

17.    Any documents referencing when or where your wife entered the United States.

**Objection:**    Plaintiff objects to this request for production as overbroad, unduly burdensome,

and not proportional to the needs of the case to the extent it seeks "any" documents referencing

when or where Plaintiff's wife entered the United States.  Plaintiff further objects on the ground

that this request for production is vague and ambiguous to the extent it does not define the scope

of the term "referencing."  Plaintiff further objects on the ground that this request for production

constitutes undue invasion of privacy and is not relevant to the claims or defenses in this action.

22.    Any documents sufficient to identify the tenants referenced in Paragraphs 48-54

of the Complaint.  Please provide name, address and contact information including phone

number and email address if applicable.

**Objection:**    Plaintiff objects to the second sentence of this request, as it calls for the creation,

rather than production, of documents.  Subject to this objection, Plaintiff will provide documents responsive to the first sentence of this document request.

## INTERROGATORIES

1.      Identify any communications between you and any Defendant.

**Objection:**      Plaintiff objects to this interrogatory as overbroad and unduly burdensome to the extent it asks for identification of "all" communications, and also to the extent it seeks identification of communications with "any" Defendant.  Plaintiff objects to this request for production as not proportional to the needs of the case to the extent it encompasses "all" communications, and also to the extent it seeks identification of communications with "any" Defendant.  Plaintiff further objects on the grounds that this interrogatory seeks information without any reasonable limitation as to time or relevant subject matter and is therefore not relevant to the claims or defenses in this action.  Further, Plaintiff cannot possibly remember every conversation with his landlord, at any time, about any topic whatsoever.  Consistent with these objections, Plaintiff will answer this interrogatory about communications pertaining to his lease and/or the Policy at issue in this litigation.

2.      Identify any communications between your wife and any Defendant.

**Objection:**      Plaintiff objects to this interrogatory as overbroad and unduly burdensome to the extent it asks for identification of "all" communications, and also to the extent it seeks identification of communications with "any" Defendant.  Plaintiff objects to this request for production as not proportional to the needs of the case to the extent it encompasses "all" communications, and also to the extent it seeks identification of communications with "any" Defendant.  Plaintiff further objects on the grounds that this interrogatory seeks information without any reasonable limitation as to time or relevant subject matter and is therefore not

relevant to the claims or defenses in this action.  Further, Plaintiff's wife cannot possibly remember every conversation with her landlord, at any time, about any topic whatsoever. Consistent with these objections, Plaintiff will answer this interrogatory about communications pertaining to Plaintiff's lease and/or the Policy at issue in this litigation.

3.      Identify any communications between you and any Plaintiff related to this litigation, the Complaint, the Policy, your Lot, the Park, and/or any Rental Agreement between you and Defendants.

**Objection:**      Plaintiff objects to this interrogatory to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and the common interest doctrine.  Plaintiff further objects on the grounds that this interrogatory seeks information without any reasonable limitation as to time or relevant subject matter and is therefore not relevant to the claims or defenses in this action.  Consistent with these objections, Plaintiff will identify any non-privileged responsive communications.

5.      Identify any meetings you had with any Defendant and describe the communications that took place at each meeting.

**Objection:**      Plaintiff objects to this interrogatory as overbroad and unduly burdensome to the extent it seeks identification of "any" meetings with "any" Defendant, and also to the extent it seeks descriptions of communications relating to "each meeting."  Plaintiff objects to this interrogatory as not proportional to the needs of the case to the extent it seeks identification of "any" meetings with "any" Defendant, and also to the extent it seeks descriptions of communications relating to "each meeting."  Plaintiff further objects on the grounds that this interrogatory seeks information without any reasonable limitation as to time or relevant subject matter and is therefore not relevant to the claims or defenses in this action.  Plaintiff cannot

possibly remember every conversation with his landlord, at any time, about any topic whatsoever.  Consistent with these objections, Plaintiff will answer this interrogatory about communications pertaining to his lease and/or the Policy at issue in this litigation.

11.     State when, where, and how your wife entered the United States, including without limitation, whether she entered the United States legally.

**Objection:**    Plaintiff objects to this interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information regarding when, where, and how Plaintiff's wife entered the United States.  Plaintiff further objects on the ground that this interrogatory constitutes undue invasion of privacy, and is not relevant to the claims or defenses in this action.

23.     Identify any unauthorized occupants who have resided in your Mobile Home at the Park while you have lived at the Park.

**Objection:**    Plaintiff objects this interrogatory to the extent it seeks identification of "unauthorized occupants," as it assumes the conclusion of a matter in issue in this litigation.

## REQUESTS FOR ADMISSION

Objection to the Instructions, insofar as they exceed the requirements of the Federal Rules of Civil Procedure.

12.     Admit that you have entered the United States legally.

**Objection:**    Plaintiff objects to this request for admission as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case to the extent it seeks information about the legality of the Plaintiff's entrance to the United States.  Plaintiff further objects on the ground that this request for admission constitutes undue invasion of privacy.

13.    Admit that your wife entered the United States illegally.

**Objection:**    Plaintiff objects to this request for admission as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case to the extent it seeks information about the legality of the Plaintiff's wife's entrance to the United States.  Plaintiff further objects on the ground that this request for admission constitutes undue invasion of privacy.

25.    Admit that you have had unauthorized occupants reside in your Mobile Home at the Park while you lived at the Park.

**Objection:**    Plaintiff objects to this request for admission to the extent it seeks identification of "unauthorized occupants," as it assumes the conclusion of a matter in issue in this litigation.


Respectfully submitted,

JOSE DAGOBERTO REYES,

By counsel

_____//s//_____        Date: September 16, 2016
Simon Y. Sandoval-Moshenberg (VSB No. 77110)
Rebecca Wolozin (VSB No. 89690)
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike #520
Falls Church, VA 22041
(703) 720-5605 / fax (703) 778-3454
simon@justice4all.org
becky@justice4all.org

Paul Brinkman (VSB No. 35950)
Jeanhee Hong (*pro hac vice*)
Ariel Wade Trajtenberg (*pro hac vice*)
Diego Durán de la Vega (*pro hac vice*)
Jongwook Kim (*pro hac vice*)
William A. Margeson (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
777 Sixth Street NW, 11th Floor
Washington, District of Columbia 20001-3706
(202) 538-8000 / fax: (202) 538-8100

paulbrinkman@quinnemanuel.com
jeanheehong@quinnemanuel.com
arieltrajtenberg@quinnemanuel.com
diegoduran@quinnemanuel.com
wookiekim@quinnemanuel.com
billmargeson@quinnemanuel.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 16th day of September, 2016, I served the foregoing document

by first-class U.S. mail and e-mail upon the following parties:


Michael S. Dingman, VSB #30031
REED SMITH LLP
7900 Tysons One Place, Suite 500
McLean, Virginia 22102
Phone: (703) 641-4200
Fax: (703) 641-4340
mdingman@reedsmith.com
*Counsel for Defendants*



_____//s//_____        Date: September 16, 2016
Simon Y. Sandoval-Moshenberg (VSB No. 77110)
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike #520
Falls Church, VA 22041
(703) 720-5605 / fax (703) 778-3454
simon@justice4all.org

99999-00469/8363714.1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

ROSY GIRON DE REYES, *et al.*,            )
                                          )
　　　*Plaintiffs,*          ʾ             )
                                          )
vs.                                       )    Civil Action No.: 1:16-cv-563
                                          )
WAPLES MOBILE HOME PARK LIMITED           )
PARTNERSHIP, *et al.*,                    )
                                          )
　　　*Defendants.*                        )
_____ )

**PLAINTIFF ROSY GIRON DE REYES' OBJECTIONS**
**TO DEFENDANTS' DISCOVERY REQUESTS**

　　　Plaintiff Rosy Giron de Reyes ("Plaintiff"), by counsel, hereby states the following

objections to Defendants Waples Mobile Home Park Limited Partnership, Waples Project

Limited Partnership, and A.J. Dwoskin & Associates, Inc.'s ("Defendants'") first set of

discovery requests.

**PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS**

　　　Plaintiff's objections are given without prejudice to Plaintiff's right to provide

subsequent relevant information and/or documents, or to add, modify, supplement, or otherwise

change or amend its objections and responses to the Interrogatories, Requests for Production of

Documents, and Requests for Admission as new information is obtained, as legal determinations

are made by the Court, or because the matter is pending further investigation and discovery.  To

the extent documents or information protected by the attorney-client privilege or the work

product doctrine are, or become, responsive to any of the Interrogatories, Requests for

Production of Documents, or Requests for Admission, Plaintiff expressly reserves the right to

assert such objections.  The information contained in these objections is also subject to

correction for omissions or errors.  Plaintiff reserves the right to supplement her objections and

responses to any of Defendants' discovery requests up until the time of trial.  Any confidential

information (within the meaning of the agreed protective order) will only be produced pursuant

to such protective order.

## DEFINITIONS AND INSTRUCTIONS

Plaintiff objects to the Definitions and Instructions to the extent they purport to impose

any obligations upon Plaintiff beyond the Federal Rules of Civil Procedure, the Local Rules of

the United States District Court for the Eastern District of Virginia, and any other applicable law.

Plaintiff objects to Instruction 4 insofar as it contradicts paragraph 7 of the Joint

Discovery Plan, entitled "Privilege Issues."

Plaintiff objects to Instruction 8 insofar as it requires the creation, rather than production,

of any translated document.

Plaintiff objects to Definition 15, "unauthorized occupants," as it assumes the conclusion

of a matter in issue in this litigation.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    All communications between you and any Defendant.

**Objection:**    Plaintiff objects to this request for production as overbroad and unduly

burdensome to the extent it seeks "all" communications, and also to the extent it seeks

communications with "any" Defendant.  Plaintiff objects to this request for production as not

proportional to the needs of the case to the extent it encompasses "all" communications, and also

to the extent it seeks communications with "any" Defendant.  Plaintiff further objects on the

grounds that this request seeks information without any reasonable limitation as to time or

relevant subject matter and is therefore not relevant to the claims or defenses in this action.

Further, Plaintiff cannot possibly remember every conversation with her landlord, at any time, about any topic whatsoever.  Consistent with these objections, Plaintiff will answer this discovery request about communications pertaining to her lease and/or the Policy at issue in this litigation.

2.       All communications between your husband and any Defendant.

**Objection:**     Plaintiff objects to this request for production as overbroad and unduly burdensome to the extent it seeks "all" communications, and also to the extent it seeks communications with "any" Defendant.  Plaintiff objects to this request for production as not proportional to the needs of the case to the extent it encompasses "all" communications, and also to the extent it seeks communications with "any" Defendant.  Plaintiff further objects on the grounds that this request for production seeks information without any reasonable limitation as to time or relevant subject matter and is therefore not relevant to the claims or defenses in this action.  Further, Plaintiff's husband cannot possibly remember every conversation with his landlord, at any time, about any topic whatsoever.  Consistent with these objections, Plaintiff will answer this discovery request about communications pertaining to Plaintiff's lease and/or the Policy at issue in this litigation.

3.       Communications between you and any other Plaintiff related to this litigation, the Complaint, the Policy, your Lot, the Park, and/or any rental Agreement between you and Defendants.

**Objection:**     Plaintiff objects to this request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and the common interest doctrine.  Plaintiff further objects on the grounds that this request for production seeks information without any reasonable limitation as to time or relevant subject

matter and is therefore not relevant to the claims or defenses in this action.  Consistent with these

objections, Plaintiff will provide any non-privileged responsive documents.

      6.     All documents relating to any meetings you had with any Defendant, including

documents that describe the communications that took place in each meeting.

**Objection:**    Plaintiff objects to this request for production as overbroad and unduly

burdensome to the extent it seeks "all" communications, and also to the extent it seeks

documents and communications relating to meetings with "any" Defendant.  Plaintiff objects to

this request for production as not proportional to the needs of the case to the extent it

encompasses "all" documents, and also to the extent it seeks documents relating to meetings with

"any" Defendant.  Plaintiff further objects on the grounds that this request for production seeks

information without any reasonable limitation as to time or relevant subject matter and is

therefore not relevant to the claims or defenses in this action.  Plaintiff cannot possibly remember

every conversation with her landlord, at any time, about any topic whatsoever.  Consistent with

these objections, Plaintiff will answer this discovery request about communications pertaining to

her lease and/or the Policy at issue in this litigation.

      7.     All documents referencing any ITIN you have ever used.

**Objection:**    Plaintiff objects to this request for production as overbroad, unduly burdensome,

and not proportional to the needs of the case to the extent it seeks documents on any ITIN

Plaintiff "ha[s] ever used."  Plaintiff further objects to this request as vague and ambiguous

because it does not indicate what constitutes "use" of an ITIN.  Plaintiff further objects on the

grounds that this request for production seeks information without any reasonable limitation as to

time or relevant subject matter and is therefore not relevant to the claims or defenses in this

action.  Plaintiff further objects on the ground that this request for production constitutes undue

invasion of privacy.  Consistent with these objections, Plaintiff will produce a copy of her ITIN, if any.

8.    All documents referencing any ITIN your husband has ever used.

**Objection:**    Plaintiff objects to this request for production as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents on any ITIN Plaintiff's husband "ha[s] ever used."  Plaintiff further objects to this request as vague and ambiguous because it does not indicate what constitutes the "use" of an ITIN.  Plaintiff further objects on the grounds that this request for production seeks information without any reasonable limitation as to time or relevant subject matter and is therefore not relevant to the claims or defenses in this action.  Plaintiff further objects on the ground that this request for production constitutes undue invasion of privacy.  Consistent with these objections, Plaintiff will produce a copy of her husband's ITIN, if any.

9.    All documents you have submitted to acquire any ITIN you have ever used.

**Objection:**    Plaintiff objects to this request for production as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents submitted concerning "any" ITIN "ever used."  Plaintiff further objects to this request for production to the extent it purports to require Plaintiff to turn over a copy of her federal tax return.  Plaintiff further objects on the ground that this request for production constitutes undue invasion of privacy.  Consistent with these objections, Plaintiff will produce a copy of all <u>identity</u> documents she used to obtain her ITIN, if any.

11.    All original passports you have ever possessed.

**Objection:**    Plaintiff objects to this request for production as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" original passports.

Plaintiff further objects on the ground that this request for production constitutes undue invasion of privacy. Consistent with these objections, Plaintiff will provide any original passports, if any, that were valid at any time during her tenancy at the Park or currently.

12.    All U.S. visas you have ever possessed.

**Objection:**    Plaintiff objects to this request for production as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" U.S. visas. Plaintiff further objects on the ground that this request for production constitutes undue invasion of privacy. Consistent with these objections, Plaintiff will provide any original U.S. visas, if any, that were valid at any time during her tenancy at the Park or currently.

13.    All Customs and Border Protection Forms I-94 you have ever possessed.

**Objection:**    Plaintiff objects to this request for production as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" Customs and Border Protection Forms I-94. Plaintiff further objects on the ground that this request for production constitutes undue invasion of privacy. Consistent with these objections, Plaintiff will provide any original I-94s, if any, that were valid at any time during her tenancy at the Park or currently.

14.    All documents you have sent to or received from any US or state government referencing your immigration status in the United States.

**Objection:**    Plaintiff objects to this request for production as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents sent or received from "any" U.S. or state government relating to immigration status in the United States. Plaintiff further objects on the ground that this request for production constitutes undue invasion of privacy. Plaintiff further objects on the ground that this request for production is vague and ambiguous to the extent it does not define the scope of the term "referencing." Consistent with

these objections, Plaintiff will provide any passports, U.S. visas, and/or I-94s, if any, at any time during her tenancy at the Park or currently.

15.    All documents you have sent to or received from any US or state government referencing your husband's immigration status in the United States.

**Objection:**    Plaintiff objects to this request for production as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" documents sent or received from any U.S. or state government relating to immigration status in the United States. Plaintiff further objects on the ground that this request for production constitutes undue invasion of privacy. Plaintiff further objects on the ground that this request for production is vague and ambiguous to the extent it does not define the scope of the term "referencing." Consistent with these objections, Plaintiff will provide any of her husband's passports, U.S. visas, and/or I-94s, if any, at any time during his tenancy at the Park or currently.

17.    Any documents referencing when or where your husband entered the United States.

**Objection:**    Plaintiff objects to this request for production as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "any" documents referencing when or where Plaintiff's husband entered the United States. Plaintiff further objects on the ground that this request for production is vague and ambiguous to the extent it does not define the scope of the term "referencing." Plaintiff further objects on the ground that this request for production constitutes undue invasion of privacy and is not relevant to the claims or defenses in this action.

22.    Any documents sufficient to identify the tenants referenced in Paragraphs 48-54 of the Complaint. Please provide name, address and contact information including phone

number and email address if applicable.

**Objection:**     Plaintiff objects to the second sentence of this request, as it calls for the creation, rather than production, of documents.  Subject to this objection, Plaintiff will provide documents responsive to the first sentence of this document request.

## INTERROGATORIES

1.        Identify any communications between you and any Defendant.

**Objection:**     Plaintiff objects to this interrogatory as overbroad and unduly burdensome to the extent it asks for identification of "all" communications, and also to the extent it seeks identification of communications with "any" Defendant.  Plaintiff objects to this request for production as not proportional to the needs of the case to the extent it encompasses "all" communications, and also to the extent it seeks identification of communications with "any" Defendant.  Plaintiff further objects on the grounds that this interrogatory seeks information without any reasonable limitation as to time or relevant subject matter and is therefore not relevant to the claims or defenses in this action.  Further, Plaintiff cannot possibly remember every conversation with her landlord, at any time, about any topic whatsoever.  Consistent with these objections, Plaintiff will answer this interrogatory about communications pertaining to her lease and/or the Policy at issue in this litigation.

2.        Identify any communications between your husband and any Defendant.

**Objection:**     Plaintiff objects to this interrogatory as overbroad and unduly burdensome to the extent it asks for identification of "all" communications, and also to the extent it seeks identification of communications with "any" Defendant.  Plaintiff objects to this request for production as not proportional to the needs of the case to the extent it encompasses "all" communications, and also to the extent it seeks identification of communications with "any"

Defendant. Plaintiff further objects on the grounds that this interrogatory seeks information without any reasonable limitation as to time or relevant subject matter and is therefore not relevant to the claims or defenses in this action. Further, Plaintiff's husband cannot possibly remember every conversation with his landlord, at any time, about any topic whatsoever. Consistent with these objections, Plaintiff will answer this interrogatory about communications pertaining to Plaintiff's lease and/or the Policy at issue in this litigation.

3.      Identify any communications between you and any Plaintiff related to this litigation, the Complaint, the Policy, your Lot, the Park, and/or any Rental Agreement between you and Defendants.

**Objection:**    Plaintiff objects to this interrogatory to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and the common interest doctrine. Plaintiff further objects on the grounds that this interrogatory seeks information without any reasonable limitation as to time or relevant subject matter and is therefore not relevant to the claims or defenses in this action. Consistent with these objections, Plaintiff will identify any non-privileged responsive communications.

5.      Identify any meetings you had with any Defendant and describe the communications that took place at each meeting.

**Objection:**    Plaintiff objects to this interrogatory as overbroad and unduly burdensome to the extent it seeks identification of "any" meetings with "any" Defendant, and also to the extent it seeks descriptions of communications relating to "each meeting." Plaintiff objects to this interrogatory as not proportional to the needs of the case to the extent it seeks identification of "any" meetings with "any" Defendant, and also to the extent it seeks descriptions of communications relating to "each meeting." Plaintiff further objects on the grounds that this

interrogatory seeks information without any reasonable limitation as to time or relevant subject matter and is therefore not relevant to the claims or defenses in this action. Plaintiff cannot possibly remember every conversation with her landlord, at any time, about any topic whatsoever. Consistent with these objections, Plaintiff will answer this interrogatory about communications pertaining to her lease and/or the Policy at issue in this litigation.

11.    State when, where, and how your husband entered the United States, including without limitation, whether he entered the United States legally.

**Objection:**    Plaintiff objects to this interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information regarding when, where, and how Plaintiff's husband entered the United States. Plaintiff further objects on the ground that this interrogatory constitutes undue invasion of privacy, and is not relevant to the claims or defenses in this action.

23.    Identify any unauthorized occupants who have resided in your Mobile Home at the Park while you have lived at the Park.

**Objection:**    Plaintiff objects this interrogatory to the extent it seeks identification of "unauthorized occupants," as it assumes the conclusion of a matter in issue in this litigation.


## REQUESTS FOR ADMISSION

Objection to the Instructions, insofar as they exceed the requirements of the Federal Rules of Civil Procedure.

12.    Admit that you have entered the United States legally.

**Objection:**    Plaintiff objects to this request for admission as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case to the extent it seeks information about

the legality of the Plaintiff's entrance to the United States.  Plaintiff further objects on the ground

that this request for admission constitutes undue invasion of privacy.

     13.    Admit that your husband entered the United States illegally.

**Objection:**    Plaintiff objects to this request for admission as overbroad, unduly burdensome,

irrelevant, and not proportional to the needs of the case to the extent it seeks information about

the legality of the Plaintiff's husband's entrance to the United States.  Plaintiff further objects on

the ground that this request for admission constitutes undue invasion of privacy.

     25.    Admit that you have had unauthorized occupants reside in your Mobile Home at

the Park while you lived at the Park.

**Objection:**    Plaintiff objects to this request for admission to the extent it seeks identification

of "unauthorized occupants," as it assumes the conclusion of a matter in issue in this litigation.


Respectfully submitted,

ROSY GIRON DE REYES,

By counsel


_____//s//_____          Date: September 16, 2016
Simon Y. Sandoval-Moshenberg (VSB No. 77110)
Rebecca Wolozin (VSB No. 89690)
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike #520
Falls Church, VA 22041
(703) 720-5605 / fax (703) 778-3454
simon@justice4all.org
becky@justice4all.org

Paul Brinkman (VSB No. 35950)
Jeanhee Hong (*pro hac vice*)
Ariel Wade Trajtenberg (*pro hac vice*)
Diego Durán de la Vega (*pro hac vice*)
Jongwook Kim (*pro hac vice*)
William A. Margeson (*pro hac vice*)

QUINN EMANUEL URQUHART & SULLIVAN, LLP
777 Sixth Street NW, 11th Floor
Washington, District of Columbia 20001-3706
(202) 538-8000 / fax: (202) 538-8100
paulbrinkman@quinnemanuel.com
jeanheehong@quinnemanuel.com
arieltrajtenberg@quinnemanuel.com
diegoduran@quinnemanuel.com
wookiekim@quinnemanuel.com
billmargeson@quinnemanuel.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 16th day of September, 2016, I served the foregoing document

by first-class U.S. mail and e-mail upon the following parties:


Michael S. Dingman, VSB #30031
REED SMITH LLP
7900 Tysons One Place, Suite 500
McLean, Virginia 22102
Phone: (703) 641-4200
Fax: (703) 641-4340
mdingman@reedsmith.com
*Counsel for Defendants*


_____//s//_____          Date: September 16, 2016
Simon Y. Sandoval-Moshenberg (VSB No. 77110)
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike #520
Falls Church, VA 22041
(703) 720-5605 / fax (703) 778-3454
simon@justice4all.org