# Exhibit A

| | |
|---|---|
| **From:** | Simon Sandoval-Moshenberg <simon@justice4all.org> |
| **Sent:** | Tuesday, October 04, 2016 9:25 PM |
| **To:** | 'JdeBettencourt@ReedSmith.com'; 'MDingman@ReedSmith.com' |
| **Cc:** | Waples - QE; Nady Peralta |
| **Subject:** | FW: Giron De Reyes, et al. v. Waples Mobile Home Park LP, et al., No. 1:16-cv-563 (E.D.Va.) |

Thanks for your e-mail, Justin. Please see our responses below.

> **From:** "deBettencourt, Justin D." <JdeBettencourt@ReedSmith.com>
> **Date:** October 3, 2016 at 5:23:16 PM EDT
> **To:** 'Ariel Trajtenberg' <arieltrajtenberg@quinnemanuel.com>
> **Cc:** 'Bill Margeson' <billmargeson@quinnemanuel.com>, "Dingman, Michael S." <MDingman@ReedSmith.com>
> **Subject: Giron De Reyes, et al. v. Waples Mobile Home Park LP, et al., No. 1:16-cv-563 (E.D.Va.)**
>
> Hi Ariel:
>
> We write on behalf of the Defendants to follow up on Wednesday's meet and confer concerning Plaintiffs' objections to Defendants' first set of Requests for Production (RFPs), Interrogatories (ROGs), and Requests for Admission (RFAs).
>
> This email is intended to (1) confirm our understanding of the agreements we reached, (2) propose some solutions to resolve outstanding questions, and (3) identify any open questions. As for any RFP, ROG, and RFA not discussed below, we understand that Plaintiffs will make a complete production/response, subject to any privilege claim.
>
> --RFP 3 is not mentioned below, and we will produce any non-privileged responsive documents, if any. As to any other discovery objection which is not mentioned below, we stand on our objection.
>
> As to the reference below to female and male plaintiffs, we agreed to examine the objections to discovery requests directed to Jose Reyes and Rosy Reyes and apply any agreements made with respect to Jose Reyes' objections to all of the male plaintiffs' objections and apply any agreements made with respect to Rosy Reyes' objections to all of the female plaintiffs' objections.
>
> --That's right.
>
> 1. <u>Communications/meetings (female and male plaintiffs: RFPs 1-2, 6; ROGs 1-2, 5 )</u>: We agreed that Plaintiffs will produce all communications that they possess and identify all communications they can recall without regard to subject matter. We agreed that the relevant time frame goes back to when the Plaintiffs first applied to live at the Park. We agreed that this timeframe agreement likewise applies to RFP 3 and ROG 3 directed to the female and male plaintiffs.
>
>    --Agreed that they will answer fully, to the extent they remember.

1

2. <u>ITIN documents (female and male plaintiffs RFPs 7-9)</u>:  We understand that you will get back to us on what documents exist that are responsive to RFPs 7 and 8 to see if we can reach agreement on those RFPs. As for RFP 9, we understand that Plaintiffs object to producing anything but a copy of the identity documents submitted to obtain an ITIN, even if the other documents, principally, the tax return documents are redacted. The Parties disagree as to whether every document submitted to obtain an ITIN needs to be produced under RFP 9.

--We are checking with the female plaintiffs to confirm the universe of documents responsive to RFPs 7 and 8, but at this time, we stand on our objection.  We will get back to you within a few days once we understand what each of them actually used their ITIN for, so that rather than arguing about it in the abstract, we can discuss a practical solution to get you the information you need within the scope of discovery, without unduly burdening and invading the privacy of the plaintiffs.  As for RFP 9, each plaintiff is willing to provide copies of the identity documents they used to obtain their ITIN (if any), but restate their objection to turning over their tax returns/W-7s.

3. <u>Original Passports (female and male plaintiffs RFP 11)</u>: We agreed that Plaintiffs only need to provide original passports in Plaintiffs' possession going back to the date plaintiffs first applied to live at the Park. Defendants request any original passport in Plaintiffs' possession in that timeframe. Are Plaintiffs agreeing to provide original passports in their possession in that timeframe only if valid or do Plaintiffs agree to provide all original passports in their possession in that timeframe if valid or expired?

--Plaintiffs agreed to provide copies of any passport that was valid at any time beginning with the date of their application to the park.  Passports that were no longer valid (i.e. had expired) prior to the date of their application to the park, are not relevant to this case, because they would not have complied with the policy.

4. <u>U.S. Visas and I-94 Forms (female and male plaintiffs RFPs 12-13)</u>: Plaintiffs object to producing "all U.S. Visas" and all I-94 forms, but agreed to provide an original U.S. Visas and any original I-94 forms that were valid during the plaintiffs' tenancy at the Park or currently. For the male plaintiffs, Defendants agree that only original U.S. Visas and original I-94 forms that were valid during the plaintiffs' tenancy at the park or currently need be produced. For the female plaintiffs, Defendants maintain all U.S. Visas and all I-94 forms should be produced, not just those that were valid during the plaintiffs' tenancy.

--Again, we will provide copies of any US visa or I-94 that were valid at any time beginning with the date of their application to the park.  Visas/I-94s that were no longer valid (i.e. had expired) prior to the date of their application to the park, are not relevant to this case, because they would not have complied with the policy.

5. <u>Documents referencing female plaintiffs immigration status (female plaintiffs RFP 14, 16 ; male plaintiffs RFP 15, 17; female and male plaintiffs ROG 11)</u>: Plaintiffs object to producing all documents sent to any US or state government referencing the female plaintiffs' immigration status but agree to provide any passports, US visa or I-94s, if any, at any time during their tenancy at the Park or currently. Defendants maintain that all documents referencing the plaintiffs' immigration status sent to/received from any U.S. or state government should be produced. Plaintiffs object to producing documents showing when/where the female plaintiffs entered the United States or identify when or where they entered. Defendants maintain this information should be produced/identified.

2

--Plaintiffs stand on their objection and reiterate their willingness to provide any documents that would have complied with the policy.

6. <u>Adults who resided in plaintiffs' mobile homes (female and male plaintiffs ROG 23; female plaintiff RFA 24; male plaintiff 25):</u> Plaintiffs object to responding to these requests as phrased. Defendants will agree to modify the words "unauthorized occupant" in these requests to "any individual over the age of eighteen who is not listed on a lease or Rental Agreement with Defendants" if Plaintiffs agree to respond to these requests by October 7, 2016. If Plaintiffs agree to this schedule, Defendants will modify and serve the requests on Tuesday October 4, 2016.

--That's fine.

7. <u>Documents identifying the tenants in Paragraphs 48 -54 of the Complaint (male plaintiffs RFP 22; female plaintiffs RFP 21):</u>  Plaintiffs agree to provide documents but object to creating documents. The parties agree that plaintiffs do not need to create documents.

--That's right.

8. <u>Admissions on illegal/legal entry to the U.S. (male plaintiffs RFAs 12 and 13; female plaintiffs RFA 12):</u> Plaintiffs object to answering these requests. Defendants maintain this information is relevant and these requests should be answered.

--Plaintiffs stand on their objection and maintain that how someone entered the United States has no relevance to the policy.

Please let us know if we have misunderstood your position on any of these items.

Thanks,
Justin


**Justin deBettencourt**
703.641.4209
[jdebettencourt@reedsmith.com](mailto:jdebettencourt@reedsmith.com)

Reed Smith LLP
7900 Tysons One Place
Suite 500
McLean, VA  22102
703.641.4200
Fax 703.641.4340

**Please note our new address effective 3-21-16:  7900 Tysons One Place, Suite 500, McLean, VA  22102**

* * *

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

Disclaimer Version RS.US.201.407.01