# Exhibit B

| | |
|---|---|
| **From:** | Ariel Trajtenberg |
| **Sent:** | Tuesday, October 11, 2016 5:48 PM |
| **To:** | Waples - QE; simon@justice4all.org; nady@justice4all.org |
| **Subject:** | Fwd: Giron De Reyes, et al. v. Waples Mobile Home Park LP, et al., No. 1:16-cv-563 (E.D.Va.) |

Sent from my iPhone

Begin forwarded message:

> **From:** "deBettencourt, Justin D." <JdeBettencourt@ReedSmith.com>
> **Date:** October 11, 2016 at 5:25:11 PM EDT
> **To:** 'Ariel Trajtenberg' <arieltrajtenberg@quinnemanuel.com>
> **Cc:** 'Bill Margeson' <billmargeson@quinnemanuel.com>, "Dingman, Michael S." <MDingman@ReedSmith.com>
> **Subject: RE: Giron De Reyes, et al. v. Waples Mobile Home Park LP, et al., No. 1:16-cv-563 (E.D.Va.)**
>
> Hi Ariel:
>
> We write concerning Plaintiffs' responses to Defendants' first set of Requests for Admission (RFAs) and Interrogatories (ROGs). After reviewing Plaintiffs' responses to Defendants' RFAs and interrogatory responses, we have identified certain deficiencies as outlined below:
>
> Female Plaintiffs' RFA Responses
>
> The female Plaintiffs deny RFAs 2 and 3, and state that they deny the request because "The policy requires certain documents that are not a proxy indicator for 'in the United States legally.'" RFAs 2 and 3 to the female Plaintiffs do not ask about what documents are requested by the Policy. Likewise, RFA 6 does not ask about whether the documents requested by the Policy are a proxy or indicator for "have legally entered the United States" yet the female Plaintiffs provide this explanation as the basis for denying RFA 6. Please indicate whether the female Plaintiffs will provide a responsive answer to these requests.
>
> Likewise, the female Plaintiffs provide non-responsive responses to RFAs 4 and 5. In response to RFA 4, the female plaintiffs state that they deny the RFA because the "policy has a disparate impact on Latinos". However, this RFA does not ask about a disparate impact but rather asks about discrimination the female Plaintiffs have suffered "because" they are Latino. Similarly, in response to RFA 5, which asks about the discrimination the female plaintiffs suffered due "because" of their citizenship, they refer to their response to RFA 4. This is non-responsive for two reasons: 1) the female plaintiffs do not discuss their citizenship in their response to RFA 4; and 2) RFA 5 asks about the discrimination the female Plaintiffs have suffered "because" they are not citizens of the United States. The RFA does not ask about any disparate impact the female Plaintiffs have suffered. Please indicate whether the female Plaintiffs will provide a responsive answer to these requests.
>
> The female plaintiffs deny RFA 14 but state that they deny the RFA because as a wife who necessarily lives with their husband their husband could not comply. This is not a responsive answer to the RFA

1

because the RFA only asks if the husband could comply the Policy. Please indicate whether the female Plaintiffs will provide a responsive answer to these requests.

Male Plaintiffs RFA Responses

RFA 1 asks the male Plaintiffs to admit that they were able to comply with the Policy. The male Plaintiffs deny the RFA because their wives could not provide the documents required by the Policy. This a non-responsive qualification to the answer because the male Plaintiffs avoid answering whether they (and not their wives) were discriminated against.

RFAs 4 and 5 ask the male Plaintiffs to admit that they were not denied the right to enter into a Rental Agreement at the Park either because they were Latino or because they were not citizens. In response the male Plaintiffs deny the RFAs because the policy has a disparate impact on Latinos and their wife is a Latina. This is a non-responsive qualification to the answer because the male Plaintiffs avoid answering whether they (and not their wives)were discriminated against due to their race and/or citizenship. Please indicate whether the male Plaintiffs will provide a responsive answer to these requests

RFA 15 ask the male plaintiffs to admit that their "[wives] [are] not able to acquire any form of valid-government issued proof that [they] are legally present in the United States." In response the male plaintiffs deny the RFA even though they state that their wives "do[] not presently possess any such documentation" The denial is qualified because the male plaintiffs state that their wives may be able to acquire such proof in the future. Qualifying their denial of the RFA on the basis of a hypothetical event in the future is nonresponsive. Please indicate whether the male Plaintiffs will provide a responsive answer to these requests


Female ROG Responses

In response to ROGs 1 and 5 at subpart (c) and ROG 2 at subparts (a), (b), and (c), Ms. Reyes states that she or her husband met with either Defendants, "they", "an employee of Defendants", and/or "them"  but does not provide the names of the individuals she or her husband met with. Please provide the names of the individuals Ms. Reyes and her husband met with.

In response to ROG 1, Ms. Solis states that she and her husband met with a manager, but she does not identify the name of the manager. Please provide the name of this individual.

In response to ROGs 1 and 2, Ms. Rivas states that her husband met with Defendants to renew the lease and the parking stickers, but Ms. Rivas does not identify the individuals her husband met with. Please provide the names of the individuals Ms. Rivas' husband met with.

In response to ROG 4, Ms. Reyes and Ms. Rivas state that they met with VOICE frequently and mentions that they had discussions with VOICE's leaders, but Ms. Reyes and Ms. Rivas do not identify any individuals they met with or any of their leaders by name. Please provide the names of these individuals. Furthermore, in response to ROG 14, Ms. Reyes identifies a specific door-to-door trip she took with other members of VOICE but Ms. Reyes does not identify this trip or any of its individuals in response to ROG 4 as requested. Please provide this information as requested by ROG 4.

In response to ROG 20-21 which asks the female plaintiffs for the basis for their discrimination claims on the basis of race and citizenship, the female plaintiffs state that the basis is that the community of people lacking immigration documentation is disproportionately Latino and undocumented. Not only do these responses not provide any basis for discrimination on the basis of citizenship, but these responses only discuss a claimed disproportionate impact and fail to discuss any intentional discrimination against

2

the female plaintiffs. This response also states "around here" but does not indicate what "around here" means. Please provide a responsive answer to these ROGs.

In response to ROG 22, the female plaintiffs couch their answer with the phrase: "to the best of their understanding" or "it is my understanding". Such language is non-responsive. Please provide a response to this ROG without such equivocating language.

In response to ROG 23, Ms. Reyes states that she permitted a woman to stay with her as a favor to one of Defendants' employees but she does not identify the employee of Defendants to which she refers. Please provide that individual's name.

Male ROG Responses

In response to ROGs 1 and 5 at subparts (a), (b), and (c) and ROG 2 at subpart (b), Mr. Reyes states that he or wife met with either Defendants, "a person at the office", "an employee of Defendants", and/or a person at the leasing office  but does not provide the names of the individuals he or his wife met with. Please provide the names of the individuals Mr. Reyes and his wife met with.

In response to ROG 2, Mr. Moya states that he and his wife met with a manager, but she does not identify the name of the manager. Please provide the name of this individual.

In response to ROG 2, Mr. Bolanos states that his wife met with Defendant around March 30, 2016, but he does not provide the name of the individual(s) his wife met with. Please provide the name of this individual(s). Also, the response Mr. Bolanos provides in response to ROG 2 is not provided in Ms. Rivas' response to ROG 2 even though this information is requested. Please provide the requested information in response to Ms. Rivas' response to ROG 2.

In response to ROG 14, Mr. Reyes states that through conversations with his wife, he knows of other residents who are members of VOICE who expressed concerns regarding the Policy. Please identify the individuals Mr. Reyes is discussing in response to this ROG.

In response to ROG 14, Mr. Bolanos identifies his wife's brother and notes that his wife's brother discussed tenants in other parks. Please identify the name of Mr. Rivas' brother and the names discussed by Mr. Rivas' brother in response to this interrogatory.

In response to ROG 20-21 which asks the male plaintiffs for the basis for their discrimination claims on the basis of race and citizenship, the male plaintiffs state that the basis is that the community of people lacking immigration documentation is disproportionately Latino and undocumented. Not only do these responses not provide any basis for discrimination on the basis of citizenship, but these responses only discuss a claimed disproportionate impact and fail to discuss any intentional discrimination against the male plaintiffs. This response also states "around here" but does not indicate what "around here" means. Please provide a responsive answer to these ROGs.

In response to ROG 22, the male plaintiffs couch their answer with the phrase: "to the best of their understanding" or "it is my understanding". Such language is non-responsive. Please provide a response to this ROG without such equivocating language.

In response to ROG 23, Mr. Reyes states that he permitted a woman to stay with him as a favor to one of Defendants' employees but he does not identify the employee of Defendants to which he refers. Please provide that individual's name.

Absent a sufficient response by 5 p.m. on Thursday, October 13, Defendants intend to file a motion to compel regarding Plaintiffs' deficient discovery responses on Friday, and notice a hearing for October 21.  Please confirm your availability for that date.

We continue to reserve our rights to follow up on our requests after considering Plaintiffs' response to the above.

Thanks,

Justin

**From:** deBettencourt, Justin D.
**Sent:** Friday, October 07, 2016 10:33 AM
**To:** 'Ariel Trajtenberg'
**Cc:** Bill Margeson; Dingman, Michael S.
**Subject:** RE: Giron De Reyes, et al. v. Waples Mobile Home Park LP, et al., No. 1:16-cv-563 (E.D.Va.)

Hi Ariel:

Thanks for your response. We are two months out from the close of discovery and are seeking to file a motion on the regular schedule in this Court. Are you representing that not one of the eight attorneys on your pleadings is available to attend a hearing next Friday?

Thanks,
Justin

**From:** Ariel Trajtenberg [mailto:arieltrajtenberg@quinnemanuel.com]
**Sent:** Friday, October 07, 2016 9:14 AM
**To:** deBettencourt, Justin D.
**Cc:** Bill Margeson; Dingman, Michael S.
**Subject:** RE: Giron De Reyes, et al. v. Waples Mobile Home Park LP, et al., No. 1:16-cv-563 (E.D.Va.)

Hi Justin,

While there are folks on our team who do not observe the holiday next week, as a result of the holiday and related travel, we are unavailable to file briefs next week and attend an argument on the 14th. How about the 21st?

Best,

**Ariel Wade Trajtenberg**
*Associate,*
**Quinn Emanuel Urquhart & Sullivan, LLP**
202-538-8163 Direct
arieltrajtenberg@quinnemanuel.com

**From:** deBettencourt, Justin D. [mailto:JdeBettencourt@ReedSmith.com]
**Sent:** Thursday, October 06, 2016 6:17 PM
**To:** Ariel Trajtenberg <arieltrajtenberg@quinnemanuel.com>
**Cc:** Bill Margeson <billmargeson@quinnemanuel.com>; Dingman, Michael S. <MDingman@ReedSmith.com>
**Subject:** Giron De Reyes, et al. v. Waples Mobile Home Park LP, et al., No. 1:16-cv-563 (E.D.Va.)

Hi Ariel:

4

Thanks for returning my call. Is there anyone on your team who is not affected by the holiday next Friday?

Thanks,
Justin


**Justin deBettencourt**
703.641.4209
[jdebettencourt@reedsmith.com](mailto:jdebettencourt@reedsmith.com)

Reed Smith LLP
7900 Tysons One Place
Suite 500
McLean, VA  22102
703.641.4200
Fax 703.641.4340

**Please note our new address effective 3-21-16:  7900 Tysons One Place, Suite 500, McLean, VA  22102**

* * *

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

Disclaimer Version RS.US.201.407.01