# Exhibit C

| | |
|---|---|
| **From:** | Joy Odom |
| **Sent:** | Wednesday, October 19, 2016 9:47 AM |
| **To:** | deBettencourt, Justin D. |
| **Cc:** | Ariel Trajtenberg; Wookie Kim; Dingman, Michael S. |
| **Subject:** | Re: Giron De Reyes, et al. v. Waples Mobile Home Park LP, et al., No. 1:16-cv-563 (E.D.Va.) |

Justin-

We confirm agreement as to Sections I and II, and as to the portions of Section III that relate to RFA 12 (female), RFAs 12 and 13 (male) and Interrogatory 11.  Plaintiffs will make every effort to comply with your seven-day request. Please be advised, however, that certain documents Plaintiffs have now agreed to produce are not presently within their possession. To the extent Plaintiffs encounter any delay in obtaining those documents that would impact their ability to produce within seven days, we will promptly notify you.  We do not presently anticipate any such issue.

We agree a dispute remains as to the RFPs raised in Section III, and as to the RFAs raised in Section IV.

Joy

On Oct 18, 2016, at 5:51 PM, deBettencourt, Justin D. <JdeBettencourt@ReedSmith.com> wrote:

> Joy:
>
> Based on the example you provided, the method you propose for redacting the tax returns is unobjectionable.
>
> Section I of Defendants' Motion
> - Please confirm that you agree to produce all tax returns, without time limitations, referencing the female plaintiffs ITINs (redacted as you proposed in your example) within seven days.
> - As for documents submitted to acquire ITINs, please confirm that by agreeing to produce W-7s, you agree to produce any tax documents and/or returns submitted with the W-7 (redacted as you proposed in your example) and please confirm you agree to provide these documents within seven days.
>
> If you can confirm agreement as requested above, we can resolve Section I of Defendants' Motion.
>
> Section II of Defendants' Motion
> - Please confirm that you are in agreement to supplement plaintiffs' discovery responses to RFPs 11-13 within seven days per the terms of our 10:55 a.m. email below.
>
> If you can confirm agreement as requested above, we can resolve Section II of Defendants' Motion.
>
> Section III of Defendants' Motion

- We understand that Plaintiffs will supplement their responses to RFA 12 (female) and RFAs 12 and 13 (male) as requested, and to Rog 11 as requested. Please confirm that Plaintiffs will do so within seven days.

If you can confirm agreement as requested above, we can resolve the parties' dispute regarding RFA 12 (female) and RFAs 12 and 13 (male) and ROG 11 in Defendants' Motion.

As for the RFPs listed in Section III of Defendants' Motion, we understand the parties remain in dispute.

<u>Section IV of Defendants' Motion</u>

We understand the parties remain in dispute as to the issues raised in Section IV of Defendants' Motion.

Thanks,
Justin

---

**From:** Joy Odom [mailto:joyodom@quinnemanuel.com]
**Sent:** Tuesday, October 18, 2016 4:52 PM
**To:** deBettencourt, Justin D.; Ariel Trajtenberg; Wookie Kim
**Cc:** Dingman, Michael S.
**Subject:** RE: Giron De Reyes, et al. v. Waples Mobile Home Park LP, et al., No. 1:16-cv-563 (E.D.Va.)

Justin –

We're checking our availability and will firm up times on Thursday with you shortly.

As to the tax returns, we are providing via the attached document an example of how Plaintiffs propose to redact the returns. Please confirm these redactions are unobjectionable.

As to Section III, we confirm that Plaintiffs will supplement their responses to RFA 12 (female) and RFAs 12 and 13 (male) as requested, and to Rog 11 as requested. We stated the same in our email of 1:05 p.m. today, and reiterate it here. We also understand you are continuing to insist on the production of the male plaintiffs' immigration files as part of section III in your Motion. We will proceed accordingly.

As to Section IV, we understand you are refusing the compromise we have offered, and will proceed accordingly.

Thanks,

Joy

---

**From:** deBettencourt, Justin D. [mailto:JdeBettencourt@ReedSmith.com]
**Sent:** Tuesday, October 18, 2016 2:27 PM
**To:** Ariel Trajtenberg <arieltrajtenberg@quinnemanuel.com>; Joy Odom <joyodom@quinnemanuel.com>; Wookie Kim <wookiekim@quinnemanuel.com>
**Cc:** Dingman, Michael S. <MDingman@ReedSmith.com>
**Subject:** RE: Giron De Reyes, et al. v. Waples Mobile Home Park LP, et al., No. 1:16-cv-563 (E.D.Va.)

Hi Ariel:

2

Please see our responses in red below.

Thanks,
Justin

---

**From:** Ariel Trajtenberg [mailto:arieltrajtenberg@quinnemanuel.com]
**Sent:** Tuesday, October 18, 2016 1:05 PM
**To:** deBettencourt, Justin D.; Joy Odom; Wookie Kim
**Cc:** Dingman, Michael S.
**Subject:** RE: Giron De Reyes, et al. v. Waples Mobile Home Park LP, et al., No. 1:16-cv-563 (E.D.Va.)

Justin –

Thank you for your message. We regret that you felt surprised by our request to discuss issues related to Defendants' productions as part of our call concerning Defendants' motion to compel. As you know, the schedule affords little time for delay. We were simply attempting to move forward efficiently while counsel were already all on the line together. Our written identification of issues with Defendants' document production is forthcoming. Please supply a few options for times on Wednesday, Thursday, or Friday when we can discuss. <span style="color:red">We are available Thursday afternoon. Does your team have certain times available on Thursday afternoon?</span>

As to the Defendants' Motion to Compel, we understand the parties to now be in agreement as to **Section I**. Plaintiffs will produce their tax returns and W-7s, to the extent those returns reference or involve the female plaintiffs. All financial and personal information will be redacted with the exception of the plaintiffs' names, signatures, and ITINs or social security numbers. These will be produced without limitation to the time period when the plaintiffs applied to live at the park through the date they lived at the park. This resolves Sections I(A) and I (B) of your Motion. <span style="color:red">Defendants do not agree to have "personal information" redacted on the tax returns. Only financial information may be redacted on the tax returns referencing ITINs. Please confirm that you agree to produce all tax returns, without time limitations, referencing ITINs with only financial information redacted.</span>

<span style="color:red">As for documents submitted to acquire ITINs, please confirm that by producing W-7s, you agree to produce any tax documents and/or returns submitted with the W-7. Again, only financial information may be redacted on the tax documents - no personal information. Please confirm you are in agreement.</span>

As to **Section II**, we are actively working to confirm whether the female plaintiffs have any invalid or expired passports within their possession, custody, or control, or indeed if any exist. To the extent any exist and they are within plaintiffs' possession, custody, or control, we agree to produce them. We further agree to supplement plaintiffs' discovery responses to RFPs 11-13. This resolves Section II of your Motion. <span style="color:red">Please confirm that you are in agreement to supplement plaintiffs' discovery responses to RFPs 11-13 per the terms of our email below.</span>

As to **Section III**, we are unsure what you believe is left unresolved. We are willing to supplement our interrogatory response to Interrogatory 11 ("State when, where, and how you entered the United States, including without limitation, whether you entered the United States legally."). We are further willing to provide supplemental responses to RFA 12 (female plaintiffs) and RFAs 12 and 13 (male plaintiffs), which will memorialize the representations made on our call yesterday. We do not see the relevance of the male plaintiffs' full immigration files, which contain large amounts of sensitive information that is not germane to any claim or defense in this matter. We believe our agreement to supplement discovery responses should resolve Section III of your motion.

<span style="color:red">As for the proposal to provide supplemental responses to RFA 12 (female plaintiffs) and RFAs 12 and 13 (male plaintiffs), you agree to respond to "memorialize the representations made on our call yesterday."</span>

3

It is our understanding that such representations are merely that the male plaintiffs have thick immigration files that are not relevant and the female plaintiffs do not have any immigrations files and the female plaintiffs have not undertaken any immigration proceedings. Please confirm that by agreeing to respond, plaintiffs will admit or deny RFA 12 (female plaintiffs) and RFAs 12 and 13 (male plaintiffs) without any qualifications or caveats.

As for the RFPs in Section III, the male plaintiffs' immigration files can be produced under the protective order in this matter. In addition to the issues discussed in Defendants' Motion regarding the relevance of immigration documents, Plaintiffs put the male plaintiffs' immigration files at issue by discussing the male plaintiffs' immigrations status in the male plaintiffs' declarations attached as Exhibits A-D to Plaintiffs' Motion for TRO. If there are no immigration documents for the female plaintiffs as plaintiffs represented, Plaintiffs can state as such in response to Defendants' RFPs. Finally, Section III discusses certain Interrogatories that Plaintiffs refuse to answer. Plaintiffs' proposal does not provide answers to these interrogatories.

As to **Section IV**, we are similarly unsure what you believe remains to be resolved. The plaintiffs have responded already to the Requests for Admission your motion calls out. To the extent you are seeking an admission that Plaintiffs know (or don't know) whether they have been targeted for enforcement of the Policy due to their immigration status, that is information that we expect to learn from Defendants over the course of discovery. Neither fact nor expert discovery has closed. The Plaintiffs have provided all the responses they can on these RFAs for the present moment. We do not see, in view of the considerable concessions we are making to resolve this motion, what else you hope to achieve at this point.

As for Section IV, Defendants are seeking admissions or denials to certain RFAs that go to the heart of the allegations in Plaintiffs' complaint. Plaintiffs have not objected to these RFAs or said they needed more information in order to answer them. Instead, Plaintiffs denied these RFAs only due to Plaintiffs' construction of the RFAs. Defendants are entitled to simple admissions or denials without qualifications that offer caveats to Plaintiffs. Plaintiffs' proposal does not provide admissions or denials to these RFAs.

Finally, as to each and every section of your Motion, our clients believe that their existing discovery responses and agreements to produce are already sufficient. Nevertheless, they have instructed us to attempt to meet your demands in an effort to avoid the need for a hearing. We believe we have now agreed to supply you with everything that you could reasonably hope to obtain via this motion. As detailed above, Defendants do not agree that Plaintiffs have provided everything requested by the Motion.

Please let us know by 2:00 p.m. whether you will agree to withdraw your Motion in light of the foregoing compromises.

Best,
Ariel

**Ariel Wade Trajtenberg**
*Associate,*
**Quinn Emanuel Urquhart & Sullivan, LLP**
202-538-8163 Direct
arieltrajtenberg@quinnemanuel.com

---

**From:** deBettencourt, Justin D. [mailto:JdeBettencourt@ReedSmith.com]
**Sent:** Tuesday, October 18, 2016 10:55 AM
**To:** Ariel Trajtenberg <arieltrajtenberg@quinnemanuel.com>; Joy Odom <joyodom@quinnemanuel.com>; Wookie Kim <wookiekim@quinnemanuel.com>

4

**Cc:** Dingman, Michael S. <MDingman@ReedSmith.com>
**Subject:** Giron De Reyes, et al. v. Waples Mobile Home Park LP, et al., No. 1:16-cv-563 (E.D.Va.)

Hi Ariel:

I am writing to memorialize our call on the evening of Monday October 17, 2016 and Plaintiffs' proposed stipulations to resolve Defendants' Motion to Compel.

At the outset, as I mentioned on the call, we returned your call because the message stated that you wished to discuss the motion to compel and this Court has a tight schedule for non-dispositive motions. However, at the end of the call, your team attempted to seek a surprise meet and confer on separate issues. As a result, our conversation was not productive. In the future, please feel free to contact us in advance to set up calls so we can be prepared to discuss any issues you raise.

In part I of Defendants' Motion to Compel ("Motion"), Defendants seek A) tax returns referencing the female plaintiffs' ITIN numbers and B) the tax returns the female plaintiffs submitted to acquire their ITINs.
In response, Plaintiffs proposed to produce the female plaintiffs' tax returns from the date of the plaintiffs' application to the Park through the time the plaintiffs have lived at the park; however, Plaintiffs will redact all information but the female plaintiffs' names and ITIN numbers.

As for this proposal, Section I(A) of Defendants' Motion can be resolved if Plaintiffs' produce all tax returns that reference the female plaintiffs' ITIN numbers with only the financial information redacted. The remaining identifying information must be left in unredacted form (i.e. name, ITIN number, signature, other identifying information, etc…). These tax returns must be produced even if the tax returns are from years outside of the time period when the plaintiffs applied to live at the park through the date they lived at the park.

Likewise, Section I(B) of Defendants' Motion can be resolved if Plaintiffs produce all tax documents the female plaintiffs submitted to acquire their ITINs with only financial information redacted.

Section II of Defendants' Motion seeks passports, visas and I-94 of the female plaintiffs. Despite previous meet and confers, Plaintiffs never indicated in discovery responses or in the meet and confers that the female plaintiffs did not have visas or I-94 forms. Now, after Defendants have expended time drafting and filing a motion to compel, Plaintiffs represent that the female plaintiffs do not possess visas and I-94 forms and that the female plaintiffs have produced all original passports in the time frame when plaintiffs applied to live at the park through the time they lived at the park. Your team also indicated that you were not aware of the female plaintiffs possessing any invalid (i.e. expired) passports during the time from when the plaintiffs applied to live at the park through the time they lived at the park. Please indicate if this is correct.

Section II of Defendant's Motion can be resolved if Defendants modify their discovery responses to RFP 11-13 to conform with your representations on the call. Defendants' discovery responses must state that: 1) Plaintiffs have produced all original passports during the time frame discussed above and there are no expired passports the female plaintiffs possessed in that time frame (RFP 11); and the female plaintiffs have nothing to produce in response to RFPs 12-13 without relying on any caveats.

As for Section III and IV of Defendants' Motion, Plaintiffs propose that Section III and IV can be resolved because Plaintiffs can make the representation that the male plaintiffs have thick immigration files, which Plaintiffs contend are not relevant, and the female plaintiffs do not have any immigration files and have not undertaken any immigration proceedings. Please indicate if this is accurate.

This proposal will not resolve Section III and IV of Defendants' Motion, which in addition to seeking responsive documents, seeks answers to RFAs and answers to Interrogatories.

Please let us know if Defendants' counter-proposals will resolve Sections I and II of Defendants' Motion. Plaintiffs' proposal for Sections III and IV does not resolve those sections of the Motion.

Thanks,
Justin


**Justin deBettencourt**
703.641.4209
[jdebettencourt@reedsmith.com](mailto:jdebettencourt@reedsmith.com)

Reed Smith LLP
7900 Tysons One Place
Suite 500
McLean, VA  22102
703.641.4200
Fax 703.641.4340

**Please note our new address effective 3-21-16:  7900 Tysons One Place, Suite 500, McLean, VA  22102**

\* \* \*

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

Disclaimer Version RS.US.201.407.01