IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

**ROSY GIRON DE REYES,** *et al.*, )
    Plaintiffs, )
     )
    v. )     Case No. 1:16-cv-563
     )
**WAPLES MOBILE HOME PARK** )
**LIMITED PARTNERSHIP,** *et al.*, )
    Defendants. )

## ORDER

The matter is before the Court on defendants' motion to seal (Doc. 67). The only point or authority defendants offer in support of their motion is the fact that the parties have designated certain information as "confidential" pursuant to a Stipulated Protective Order (Doc. 45).

Local Civil Rule 5(C) provides that an "[a]greement of the parties that a document or other material should be filed under seal or the designation of a document or other material as confidential during discovery is not, by itself, sufficient justification for allowing a document or other material to be filed under seal." Local Civil Rule 5(C). Furthermore, the Local Rule requires the moving party to submit a non-confidential memorandum comprising the following information:

> (1) A non-confidential description of what material has been filed under seal;
>
> (2) A statement why sealing is necessary, and why another procedure will not suffice, as well as appropriate evidentiary support for the sealing request;
>
> (3) References to the governing case law, an analysis of the appropriate standard to be applied for that specific filing, and a description of how that standard has been satisfied;
>
> (4) Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing.

1

*Id.* The Local Rule also provides that

> [w]hen a party moves to file material under seal because another party has designated that material as confidential, the party designating the material as confidential must file a response to the motion complying with requirements (2), (3), and (4) above along with a proposed order.

*Id.* The parties have not complied with these requirements.

Importantly, judicial proceedings are generally open to the public, and the public has a right of access to judicial records and documents. *See, e.g., In re Wash. Post Co.*, 807 F.2d 383 (4th Cir. 1986). The public's right of access derives from the common law and, in some instances, from the First Amendment. *Va. Dept. of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004). To be sure, the public's right of access is not unfettered. *See, e.g., Nixon v. Warner Comm'cns, Inc.*, 435 U.S 589 (1978). The Fourth Circuit instructs, however, that a motion to seal may not be granted without, *inter alia*, (i) "determin[ing] the source of the [public's] right of access with respect to each document"; (ii) "consider[ing] less drastic alternatives to sealing"; and (iii) "stat[ing] the reasons (and specific supporting findings) for [the] decision and the reasons for rejecting alternatives to sealing." *Va. Dept.*, 386 F.3d at 576.

Accordingly, and for good cause,

It is hereby **ORDERED** that defendants' motion to seal is **DENIED**.

It is further **ORDERED** that defendants may, if they wish to do so, renew their motion to seal by filing a pleading that complies with Local Civil Rule 5.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
October 25, 2016

_____
T. S. Ellis, III
United States District Judge