**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| ROSY GIRON DE REYES; JOSE DAGOBERTO REYES; FELIX ALEXIS BOLANOS; RUTH RIVAS; YOVANA JALDIN SOLIS; ESTEBAN RUBEN MOYA YRAPURA; ROSA ELENA AMAYA; and HERBERT DAVID SARAVIA CRUZ, <br><br> *Plaintiffs*, <br><br> vs. <br><br> WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP; WAPLES PROJECT LIMITED PARTNERSHIP; and A.J. DWOSKIN & ASSOCIATES, INC., <br><br> *Defendants*. | Civil Action No. 1:16cv00563-TSE-TCB |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL**
**PRODUCTION OF DOCUMENTS**

**TABLE OF CONTENTS**

FACTUAL BACKGROUND ..................................................................................................4

LEGAL STANDARD ..........................................................................................................6

ARGUMENT .......................................................................................................................8

I.     THE COURT SHOULD COMPEL DEFENDANTS TO PRODUCE
       WITHHELD EMAILS WITH YARDI EMPLOYEES .......................................................8

       A.     Defendants waived any right to assert attorney-client privilege over these
              documents by revealing communications with counsel to a third party. .................8

       B.     Communications to and from Yardi are not protected by work product
              immunity because Yardi is not a representative of Defendants and
              Defendants have no reasonable expectation of confidentiality with Yardi. ..........10

II.    THE COURT SHOULD COMPEL DEFENDANTS TO PRODUCE
       DOCUMENTS WITHOUT REDACTIONS WHERE THERE IS NO CLAIM OF
       WORK PRODUCT OR ATTORNEY-CLIENT PRIVILEGE AS SPECIFIED IN
       THE PROTECTIVE ORDER ....................................................................................12

       A.     Defendants waived privilege for redacted documents not identified on the
              privilege log. ...............................................................................................13

       B.     Defendants waived privilege by redacting selective information in
              violation of the Protective Order. .................................................................14

CONCLUSION ..................................................................................................................16

Plaintiffs Rosy Giron De Reyes, Jose Dagoberto Reyes, Felix Alexis Bolanos, Ruth Rivas, Yovana Jaldin Solis, Esteban Ruben Moya Yrapura, Rosa Elena Amaya, and Herbert David Saravia Cruz ("Plaintiffs"), by and through their attorneys, respectfully submit this Memorandum in Support of Plaintiffs' Motion to Compel Production of Documents from Waples Mobile Home Park Limited Partnership, Waples Project Limited Partnership, and A.J. Dwoskin & Associates, Inc. ("Defendants"). Plaintiffs seek discovery of two categories of documents: (1) a series of email communications that Defendants improperly identified as privileged, and (2) unredacted versions of records that Defendants redacted without designating as privileged.

First, in their privilege log, Defendants identified as attorney-client privileged and attorney work product a series of documents sent to or created by employees of Yardi Systems, Inc. ("Yardi"), a software provider for the real estate investment management and property management industry.[1] Yardi is neither a party to this litigation, nor an agent, representative, or subsidiary of Defendants. Accordingly, any communications between its employees and Defendants are not privileged in the first instance. Further, to the extent Yardi was privy to any prima facie attorney-client privileged communications, privilege was waived because Yardi is a third-party. Finally, to the extent that any of these documents constituted attorney work product, Defendants waived immunity by disclosing them to Yardi without the expectation of confidentiality.

---

[1]  *See* Ex. 5 at entries with Control Nos. DOCID00568887, DOCID00569569, DOCID00577576, DOCID00577620, DOCID00577714, DOCID00577718, DOCID00650026, DOCID00568794-568795, DOCID00653346, DOCID00657329, DOCID00657871-657872, DOCID00658337-658338.

Second, Defendants produced over 50 documents containing redactions without having designated these documents as privileged as required by the Protective Order.[2]   Defendants redacted these documents without notifying Plaintiffs, and refused to log the documents they redacted upon Plaintiffs' request.  Defendants have claimed they are entitled to redact personal information in spite of the Protective Order, which states that a court order is required to do so. They also asserted that the redactions are permissible because the information is "irrelevant" to the litigation.  This assertion is unfounded, and is likewise not permitted by the Protective Order. As such, the Defendants must reproduce the documents without redactions in accordance with the Protective Order.

For the foregoing reasons, the Court should determine that Defendants cannot assert any privilege over these documents, and compel Defendants to produce them.

---

[2]   *See* WAPLES00001474-WAPLES0000147, WAPLES00001607, WAPLES00001613, WAPLES00001615, WAPLES00002359, WAPLES00001435, WAPLES00001436, WAPLES000001486, WAPLES00002048, WAPLES00002180, WAPLES00001929, WAPLES00001940-WAPLES00001943, WAPLES00002030, WAPLES00001843 - WAPLES00001850, WAPLES00001870 - WAPLES00001873, WAPLES00002450, WAPLES00001891-WAPLES00001893, WAPLES00002156, WAPLES00002734, WAPLES00002090, WAPLES00002139, WAPLES00001920, WAPLES00002196, WAPLES00002725, WAPLES00002728-WAPLES00002731, WAPLES00002056, WAPLES00002131, WAPLES00001945-WAPLES00001973, WAPLES00001876 - WAPLES00001879. WAPLES00001880 – WAPLES00001882, WAPLES00001921, WAPLES00002636 - WAPLES00002645, WAPLES00002123, WAPLES00002202, WAPLES00002543- WAPLES00002545, WAPLES00002106, WAPLES00002185, WAPLES00002165, WAPLES00002423 - WAPLES00002425, WAPLES00002081, WAPLES00002448, WAPLES00002442 - WAPLES00002446, WAPLES00002114, WAPLES00001791 - WAPLES00001800  WAPLES00002147, WAPLES00002039, WAPLES00002064, WAPLES00002359-WAPLES00002383, WAPLES00002073, WAPLES00002418, WAPLES00002420, WAPLES00002798, WAPLES00002098, WAPLES00002190, WAPLES00002173.

## FACTUAL BACKGROUND

On August 17, 2016, the parties filed a Proposed Joint Discovery Plan (Dkt. 41), a joint motion for entry of a Proposed Protective Order (Dkt. 42), and a joint motion for entry of a proposed electronic discovery order (Dkt. 43).  The next day, the Court entered the Scheduling Order (Dkt. 47) approving the parties' Proposed Joint Discovery Plan.  (Dkt. 41) [hereinafter "Joint Discover Plan"].  It also signed the Proposed Protective Order (Dkt. 45) [hereinafter "Protective Order"] and Proposed Electronic Discovery Order (Dkt. 46) [hereinafter "Electroninc Discovery Order"].  In the Joint Discovery Plan, the parties agreed to address "any claims of privilege made within discovery responses" in a privilege log to be "produced no later than 7 days after the production of discovery."  Joint Discovery Plan at 4–5.  The parties further agreed to provide information and a description "sufficient to understand the subject matter of the document and the basis of the claim of privilege or immunity. . . [for] any Document that has been redacted or withheld on the basis of a claim of privilege or immunity."  *Id.*  By stipulating to the Protective Order, Defendants agreed that "Documents and things produced during the course of discovery deemed by the party producing or disclosing them ("Producing Party") to contain confidential information may be designated by the Producing Party by marking the document or thing with the legend 'CONFIDENTIAL.'"  Protective Order at 2.  Defendants also agreed that "no discoverable information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by this Order unless the party claiming a need for greater protection moves for an order providing such special protection by no later than the date on which its response to such discovery is due."  Protective Order at 11.

During the course of the parties' meet and confer process regarding Plaintiffs' first set of requests for production and interrogatories, Defendants further confirmed that "any emails

4

Defendants withhold based on attorney-client privilege and work product protections will be included in a privilege log." Ex. 1 (Sept. 12, 2016 email from M. Dingman to A. Trajtenberg).

On September 19, October 3, October 13, and October 19, 2016, Defendants produced various documents in response to Plaintiffs' First Set of Requests for Production and meet and confers. On October 19, 2016, Plaintiffs sent Defendants an email notifying them that a privilege log corresponding to the September 19 and October 3 productions was overdue, and requesting that a privilege log be produced immediately. *See* Ex. 2 (Oct. 19, 2016 email from A. Trajtenberg to J. deBettencourt).

On October 21, 2016 Defendants sent Plaintiffs their privilege log. *See* Ex. 3. Plaintiffs notified Defendants that several of their log descriptions were insufficient to evaluate Defendants' claim of privilege or immunity, explained what information was needed to evaluate Defendants' claims, and requested that they cure their breach of the Protective Order. Ex. 4 (November 4, 2016 email from A. Trajtenberg to J. deBettencourt). Defendants responded on November 10, 2016 providing an updated privilege log (Ex. 5) and explaining their claims of privilege. Their responses made it evident that many documents withheld are not protected by either attorney client privilege or work product immunity. *See* Ex. 6 (November 10, 2016 email from J. deBettencourt to A. Trajtenberg). Defendants also reasserted their unabashed refusal to comply with the Protective Order, arguing they could redact information they deemed to be irrelevant and essentially ignoring Plaintiffs' request to add documents redacted under a claim of privilege to the privilege log. *Id.* The next day, Plaintiffs requested to meet and confer with Defendants. Ex. 7 (November 10, 2016 email from A. Trajtenberg to J. deBettencourt). A few hours prior to the meet and confer, Plaintiffs' sent Defendants an email identifying documents with redactions in response to Defendants' request to do so in their November 10 email. Ex. 6 (November 10, 2016

email from J. Debettencort to A. Trajtenberg).    On November 11, 2016, the parties met and

conferred.    During the meet and confer Defendants claimed to be unaware of such documents,

even though Plaintiffs explicitly raised this issue in their November 4, 2016 email and Defendants

themselves redacted the documents in violation of the Protective Order and without notifying

Plaintiffs.  Ex. 4.  Further discussion regarding the documents would not alter Plaintiffs' position

that Defendant is not entitled to redact neither "irrelevant" nor personal identifying information.

At the conclusion of the meet and confer the parties were unable to resolve the issues regarding

communications with Yardi employees and redacted documents.

## LEGAL STANDARD

Parties may seek discovery regarding "any nonprivileged matter that is relevant to any

party's claim or defense . . . ."  Fed. R. Civ. P. 26(b)(1).  Such matter sought by discovery "need

not be admissible in evidence to be discoverable."  *Id.*  The Fourth Circuit construes the attorney-

client and work product privileges narrowly, recognizing them "only to the very limited extent

that. . . excluding relevant evidence has a public good transcending the normally predominant

principle of utilizing all rational means for ascertaining truth." *Hawkins v. Stables,* 148 F.3d 379,

383 (4th Cir. 1998) (internal quotations and citation omitted).

The party withholding relevant materials under a claim of attorney-client privilege or work

product immunity bears the burden of "establishing that a privilege applies to document as to

which the claim of privilege is made." *Rambus, Inc. v. Infineon Techs. AG*, 220 F.R.D. 264, 272

(E.D. Va. 2004).  The descriptions in the claiming party's privilege log must satisfy the claiming

party's burden. *Id.*  ("[The] assessment [of the claim of privilege] and any challenge, of course,

must be done on the basis of the description contained on the log (or an equivalent pleading)

because the opposing party does not have access to the putatively privileged document when

seeking to mount a challenge to a privilege claim."); *see also Neuberger Berman Real Estate*

*Income Fund, Inc. v. Lola Brown Trust No. 1B,* 230 F.R.D. 398, 406 (D. Md. 2005) ("The standard

for testing the adequacy of the privilege log is whether, as to each document, it sets forth facts that,

if credited, would suffice to establish each element of the privilege or immunity that is claimed.").

      To assert the attorney-client privilege, "Defendants must show, as to each document, that:

(1) the asserted holder of the privilege is or has sought to become a client; (2) the person to whom

the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in

connection with this communication is acting as a lawyer; (3) the communication relates to a fact

of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for

the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance

in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the

privilege has been (a) claimed and (b) not waived by the client." *Hawkins v. Stables,* 148 F.3d

379, 383 (4th Cir. 1998). "Any disclosure inconsistent with maintaining the confidential nature of

the attorney-client relationship waives the privilege." *United States v. Jones,* 696 F.2d 1069, 1072

(4th Cir. 1982).

      To establish the applicability of the work product privilege, Defendants must show, as to

each document, that the work product in question was: (1) prepared by, or under the direction of,

an attorney and (2) was prepared in anticipation of litigation. *Hickman v. Taylor,* 329 U.S. 495, 67

S.Ct. 385, 91 L.Ed. 451 (1947); *In re Grand Jury Proceedings,* 102 F.3d 748, 750 (4th Cir.1996).

**ARGUMENT**

I.   **THE COURT SHOULD COMPEL DEFENDANTS TO PRODUCE WITHHELD EMAILS WITH YARDI EMPLOYEES**

A.   **Defendants waived any right to assert attorney-client privilege over these documents by revealing communications with counsel to a third party.[3]**

In their privilege log, Defendants assert that emails and other communications exchanged between its employees and Yardi employees Brady Bustany, Patrick Hennessey, and Amy Gerritsen are protected by the attorney-client privilege.  *See* Ex. 5 at entries with Control Nos. DOCID00568887,    DOCID00569569,    DOCID00650026,    DOCID00658337-    6583385, DOCID00660653- 660654, DOCID00660698, DOCID01073509, DOCID01103636.   The Fourth Circuit has clearly stated, however, that for attorney client privilege to apply:

> (1) the asserted holder of the privilege [must be] or has sought to become a client; [and] (2) the person to whom the communication was made (a) [must be] a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer. . . .

*Hawkins v. Stables,* 148 F.3d 379, 383 (4th Cir.1998).  *See also United States v. Jones,* 696 F.2d 1069, 1072 (4th Cir.1982).  None of the Yardi employees on these emails have been retained as an attorney for the Defendants, so it is irrelevant that their communications regard "information in connection with seeking legal advice."  *See, e.g.*, Ex. 5 at entries with Control Nos. DOCID00577576.    Thus, Defendants' claim of attorney-client privilege over these communications is unfounded.

Defendants also assert privilege over communications between Defendants and Yardi employees that include Defendants' in-house counsel, Michael Dean, and outside counsel, Michael

---

[3]   During the November 11, 2016 meet and confer, Defendants made the representation that communications with Yardi were not protected by the attorney-client privilege.

Dingman.  *See* Ex. 5 at entries with Control Nos. DOCID00568794-568795, DOCID00657329, DOCID00657871-657872.  The Yardi employees' presence in these communications involving Defendants and their counsel waives any attorney-client privilege.  This Court "[takes] almost a strict liability approach to third party disclosure." *Fed. Election Comm'n v. Christian Coal.*, 178 F.R.D. 61, 71–72 (E.D. Va. 1998).  "Once [the information ends up] in the hands of a third party, the privilege, if it ever existed, is lost." *Id.*  Yardi is a third party as far as waiver is concerned because it is not an agent, representative, or corporate parent or subsidiary of Defendants.  Rather, Defendants merely possess a business relationship with Yardi in the context of Defendants' use of Yardi's residential screening services.  Consequently, by disclosing attorney-client communications with Yardi, Defendants waived the protection these communications could have otherwise received.

Defendants also cannot show that they possess a "common interest" in the litigation with Yardi.  The common interest doctrine "permits parties whose legal interests coincide to share privileged materials with one another in order to more effectively prosecute or defend their claims." *See Bethune-Hill v. Virginia State Bd. of Elections*, 114 F. Supp. 3d 323, 346 (E.D. Va. 2015) (citing *Hunton & Williams v. DOJ,* 590 F.3d 272, 277 (4th Cir.2010)).  This rule "is an exception to the ordinary principle that a privilege is waived when the confidential information is shared with a third party." *In re Outsidewall Tire Litig.*, No. 1:09CV1217, 2010 WL 2696643, at *2 (E.D. Va. July 6, 2010).  Defendants and Yardi, however,  do not have a "common interest" in this litigation: Yardi is neither a party to this litigation or a prospective litigation involving Defendants, nor is it facing a similar, separate action.  *See In re Grand Jury Subpoenas, 89-3 & 89-4, John Doe 89-129,* 902 F.2d 244, 249 (4th Cir. 1990) ("[C]ourts have extended the joint defense privilege to civil co-defendants, companies that had been individually summoned before

a grand jury who shared information before any indictment was returned, potential co-parties to prospective litigation, plaintiffs who were pursuing separate actions in different states, and civil defendants who were sued in separate actions.") (internal citations omitted).   As a result, the common interest rule cannot displace the ordinary principle of third party waiver here.   Defendants thus cannot claim attorney-client privilege for any communications sent to Yardi employees referenced in their privilege log, regardless of whether or not Defendants' counsel are included on the communications.

> **B.   Communications to and from Yardi are not protected by work product immunity because Yardi is not a representative of Defendants and Defendants have no reasonable expectation of confidentiality with Yardi.[4]**

Defendants also claim that the communications with Yardi employees noted in the privilege log are protected by work product immunity.   Ex. 5 at entries with Control Nos. DOCID00568887, DOCID00569569, DOCID00577576, DOCID00577620, DOCID00577714, DOCID00577718, DOCID00650026, DOCID00568794-568795, DOCID00653346, DOCID00657329, DOCID00657871-657872, DOCID00658337-658338.   Federal Rule of Civil Procedure 26(b)(3) grants protection from discovery to "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)."   This protection does not apply to documents created by an individual who is not a party or a representative of a party, even if the documents were created in anticipation of litigation. *Johnson v. Standex Int'l Corp.,* 153 F.R.D. 80, 83 (E.D. Va. 1994); *Green v. Sauder Mouldings, Inc.*, 223

---

[4]   During the November 11, 2016 meet and confer, Defendants represented that information was redacted under the sole claim that such information was not relevant.  Defendants stated that redactions were not made under a claim of attorney-client privilege, work product, or confidential information.

F.R.D. 304, 306 (E.D. Va. 2004).  Brady Bustany, Patrick Hennessey, and Amy Gerritsen prepared

several documents that appear in Defendants' privilege log.  Ex. 5 at entries with Control Nos.

DOCID00568887, DOCID00569569, DOCID00577576, DOCID00577620, DOCID00577714,

DOCID00577718, DOCID00650026.  They are not representatives of Defendants, nor are they

parties to this litigation. Therefore, any documents they created relating to this litigation cannot be

considered privileged work product.

Nor can Defendants claim work product privilege for documents that their employees

prepared and sent to Yardi employees.  Ex. 5 at Control. Nos. DOCID00568794-568795,

DOCID00653346, DOCID00657329, DOCID00657871-657872, DOCID00658337-658338.  A

party or its attorney waives work product privilege "when disclosure occurs in circumstances in

which the attorney cannot reasonably expect to limit the future use of the otherwise privileged

material." *In re Doe*, 662 F.2d 1073, 1081 (4th Cir. 1981).  As such, the "reasonableness of the

disclosing party's expectation of confidentiality [is] the touchstone for determining whether work

product privilege was waived." *E.I. Du Pont de Nemours & Co. v. Kolon Indus., Inc.*, No. CIV.A.

3:09CV58, 2010 WL 1489966, at *5 (E.D. Va. Apr. 13, 2010).  One instance in which the Eastern

District of Virginia has found that such an expectation of confidentiality is unreasonable is when

potential non-party witnesses receive copies of the work product.  *Green v. Sander Mouldings,*

*Inc.,* 223 F.R.D. 304, 307–8 (E.D.V.A. 2004).

Similarly, Defendants waived work product immunity by sending emails providing

information to or requesting information from Yardi employees.  Yardi is a potential witness in

this litigation; indeed, both Plaintiffs and Defendants have contacted Yardi seeking information

regarding various aspects of its software and policies.  Moreover, as far as Defendants are aware

(or have made known to Plaintiffs), Yardi never indicated that it would maintain the confidentiality

of the emails sent between Defendants and Yardi regarding the litigation. Thus, Defendants could

not have had a reasonable belief that Yardi would keep Defendants' work product confidential as

is required by this jurisdiction. For these reasons, both grounds for Defendants' claims of privilege

as to entries on Defendants' privilege log with Control Nos. DOCID00568887, DOCID00569569,

DOCID00577576, DOCID00577620, DOCID00577714, DOCID00577718, DOCID00650026,

DOCID00568794-568795, DOCID00653346, DOCID00657329, DOCID00657871-657872,

DOCID00658337-658338 are inapposite, and the Court should compel their production.

## II.    THE COURT SHOULD COMPEL DEFENDANTS TO PRODUCE DOCUMENTS WITHOUT REDACTIONS WHERE THERE IS NO CLAIM OF WORK PRODUCT OR ATTORNEY-CLIENT PRIVILEGE AS SPECIFIED IN THE PROTECTIVE ORDER

Defendants arbitrarily redacted information in more than 50 documents,[5] violating both the

Joint Discovery Plan and the Protective Order. Plaintiffs are unable to discern whether information

was redacted under a claim of privilege because Defendants did not log such information as

---

[5] *See* WAPLES00001474-WAPLES0000147 (entire pages redacted), WAPLES00001607, WAPLES00001613, WAPLES00001615, WAPLES00002359, WAPLES00001435, WAPLES00001436, WAPLES000001486, WAPLES00002048, WAPLES00002180, WAPLES00001929, WAPLES00001940-WAPLES00001943 (entire pages redacted), WAPLES00002030, WAPLES00001843 - WAPLES00001850 (entire pages redacted), WAPLES00001870 - WAPLES00001873 (entire pages redacted), WAPLES00002450, WAPLES00001891-WAPLES00001893 (entire pages redacted), WAPLES00002156, WAPLES00002734, WAPLES00002090, WAPLES00002139, WAPLES00001920, WAPLES00002196, WAPLES00002725 WAPLES00002728-WAPLES00002731, WAPLES00002056, WAPLES00002131, WAPLES00001945-WAPLES00001973, WAPLES00001876 - WAPLES00001879, WAPLES00001880 – WAPLES00001882 WAPLES00001921, WAPLES00002636 - WAPLES00002645 WAPLES00002123, WAPLES00002202, WAPLES00002543-WAPLES00002545, WAPLES00002106, WAPLES00002185, WAPLES00002165, WAPLES00002423 - WAPLES00002425, WAPLES00002081, WAPLES00002448, WAPLES00002442 - WAPLES00002446, WAPLES00002114, WAPLES00001791 - WAPLES00001800, WAPLES00002147, WAPLES00002039, WAPLES00002064, WAPLES00002359-WAPLES00002383, WAPLES00002073, WAPLES00002418, WAPLES00002420, WAPLES00002798, WAPLES00002098, WAPLES00002190, WAPLES00002173.

required by the Joint Discovery Plan.  To the extent Defendants redacted information for reasons

other than a claim of privilege, Defendants violated the Protective Order.  Plaintiffs' request for

Defendants to identify documents redacted under a claim of privilege and to comply with the

Protective Order was met with an improper response from Defendants.  Defendants refused to log

purportedly privileged documents and flouted the Protective Order by casually stating they were

permitted to redact personal identifying information that they viewed as irrelevant.  *See* Ex. 6 (Nov.

10, 2016 email from J. deBettencourt to A. Trajtenberg).  The Protective Order explicitly precludes

this in the absence of a separate court order.  Protective Order at 11.  The Court should find that

Defendants waived privilege for redacted documents and order Defendants to produce unredacted

versions of all documents that were redacted.

### A.     Defendants waived privilege for redacted documents not identified on the privilege log.

Defendants waived privilege by failing to log documents redacting purportedly privileged

information.  Defendants did not create privilege log entries for documents that have been redacted

under a claim of privilege or immunity, as required by the Joint Discovery Plan. The Joint

Discovery Plan requires information to be logged for "any Document that has been *redacted* or

withheld on the basis of a claim of privilege or immunity."  Joint Discovery Plan at 4 (emphasis

added).   Defendants' failure to log or identify documents redacted on the basis of attorney-client

privilege even after Plaintiffs requested (Ex. 4 (November 4, 2016 email from A. Trajtenberg to J.

deBettencourt)), and their failure to meet and confer on the issue constitutes waiver of the

privilege. *Sectek Inc. v. Diamond*, No. 115CV1631GBLMSN, 2016 WL 5897763, at *3 (E.D. Va.

Oct. 6, 2016); *See also Cappetta v. GC Servs. Ltd. P'ship,* No. CIV. A. 3:08CV288, 2008 WL

5377934, at *4–5 (E.D. Va. Dec. 24, 2008) (Where a party has taken no precautions to properly

assert the privilege, and has allowed time to pass without clarifying the basis for its assertion of

13

privilege, waiver of the privilege may be an appropriate sanction.).  Rather than creating privilege log entries for documents redacted under a claim of attorney-client privilege, Defendants asked Plaintiffs to identify which documents they were referring to.  Ex. 6 (November 10, 2016 email from J. deBettencourt to A. Trajtenberg).

Defendants also failed to comply with Protective Order by redacting selective information. The court should compel Defendants to produce unredacted versions of non-privileged documents.   The Federal Rules of Civil Procedure permit parties to modify "procedures governing or limiting discovery" by stipulation. Fed. R. Civ. P. 29.  Courts disfavor stipulations that "thwart, rather than promote full disclosure."  *I/P Engine, Inc. v. AOL, Inc.*, 283 F.R.D. 322, 324 (E.D. Va. 2012); see also *In re Sinclair Oil Corp.,* 881 F. Supp. 535, 539 (D. Wyo. 1995) ("The Stipulation should be construed in harmony with the Federal Rules['] ... policy of full disclosure rather than limiting disclosure.")

**B.** **Defendants waived privilege by redacting selective information in violation of the Protective Order.**

Defendants violated the Protective Order by arbitrarily redacting information from documents responsive to Plaintiffs' Requests for Production and not notifying Plaintiffs about such redactions nor providing a reason for doing so.  The Protective Order explicitly forbids parties from withholding non-privileged, discoverable information unless that party moves for an order requesting special protection.  Protective Order at 11 ("No discoverable information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by this Order unless the party claiming a need for greater protection moves for an order providing such special protection by no later than the date on which its response to such discovery is due.").  This Court is authorized to take action in response to Defendants' defiance of its Protective Order.  *See, e.g., United States v. National Medical Enterprises, Inc.,* 792 F2d 906,

910 (9th Cir 1986) (allowing Rule 37(b) sanctions under the assumption, without comment, that protective order violations fall within the Rule's authority to sanction "if a party fails to comply with a discovery order"); *Projects Mgmt. Co. v. Dyncorp Int'l LLC*, 734 F.3d 366, 375 (4th Cir. 2013) (citing *United States v. National Medical Enterprises, Inc*. for the proposition that courts are authorized to sanction noncompliance with discovery orders).

Plaintiffs have scrupulously abided by the Protective Order, which Defendants reciprocated by blatantly disregarding it.   Only one of over 50 documents  is identified on Defendants' privilege log (even though such documents can be redacted in the first place).  What's more, in response to Plaintiffs' November 4, 2016 email reminding Defendants of the requirements they had agreed to in the Protective Order, Defendants stated  that in regard to the single entry logged, "the information was redacted because it contains personal information that is not relevant to the claims and defenses in the lawsuit, nor is the disclosure of this personal information likely to lead to the discovery of relevant evidence."   Ex. 6 (November 10, 2016 email from J. deBettencourt to A. Trajtenberg).   Defendants cannot make up their own rules by claiming they can redact information  they claim is not relevant. *See, e.g.*, *Anthropologie, Inc. v. Forever 21, Inc.*, No. 07 CIV. 7873 RJSMHD, 2009 WL 690126, at *5 (S.D.N.Y. Mar. 13, 2009) (rejecting defendants' argument that redactions "were permissible to eliminate irrelevant material" and ordering defendants to "produce the non-privileged documents in unredacted form").   This is particularly true in light of the fact that Defendants' production of the documents in the first place acknowledges their relevance to the parties' claims or defenses. Moreover, Defendants make the oxymoronic statement that "Defendants do not claim that the one redaction [that appeared on the privilege log] you cite needs greater protection than provided by the Protective Order." Ex. 6 (November 10, 2016 email from J. deBettencourt to A. Trajtenberg).  This is illogical.  By

15

redacting the information, Defendants are representing that the information needs more protection than the Protective Order provides.

Not only do Defendants' redactions violate the Protective Order, but they are applied inconsistently.    Defendants claim they are redacting personal identifying information, yet Defendants produced several documents containing personal identifying information of non-plaintiffs. *See, e.g.*, WAPLES00001575 – WAPLES00001580 (resident screening results for non-Plaintiff applicant showing applicant's income, criminal background, date of birth, and last four digits of applicant's Social Security Number).    Moreover, Defendants redact information concerning Plaintiffs. *See* WAPLES00002359.[6]  In some cases, Defendants redact information on documents already marked as confidential.  *See, e.g.*, WAPLES00002734.  Plaintiffs respectfully request that the Court compel Defendants to produce all documents without redactions.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion to Compel Production of Documents.

---

[6]  During the November 11, 2016 meet and confer, Defendants represented that they would follow-up on why such information was redacted.

16

DATED this 11th day of November, 2016  Respectfully submitted,


/s/ *Paul Brinkman*
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Paul Brinkman, VSB # 35950
Jeanhee Hong (*pro hac vice*)
Ariel Wade Trajtenberg (*pro hac vice*)
Diego Durán de la Vega (*pro hac vice*)
Jongwook Kim (*pro hac vice*)
William A. Margeson (*pro hac vice*)

777 Sixth Street NW, 11th Floor
Washington, District of Columbia 20001
Phone: (202) 538-8000
Fax: (202) 538-8100
paulbrinkman@quinnemanuel.com
jeanheehong@quinnemanuel.com
arieltrajtenberg@quinnemanuel.com
diegoduran@quinnemanuel.com
wookiekim@quinnemanuel.com
billmargeson@quinnemanuel.com

LEGAL AID JUSTICE CENTER
Simon Sandoval-Moshenberg, VSB #77110
Rebecca Wolozin, VSB #89690

6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Phone: (703) 778-3450
Fax: (703) 778-3454
simon@justice4all.org
becky@justice4all.org

*Counsel for Plaintiffs*

17

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of November, 2016, I filed the foregoing

Memorandum in Support of Plaintiffs' Motion to Compel Production of Documents

electronically with the Clerk of the Court using the ECF system, and caused to be served by

electronic mail a copy of the foregoing document upon the following parties:

Michael S. Dingman, VSB #30031
Justin deBettencourt, VSB # 83806
REED SMITH LLP
7900 Tysons One Place, Suite 500
McLean, Virginia 22102
Phone: (703) 641-4200
Fax: (703) 641-4340
mdingman@reedsmith.com
jdbettencourt@reedsmith.com

*Counsel for Defendants*


                                         */s/ Paul Brinkman*
                                         QUINN EMANUEL URQUHART &
                                         SULLIVAN, LLP
                                         Paul Brinkman, VSB # 35950

                                         777 Sixth Street NW, 11th Floor
                                         Washington, District of Columbia 20001-3706
                                         Phone: (202) 538-8000
                                         Fax: (202) 538-8100
                                         paulbrinkman@quinnemanuel.com

                                         *Counsel for Plaintiffs*