IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROSY GIRON DE REYES, *et al.*, <br><br> Plaintiff, <br><br> v. <br><br> WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP, *et al.*, <br><br> Defendants. | Civil No.: 1:16cv563-TSE-TCB |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANTS' MOTION TO SEAL**

Defendants Waples Mobile Home Park Limited Partnership, Waples Project Limited Partnership, and A. J. Dwoskin & Associates, Inc. (collectively "Defendants"), by counsel, pursuant to Local Civil Rule 5, submit this memorandum of points and authorities in support of Defendants' Motion to Seal.

**I.  Introduction**

Defendants agreed to a Stipulated Protective Order (Dkt. 45) which requires the parties to file information designated as confidential under seal with the Court. Pursuant to the Stipulated Protective Order (Dkt. 45), Defendants and Plaintiffs have designated certain documents as confidential, which Defendants have attached to Defendants' memorandum Supporting Motion for Summary Judgment and referred to therein.

**II.  Exhibits Designated by Plaintiffs as Confidential**

Pursuant to the Stipulated Protective Order (Dkt. 45), Plaintiffs designated their Answers to Defendants' Requests for Admission and Responses to Defendants' Interrogatories as

confidential. These documents are attached as Exhibits 1-8, 31 to Defendants' Motion for Summary Judgment filed on November 23, 2016.

Plaintiffs also designated their deposition transcripts as confidential. Defendants cited to and attached Plaintiffs' deposition transcripts to Defendants' Motion for Summary Judgment filed on November 23, 2016. These deposition transcripts are attached as Exhibits 9-16 to Defendants' memorandum supporting Defendants' Motion for Summary Judgment.

Because Plaintiffs have labeled this information as confidential pursuant to the Stipulated Protective Order (Dkt. 45), Defendants have filed this Motion to Seal pursuant to Local Civil Rule 5.

Until the Court determines whether Exhibits 1-16, 31 to Defendants' Motion for Summary Judgment should be sealed, Defendants have redacted Exhibits 1-16, 31 from Defendants' Motion for Summary Judgment and filed a redacted version of the memorandum in support of Defendants' Motion for Summary Judgment.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 282 (4th Cir. 2000), held that documents may be sealed pursuant to district court order when the court: (1) provides notice to the public and gives it an opportunity to object to sealing, (2) considers less drastic alternatives, and (3) provides specific findings in support of the decision to seal and the rejection of alternatives. Those requirements are met here.

First, Defendants have concurrently filed a Notice of Motion to be docketed by the Clerk. The Notice will provide the public with an opportunity to object to the sealing of the documents in question.

Second, no feasible alternative exists to filing these documents under seal, in light of the Protective Order requiring information designated confidential pursuant to the Order to be filed

with the court consistent with Local Rule 5 of the Eastern District of Virginia. Accordingly, the utmost discretion and confidentiality is necessary, and filings in this action should be kept under seal.

### III. Exhibits Designated by Defendants as Confidential

Pursuant to the Stipulated Protective Order (Dkt. 45), Defendants have designated a marketing plan, an email regarding marketing efforts, and a sensitive letter to an unconnected third-party tenant as confidential. These documents are attached as Exhibits 32-34 to Defendants' memorandum supporting Defendants' Motion for Summary Judgment filed on November 23, 2016. Defendants also cite to these documents in the memorandum supporting Defendants' Motion for Summary Judgment filed on November 23, 2016.

These documents and the references thereto contain confidential or sensitive business information relating to the confidential marketing efforts of Defendants and the private information of an unconnected third-party tenant. *Ashcraft v. Conoco, Inc.*, 218 F.3d 282 (4th Cir. 2000), held that documents may be sealed pursuant to district court order when the court: (1) provides notice to the public and gives it an opportunity to object to sealing, (2) considers less drastic alternatives, and (3) provides specific findings in support of the decision to seal and the rejection of alternatives. Those requirements are met here.

The common law right to inspect and copy judicial records and documents is "not absolute." *In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 98 (1978)). The Court "has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *Knight*, 743 F.2d at 235.

First, Defendants have concurrently filed a Notice of Motion to be docketed by the Clerk. The Notice will provide the public with an opportunity to object to the sealing of the documents in question.

Second, no feasible alternative exists to filing these documents under seal because these documents contain Defendants' confidential business information or the private information of an unconnected third-party tenant. This Court has recognized that information of this type, due to its highly sensitive nature, merits the sealing of filings. *See, e.g., RegScan, Inc. v. The Bureau of Natl. Affairs, Inc.*, 100 U.S.P.Q.2d 1635 (E.D. Va. 2011) (granting motion to seal information pertaining to commercial trade secrets).

Finally, specific reasons exist to support the rejection of alternatives to sealing the Exhibits and portions of the memorandum reflecting confidential information. The United States Supreme Court has recognized that it is proper for courts to "refuse[] to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing" or for other such improper purposes. *Nixon*, 435 U.S. at 598 (citations omitted). Further, because the at-issue documents involve "private commercial conduct" lacking a substantial relation to any "important governmental or political question," the interest of maintaining the confidentiality of private parties is significant. *RegScan, Inc.* 100 U.S.P.Q.2d at 1637-1638. Due to the confidential nature of the documents designated by Defendants as confidential and confidential portions of the memorandum, permitting the underlying documents and references thereto to be filed on the public docket would not adequately protect Defendants' business interest and the privacy interests of a unconnected third-party.

## IV. CONCLUSION

For the aforementioned reasons, Defendants respectfully submit their Motion to Seal for consideration by the Court.

Respectfully submitted,

WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP, WAPLES PROJECT LIMITED PARTNERSHIP AND
A. J. DWOSKIN & ASSOCIATES, INC.

/s/
Michael S. Dingman (VSB No. 30031)
Justin deBettencourt (VSB No. 83806)
7900 Tysons One Place
Suite 500
McLean, Virginia 22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
mdingman@reedsmith.com
jdebettencourt@reedsmith.com
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of November, 2016, I caused the foregoing to be filed electronically with the Clerk of the Court using CM/ECF, which will then send a notification of such filing to all counsel of record.

/s/
Michael S. Dingman (VSB No. 30031)
Justin deBettencourt (VSB No. 83806)
7900 Tysons One Place
Suite 500
McLean, Virginia 22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
mdingman@reedsmith.com
jdebettencourt@reedsmith.com