# Exhibit 1

Case 1:16-cv-00563-PTG-WBP Document 103-2 Filed 11/23/16 Page 1 of 5 PageID# 1411

| | |
|---|---|
| **From:** | Ariel Trajtenberg |
| **Sent:** | Monday, September 12, 2016 4:44 PM |
| **To:** | Waples - QE; 'Simon Sandoval-Moshenberg'; Nady Peralta |
| **Subject:** | FW: Giron De Reyes, et al. v. Waples Mobile Home Park LP, et al., |

**Ariel Wade Trajtenberg**
*Associate,*
**Quinn Emanuel Urquhart & Sullivan, LLP**
202-538-8163 Direct
arieltrajtenberg@quinnemanuel.com

**From:** Dingman, Michael S. [mailto:MDingman@ReedSmith.com]
**Sent:** Monday, September 12, 2016 4:42 PM
**To:** Ariel Trajtenberg <arieltrajtenberg@quinnemanuel.com>
**Cc:** Bill Margeson <billmargeson@quinnemanuel.com>; Joy Odom <joyodom@quinnemanuel.com>; deBettencourt, Justin D. <JdeBettencourt@ReedSmith.com>
**Subject:** Giron De Reyes, et al. v. Waples Mobile Home Park LP, et al.,

Ariel,

Please see my responses below in red.  Happy to discuss as needed.


**Mike Dingman**
MDingman@reedsmith.com

Reed Smith LLP
7900 Tysons One Place
Suite 500
McLean, VA 22102
703.641.4323
Fax 703.641.4340

**Please note our new address effective 3-21-16:  7900 Tysons One Place, Suite 500, McLean, VA  22102**

**From:** Ariel Trajtenberg [mailto:arieltrajtenberg@quinnemanuel.com]
**Sent:** Saturday, September 10, 2016 8:42 AM
**To:** Dingman, Michael S.; deBettencourt, Justin D.
**Cc:** Bill Margeson; Joy Odom
**Subject:** Giron De Reyes, et al. v. Waples Mobile Home Park LP, et al., No. 1:16-cv-563 (E.D.Va.)

Good morning, Mike.

We write on behalf of the Plaintiffs to follow up on Thursday's meet and confer concerning Defendants' objections to Plaintiffs' first set of Requests for Production (RFPs) and Interrogatories (ROGs).

As an initial matter, you asked if Plaintiffs would consent to an extension of time for Defendants to produce their discovery responses on September 16th rather than September 12th. In the spirit of cooperation, and in hopes that we can reach an agreement on the remaining open questions, we agree.

This email is intended to (1) confirm our understanding of the agreements we reached, (2) propose some solutions to resolve outstanding questions, and (3) identify any open questions. As for any RFP or ROG not discussed below, we understand that Defendants will make a complete production, subject to the issues discussed below, the time limit we establish and any privilege claim. We have added language below regarding some interrogatories and document requests whose issues fit into the topic areas discussed below and added language regarding RFPs 1 and 16.

1. Time Frame: We agreed that Defendants would produce documents relevant to the named Plaintiffs without restriction to a particular time frame. For a large number of the other document requests and interrogatories, you objected to producing documents earlier than January 1, 2010. You agreed to let us know the date on which the Policy, and any prior version of the Policy, was drafted. Please provide this information as soon as possible. After receiving this information from you, we hope to be able to reach an agreement on the time frame applicable to the requests. A prior version of the Policy was drafted in November 2006.

2. Privilege Objections: We agreed that, pursuant to the Joint Discovery Plan, communications with Reed Smith regarding this litigation need not be logged, but otherwise any emails Defendants withhold based on attorney-client privilege and work product protections will be included in a privilege log. Agreed.

3. Albert J. Dwoskin (RFP 3): We understand that Defendants will produce any document involving Mr. Dwoskin as long as it is otherwise responsive (*e.g.*, reflects discussion related to the Policy). While we did not discuss RFP 46 or ROG 25, we believe that our understanding with respect to RFP 3 would apply equally to Defendants' responses to RFP 46 and ROG 25. Please let us know if we are mistaken. To the extent that there are documents involving Mr. Dwoskin that are responsive to other document requests for which there are no objections, we will produce such documents.

4. Corporate Structure (RFP 2, 5-6; ROG 2): We agreed that Defendants would produce organizational charts sufficient to show corporate structure, organization, and leadership. Plaintiffs reserved the right to request further production after reviewing the organizational charts. Agreed.

5. Business Reports (RFP 8): Defendants agreed to produce reports and other documents in response to this Request as long as such documents reflect information about the Policy or information relevant to any component of the Policy (i.e. the use of I-94 forms). Agreed.

6. Scope of Requests for Communications with Tenants and Prospective Tenants (RFPs 21 and 22): Defendants objected to producing "*all* documents and communications," but agreed to search for and produce documents and communications that hit on the terms identified in RFPs 21 and 22. Agreed subject to agreement on a time frame for such searches.

7. Information about Park Tenants and Occupants (RFP 42, 49-50; ROG 4): Based on your representation that Defendants do not keep any database or other record of the race or national origin of any tenant or occupant, we agreed that Defendants will produce a list of the names of all tenants and occupants for whom they have a record. Plaintiffs reserved the right to request further production after reviewing the list. Agreed to the extent such lists exist subject to agreement on a time frame for such documents.

8. Criminal/Credit Records (RFP 51 and 52; ROGs 21 and 22): You objected to producing all criminal record and credit check reports that Defendants have on file. We understood, however, that you might be amenable to producing a summary of that information. We propose that you, in the table in which you list the names of all former and current tenants and occupants (within the agreed-upon timeframe), include columns reporting whether the former or current tenant or occupant identified (i) has a criminal record (and, if so, include the

2

number of felony and misdemeanor convictions) and (ii) whether Defendants, in processing the application, obtained a credit report for the individual (and, if so, describe whether the credit score registered as (1) Excellent (800+); (2) Very Good (750-799); (3) Good (700-749); (4) Fair (650-699); (5) Poor (600-649); or (6) Very Bad (300-599)) .  This proposal is not acceptable for the reasons we discussed during our call.  We do not believe that the criminal/credit history of every prospective tenant is relevant or likely to lead to the discovery of admissible evidence.

9. Employees (RFP 7; RFP 14):  Defendants object to producing "employee files" in response to RFPs 7 & 14.  The parties disagree as to whether employee files are encompassed by any request.  Defendants also object to the relevance of producing employee files.

10. Business Plans (RFPs 47 and 48; ROG 24):  Defendants object to producing any documents regarding future plans or business projections.  Plaintiffs maintain that this information is relevant and should be produced.  Agreed that the parties dispute whether such documents are discoverable.

11. Documents Relied on Relating to Preparation of MTD (RFP 1): Defendants object to producing any documents under this request.

12. Communications to Lots Regardless of Plaintiffs (RFP 16): Defendants object to producing communications to a Lot with a different tenant before a Plaintiff lived there.

13. Each Instance When a Tenant Was Evicted for Failure to Pay Rent (ROG 23): As discussed on the call, Defendants object to providing a description for every eviction that results from a failure to pay rent.

Please let us know if we have misunderstood your position on any of these items.

Have a nice weekend,
Ariel

**Ariel Wade Trajtenberg**
*Associate,*
**Quinn Emanuel Urquhart & Sullivan, LLP**

777 6th Street, NW, 11th Floor
Washington, D.C. 20001
202-538-8163 Direct
202.538.8000 Main Office Number
202.538.8100 FAX
arieltrajtenberg@quinnemanuel.com
www.quinnemanuel.com




**Mike Dingman**
MDingman@reedsmith.com

Reed Smith LLP
7900Tysons One Place
Suite 500
McLean, VA 22102
703.641.4323
Fax 703.641.4340

3

**Please note our new address effective 3-21-16:  7900 Tysons One Place, Suite 500, McLean, VA  22102**

\* \* \*

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

Disclaimer Version RS.US.201.407.01