# Exhibit 15

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| ROSY GIRON DE REYES;<br>JOSE DAGOBERTO REYES;<br>FELIX BOLANOS; RUTH RIVAS;<br>YOVANA JALDIN SOLIS; ESTEBAN<br>MOYA YRAPURA; ROSA AMAYA; and<br>HERBERT SARAVIA,<br><br>*Plaintiffs*,<br><br>vs.<br><br>WAPLES MOBILE HOME PARK<br>LIMITED PARTNERSHIP; WAPLES<br>PROJECT LIMITED PARTNERSHIP; and<br>A.J. DWOSKIN & ASSOCIATES, INC.,<br><br>*Defendants*. | Civil Action No. 1:16cv00563-TSE-TCB |

### Declaration of William A. Margeson

I, William A. Margeson, declare and state as follows:

1.  I am an attorney duly licensed to practice law in the State of California. I am in the process of applying for but have not yet received admission to the bar of the District of Columbia. I am an associate at Quinn Emanuel Urquhart & Sullivan, LLP, and counsel for the Plaintiffs in this action. Unless stated on information and belief, I make this declaration based on my own personal knowledge.

2.  In connection with the above-captioned action, Plaintiffs served a subpoena pursuant to Fed. R. Civ. P. 45 on Yardi Systems, Inc. (hereinafter, "Yardi"). Plaintiffs served a subpoena on Yardi in order to obtain information about, among other things, its policies and procedures regarding the collection of personally identifying information for the purpose of

1

providing criminal and credit history screening services to customers, including to Defendants.[1]

3. After Yardi received Plaintiffs' subpoena, Mr. Brady Bustany contacted Plaintiffs's counsel to confer about the subpoena and the requests contained therein. In late August 2016, on behalf of Plaintiffs, I spoke with Mr. Bustany on the telephone regarding the subpoena. During that call, Mr. Bustany introduced himself as Yardi's counsel. I understood that Mr. Bustany would represent and speak for Yardi concerning the subpoena.

4. During my initial conversation with Mr. Bustany, Mr. Bustany stated that Yardi was a neutral party with respect to this litigation. Mr. Bustany stated that Yardi had no "dog in this fight," or words to that effect. Mr. Bustany further stated that he did not regard Plaintiffs and Yardi as adversaries, or words to that effect. As I recall, Mr. Bustany restated his neutrality more than once. Based on my communications with Mr. Bustany, my firm impression and belief was that Yardi was independent of Defendants and would remain neutral with respect to this litigation.

5. Between August and November of 2016, I exchanged several emails and spoke on the telephone with Mr. Bustany. Our communications centered on a declaration that Mr. Bustany would provide to Plaintiffs regarding the subject matter of the subpoena. Not once did Mr. Bustany ever disavow the neutrality he affirmed during our initial conversation. Although Mr. Bustany disclosed that he had shared our correspondence with Defendants, it remained my understanding that Yardi was a neutral and independent third party with respect to this litigation.

---

[1] Plaintiffs have learned that Yardi's subsidiary RentGrow, Inc. (d/b/a Yardi Resident Screening) is the entity that actually prepares and provides the credit and criminal history screening services for which Defendants have contracted.

2

6. I declare under penalty of perjury of the laws of the United States that the foregoing is true to the best of my knowledge and belief.

_____   Date: November 17, 2016
William A. Margeson