UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ROSY GIRON DE REYES; JOSE DAGOBERTO REYES; FELIX ALEXIS BOLANOS; RUTH RIVAS; YOVANA JALDIN SOLIS; ESTEBAN RUBEN MOYA YRAPURA; ROSA ELENA AMAYA; and HERBERT DAVID SARAVIA CRUZ,<br><br>*Plaintiffs*,<br><br>vs.<br><br>WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP; WAPLES PROJECT LIMITED PARTNERSHIP; and A.J. DWOSKIN & ASSOCIATES, INC.,<br><br>*Defendants*. | Civil Action No. 1:16cv00563-TSE-TCB |

### PLAINTIFFS' EXPEDITED MOTION FOR AN EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiffs Rosy Giron De Reyes, Jose Dagoberto Reyes, Felix Alexis Bolanos, Ruth Rivas, Yovana Jaldin Solis, Esteban Ruben Moya Yrapura, Rosa Elena Amaya, and Herbert David Saravia Cruz ("Plaintiffs"), by their attorneys, respectfully submit this Expedited Motion for an Extension of Time to Respond to Defendants' Motion for Summary Judgment.

### INTRODUCTION

On November 23, 2016, Defendants filed a Motion for Summary Judgment. This motion was filed prematurely, and Defendants refused Plaintiffs' requests to delay the motion to permit the conclusion of fact discovery. Defendants' motion is premature for several reasons, including that (1) nearly all of Plaintiffs' noticed depositions remain to be completed, (2) document discovery is not yet complete, (3) certain expert reports have not yet been submitted, and (4) expert depositions are slated to conclude after the close of fact discovery (per Defendants' own request).

1

Defendants have refused to produce certain key documents, erroneously claiming privilege over them, and have improperly redacted others.  Plaintiffs have objected to Magistrate Judge Buchanan's ruling on this issue, and that objection is scheduled for argument on December 9, 2016.  Dkt. 103.  Because of these ongoing discovery issues, Plaintiffs do not have access to the facts necessary to support their opposition to Defendant's Motion for Summary Judgment.  *See* Fed. R. Civ. P. 56(d).

## ARGUMENT

Defendants filed a motion for summary judgment on November 23, 2016, on each of the five counts in Plaintiffs' Complaint.  Dkt. 97.  Defendants provided Plaintiffs with virtually no notice, and refused to consent to a briefing and argument schedule that would permit the parties to complete crucial discovery before Plaintiffs' Opposition would be due on December 5, 2016.[1]  *See* Ex. 1 (Nov. 22, 2016 Email from J. deBettencourt to A. Trajtenberg).  Defendants' apparent intent was to prejudice Plaintiffs' Opposition by forcing a summary judgment schedule that would require Plaintiffs to proceed without the ability to marshal essential discovery, including depositions of key Defendant personnel.  Discovery is not scheduled to conclude until December 9, 2016.  *See* Dkt. 66.

Unless Plaintiffs are permitted to conclude discovery before filing their Opposition, they will be prejudiced.  In a motion for summary judgment, the movant must show that there is "no

---

[1]  Local Civil Rule 7(F)(1) has been amended to increase the time for filing responsive briefs from 11 to 14 days.  This amendment goes into effect on December 1, 2016.  *See* Summary of Amendments to Local Civil Rule 7(F)1) and Local Criminal Rule 47(F)(1), available at http://www.vaed.uscourts.gov/localrules/LCivR7%20LCrimR47%20final.pdf.  It is unclear, however, whether Plaintiffs may avail themselves of the 14-day response period, since the amendment will take effect during Plaintiffs' current response period.  Here, however, Plaintiffs require more than just 14 days to respond to Defendants' motion for summary judgment, as explained below.

2

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.  Then, the burden shifts to the non-movant to show that there are genuine issues of material fact to be resolved at trial.  *Temkin v. Frederick County Com'rs*, 945 F.2d 716, 719 (4th Cir. 1991).  If forced to respond without the benefit of deposing Defendants' personnel and any experts Defendants proffer, and without resolving certain key document discovery issues, Plaintiffs will be impaired in their ability to meet the burden that Defendants' Motion for Summary Judgment places on them.[2]

## I. Depositions of Experts and Defendants' Personnel Will Not Be Complete By the Current Due Date of Plaintiffs' Opposition

Fact depositions are due by December 9, 2016.  *See* Order (Dkt. 35); Joint Discovery Plan (Dkt. 41); *see also* Scheduling Order (Dkt. 47) (approving the Joint Discovery Plan).  Currently noticed depositions are scheduled to conclude on December 6, with the deposition of Mr. Albert Dwoskin, the head of the Defendant entities, and an apparently instrumental figure in the creation, revision, and enforcement of the policy Plaintiffs contend has resulted in the disparate treatment of Latino residents at the Waples Mobile Home Park (the "Policy").  Plaintiffs have also noticed the deposition of Mr. Peter Williams for December 5 (the date Plaintiffs' Opposition is currently due).  Mr. Williams was responsible for oversight of property managers at Waples Mobile Home Park, and also likely possesses key knowledge pertaining to the creation and enforcement of the Policy.  Plaintiffs have also noticed the depositions of Josephine Giambanco, the property manager at Waples and front-line enforcer of the Policy, for

---

[2] For purposes of this Motion, Plaintiffs assume without conceding that Defendants may succeed in shifting the burden to Plaintiffs to show that genuine issues of material fact remain to be resolved at trial.

December 1, and Carolina Easton, an individual responsible for oversight of Ms. Giambanco and for coordinating the enforcement of the Policy with Mr. Dwoskin's office, for December 2.

Defendants served two expert reports tonight, which Plaintiffs must review and rebut by December 9, 2016. Dkt. 66. Defendants requested that the parties agree to conduct expert depositions after the close of other discovery. Plaintiffs acquiesced to that request. Accordingly, any expert depositions would not be conducted until after December 9, four days after Plaintiffs' Opposition is currently due.[3]

## II.   Document Discovery Issues Remain Outstanding

Defendants have withheld certain documents consisting of communications between themselves and Yardi, a third party that provides software and services to process prospective tenants' applications and track current tenants. Yardi is also a conduit that allows Defendants to conduct background checks. Despite the fact that Yardi is not an agent, representative, or counsel to Defendants, Defendants have wrongly asserted privilege over those communications. Plaintiffs also moved to compel the production of documents that Defendants redacted, ostensibly on the grounds of irrelevance. Magistrate Judge Buchanan denied Plaintiffs' Motion to Compel the production of the Yardi documents and to reveal the redacted material. Dkt. 92. Plaintiffs have filed an Objection to Magistrate Buchanan's Order. Dkt. 103. Plaintiffs' Objection is scheduled for argument on December 9. Dkt. 105. If the Court grants that order, Plaintiffs will require time to review the documents Defendants will produce and to incorporate that information in their opposition. In light of the fact that depositions will already be complete,

---

[3] Currently, Plaintiffs are unaware of whether Defendants intend to submit any expert reports.

Plaintiffs may also need to reopen certain depositions to question Defendants' personnel on the documents Defendants have withheld or redacted.

### III. Defendants Will Not Be Prejudiced By An Extension of Time

Defendants will not be prejudiced by the grant of Plaintiffs' Motion for an Extension of Time. Discovery will progress in the same manner and on the same time table, and the Pretrial Conference will proceed on December 15. Defendants cannot credibly claim that they believe any discovery that will occur over the next 2 weeks will reveal any new facts that would alter their motion, given that they have moved on the record as it existed on November 23. When Plaintiffs sought Defendants' consent to seek an extension for their Opposition, Defendants refused. Ex. 1 (Nov. 22, 2016 Email from J. deBettencourt to A. Trajtenberg). Accordingly, Defendants surely do not contend that any new revelations in discovery could alter the landscape on which they have predicated their Motion for Summary Judgment. As such, they cannot be prejudiced.

Plaintiffs, on the other hand, will be significantly prejudiced if denied the requested extension. The majority of the Defendants' personnel remain to be deposed, and two key depositions (Mr. Dwoskin and Mr. Williams) will occur after Plaintiffs' current Opposition due date on December 5. Argument on Plaintiffs' Objection to Magistrate Judge Buchanan's ruling on certain key documents will occur on December 9, four days after Plaintiffs' Opposition is currently due to be filed. Expert depositions will also not have occurred by December 5.

Plaintiffs' request for an extension in no way jeopardizes the pre-trial and trial schedule. Plaintiffs have no objection to proceeding with the scheduled Pretrial Conference on December 15.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant an extension of time for Plaintiffs to oppose Defendants' November 23, 2016 Motion for Summary Judgment, and move the deadline for filing such an Opposition from December 5 to December 23.

DATED November 28, 2016.  Respectfully submitted,

/s/ Joy Odom
QUINN EMANUEL URQUHART & SULLIVAN, LLP
Paul Brinkman, VSB # 35950
Joy Odom, VSB # 84281
Jeanhee Hong (*pro hac vice*)
Ariel Wade Trajtenberg (*pro hac vice*)
Diego Durán de la Vega (*pro hac vice*)
Jongwook Kim (*pro hac vice*)
William A. Margeson (*pro hac vice*)
777 Sixth Street NW, 11th Floor
Washington, District of Columbia 20001
Phone: (202) 538-8000
Fax: (202) 538-8100
paulbrinkman@quinnemanuel.com
joyodom@quinnemanuel.com
jeanheehong@quinnemanuel.com
arieltrajtenberg@quinnemanuel.com
diegoduran@quinnemanuel.com
wookiekim@quinnemanuel.com
billmargeson@quinnemanuel.com

LEGAL AID JUSTICE CENTER
Simon Sandoval-Moshenberg, VSB #77110
Rebecca Wolozin, VSB #89690
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Phone: (703) 778-3450
Fax: (703) 778-3454
simon@justice4all.org
becky@justice4all.org

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that on November 28, 2016, I filed the foregoing Expedited Motion for an Extension of Time to Respond to Defendants' Motion for Summary Judgment electronically with the Clerk of the Court using the ECF system, and caused to be served by electronic mail a copy of the foregoing document upon the following parties:

Michael S. Dingman, VSB #30031
REED SMITH LLP
7900 Tysons One Place, Suite 500
McLean, Virginia 22102
Phone: (703) 641-4200
Fax: (703) 641-4340
mdingman@reedsmith.com
jdebettencourt@reedsmith.com

*Counsel for Defendants*

 

/s/ Joy Odom
QUINN EMANUEL URQUHART & SULLIVAN, LLP
Joy Odom, VSB # 84281

777 Sixth Street NW, 11th Floor
Washington, District of Columbia 20001-3706
Phone: (202) 538-8000
Fax: (202) 538-8100
joyodom@quinnemanuel.com

*Counsel for Plaintiffs*