# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| ROSY GIRON DE REYES; JOSE DAGOBERTO REYES; FELIX BOLANOS; RUTH RIVAS; YOVANA JALDIN SOLIS; ESTEBAN MOYA YRAPURA; ROSA AMAYA; and HERBERT SARAVIA,<br><br>*Plaintiffs*,<br><br>vs.<br><br>WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP; WAPLES PROJECT LIMITED PARTNERSHIP; and A.J. DWOSKIN & ASSOCIATES, INC.,<br><br>*Defendants*. | Civil Action No. 1:16cv00563-TSE-TCB |

### Declaration of Joy Odom

I, Joy Odom, declare and state as follows:

1. I am an attorney duly licensed to practice law in the State of Virginia and the District of Columbia, and am admitted to practice in the Eastern District of Virginia. I am an associate at Quinn Emanuel Urquhart & Sullivan, LLP, and counsel for the Plaintiffs in this action. Unless stated on information and belief, I make this declaration based on my own personal knowledge.

2. I make this declaration pursuant to Fed. R. Civ. P. 56(d).

3. On November 22, 2016, Defendants gave notice to Plaintiffs of their intent to file a Motion for Summary Judgment, and of their intent to notice the Motion for a hearing on December 16, 2016.

4. On November 23, 2016, Defendants filed a Motion for Summary Judgment on all

1

counts of Plaintiff's Complaint, and noticed the hearing for December 16, 2016.

5. Plaintiffs' counsel requested that Defendants agree to an extension of time for Plaintiffs' Opposition, stating that because of the motion's prematurity, fact and expert discovery would not be complete before Plaintiffs' Opposition was due. Plaintiffs pointed out that depositions of Defendants would not be complete until December 6, expert depositions would not be complete until after December 9, and Plaintiffs' expert rebuttal reports were not due until December 9.

6. Defendants' counsel refused to consent to an extension of time.

7. Plaintiff's Opposition is currently due on December 5, 2016.

8. On information and belief, Plaintiffs' Opposition will be prejudiced if Plaintiffs are not afforded an extension of time sufficient to permit the conclusion of fact and expert discovery.

9. As the deadline presently stands, Plaintiffs will be required to prepare and submit their Opposition without the benefit of the deposition testimony of certain key personnel of Defendants, including Mr. Peter Williams and Mr. A.J. Dwoskin. Those depositions are presently scheduled for December 5 and December 6, respectively.

10. Plaintiffs expect that Mr. Williams and Mr. Dwoskin possess critical information concerning the creation and enforcement of the policy that Plaintiffs have alleged is discriminatory. That information may include, for example, whether the policy was created with an intent to oust Latinos from the Waples Mobile Home Park, or whether it has been selectively enforced on Latinos. Mr. Dwoskin also possesses the explanation for why the policy was implemented initially, and why it was revised over time from 2013 – 2015 to make it impossible for undocumented immigrants to secure and hold a tenancy at the Waples Mobile Home Park.

Mr. Dwoskin would also be able to testify as to why Defendants never considered alternatives to the current policy. These are areas that Defendants' 30(b)(6) designee, Mr. Mark Jones, was unable to explain.

11. As the deadline presently stands, Plaintiffs will be required to prepare and submit their Opposition without the benefit of their finalized reply reports, or the expert depositions of Defendants' experts, Mr. George Caruso and Dr. Daniel Weinberg. Dr. Weinberg has challenged numerous bases for the opinions of Plaintiffs' expert, Dr. William Clark. Dr. Clark performed analysis and expressed opinions based on the estimated undocumented immigrant population in Fairfax County, Virginia. Mr. Caruso, an asset manager for a residential property company in the Washington, D.C. area, has submitted a report purporting to endorse the "reasonableness" of Defendants' policy. Plaintiffs expect that Defendants will secure declarations from these experts in support of their Reply. Plaintiffs should be afforded the opportunity to test the conclusions and opinions asserted in the Caruso and Weinberg reports through depositions in advance of filing their Opposition.

12. Finally, as the deadline presently stands, Plaintiffs' Objection to Magistrate Buchanan's ruling on Plaintiff's Motion to Compel (Dkt. 103) will not have been ruled upon, potentially depriving Plaintiffs of access to key documents that may be used in Plaintiff's Opposition. Without access to the allegedly privileged documents and unredacted document portions that are the subject of Plaintiffs' Objection, it is not possible to attest to what those documents contain. Plaintiffs infer, however, that those documents contain information relevant to challenge Defendants' stated justifications for the policy, including whether social security numbers were actually necessary to perform usable credit and criminal background checks and verify identifies of prospective tenants.

13. I declare under penalty of perjury of the laws of the United States that the foregoing is true to the best of my knowledge and belief.

_/s/ Joy Odom_   Date: November 28, 2016