# EXHIBIT 2

## deBettencourt, Justin D.

| | |
|---|---|
| **From:** | Ariel Trajtenberg <arieltrajtenberg@quinnemanuel.com> |
| **Sent:** | Friday, November 04, 2016 4:37 PM |
| **To:** | Dingman, Michael S.; deBettencourt, Justin D. |
| **Cc:** | Simon Sandoval-Moshenberg; Kyra Simon |
| **Subject:** | Giron De Reyes, et al. v. Waples Mobile Home Park LP, et al., No. 1:16-cv-563 (E.D. Va.) |

Mike and Justin,

After reviewing your October 21, 2016 privilege log, we have identified certain issues that need to be resolved. We appreciate your prompt attention to these issues.

***First***, Plaintiffs are unable to assess the basis for certain of Defendants' claims of attorney-client privilege based on the descriptions provided in the privilege log. Please either produce a revised log that corrects the deficiencies indicated below or produce the non-privileged documents.

- For entries where neither the recipient nor the sender is an attorney, Plaintiffs are unable to assess whether the withheld information is a communication made to or from an attorney. In the Eastern District of Virginia, *see, e.g.*, *ePlus Inc. v. Lawson Software*, Inc., 280 F.R.D. 247, 254 (E.D. Va. 2012), attorney-client privilege does not apply to communications that were not made to or from an attorney. (*See* entries with Control or Bates Nos. DOCID00002354- 2355, DOCID00002364, DOCID00014462, DOCID00026186, DOCID00029545, DOCID00054251, DOCID00067769; WAPLES00001435-1437, DOCID00286133; WAPLES00001485-1487, DOCID00491211- 491213, DOCID00491216- 491218, DOCID00518794- 518796, DOCID00577576, DOCID00577620, DOCID00577714, DOCID00577718, DOCID00653346, DOCID00660653- 660654, DOCID00660698, DOCID00699442- 699463, DOCID01073509, and DOCID01103636).
- The descriptions of communications with in-house lawyer Michael Dean do not indicate whether the in-house counsel is providing legal advice or business advice. (*See e.g.* entries with Control or Bates Nos. DOCID00151148; WAPLES00001470, DOCID00155023, DOCID00258294, DOCID00259190, DOCID00568915, DOCID00807426- 807428, DOCID00807744- 807746, DOCID00808163- 808164, DOCID00808684- 808685, DOCID00899916; 899918-899920, DOCID00900095- 900098, and DOCID00900199- 900205).
- For entries concerning communications to employees within the Defendants' association, the privilege log does not establish whether employees needed to know the information communicated as required under Eastern District of Virginia law. *See ePlus*, 280 F.R.D. at 252-53. Further, there are several entries where the recipient of an email is a distribution list, but the persons on these lists are not identified in the privilege log. (*See* entries with Control or Bates Nos. DOCID00013809- 13812DOCID00067769; WAPLES00001435-1437, DOCID00151148; WAPLES00001470; DOCID00286133; WAPLES00001485-1487, DOCID00518925, DOCID00518929, DOCID00658337- 6583385).
- For entries involving the presence of a third party, there can be no attorney-client privilege. (*See* entries DOCID00568794- 568795, DOCID00568887, DOCID00569569, DOCID00650026, DOCID00657329, DOCID00657871- 657872, DOCID00658337- 6583385, DOCID00660653- 660654, DOCID00660698, DOCID01073509, DOCID01103636).

***Second***, Plaintiffs are unable to assess the basis for certain of Defendants' claims of work product immunity based on the descriptions provided in the privilege log. Please either produce a revised log that corrects the deficiencies indicated below or produce the documents not subject to work product immunity.

- Plaintiffs are unable to evaluate Defendants' work product claim for entries that do not indicate that a document was prepared (1) at the direction of an attorney and/or (2) in anticipation of litigation. (*See e.g.* entries with Control Nos. DOCID00002354- 2355, DOCID00002364, DOCID00014462, DOCID00026185,

1

DOCID00026186, DOCID00054397, DOCID00066442- 66445, DOCID00068324, DOCID00068330, DOCID00484346, DOCID00491211- 491213, DOCID00491216- 491218, DOCID00518966- 518967, DOCID00568887, DOCID00569569, DOCID00577576, DOCID00577620, DOCID00577714, DOCID00577718, DOCID00650026, DOCID00653346, DOCID00658337- 6583385, DOCID00660653- 660654, DOCID00660698, DOCID00660922- 660926, DOCID00698473- 6988475).

- There is insufficient information to determine whether in-house counsel's involvement in litigation was in a legal capacity (as opposed to a business or administrative capacity) for entries claiming work product immunity where in-house counsel is the only attorney listed. *See, e.g., RLI Ins. Co. v. Conseco, Inc.*, 477 F. Supp. 2d 741, 748 (E.D. Va. 2007). (*See* entries with Control Nos. DOCID00568794- 568795, DOCID00807426- 807428, DOCID00807744- 807746, DOCID00808163- 808164, and DOCID00808684- 808685).

**Third**, the entry logging the redacted report under a claim of "personal identifiers" does not comply with the protective order, which instructs counsel to mark information as confidential upon production. (*See* Control/Bates Nos. DOCID00066105; WAPLES00001428). The Protective Order, dated August 18, 2016 (Dkt. 45), states, "No discoverable information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by this Order unless the party claiming a need for greater protection moves for an order providing such special protection by no later than the date on which its response to such discovery is due." Protective Order at 11.

**Fourth**, Plaintiffs have not been able to locate privilege log entries for documents that have been redacted under a claim of privilege or immunity, as required by the Joint Discovery Plan, dated August 17, 2016 (Dkt. 41). The Joint Discovery Plan requires information to be logged for "any Document that has been *redacted* or withheld on the basis of a claim of privilege or immunity." Joint Discovery Plan at 4 (emphasis added). Please provide a privilege log for redacted information or produce the information in unredacted form as required by the Protective Order.

**Fifth**, per the Joint Discovery Plan, the log for Defendants' October 19 production was due last week on October 26. To date, we have not received a log for this production. Please produce the log immediately.

Best,
Ariel


**Ariel Wade Trajtenberg**
*Associate,*
**Quinn Emanuel Urquhart & Sullivan, LLP**

777 6th Street, NW, 11th Floor
Washington, D.C. 20001
202-538-8163 Direct
202.538.8000 Main Office Number
202.538.8100 FAX
arieltrajtenberg@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.