# EXHIBIT 7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ROSY GIRON DE REYES; JOSE DAGOBERTO REYES; FELIX ALEXIS BOLANOS; RUTH RIVAS; YOVANA JALDIN SOLIS; ESTEBAN RUBEN MOYA YRAPURA; ROSA ELENA AMAYA; and HERBERT DAVID SARAVIA CRUZ, <br><br> *Plaintiffs*, <br><br> vs. <br><br> WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP; WAPLES PROJECT LIMITED PARTNERSHIP; and A.J. DWOSKIN & ASSOCIATES, INC., <br><br> *Defendants*. | Civil Action No. 1:16-cv-563 |

## OBJECTIONS TO PLAINTIFF JOSE DAGOBERTO REYES' FIRST SET OF INTERROGATORIES TO ALL DEFENDANTS

Defendants Waples Project Limited Partnership, Waples Mobile Home Park Limited Partnership and A.J. Dwoskin & Associates, Inc. (collectively "Defendants"), by and through counsel, state the following objections to Plaintiff Jose Dagoberto Reyes' ("Plaintiff") First Set of Interrogatories to All Defendants. Defendants Waples Mobile Home Park Limited Partnership, Waples Project Limited Partnership, and A. J. Dwoskin & Associates, Inc. hereby state that Defendant Waples Mobile Home Park LP is neither the owner of the Park nor an agent of the owner of the Park.

### OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Defendants incorporate their Objections to the Definitions and Instructions in Plaintiff Rosy Giron de Reyes' First Set of Interrogatories to All Defendants. Further, Defendants object

to the definitions and instructions accompanying Plaintiff's Interrogatories to the extent they impose duties upon Defendants beyond those imposed by the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing and incorporated Objections to Definitions and Instructions, and General Objections, and incorporating all of them in each of the Objections hereafter, Defendants object as follows:

## OBJECTIONS TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify and describe all interests served by—and reasons and justifications for—your past and present enforcement of any policy (including the Policy), practice, or rule that requires current or prospective tenants to show proof that they are legally present in the United States.

### OBJECTION TO INTERROGATORY NO. 1:

Defendants object to this Interrogatory on the grounds that it is overbroad as it fails to limit the scope of the Interrogatory to the allegations in the Complaint, and is outside the relevant time period alleged in the Complaint. Specifically, Defendants object to this Interrogatory to the extent it would require Defendants to identify and describe "all" reasons and justifications for policies, practices, and rules without regard to time or applicability to Plaintiffs. Defendants also object to this Interrogatory on the grounds that the burden of producing the information sought is disproportional to the needs of the case when weighing the burden and expense against the likely benefit.

Defendants further object to this Interrogatory on the grounds that it is compound and constitutes multiple discrete interrogatories. Defendants also object to this Interrogatory to the extent it calls for information that is subject to the attorney-client privilege, the work product

doctrine, or any other applicable privilege. Defendants object to this Interrogatory as vague and ambiguous as the term "interest" is undefined and capable of multiple meanings.

## INTERROGATORY NO. 2:

For each interest, reason, or justification identified in response to Interrogatory No. 1, state the dates during which that interest, reason, or justification applied to the relevant policy, practice, or rule.

## OBJECTION TO INTERROGATORY NO. 2:

Defendants object to this Interrogatory on the grounds that it is overbroad as it fails to limit the scope of the Interrogatory to the allegations in the Complaint, and is outside the relevant time period alleged in the Complaint. Specifically, Defendants object to this Interrogatory to the extent it, and Interrogatory No. 1, would require Defendants to identify and describe "all" reasons and justifications for policies, practices, and rules without regard to time or applicability to Plaintiffs. Defendants also object to this Interrogatory on the grounds that the burden of producing the information sought is disproportional to the needs of the case when weighing the burden and expense against the likely benefit.

Defendants further object to this Interrogatory on the grounds that it is compound and constitutes multiple discrete interrogatories. Defendants also object to this Interrogatory to the extent it calls for information that is subject to the attorney-client privilege, the work product doctrine, or any other applicable privilege. Defendants object to this Interrogatory as vague and ambiguous as the term "interest" is undefined and capable of multiple meanings.

**INTERROGATORY NO. 3:**

Describe why—as admitted in Defendants' Answer, *see* Dkt. No. 63, ¶ 3—Defendants did not always enforce the Policy.

**OBJECTION TO INTERROGATORY NO. 3:**

Defendants object to this Interrogatory to the extent it attempts to interpret or characterize Paragraph 3 of Defendants' Answer. Further, Defendants object to this Interrogatory to the extent it calls for information that is subject to the attorney-client privilege and/or the work product doctrine.

**INTERROGATORY NO. 4:**

Identify all residential properties that you own, manage, or otherwise control, or have in the past owned, managed, or otherwise controlled, and identify (1) those properties that have had or currently have a policy (including the Policy), practice, or rule that requires current or prospective tenants to show proof that they are legally present in the United States, (2) those properties that have not had or currently do not have such a policy, practice, or rule, and (3) the ethnic and racial breakdown of each property.

**OBJECTION TO INTERROGATORY NO. 4:**

Defendants object to this Interrogatory on the grounds that it seeks information that is not relevant to the case. Defendants further object to this Interrogatory on the grounds that it is overbroad as it fails to limit the scope of this Interrogatory to the allegations in the Complaint, is outside the relevant time period alleged in the Complaint, and is unduly burdensome. Specifically, Plaintiffs do not limit this Interrogatory by time, rather requesting information on "residential properties" Defendants "owned, managed, or otherwise controlled" at any time in the past. Also, the Interrogatory seeks information on "residential properties" that have no

connection to the Plaintiffs or the allegations in the Complaint. Defendants further object to this Interrogatory on the grounds that the burden of producing the information sought is disproportional to the needs of the case when weighing the burden and expense against the likely benefit.

Defendants further object to this Interrogatory on the grounds that it is compound and constitutes multiple discrete interrogatories. Defendants object to this Interrogatory as vague and ambiguous as the terms "residential properties," "manage," and "control" are undefined and capable of multiple meanings.

**INTERROGATORY NO. 5:**

State whether you are aware of other residential landlords in northern Virginia (or elsewhere) who enforce any policy, practice, or rule that requires current or prospective tenants to show proof that they are legally present in the United States, and identify each such landlord you are aware of who enforces such a policy, practice, or rule.

**OBJECTION TO INTERROGATORY NO. 5:**

Defendants object to this Interrogatory as vague and ambiguous as the term "aware" is undefined and capable of multiple meanings. Defendants object to this Interrogatory on the grounds that it seeks information that is not relevant to the case. Specifically, Plaintiffs seek information on "other residential landlords" who are not parties to this action nor connected to any allegation in the Complaint. It further seeks information on polices, practices, or rules that were not applicable to any Plaintiff to this action. Defendants object to this Interrogatory on the grounds that it is overbroad as it fails to limit the scope of the Interrogatory to the allegations in the Complaint, and is outside the relevant time period alleged in the Complaint. Specifically, the Interrogatory does not include any time limitations. Defendants further object to this

Interrogatory on the grounds that the burden of producing the information sought is disproportional to the needs of the case when weighing the burden and expense against the likely benefit.

Respectfully submitted,

WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP, WAPLES PROJECT LIMITED PARTNERSHIP AND
A.J. DWOSKIN & ASSOCIATES, INC.

_____
Michael S. Dingman (VSB No. 30031)
Justin deBettencourt (VSB No. 83806)
7900 Tysons One Place
Suite 500
McLean, Virginia 22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
mdingman@reedsmith.com
jdebettencourt@reedsmith.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2016, I caused the foregoing to be sent to the following via email and U.S. mail, postage, prepaid:

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Ariel Wade Trajtenberg (pro hac vice)
777 Sixth Street NW, 11th Floor
Washington, District of Columbia 20001-3706
Phone: (202) 538-8000
Fax: (202) 538-8100
arieltrajtenberg@quinnemanuel.com

_____
Michael S. Dingman (VSB No. 30031)
Justin deBettencourt (VSB No. 83806)
7900 Tysons One Place
Suite 500
McLean, Virginia 22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
mdingman@reedsmith.com
jdebettencourt@reedsmith.com