# EXHIBIT 8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ROSY GIRON DE REYES; JOSE DAGOBERTO REYES; FELIX ALEXIS BOLANOS; RUTH RIVAS; YOVANA JALDIN SOLIS; ESTEBAN RUBEN MOYA YRAPURA; ROSA ELENA AMAYA; and HERBERT DAVID SARAVIA CRUZ, <br><br> *Plaintiffs*, <br><br> vs. <br><br> WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP; WAPLES PROJECT LIMITED PARTNERSHIP; and A.J. DWOSKIN & ASSOCIATES, INC., <br><br> *Defendants*. | Civil Action No. 1:16-cv-563 |

## OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION TO ALL DEFENDANTS

Defendants Waples Mobile Home Park Limited Partnership, Waples Project Limited Partnership, and A.J. Dwoskin & Associates, Inc. (collectively "Defendants"), by counsel, identify the following objections to the Second Set of Request for Production of Documents to All Defendants of Plaintiffs Jose Dagoberto Reyes, Rosy Giron de Reyes, Felix Alexis Bolanos, Ruth Rivas, Yovana Jaldin Solis, Esteban Ruben Moya Yrapura, Rosa Elena, and Herbert David Saravia Cruz (collectively, "Plaintiffs"). Defendants Waples Mobile Home Park Limited Partnership, Waples Project Limited Partnership, and A. J. Dwoskin & Associates, Inc. hereby state that Defendant Waples Mobile Home Park LP is neither the owner of the Park nor an agent of the owner of the Park.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Defendants incorporate their Objections to the Definitions and Instructions in Plaintiff Rosy Giron de Reyes' ("Plaintiff") First Set of Interrogatories to All Defendants. Further, Defendants object to the definitions and instructions accompanying Plaintiffs' Requests to the extent they impose duties upon Defendants beyond those imposed by the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing and incorporated Objections to Definitions and Instructions, and General Objections, and incorporating all of them in each of the Objections hereafter, Defendants object as follows:

## OBJECTIONS TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 54:** All documents or communications identifying or describing all interests served by—and reasons and justifications for—your past and present enforcement of any policy (including the Policy), practice, or rule that requires current or prospective tenants to show proof that they are legally present in the United States, and documents sufficient to identify the dates during which each interest, reason, or justification applied to the relevant policy, practice, or rule.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 54:**

Defendants object to this Request on the grounds that it is overbroad as it fails to limit the scope of the request to the allegations in the Complaint, and is outside the relevant time period alleged in the Complaint.

Specifically, Defendants object to this Request to the extent it would require Defendants to search for and produce documents describing "all" interests, reasons and justifications for

policies, practices, and rules without regard to time or applicability to Plaintiffs. Defendants also object to this Request on the grounds that the burden of producing the information sought is disproportional to the needs of the case when weighing the burden and expense against the likely benefit.

Defendants also object to this Request to the extent it calls for information that is subject to the attorney-client privilege, the work product doctrine, or any other applicable privilege. Defendants object to this Request as vague and ambiguous as the term "interest" is undefined and capable of multiple meanings.

**REQUEST FOR PRODUCTION NO. 55:** All documents or communications describing why—as admitted in Defendants' Answer, *see* Dkt. No. 63, ¶ 3—Defendants did not always enforce the Policy.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 55:**

Defendants object to this Request to the extent it attempts to interpret or characterize Paragraph 3 of Defendants' Answer. Further, Defendants object to this Request to the extent it calls for information that is subject to the attorney-client privilege and/or the work product doctrine.

**REQUEST FOR PRODUCTION NO. 56:** Documents sufficient to identify all residential properties that you own, manage, or otherwise control, or have in the past owned, managed, or otherwise controlled.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 56:**

Defendants object to this Request on the grounds that it seeks documents that are not relevant to the case. Defendants further object to this Request on the grounds that it is overbroad as it fails to limit the scope of the request to the allegations in the Complaint, is outside the relevant time period alleged in the Complaint, and is unduly burdensome. Defendants also object to this Request on the grounds that the burden of producing the information sought is disproportional to the needs of the case when weighing the burden and expense against the likely benefit. Defendants also object to this Request to the extent it calls for information that is subject to the attorney-client privilege, the work product doctrine, or any other applicable privilege. Defendants object to this Request as vague and ambiguous as the terms "residential properties," "manage," and "control" are undefined and capable of multiple meanings.

**REQUEST FOR PRODUCTION NO. 57:** Documents sufficient to identify (1) whether the residential properties that you own, manage, or otherwise control, or have in the past owned, managed, or otherwise controlled, have had or currently have a policy (including the Policy), practice, or rule that requires current or prospective tenants to show proof that they are legally present in the United States, (2) whether the residential properties that you own, manage, or otherwise control, or have in the past owned, managed, or otherwise controlled, have not had or currently do not have such a policy, practice, or rule, and (3) the ethnic and racial breakdown of each property.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 57:**

Defendants object to this Request on the grounds that it seeks documents that are not relevant to the case. Defendants further object to this Request on the grounds that it is overbroad as it fails

to limit the scope of the request to the allegations in the Complaint, is outside the relevant time period alleged in the Complaint, and is unduly burdensome. Defendants also object to this Request on the grounds that the burden of producing the information sought is disproportional to the needs of the case when weighing the burden and expense against the likely benefit. Defendants also object to this Request to the extent it calls for information that is subject to the attorney-client privilege, the work product doctrine, or any other applicable privilege. Defendants object to this Request as vague and ambiguous as the terms "residential properties," "manage," and "control" are undefined and capable of multiple meanings.

Respectfully submitted,

WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP, WAPLES PROJECT LIMITED PARTNERSHIP AND
A.J. DWOSKIN & ASSOCIATES, INC.

_____
Michael S. Dingman (VSB No. 30031)
Justin deBettencourt (VSB No. 83806)
7900 Tysons One Place
Suite 500
McLean, Virginia 22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
mdingman@reedsmith.com
jdebettencourt@reedsmith.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2016 I caused the foregoing to be sent to the following via email and U.S. mail, postage, prepaid:

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Ariel Wade Trajtenberg (pro hac vice)
777 Sixth Street NW, 11th Floor
Washington, District of Columbia 20001-3706
Phone: (202) 538-8000
Fax: (202) 538-8100
arieltrajtenberg@quinnemanuel.com

_____
Michael S. Dingman (VSB No. 30031)
Justin deBettencourt (VSB No. 83806)
7900 Tysons One Place
Suite 500
McLean, Virginia 22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
mdingman@reedsmith.com
jdebettencourt@reedsmith.com