# EXHIBIT 9

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

ROSY GIRON DE REYES; JOSE
DAGOBERTO REYES; FELIX ALEXIS
BOLANOS; RUTH RIVAS; YOVANA
JALDIN SOLIS; ESTEBAN RUBEN MOYA
YRAPURA; ROSA ELENA AMAYA; and
HERBERT DAVID SARAVIA CRUZ,

       *Plaintiffs*,

vs.

WAPLES MOBILE HOME PARK LIMITED
PARTNERSHIP; WAPLES PROJECT
LIMITED PARTNERSHIP; and A.J.
DWOSKIN & ASSOCIATES, INC.,

       *Defendants*.

Civil Action No. 1:16-cv-563

## OBJECTIONS TO PLAINTIFF ROSY GIRON DE REYES' FIRST SET OF INTERROGATORIES TO ALL DEFENDANTS

Defendants Waples Mobile Home Park Limited Partnership, Waples Project Limited Partnership, and A.J. Dwoskin & Associates, Inc. (collectively "Defendants"), by and through counsel, state the following objections to Plaintiff Rosy Giron de Reyes' ("Plaintiff") First Set of Interrogatories to All Defendants.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Defendants object to the definitions of "Waples L.P." in Definitions Paragraph 1 as unreasonably broad, vague, and confusing. "Waples L.P." is defined to mean "Waples Mobile Home Park Limited Partnership and its parents, subsidiaries, affiliates, joint ventures, partners, divisions, departments, directors, officers, employees, agents, shareholders, principals, members, investors, consignees, representatives, consultants, advisors, associates, and attorneys, and each predecessor and successor thereof, as well as any other business entity in which Waples Mobile

Home Park Limited Partnership holds an interest or over which it exercises authority or control" rendering the definition unreasonably broad, vague, and confusing.  Specifically, Defendants object to the definition as not reasonably tailored to lead to the discovery of relevant documents or those within the control or access of Defendants because the definition includes "any other business entity in which Waples Mobile Home Park Limited Partnership holds an interest or over which it exercises authority or control," "consultants," "advisors," and "associates[.]" Defendants lack reasonable access to documents and information with respect to certain individuals that may fall under these broad descriptions.  Defendants will interpret the definition to include Waples L.P., its current officers, employees, directors, agents, and individuals under its control to which they have reasonable access to documents and information.

     2.     Defendants object to the definitions of "Waples Project L.P." in Definitions Paragraph 2 as unreasonably broad, vague, and confusing.  "Waples Project L.P." is defined to mean "Waples Project Limited Partnership and its parents, subsidiaries, affiliates, joint ventures, partners, divisions, departments, directors, officers, employees, agents, shareholders, principals, members, investors, consignees, representatives, consultants, advisors, associates, and attorneys, and each predecessor and successor thereof, as well as any other business entity in which Waples Project Limited Partnership holds an interest or over which it exercises authority or control" rendering the definition unreasonably broad, vague, and confusing.  Specifically, Defendants object to the definition as not reasonably tailored to lead to the discovery of relevant documents or those within the control or access of Defendants because the definition includes "any other business entity in which Waples Project Limited Partnership holds an interest or over which it exercises authority or control," "consultants," "advisors," and "associates[.]" Defendants lack reasonable access to documents and information with respect to certain individuals that may fall

under these broad descriptions. Defendants will interpret the definition to include Waples
Project L.P., its current officers, employees, directors, agents, and individuals under its control to
which they have reasonable access to documents and information.

3.    Defendants object to the definitions of "Dwoskin & Associates" in Definitions
Paragraph 3 as vague, ambiguous, and confusing. "Dwoskin & Associates" is defined to mean
"A.J. Dwoskin & Associates, Inc. and its parents, subsidiaries, affiliates, joint ventures, partners,
divisions, departments, directors, officers, employees, agents, shareholders, principals, members,
investors, consignees, representatives, consultants, advisors, associates, and attorneys, and each
predecessor and successor thereof, as well as any other business entity in which A.J. Dwoskin &
Associates, Inc. holds an interest or over which it exercises authority or control" rendering the
definition unreasonably broad, vague, and confusing. Specifically, Defendants object to the
definition as not reasonably tailored to lead to the discovery of relevant documents or those
within the control or access of Defendants because the definition includes "any other business
entity in which A.J. Dwoskin & Associates, Inc. holds an interest or over which it exercises
authority or control," "consultants," "advisors," and "associates[.]" Defendants lack reasonable
access to documents and information with respect certain individuals that may fall under these
broad descriptions. Defendants will interpret the definition to include A.J. Dwoskin &
Associates, Inc., its current officers, employees, directors, agents, and individuals under its
control to which they have reasonable access to documents and information.

4.    Defendants object to the definition of "The Policy" in Definitions Paragraph 8.
"The Policy" is there defined as "the policy requiring that all individuals who live or intend to
live at the Park present either (1) an 'original social security card' or, if unavailable, (2)
documentation demonstrating lawful presence in the United States, such as an 'original Passport,

original U.S. Visa, and original Arrival/Departure Form (I-94 or I-94W).'" This "definition" is objectionable to the extent that characterizes the content of a document which speaks for itself and makes legal conclusions as to what the document may require.

5.      Defendants object to the definition of "Lease" in Definitions Paragraph 10, to the extent that the definition is over inclusive, such that it includes any "documents signed by Plaintiffs or their assignees and Defendants or Defendants' designees that govern the tenancy relationship for rental of a Lot located in the Park, and all documents referred to or incorporated therein."

6.      Defendants do not concede the relevancy or materiality of the Interrogatories or the subject matter to which any Interrogatory refers.  Defendants interpose these objections subject to, and without in any way waiving or intending to waive: (a) all questions as to competency, relevancy, materiality, privilege and admissibility of evidence for any purpose in any subsequent proceeding in, or the trial of, this action or any actions; (b) the right to object to other discovery procedures involving or related to the subject matter of the Interrogatories responded to; (c) the right to challenge the propriety of any theory the Plaintiffs may rely upon in attempts to establish or prove liability and/or damages; and (d) the right at any time to revise, correct, or clarify any of the Objections set forth, consistent with the Federal Rules of Civil Procedure and this Court's Local Rules.

7.      Defendants expressly reserve the right to amend or supplement their answers and objections.

## OBJECTIONS TO INTERROGATORIES

### INTERROGATORY NO. 1:

Describe all policies and practices, including the Policy at issue in this Action, used for leasing, or renewing leases to, Lots at the Park since 2006, and, in doing so, identify the persons most knowledgeable regarding such policies and practices and include the reasons for creating, developing, modifying, and enforcing each policy or practice.

### OBJECTION TO INTERROGATORY NO. 1:

Defendants object to this Interrogatory on the grounds that it is overbroad as it fails to limit the scope of the request to the allegations in the Complaint, and is outside the relevant time period alleged in the Complaint. Defendants also object to this Interrogatory on the grounds that the burden of producing the information sought is disproportional to the needs of the case when weighing the burden and expense against the likely benefit. Defendants object to this Interrogatory to the extent it would require Defendants to conduct an investigation of "all policies and procedures . . . used for leasing, or renewing leases . . . since 2006." Specifically, this Interrogatory is overbroad in that it seeks information relating back to 2006, while the earliest any of the Plaintiffs allegedly "lived in a mobile home in the Park" was January 1, 2010, and the earliest allegation of purported harm to any of the Plaintiffs is alleged to have occurred in 2014. *See* Compl. ¶¶ 12-15, 68, 88, 95, 106. To the extent that this Interrogatory requests that Defendants "describe" the subject policy, the document speaks for itself. Defendants further object to this Interrogatory on the grounds that it is compound and constitutes multiple discrete interrogatories.

### INTERROGATORY NO. 2:

Describe your past and present corporate structure, including the identity of all past and present parents, subsidiaries, predecessors in interest, successors in interest, and affiliates,

including when such corporate relationships began and how long they lasted; the identity and current location of all past and present officers, directors, or employees; the relationship between Waples L.P., Waples Project L.P., Dwoskin & Associates, and Albert J. Dwoskin; and all agreements between Waples L.P., Waples Project L.P., Dwoskin & Associates, and Albert J. Dwoskin.

**OBJECTION TO INTERROGATORY NO. 2:**

Defendants object to this Interrogatory on the grounds that it is overbroad as it fails to limit the scope of the request to the allegations in the Complaint, and is outside the relevant time period alleged in the Complaint. Defendants object to this Interrogatory because it seeks documents that are not relevant to the case and that are not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Interrogatory on the grounds that the burden of producing the information sought is disproportional to the needs of the case when weighing the burden and expense against the likely benefit. Defendants object to this Interrogatory to the extent it would require Defendants to conduct an investigation of "all past and present officers, directors, or employees." Specifically, this Interrogatory is overbroad and disproportionate in that it seeks information relating back to 2006, while the earliest any of the Plaintiffs allegedly "lived in a mobile home in the Park" was January 1, 2010, and the earliest allegation of purported harm to any of the Plaintiffs is alleged to have occurred in 2014. *See* Compl. ¶¶ 12-15, 68, 88, 95, 106. Also, Defendants object to this Interrogatory to the extent it would require Defendants to disclose "all agreements" between the listed entities regardless of whether they would be relevant to the instant action. Defendants further object to this Interrogatory on the grounds that it is compound and constitutes multiple discrete interrogatories. Defendants also object to this Interrogatory to the extent it calls for information that is subject to the attorney-client privilege, the work product doctrine, or any other applicable privilege.

**INTERROGATORY NO. 3:**

Identify all persons who have been involved in implementing or enforcing the policies and practices used for leasing, or renewing leases to, Lots at the Park since 2006.

**OBJECTION TO INTERROGATORY NO. 3:**

Defendants object to this Interrogatory on the grounds that it is overbroad as it fails to limit the scope of the request to the allegations in the Complaint, and is outside the relevant time period alleged in the Complaint. Defendants also object to this Interrogatory on the grounds that the burden of producing the information sought is disproportional to the needs of the case when weighing the burden and expense against the likely benefit. Specifically, this Interrogatory is overbroad in that it seeks information relating back to 2006, while the earliest any of the Plaintiffs allegedly "lived in a mobile home in the Park" was January 1, 2010, and the earliest allegation of purported harm to any of the Plaintiffs is alleged to have occurred in 2014. *See* Compl. ¶¶ 12-15, 68, 88, 95, 106.

**INTERROGATORY NO. 4:**

Identify all documents and communications in your possession relating to a prospective or current tenant or occupant's race, national origin, citizenship, alienage, or proof of lawful presence in the United States, including the type of documentation submitted to demonstrate lawful presence and the nation that issued such documentation (e.g., a passport issued by Mexico).

**OBJECTION TO INTERROGATORY NO. 4:**

Defendants object to this Interrogatory on the grounds that it is overbroad as it fails to limit the scope of the request to the allegations in the Complaint, and is outside the relevant time period alleged in the Complaint. Defendants also object to this Interrogatory on the grounds that the burden of producing the information sought is disproportional to the needs of the case when

weighing the burden and expense against the likely benefit. Defendants object to this Interrogatory to the extent it would require Defendants to conduct an investigation of every "prospective or current tenant or occupant." Specifically, this Interrogatory is overbroad in that it seeks information related to an undefined and unlimited time period. Further, Defendants also object to this Interrogatory to the extent it calls for information that is subject to the attorney-client privilege, work product doctrine or subject to any other applicable privilege.

## INTERROGATORY NO. 5:

Describe the processes you use or have used to track, manage, or ensure a tenant or occupant's past or present compliance with the Policy.

## OBJECTION TO INTERROGATORY NO. 5:

Defendants object to this Interrogatory as vague and ambiguous as the terms "process," "track," "manage," and "ensure" are undefined and capable of multiple meanings. Defendants object to this Interrogatory on the grounds that it is overbroad as it fails to limit the scope of the request to the allegations in the Complaint, and is outside the relevant time period alleged in the Complaint. Specifically, this Interrogatory is overbroad in that it seeks information related to an undefined and unlimited time period. Further, Defendants also object to this Interrogatory to the extent it calls for information that is subject to the attorney-client privilege, work product doctrine or subject to any other applicable privilege.

## INTERROGATORY NO. 6:

Describe each communication you have had with each Plaintiff, including specifically those communications relating to the Park's leasing and lease renewal policies and practices, including the Policy at issue in this Action.

## OBJECTION TO INTERROGATORY NO. 6:

Defendants object to this Interrogatory on the grounds that it is overbroad as it fails to limit the scope of the request to the allegations in the Complaint, and is outside the relevant time period alleged in the Complaint. Defendants also object to this Interrogatory on the grounds that the burden of producing the information sought is disproportional to the needs of the case when weighing the burden and expense against the likely benefit. Specifically, Defendants object to this Interrogatory to the extent it would require Defendants to "describe" *any* "communication" between Defendants and Plaintiffs occurring at *any* time regardless of whether such "communication" is unrelated to the allegations in the Complaint or outside the relevant time period alleged in the Complaint.

**INTERROGATORY NO. 7:**

Describe every instance in which You have enforced the Policy, including the tenants' names and dates of enforcement.

**OBJECTION TO INTERROGATORY NO. 7:**

Defendants object to this Interrogatory as vague and ambiguous as the terms "enforce," and "enforcement" are undefined and capable of multiple meanings. Defendants further object to this Interrogatory on the grounds that it is overbroad as it fails to limit the scope of the request to the allegations in the Complaint, and is outside the relevant time period alleged in the Complaint. Defendants also object to this Interrogatory on the grounds that the burden of producing the information sought is disproportional to the needs of the case when weighing the burden and expense against the likely benefit. Specifically, this Interrogatory is overbroad in that it seeks information related to an undefined and unlimited time period. Further, Defendants also object to this Interrogatory to the extent it calls for information that is subject to the attorney-client privilege and work product doctrine.

**INTERROGATORY NO. 8:**

- 9 -

Describe the policies and practices you use or have used to register a tenant or occupant of the Park with management in accordance with paragraph 6 of the Park's standard Rental Agreement, and identify where and how such registration is maintained in your filing or electronic record keeping system.

## OBJECTION TO INTERROGATORY NO. 8:

Defendants object to this Interrogatory on the grounds that it is overbroad as it fails to limit the scope of the request to the allegations in the Complaint, and is outside the relevant time period alleged in the Complaint. Defendants also object to this Interrogatory on the grounds that the burden of producing the information sought is disproportional to the needs of the case when weighing the burden and expense against the likely benefit. Defendants object to this Interrogatory to the extent it would require Defendants to conduct an investigation of every "tenant or occupant of the Park." Specifically, this Interrogatory is overbroad in that it seeks information related to an undefined and unlimited time period. Further, Defendants also object to this Interrogatory to the extent it calls for information that is subject to the attorney-client privilege, work product doctrine or subject to any other applicable privilege.

## INTERROGATORY NO. 9:

For each Plaintiff, describe each act or incident that you allege has constituted or constitutes a violation of any provision of that Plaintiff's Rental Agreement with you.

## OBJECTION TO INTERROGATORY NO. 9:

No objections.

## INTERROGATORY NO. 10:

Describe every instance in which, despite Your knowledge that an adult occupant at the Park did not or could not comply with the Policy, You have declined to enforce the Policy, including the tenants' names and the dates on which You declined to enforce the Policy.

## OBJECTION TO INTERROGATORY NO. 10:

Defendants object to this Interrogatory as vague and ambiguous as the terms "comply," "declined" and "enforce" are undefined and capable of multiple meanings. Defendants further object to this Interrogatory on the grounds that it is overbroad as it fails to limit the scope of the request to the allegations in the Complaint, and is outside the relevant time period alleged in the Complaint. Defendants also object to this Interrogatory on the grounds that the burden of producing the information sought is disproportional to the needs of the case when weighing the burden and expense against the likely benefit. Defendants object to this Interrogatory to the extent it would require Defendants to conduct an investigation of every "adult occupant at the Park." Specifically, this Interrogatory is overbroad in that it seeks information related to an undefined and unlimited time period. Further, Defendants also object to this Interrogatory to the extent it calls for information that is subject to the attorney-client privilege and work product doctrine and subject to any other privilege.

## INTERROGATORY NO. 11:

Describe the process by which you determine that allegedly unauthorized occupants are living with Lease Plaintiffs or other tenants.

## OBJECTION TO INTERROGATORY NO. 11:

Defendants further object to this Interrogatory on the grounds that it is overbroad as it fails to limit the scope of the request to the allegations in the Complaint, and is outside the relevant time period alleged in the Complaint. Specifically, Defendants object to this Interrogatory as unreasonably broad because the term "other tenants" is not limited to the allegations in the Complaint, and is outside the relevant time period alleged in the Complaint.

Further, Defendants also object to this Interrogatory to the extent it calls for information that is subject to the attorney-client privilege, work product doctrine or subject to any other applicable privilege.

**INTERROGATORY NO. 12:**

Describe the process by which you conduct criminal background and/or credit checks, including the third party products and services you have considered, have used, or currently use, including Yardi Systems, Inc.'s products or services, and the reasons for using or not using each.

**OBJECTION TO INTERROGATORY NO. 12:**

Defendants object to this Interrogatory as vague and ambiguous as the term "considered," is undefined and capable of multiple meanings. Defendants further object to this Interrogatory on the grounds that it is overbroad as it fails to limit the scope of the request to the allegations in the Complaint, and is outside the relevant time period alleged in the Complaint. Further, Defendants object to this Interrogatory as unreasonably broad because the Interrogatory is not limited to the Park at issue in this Complaint. Defendants also object to this Interrogatory on the grounds that the burden of producing the information sought is disproportional to the needs of the case when weighing the burden and expense against the likely benefit. Specifically, this Interrogatory is overbroad in that it seeks information related to an undefined and unlimited time period. Further, Defendants also object to this Interrogatory to the extent it calls for information that is subject to the attorney-client privilege and work product doctrine.

**INTERROGATORY NO. 13:**

Describe all instances where you have accepted or approved a tenant without requiring a Social Security card or number, and describe the reasons you accepted or approved such tenant, including, if applicable, whether any tenant has ever complied with the Policy by providing an original passport, original U.S. visa, and an original Arrival/Departure Form (I-94 or I-94W).

**OBJECTION TO INTERROGATORY NO. 13:**

Defendants object to this Interrogatory on the grounds that it is overbroad as it fails to limit the scope of the request to the allegations in the Complaint, and is outside the relevant time period alleged in the Complaint. Defendants also object to this Interrogatory on the grounds that the burden of producing the information sought is disproportional to the needs of the case when weighing the burden and expense against the likely benefit. Specifically, this Interrogatory is overbroad in that it seeks information related to an undefined and unlimited time period. This Interrogatory is also overbroad in that it seeks information related to all of the Park's 150 lots and all individuals that reside or have resided therein. Further, Defendants also object to this Interrogatory to the extent it calls for information that is subject to the attorney-client privilege, work product doctrine or subject to any other applicable privilege.

**INTERROGATORY NO. 14:**

Describe all reasons, excluding none, that you do not accept ITINs from prospective tenants on an equal basis as Social Security cards or numbers.

**OBJECTION TO INTERROGATORY NO. 14:**

Defendants object to this Interrogatory to the extent it calls for information that is subject to the attorney-client privilege, work product doctrine or subject to any other applicable privilege.

**INTERROGATORY NO. 15:**

Describe all reasons, excluding none, that you require every occupant living at the Park to complete an application, register as an occupant, and meet the same requirements for residency as a leaseholder.

**OBJECTION TO INTERROGATORY NO. 15:**

Defendants object to this Interrogatory to the extent it calls for information that is subject to the attorney-client privilege, work product doctrine or subject to any other applicable privilege.

**INTERROGATORY NO. 16:**

Describe all reasons, excluding none, that you seek to prevent any undocumented immigrants from leasing or occupying homes in the Park.

**OBJECTION TO INTERROGATORY NO. 16:**

Defendants object to this Interrogatory because it seeks documents that are not relevant to the case and that are not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this Interrogatory as vague and ambiguous as it assumes that Defendants "seek to prevent any undocumented immigrants from leasing or occupying homes in the Park."

**INTERROGATORY NO. 17:**

Describe your process for auditing or inspecting a Park resident's Lot or mobile home.

**OBJECTION TO INTERROGATORY NO. 17:**

Defendants object to this Interrogatory to the extent it calls for information that is subject to the attorney-client privilege, work product doctrine or subject to any other applicable privilege.

**INTERROGATORY NO. 18:**

Describe the process by which, and reasons for which, you determined to move tenants with "unauthorized occupants" onto month-to-month leases, including the process by which, and reasons for which, you determined that such month-to-month leases required a Surcharge or rent increase.

**OBJECTION TO INTERROGATORY NO. 18:**

Defendants object to this Interrogatory to the extent it calls for information that is subject to the attorney-client privilege, work product doctrine or subject to any other applicable privilege.

**INTERROGATORY NO. 19:**

Describe the process by which, and reasons for which, you determined to impose a $300 Surcharge on month-to-month leases as of June 1, 2016.

**OBJECTION TO INTERROGATORY NO. 19:**

Defendants object to this Interrogatory to the extent it calls for information that is subject to the attorney-client privilege, work product doctrine or subject to any other applicable privilege.

**INTERROGATORY NO. 20:**

Identify the leaseholders to which you gave notice of the $300 Surcharge on month-to-month leases you determined to impose as of June 1, 2016, including whether you gave such notice to all tenants in the Park or only tenants you considered to hold "month-to-month" leases.

**OBJECTION TO INTERROGATORY NO. 20:**

Defendants object to this Interrogatory to the extent it calls for information that is subject to the attorney-client privilege, work product doctrine or subject to any other applicable privilege.

**INTERROGATORY NO. 21:**

Describe any violation of Park rules and regulations or civil or criminal law by Plaintiffs.

**OBJECTION TO INTERROGATORY NO. 21:**

No objections.

**INTERROGATORY NO. 22:**

Describe each violation of Park rules and regulations or civil or criminal law by an adult occupant at the Park, and whether each individual was in compliance with the Policy.

**OBJECTION TO INTERROGATORY NO. 22:**

Defendants object to this Interrogatory on the grounds that it is overbroad as it fails to limit the scope of the request to the allegations in the Complaint, and is outside the relevant time period alleged in the Complaint. Defendants object to this Interrogatory because it seeks documents that are not relevant to the case and that are not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this Interrogatory to the extent it would require Defendants to conduct an investigation of every "adult occupant at the Park." Specifically, this Interrogatory is overbroad in that it seeks information related to an undefined and unlimited time period. This Interrogatory is also overbroad in that it seeks information related to all of the Park's 150 lots and all individuals that reside or have resided therein. Further, Defendants also object to this Interrogatory to the extent it calls for information that is subject to the attorney-client privilege, work product doctrine or subject to any other applicable privilege.

**INTERROGATORY NO. 23:**

Describe each instance when a tenant was evicted for failure to pay rent, and whether such individual was in compliance with the Policy

**OBJECTION TO INTERROGATORY NO. 23:**

Defendants object to this Interrogatory because it seeks documents that are not relevant to the case and that are not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Interrogatory on the grounds that it is overbroad as it fails to limit the scope of the request to the allegations in the Complaint, and is outside the relevant time period alleged in the Complaint. Defendants object to this Interrogatory to the extent it would

require Defendants to conduct an investigation of every tenant ever "evicted for failure to pay rent." Specifically, this Interrogatory is overbroad in that it seeks information related to an undefined and unlimited time period. This Interrogatory is also overbroad in that it seeks information related to all of the Park's 150 lots and all individuals that reside or have resided therein. Further, Defendants also object to this Interrogatory to the extent it calls for information that is confidential, subject to the attorney-client privilege or subject to any other applicable privilege.

**INTERROGATORY NO. 24:**

Describe your future plans, if any, to sell, redevelop, or make any major changes to the Park.

**OBJECTION TO INTERROGATORY NO. 24:**

Defendants object to this Interrogatory because it seeks documents that are not relevant to the case and that are not reasonably calculated to lead to the discovery of admissible evidence. Specifically, any plans to "sell, redevelop, or make any major changes to the Park," should they exist, are not related to the allegations of the Complaint.

**INTERROGATORY NO. 25:**

Describe each communication between you and any non-party to the above-captioned litigation, including without limitation communications between Albert J. Dwoskin and Jeff Franzen, regarding this litigation, media coverage regarding this litigation, the legality of the Policy, or media coverage regarding the legality of the Policy.

**OBJECTION TO INTERROGATORY NO. 25:**

Defendants object to this Interrogatory to the extent that is seeks information related to "media coverage" on the grounds that it seeks documents that are not relevant to the case and that are not reasonably calculated to lead to the discovery of admissible evidence. Defendants

- 17 -

also object to this Interrogatory to the extent it calls for information that is subject to the attorney-client privilege, the work product doctrine, or any other applicable privilege.

**INTERROGATORY NO. 26:**

Describe the process by which you have considered the federal Fair Housing Act, the Virginia Fair Housing Act, the VRLTA, and/or the MHLRA in creating, developing, implementing, altering, or enforcing policies and practices at the Park, including specifically whether you considered the disparate impact that any policy or practice would have on a protected class.

**OBJECTION TO INTERROGATORY NO. 26:**

Defendants object to this Interrogatory as vague and ambiguous as the term "process by which you have considered" is undefined and capable of multiple meanings. Defendants further object to this Interrogatory on the grounds that it is overbroad as it fails to limit the scope of the request to the relevant time period alleged in the Complaint.  Specifically, this Interrogatory is overbroad in that it seeks information related to an undefined and unlimited time period. Further, Defendants also object to this Interrogatory to the extent it calls for information that is subject to the attorney-client privilege and work product doctrine.

**INTERROGATORY NO. 27:**

Describe the process by which you train, educate, and supervise your employees regarding the requirements of the federal Fair Housing Act, the Virginia Fair Housing Act, the VRLTA, and/or the MHLRA.

**OBJECTION TO INTERROGATORY NO. 27:**

Defendants object to this Interrogatory on the grounds that it seeks documents that are not relevant to the case and that are not reasonably calculated to lead to the discovery of admissible evidence.  Specifically, Plaintiffs have not made any allegations related to the training, education

and supervision of employees. Defendants also object to this Interrogatory to the extent it calls for information that is subject to the attorney-client privilege and work product doctrine.

**INTERROGATORY NO. 28:**

Describe the number of Lots at the Park, the number of leases begun or terminated at the Park in each year since January 1, 2006, the number of applications received for residency at the Park in each of the same years, and the number of applications denied in each of the same years because a prospective tenant failed to produce documents verifying his or her lawful presence.

**OBJECTION TO INTERROGATORY NO. 28:**

Defendants object to this Interrogatory on the grounds that it is overbroad as it fails to limit the scope of the request to the allegations in the Complaint, and is outside the relevant time period alleged in the Complaint. Specifically, this Interrogatory is overbroad in that it seeks information relating back to 2006, while the earliest any of the Plaintiffs allegedly "lived in a mobile home in the Park" was January 1, 2010, and the earliest allegation of purported harm to any of the Plaintiffs is alleged to have occurred in 2014. *See* Compl. ¶¶ 12-15, 68, 88, 95, 106. Defendants object to this Interrogatory because it seeks documents that are not relevant to the case and that are not reasonably calculated to lead to the discovery of admissible evidence.

Case 1:16-cv-00563-PTG-WBP    Document 121-10    Filed 12/05/16    Page 21 of 22
PageID# 1807

Respectfully submitted,

WAPLES MOBILE HOME PARK LIMITED
PARTNERSHIP, WAPLES PROJECT
LIMITED PARTNERSHIP AND
A.J. DWOSKIN & ASSOCIATES, INC.

Michael S. Dingman (VSB No. 30031)
Justin deBettencourt (VSB No. 83806)
7900 Tysons One Place
Suite 500
McLean, Virginia  22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
mdingman@reedsmith.com
jdebettencourt@reedsmith.com
*Counsel for Defendants*

- 20 -

**CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2016, I caused the foregoing to be sent to the

following via email and U.S. mail, postage, prepaid:

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Ariel Wade Trajtenberg (pro hac vice)
777 Sixth Street NW, 11th Floor
Washington, District of Columbia 20001-3706
Phone: (202) 538-8000
Fax: (202) 538-8100
arieltrajtenberg@quinnemanuel.com


Michael S. Dingman (VSB No. 30031)
Justin deBettencourt (VSB No. 83806)
7900 Tysons One Place
Suite 500
McLean, Virginia  22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
mdingman@reedsmith.com
jdebettencourt@reedsmith.com