# EXHIBIT 11

**deBettencourt, Justin D.**

___

| | |
|---|---|
| **From:** | Dingman, Michael S. |
| **Sent:** | Monday, September 12, 2016 3:06 PM |
| **To:** | deBettencourt, Justin D. |
| **Subject:** | RE: Giron De Reyes, et al. v. Waples Mobile Home Park LP, et al., No. 1:16-cv-563 (E.D.Va.) |

Ariel,

Please see my responses below in red. Happy to discuss as needed.


**Mike Dingman**
MDingman@reedsmith.com

Reed Smith LLP
7900Tysons One Place
Suite 500
McLean, VA 22102
703.641.4323
Fax 703.641.4340

**Please note our new address effective 3-21-16: 7900 Tysons One Place, Suite 500, McLean, VA 22102**

___

**From:** Ariel Trajtenberg [mailto:arieltrajtenberg@quinnemanuel.com]
**Sent:** Saturday, September 10, 2016 8:42 AM
**To:** Dingman, Michael S.; deBettencourt, Justin D.
**Cc:** Bill Margeson; Joy Odom
**Subject:** Giron De Reyes, et al. v. Waples Mobile Home Park LP, et al., No. 1:16-cv-563 (E.D.Va.)

Good morning, Mike.

We write on behalf of the Plaintiffs to follow up on Thursday's meet and confer concerning Defendants' objections to Plaintiffs' first set of Requests for Production (RFPs) and Interrogatories (ROGs).

As an initial matter, you asked if Plaintiffs would consent to an extension of time for Defendants to produce their discovery responses on September 16th rather than September 12th. In the spirit of cooperation, and in hopes that we can reach an agreement on the remaining open questions, we agree.

This email is intended to (1) confirm our understanding of the agreements we reached, (2) propose some solutions to resolve outstanding questions, and (3) identify any open questions. As for any RFP or ROG not discussed below, we understand that Defendants will make a complete production, subject to the time limit we establish and any privilege claim.

1

1. <u>Time Frame:</u> We agreed that Defendants would produce documents relevant to the named Plaintiffs without restriction to a particular time frame. For all other documents, you objected to producing documents earlier than January 1, 2010. You agreed to let us know the date on which the Policy, and any prior version of the Policy, was drafted. Please provide this information as soon as possible. After receiving this information from you, we hope to be able to reach an agreement on the time frame applicable to the requests. <span style="color:red">A prior version of the Policy was drafted in November 2006.</span>

2. <u>Privilege Objections:</u> We agreed that, pursuant to the Joint Discovery Plan, communications with Reed Smith regarding this litigation need not be logged, but otherwise any emails Defendants withhold based on attorney-client privilege and work product protections will be included in a privilege log. <span style="color:red">Agreed.</span>

3. <u>Albert J. Dwoskin (RFP 3):</u> We understand that Defendants will produce any document involving Mr. Dwoskin as long as it is otherwise responsive (*e.g.*, reflects discussion related to the Policy). While we did not discuss RFP 46 or ROG 25, we believe that our understanding with respect to RFP 3 would apply equally to Defendants' responses to RFP 46 and ROG 25. Please let us know if we are mistaken. <span style="color:red">To the extent that there are documents involving Mr. Dwoskin that are responsive to document requests for which there are no objections, we will produce such documents.</span>

4. <u>Corporate Structure (RFP 2; ROG 2):</u> We agreed that Defendants would produce organizational charts sufficient to show corporate structure, organization, and leadership. Plaintiffs reserved the right to request further production after reviewing the organizational charts. <span style="color:red">Agreed.</span>

5. <u>Business Reports (RFP 8):</u> Defendants agreed to produce reports and other documents in response to this Request as long as such documents reflect information about the Policy or information relevant to any component of the Policy (i.e. the use of I-94 forms). <span style="color:red">Agreed.</span>

6. <u>Scope of Requests for Communications with Tenants and Prospective Tenants (RFPs 21 and 22):</u> Defendants objected to producing "*all* documents and communications," but agreed to search for and produce documents and communications that hit on the terms identified in RFPs 21 and 22. <span style="color:red">Agreed subject to agreement on a time frame for such searches.</span>

7. <u>Information about Park Tenants and Occupants (RFP 42, 49-50):</u> Based on your representation that Defendants do not keep any database or other record of the race or national origin of any tenant or occupant, we agreed that Defendants will produce a list of the names of all tenants and occupants for whom they have a record. Plaintiffs reserved the right to request further production after reviewing the list. <span style="color:red">Agreed to the extent such lists exist subject to agreement on a time frame for such documents.</span>

8. <u>Criminal/Credit Records (RFP 51 and 52; ROGs 21 and 22):</u> You objected to producing all criminal record and credit check reports that Defendants have on file. We understood, however, that you might be amenable to producing a summary of that information. We propose that you, in the table in which you list the names of all former and current tenants and occupants (within the agreed-upon timeframe), include columns reporting whether the former or current tenant or occupant identified (i) has a criminal record (and, if so, include the number of felony and misdemeanor convictions) and (ii) whether Defendants, in processing the application, obtained a credit report for the individual (and, if so, describe whether the credit score registered as (1) Excellent (800+); (2) Very Good (750-799); (3) Good (700-749); (4) Fair (650-699); (5) Poor (600-649); or (6) Very Bad (300-599)) . <span style="color:red">This proposal is not acceptable for the reasons we discussed during our call. We do not believe that the criminal/creditor history of every prospective tenant is relevant or likely to lead to the discovery of admissible evidence.</span>

9. <u>Employees (RFP 7; RFP 14):</u> Defendants object to producing "employee files" in response to RFPs 7 & 14. The parties disagree as to whether employee files are encompassed by any request. <span style="color:red">Defendants also object to the relevance of producing employee files.</span>

10. **Business Plans (RFPs 47 and 48; ROG 24):** Defendants object to producing any documents regarding future plans or business projections. Plaintiffs maintain that this information is relevant and should be produced. Agreed that the parties dispute whether such documents are discoverable.

Please let us know if we have misunderstood your position on any of these items.

Have a nice weekend,
Ariel

**Ariel Wade Trajtenberg**
*Associate,*
**Quinn Emanuel Urquhart & Sullivan, LLP**

777 6th Street, NW, 11th Floor
Washington, D.C. 20001
202-538-8163 Direct
202.538.8000 Main Office Number
202.538.8100 FAX
arieltrajtenberg@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.