# EXHIBIT 13

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| United States *ex rels.* Davis, et al., | ) )  ) |
| Plaintiffs, | ) ) |
| v. | ) )   Civil Action No. 1:08cv1244 (TSE/TRJ) |
| Blackwater Lodge and Training Center, Inc., et al., | ) ) ) ) |
| Defendants. | ) ) |

## ORDER

Defendants have filed a motion for a protective order (no. 198), which is the reciprocal of part of relators' "Motion to Enjoin Defendants from Destroying Evidence and Interfering with Third Party Subpoena Compliance" (no. 194), which the court also treats as a motion for a protective order.

Accepting, as the court does, defense counsel's representations about the management of the database in issue in the "destroying" component of relators' motion, the court sees no basis for a finding that defendants are destroying the evidence in issue. The court agrees with defendants that the production of the database itself is not within the ambit of relators' document requests.

The court also agrees with defendants that the documents that relators have sought to

subpoena from American Express and Presidential Airways[1] were the subject of the court's ruling on November 19, 2010, stated from the bench on pages 17 and 18 of the transcript of that hearing. As the court said during that ruling, relators were free to ask the court for more discovery later if the circumstances warranted. Relators have not asked the court for more discovery, and the attempt to obtain by the end run of subpoenas what the court denied is improper and impermissible.

Accordingly, defendants' motion for a protective order (no. 198) is GRANTED and the subpoenas in issue are quashed; and relators' motion (no. 194) is DENIED.

It is so ORDERED.

ENTERED this 23rd day of February, 2011.

/s/
Thomas Rawles Jones, Jr.
United States Magistrate Judge

Alexandria, Virginia

---

[1] Relators served a subpoena on "Presidential Airways c/o AAR Corp." *See* Rels.' Mem. in Supp. of Mot. to Enjoin, Ex. I. The parties' pleadings refer to a subpoena served on "AAR."

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. MELAN DAVIS and BRAD DAVIS, <br><br> Plaintiffs, <br><br> v. <br><br> ERIK PRINCE, et al., <br><br> Defendants. | Case No. 1:08-cv-1244 – TSE-TRJ |

### DEFENDANTS' MOTION FOR A PROTECTIVE ORDER REGARDING SUBPOENA TO AMERICAN EXPRESS COMPANY

Defendants respectfully move this Court to relieve non-party American Express Company of the obligation to produce records in response to the subpoena served by the relators. The records sought are largely irrelevant to this case and contain confidential, sensitive information. Defendants have already produced the relevant portions of the records sought to relators.

Grounds for this motion are set forth in the memorandum of points and authorities that accompanies this motion. A proposed protective order is attached.

Counsel for relators and defendants have repeatedly conferred about the issues raised in defendants' motion and have been unable to reach any agreement.

**WHEREFORE,** defendants respectfully ask this Court to grant their motion for a protective order.

DCACTIVE-14519135.1

/s/David W. O'Brien
Richard L. Beizer (VSB # 02646)
David W. O'Brien (VSB # 14924)
Andy Liu (Admitted *pro hac vice*)
Jody Goodman (Admitted *pro hac vice*)
Elizabeth Carter (Admitted *pro hac vice*)

*Counsel for all defendants*

CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
P: 202-624-2500
F: 202-628-5116
E: rbeizer@crowell.com
E: dobrien@crowell.com
E: aliu@crowell.com
E: jgoodman@crowell.com
E: ecarter@crowell.com

February 11, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of February 2011, I electronically filed the foregoing Defendants' Motion for a Protective Order Regarding Subpoena to American Express Company with the Clerk of Court using the CM/ECF system, which will send a notification to the following:

>Susan L. Burke, Esq.
>sburke@burkepllc.com
>Burke PLLC
>1000 Potomac Street, NW
>Suite 150
>Washington, DC 20007
>Telephone: 202-232-5504
>Facsimile: 202-232-5513
>
>Paula Pugh Newett, Esq.
>USAVAE.ALX.ECF.CIVIL@usdoj.gov
>United States Attorney's Office
>2100 Jamieson Ave
>Alexandria, VA 22314
>Telephone: 703-299-3700
>
>Monika Moore, Esq.
>USAVAE.ALX.ECF.CIVIL@usdoj.gov
>United States Attorney's Office
>2100 Jamieson Ave
>Alexandria, VA 22314
>Telephone: 703-299-3700

                                                         /s/ David W. O'Brien
                                                          David W. O'Brien

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. MELAN DAVIS and BRAD DAVIS,<br><br>Plaintiffs,<br><br>v.<br><br>ERIK PRINCE et al.,<br><br>Defendants. | Case No. 1:08-cv-1244 – TSE-TRJ |

PROTECTIVE ORDER REGARDING
SUBPOENA TO AMERICAN EXPRESS COMPANY

Upon consideration of the defendants' Motion for Protective Order Regarding Subpoena to American Express Company, and any opposition thereto, it is hereby ORDERED that American Express Company is absolved from its duty to respond to the subpoena, to the extent that the relevant records requested by relators in that subpoena have already been produced by defendants.

ENTERED this ____ day of February, 2011.

_____
Thomas Rawles Jones, Jr.
United States Magistrate Judge

Alexandria, Virginia

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. MELAN DAVIS and BRAD DAVIS, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ERIK PRINCE et al., )<br>)<br>Defendants. ) | PORTIONS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER<br><br>Case No. 1:08-cv-1244 – TSE-TRJ |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER REGARDING SUBPOENA TO AMERICAN EXPRESS COMPANY**

Relators have issued a subpoena to American Express Company ("American Express" or "AmEx") for records that are wholly irrelevant to this case and ones that this Court has ruled do not have to be produced in this matter. Defendants Erik Prince, Prince Group, LLC, Blackwater Security Consulting, LLC, U.S. Training Center, Inc., Xe Services, LLC, and Greystone LTD (collectively, "defendants") have also already produced copies of the monthly account statements in question, with the irrelevant portions redacted. The redacted sections are not related to the WPPS II contract that is at issue in this case; rather, they contain irrelevant, sensitive information relating to other contracts and customers. Relators litigated – and lost – their unexplained demand for *all* of defendants' financial records. After that ruling, defendants produced the AmEx statements relevant to the allegations of cost-reimbursable fraud on the WPPS II contract as directed by the Court. But in disregard of that ruling, relators have now served a subpoena on American Express, defendants' credit card company, demanding the same records that this Court

DCACTIVE-14489461.8

said defendants themselves did not have to produce. Defendants ask this Court to enforce its earlier ruling denying relators records wholly irrelevant to their claims.

Not only are the unredacted records irrelevant, they are also sensitive and their disclosure could harm defendants' employees and customers. Defendants request this Court enter a protective order shielding these records from production.[1]

## Background

In the course of discovery, relators requested from defendants *all* monthly American Express statements issued to any of the defendants. Defendants and their affiliates have multiple American Express accounts that are used not only for the WPPS II contract at issue in this litigation, but also for many contracts that are not. American Express issues monthly statements to the defendants covering all these accounts. The monthly statements average 400 pages in length, and multiple card numbers are billed in a single statement. Only some of the card numbers on the monthly statements were used in support of the WPPS II contract at issue in the litigation; the rest have no relevance whatsoever.

On November 19, 2010, this Court heard argument on relators' motion to compel defendants to produce *all* their financial records. This Court asked counsel for both sides to work on reaching an agreement on as many issues as possible prior to hearing argument, and

---

[1] Defendants have standing to move for a protective order involving information sought from a third party. Rule 26(c)("A *party* ... may move for a protective order")(emphasis added); *see also Washington v. Thurgood Marshall Academy*, 230 F.R.D. 18, 22 (D.D.C. 2005)(defendant had standing to move for protective order regarding third party subpoena); *Schweinfurth v. Motorola, Inc.*, 2008 WL 4981380 at *2 (N.D. Ohio), citing *United States v. Operation Rescue*, 112 F.Supp.2d 696, 705 (S.D. Ohio 1999) (plaintiff had standing to seek protective order on behalf of third-party medical clinics; "several federal courts have found that a party has standing to seek a protective order on behalf of non-parties"); *Springbrook Lenders v. Northwestern Nat'l Ins. Co.*, 121 F.R.D. 679, 680 (N.D. Cal. 1988)(defendant had standing to seek protective order regarding subpoena served upon third party).

2

counsel did so. During this conference, defendants reiterated the position they took in their papers that they were willing to provide American Express statements to the extent that they reflected payment for a cost passed on to the government on the WPPS II contract. *See* Defs.' Opp'n to Relators' Mot. to Compel at 5, ECF No. 160, Nov. 17, 2010 ("defendants agreed to produce . . . American Express statements for credit cards used in performance of the WPPS II contract"). Thereafter, defendants explained to the Court that they have "already said that [they] are] going to give [relators] . . . on any invoice submitted to the government with . . . backup invoices from vendors. . . a record that shows what the defendants paid to those vendors." Ex. A, Hr'g Tr. at 11 (Nov. 19, 2010). The Court held that "bank statements together with [payment material] that defendants have already agreed to produce appear to be sufficient" to fulfill relators' request. *See* Ex. A, Hr'g Tr. at 17. Unwilling to accept that ruling, Relators now seek from American Express what the Court said defendants did not have to produce. The Court should not tolerate this.

Because the AmEx charges incurred on contracts other than WPPS II are not discoverable in this case, defendants have produced copies of monthly statements with these irrelevant charges redacted, but otherwise in exactly the same form as when received from American Express. But relators persist in the postion they took in court that they are entitled to *all* defendants' financial records regardless of whether they have anything to do with the two contracts at issue. They offer no better explanation than they did then as to why such a far-reaching claim is warranted. They just want them.

In furtherance of their effort to obtain all of defendants' financial records, they served American Express Company, defendants' credit card company, with a subpoena, Ex. B, for statements for all accounts and all contracts regardless of whether they have anything to do with

WPPS II. The subpoena to the American Express Company calls for: "Monthly account statements from all accounts maintained by Blackwater Security Consulting, Xe Services LLC, EP Investments LLP, Blackwater Worldwide, United States Training Center, Inc., Blackwater Lodge and Training Center, Greystone Limited, and/or the Prince Group LLC." *Id.* Relators are not entitled to the "[m]onthly account statements from all accounts." The Court has already said as much, but relators will not be satisfied until they have each and every one of defendants' financial records.

In addition to being irrelevant to this litigation, a number of the card numbers that appear on defendants' monthly American Express statements are used for contracts of a sensitive nature. At least one of defendant Xe Services' subsidiaries, XPG LLC, performs contracts ▄▄▄▄ ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄. The release of information on American Express statements pertaining to those contracts would be harmful to the defendants, to the relevant affiliates and subsidiaries, and to others.

▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄, states in the attached declaration (Ex. C) that XPG LLC, a wholly-owned subsidiary of Xe Services, performs contracts f▄▄▄▄▄▄ ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄. Information about XPG travel expenses, including names of persons traveling and the origins and destinations of travel, are reflected on the monthly statements covered by the American Express subpoena. This travel information has absolutely nothing to do with the relators' case. ▄▄▄▄▄▄▄ states:

> The monthly statements from American Express can show the name of the person traveling, the origin and destination of travel, and any intermediate stops . . . Because of the nature of the contracts performed for ▄▄▄▄▄▄▄▄▄▄ ▄▄▄▄▄▄ the disclosure of the names and location of travel would reveal

4

operationally sensitive information and could potentially jeopardize the safety of those named.

Ex. C, ▇ Decl. at ¶¶ 6-7.

The redacted information in the American Express statements cannot possibly lead to the discovery of admissible evidence, and relators are not entitled to it. They should not be permitted to obtain from American Express what this Court already denied them. Defendants therefore ask this Court to issue a protective order relieving American Express from any obligation to respond to the subpoena.[2]

### Argument

Federal Rule of Civil Procedure 26(c)(1) provides: "A party . . . may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The Court "may make any order which justice requires," *Nicholas v. Wyndham Int'l, Inc.*, 373 F.3d 537, 543 (4th Cir. 2004); *see also Mitchell v. Fishbein*, 227 F.R.D. 239, 254 (S.D.N.Y. 2005), and it has broad discretion to do so. *See Amer. Chiropractic Ass'n, Inc. v. Trigon Healthcare, Inc.*, 367 F.3d 212, 236-37 (4th Cir. 2004) (court's discretion to limit discovery); *M&M Med. Supplies & Serv., Inc. v. Pleasant Valley Hosp., Inc.*, 981 F.2d 160, 163 (4th Cir. 1993)(citing *Keyes v. Lenoir Rhyne Coll.*, 552 F.2d 579, 581 (4th Cir. 1977), upholding trial court's decision to issue protective order).

Protective orders are routinely issued when the discovery sought is irrelevant to the litigation. *See, e.g., Equal Rights Ctr. v. Niles Bolton Assoc.*, 602 F.3d 597, 600 (4th Cir. 2010)

---

[2] Limiting production by American Express to charges made in support of the WPPS II contract would simply yield a duplicate of the documents that defendants have already produced, so defendants are not seeking that remedy here.

(protective order properly issued relating to matters irrelevant to litigation); *Harris Mkt. Research v. Marshall Mktg & Commc'ns, Inc.*, 948 F.2d 1518, 1526 (10th Cir. 1991) (affirming trial court's protective order preventing discovery on issues irrelevant to the case). In *Equal Rights Center*, disability advocacy groups sued a developer, its architects, and others for designing and constructing buildings that did not comply with the Americans with Disabilities Act. The developer brought an indemnity action against one of the defendant architectural firms, which sought discovery concerning the allocation of damages among parties in the original case. The magistrate judge granted a protective order (affirmed by the district court) because allocation of damages was irrelevant to the claim for indemnity. *Equal Rights Center*, 602 F.3d at 600. Similarly, in *Laxalt v. McClatchy*, 116 F.R.D. 455 (D. Nev. 1986), the district court affirmed the magistrate's order that relieved a third party of compliance with a subpoena, or allowed production in a redacted form, due to the irrelevancy of the documents sought. *Id.* at 457-58. Even those documents that the court found marginally relevant were properly withheld, because their relevancy was "outweighed" by a "privacy or confidentiality interest." *Id.* at 458 (also finding that because the same information was available elsewhere, disclosure of documents which might harm governmental interests would not be compelled).

In that regard, a court also has discretion to issue a protective order when disclosure of the information implicates the opposing party's privacy interests. For example, the Third Circuit has held that in order to qualify for a protective order, "the injury shown . . . need be no more than embarrassment." *Pearson v Miller*, 211 F.3d 57, 73 (3d Cir. 2000) (internal quotations omitted). As the Supreme Court observed in its seminal case on protective orders, "It is clear from experience that pretrial discovery by depositions and interrogatories has a significant potential for abuse. This abuse is not limited to matters of delay and expense; discovery also

may seriously implicate privacy interests of litigants and third parties." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34-35 (1984).[3] *See also Foster v. Livingwell* Midwest, Inc., 865 F.2d 267 (6th Cir. 1988) (affirming without discussion trial court's issuance of protective order for documents that "were of a confidential and proprietary nature and were irrelevant").

In *Seattle Times*, the Supreme Court noted that the liberal reach of discovery creates an opportunity for "litigants to obtain – incidentally or purposefully – information that not only is irrelevant but if publicly released could be damaging to reputation and privacy." 467 U.S. at 35-36. That is precisely the situation relators have created in this case. They have sought irrelevant information that if released could damage the reputation and privacy of others. And relators have no qualms about releasing irrelevant information harmful to others. Their counsel has posted discovery materials on her website including an un-cross examined declaration that contains scurrilous allegations about subjects that have been dismissed from the case. She also posted a deposition transcript that contained personal home and email addresses of witnesses. Because of relators' past conduct, defendants cannot help but think that their current attempt to obtain all of defendants' financial records regardless of relevancy is in furtherance of their effort to compromise the privacy of others.

The attached declaration of ▮▮▮▮ reveals how and why disclosure of the American Express statements that are the subject of the American Express subpoena would be deeply damaging to the defendants, to the defendants' affiliates, and to customers on other contracts.

---

[3] Even when the public has a common law right of access to court documents, that "right of inspection has bowed before the power of a court to insure that its records are not 'used to gratify private spite or promote public scandal'" through the publication of tangential details of a case, largely unrelated to the central issues. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978) (citations omitted).

The attached protective order would protect those statements from being disclosed to relators or to anyone else.

When this Court issued the existing Protective Order in this case, it recognized that under *Seattle Times*, the public's right of access to court documents does not extend to discovery materials. Ex. D, Hr'g Tr. at 5 (Sept. 24, 2010). The Court also issued the protective order "without prejudice to the ability of defendant . . . to ask for other, different, more, or less relief on a different record." *Id.* at 15. That different record, and that time, has come. Relators' counsel, in an email to defendants' counsel, recently stated: "We need unredacted AmEx bills because the redactions would defeat the purposes for which we need them. *The bills are not classified, as they are generated by AmEx.*" Ex. E, Burke e-mail to O'Brien, Feb. 2, 2011 (emphasis added). Relators' counsel apparently believes that because the American Express statements are not classified, they may – indeed must—be disclosed, which is simply wrong. The non-WPPS II, irrelevant information on the monthly statements should not be disclosed to anyone – even to relators under the existing protective order – because it is *irrelevant* to this litigation. Relators have no right to the information at all, and hence should not receive it. For that reason, a protective order should issue to cover those documents.

## Conclusion

For all of the foregoing reasons, defendants respectfully request that the Court grant defendants' motion and issue a protective order relieving American Express of the obligation to produce the defendants' monthly statements.

Dated:      February 11, 2011              Respectfully submitted,

/s/David W. O'Brien
Richard L. Beizer (VSB # 02646)
David W. O'Brien (VSB # 14924)
Andy Liu (Admitted *pro hac vice*)
Jody Goodman (Admitted *pro hac vice*)
Elizabeth Carter (Admitted *pro hac vice*)

*Counsel for all defendants*

CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
P: 202-624-2500
F: 202-628-5116
E: rbeizer@crowell.com
   dobrien@crowell.com
   aliu@crowell.com
   jgoodman@crowell.com
   ecarter@crowell.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of February, 2011, I caused the foregoing Defendants' Memorandum in Support of Motion for Protective Order Regarding Subpoena to American Express Company to be electronically filed with the Clerk of Court using the CM/ECF system and served via e-mail on:

    Susan L. Burke, Esq.
    sburke@burkepllc.com
    Burke PLLC
    1000 Potomac Street, NW
    Suite 150
    Washington, DC 20007
    Telephone: 202-232-5504
    Facsimile: 202-232-5513

    Paula Pugh Newett, Esq.
    USAVAE.ALX.ECF.CIVIL@usdoj.gov
    United States Attorney's Office
    2100 Jamieson Ave
    Alexandria, VA 22314
    Telephone: 703-299-3700

    Monika Moore, Esq.
    USAVAE.ALX.ECF.CIVIL@usdoj.gov
    United States Attorney's Office
    2100 Jamieson Ave
    Alexandria, VA 22314
    Telephone: 703-299-3700

                              /s/David W. O'Brien
                              David W. O'Brien