# Exhibit 1

| | |
|---|---|
| **From:** | deBettencourt, Justin D. <JdeBettencourt@ReedSmith.com> |
| **Sent:** | Thursday, October 20, 2016 4:36 PM |
| **To:** | Wookie Kim; Ariel Trajtenberg; Dingman, Michael S. |
| **Cc:** | Bill Margeson |
| **Subject:** | RE: Giron De Reyes, et al. v. Waples Mobile Home Park LP, et al., No. 1:16-cv-563 (E.D.Va.) |

Hi Wookie:

Thanks for your email. We do not anticipate any further productions.

If you would like to speak next week, please send us an email in advance outlining the issues you would like to discuss so that we can be prepared to discuss the issues you want to raise. We will look into availability on Monday.

Thanks,
Justin

---

**From:** Wookie Kim [mailto:wookiekim@quinnemanuel.com]
**Sent:** Thursday, October 20, 2016 1:38 PM
**To:** deBettencourt, Justin D.; Ariel Trajtenberg; Dingman, Michael S.
**Cc:** Bill Margeson
**Subject:** RE: Giron De Reyes, et al. v. Waples Mobile Home Park LP, et al., No. 1:16-cv-563 (E.D.Va.)

Hi Justin,

Thank you for these responses. We are still reviewing your most recent production. Are you free on Monday to discuss any remaining issues?

Meanwhile, can you confirm whether you are done with your productions? Or should we anticipate any further productions?

Thanks,
Wookie

**Wookie Kim**
*Associate,*
**Quinn Emanuel Urquhart & Sullivan, LLP**

777 6th Street, NW, 11th Floor
Washington, D.C. 20001
202-538-8250 Direct
202.538.8000 Main Office Number
202.538.8100 FAX
wookiekim@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** deBettencourt, Justin D. [mailto:JdeBettencourt@ReedSmith.com]
**Sent:** Wednesday, October 19, 2016 3:34 PM
**To:** Ariel Trajtenberg <arieltrajtenberg@quinnemanuel.com>; Dingman, Michael S. <MDingman@ReedSmith.com>
**Cc:** Bill Margeson <billmargeson@quinnemanuel.com>; Wookie Kim <wookiekim@quinnemanuel.com>
**Subject:** RE: Giron De Reyes, et al. v. Waples Mobile Home Park LP, et al., No. 1:16-cv-563 (E.D.Va.)

Hi Ariel:

Please see our responses in red below. In light of our responses below, please let us know if you would still like to talk tomorrow at 1:30 pm.

Thanks,
Justin

**From:** Ariel Trajtenberg [mailto:arieltrajtenberg@quinnemanuel.com]
**Sent:** Wednesday, October 19, 2016 8:48 AM
**To:** deBettencourt, Justin D.; Dingman, Michael S.
**Cc:** Bill Margeson; Wookie Kim
**Subject:** RE: Giron De Reyes, et al. v. Waples Mobile Home Park LP, et al., No. 1:16-cv-563 (E.D.Va.)

Good morning, Justin.

Per your request during our phone conversation Monday evening, we are providing you a written description of certain deficiencies. We are available for a meet and confer on Thursday at 1:30pm. Please confirm if that time works for you. We ask that you please be prepared to discuss the below issues during our call. 1:30 pm tomorrow works for us.

All responses below are made pursuant to the parties' previous agreements regarding Defendants' objections to Plaintiffs' discovery requests as discussed in the meet and confer and in correspondence between the parties.

**Emails (RFPs 6, 11-13, 16, 18-41, 44-48), privilege log, and document retention/destruction policies (RFP 43)**

As an initial matter, we remain concerned by the paucity of documents—and particularly emails—produced by Defendants in this case. Please confirm that the scope of your search included the email accounts of those persons Defendants identified in their Rule 26 initial disclosures and in response to Interrogatory No. 1. Defendants have searched the email accounts of individuals identified in the Rule 26 initial disclosures and in response to Interrogatory No. 1 to the extent the email accounts were in the possession, custody or control of Defendants.

As the parties agreed in their electronic discovery stipulation, and as you confirmed in your email of September 12, if any documents are being withheld under claim of attorney-client privilege or work production protection, those are to be included in a privilege log that is to be "produced no later than 7 days after the production of discovery." It has been much longer than 7 days since you served your first and second productions. Please produce a privilege log for those productions immediately, or state that no applicable documents exist warranting a privilege log. There are no documents withheld on privilege grounds from Defendants' productions 1 and 2. Defendants have withheld documents on privilege grounds from Defendants' production 3 and seven days have not passed since those documents were produced.

Relatedly, Defendants have not produced documents responsive to RFP 43 about Defendants' document retention and destruction policies (these documents may clear up any misunderstanding about your production deficiencies). Please produce documents responsive to RFP 43 immediately. By the end of today, Defendants will have produced all responsive documents and are not required to create documents.

**Creation and development of Policy (RFPs 11, 14)**

Defendants' productions are deficient with respect to documents relating to the motivations, justifications, and reasons for creating and developing the Policy. Specifically, RFP 11, seeks "[a]ll documents and communications relating to and evidencing the Policy, including its *creation*, *development*, implementation, alteration, and enforcement" (RFP 11 (emphasis added)) and "[d]ocuments sufficient to identify all employees or agents responsible for the *creation*, *development*, implementation, alteration, and enforcement of the Policy" (RFP 14 (emphasis added)), which also encompasses employee files. Although Defendants produced documents regarding alteration and enforcement of the Policy, Defendants did not produce, for example, communications and documents between upper-level management referring to reasons for creating and developing the Policy in the first instance. Defendants' motivations, justifications, and reasons for implementing the Policy are a central issue in this case. Please produce documents and communications (including emails) relating to these requests immediately. By the end of today, you will have all responsive documents and Defendants are not required to create documents. As discussed in Defendants' objections and at the meet and confer on Defendants' objections, Defendants have objected to producing employee files in response to RFPs 7 and 14.

**Communications about or with Plaintiffs (RFPs 18-20), and relating to national origin or immigration status (RFPs 21-22)**

Defendants' productions are deficient with respect to documents relating to Defendants' communication about or with Plaintiffs. Plaintiffs' RFPs seek documents and communications containing the names of any of the Plaintiffs" (RFP 18), "documents and communications relating to . . . any communications between any Defendant and any Plaintiff" (RFP 19) and "documents and communications you have had with any other Defendants or third party relating to any Plaintiff" (RFP 20). Please produce documents and communications (including emails) relating to these requests immediately. By the end of today, you will have all responsive documents and Defendants are not required to create documents.

Defendants' productions are also deficient with respect to documents relating to national origin or immigration status. Plaintiffs' RFPs seek "documents and communications relating to a Park tenant . . . or occupant's national origin, including all documents and communications that include the terms 'Hispanic,' 'Latino,' or an equivalent" (RFP 21), and "documents and communications relating to a Park tenant . . . or occupant's immigration status, including all documents and communications that include the terms 'undocumented immigrant(s),' 'unauthorized immigrant(s),' 'illegal alien,' or 'illegal immigrant(s)" (RFP 22). Please produce documents and communications (including emails) relating to these requests immediately. By the end of today, you will have all responsive documents and Defendants are not required to create documents.

**Enforcement Relating to non-Plaintiff tenants (RFPs 11, 13, 23, 36)**

Defendants' productions are still deficient with respect to the enforcement of the Policy against non-Plaintiff tenants. Although Defendants produced some emails and documents relating to "attempts to verify a Park tenant . . . or occupants' citizenship or legal presence" (RFP 23), these documents do not fully reflect the extent of enforcement as suggested in the list produced at WAPLES00001272. Defendants' enforcement of the Policy with respect to non-compliant, non-Plaintiff tenants is highly relevant to show disparate, differential treatment. Please produce documents and communications (including emails) relating to these requests immediately. By the end of today, you will have all responsive documents and Defendants are not required to create documents.

**Consideration of relevant housing law (RFPs 38-40)**

Defendants' productions are still deficient with respect to Defendants' consideration of, and training with respect to, relevant housing law. After asking for supplemental responses to RFPs 38, 39, and 40, Defendants produced one Training Outline for Leasing Administration that includes FHA as one of several bullet points, in addition to the "Certificates of Achievement" from Defendants' first production. Please either produce documents and communications

3

(including emails) relating to these requests immediately, or confirm that no other such documents exist. By the end of today, you will have all responsive documents and Defendants are not required to create documents.

**Interrogatory No. 6**

In your October 13 email, you stated that Defendants will supplement their responses to Interrogatory No. 6 to describe Defendants' communications with "each plaintiff." Please indicate the date by which Defendants will supplement this response. We will be producing our supplemental response to this Interrogatory this Friday Oct. 21, 2016.

*****

We continue to reserve our rights to follow up on our requests after considering Defendants' response to the above.

Best,
Ariel


**Ariel Wade Trajtenberg**
*Associate,*
**Quinn Emanuel Urquhart & Sullivan, LLP**
202-538-8163 Direct
arieltrajtenberg@quinnemanuel.com

---

**From:** deBettencourt, Justin D. [mailto:JdeBettencourt@ReedSmith.com]
**Sent:** Thursday, October 13, 2016 5:14 PM
**To:** Ariel Trajtenberg <arieltrajtenberg@quinnemanuel.com>; Dingman, Michael S. <MDingman@ReedSmith.com>
**Cc:** Bill Margeson <billmargeson@quinnemanuel.com>; Wookie Kim <wookiekim@quinnemanuel.com>
**Subject:** RE: Giron De Reyes, et al. v. Waples Mobile Home Park LP, et al., No. 1:16-cv-563 (E.D.Va.)

Hi Ariel:

Please see below in red.

Thanks,
Justin

---

**From:** Ariel Trajtenberg [mailto:arieltrajtenberg@quinnemanuel.com]
**Sent:** Tuesday, October 11, 2016 11:07 AM
**To:** Dingman, Michael S.; deBettencourt, Justin D.
**Cc:** Bill Margeson; Wookie Kim
**Subject:** Giron De Reyes, et al. v. Waples Mobile Home Park LP, et al., No. 1:16-cv-563 (E.D.Va.)

Good morning, Mike.

We write concerning Defendants' responses to Plaintiffs' first set of Requests for Production (RFPs) and Interrogatories (ROGs). After reviewing Defendants' document production and interrogatory responses, we have identified certain deficiencies.

*First*, although many of Plaintiffs' RFPs request "communications" (*see, e.g.*, RFPs 6, 11-13, 16, 18-41, and 44-48), Defendants have produced almost no emails. Specifically, to date, Defendants have produced exactly one email chain in the entirety of your two productions. *See* WAPLES00000986-988. This is insufficient. "Documents" and "communications" encompass emails, and such emails are plainly within the scope of discovery. Moreover, it is improbable that, with respect to the dozens of RFPs served by Plaintiffs, only one responsive, non-privileged email chain

4

would exist. Please produce emails (and other communications) responsive to Plaintiffs' RFPs—and specifically to RFPs 6, 11-13, 16, 18-41, and 44-48. Because of the scope of Plaintiffs' requests dating back to 2006, we have reviewed a large amount of documents. You have received a link to download responsive emails and other documents today.

*Second*, Defendants' production is deficient with respect to documents relating to Defendants' enforcement of the Policy against non-Plaintiff tenants at the Park. Plaintiffs' RFPs seek documents and communications: (1) "relating to and evidencing the Policy, including its … implementation … and enforcement" (RFP 11), (2) "relating to and evidencing … efforts … to track, manage, or ensure a tenant or occupant's past or present compliance with the Policy" (RFP 13), (3) "reflecting your attempts to verify a Park tenant … or occupant's citizenship or legal presence" (RFP 23), and "evidencing violations of the Park's rules and regulations" (RFP 24). Although Defendants have produced documents responsive to these RFPs with respect to Plaintiffs (e.g., Mobile Home Inspection forms, letters, Yardi memoranda), Defendants have not sufficiently done the same with respect to those non-Plaintiff tenants identified as being Policy non-compliant (for example, in the list at WAPLES00001272). Defendants' enforcement of the Policy with respect to non-compliant, non-Plaintiff tenants is highly relevant to show disparate, differential treatment. Please produce documents and communications (including emails) relating to Defendants' enforcement of the Policy against non-Plaintiff tenants. In addition to the documents you have already received, you have received a link to download responsive emails and other documents today.

*Third*, Defendants have not produced documents sufficient to respond to the RFPs relating to their consideration of relevant housing law. Plaintiffs served RFPs seeking documents and communications relating to: (1) "your consideration of the federal Fair Housing Act, the Virginia Fair Housing Act, the VRLTA, and/or the MHLRA in creating, developing, implementing, altering, or enforcing policies and practices at the Park" (RFP 38), (2) "your consideration of how … the Park's policies and practices … would have a disparate impact on any protected class under the [FHA] and/or the [VFHL]," (RFP 39) and (3) "your policies, practices, and processes for educating and training your employees and/or agents relating to the requirements of the federal [FHA], the [VFHL], the VRLTA, and/or the MHLRA," (RFP 40). The only document Defendants produced in response is a set of "Certificates of Achievement" that 6 employees have completed a 3-hour "Fair Housing" course. Please either produce documents and communications (including emails) responsive to Plaintiffs' RFPs 38-40, or confirm that no other such documents exist. In addition to the documents you have already received, you have received a link to download responsive emails and other documents today.

*Finally*, although ROG 6 asks Defendants to "describe each communication you have had with *each Plaintiff*, including specifically those communications relating to the Park's leasing and lease renewal policies and practices …" Defendants described relevant communications only with respect to Mr. Reyes. Please supplement your response to ROG 6 to describe Defendants' communications with "each Plaintiff." We will be supplementing this response.

Our telephone meet and confer regarding Plaintiffs' first set of RFPs and ROGs occurred over one month ago, on September 8. Absent a sufficient response by 5 p.m. on Thursday, October 13, Plaintiffs intend to file a motion to compel regarding Defendants' deficient discovery responses on Friday, and notice a hearing for October 21. Please confirm your availability for that date. We trust that we have resolved the issues you have raised. We attempted to schedule Defendants' Motion to Compel for a hearing tomorrow, but your team was unavailable. We are available on October 21 and ask that you maintain availability for a hearing on October 21 for the Motion to Compel that Defendants originally attempted to schedule for hearing tomorrow.

We continue to reserve our rights to follow up on our requests after considering Defendants' response to the above.

Best,
Ariel

**Ariel Wade Trajtenberg**
*Associate,*
**Quinn Emanuel Urquhart & Sullivan, LLP**

777 6th Street, NW, 11th Floor
Washington, D.C. 20001

202-538-8163 Direct
202.538.8000 Main Office Number
202.538.8100 FAX
arieltrajtenberg@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

\* \* \*

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

Disclaimer Version RS.US.201.407.01