# Exhibit 5

| | |
|---|---|
| **From:** | deBettencourt, Justin D. <JdeBettencourt@ReedSmith.com> |
| **Sent:** | Thursday, November 10, 2016 12:31 PM |
| **To:** | Ariel Trajtenberg; Dingman, Michael S. |
| **Cc:** | Simon Sandoval-Moshenberg; Kyra Simon |
| **Subject:** | RE: Giron De Reyes, et al. v. Waples Mobile Home Park LP, et al., No. 1:16-cv-563 (E.D. Va.) |

Hi Ariel:

Please see our responses in red below.

Thanks,
Justin

---

**From:** Ariel Trajtenberg [mailto:arieltrajtenberg@quinnemanuel.com]
**Sent:** Friday, November 04, 2016 4:37 PM
**To:** Dingman, Michael S.; deBettencourt, Justin D.
**Cc:** Simon Sandoval-Moshenberg; Kyra Simon
**Subject:** Giron De Reyes, et al. v. Waples Mobile Home Park LP, et al., No. 1:16-cv-563 (E.D. Va.)

Mike and Justin,

After reviewing your October 21, 2016 privilege log, we have identified certain issues that need to be resolved. We appreciate your prompt attention to these issues.

As noted below, Defendants have updated certain descriptions on their privilege log, but Defendants do not believe that any modifications are necessary and are modifying their privilege log with the hope of resolving the issues raised by Plaintiffs.

*First*, Plaintiffs are unable to assess the basis for certain of Defendants' claims of attorney-client privilege based on the descriptions provided in the privilege log. Please either produce a revised log that corrects the deficiencies indicated below or produce the non-privileged documents.

- For entries where neither the recipient nor the sender is an attorney, Plaintiffs are unable to assess whether the withheld information is a communication made to or from an attorney. In the Eastern District of Virginia, *see, e.g.*, *ePlus Inc. v. Lawson Software*, Inc., 280 F.R.D. 247, 254 (E.D. Va. 2012), attorney-client privilege does not apply to communications that were not made to or from an attorney. (*See* entries with Control or Bates Nos. DOCID00002354- 2355, DOCID00002364, DOCID00014462, DOCID00026186, DOCID00029545, DOCID00054251, DOCID00067769; WAPLES00001435-1437, DOCID00286133; WAPLES00001485-1487, DOCID00491211- 491213, DOCID00491216- 491218, DOCID00518794- 518796, DOCID00577576, DOCID00577620, DOCID00577714, DOCID00577718, DOCID00653346, DOCID00660653- 660654, DOCID00660698, DOCID00699442- 699463, DOCID01073509, and DOCID01103636).
  Descriptions have been updated. These communications are either 1) legal strategy discussions among employees in response to inquiries or directions from an attorney on litigation matters; 2) communications regarding gathering documents at Reed Smith's direction in this current litigation; and/or 3) communications regarding investigations at the direction of Reed Smith. These communications are privileged as a result. As noted by the *ePlus* case cited by Plaintiffs, "communications made at the direction of an attorney" are

privileged. *ePlus Inc. v. Lawson Software, Inc.*, 280 F.R.D. 247, 254 (E.D. Va. 2012), enforcement granted in part, denied in part, No. 3:09CV620, 2012 WL 6562735 (E.D. Va. Dec. 14, 2012)

- The descriptions of communications with in-house lawyer Michael Dean do not indicate whether the in-house counsel is providing legal advice or business advice.  (*See e.g.* entries with Control or Bates Nos. DOCID00151148; WAPLES00001470, DOCID00155023, DOCID00258294, DOCID00259190, DOCID00568915, DOCID00807426- 807428, DOCID00807744- 807746, DOCID00808163- 808164, DOCID00808684- 808685, DOCID00899916; 899918-899920, DOCID00900095- 900098, and DOCID00900199- 900205).
  Descriptions have been updated to indicate that Michael Dean is providing legal advice. Out of an abundance of caution, we will be removing certain documents cited above off of the log and producing these documents shortly.

- For entries concerning communications to employees within the Defendants' association, the privilege log does not establish whether employees needed to know the information communicated as required under Eastern District of Virginia law.  *See ePlus*, 280 F.R.D. at 252-53.  Further, there are several entries where the recipient of an email is a distribution list, but the persons on these lists are not identified in the privilege log.  (*See* entries with Control or Bates Nos. DOCID00013809- 13812DOCID00067769; WAPLES00001435-1437, DOCID00151148; WAPLES00001470; DOCID00286133; WAPLES00001485-1487, DOCID00518925, DOCID00518929, DOCID00658337- 6583385).
  With the exception of Brady Bustany, the limited number of individuals identified on the privilege log with regard to the Control or Bates Nos. you have cited above are employees involved in either overseeing, implementing or assisting others in overseeing and implementing policies at Defendants' properties. The limited group of employees identified on the log with regard to the entries you cited above therefore have a need to know the information communicated.

  As noted below, the communication with Brady Bustany was undertaken as a result of Reed Smith's direction as part of counsel's investigation into the litigation. Therefore, the communication is privileged as a result.

- For entries involving the presence of a third party, there can be no attorney-client privilege.  (*See* entries DOCID00568794- 568795, DOCID00568887, DOCID00569569, DOCID00650026, DOCID00657329, DOCID00657871- 657872, DOCID00658337- 6583385, DOCID00660653- 660654, DOCID00660698, DOCID01073509, DOCID01103636).
  Communications with Yardi employees (Brady Bustany, Patrick Hennessy) were undertaken as a result of Reed Smith's direction as part of counsel's investigation into the litigation. These communications are privileged as a result. Descriptions of certain documents have been updated to reflect this representation where appropriate. Additionally, Natalia Ostroveanu is a Dwoskin employee, not a third party. Therefore, her presence does not vitiate the privilege. As noted by the *ePlus* case cited by Plaintiffs, "communications made at the direction of an attorney" are privileged. *ePlus Inc.*, 280 F.R.D. at 254.

***Second***, Plaintiffs are unable to assess the basis for certain of Defendants' claims of work product immunity based on the descriptions provided in the privilege log.  Please either produce a revised log that corrects the deficiencies indicated below or produce the documents not subject to work product immunity.

- Plaintiffs are unable to evaluate Defendants' work product claim for entries that do not indicate that a document was prepared (1) at the direction of an attorney and/or (2) in anticipation of litigation.  (*See e.g.* entries with Control Nos. DOCID00002354- 2355, DOCID00002364, DOCID00014462, DOCID00026185, DOCID00026186, DOCID00054397, DOCID00066442- 66445, DOCID00068324, DOCID00068330, DOCID00484346, DOCID00491211- 491213, DOCID00491216- 491218, DOCID00518966- 518967, DOCID00568887, DOCID00569569, DOCID00577576, DOCID00577620, DOCID00577714, DOCID00577718,

DOCID00650026, DOCID00653346, DOCID00658337- 6583385, DOCID00660653- 660654, DOCID00660698, DOCID00660922- 660926, DOCID00698473- 6988475).
Descriptions have been updated.

- There is insufficient information to determine whether in-house counsel's involvement in litigation was in a legal capacity (as opposed to a business or administrative capacity) for entries claiming work product immunity where in-house counsel is the only attorney listed.  *See, e.g.*, *RLI Ins. Co. v. Conseco, Inc.*, 477 F. Supp. 2d 741, 748 (E.D. Va. 2007).  (*See* entries with Control Nos. DOCID00568794- 568795, DOCID00807426- 807428, DOCID00807744- 807746, DOCID00808163- 808164, and DOCID00808684- 808685).
Descriptions have been updated to reflect that in-house counsel was acting in a legal capacity. Out of an abundance of caution, certain documents have been removed from the log and will be produced shortly.

*Third*, the entry logging the redacted report under a claim of "personal identifiers" does not comply with the protective order, which instructs counsel to mark information as confidential upon production.  (*See* Control/Bates Nos. DOCID00066105; WAPLES00001428).  The Protective Order, dated August 18, 2016 (Dkt. 45), states, "No discoverable information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by this Order unless the party claiming a need for greater protection moves for an order providing such special protection by no later than the date on which its response to such discovery is due."  Protective Order at 11.
Defendants do not claim that the one redaction you cite needs greater protection than provided by the Protective Order. Rather, this information was redacted because it contains personal information that is not relevant to the claims and defenses in the lawsuit, nor is the disclosure of this personal information likely to lead to the discovery of relevant evidence.

*Fourth*, Plaintiffs have not been able to locate privilege log entries for documents that have been redacted under a claim of privilege or immunity, as required by the Joint Discovery Plan, dated August 17, 2016 (Dkt. 41).  The Joint Discovery Plan requires information to be logged for "any Document that has been *redacted* or withheld on the basis of a claim of privilege or immunity."  Joint Discovery Plan at 4 (emphasis added).  Please provide a privilege log for redacted information or produce the information in unredacted form as required by the Protective Order.
Which documents are Plaintiffs referring to? If you cite to certain documents, we will be able to provide a response on this issue.

*Fifth*, per the Joint Discovery Plan, the log for Defendants' October 19 production was due last week on October 26.  To date, we have not received a log for this production.  Please produce the log immediately.
Defendants' privilege log applied to both Defendants' October 13 and 19 production.


Best,
Ariel


**Ariel Wade Trajtenberg**
*Associate,*
**Quinn Emanuel Urquhart & Sullivan, LLP**

777 6th Street, NW, 11th Floor
Washington, D.C. 20001
202-538-8163 Direct
202.538.8000 Main Office Number
202.538.8100 FAX
arieltrajtenberg@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended

recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

\* \* \*

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

Disclaimer Version RS.US.201.407.01