# Exhibit 6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ROSY GIRON DE REYES; JOSE DAGOBERTO REYES; FELIX ALEXIS BOLANOS; RUTH RIVAS; YOVANA JALDIN SOLIS; ESTEBAN RUBEN MOYA YRAPURA; ROSA ELENA AMAYA; and HERBERT DAVID SARAVIA CRUZ,<br><br>*Plaintiffs*,<br><br>vs.<br><br>WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP; WAPLES PROJECT LIMITED PARTNERSHIP; and A.J. DWOSKIN & ASSOCIATES, INC.,<br><br>*Defendants*. | Civil Action No. 1:16-cv-563 |

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO ALL DEFENDANTS (NOS. 1 - 53)**

Plaintiffs Jose Dagoberto Reyes, Rosy Giron de Reyes, Felix Alexis Bolanos, Ruth Rivas, Yovana Jaldin Solis, Esteban Ruben Moya Yrapura, Rosa Elena, and Herbert David Saravia Cruz (collectively, "Plaintiffs"), by counsel, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, request that Defendants produce the following documents within thirty (30) days of service hereof, for inspection and copying at the offices of Quinn Emanuel Urquhart & Sullivan, LLP, 777 6th St. NW, 11th Floor, Washington, DC 20001, or at some place that is mutually agreeable to the parties.

**DEFINITIONS**

The following definitions shall apply throughout these Requests, regardless of whether upper or lower case letters are used:

1

1. "Waples L.P." means Waples Mobile Home Park Limited Partnership and its parents, subsidiaries, affiliates, joint ventures, partners, divisions, departments, directors, officers, employees, agents, shareholders, principals, members, investors, consignees, representatives, consultants, advisors, associates, and attorneys, and each predecessor and successor thereof, as well as any other business entity in which Waples Mobile Home Park Limited Partnership holds an interest or over which it exercises authority or control.

2. "Waples Project L.P." means Waples Project Limited Partnership and its parents, subsidiaries, affiliates, joint ventures, partners, divisions, departments, directors, officers, employees, agents, shareholders, principals, members, investors, consignees, representatives, consultants, advisors, associates, and attorneys, and each predecessor and successor thereof, as well as any other business entity in which Waples Project Limited Partnership holds an interest or over which it exercises authority or control.

3. "Dwoskin & Associates" means A.J. Dwoskin & Associates, Inc. and its parents, subsidiaries, affiliates, joint ventures, partners, divisions, departments, directors, officers, employees, agents, shareholders, principals, members, investors, consignees, representatives, consultants, advisors, associates, and attorneys, and each predecessor and successor thereof, as well as any other business entity in which A.J. Dwoskin & Associates, Inc. holds an interest or over which it exercises authority or control.

4. "You," "your," and "Defendants" means any combination of one or more of Waples L.P., Waples Project L.P., and/or Dwoskin & Associates, as appropriate from the particular context.

5. "Waples Mobile Home Park" and "Park" means the mobile home complex located at 4308 Mobile Court, Fairfax, Virginia 22030, owned and operated by Defendants.

6. "Plaintiffs" means Jose Dagoberto Reyes, Rosy Giron de Reyes, Felix Alexis Bolanos, Ruth Rivas, Yovana Jaldin Solis, Esteban Ruben Moya Yrapura, Rosa Elena, and/or Herbert David Saravia Cruz.

7. "Lease Plaintiffs" means Jose Dagoberto Reyes, Felix Alexis Bolanos, Esteban Ruben Moya Yrapura, and/or Herbert David Saravia Cruz.

8. "The Policy" means the policy requiring that all individuals who live or intend to live at the Park present either (1) an "original social security card" or, if unavailable, (2) documentation demonstrating legal presence in the United States, such as an "original Passport, original U.S. Visa, and original Arrival/Departure Form (I-94 or I-94W)."

9. "Lot" means the pad site upon which a tenant would locate his or her home after entering into a rental agreement with Defendant.

10. "Lease" or "Rental Agreement" means documents signed by Plaintiffs or their assignees and Defendants or Defendants' designees that govern the tenancy relationship for rental of a Lot located in the Park, and all documents referred to or incorporated therein.

11. "MHLRA" means the Manufactured Home Lot Rental Act, Va. Code Ann. §55-248.41 *et seq*.

12. "VRLTA" means the Virginia Residential Landlord and Tenant Act, Va. Code Ann. §55-248.2 *et seq*.

13. "Surcharge" means any amount of money, whether or not treated as rent, required as payment by any Lease Plaintiff above the amount listed in such Lease Plaintiff's Lease.

14. "Undocumented immigrant," "unauthorized immigrant," "illegal alien," "undocumented noncitizen," "unauthorized noncitizen," "illegal noncitizen," and "illegal

3

immigrant" mean any person not able to show any form of valid government-issued proof that they are legally present in the United States.

15. "Hispanic" and/or "Latino" mean a person of Cuban, Mexican, Puerto Rican, South or Central American, or other Spanish culture or origin.

16. "ITIN" means Individual Taxpayer Identification Number.

17. "Action" means the above-captioned proceeding before the United States District Court for the Eastern District of Virginia, or such other court to which the above-captioned proceeding is transferred.

18. "Complaint" means the complaint filed by Plaintiffs in the above-entitled Action on May 23, 2016.

19. "Person" means any natural person or any business, proprietorship, firm, partnership, corporation, association, organization, or other entity.  The acts of a Person shall include the acts of directors, officers, owners, members, employees, agents, attorneys, or other representatives acting on the Person's behalf.

20. "Document" is defined broadly to be given the full scope of that term contemplated in Federal Rules of Civil Procedure 26 and 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive possession, custody, or control, regardless of the medium on which they are produced, reproduced, or stored (including, without limitation, electronically stored information), and any recording or writing, as these terms are defined in Rule 1001 of the Federal Rules of Evidence.  Any document bearing marks, including,

without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document.

21. "Communication" means any contact, oral or written, whereby information of any nature is transmitted or transferred, including, without limitation, persons seeing or hearing any information by any means and any document memorializing or referring to the contact.

22. "Entity" means corporation, company, firm, partnership, joint venture, association, governmental body, or agency, or persons other than a natural person.

23. "Thing" shall be given the broadest possible construction under the Federal Rules of Civil Procedure.

24. "Relate to," "related to," and "relating to" mean in whole or in part concerning, reflecting, alluding to, mentioning, regarding, discussing, bearing upon, commenting on, constituting, pertaining to, demonstrating, describing, depicting, directly or indirectly relating to, summarizing, containing, embodying, showing, comprising, evidencing, refuting, contradicting, analyzing, identifying, stating, dealing with, and/or supporting.

25. "Describe," when used in relation to an act, event, instance, occasion, transaction, conversation or communication, shall include: (1) stating the date and place thereof; (2) identifying the individual participants; (3) summarizing separately for each individual participant what he/she said or did; and (4) identifying each document used or prepared in connection therewith or making any reference thereto.

26. "Identify," when used with respect to any natural Person, means that the following information shall be provided: the Person's full name; last known home address and telephone number; last known business address and telephone number; last known title or occupation; and last known employer. When identifying a natural Person who was or is

employed by you, the following information shall also be provided: (1) the title of each job that person performed under your employment; and (2) the dates during which that person held each job title under your employment.

27. "Identify," when used with respect to any entity (including, without limitation, corporation, company, firm, partnership, joint venture, association, governmental body or agency or Persons other than a natural Person), means that the following information shall be provided: the full legal name of the entity; the place of incorporation or organization; the principal place of business; and the nature of the business conducted by that legal entity.

28. "Identify," when used with respect to a document, subject to the option to produce records under Fed. R. Civ. P. 33(d), means to provide information sufficient to locate that document, including, but not limited to, the following: the Bates range; the date appearing on such document or, if no date appears thereon, the approximate date the document was prepared; the identifying code number, file number, title, heading and/or label of such document; a general description of such document *(e.g.,* letter, memorandum, notice); the number of pages of which such document consists; the name of each Person who signed or authorized the document; the name of each addressee; the name of each Person having possession, custody or control of such document; if the document existed at one time but does not presently exist, the reasons why it no longer exists and the identity of the last Person having custody of it; and, if the document is in a foreign language, whether an English translation of the document exists, whether partial or complete.

29. "Identify," when used with reference to any communication, means that the following information shall be provided: (1) summarize the substance of the communication; (2) state the date and place of the communication; (3) identify each Person who was present at,

6

involved in, connected with, or who participated in the communication; (4) state the form of communication *(e.g.,* telephone call, meeting, letter); and (5) identify each document memorializing or referring to the communication.

30.     "Dates" means the exact dates, if known, or the closest approximation to the exact date(s) as can be specified, including, without limitation, the year, month, week in a month, or part of a month.

31.     "Any" and "all" shall be construed to mean both any and all.

32.     The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

33.     The word "including" shall be without limitation.

## INSTRUCTIONS

1.      These requests shall apply to all documents and things in your possession, custody, or control at the present time or coming into your possession, custody, or control prior to the date of the production.  Should any responsive documents or things come into your possession, custody, or control following the date of production, you are under a duty to produce the additional documents or things and supplement your responses to reflect the additional documents or things.

2.      These requests call not only for the knowledge of the Defendants, but also for all knowledge that is available to each Defendant by reasonable inquiry, including inquiry of each Defendant's officers, directors, employees, partners, corporate parents, subsidiaries, affiliates, or predecessors of any of them, including any agents or representatives acting on their behalf, and, if not privileged, each Defendant's attorneys.

3. If no documents are responsive to a particular request, you are to state that no responsive documents exist.

4. If you decline to produce any document or part thereof based on a claim of privilege or any other claim, describe the nature and basis of your claim and the information withheld in a manner sufficient (i) to disclose the facts upon which you rely in asserting your claim; (ii) to permit the grounds and reasons for withholding the information to be identified unambiguously; and (iii) to permit the information withheld to be identified unambiguously.

5. In the event that you object to any request on the ground that it is overbroad and/or unduly burdensome for any reason, respond to that request as narrowed to the least extent necessary, in your judgment, to render it not overbroad/unduly burdensome and state specifically the extent to which you have narrowed that request for purposes of your response and the factual basis for your conclusion.

6. In the event that you object to any request on the ground that it is vague and/or ambiguous, identify the particular words, terms or phrases that are asserted to make such request vague and/or ambiguous and specify the meaning that you actually attribute to such words for purposes of your response thereto.

7. All documents requested are to be produced in the same file or other organizational environment in which they are maintained. Alternatively, as to each document and thing produced, you shall identify the request for production and/or the interrogatory in response to which the document or thing is being produced by number.

8. These requests seek all responsive documents in their original language and, if such original language is not English, all English-language translations for such documents.

9. Each document produced shall be accompanied by all drafts, without redactions or abbreviations.

10. These requests are continuous in nature, and you are under a duty to supplement or amend any prior response to these requests.

11. The singular form of a word should be interpreted in the plural as well. Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender as in each case is most appropriate.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1.**

All documents and things relied on, referred to, or otherwise relating to the preparation and creation of the Motion to Dismiss filed on June 13, 2016.

**REQUEST FOR PRODUCTION NO. 2.**

Documents sufficient to identify your corporate structure, organization, and leadership team, including your relationship with, and ownership interests in, each of the other Defendants.

**REQUEST FOR PRODUCTION NO. 3.**

Documents sufficient to identify Albert J. Dwoskin's relationship to you, and his involvement in directing, controlling, or managing your policies, practices, and operations.

**REQUEST FOR PRODUCTION NO. 4.**

Documents sufficient to identify all persons who have established, supervised, directed, or controlled the policies, practices, or operations at the Park.

**REQUEST FOR PRODUCTION NO. 5.**

All documents created by any of the Defendants concerning the ownership, operation, and management of the Park.

**REQUEST FOR PRODUCTION NO. 6.**

All communications between or among you and any of the Defendants concerning the ownership, operation, and management of the Park.

**REQUEST FOR PRODUCTION NO. 7.**

Documents sufficient to identify all your employees or agents who have worked in any capacity in the management of the policies, practices, or operations at the Park, including specifically the leasing and lease renewal policies and practices, since 2006.

**REQUEST FOR PRODUCTION NO. 8.**

All your annual reports or quarterly reports, whether created for internal purposes, for existing or potential investors, partners, or clients, or otherwise filed with any governmental entity from 2006 to the present.

**REQUEST FOR PRODUCTION NO. 9.**

All documents relating to the Park's rules, regulations, and operating protocol from 2006 to the present.

**REQUEST FOR PRODUCTION NO. 10.**

Documents sufficient to identify the number of Lots at, the addresses of each Lot at, and the geographical layout of the Park.

**REQUEST FOR PRODUCTION NO. 11.**

All documents and communications relating to and evidencing the Policy, including its creation, development, implementation, alteration, and enforcement.

**REQUEST FOR PRODUCTION NO. 12.**

All documents and communications relating to and evidencing the lease renewal policies and practices used by the Park before the Policy was enforced beginning on or about May 2015.

**REQUEST FOR PRODUCTION NO. 13.**

All documents and communications relating to and evidencing the efforts you have made to track, manage, or ensure a tenant or occupant's past or present compliance with the Policy.

**REQUEST FOR PRODUCTION NO. 14.**

Documents sufficient to identify all employees or agents responsible for the creation, development, implementation, alteration, and enforcement of the Policy.

**REQUEST FOR PRODUCTION NO. 15.**

The complete rental or leasing file and tenant account ledger for each of the Lease Plaintiffs dating back to the beginning of each Lease Plaintiff's tenancy, including documents contained in electronic databases.

**REQUEST FOR PRODUCTION NO. 16.**

All communications to the Lots leased by the Lease Plaintiffs, even if not specifically addressed to any particular occupant or tenant, from 2006 to the present.

**REQUEST FOR PRODUCTION NO. 17.**

All documents supporting your allegation that any Lease Plaintiff was, is, or will be in violation of any provisions of the Rental Agreement.

**REQUEST FOR PRODUCTION NO. 18.**

All documents and communications containing the names of any of the Plaintiffs.

**REQUEST FOR PRODUCTION NO. 19.**

All documents and communications relating to or evidencing any communications between any Defendant and any Plaintiff.

11

**REQUEST FOR PRODUCTION NO. 20.**

All documents and communications you have had with any other Defendant or third party relating to any Plaintiff.

**REQUEST FOR PRODUCTION NO. 21.**

All documents and communications relating to a Park tenant, prospective tenant, or occupant's national origin, including all documents and communications that include the terms "Hispanic," "Latino," or an equivalent.

**REQUEST FOR PRODUCTION NO. 22.**

All documents and communications relating to a Park tenant or occupant's immigration status, including all documents and communications that include the terms "undocumented immigrant(s)," "unauthorized immigrant(s)," "illegal alien," or "illegal immigrant(s)."

**REQUEST FOR PRODUCTION NO. 23.**

All documents and communications reflecting your attempts to verify a Park tenant, prospective tenant, or occupant's citizenship or legal presence.

**REQUEST FOR PRODUCTION NO. 24.**

All documents and communications evidencing violations of the Park's rules and regulations or civil or criminal laws by any of the Plaintiffs while living at the Park.

**REQUEST FOR PRODUCTION NO. 25.**

All documents and communications evidencing your knowledge or awareness of persons other than the Lease Plaintiffs living with the Lease Plaintiffs in the Park.

**REQUEST FOR PRODUCTION NO. 26.**

All documents and communications relating to your policies and practices for conducting criminal background and credit checks for prospective and current tenants.

**REQUEST FOR PRODUCTION NO. 27.**

All documents and communications relating to your use of Yardi Systems, Inc.'s products or services to conduct criminal background and/or credit checks.

**REQUEST FOR PRODUCTION NO. 28.**

All documents and communications relating to your consideration of any other third party company's products or services to conduct criminal background and/or credit checks.

**REQUEST FOR PRODUCTION NO. 29.**

All documents and communications relating to instances where the Park accepted or approved a tenant without requiring a Social Security card or number.

**REQUEST FOR PRODUCTION NO. 30.**

All documents and communications relating to instances where the Park accepted or approved a tenant or occupant who provided an ITIN instead of a Social Security card or number.

**REQUEST FOR PRODUCTION NO. 31.**

All documents and communications relating to attempts by any Plaintiff to cure any lease violation.

**REQUEST FOR PRODUCTION NO. 32.**

All documents and communications evidencing your consideration of whether a tenant or occupant could use alternative means (such as rental history), or provide alternative forms of identification (such as an ITIN), to comply with the requirements of the Policy.

**REQUEST FOR PRODUCTION NO. 33.**

All documents and communications relating to your policies and practices for auditing or inspecting a Park resident's Lot or mobile home.

**REQUEST FOR PRODUCTION NO. 34.**

All documents and communications relating to your decision to move tenants with "unauthorized occupants" onto month-to-month leases.

**REQUEST FOR PRODUCTION NO. 35.**

All documents and communications relating to your enforcement of the month-to-month leases for the Lease Plaintiffs.

**REQUEST FOR PRODUCTION NO. 36.**

All documents and communications relating to your decision to impose a Surcharge on, or raise the rent for, any tenant on a month-to-month lease.

**REQUEST FOR PRODUCTION NO. 37.**

All documents and communications relating to your decision, announced on or around March 11, 2016, to impose a $300 Surcharge effective as of June 1, 2016.

**REQUEST FOR PRODUCTION NO. 38.**

All documents and communications relating to your consideration of the federal Fair Housing Act, the Virginia Fair Housing Act, the VRLTA, and/or the MHLRA in creating, developing, implementing, altering, or enforcing policies and practices at the Park.

**REQUEST FOR PRODUCTION NO. 39.**

All documents and communications relating to your consideration of how the creation, development, implementation, alteration, or enforcement of any of the Park's policies and practices—including specifically: (1) the Policy, (2) the decision to move tenants with "unauthorized occupants" onto month-to-month leases, and (3) the decision to impose a $300 Surcharge as of June 1, 2016—would have a disparate impact on any protected class under the federal Fair Housing Act and/or the Virginia Fair Housing Act.

**REQUEST FOR PRODUCTION NO. 40.**

All documents and communications relating to your policies, practices, and processes for educating and training your employees and/or agents relating to the requirements of the federal Fair Housing Act, the Virginia Fair Housing Act, the VRLTA, and/or the MHLRA.

**REQUEST FOR PRODUCTION NO. 41.**

All documents and communications relating to any other litigation or other proceedings between you and any Plaintiff.

**REQUEST FOR PRODUCTION NO. 42.**

All documents relating to the demographics of the Park by race, national origin, alienage, or citizenship relating to the time period from January 1, 2006 to the present, including all leases under which tenants resided in the Park during such period.

**REQUEST FOR PRODUCTION NO. 43.**

All documents detailing your document retention and destruction policies, when those policies were first implemented, any changes that have been made to those policies, and how and to what extent you implement and comply with those policies.

**REQUEST FOR PRODUCTION NO. 44.**

All documents or communications related to your use of products or services provided by Yardi Systems, Inc. ("Yardi"), or any of Yardi's parent or subsidiary companies, to conduct background or credit checks—including specifically: (1) past and present contracts between you and Yardi; (2) system operating manuals or instructions provided to you by Yardi; (3) communications between you and Yardi regarding conducting background or credit checks; (4) and communications between you and Yardi regarding any Plaintiff.

**REQUEST FOR PRODUCTION NO. 45.**

All documents or communications related to your use of products or services provided by any individual or company other than Yardi Systems, Inc. ("Yardi"), or any of Yardi's parent or subsidiary companies, to conduct background or credit checks—including specifically: (1) past and present contracts between you and such individuals or companies; (2) system operating manuals or instructions provided to you by such individuals or companies; (3) communications between you and such individuals or companies regarding conducting background or credit checks; (4) and communications between you and such individuals or companies regarding any Plaintiff.

**REQUEST FOR PRODUCTION NO. 46.**

All communications between you and any non-party to the above-captioned litigation, including without limitation communications between Albert J. Dwoskin and Jeff Franzen, regarding this litigation, media coverage regarding this litigation, the legality of the Policy, or media coverage regarding the legality of the Policy.

**REQUEST FOR PRODUCTION NO. 47.**

All documents or communications regarding your future plans, if any, to sell, redevelop, or make major changes to the Park.

**REQUEST FOR PRODUCTION NO. 48.**

All documents or communications regarding your future revenue or business projections.

**REQUEST FOR PRODUCTION NO. 49.**

A list of all current leaseholders at the Park, indicating which lot they lease and the type of identification provided to comply with the Policy

**REQUEST FOR PRODUCTION NO. 50.**

A list of all current adult occupants at the Park, indicating at which lot they reside and the type of identification provided to comply with the Policy.

**REQUEST FOR PRODUCTION NO. 51.**

All criminal background checks run on all current adult occupants at the Park.

**REQUEST FOR PRODUCTION NO. 52.**

All credit checks run on all current adult occupants at the Park

**REQUEST FOR PRODUCTION NO. 53.**

The current version and all prior versions of the Policy.

DATED this 3rd day of August, 2016   Respectfully submitted,

*[signature]*

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Paul Brinkman, VSB # 35950
Jeanhee Hong (*pro hac vice*)
Ariel Wade Trajtenberg (*pro hac vice*)
Diego Duran de la Vega (*pro hac vice*)
Jongwook Kim (*pro hac vice*)
William A. Margeson (*pro hac vice*)

777 Sixth Street NW, 11th Floor
Washington, District of Columbia 20001-3706
Phone: (202) 538-8000
Fax: (202) 538-8100
paulbrinkman@quinnemanuel.com
jeanheehong@quinnemanuel.com
arieltrajtenberg@quinnemanuel.com
diegoduran@quinnemanuel.com
wookiekim@quinnemanuel.com
billmargeson@quinnemanuel.com

LEGAL AID JUSTICE CENTER
Ivy Finkenstadt, VSB #84743
Simon Sandoval-Moshenberg, VSB #77110

6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Phone: (703) 778-3450
Fax: (703) 778-3454
ivy@justice4all.org
simon@justice4all.org

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of August, 2016, I served by FedEx and electronic mail a copy of PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION TO ALL DEFENDANTS (NOS. 1 - 53) upon the following parties:

Michael S. Dingman, VSB #30031
7900 Tysons One Place
Suite 500
McLean, Virginia 22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
mdingman@reedsmith.com

*Counsel for Defendants*

_____
QUINN EMANUEL URQUHART & SULLIVAN, LLP
Ariel Wade Trajtenberg (*pro hac vice*)

777 Sixth Street NW, 11th Floor
Washington, District of Columbia 20001-3706
Phone: (202) 538-8000
Fax: (202) 538-8100
arieltrajtenberg@quinnemanuel.com

19