**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **ROSY GIRON DE REYES,** *et al.*,         ) | |
| Plaintiffs,         ) | |
|          ) | |
| v.         ) | Case No. 1:16-cv-563 |
|          ) | |
| **WAPLES MOBILE HOME PARK**         ) | |
| **LIMITED PARTNERSHIP,** *et al.*,         ) | |
| Defendants.         ) | |

<u>**ORDER**</u>

The matter came before the Court on plaintiffs' objection to the Magistrate Judge's Order denying plaintiffs' motion to compel (Doc. 103). Plaintiffs filed their motion to compel (Doc. 82) on November 11, 2016.

In essence, plaintiffs seek an Order requiring defendants (i) to produce emails sent from defendants and defendants' lawyers to the employees of a third party, which emails defendants contend are protected by work product privilege; and (ii) to produce roughly 60 otherwise-discoverable documents in unredacted form, on the ground that defendants had improperly redacted portions that defendants considered to be irrelevant.

On November 17, 2016, the Magistrate Judge denied the motion to compel, concluding "upon review of the pleadings and the privilege log," (i) that defendants had made a "prima facie claim of work-product privilege"; (ii) that the "documents that were partially redacted as irrelevant . . . need not be listed on the privilege log"; and (iii) that "[i]rrelevant information contained within an otherwise relevant document is like any other irrelevant material that need not be produced." *Reyes v. Waples Mobile Home Park LP*, No. 1:16-cv-563 (E.D. Va. Nov. 17, 2016) (Order) (Doc. 92). Importantly, however, it does not appear that the Magistrate Judge reviewed the actual documents that plaintiff sought. On November 23, 2016, plaintiffs filed a

1

timely objection—which has been thoroughly briefed—and on December 9, 2016, a hearing was held.

As stated from the Bench, the parties' arguments regarding relevance and work product privilege raise inherently factual questions requiring *in camera* review of the documents at issue. This point is self-evident with respect to relevance.[1] And as to work product privilege, it is well-settled that "[a] party asserting privilege has the burden of demonstrating its applicability." *N.L.R.B. v. Interbake Foods, LLC*, 637 F.3d 492, 501 (4th Cir. 2011).[2] Importantly, however, a *prima facie* showing based on the parties' privilege log is insufficient to meet defendants' burden to demonstrate that work product privilege applies here. *See, e.g.*, *Nat'l Union Fire Ins. Co. v. Murray Sheet Metal Co.*, 967 F.2d 980, 985 (4th Cir. 1992) ("The record before us, as before the district court, consisting mainly of the 'Privileged Documents Log,' is inadequate to conduct the necessary analysis [regarding work product privilege]. Consequently, we remand the case to the district court to review the documents and their circumstances, as necessary, and apply the Rule 26(b)(3) principles in the first instance."). Thus, it is appropriate to remand this matter for *in camera* review of the documents implicated by plaintiff's motion to compel.

Accordingly, for good cause, and for the reasons stated from the Bench,

It is hereby **ORDERED** that plaintiff's objection (Doc. 103) is **SUSTAINED IN PART.**

---

[1] Although the Magistrate Judge correctly concluded that "[i]rrelevant information contained within an otherwise relevant document is like any other irrelevant material that need not be produced," the Magistrate Judge did not appear to address the question whether the redacted information was indeed irrelevant. *Reyes v. Waples Mobile Home Park LP*, No. 1:16-cv-563 (E.D. Va. Nov. 17, 2016) (Order) (Doc. 92).

[2] *See also RLI Ins. Co. v. Conseco, Inc.*, 477 F. Supp. 2d 741, 748 (E.D. Va. 2007) ("[T]he party asserting work-product protection bears the burden [to] come forward with a specific demonstration of facts supporting the requested protection, preferably though affidavits from knowledgeable persons.") (citation and internal quotation marks omitted).

It is further **ORDERED** that the matter is **REMANDED** to the Magistrate Judge for further proceedings, including an *in camera* inspection of the documents at issue to resolve defendants' claims regarding work product privilege and relevance.

It is further **ORDERED** that defendants are **DIRECTED** to submit to the Magistrate Judge the documents at issue in plaintiffs' motion to compel[3] no later than 5:00 p.m. Tuesday, December 13, 2016.

It is further **ORDERED** that, with respect to the documents redacted on relevance grounds, defendants are **DIRECTED** to submit to the Magistrate Judge unredacted copies of those documents and to indicate which portions were redacted.[4]

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
December 9, 2016

/s/
T. S. Ellis, III
United States District Judge

---

[3] *See, e.g.*, Doc. 84 at 2-3 & nn.1 & 2.

[4] Of course, nothing in this Order precludes defendants from disclosing to plaintiffs some or all of the redacted information implicated by plaintiff's motion to compel, particularly in light of defendants' claim that the information is unrelated to plaintiffs' causes of action. Given the circumstances presented thus far, it strains credulity to believe that defendants would suffer harm by disclosing irrelevant information already contained in otherwise discoverable documents. Indeed, it appears that defendants' redactions have operated chiefly to raise litigation and opportunity costs.

3