IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

ROSY GIRON DE REYES, *et al.*,

    Plaintiff,

v.

WAPLES MOBILE HOME PARK
LIMITED PARTNERSHIP, *et al.*,

    Defendants.

Civil No.:  1:16cv563-TSE-TCB

### DEFENDANTS' NON-CONFIDENTIAL MEMORANDUM IN RESPONSE TO PLAINTIFFS' MOTION TO SEAL (DKT. 128)

Defendants Waples Mobile Home Park Limited Partnership, Waples Project Limited Partnership, and A. J. Dwoskin & Associates, Inc. (collectively "Defendants"), by counsel, pursuant to Local Civil Rule 5, submit this non-confidential memorandum of points and authorities in response to Plaintiffs' Motion to File Documents Under Seal (Dkt. 128) related to documents attached to Plaintiffs' Reply in support of Plaintiffs' Objection (Dkt. 127).

### INTRODUCTION

Defendants agreed to a Stipulated Protective Order (Dkt. 45) which requires the parties to file information designated as confidential under seal with the Court. Pursuant to the Stipulated Protective Order (Dkt. 45), Defendants designated certain documents as confidential, which Plaintiffs attached to Plaintiffs' Reply in support of Plaintiffs' Objection ("Reply") (Dkt. 127) and which Plaintiffs referred to therein.

Defendants submit this non-confidential memorandum in response to Plaintiffs' Motion to Seal in support of sealing Exhibits 7 and 10 to Plaintiffs' Reply and portions of Plaintiffs' Reply which refer to Exhibits 7 and 10.

## ARGUMENT

Plaintiffs moved to seal Exhibits 4, 7 and 10 to Plaintiffs' Reply and references to Exhibits 4, 7 and 10 in Plaintiffs' Reply because Defendants designated these documents as confidential. Out of an abundance of caution, Plaintiffs moved to seal Exhibit 9 to Plaintiffs' Reply because Exhibit 9 contained excerpts from Defendants' deposition transcript. Pursuant to the Stipulated Protective Order (Dkt. 45), Defendants designated a letter from Virginia Senators to Defendants regarding the Policy (Ex. 4); a confidential and internal audit spreadsheet (Ex. 7); and a confidential screening services activation agreement between Defendants and Yardi (Ex. 10) as confidential.

Defendants submit this memorandum in support of sealing Exhibits 7 and 10 to Plaintiffs' Reply and portions of Plaintiffs' Reply which refer to Exhibits 7 and 10.[1]

These documents and the references thereto contain confidential or sensitive business information relating to the confidential business practices of Defendants and a confidential business relationship between Defendants and Yardi. *Ashcraft v. Conoco, Inc.*, 218 F.3d 282 (4th Cir. 2000), held that documents may be sealed pursuant to district court order when the court: (1) provides notice to the public and gives it an opportunity to object to sealing, (2) considers less drastic alternatives, and (3) provides specific findings in support of the decision to seal and the rejection of alternatives. Those requirements are met here.

The common law right to inspect and copy judicial records and documents is "not absolute." *In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 98 (1978)). The Court "has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *Knight*, 743 F.2d at 235.

---

[1] Defendants reserve their right to move to seal other portions of Defendants' deposition transcript.

First, Plaintiffs have filed a Notice of Motion to be docketed by the Clerk (Dkt. 129). The Notice will provide the public with an opportunity to object to the sealing of the documents in question.

Second, no feasible alternative exists to filing these documents under seal because these documents contain the confidential business practices of Defendants and a confidential business relationship between Defendants and Yardi. This Court has recognized that information of this type, due to its highly sensitive nature, merits the sealing of filings. *See*, *e.g.*, *RegScan, Inc. v. The Bureau of Natl. Affairs, Inc.*, 100 U.S.P.Q.2d 1635 (E.D. Va. 2011) (granting motion to seal information pertaining to commercial trade secrets).

Finally, specific reasons exist to support the rejection of alternatives to sealing the exhibits and portions of the memorandum reflecting confidential information. The United States Supreme Court has recognized that it is proper for courts to "refuse[] to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing" or for other such improper purposes. *Nixon*, 435 U.S. at 598 (citations omitted). Further, because the at-issue documents involve "private commercial conduct" lacking a substantial relation to any "important governmental or political question," the interest of maintaining the confidentiality of private parties is significant. *RegScan, Inc.* 100 U.S.P.Q.2d at 1637-1638. Due to the confidential nature of the documents designated by Defendants as confidential and confidential portions of the memorandum, permitting the underlying documents and references thereto to be filed on the public docket would not adequately protect Defendants' business interests.

## **CONCLUSION**

For the aforementioned reasons, Defendants respectfully request that Exhibits 7 and 10 to Plaintiffs' Reply in support of Plaintiffs' Objection (Dkt. 127) and references to Exhibits 7 and 10 within Plaintiffs' Reply in support of Plaintiffs' Objection (Dkt. 127) be sealed.

Respectfully submitted,

WAPLES MOBILE HOME PARK LIMITED
PARTNERSHIP, WAPLES PROJECT LIMITED
PARTNERSHIP AND
A. J. DWOSKIN & ASSOCIATES, INC.

/s/
Michael S. Dingman (VSB No. 30031)
Justin deBettencourt (VSB No. 83806)
7900 Tysons One Place
Suite 500
McLean, Virginia 22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
mdingman@reedsmith.com
jdebettencourt@reedsmith.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of December, 2016, I caused the foregoing to be filed electronically with the Clerk of the Court using CM/ECF, which will then send a notification of such filing to all counsel of record.

/s/
Michael S. Dingman (VSB No. 30031)
Justin deBettencourt (VSB No. 83806)
7900 Tysons One Place
Suite 500
McLean, Virginia  22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
mdingman@reedsmith.com
jdebettencourt@reedsmith.com