# Exhibit 47

# MOBILE HOME LEASE AGREEMENT

Project  Waples Mobile Home Park

## LESSOR AND LESSEE

This Agreement made this 9th day of February 2012 by and between A J DWOSKIN & ASSOCIATES INC AGENT for **Waples Mobile Home Park** (Owner) hereinafter called Lessor and **Mario Medina and Herbert D Saravia-Cruz** jointly and severally (if applicable) hereinafter called Lessee

## WITNESSETH

That in consideration of the representation made in the application filed by the Lessee with the Lessor the rent herein reserved and the covenants herein contained and by the said Lessee to be performed the Lessor hereby leases to the Lessee premises in the State of Virginia known as **11250 Mobile Drive  Lot          Waples Mobile Home Park  Fairfax  Virginia ( Lot' )**

## TERM AND RENT

The term of this lease shall be for the period of **12 months** commencing on the **1st day of February  2012** fully ending at midnight on the **31st day of January  2013** (hereinafter called the  Lease Term ) for the **total rent of eight thousand forty Dollars ($8040 00)** payable in equal monthly installments of **six hundred seventy Dollars ($670 00)** at the manager's office located in the Mobile Home Park or such other place as the Lessor may designate in writing  each such monthly installment payable without demand or notice in advance on the first day of each month during the Lease Term

It is further covenanted and agreed between the Lessor and Lessee as follows

1  **LATE CHARGE**   If any installment of rent required by this Lease is not received by the Lessor by close of business on the 5th day of the month in which the rent payment is due  a late charge of $50 00 shall be paid to Lessor to compensate Lessor for the administrative expenses and other expenses associated with Lessee s failure to timely pay rent  Lessee agrees that this late charge shall be deemed to be additional rent and failure to pay the late charge may result in the issuance of a five (5) day notice for such nonpayment  In the event Lessee tenders to Lessor a check which is dishonored by the Lessee s bank for any reason  Lessee agrees to pay Lessor  in addition to the amount of the check  due a service charge of $50 00 representing Lessor's administrative expenses and service charges incurred as a result of Lessee s insufficient check  In addition  Lessor may thereafter require Lessee to make all future payments of rent and other charges due under the Lease by means of certified check  cashier's check or money order

2  **SECURITY DEPOSIT**   The Lessee agrees to deposit with Lessor upon delivery of this lease  the sum of $670 00 security for the full and faithful performance by the Lessee of each and every term  provision  covenant and condition of this lease  In the event that the Lessee defaults in respect to any of the terms  provisions  covenants  and conditions of this lease  including but not limited to payment of rent  additional rent or other sums required hereunder (including but not limited to charges for utilities)  the Lessor may use  apply or retain the whole or any part of the security so deposited for the payment thereof  The Lessee acknowledges that the security deposit is to be retained by the Lessor  and may be commingled with other funds of the Lessor  with interest being paid to the Lessee  The Lessor shall accrue interest on said security deposit in six (6) month increments at a per annum rate equal to the Federal Reserve Board discount rate as of January 1 of each year during the term of this Lease  or such other rate required by law  provided  however  that no interest shall be due and payable unless said security deposit has been held by the Lessor for a period exceeding thirteen (13) months after the date hereof

In the event that the Lessee shall fully and faithfully comply with all of the terms  provisions  covenants  and conditions of this lease  the security deposit  or any balance thereof  plus accrued interest  if any  shall be returned to the Lessee within thirty (30) days after the expiration of this lease and after the removal of the Lessee s mobile home and surrender of the Lot to the Lessor in good condition

3  **POSSESSION**   The Lessor shall not be liable for failure to deliver possession of the Lot at the time stipulated herein as the date of the commencement of the tenancy  nor  except as provided herein  shall such failure excuse the Lessee s obligation hereunder  unless the Lessor's failure to deliver possession is willful  in which event Section 55-248 22 of the 1950 *Code of Virginia*  as amended  shall govern  Except in the event of delay by the Lessee  the rent herein stipulated to be paid shall be abated for the period from the date of the commencement specified in this lease to the date possession is tendered to the Lessee

4  **RULES AND REGULATIONS**   The Lessee shall comply with the rules and regulations governing the Mobile Home Park  a copy of said rules and regulations being attached  hereto and made a part hereof  and shall comply with such other reasonable rules and regulations and any reasonable alterations or changes which the Lessor shall or may adopt for the Mobile Home Park

5  **UNLAWFUL USE  DISTURBING NOISES  ETC**   The Lessee shall not engage in any unlawful or criminal activity  including but not limited to drug related criminal activity  nor permit any member of Lessee s household or any guest or other person under Lessee s control to do so  on or near the Lot or in the Mobile Home Park while the Lessee is a resident in the Mobile Home Park    Drug related criminal activity" shall mean the illegal manufacture  sale  distribution  or use of or possession with the intent to manufacture  sell  distribute or use a controlled substance  The Lessee shall not make or permit to be made any disturbing noises or do or permit any act which will unreasonably interfere with the rights  comforts or conveniences of the other tenants

6  **OCCUPANTS**   Only those tenants registered at the manager's office may live in the Mobile Home Park  This Lease Agreement shall not be sublet or assigned  The taking in of roomers or tenants by the Lessee is prohibited  Prior to selling the mobile home  Lessee shall give Lessor written notice of the name of the prospective purchaser (if the prospective purchaser intends to keep the mobile home on the Lot)  Lessor shall not unreasonably restrict the sale of the mobile home (see 55 248 47)  however  any prospective purchaser who intends to keep the mobile home on the Lot must submit an application  which application must be approved by Lessor prior to occupancy

7  **LIABILITY OF LESSOR**  All personal property  including the mobile home  placed on the Lot or on any part of the Mobile Home Park shall be at the sole risk of the Lessee  and the Lessor shall in no event be liable for the loss  destruction  theft or removal of or damage to such property unless caused by Lessor's willful negligence  The Lessee agrees to keep the Lot and the mobile home free of any conditions that might represent a hazard to others  The Lessee also agrees to obtain an insurance policy including liability and property damage coverage with a combined single occurrence liability limit of not less than $25 000

7/02/07

8  UTILITIES  Except as otherwise directed by the Lessor  the Lessee shall pay to the Lessor within ten (10) days after receipt by the Lessee of the Lessor's bill therefore  all charges for water  sewer  and other utilities  used upon the Lot  Charges for these utilities shall be deemed to be additional rent  Bills for utilities shall be submitted by the Lessor to the Lessee on a monthly or other periodic basis as determined by the Lessor  The Lessor's determination of amounts due by the Lessee for utilities shall be based on meter readings or other reasonable methods  and such determination shall be conclusive and binding on the Lessee  The Lessor may  by written notice to the Lessee  require the Lessee to pay charges for utilities directly to the supplier thereof

The Lessee acknowledges that utility services are available to the Lot and that they are in good working order  Unless caused by Lessor's willful negligence  the Lessor shall not be liable for any damage  injury or loss whatsoever which might arise  or accrue  from his providing  failure to provide  or the failure of utilities  Further the Lessee agrees to bear the cost of repairing any damage to the utility lines or connectors resulting from his misuse

9  HOLDING OVER  Either Lessor or Lessee may terminate the Lease Agreement at the end of the Lease Term by giving the other party written notice of intent to terminate/vacate at least sixty (60) days prior to said termination date  Should the Lessee not give said notice and vacate the Leased Premises at the end of the Lease Term  Lessee shall be liable for the payment of rent for two (2) months thereafter  Should the Lessee not give said notice and continue in possession of the Leased Premises after the end of the Lease Term  the Lessee shall be deemed to be a tenant from month to month  In such event  all terms and conditions of this Lease shall continue in full force and effect  except rent  which Lessor may unilaterally adjust to the prevailing monthly fair rental value  It is also agreed that the tenancy can be terminated by either party by giving written notice to the other party at least thirty (30) days prior to the end of the month in which said party desires such termination  This thirty (30) day written notice can be given to the other party at any time without any reason for the notice being required

10  MILITARY TRANSFERS  If Lessee is a member of the Armed Forces of the United States and Lessee receives permanent change of station orders or temporary duty orders (in excess of three [3] months duration) to depart thirty five (35) miles or more (radius) from the location of the Lot or is discharged or relieved from active duty with the Armed Forces of the United States  or is ordered to report to government supplied quarters  Lessee may terminate this Lease upon (a) giving written notice of termination to be effective on a date stated therein  said date to be not less than thirty (30) days after Lessor's receipt of such notice  (b) providing  together with such written notice of termination  a copy of the official orders  (c) paying all rent and miscellaneous charges through the effective date of the termination  and (d) paying Lessor the amount of (i) one (1) month s rent if the effective date of the termination is less than six (6) months after the beginning of the Lease Term or (ii) one-half (1/2) of one month s rent if such effective date is at least six (6) but less than twelve (12) months after the beginning of the Lease Term  This paragraph shall not be construed to relieve Lessee from any liability under this Lease except the liability for rent for the unexpired portion of the Lease Term

11  ACTION BY LESSOR UPON DEFAULT  Should the Lessee at any time during the continuance of his occupancy of the Lot fail to pay the monthly rental or other sums required hereunder  including but not limited to charges for utilities  or should the Lessee violate any one of the agreements  terms or conditions of this lease  or any of the rules or regulations of the Mobile Home Park two (2) times within a six (6) month period or should Lessee or any other person residing in the Lot be convicted of a drug related crime during the Lease Term  then the Lessor shall have all rights and remedies of a landlord under applicable law  including but not limited to the rights and remedies provided in VA  Code Ann  Section 55-248 31 and  in addition  the Lessor shall have the right to take possession of the Lot pursuant to a court order for possession  and to remove the mobile home from the Lot and relet the Lot  In the event that the Lessor moves the Lessee s mobile home from the Lot pursuant to this paragraph  the Lessee agrees to pay a reasonable removal and storage charge to the Lessor or the party removing and/or storing the mobile home

12  LIEN FOR RENT AND OTHER SUMS  The Lessor shall have a lien upon all of the personal property  including the mobile home  of the Lessee moved in and located upon the Lot  as and for security for the rent and other sums  including but not limited to  charges for utilities  herein provided to be paid  and such installments of rent and other sums as shall remain unpaid to the amount and extent thereof shall become and are hereby made a specific lien upon such personal property as shall be upon the Lot  to all intents and purposes as though the Lessee had executed a chattel deed of trust to secure the Lessor for the rent or other sums reserved  and the Lessee shall not remove  or attempt to remove any of the aforesaid personal property while there yet shall remain due and owing any portion of the rent or other sums reserved by this lease  and should the Lessee attempt to remove such property  the Lessor is hereby empowered to distrain said property pursuant to Section 55-230 of the 1950 *Code of Virginia*  as amended  and to employ such other remedies as are authorized by law

13  ATTORNEY S FEE  In the event that Lessor engages counsel as a result of Lessee s breach of this Lease  Lessee agrees to pay Lessor's attorney s fees in the amount of $100 00 or 25% of all rent due and owing at the time judgment is obtained  whichever is greater

14  WAIVING OF ONE BREACH NOT A GENERAL WAIVER.  No waiver of any breach of any covenant  provision  or condition contained in this lease shall be construed as a waiver of the covenant itself or of any subsequent breach thereof

15  SECURITY INTERESTS IN MOBILE HOME  The name(s) and address(es) of any person or entity having a security interest in the mobile home is as follows

        Name and address of dealer from whom mobile home purchased (if applicable)

        Lessee shall notify Lessor within ten (10) days of any new security interest  change of existing security interest  or settlement of security interest

16  MANUFACTURED HOME LOT RENTAL ACT  The terms of the Manufactured Home Lot Rental Act (Title 55  Chapter 13 3  1950 *Code of Virginia*  as amended) attached hereto  are incorporated by reference into this Lease Agreement  Any provision in the Lease Agreement which conflicts with said Act shall be superseded by the applicable provision of the Act

A  JADWOSKIN & ASSOCIATES  INC
9302 Lee Highway  Suite 300
Fairfax  Virginia  22031 1214

WITNESS _____ DATE 2/13/12  BY _____ DATE 2-13-12
                                               PROPERTY MANAGER  Sabiha Noorzai

WITNESS _____ DATE 2/9/12  BY _____ DATE 2/9/12
                                               LESSEE (Tenant) Mario Medina

WITNESS _____ DATE 2/9/12  BY _____ DATE 2/9/12
                                               LESSEE (Tenant) Herbert D Saravia-Cruz

WITNESS _____ DATE _____ BY _____ DATE _____
                                               LESSEE (Tenant)

7/02/07

WAPLES00000255