IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROSY GIRON DE REYES, *et al.*, <br><br> Plaintiff, <br><br> v. <br><br> WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP, *et al.*, <br><br> Defendants. | Civil No.:  1:16cv563-TSE-TCB |

### MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO SEAL

Defendants Waples Mobile Home Park Limited Partnership, Waples Project Limited Partnership, and A. J. Dwoskin & Associates, Inc. (collectively "Defendants"), by counsel, pursuant to Local Civil Rule 5, submit this memorandum of points and authorities in support of Defendants' Motion to Seal.

### I. Introduction

Defendants agreed to a Stipulated Protective Order (Dkt. 45) which requires the parties to file information designated as confidential under seal with the Court.  Pursuant to the Stipulated Protective Order (Dkt. 45), Defendants and Plaintiffs have designated certain documents as confidential, which Defendants have attached to Defendants' Memorandum Supporting Motion for Summary Judgment and referred to therein.

### II. Exhibits Designated by Plaintiffs as Confidential

Pursuant to the Stipulated Protective Order (Dkt. 45), Plaintiffs designated their deposition transcripts as confidential.  These documents are attached as Exhibits 1-5, 13-15 to Defendants' Reply Memorandum in Support of Defendants' Motion for Summary Judgment and

Memorandum in Opposition to Plaintiffs' Cross Motion for Summary Judgment ("Reply") filed on January 6, 2017. Defendants also referenced Plaintiffs' deposition transcripts within Defendants' Reply filed on January 6, 2017. Because Plaintiffs have labeled this information as confidential pursuant to the Stipulated Protective Order (Dkt. 45), Defendants have filed this Motion to Seal pursuant to Local Civil Rule 5.

Until the Court determines whether Exhibits 1-5, 13-15 to Defendants' Reply should be sealed, Defendants have redacted Exhibits 1-5, 13-15 from Defendants' Reply and filed a redacted version of the Reply.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 282 (4th Cir. 2000), held that documents may be sealed pursuant to district court order when the court: (1) provides notice to the public and gives it an opportunity to object to sealing, (2) considers less drastic alternatives, and (3) provides specific findings in support of the decision to seal and the rejection of alternatives. Those requirements are met here.

First, Defendants have concurrently filed a Notice of Motion to be docketed by the Clerk. The Notice will provide the public with an opportunity to object to the sealing of the documents in question.

Second, no feasible alternative exists to filing these documents under seal, in light of the Protective Order requiring information designated confidential pursuant to the Order to be filed with the court consistent with Local Rule 5 of the Eastern District of Virginia. Accordingly, the utmost discretion and confidentiality is necessary, and filings in this action should be kept under seal.

### III. Exhibits Designated by Defendants as Confidential

Pursuant to the Stipulated Protective Order (Dkt. 45), Defendants have designated two Resident Selection & Occupancy Standards documents, a Consumer Reports & CoreLogic SafeRent Training Manual, and compliance letters to third-party tenants as confidential. These documents are attached as Exhibits 9-11, 18, and attached to Exhibit 20 to Defendants' Reply filed on January 6, 2017. Defendants also cite to these documents in the memorandum supporting Defendants' Reply filed on January 6, 2017.

These documents and the references thereto contain confidential or sensitive business information relating to the confidential operations of Defendants and the private information of unconnected third-party tenants. *Ashcraft v. Conoco, Inc.*, 218 F.3d 282 (4th Cir. 2000), held that documents may be sealed pursuant to district court order when the court: (1) provides notice to the public and gives it an opportunity to object to sealing, (2) considers less drastic alternatives, and (3) provides specific findings in support of the decision to seal and the rejection of alternatives. Those requirements are met here.

The common law right to inspect and copy judicial records and documents is "not absolute." *In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 98 (1978)). The Court "has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *Knight*, 743 F.2d at 235.

First, Defendants have concurrently filed a Notice of Motion to be docketed by the Clerk. The Notice will provide the public with an opportunity to object to the sealing of the documents in question.

Second, no feasible alternative exists to filing these documents under seal because these documents contain Defendants' confidential business information or the private information of unconnected third-party tenants. This Court has recognized that information of this type, due to its highly sensitive nature, merits the sealing of filings. *See, e.g.*, *RegScan, Inc. v. The Bureau of Natl. Affairs, Inc.*, 100 U.S.P.Q.2d 1635 (E.D. Va. 2011) (granting motion to seal information pertaining to commercial trade secrets).

Finally, specific reasons exist to support the rejection of alternatives to sealing the Exhibits and portions of the memorandum reflecting confidential information. The United States Supreme Court has recognized that it is proper for courts to "refuse[] to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing" or for other such improper purposes. *Nixon*, 435 U.S. at 598 (citations omitted). Further, because the at-issue documents involve "private commercial conduct" lacking a substantial relation to any "important governmental or political question," the interest of maintaining the confidentiality of private parties is significant. *RegScan, Inc.* 100 U.S.P.Q.2d at 1637-1638. Due to the confidential nature of the documents designated by Defendants as confidential and confidential portions of the memorandum, permitting the underlying documents and references thereto to be filed on the public docket would not adequately protect Defendants' business interest and the privacy interests of a unconnected third-party.

## IV.   Conclusion

For the aforementioned reasons, Defendants respectfully submit their Motion to Seal for consideration by the Court.

Respectfully submitted,

WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP, WAPLES PROJECT LIMITED PARTNERSHIP AND
A. J. DWOSKIN & ASSOCIATES, INC.

/s/ _____
Grayson P. Hanes (VSB No. 06614)
Michael S. Dingman (VSB No. 30031)
Justin deBettencourt (VSB No. 83806)
7900 Tysons One Place
Suite 500
McLean, Virginia 22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
ghanes@reedsmith.com
mdingman@reedsmith.com
jdebettencourt@reedsmith.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of January, 2017, I caused the foregoing to be filed electronically with the Clerk of the Court using CM/ECF, which will then send a notification of such filing to all counsel of record.

/s/
Grayson P. Hanes (VSB No. 06614)
Michael S. Dingman (VSB No. 30031)
Justin deBettencourt (VSB No. 83806)
7900 Tysons One Place
Suite 500
McLean, Virginia 22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
ghanes@reedsmith.com
mdingman@reedsmith.com
jdebettencourt@reedsmith.com