IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **ROSY GIRON DE REYES,** *et al.*, )<br>    **Plaintiffs,**                            )<br>                                                  )<br>    **v.**                                         )<br>                                                  )<br>**WAPLES MOBILE HOME PARK**        )<br>**LIMITED PARTNERSHIP,** *et al.*,      )<br>    **Defendants.**                           ) | Case No. 1:16-cv-563 |

### ORDER

The matter is before the Court on plaintiffs' motion to strike the report and exclude the testimony of defendants' expert witness, George Caruso, pursuant to Rules 702 and 403, Fed. R. Evid. (Doc. 166).

Defendants argue that the housing policy at issue in this case is legitimate and not a pretext for unlawful discrimination. To support this position, defendants' summary judgment briefs twice cite the expert report of George Caruso, a purported expert in housing and rental application processes with 44 years' experience managing apartments and condominiums. Mr. Caruso's report offers the following three opinions:

> 1. It is a reasonable practice to require proof of legal status in the United States as part of an application process to lease either an apartment or mobile home lot.
>
> 2. The legal status of an applicant is relevant to making underwriting decisions as whether to rent to a particular person because it impacts factor such as income, sustained income, reliable employment, availability of HUD assistance and repossession of a unit or lot if necessary.
>
> 3. The legal status of a potential resident is also necessary to determine the correct identity of the applicant person and to conduct an effective criminal background check of the applicant.

For the reasons that follow, plaintiffs' motion to strike and exclude pursuant to Rules 702 and 403 must be denied.

To begin with, Rule 702 provides that a qualified expert may testify to an opinion if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Rule 702, Fed. R. Evid. Importantly, there are five bases for qualifying as an expert: "knowledge, skill, experience, training, or education." *Id.*

Mr. Caruso satisfies Rule 702's requirements. First, given his 44 years of experience in the field, the witness is qualified to offer expert opinions on practices relating to renting properties. Indeed, Mr. Caruso's resume reflects that over the last 40 years, he has, among other things, (1) managed tens of thousands of residential units for various property management and leasing companies, (2) served as a Chairman of both the Federal Advocacy Board and Federal Housing Advisory Board for the Institute of Real Estate Management, (3) been appointed to the Best Practices Board of Directors for HUD, and (4) served as chairman, president, or vice president of various national housing associations.

Second, Mr. Caruso also has specialized knowledge regarding renting and lease underwriting that could help the trier of fact understand the evidence or determine a fact in issue. *See* Rule 702(a), Fed. R. Evid. Indeed, a typical juror is unlikely to know how a landlord underwrites a lease, or what a landlord considers when implementing rental policies. In this regard, Mr. Caruso brings 40 years' experience to bear directly on the question whether a housing policy regarding the occupants' legal presence in the U.S. could have a reasonable,

legitimate justification—a core issue in this case. *See* Rule 704(a), Fed. R. Evid. ("An opinion is not objectionable just because it embraces an ultimate issue.").

Third, Mr. Caruso had sufficient facts and data and applied reliable principles and methods. *See* Rule 702(b) & (c), Fed. R. Evid. In this respect, the Fourth Circuit has noted "examining the reliability of experiential expert testimony is … somewhat more opaque" because experiential experts, like Mr. Caruso, do not rely on "anything like a scientific method." *United States v. Wilson*, 484 F.3d 267, 274 (4th Cir. 2007). Thus, an experiential witness must "'explain how [his] experience leads to the conclusion reached, why [his] experience is a sufficient basis for the opinion, and how [his] experience is reliably applied to the facts.'" *Id.* (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 593 (1993)). In short, Mr. Caruso meets the requirements under *Wilson* and *Daubert*. Indeed, Mr. Caruso testified at his deposition that he has decades of experience creating and reviewing housing policies. Caruso Depo. at 11-12. Given this experience, Mr. Caruso clearly has a sufficient basis to opine that a lessor may have legitimate reasons to ask an applicant to prove his or her legal residence.

Moreover, the record reflects that Mr. Caruso reliably applied his experience to this case. *See* Rule 702(d), Fed. R. Evid. In fact, Mr. Caruso testified that since 1990, he has helped manage properties with policies similar to the Policy at issue in this case. *See* Caruso Depo. at 22:17-21 ("Q: For the properties that you've assisted in managing since the 1990s to the present, has each of those properties had a policy like the one at issue in this case? A: Very similar to it, yes."). It hardly strains credulity to think that someone with decades of experience *managing* such policies could reliably opine on why they exist.

Any other grievances plaintiffs may have about the reliability, scope, fit, or basis of Mr. Caruso's opinions simply address the testimony's weight, not its admissibility. Of course, plaintiffs will be afforded sufficient opportunity to cross-examine the witness at trial, should defendants call him.[1]

Similarly, Mr. Caruso's opinions are admissible under Rule 403. Under that Rule, "[t]he court may exclude relevant evidence if its probative value is *substantially outweighed* by a danger of ... unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Rule 403, Fed. R. Evid. (emphasis added). Plaintiffs have not met their burden to show that Rule 403 operates to exclude Mr. Caruso's testimony. Any prejudice to the plaintiffs' is not *unfair*, nor would it *substantially outweigh* the probative value of Mr. Caruso's opinions. Nor is there a significant danger of misleading the jury, wasting time, confusing the issues, or the like. *See id.* A competent cross-examination is a sufficient disinfectant here.

Accordingly, and for good cause,

It is hereby **ORDERED** that plaintiffs' motion to strike and exclude (Doc. 166) is **DENIED**.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
April 17, 2017

T. S. Ellis, III
United States District Judge

---

[1] For instance, plaintiffs protest that Mr. Caruso lacks experience with leases at mobile home parks, that he has not compared his own practices to his colleagues' customs, and that he did not evaluate all of the facts or the Policy in this case. These arguments are prime topics for cross-examination, but they do not warrant exclusion pursuant to Rule 702.