# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| ROSY GIRON DE REYES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP, *et al.*, <br><br> Defendants. | Civil No.: 1:16cv563-TSE-TCB |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR UNOPPOSED MOTION TO STAY PENDING DISPOSITION ON THEIR PETITION FOR WRIT OF CERTIORARI FROM THE U.S. SUPREME COURT

Defendants Waples Mobile Home Park Limited Partnership, Waples Project Limited Partnership, and A. J. Dwoskin & Associates, Inc. (collectively "Defendants"), by counsel, hereby submit their memorandum in support of their Unopposed Motion to Stay Pending Disposition on Their Petition for Writ of Certiorari from the U.S. Supreme Court.

### INTRODUCTION

On September 12, 2018, the U.S. Court of Appeals for the Fourth Circuit issued a divided ruling reversing this Court's order granting summary judgment for Defendants on Plaintiff's disparate-impact Fair Housing Act ("FHA") claim. Now that the case has been remanded to this Court, Defendants respectfully request that the Court exercise its discretion and temporarily stay further proceedings pending the disposition of the Defendants' petition for writ of certiorari to be filed with the U.S. Supreme Court. Plaintiffs do not oppose this motion and there is good reason to grant it.

To begin with, Defendants' certiorari petition will have considerable merit because, as Judge Keenan's dissenting opinion explains, the Fourth Circuit's decision conflicts with the U.S. Supreme Court's decision in *Texas Dep't of Hous. & Cmty Affairs v. Inclusive Communities Project, Inc.*, 135 S. Ct. 2507, 2512 (2015). Instead of according meaningful effect to *Inclusive Communities*' heightened "robust causality" requirement and the other "safeguards" the Court laid out, the Fourth Circuit's decision subjects Defendants to liability for precisely what *Inclusive Communities* forbids – "racial disparities" that Defendants indisputably "did not create." 135 S. Ct. at 2523. In so doing, the Fourth Circuit's decision also departs from the rulings of other circuits and district courts on the proper application of the FHA in disparate-impact cases after *Inclusive Communities.*

Additionally, a stay of these proceedings pending Defendants' petition is in the public interest because it will prevent any unnecessary expenditure of the Court's or the parties' resources while the Supreme Court considers Defendants' petition. And Plaintiffs will not be prejudiced from the limited delay of proceedings, as evidenced by their refusal to oppose the stay request. Defendants will file their petition for writ of certiorari on or before March 1, 2019 – several weeks before the deadline set by Sup. Ct. Rule 13 – and the Supreme Court likely will decide whether to grant or deny the petition within a matter of months. Should Defendants' petition be denied, Defendants will promptly contact Plaintiffs and re-notice a status hearing before the Court to discuss returning the action to the active docket.

**BACKGROUND**

In prior proceedings in this Court, Defendants moved to dismiss Plaintiffs' FHA disparate-impact claim on grounds that Plaintiffs did not satisfy the cautionary standards set forth

in *Inclusive Communities*. Dkt. 26 at 10-12; Dkt. 30 at 6-7. This Court dismissed Plaintiffs' disparate-impact claim, explaining that:

> a robust causality requirement, as the Supreme Court puts it, 'ensures that racial imbalance does not, without more, establish a prima facie case of disparate impact and thus protects defendants from being held liable for racial disparities they did not create'… Plaintiffs' use of the disparate impact theory in this case is not consistent with a robust causality requirement; it operates instead to eliminate the statute's explicit requirement that the bar to housing be 'because of' race of national origin. Indeed, to permit plaintiffs to use disparate impact in this case to establish causation results in essentially writing out of the FHA its robust causality requirement altogether.

Dkt. 56 at 13.

Believing their disparate-impact claim remained viable after this Court's dismissal ruling, Plaintiffs later moved for summary judgment on that claim, and Defendants moved for summary judgment on what they asserted was Plaintiffs' unpled claim of disparate treatment. Dkts. 97 and 137. With respect to disparate impact, Defendants argued that the summary-judgment record makes clear that Latinos, except those in the United States illegally, routinely comply with the Policy and enter into leases for lots at the Park and that the sole impediment for the Plaintiffs is the illegal status of the female Plaintiffs, not that they are Latino. Dkt. 98 at 10-12; Dkt. 151 at 12-15. Accordingly, Defendants submitted that the robust causality requirement of *Inclusive Communities* was not satisfied. Defendants also argued, *inter alia*, that there are legitimate and non-discriminatory reasons for the Policy. Defendants stated that it seeks to prevent illegal aliens from leasing at the Park due to lease-underwriting concerns, including identity concerns, as well as the need to perform reliable criminal background checks and avoid criminal exposure under the Immigration Reform and Control Act's anti-harboring provision. Dkts. 98 and 151.

Following a hearing, this Court issued a ruling finding that Plaintiffs' disparate-impact claim had been dismissed at the motion-to-dismiss stage and granted Defendants' motion for

summary judgment as to the disparate-treatment claim. Dkt. 190. Plaintiffs appealed the dismissal of their disparate-impact claim. Plaintiffs did not appeal this Court's summary-judgment ruling addressing disparate treatment.

On appeal, the Fourth Circuit majority acknowledged that the court of appeals had not addressed a FHA disparate-impact claim since *Inclusive Communities*. *Reyes v. Waples Mobile Home Park Ltd. P'ship*, 903 F.3d 415, 427 (4th Cir. 2018). Though the majority noted the heightened "robust causality" standard set forth by *Inclusive* Communities, it nonetheless concluded that Plaintiffs met that standard by alleging a policy and statistics. *Id.* at 428. Accordingly, the Fourth Circuit reversed this Court's dismissal of the disparate-impact claim at the pleadings stage and remanded the case to allow "the district court to consider the cross-motions for summary judgment under Plaintiffs' disparate-impact theory of liability[.]" *Id.* at 433.

Judge Keenan dissented. She agreed with this Court's reasoning and the rationale of Judge Loken in *Keller v. City of Fremont* and found that "[a]lthough Latinos constitute the majority of the undocumented population in the geographic area of the park, at different times and in different locales the 'disparate impact' might have been on immigrant populations from many other parts of the world…. Such geographical happenstance cannot give rise to liability against an entity not responsible for the geographical distribution." *Id.* at 434 (citing *Keller*, 719 F.3d 931, 949 (8th Cir. 2013)). Moreover, Judge Keenan found that "accepting the plaintiffs' theory of disparate impact liability would expand the FHA beyond its stated terms to protect undocumented aliens as a class, based solely on an allegation of disparate impact within that class. Yet, citizenship and immigration status are not protected classes under the FHA. By holding that a policy targeting undocumented aliens could violate the FHA based on the policy's

impact on Latinos, the majority in effect extends FHA protection to individuals based on their immigration status." *Id.*

Defendants petitioned the Fourth Circuit for rehearing and rehearing en banc. Defendants argued that the Fourth Circuit accorded no meaningful effect to *Inclusive Communities'* heightened "robust causality" requirement and subjects Defendants to liability for precisely what Inclusive Communities forbids – "racial disparities" that Defendants indisputably "did not create." 135 S. Ct at 2523. Defendants also argued that the Fourth Circuit failed to consider whether the federal anti-harboring statute "substantially limits" Defendants' discretion, thus severing any causal connection between the Policy and the alleged disparate impact. *Id.* at 2524. The Fourth Circuit denied Defendants' petition on December 19, 2018 and its mandate issued on December 26, 2018, which returned jurisdiction to this Court. With jurisdiction returned to this Court, Defendants now seek a stay of the proceedings until the Supreme Court disposes of Defendants' petition for writ of certiorari.[1]

## ARGUMENT

Defendants respectfully submit that this Court should exercise its settled discretion to enter a stay of limited duration of the proceedings in this Court until the Supreme Court disposes of Defendants' petition. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (acknowledging a court's "inherent" power to "stay proceedings" and "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); *Hickey v. Baxter*, 833 F.2d 1005 (4th Cir. 1987) (unpublished table decision) ("It is well established that a district court has broad discretion to control the disposition of cases on its docket.") (affirming

---

[1] To be clear, Defendants are not requesting this Court to stay the mandate. Rather, Defendants request this Court to temporarily stay its proceedings pursuant to its own settled discretion. As detailed below, the Court has the authority to exercise its discretion to temporarily stay its proceedings after the mandate has issued. Indeed, this Court has exercised its discretion to do so as detailed below.

district court's order staying proceedings pending Supreme Court resolution of relevant issues in different litigation) (attached as **Exhibit 1**).

Entry of a temporary stay pending the disposition of a petition for certiorari is a recognized and proper exercise of this settled discretion. *See*, *e.g.*, Order Staying Litigation Pending Defendants' Petition for Certiorari, *Tecsec, Inc. v. Int'l Bus. Machs. Corp., et al.*, Case 1:10cv115-LMB/TCB (E.D. Va. Feb. 21, 2014) (attached as **Exhibit 2**); *Smith v. Sydnor*, No. 98–CV–241, 2000 WL 33687953, at *1 (E.D. Va. Aug. 25, 2000) (describing district court stay of trial proceedings pending resolution of Defendants' petition to the United States Supreme Court for a writ of *certiorari* from the prior decision of the court of appeals); *Coombs v. Diguglielmo*, No. Civ.A. 04-1841, 2004 WL 1631416, at *1-2 (E.D. Pa. July 21, 2004) (granting stay pending petition for certiorari); *West Penn Allegheny Health Sys., Inc. v. UPMC*, No. 09cv0480, 2011 WL 334477, at *3 (W.D. Pa. Jan. 31, 2011) (same); *Smith v. Gallegos*, No. 06-3061-JTM-DWB, 2009 WL 5217360, at *2 (D. Kan. Dec. 30, 2009); *NGV Gaming, Ltd. v. Harrah's Operating Co., Inc.*, No. 04-3955SC, 2008 WL 4951587, at *1 (N.D. Cal. Nov. 18, 2008) (same); *Davis v. Blige*, No. 03 Civ. 993, 2008 WL 2477461, at *2 (S.D.N.Y. June 16, 2008) (same); *Peaceable Planet, Inc. v. Ty, Inc.*, No. 01 C 7350, 2004 WL 1574043, at *2 (N.D. Ill. July 13, 2004).

In fact, the district court in *Inclusive Communities* itself granted a stay pending the petition for certiorari that the Supreme Court ultimately granted. *See Inclusive Cmtys. Project, Inc. v. Texas Dep't of Hous. & Cmty. Affairs*, No. 3:08-CV-0546-D, 2014 WL 2815683, at *2 (N.D. Tex. June 23, 2014) ("The court holds in its discretion that the proceedings on remand should be stayed pending resolution of the Supreme Court's decision on TDHCA's petition for a writ of certiorari.").

Respectfully, this Court likewise should exercise this discretion here. First, moving forward with proceedings in this Court while Defendants' petition for certiorari is considered by the Supreme Court would only cause an unnecessary expenditure of the parties' and the Court's resources if the Supreme Court grants the petition and reverses the Fourth Circuit's decision. *See West Penn Allegheny Health Sys., Inc.*, 2011 WL 334477, at *3 (granting stay pending petition for certiorari where "all parties stand to benefit from a stay in the financial sense given the vast resources that would be wasted on *both* sides were this Court to require the parties to conduct discovery at this time, only for the Supreme Court to accept the case and ultimately dismiss it"); *Davis*, 2008 WL 2477461, at *2 (granting stay pending petition for certiorari because of the "obvious potential benefits to be derived from awaiting the Supreme Court's action"—"If the Court grants certiorari. . . . , reverses the opinion of the Second Circuit, and reinstates the judgment of this Court, the federal case is likely at an end, and the time and effort of conducting damages discovery and preparing for a trial on that issue would have been wasted").

Second, Plaintiffs are not prejudiced from the request as evidenced by their refusal to oppose the stay. Additionally, any delay will be relatively modest. If the Supreme Court denies Defendants' petition, that likely will occur within a matter of months. If the Supreme Court grants Defendants' petition, the importance of having granted the stay will have been re-confirmed.

Third, the public interest strongly supports a stay because there is a powerful "public[] interest in conserving judicial resources. . . ." *Univ. of Tennessee v. Elliott*, 478 U.S. 788, 798 (1986) (citation omitted).

## **CONCLUSION**

Defendants respectfully request that the Court grant a stay of further proceedings pending the U.S. Supreme Court's disposition of their petition for writ of certiorari and, if the U.S. Supreme Court grants the petition, the Supreme Court's final disposition of Defendants' appeal on the merits.

Dated: January 10, 2019          Respectfully submitted,

WAPLES MOBILE HOME PARK LIMITED
PARTNERSHIP, WAPLES PROJECT LIMITED
PARTNERSHIP AND
A. J. DWOSKIN & ASSOCIATES, INC.

/s/
Grayson P. Hanes (VSB No. 06614)
Michael S. Dingman (VSB No. 30031)
Justin deBettencourt (VSB No. 83806)
REED SMITH LLP
7900 Tysons One Place
Suite 500
McLean, Virginia  22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
ghanes@reedsmith.com
mdingman@reedsmith.com
jdebettencourt@reedsmith.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of January, 2019, I caused the foregoing to be filed electronically with the Clerk of the Court using CM/ECF, which will then send a notification of such filing to all counsel of record.

/s/
Grayson P. Hanes (VSB No. 06614)
Michael S. Dingman (VSB No. 30031)
Justin deBettencourt (VSB No. 83806)
REED SMITH LLP
7900 Tysons One Place
Suite 500
McLean, Virginia  22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
ghanes@reedsmith.com
mdingman@reedsmith.com
jdebettencourt@reedsmith.com