**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| ROSY GIRON DE REYES; JOSE DAGOBERTO REYES; FELIX ALEXIS BOLANOS; RUTH RIVAS; YOVANA JALDIN SOLIS; ESTEBAN RUBEN MOYA YRAPURA; ROSA ELENA AMAYA; and HERBERT DAVID SARAVIA CRUZ,<br><br>*Plaintiffs*,<br><br>vs.<br><br>WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP; WAPLES PROJECT LIMITED PARTNERSHIP; and A.J. DWOSKIN & ASSOCIATES, INC.,<br><br>*Defendants*. | Civil Action No. 1:16cv00563-TSE-TCB |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION TO COMPEL SUPPLEMENTAL DISCOVERY**

## TABLE OF CONTENTS

**Page**

FACTUAL BACKGROUND ................................................................................................. 2

LEGAL STANDARD .......................................................................................................... 4

ARGUMENT ...................................................................................................................... 6

I. THE COURT SHOULD COMPEL DEFENDANTS TO PRODUCE AN UPDATED LIST OF PARK RESIDENTS ......................................................... 6

II. THE COURT SHOULD COMPEL DEFENDANTS TO PRODUCE UPDATED DOCUMENTS AND INFORMATION REGARDING THEIR POLICY ............. 7

CONCLUSION ................................................................................................................... 8

Pursuant to Federal Rule of Civil Procedure 37 and Local Civil Rule 37, Plaintiffs Rosy Giron De Reyes, Jose Dagoberto Reyes, Felix Alexis Bolanos, Ruth Rivas, Yovana Jaldin Solis, Esteban Ruben Moya Yrapura, Rosa Elena Amaya, and Herbert David Saravia Cruz ("Plaintiffs"), by and through their attorneys, respectfully submit this Memorandum in Support of Plaintiffs' Motion to Compel Supplemental Discovery from Defendants Waples Mobile Home Park Limited Partnership, Waples Project Limited Partnership, and A.J. Dwoskin & Associates, Inc. ("Defendants").

Plaintiffs in this action are four Latino couples that were evicted from the Waples Mobile Home Park (the "Park") after Defendants began enforcing a policy requiring *all* residents of the Park, as opposed to merely the leaseholders, to show proof of legal presence in the United States (the "Policy"). In May of 2016, Plaintiffs sued Defendants for, among other things, violations of the federal Fair Housing Act ("FHA"), alleging that the Policy improperly discriminated against Plaintiffs as Latinos. In support of their claims, for which they sought and continue to seek injunctive relief, Plaintiffs obtained from Defendants discovery regarding the Policy and the Park's residents. In the nearly three years since receiving that discovery, the parties were engaged in summary judgment proceedings and related appeals.

Plaintiffs now seek limited supplemental discovery of two categories of documents or information: (1) an updated list of all residents of the Park; and (2) updated documents and information regarding the Policy. Although Defendants agreed to and, in fact, did produce such discovery earlier in the case, they now refuse to supplement their productions or disclosures. Defendants' sole bases for refusing supplementation is the fact that discovery has closed and any updated documents are irrelevant to Plaintiffs' claims. Defendants' arguments lack merit. Federal Rule of Civil Procedure 26(e)'s requirement that Defendants supplement their disclosures does not

1

end at the close of fact discovery. Moreover, the relevance of the requested discovery to Plaintiffs' claims and demand for injunctive relief remains undisputed, and neither Plaintiffs' original requests nor Defendants' responses thereto set a date cut-off for discovery. Equally as important, Defendants have not objected to supplementation on the grounds of undue burden. Nor could they, as Plaintiffs narrowly seek only updated discovery that falls within the scope of their original requests.

For the foregoing reasons, the Court should compel Defendants to supplement their productions and disclosures.

## FACTUAL BACKGROUND

On August 3, 2016, Plaintiffs served discovery requests seeking information about the Park's tenants and occupants. Notably, those requests did not set forth any date cut-offs for the requested documents. (*See, e.g.*, Ex. 1 at 15, Plaintiffs' Request for Production ("RFP") No. 42 ("All documents relating to the demographics of the Park by race, national origin, alienage, or citizenship relating to the time period *from January 1, 2006 to the present*, including all leases under which tenants resided in the Park during such period." (emphasis added)); *id.* at 16, RFP No. 49 ("A list of all current leaseholders at the Park, including which lot they lease and the type of identification provided to comply with the Policy."); *id.* at 17, RFP No. 50 ("A list of all current adult occupants at the Park, indicating at which lot they reside and the type of identification provided to comply with the Policy.").) Defendants agreed to "produce documents in their possession that have the names of current or prior tenants." (Ex. 2 at 3-4, 9/16/16 Email from M. Dingman to A. Trajtenberg; *see also* Ex. 3 at 17, Defendants' Response to RFP No. 42 (agreeing to "produce a list of the names of the tenants at the Park *from January 1, 2010 to the present*" (emphasis added)).) On October 3, 2016, Defendants produced lists of names of individuals that as of that date were, or had recently been, residents of the Park.

2

Plaintiffs also served several RFPs and Interrogatories seeking information regarding Defendants' Policy. Those requests similarly did not set forth any date cut-offs for the requested discovery. (*See, e.g.*, Ex. 1 at 10, Plaintiffs' RFP No. 11 ("All documents and communications relating to and evidencing the Policy, including its creation, development, implementation, alteration, and enforcement.");[1] Ex. 4 at 8, Plaintiff Rosy Giron de Reyes's Interrogatory No. 1 ("Describe all policies and practices, including the Policy at issue in this Action, used for leasing, or renewing leases to, Lots at the Park since 2006, and, in doing so, identify the persons most knowledgeable regarding such policies and practices and include the reasons for creating, developing, modifying, and enforcing each policy or practice.").) On August 23, 2016, Defendants served their Rule 26(a) disclosures, which included a list of persons likely to have discoverable information relating to the Policy. (Ex. 5 at 2-4.) Thereafter, Defendants responded to Plaintiffs' Interrogatories and produced responsive documents in September and October of 2016, respectively. (*See, e.g.*, Ex. 6 at 2, Defendants' Response to Plaintiff Rosy Giron de Reyes's Interrogatory No. 1; Ex. 2 at 1, 9/21/16 Email from J. deBettencourt to A. Trajtenberg ("As for searching for documents regarding the creation of the policy (RFP 11, 14, 39, and 53, and ROG 1) from May 2006 to the present, we agree to search back to May 2006 on those RFPs and ROG 1 with the exception of RFP 14. We identified individuals responsive to RFP 14 in our initial disclosures. If others are discovered, we will supplement per the Rules.").) Since October of 2016,

---

[1] *See also id.* at 11, RFP No. 14 ("Documents sufficient to identify all employees or agents responsible for the creation, development, implementation, alteration, and enforcement of the Policy."); *id.* at 14, RFP No. 39 ("All documents and communications relating to your consideration of how the creation, development, implementation, alteration, or enforcement of any of the Park's policies and practices—including specifically: (1) the Policy, (2) the decision to move tenants with 'unauthorized occupants' onto month-to-month leases, and (3) the decision to impose a $300 Surcharge as of June 1, 2016—would have a disparate impact on any protected class under the federal Fair Housing Act and/or the Virginia Fair Housing Act."); *id.* at 17, RFP No. 53 ("The current version and all prior versions of the Policy.").

Defendants have provided neither an updated list of the Park's residents nor any documents or information relating to their Policy.

Prior to the close of fact discovery on December 9, 2016, (Dkt. 35), Defendants moved for summary judgment on Plaintiffs' FHA claim. (Dkt. 97.) On December 23, 2016, Plaintiffs filed a cross-motion for summary judgment. (Dkt. 137.) This Court granted-in-part and denied-in-part Defendants' motion and denied Plaintiffs' cross-motion on April 18, 2017. (Dkt. 190.) On September 12, 2018, the Court of Appeals for the Fourth Circuit vacated the grant of Defendants' motion for summary judgment and remanded the case back to this Court. *Reyes v. Waples Mobile Home Park Ltd. P'ship*, 903 F.3d 415 (4th Cir. 2018). The United States Supreme Court denied Defendants' petition for writ of certiorari on May 13, 2019. *Waples Mobile Home Park Ltd. P'ship v. Reyes*, 139 S. Ct. 2026 (2019).

On July 23, 2019, Plaintiffs requested that Defendants provide supplemental discovery with respect to two categories of documents or information pursuant to Rule 26(e). (Ex. 7, 7/23/19 Letter from A. Fry to J. deBettencourt.) First, Plaintiffs asked Defendants to produce an updated list of all residents of the Park from October 3, 2016 to the present. (*Id.* at 2.) Second, Plaintiffs also asked Defendants to supplement their Rule 26(a) disclosures, response to Interrogatory No. 1, and document production relating to Defendants' Policy. (*Id.* at 3.) Defendants refused to provide the requested discovery, however, on the ground that fact discovery had closed in December of 2016, prior to this Court's decision on summary judgment and the Fourth Circuit's decision vacating this Court's judgment and remanding the case. The parties met and conferred on August 8, 2019, but were unable to resolve the dispute.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 26(e) provides that "[a] party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for

4

admission—must supplement or correct its disclosure or response" in a "timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing" or "as ordered by the court." Fed. R. Civ. P. 26(e)(1). A party's obligation under Rule 26(e)(1) does not end at the close of discovery. *See Cory v. Whisman, Grygiel & Giordano, P.A.*, No. 06-2694, 2012 WL 1632729, at *6-7 (D. Md. May 8, 2012) (ordering plaintiff to supplement discovery within five days even though fact discovery had closed); *see also United States v. Louisiana*, No. 11-470, 2015 WL 5595630, at *1 (M.D. La. Sept. 21, 2015) ("Under Rule 26(e), parties have an ongoing obligation to continuously supplement their discovery responses. That obligation is in no way limited by the discovery deadlines imposed by the Court's Scheduling Order pursuant to Rule 16."); *A & R Body Specialty & Collision Works, Inc. v. Progressive Cas. Ins. Co.*, No. 07-929, 2014 WL 6474285, at *2 (D. Conn. Nov. 19, 2014) ("Thus, [parties] are under a continuing duty to supplement by providing documents that are responsive to the discovery propounded. The fact that discovery has closed has no bearing on [a] [ ] duty to supplement under Rule 26(e)." (quoting *McKinney v. Connecticut*, No. 06-2055, 2011 WL 166199, at *2 (D. Conn. Jan. 19, 2011)); *Gorzynski v. JetBlue Airways Corp.*, No. 03-774, 2012 WL 712067, at *3 (W.D.N.Y. Mar. 5, 2012) (ordering supplemental production and noting that "duty to supplement discovery continues even after the discovery period has closed").

Rule 37 governs motions for an order compelling disclosure or discovery. "On a motion to compel, 'the burden of proof is with the party objecting to the discovery to establish that the challenged production should not be permitted.'" *Newport News Holdings, LLC v. Great Am. Ins. Co.*, No. 17-124, 2018 WL 4178321, at *2 (E.D. Va. May 3, 2018) (quoting *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 241 (E.D. Va. 2012)).

**ARGUMENT**

**I.     THE COURT SHOULD COMPEL DEFENDANTS TO PRODUCE AN UPDATED LIST OF PARK RESIDENTS**

The Court should compel Defendants to produce an updated list of Park residents in light of Defendants' ongoing duty to supplement their production and the undisputed relevance and narrow scope of the requested discovery.

Defendants' argument that the fact that discovery is closed excuses them from supplementing their production lacks merit. Pursuant to Rule 26(e), Defendants have a continuing obligation to supplement their discovery responses and disclosures—an obligation that continues even after the fact discovery period has closed. *See Cory*, 2012 WL 1632729, at *6-7; *Louisiana*, 2015 WL 5595630, at *1; *A & R Body Specialty*, 2014 WL 6474285, at *2; *Gorzynski*, 2012 WL 712067, at *3. Plaintiffs' request for an updated list of Park residents falls squarely within the original scope of their discovery requests. (Ex. 1 at 15-17 (RFP Nos. 42, 49, and 50).) Plaintiffs do *not* seek discovery of any new categories of documents, but merely request that Defendants provide a single, up-to-date list.

Moreover, Defendants have neither objected to Plaintiffs' request as unduly burdensome, nor argued that Plaintiffs' original request for the list of residents was irrelevant. Indeed, Plaintiffs' request for a single document is very limited in scope. In addition, the list of residents remains indisputably relevant to this case, as demonstrated by the Fourth Circuit's decision reversing the grant of summary judgment for Defendants. *See Reyes*, 903 F.3d at 422 (noting that in their cross-motion for summary judgment, Plaintiffs "submitted evidence that 60% of the tenants at the Park were Latino, and that eleven of the twelve tenants at the Park who were not in compliance with the Policy as of May 2016, or 91.7%, were Latino"); *see also id.* at 433 n.11 (noting that Plaintiffs' "evidence that Latinos comprised 91.7% of those unable to comply with the Policy and

6

consequently facing eviction, despite comprising only 60% of those subject to the Policy" constituted strong statistical evidence in support of Plaintiffs' disparate-impact theory of liability). Importantly, the case is now on remand from the Fourth Circuit and Plaintiffs continue to seek prospective injunctive relief under their FHA claim. Discovery to update and determine facts as of the present day is appropriate in this case where the relief sought on remand involves a consideration of facts as they exist at the present day. *See MercExchange, L.L.C. v. eBay, Inc.*, 467 F. Supp. 2d 608, 611-12 (E.D. Va. 2006) (exercising discretion to allow limited discovery after remand regarding factual developments occurring after the first trial, where those facts were necessary for the court to determine whether or not to enter a permanent injunction). In short, Defendants should not be allowed to unilaterally place date cut-offs on discovery that they already agreed was relevant and discoverable.

Plaintiffs respectfully request that the Court compel Defendants to produce an updated list of all residents of the Park.

## II. THE COURT SHOULD COMPEL DEFENDANTS TO PRODUCE UPDATED DOCUMENTS AND INFORMATION REGARDING THEIR POLICY

The Court should also compel Defendants to produce updated documents and information regarding their Policy in light of Defendants' ongoing duty to supplement their production and disclosures and the undisputed relevance and narrow scope of the requested discovery.

As discussed above with respect to Plaintiffs' request for an updated list of residents, Defendants have an ongoing duty to supplement their disclosures pursuant to Rule 26(e). This duty that continues even after discovery has closed. *See Cory*, 2012 WL 1632729, at *6-7; *Louisiana*, 2015 WL 5595630, at *1; *A & R Body Specialty*, 2014 WL 6474285, at *2; *Gorzynski*, 2012 WL 712067, at *3. Again, Plaintiffs' request for supplemental discovery relating to the Policy falls squarely within the original scope of their discovery requests. (Ex. 1 at 10-11, 14, 17

(RFP Nos. 11, 14, 39, and 53); Ex. 4 at 8 (Interrogatory No. 1).) Again, Plaintiffs do *not* seek discovery of any new categories of documents, but merely request that Defendants bring their productions and disclosures up-to-date.

In addition, the requested discovery is indisputably relevant. Defendants' Policy lies at the heart of this case. As discussed above, Plaintiffs seek injunctive relief under their FHA claim, as Plaintiffs would like the option to regain residency in the Park. This necessarily entails that the Policy that forced them to vacate the Park in the first place is still in effect, in the same or a substantially similar form, and being enforced in such a way that it would prohibit Plaintiffs from returning. Thus, in order to fairly and properly litigate their FHA claim at trial, Plaintiffs need discovery relating to Defendants' current Policy. *See eBay*, 467 F. Supp. 2d at 611 ("[T]he type of relief sought on remand unquestionably has a significant impact on the court's decision as prospective equitable relief, such as an injunction . . . , necessitates that the court consider the facts as they exist at the time of remand and not as they existed several years in the past."). Defendants' argument that updated documents are irrelevant is without merit. Again, Defendants should not be permitted to unilaterally place date cut-offs on discovery that they already agreed was relevant and discoverable. Moreover, Defendants have not objected to supplementation on the ground that producing the requested discovery would impose an undue burden.

Plaintiffs respectfully request that the Court compel Defendants to supplement their disclosures and discovery responses concerning the Policy.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion to Compel Supplemental Discovery.

DATED this 9th day of August, 2019    Respectfully submitted,

/s/ *Nady Peralta*
LEGAL AID JUSTICE CENTER
Nady Peralta, VSB #91630
Simon Sandoval-Moshenberg, VSB #77110

6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Phone: (703) 778-3450
Fax: (703) 778-3454
nady@justice4all.org
simon@justice4all.org

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Kaiyeu Kevin Chu, VSB #85746
Matthew Traumpan (*pro hac vice*)
Ashley Fry (*pro hac vice*)
Gianna Puccinelli (*pro hac vice*)

1300 I Street NW, Suite 900
Washington, District of Columbia 20005
Phone: (202) 538-8000
Fax: (202) 538-8100
kevinchu@quinnemanuel.com
matthewtraupman@quinnemanuel.com
ashleyfry@quinnemanuel.com
giannapuccinelli@quinnemanuel.com

*Counsel for Plaintiffs*

9

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of August, 2019, I filed the foregoing Memorandum in Support of Plaintiffs' Motion to Compel Supplemental Discovery electronically with the Clerk of the Court using the ECF system, and caused to be served by electronic mail a copy of the foregoing document upon the following parties:

Grayson P. Hanes, VSB #06614
Michael S. Dingman, VSB #30031
Justin deBettencourt, VSB #83806
REED SMITH LLP
7900 Tysons One Place, Suite 500
McLean, Virginia 22102
Phone: (703) 641-4200
Fax: (703) 641-4340
ghanes@reedsmith.com
mdingman@reedsmith.com
jdbettencourt@reedsmith.com

*Counsel for Defendants*

/s/ Nady Peralta
LEGAL AID JUSTICE CENTER
Nady Peralta, VSB #91630

6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Phone: (703) 778-3450
Fax: (703) 778-3454
nady@justice4all.org

*Counsel for Plaintiffs*