# EXHIBIT 2

| | |
|---|---|
| **From:** | Ariel Trajtenberg |
| **Sent:** | Wednesday, September 21, 2016 11:29 AM |
| **To:** | Waples - QE; Simon Sandoval-Moshenberg; Nady Peralta |
| **Subject:** | FW: Giron De Reyes, et al. v. Waples Mobile Home Park LP, et al., |

**Ariel Wade Trajtenberg**
*Associate,*
**Quinn Emanuel Urquhart & Sullivan, LLP**
202-538-8163 Direct
arieltrajtenberg@quinnemanuel.com

---

**From:** deBettencourt, Justin D. [mailto:JdeBettencourt@ReedSmith.com]
**Sent:** Wednesday, September 21, 2016 11:23 AM
**To:** Ariel Trajtenberg <arieltrajtenberg@quinnemanuel.com>; Dingman, Michael S. <MDingman@ReedSmith.com>
**Cc:** Bill Margeson <billmargeson@quinnemanuel.com>
**Subject:** RE: Giron De Reyes, et al. v. Waples Mobile Home Park LP, et al.,

Hi Ariel:

We sent our first document production to you Monday evening so you should have those documents. Please let us know if you have any trouble accessing those documents. As for interrogatory responses, we had a key person at Waples take a vacation but we expect to get you the interrogatory responses shortly. We resolved a majority of the objections on Friday last week, and in doing so, agreed on a timeframe that goes back ten years for certain discovery requests as noted below. The parties' agreement requires us to search documents and to respond to interrogatories for this ten year timeframe. Given this timeframe, we are working as quickly as we can. We are continuing to search for documents with that understanding and will be producing another document production soon.

As for searching for documents regarding the creation of the policy (RFP 11, 14, 39, and 53, and ROG 1) from May 2006 to the present, we agree to search back to May 2006 on those RFPs and ROG 1 with the exception of RFP 14. We identified individuals responsive to RFP 14 in our initial disclosures. If others are discovered, we will supplement per the Rules.

Finally, in response to RFPs 51 and 52, we intend to produce documents showing who credit and criminal checks were run on to the extent there are documents showing who credit or criminal checks were run on.

Thanks,

Justin

---

**From:** Ariel Trajtenberg [mailto:arieltrajtenberg@quinnemanuel.com]
**Sent:** Tuesday, September 20, 2016 5:26 PM
**To:** Dingman, Michael S.; deBettencourt, Justin D.
**Cc:** Bill Margeson
**Subject:** RE: Giron De Reyes, et al. v. Waples Mobile Home Park LP, et al.,

Mike and Justin,

We have not heard back from you regarding the below email or the voicemail we left for you yesterday. We received a document production from you last night, and we are reviewing. Would you please confirm if yesterday's production completes your document production?

We still have not received your responses to Plaintiff Rosy Giron de Reyes' First Set of Interrogatories. Please send those responses immediately.

Please also respond to our two other questions below.

Best,
Ariel

**Ariel Wade Trajtenberg**
*Associate,*
**Quinn Emanuel Urquhart & Sullivan, LLP**
202-538-8163 Direct
arieltrajtenberg@quinnemanuel.com

---

**From:** Ariel Trajtenberg
**Sent:** Monday, September 19, 2016 12:15 PM
**To:** Dingman, Michael S. <MDingman@ReedSmith.com>; deBettencourt, Justin D. <JdeBettencourt@ReedSmith.com>
**Cc:** Bill Margeson <billmargeson@quinnemanuel.com>
**Subject:** Re: Giron De Reyes, et al. v. Waples Mobile Home Park LP, et al.,

Mike and Justin,

We received your written responses to Plaintiffs' First Set of Requests for Production ("RFPs"), but we did not receive any documents responsive to the requests. We also did not receive your responses to Plaintiff Rosy Giron de Reyes' First Set of Interrogatories. Pursuant to the Federal Rules, the discovery requests, and the parties' agreement, these documents and responses were due Friday. Please send them immediately.

Additionally, we have not heard back from you regarding our request that you produce documents concerning the creation of the policy (*see* RFP 11, 14, 39, and 53, and ROG 1) from May 2006 through the present, and this timeframe is not discussed in your responses to the RFPs. Please confirm.

Finally, in response to RFPs 51 and 52, you indicate that you will stand on your objections. However, in your September 16th email below, you wrote, "[t]o the extent there are documents showing who credit or criminal checks were run on, we will produce them." Please confirm that you still intend to produce "documents showing who credit or criminal checks were run on" despite your RFP responses.

Best,

Ariel

On Sep 16, 2016, at 6:31 PM, deBettencourt, Justin D. <JdeBettencourt@ReedSmith.com> wrote:

> Hi Ariel:
>
> Please see the attached responses.
>
> Thanks,
> Justin
>
> ---
>
> **From:** Ariel Trajtenberg [mailto:arieltrajtenberg@quinnemanuel.com]
> **Sent:** Friday, September 16, 2016 5:55 PM
> **To:** Dingman, Michael S.
> **Cc:** Bill Margeson; Joy Odom; deBettencourt, Justin D.
> **Subject:** RE: Giron De Reyes, et al. v. Waples Mobile Home Park LP, et al.,
>
> Mike,
>
> Please confirm that Defendants will produce documents concerning the creation of the policy (*see* RFP 11, 14, 39, and 53, and ROG 1) from May 2006 through the present.
>
> We continue to reserve our rights to follow up on our requests after reviewing Defendants' document production.
>
> Best,
> Ariel
>
> **Ariel Wade Trajtenberg**
> *Associate,*
> **Quinn Emanuel Urquhart & Sullivan, LLP**
> 202-538-8163 Direct
> arieltrajtenberg@quinnemanuel.com
>
> ---
>
> **From:** Dingman, Michael S. [mailto:MDingman@ReedSmith.com]
> **Sent:** Friday, September 16, 2016 4:18 PM
> **To:** Ariel Trajtenberg <arieltrajtenberg@quinnemanuel.com>
> **Cc:** Bill Margeson <billmargeson@quinnemanuel.com>; Joy Odom <joyodom@quinnemanuel.com>; deBettencourt, Justin D. <JdeBettencourt@ReedSmith.com>
> **Subject:** RE: Giron De Reyes, et al. v. Waples Mobile Home Park LP, et al.,
>
> Ariel,
>
> Please see our responses below in red.
>
>
> **Mike Dingman**
> MDingman@reedsmith.com
>
> Reed Smith LLP
> 7900 Tysons One Place
> Suite 500
> McLean, VA 22102

3

703.641.4323
Fax 703.641.4340

**Please note our new address effective 3-21-16:  7900 Tysons One Place, Suite 500, McLean, VA  22102**

---

**From:** Ariel Trajtenberg [mailto:arieltrajtenberg@quinnemanuel.com]
**Sent:** Wednesday, September 14, 2016 4:38 PM
**To:** Dingman, Michael S.
**Cc:** Bill Margeson; Joy Odom; deBettencourt, Justin D.
**Subject:** RE: Giron De Reyes, et al. v. Waples Mobile Home Park LP, et al.,

Mike,

We write on behalf of Plaintiffs in response to your below email regarding Defendants' objections to Plaintiffs' initial discovery requests.

- Timeframe: We understand that a version of the policy was drafted in November 2006.  However, for purposes of RFP 11, 14, 39, and 53, and ROG 1, which relate to the creation of the policy, we will need documents dating back to the creation of the policy, including all prior versions.  This evidence goes directly to the Defendants' intent in creating the policy, which Judge Ellis has made clear is a central issue in this case.  Accordingly, please let us know the earliest date that any version of the policy was created.  May 2006.

  As for all other requests that do not concern the creation of the policy: (1) as we agreed on the call, Defendants will produce documents relevant to the named Plaintiffs without restriction to a particular timeframe, and (2) we will agree to the January 1, 2010 to present time frame discussed on the call, reserving rights to seek additional documents prior to January 2010 after reviewing Defendants' production.  Agreed

- Paragraph 3 re: Albert J. Dwoskin: You write: "To the extent that there are documents involving Mr. Dwoskin that are responsive to other document *requests for which there are no objections*, we will produce such documents." (emphasis added).  You identify objections to nearly all of our document requests.  Please clarify that you intend to produce all documents sent to, received by, or copying Mr. Dwoskin that are responsive to other requests and not otherwise privileged.  Correct

- Paragraph 7 re: Information about Park Tenants and Occupants: You write:  "Agreed to the extent such lists exist subject to agreement on a time frame for such documents."  If Defendants do not have a list of the names of current and former Park occupants and tenants, please either (1) create the list or (2) produce documents sufficient to ascertain this information. We do not believe that defendants are required to create lists that do not exist, but defendants will produce documents in their possession that have the names of current or prior tenants.

- Paragraph 8 re: Criminal/Credit Records: You write:  "This proposal is not acceptable for the reasons we discussed during our call.  We do not believe that the criminal/credit history of every prospective tenant is relevant or likely to lead to the discovery of admissible evidence."  We are not proposing that you provide us with the "criminal/credit history of every prospective tenant."  What we propose is that you provide in a summary or tabular form information that would allow us to ascertain (1) whether you have run credit and criminal record checks on current and former tenants or occupants, and (2) basic facts regarding the nature of the results

4

you have obtained.  Please let us know if you will produce this information.  To the extent there are documents showing who credit or criminal checks were run on, we will produce them.  Defendants will not provide the nature of the results.

Plaintiffs maintain that their requests are relevant and reserve their rights to follow up on the requests after reviewing Defendants' production.  We are available to discuss if it would be helpful.

Best,
Ariel

**Ariel Wade Trajtenberg**
*Associate,*
**Quinn Emanuel Urquhart & Sullivan, LLP**
202-538-8163 Direct
arieltrajtenberg@quinnemanuel.com

---

**From:** Dingman, Michael S. [mailto:MDingman@ReedSmith.com]
**Sent:** Monday, September 12, 2016 4:42 PM
**To:** Ariel Trajtenberg <arieltrajtenberg@quinnemanuel.com>
**Cc:** Bill Margeson <billmargeson@quinnemanuel.com>; Joy Odom <joyodom@quinnemanuel.com>; deBettencourt, Justin D. <JdeBettencourt@ReedSmith.com>
**Subject:** Giron De Reyes, et al. v. Waples Mobile Home Park LP, et al.,

Ariel,

Please see my responses below in red.  Happy to discuss as needed.


**Mike Dingman**
MDingman@reedsmith.com

Reed Smith LLP
7900 Tysons One Place
Suite 500
McLean, VA 22102
703.641.4323
Fax 703.641.4340

**Please note our new address effective 3-21-16:  7900 Tysons One Place, Suite 500, McLean, VA  22102**

**From:** Ariel Trajtenberg [mailto:arieltrajtenberg@quinnemanuel.com]
**Sent:** Saturday, September 10, 2016 8:42 AM
**To:** Dingman, Michael S.; deBettencourt, Justin D.
**Cc:** Bill Margeson; Joy Odom
**Subject:** Giron De Reyes, et al. v. Waples Mobile Home Park LP, et al., No. 1:16-cv-563 (E.D.Va.)

Good morning, Mike.

We write on behalf of the Plaintiffs to follow up on Thursday's meet and confer concerning Defendants' objections to Plaintiffs' first set of Requests for Production (RFPs) and Interrogatories (ROGs).

5

As an initial matter, you asked if Plaintiffs would consent to an extension of time for Defendants to produce their discovery responses on September 16th rather than September 12th. In the spirit of cooperation, and in hopes that we can reach an agreement on the remaining open questions, we agree.

This email is intended to (1) confirm our understanding of the agreements we reached, (2) propose some solutions to resolve outstanding questions, and (3) identify any open questions. As for any RFP or ROG not discussed below, we understand that Defendants will make a complete production, subject to the issues discussed below, the time limit we establish and any privilege claim. We have added language below regarding some interrogatories and document requests whose issues fit into the topic areas discussed below and added language regarding RFPs 1 and 16.

1. Time Frame: We agreed that Defendants would produce documents relevant to the named Plaintiffs without restriction to a particular time frame. For a large number of the other document requests and interrogatories, you objected to producing documents earlier than January 1, 2010. You agreed to let us know the date on which the Policy, and any prior version of the Policy, was drafted. Please provide this information as soon as possible. After receiving this information from you, we hope to be able to reach an agreement on the time frame applicable to the requests. A prior version of the Policy was drafted in November 2006.

2. Privilege Objections: We agreed that, pursuant to the Joint Discovery Plan, communications with Reed Smith regarding this litigation need not be logged, but otherwise any emails Defendants withhold based on attorney-client privilege and work product protections will be included in a privilege log. Agreed.

3. Albert J. Dwoskin (RFP 3): We understand that Defendants will produce any document involving Mr. Dwoskin as long as it is otherwise responsive (*e.g.*, reflects discussion related to the Policy). While we did not discuss RFP 46 or ROG 25, we believe that our understanding with respect to RFP 3 would apply equally to Defendants' responses to RFP 46 and ROG 25. Please let us know if we are mistaken. To the extent that there are documents involving Mr. Dwoskin that are responsive to other document requests for which there are no objections, we will produce such documents.

4. Corporate Structure (RFP 2, 5-6; ROG 2): We agreed that Defendants would produce organizational charts sufficient to show corporate structure, organization, and leadership. Plaintiffs reserved the right to request further production after reviewing the organizational charts. Agreed.

5. Business Reports (RFP 8): Defendants agreed to produce reports and other documents in response to this Request as long as such documents reflect information about the Policy or information relevant to any component of the Policy (i.e. the use of I-94 forms). Agreed.

6. Scope of Requests for Communications with Tenants and Prospective Tenants (RFPs 21 and 22): Defendants objected to producing "*all* documents and communications," but agreed to search for and produce documents and communications that hit on the terms identified in RFPs 21 and 22. Agreed subject to agreement on a time frame for such searches.

7. Information about Park Tenants and Occupants (RFP 42, 49-50; ROG 4): Based on your representation that Defendants do not keep any database or other record of the race or national origin of any tenant or occupant, we agreed that Defendants will produce a list of the names of all tenants and occupants for whom they have a record. Plaintiffs reserved the right to request further production after reviewing the list. Agreed to the extent such lists exist subject to agreement on a time frame for such documents.

8. <u>Criminal/Credit Records (RFP 51 and 52; ROGs 21 and 22)</u>: You objected to producing all criminal record and credit check reports that Defendants have on file. We understood, however, that you might be amenable to producing a summary of that information. We propose that you, in the table in which you list the names of all former and current tenants and occupants (within the agreed-upon timeframe), include columns reporting whether the former or current tenant or occupant identified (i) has a criminal record (and, if so, include the number of felony and misdemeanor convictions) and (ii) whether Defendants, in processing the application, obtained a credit report for the individual (and, if so, describe whether the credit score registered as (1) Excellent (800+); (2) Very Good (750-799); (3) Good (700-749); (4) Fair (650-699); (5) Poor (600-649); or (6) Very Bad (300-599)) . <span style="color:red">This proposal is not acceptable for the reasons we discussed during our call. We do not believe that the criminal/credit history of every prospective tenant is relevant or likely to lead to the discovery of admissible evidence.</span>

9. <u>Employees (RFP 7; RFP 14)</u>: Defendants object to producing "employee files" in response to RFPs 7 & 14. The parties disagree as to whether employee files are encompassed by any request. <span style="color:red">Defendants also object to the relevance of producing employee files.</span>

10. <u>Business Plans (RFPs 47 and 48; ROG 24)</u>: Defendants object to producing any documents regarding future plans or business projections. Plaintiffs maintain that this information is relevant and should be produced. <span style="color:red">Agreed that the parties dispute whether such documents are discoverable.</span>

11. <span style="color:red"><u>Documents Relied on Relating to Preparation of MTD (RFP 1):</u> Defendants object to producing any documents under this request.</span>

12. <span style="color:red"><u>Communications to Lots Regardless of Plaintiffs (RFP 16):</u> Defendants object to producing communications to a Lot with a different tenant before a Plaintiff lived there.</span>

13. <span style="color:red"><u>Each Instance When a Tenant Was Evicted for Failure to Pay Rent (ROG 23):</u> As discussed on the call, Defendants object to providing a description for every eviction that results from a failure to pay rent.</span>

Please let us know if we have misunderstood your position on any of these items.

Have a nice weekend,
Ariel

**Ariel Wade Trajtenberg**
*Associate,*
**Quinn Emanuel Urquhart & Sullivan, LLP**

777 6th Street, NW, 11th Floor
Washington, D.C. 20001
202-538-8163 Direct
202.538.8000 Main Office Number
202.538.8100 FAX
arieltrajtenberg@quinnemanuel.com
www.quinnemanuel.com

7

**Mike Dingman**

MDingman@reedsmith.com

Reed Smith LLP
7900Tysons One Place
Suite 500
McLean, VA 22102
703.641.4323
Fax 703.641.4340

**Please note our new address effective 3-21-16:  7900 Tysons One Place, Suite 500, McLean, VA  22102**

\* \* \*

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

Disclaimer Version RS.US.201.407.01

<2016-09-16 - Defendants Responses to Plaintiffs_ First Set of Requests for Production.PDF>