# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

ROSY GIRON DE REYES, *et al.*,

              Plaintiffs,

v.                                                            Civil No.:  1:16cv563-TSE-TCB

WAPLES MOBILE HOME PARK
LIMITED PARTNERSHIP, *et al.*,

              Defendants.

## DEFENDANTS' RESPONSE TO REQUESTS FOR PRODUCTION

Defendants Waples Mobile Home Park Limited Partnership, Waples Project Limited Partnership, and A.J. Dwoskin & Associates, Inc. (collectively "Defendants"), by counsel, respond to Plaintiff Rosy Giron de Reyes' ("Plaintiff") Request for Production of Documents, Set One:

## REQUESTS FOR PRODUCTION AND RESPONSES

**REQUEST FOR PRODUCTION NO. 1:**

All documents and things relied on, referred to, or otherwise relating to the preparation and creation of the Motion to Dismiss filed on June 13, 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendants incorporate and rely on their Objections to Request for Production No. 1.


**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to identify your corporate structure, organization, and leadership team, including your relationship with, and ownership interests in, each of the other Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Notwithstanding and without waiving Defendants' Objections and pursuant to the agreement between Parties, Defendants will produce an organizational chart at a time and place mutually convenient to the parties.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to identify Albert J. Dwoskin's relationship to you, and his involvement in directing, controlling, or managing your policies, practices, and operations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendants incorporate and rely on their Objections to Request for Production No. 3.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to identify all persons who have established, supervised, directed, or controlled the policies, practices, or operations at the Park.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Notwithstanding and without waiving Defendants' Objections and pursuant to the agreement between Parties, Defendants identify the individuals listed in their initial Rule 26 disclosures. As to additional documents such as employee files, Defendants incorporate and rely on their Objections to Request for Production No. 4.

**REQUEST FOR PRODUCTION NO. 5:**

All documents created by any of the Defendants concerning the ownership, operation, and management of the Park.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Notwithstanding and without waiving Defendants' Objections and pursuant to the agreement between Parties, Defendants will produce an organizational chart at a time and place mutually convenient to the parties.

**REQUEST FOR PRODUCTION NO. 6:**

All communications between or among you and any of the Defendants concerning the ownership, operation, and management of the Park.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Notwithstanding and without waiving Defendants' Objections and pursuant to the agreement between Parties, Defendants will produce an organizational chart at a time and place mutually convenient to the parties.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to identify all your employees or agents who have worked in any capacity in the management of the policies, practices, or operations at the Park, including specifically the leasing and lease renewal policies and practices, since 2006.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Notwithstanding and without waiving Defendants' Objections and pursuant to the agreement between Parties, Defendants identify the individuals listed in their initial Rule 26 disclosures. As to additional documents such as employee files, Defendants incorporate and rely on their Objections to Request for Production No. 7.

**REQUEST FOR PRODUCTION NO. 8:**

All your annual reports or quarterly reports, whether created for internal purposes, for existing or potential investors, partners, or clients, or otherwise filed with any governmental entity from 2006 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Notwithstanding and without waiving Defendants' Objections and pursuant to the agreement between Parties, Defendants will produce any responsive documents at a time and place mutually convenient to the parties if the documents discuss or relate to the Policy.

**REQUEST FOR PRODUCTION NO. 9:**

All documents relating to the Park's rules, regulations, and operating protocol from 2006 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Notwithstanding and without waiving Defendants' Objections and pursuant to the agreement between Parties, Defendants will produce any responsive documents from January 1, 2010 to the present at a time and place mutually convenient to the parties.

**REQUEST FOR PRODUCTION NO. 10:**

Documents sufficient to identify the number of Lots at, the addresses of each Lot at, and the geographical layout of the Park.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Notwithstanding and without waiving Defendants' Objections and pursuant to the agreement between Parties, Defendants will produce any responsive documents at a time and place mutually convenient to the parties.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and communications relating to and evidencing the Policy, including its creation, development, implementation, alteration, and enforcement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Notwithstanding and without waiving Defendants' Objections and pursuant to the agreement between Parties, Defendants will produce any responsive documents at a time and place mutually convenient to the parties.

**REQUEST FOR PRODUCTION NO. 12:**

All documents and communications relating to and evidencing the lease renewal policies and practices used by the Park before the Policy was enforced beginning on or about May 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Notwithstanding and without waiving Defendants' Objections and pursuant to the agreement between Parties, Defendants will produce any responsive documents at a time and place mutually convenient to the parties.

**REQUEST FOR PRODUCTION NO. 13:**

All documents and communications relating to and evidencing the efforts you have made to track, manage, or ensure a tenant or occupant's past or present compliance with the Policy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Notwithstanding and without waiving Defendants' Objections and pursuant to the agreement between Parties, Defendants will produce any responsive documents at a time and place mutually convenient to the parties.

**REQUEST FOR PRODUCTION NO. 14:**

Documents sufficient to identify all employees or agents responsible for the creation, development, implementation, alteration, and enforcement of the Policy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Notwithstanding and without waiving Defendants' Objections and pursuant to the agreement between Parties, Defendants identify the individuals listed in their initial Rule 26 disclosures. As to additional documents such as employee files, Defendants incorporate and rely on their Objections to Request for Production No. 14.

**REQUEST FOR PRODUCTION NO. 15:**

The complete rental or leasing file and tenant account ledger for each of the Lease Plaintiffs dating back to the beginning of each Lease Plaintiff's tenancy, including documents contained in electronic databases.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Notwithstanding and without waiving Defendants' Objections and pursuant to the agreement between Parties, Defendants will produce any responsive documents at a time and place mutually convenient to the parties.

**REQUEST FOR PRODUCTION NO. 16:**

All communications to the Lots leased by the Lease Plaintiffs, even if not specifically addressed to any particular occupant or tenant, from 2006 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendants incorporate and rely on their Objections to Request for Production No. 16 to the extent the Request seeks communications to the Lots leased by the Lease Plaintiffs before the Lease Plaintiffs lived at each respective Lot.

Notwithstanding and without waiving Defendants' Objections and pursuant to the agreement between Parties, Defendants will produce any responsive communications to each Lot when each Lease Plaintiff occupied the respective Lot at a time and place mutually convenient to the parties.

**REQUEST FOR PRODUCTION NO. 17:**

All documents supporting your allegation that any Lease Plaintiff was, is, or will be in violation of any provisions of the Rental Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Notwithstanding and without waiving Defendants' Objections and pursuant to the agreement between Parties, Defendants will produce any responsive documents at a time and place mutually convenient to the parties.

**REQUEST FOR PRODUCTION NO. 18:**

All documents and communications containing the names of any of the Plaintiffs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Notwithstanding and without waiving Defendants' Objections and pursuant to the agreement between Parties, Defendants will produce any responsive documents at a time and place mutually convenient to the parties.

**REQUEST FOR PRODUCTION NO. 19:**

All documents and communications relating to or evidencing any communications between any Defendant and any Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Notwithstanding and without waiving Defendants' Objections and pursuant to the agreement between Parties, Defendants will produce any responsive documents at a time and place mutually convenient to the parties.

**REQUEST FOR PRODUCTION NO. 20:**

All documents and communications you have had with any other Defendant or third party relating to any Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Notwithstanding and without waiving Defendants' Objections and pursuant to the agreement between Parties, Defendants will produce any responsive documents at a time and place mutually convenient to the parties.

**REQUEST FOR PRODUCTION NO. 21:**

All documents and communications relating to a Park tenant, prospective tenant, or occupant's national origin, including all documents and communications that include the terms "Hispanic," "Latino," or an equivalent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Notwithstanding and without waiving Defendants' Objections and pursuant to the agreement between Parties, Defendants will produce any responsive documents at a time and place mutually convenient to the parties.

**REQUEST FOR PRODUCTION NO. 22:**

All documents and communications relating to a Park tenant or occupant's immigration status, including all documents and communications that include the terms "undocumented immigrant(s)," "unauthorized immigrant(s)," "illegal alien," or "illegal immigrant(s)."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Notwithstanding and without waiving Defendants' Objections and pursuant to the agreement between Parties, Defendants will produce any responsive documents at a time and place mutually convenient to the parties.

**REQUEST FOR PRODUCTION NO. 23:**

All documents and communications reflecting your attempts to verify a Park tenant, prospective tenant, or occupant's citizenship or legal presence.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Notwithstanding and without waiving Defendants' Objections and pursuant to the agreement between Parties, Defendants will produce any responsive documents at a time and place mutually convenient to the parties.

**REQUEST FOR PRODUCTION NO. 24:**

All documents and communications evidencing violations of the Park's rules and regulations or civil or criminal laws by any of the Plaintiffs while living at the Park.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Notwithstanding and without waiving Defendants' Objections and pursuant to the agreement between Parties, Defendants will produce any responsive documents at a time and place mutually convenient to the parties.

**REQUEST FOR PRODUCTION NO. 25:**

All documents and communications evidencing your knowledge or awareness of persons other than the Lease Plaintiffs living with the Lease Plaintiffs in the Park.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Notwithstanding and without waiving Defendants' Objections and pursuant to the agreement between Parties, Defendants will produce any responsive documents at a time and place mutually convenient to the parties.

**REQUEST FOR PRODUCTION NO. 26:**

All documents and communications relating to your policies and practices for conducting criminal background and credit checks for prospective and current tenants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Notwithstanding and without waiving Defendants' Objections and pursuant to the agreement between Parties, Defendants will produce any responsive documents at a time and place mutually convenient to the parties.

**REQUEST FOR PRODUCTION NO. 27:**

All documents and communications relating to your use of Yardi Systems, Inc.'s products or services to conduct criminal background and/or credit checks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Notwithstanding and without waiving Defendants' Objections and pursuant to the agreement between Parties, Defendants will produce any responsive documents at a time and place mutually convenient to the parties.

**REQUEST FOR PRODUCTION NO. 28:**

All documents and communications relating to your consideration of any other third party company's products or services to conduct criminal background and/or credit checks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Notwithstanding and without waiving Defendants' Objections and pursuant to the agreement between Parties, Defendants will produce any responsive documents at a time and place mutually convenient to the parties.

**REQUEST FOR PRODUCTION NO. 29:**

All documents and communications relating to instances where the Park accepted or approved a tenant without requiring a Social Security card or number.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Notwithstanding and without waiving Defendants' Objections and pursuant to the agreement between Parties, Defendants will produce any responsive documents from January 1, 2010 to the present at a time and place mutually convenient to the parties.

**REQUEST FOR PRODUCTION NO. 30:**

All documents and communications relating to instances where the Park accepted or approved a tenant or occupant who provided an ITIN instead of a Social Security card or number.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Notwithstanding and without waiving Defendants' Objections and pursuant to the agreement between Parties, Defendants will produce any responsive documents from January 1, 2010 to the present at a time and place mutually convenient to the parties.


**REQUEST FOR PRODUCTION NO. 31:**

All documents and communications relating to attempts by any Plaintiff to cure any lease violation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Notwithstanding and without waiving Defendants' Objections and pursuant to the agreement between Parties, Defendants will produce any responsive documents at a time and place mutually convenient to the parties.


**REQUEST FOR PRODUCTION NO. 32:**

All documents and communications evidencing your consideration of whether a tenant or occupant could use alternative means (such as rental history), or provide alternative forms of identification (such as an ITIN), to comply with the requirements of the Policy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Notwithstanding and without waiving Defendants' Objections and pursuant to the agreement between Parties, Defendants will produce any responsive documents at a time and place mutually convenient to the parties.

**REQUEST FOR PRODUCTION NO. 33:**

All documents and communications relating to your policies and practices for auditing or inspecting a Park resident's Lot or mobile home.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Notwithstanding and without waiving Defendants' Objections and pursuant to the agreement between Parties, Defendants will produce any responsive documents at a time and place mutually convenient to the parties.

**REQUEST FOR PRODUCTION NO. 34:**

All documents and communications relating to your decision to move tenants with "unauthorized occupants" onto month-to-month leases.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Notwithstanding and without waiving Defendants' Objections and pursuant to the agreement between Parties, Defendants will produce any responsive documents at a time and place mutually convenient to the parties.

**REQUEST FOR PRODUCTION NO. 35:**

All documents and communications relating to your enforcement of the month-to-month leases for the Lease Plaintiffs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Notwithstanding and without waiving Defendants' Objections and pursuant to the agreement between Parties, Defendants will produce any responsive documents at a time and place mutually convenient to the parties.

**REQUEST FOR PRODUCTION NO. 36:**

All documents and communications relating to your decision to impose a Surcharge on, or raise the rent for, any tenant on a month-to-month lease.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Notwithstanding and without waiving Defendants' Objections and pursuant to the agreement between Parties, Defendants will produce any responsive documents at a time and place mutually convenient to the parties.

**REQUEST FOR PRODUCTION NO. 37:**

All documents and communications relating to your decision, announced on or around March 11, 2016, to impose a $300 Surcharge effective as of June 1, 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Notwithstanding and without waiving Defendants' Objections and pursuant to the agreement between Parties, Defendants will produce any responsive documents at a time and place mutually convenient to the parties.

**REQUEST FOR PRODUCTION NO. 38:**

All documents and communications relating to your consideration of the federal Fair Housing Act, the Virginia Fair Housing Act, the VRLTA, and/or the MHLRA in creating, developing, implementing, altering, or enforcing policies and practices at the Park.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Notwithstanding and without waiving Defendants' Objections and pursuant to the agreement between Parties, Defendants will produce any responsive documents at a time and place mutually convenient to the parties.

**REQUEST FOR PRODUCTION NO. 39:**

All documents and communications relating to your consideration of how the creation, development, implementation, alteration, or enforcement of any of the Park's policies and practices—including specifically: (1) the Policy, (2) the decision to move tenants with "unauthorized occupants" onto month-to-month leases, and (3) the decision to impose a $300 Surcharge as of June 1, 2016—would have a disparate impact on any protected class under the federal Fair Housing Act and/or the Virginia Fair Housing Act.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Notwithstanding and without waiving Defendants' Objections and pursuant to the agreement between Parties, Defendants will produce any responsive documents at a time and place mutually convenient to the parties.

**REQUEST FOR PRODUCTION NO. 40:**

All documents and communications relating to your policies, practices, and processes for educating and training your employees and/or agents relating to the requirements of the federal Fair Housing Act, the Virginia Fair Housing Act, the VRLTA, and/or the MHLRA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Notwithstanding and without waiving Defendants' Objections and pursuant to the agreement between Parties, Defendants will produce any responsive documents at a time and place mutually convenient to the parties.

**REQUEST FOR PRODUCTION NO. 41:**

All documents and communications relating to any other litigation or other proceedings between you and any Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Notwithstanding and without waiving Defendants' Objections and pursuant to the agreement between Parties, Defendants will produce any responsive documents at a time and place mutually convenient to the parties.

**REQUEST FOR PRODUCTION NO. 42:**

All documents relating to the demographics of the Park by race, national origin, alienage, or citizenship relating to the time period from January 1, 2006 to the present, including all leases under which tenants resided in the Park during such period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Notwithstanding and without waiving Defendants' Objections and pursuant to the agreement between Parties, Defendants will produce a list of the names of the tenants at the Park from January 1, 2010 to the present.

**REQUEST FOR PRODUCTION NO. 43:**

All documents detailing your document retention and destruction policies, when those policies were first implemented, any changes that have been made to those policies, and how and to what extent you implement and comply with those policies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Notwithstanding and without waiving Defendants' Objections and pursuant to the agreement between Parties, Defendants will produce any responsive documents at a time and place mutually convenient to the parties.

**REQUEST FOR PRODUCTION NO. 44:**

All documents or communications related to your use of products or services provided by Yardi Systems, Inc. ("Yardi"), or any of Yardi's parent or subsidiary companies, to conduct background or credit checks—including specifically: (1) past and present contracts between you and Yardi; (2) system operating manuals or instructions provided to you by Yardi; (3) communications between you and Yardi regarding conducting background or credit checks; (4) and communications between you and Yardi regarding any Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Notwithstanding and without waiving Defendants' Objections and pursuant to the agreement between Parties, Defendants will produce any responsive documents at a time and place mutually convenient to the parties.

**REQUEST FOR PRODUCTION NO. 45:**

All documents or communications related to your use of products or services provided by any individual or company other than Yardi Systems, Inc. ("Yardi"), or any of Yardi's parent or subsidiary companies, to conduct background or credit checks—including specifically: (1) past and present contracts between you and such individuals or companies; (2) system operating manuals or instructions provided to you by such individuals or companies; (3) communications between you and such individuals or companies regarding conducting background or credit checks; (4) and communications between you and such individuals or companies regarding any Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Notwithstanding and without waiving Defendants' Objections and pursuant to the agreement between Parties, Defendants will produce any responsive documents at a time and place mutually convenient to the parties.

**REQUEST FOR PRODUCTION NO. 46:**

All communications between you and any non-party to the above-captioned litigation, including without limitation communications between Albert J. Dwoskin and Jeff Franzen, regarding this litigation, media coverage regarding this litigation, the legality of the Policy, or media coverage regarding the legality of the Policy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Notwithstanding and without waiving Defendants' Objections and pursuant to the agreement between Parties, Defendants will produce any responsive documents at a time and place mutually convenient to the parties.

**REQUEST FOR PRODUCTION NO. 47:**

All documents or communications regarding your future plans, if any, to sell, redevelop, or make major changes to the Park.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Defendants incorporate their response to Interrogatory 24 and Defendants incorporate and rely on their Objections to Request for Production No. 47.

**REQUEST FOR PRODUCTION NO. 48:**

All documents or communications regarding your future revenue or business projections.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Defendants incorporate and rely on their Objections to Request for Production No. 48.

**REQUEST FOR PRODUCTION NO. 49:**

A list of all current leaseholders at the Park, indicating which lot they lease and the type of identification provided to comply with the Policy

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Notwithstanding and without waiving Defendants' Objections and pursuant to the agreement between Parties, Defendants will produce any responsive documents at a time and place mutually convenient to the parties.

**REQUEST FOR PRODUCTION NO. 50:**

A list of all current adult occupants at the Park, indicating at which lot they reside and the type of identification provided to comply with the Policy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Notwithstanding and without waiving Defendants' Objections and pursuant to the agreement between Parties, Defendants will produce any responsive documents at a time and place mutually convenient to the parties.

**REQUEST FOR PRODUCTION NO. 51:**

All criminal background checks run on all current adult occupants at the Park.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Defendants incorporate and rely on their Objections to Request for Production No. 51.

**REQUEST FOR PRODUCTION NO. 52:**

All credit checks run on all current adult occupants at the Park

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Defendants  incorporate and rely on their Objections to Request for Production No. 52.

**REQUEST FOR PRODUCTION NO. 53:**

The current version and all prior versions of the Policy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Notwithstanding and without waiving Defendants' Objections and pursuant to the agreement between Parties, Defendants will produce any responsive documents at a time and place mutually convenient to the parties.

Respectfully submitted,


WAPLES MOBILE HOME PARK LIMITED
PARTNERSHIP, WAPLES PROJECT LIMITED
PARTNERSHIP AND
A. J. DWOSKIN & ASSOCIATES, INC.

_____
Michael S. Dingman (VSB No. 30031)
Justin deBettencourt (VSB No. 83806)
7900 Tysons One Place
Suite 500
McLean, Virginia  22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
mdingman@reedsmith.com
jdebettencourt@reedsmith.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2016, I caused the foregoing to be sent to the

following via email to:

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Ariel Wade Trajtenberg (pro hac vice)
777 Sixth Street NW, 11th Floor
Washington, District of Columbia 20001-3706
Phone: (202) 538-8000
Fax: (202) 538-8100
arieltrajtenberg@quinnemanuel.com


Michael S. Dingman (VSB No. 30031)
Justin deBettencourt (VSB No. 83806)
7900 Tysons One Place
Suite 500
McLean, Virginia  22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
mdingman@reedsmith.com
jdebettencourt@reedsmith.com