# EXHIBIT 7

**quinn emanuel** trial lawyers | washington, dc

1300 I Street NW, Suite 900, Washington, District of Columbia 20005-3314 | TEL (202) 538-8000 FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
**(202) 538-8331**

WRITER'S EMAIL ADDRESS
**ashleyfry@quinnemanuel.com**

July 23, 2019

**VIA ELECTRONIC MAIL**

Justin D. deBettencourt, Esq.
Reed Smith LLP
7900 Tysons One Pl #500
McLean, VA 22102

Re:   *Giron De Reyes et al. v. Waples Mobile Home Park LP et al.*, No. 1:16-cv-563 (E.D. Va.)

Dear Justin,

We write on behalf of Plaintiffs to request that Defendants supplement their discovery responses pursuant to Federal Rule of Civil Procedure 26(e)(1). Specifically, we request that Defendants provide (1) an updated list of all residents of the Waples Mobile Home Park (the "Park"); and (2) updated documents and information regarding Defendants' policy requiring that all individuals who live or intend to live at the Park present proof of legal status in the United States (the "Policy").

Furthermore, in anticipation of the next status conference with the Court, we propose herein a schedule for filing summary judgment briefs. Please confirm whether Defendants agree to include this proposed schedule in a joint letter to the Court.

**I.     Supplemental Document Production**

    A.     List of Residents

On August 3, 2016, Plaintiffs served discovery requests seeking information about the Park's tenants and occupants. (*See, e.g.*, Plaintiffs' Request for Production ("RFP") No. 42 ("All documents relating to the demographics of the Park by race, national origin, alienage, or citizenship relating to the time period from January 1, 2006 to the present, including all leases under which tenants resided in the Park during such period."); Plaintiffs' RFP No. 49 ("A list of all current leaseholders at the Park, including which lot they lease and the type of identification provided to comply with the Policy."); Plaintiffs' RFP No. 50 ("A list of all current adult occupants at the Park, indicating at which lot they reside and the type of identification provided

Justin D. deBettencourt, Esq.
July 23, 2019

to comply with the Policy.").) On September 16, 2016, Defendants agreed to "produce documents in their possession that have the names of current or prior tenants." (9/16/16 Email from M. Dingman to A. Trajtenberg.)

On October 3, 2016, Defendants produced a list of names of individuals that as of that date were, or had recently been, residents of the Park. (WAPLES00001335-1337; *see also* WAPLES00001338-1350.) The list of residents is indisputably relevant to this case, as demonstrated by the Fourth Circuit's decision reversing the grant of summary judgment for Defendants. *Reyes v. Waples Mobile Home Park Ltd. P'ship*, 903 F.3d 415, 422, 433 n.11 (4th Cir. 2018), *cert. denied sub nom.*, 139 S. Ct. 2026 (2019).

Accordingly, by Friday, August 2, 2019, please produce an updated list of all residents of the Park from October 3, 2016 to the present.

  B.  <u>Policy Documents</u>

On August 3, 2016, Plaintiffs also served several RFPs and Interrogatories seeking information regarding the Policy. (*See, e.g.*, Plaintiffs' RFP No. 11 ("All documents and communications relating to and evidencing the Policy, including its creation, development, implementation, alteration, and enforcement."); Plaintiffs' RFP No. 14 ("Documents sufficient to identify all employees or agents responsible for the creation, development, implementation, alteration, and enforcement of the Policy."); Plaintiffs' RFP No. 39 ("All documents and communications relating to your consideration of how the creation, development, implementation, alteration, or enforcement of any of the Park's policies and practices—including specifically: (1) the Policy, (2) the decision to move tenants with 'unauthorized occupants' onto month-to-month leases, and (3) the decision to impose a $300 Surcharge as of June 1, 2016—would have a disparate impact on any protected class under the federal Fair Housing Act and/or the Virginia Fair Housing Act."); Plaintiffs' RFP No. 53 ("The current version and all prior versions of the Policy."); Plaintiffs' Interrogatory No. 1 ("Describe all policies and practices, including the Policy at issue in this Action, used for leasing, or renewing leases to, Lots at the Park since 2006, and, in doing so, identify the persons most knowledgeable regarding such policies and practices and include the reasons for creating, developing, modifying, and enforcing each policy or practice.").)

On August 23, 2016, Defendants served their Rule 26(a) disclosures, which included a list of persons likely to have discoverable information relating to the Policy. Thereafter, Defendants responded to Plaintiffs' Interrogatory No. 1 and produced documents in September and October of 2016, respectively. (*See, e.g.*, 9/21/16 Email from J. deBettencourt to A. Trajtenberg ("As for searching for documents regarding the creation of the policy (RFP 11, 14, 39, and 53, and ROG 1) from May 2006 to the present, we agree to search back to May 2006 on those RFPs and ROG 1 with the exception of RFP 14. We identified individuals responsive to RFP 14 in our initial disclosures. If others are discovered, we will supplement per the Rules.").)

Justin D. deBettencourt, Esq.
July 23, 2019

There is no dispute that the requested discovery remains relevant and discoverable, as Defendants' decision to create the Policy lies at the heart of this case.

By Friday, August 2, 2019, please supplement Defendants' (1) Rule 26(a) disclosures; (2) response to Plaintiffs' Interrogatory No. 1; and (3) document production in response to Plaintiffs' RFP Nos. 11, 14, 39, and 53.

**II.     Case Schedule**

In anticipation of the next status conference with the Court, we propose the following schedule for summary judgment briefing:

| Event | Date |
|---|---|
| Opening Briefs | September 20, 2019 |
| Opposition Briefs | October 11, 2019 |
| Reply Briefs | October 21, 2019 |
| Argument | October 25, 2019 |

Please confirm whether Defendants agree to include this proposed schedule in a joint letter to the Court.

Very truly yours,

Ashley Fry

cc:     Michael S. Dingman, Esq.; Grayson P. Hanes, Esq.; Simon Sandoval-Moshenberg, Esq. (via electronic mail)

3