# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| ROSY GIRON DE REYES; JOSE DAGOBERTO REYES; FELIX ALEXIS BOLANOS; RUTH RIVAS; YOVANA JALDIN SOLIS; ESTEBAN RUBEN MOYA YRAPURA; ROSA ELENA AMAYA; and HERBERT DAVID SARAVIA CRUZ, | |
| *Plaintiffs*, | Civil Action No. 1:16-cv-563 |
| vs. | |
| WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP; WAPLES PROJECT LIMITED PARTNERSHIP; and A.J. DWOSKIN & ASSOCIATES, INC., | |
| *Defendants*. | |

## OBJECTION TO REQUEST FOR PRODUCTION

Defendants Waples Mobile Home Park Limited Partnership, Waples Project Limited Partnership, and A.J. Dwoskin & Associates, Inc. (collectively "Defendants"), by counsel, identify the following objections to Plaintiff Rosy Giron de Reyes' ("Plaintiff") Request for Production of Documents, Set One:

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Defendants incorporate their Objections to the Definitions and Instructions in Plaintiff Rosy Giron de Reyes' ("Plaintiff") First Set of Interrogatories to All Defendants. Further, Defendants object to the definitions and instructions accompanying Plaintiff's Requests to the extent they impose duties upon Defendants beyond those imposed by the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing Objections to Definitions and Instructions, and General Objections, and incorporating all of them in each of the Objections hereafter, Defendants object as follows:

## OBJECTIONS TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All documents and things relied on, referred to, or otherwise relating to the preparation and creation of the Motion to Dismiss filed on June 13, 2016.

### OBJECTION TO REQUEST FOR PRODUCTION NO. 1:

Defendants object to this Request because it seeks documents that are subject to the attorney-client privilege and the work product doctrine.

### REQUEST FOR PRODUCTION NO. 2:

Documents sufficient to identify your corporate structure, organization, and leadership team, including your relationship with, and ownership interests in, each of the other Defendants.

### OBJECTION TO REQUEST FOR PRODUCTION NO. 2:

Defendants object to this Request on the grounds that it is overbroad as it fails to limit the scope of the request to the allegations in the Complaint, is outside the relevant time period alleged in the Complaint and seeks documents that are not relevant to the case and that are not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Request on the grounds that the burden of producing the information sought is disproportional to the needs of the case when weighing the burden and expense against the likely benefit. Further, Defendants object to this Request to the extent it calls for information that is subject to the attorney-client privilege and/or the work product doctrine.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to identify Albert J. Dwoskin's relationship to you, and his involvement in directing, controlling, or managing your policies, practices, and operations.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 3:**

Defendants object to this Request on the grounds that it is overbroad as it fails to limit the scope of the request to the allegations in the Complaint, is outside the relevant time period alleged in the Complaint and seeks documents that are not relevant to the case and that are not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendants object to this Request to the extent it calls for documents that are subject to the attorney-client privilege and/or the work product doctrine.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to identify all persons who have established, supervised, directed, or controlled the policies, practices, or operations at the Park.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 4:**

Defendants object to this Request on the grounds that it is overbroad as it fails to limit the scope of the request to the allegations in the Complaint, and is outside the relevant time period alleged in the Complaint. Defendants also object to this Request on the grounds that the burden of producing the information sought is disproportional to the needs of the case when weighing the burden and expense against the likely benefit.

Defendants object to this Request on the grounds that it is vague and ambiguous in that it fails to define or otherwise explain or define "policies, practices, or operations at the Park." Further, Defendants object to this Request to the extent it calls for information that is subject to the attorney-client privilege and/or the work product doctrine.

**REQUEST FOR PRODUCTION NO. 5:**

All documents created by any of the Defendants concerning the ownership, operation, and management of the Park.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 5:**

Defendants object to this Request on the grounds that it is overbroad as it fails to limit the scope of the request to the allegations in the Complaint, and is outside the relevant time period alleged in the Complaint. Defendants also object to this Request on the grounds that the burden of producing the information sought is disproportional to the needs of the case when weighing the burden and expense against the likely benefit.

Defendants object to this Request on the grounds that it is vague and ambiguous in that it fails to define or otherwise explain or define "operation, and management of the Park." Further, Defendants object to this Request to the extent it calls for information that is subject to the attorney-client privilege and/or the work product doctrine.

**REQUEST FOR PRODUCTION NO. 6:**

All communications between or among you and any of the Defendants concerning the ownership, operation, and management of the Park.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 6:**

See objections to Request for Production No. 5 which are incorporated herein.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to identify all your employees or agents who have worked in any capacity in the management of the policies, practices, or operations at the Park, including specifically the leasing and lease renewal policies and practices, since 2006.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 7:**

Defendants object to this Request on the ground that it is overly broad and unduly burdensome, as it exceeds the relevant scope of the allegations in the Complaint. Defendants object to this Request on the grounds that it is vague and ambiguous in that it fails to define or otherwise explain or define "policies, practices, or operations at the Park." Defendants object to this Request to the extent it calls for the production of documents that are subject to the attorney-client privilege, the work product doctrine, or any other applicable privilege.

**REQUEST FOR PRODUCTION NO. 8:**

All your annual reports or quarterly reports, whether created for internal purposes, for existing or potential investors, partners, or clients, or otherwise filed with any governmental entity from 2006 to the present.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 8:**

Defendants object to this request because it seeks documents that are not relevant to the case and that are not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Request on the grounds that it is overbroad as it fails to limit the scope of the request to the allegations in the Complaint, and is outside the relevant time period alleged in the Complaint. Defendants also object to this Request on the grounds that the burden of producing the information sought is disproportional to the needs of the case when weighing the burden and expense against the likely benefit.

Defendants object to this Request to the extent it calls for the production of documents that are subject to the attorney-client privilege and/or the work product doctrine.

**REQUEST FOR PRODUCTION NO. 9:**

All documents relating to the Park's rules, regulations, and operating protocol from 2006 to the present.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 9:**

Defendants object to this Request on the grounds that it is overbroad as it fails to limit the scope of the request to the allegations in the Complaint, and is outside the relevant time period alleged in the Complaint. Defendants also object to this Request on the grounds that the burden of producing the information sought is disproportional to the needs of the case when weighing the burden and expense against the likely benefit.

Defendants object to this Request to the extent it calls for the production of documents that are subject to the attorney-client privilege and/or the work product doctrine.

**REQUEST FOR PRODUCTION NO. 10:**

Documents sufficient to identify the number of Lots at, the addresses of each Lot at, and the geographical layout of the Park.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 10:**

No objection.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and communications relating to and evidencing the Policy, including its creation, development, implementation, alteration, and enforcement.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 11:**

Specifically, Defendants object to Plaintiffs' definition of "Policy" on the grounds that it characterizes a document which speaks for itself. Defendants object to this Request on the

grounds that it is overbroad as it fails to limit the scope of the request to the allegations in the Complaint, and is outside the relevant time period alleged in the Complaint. Defendants object to this Request to the extent it calls for information that is  subject to the attorney-client privilege, work product doctrine, or subject to any other applicable privilege.

**REQUEST FOR PRODUCTION NO. 12:**

All documents and communications relating to and evidencing the lease renewal policies and practices used by the Park before the Policy was enforced beginning on or about May 2015.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 12:**

Specifically, Defendants object to Plaintiffs' definition of "Policy" on the grounds that it characterizes a document which speaks for itself.  Defendants object to this Request on the grounds that it is overbroad as it fails to limit the scope of the request to the allegations in the Complaint, and is outside the relevant time period alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 13:**

All documents and communications relating to and evidencing the efforts you have made to track, manage, or ensure a tenant or occupant's past or present compliance with the Policy.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 13:**

Specifically, Defendants object to Plaintiffs' definition of "Policy" on the grounds that it characterizes a document which speaks for itself.  Defendants object to this Request on the grounds that it is overbroad as it fails to limit the scope of the request to the allegations in the Complaint, and is outside the relevant time period alleged in the Complaint. Defendants object to this Request to the extent it calls for information that is  subject to the attorney-client privilege, work product doctrine, or subject to any other applicable privilege.

**REQUEST FOR PRODUCTION NO. 14:**

Documents sufficient to identify all employees or agents responsible for the creation, development, implementation, alteration, and enforcement of the Policy.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 14:**

Specifically, Defendants object to Plaintiffs' definition of "Policy" on the grounds that it characterizes a document which speaks for itself. Defendants object to this Request on the grounds that it is overbroad as it fails to limit the scope of the request to the allegations in the Complaint, and is outside the relevant time period alleged in the Complaint. Defendants object to this Request to the extent it calls for information that is subject to the attorney-client privilege, work product doctrine, or subject to any other applicable privilege.

**REQUEST FOR PRODUCTION NO. 15:**

The complete rental or leasing file and tenant account ledger for each of the Lease Plaintiffs dating back to the beginning of each Lease Plaintiff's tenancy, including documents contained in electronic databases.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 15:**

No objection

**REQUEST FOR PRODUCTION NO. 16:**

All communications to the Lots leased by the Lease Plaintiffs, even if not specifically addressed to any particular occupant or tenant, from 2006 to the present.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 16:**

Defendants object to this request because it seeks documents that are not relevant to the case and that are not reasonably calculated to lead to the discovery of admissible evidence.

Defendants also object to this Request on the grounds that it is overbroad as it fails to limit the scope of the request to the allegations of the Complaint or to the relevant time period alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 17:**

All documents supporting your allegation that any Lease Plaintiff was, is, or will be in violation of any provisions of the Rental Agreement.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 17:**

Defendants object to this Request to the extent it calls for information that is subject to the attorney-client privilege, work product doctrine, or subject to any other applicable privilege.

**REQUEST FOR PRODUCTION NO. 18:**

All documents and communications containing the names of any of the Plaintiffs.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 18:**

Defendants object to this request because it is overly broad, unduly burdensome and seeks documents that are not relevant to the case and that are not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this Request to the extent it calls for information that is subject to the attorney-client privilege, work product doctrine, or subject to any other applicable privilege.

**REQUEST FOR PRODUCTION NO. 19:**

All documents and communications relating to or evidencing any communications between any Defendant and any Plaintiff.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 19:**

Defendants object to this Request to the extent it calls for information that is subject to

the attorney-client privilege, work product doctrine, or subject to any other applicable privilege.

## REQUEST FOR PRODUCTION NO. 20:

All documents and communications you have had with any other Defendant or third party relating to any Plaintiff.

## OBJECTION TO REQUEST FOR PRODUCTION NO. 20:

Defendants object to this request because it is overly broad, unduly burdensome and seeks documents that are not relevant to the case and that are not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this Request to the extent it calls for information that is subject to the attorney-client privilege, work product doctrine, or subject to any other applicable privilege.

## REQUEST FOR PRODUCTION NO. 21:

All documents and communications relating to a Park tenant, prospective tenant, or occupant's national origin, including all documents and communications that include the terms "Hispanic," "Latino," or an equivalent.

## OBJECTION TO REQUEST FOR PRODUCTION NO. 21:

Defendants object to this Request on the grounds that it is overbroad as it fails to limit the scope of the request to the relevant time period alleged in the Complaint. Defendants object to this Request on the grounds that it is vague and ambiguous in that it fails to define or otherwise explain or define the term "equivalent." Defendants object to this Request to the extent it calls for information that is subject to the attorney-client privilege, work product doctrine, or subject to any other applicable privilege.

**REQUEST FOR PRODUCTION NO. 22:**

All documents and communications relating to a Park tenant or occupant's immigration status, including all documents and communications that include the terms "undocumented immigrant(s)," "unauthorized immigrant(s)," "illegal alien," or "illegal immigrant(s)."

**OBJECTION TO REQUEST FOR PRODUCTION NO. 22:**

Defendants object to this request because it seeks documents that are not relevant to the case and that are not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this Request to the extent it calls for information that is subject to the attorney-client privilege, work product doctrine, or subject to any other applicable privilege.

**REQUEST FOR PRODUCTION NO. 23:**

All documents and communications reflecting your attempts to verify a Park tenant, prospective tenant, or occupant's citizenship or legal presence.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 23:**

Defendants object to this request because it seeks documents that are not relevant to the case and that are not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this Request on the grounds that it is vague and ambiguous in that it fails to define or otherwise explain or define the term "verify." Defendants further object to Plaintiffs' use of the term "verify," to the extent that it attempts characterizes any action of Defendants. Defendants object to this Request on the grounds that it is overbroad as it fails to limit the scope of the request to the relevant time period alleged in the Complaint. Defendants object to this Request to the extent it calls for information that is subject to the attorney-client privilege, work product doctrine, or subject to any other applicable privilege.

**REQUEST FOR PRODUCTION NO. 24:**

All documents and communications evidencing violations of the Park's rules and regulations or civil or criminal laws by any of the Plaintiffs while living at the Park.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 24:**

Defendants object to this Request to the extent it calls for information that is subject to the attorney-client privilege and/or the work product doctrine.

**REQUEST FOR PRODUCTION NO. 25:**

All documents and communications evidencing your knowledge or awareness of persons other than the Lease Plaintiffs living with the Lease Plaintiffs in the Park.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 25:**

Defendants object to this Request to the extent it calls for information that is subject to the attorney-client privilege and/or the work product doctrine.

**REQUEST FOR PRODUCTION NO. 26:**

All documents and communications relating to your policies and practices for conducting criminal background and credit checks for prospective and current tenants.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 26:**

Defendants object to this Request on the grounds that it is overbroad as it fails to limit the scope of the request to the relevant time period alleged in the Complaint. Defendants object to this Request to the extent it calls for information that is subject to the attorney-client privilege, and/or the work product doctrine.

**REQUEST FOR PRODUCTION NO. 27:**

All documents and communications relating to your use of Yardi Systems, Inc.'s products or services to conduct criminal background and/or credit checks.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 27:**

Defendants object to this Request on the grounds that it is overbroad as it fails to limit the scope of the request to the relevant time period alleged in the Complaint. Defendants object to this Request to the extent it calls for information that is subject to the attorney-client privilege, and/or the work product doctrine.

**REQUEST FOR PRODUCTION NO. 28:**

All documents and communications relating to your consideration of any other third party company's products or services to conduct criminal background and/or credit checks.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 28:**

Defendants object to this Request on the grounds that it is overbroad as it fails to limit the scope of the request to the relevant time period alleged in the Complaint. Defendants object to this Request to the extent it calls for information that is subject to the attorney-client privilege, and/or the work product doctrine.

**REQUEST FOR PRODUCTION NO. 29:**

All documents and communications relating to instances where the Park accepted or approved a tenant without requiring a Social Security card or number.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 29:**

Defendants object to this Request on the grounds that it is overbroad as it fails to limit the scope of the request to the relevant time period alleged in the Complaint. Defendants also object

to this Request on the grounds that the burden of producing the information sought is disproportional to the needs of the case when weighing the burden and expense against the likely benefit.

**REQUEST FOR PRODUCTION NO. 30:**

All documents and communications relating to instances where the Park accepted or approved a tenant or occupant who provided an ITIN instead of a Social Security card or number.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 30:**

Defendants object to this Request on the grounds that it is overbroad as it fails to limit the scope of the request to the relevant time period alleged in the Complaint. Defendants object to this Request to the extent it calls for information that is subject to the attorney-client privilege, and/or the work product doctrine.

**REQUEST FOR PRODUCTION NO. 31:**

All documents and communications relating to attempts by any Plaintiff to cure any lease violation.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 31:**

Defendants object to this Request to the extent it calls for information that is subject to the attorney-client privilege and/or the work product doctrine.

**REQUEST FOR PRODUCTION NO. 32:**

All documents and communications evidencing your consideration of whether a tenant or occupant could use alternative means (such as rental history), or provide alternative forms of identification (such as an ITIN), to comply with the requirements of the Policy.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 32:**

Defendants object to Plaintiffs definition of "Policy" on the grounds that it characterizes a document which speaks for itself. Defendants object to this Request on the grounds that it is overbroad as it fails to limit the scope of the request to the allegations in the Complaint, and is outside the relevant time period alleged in the Complaint. Defendants object to this Request on the grounds that it is overbroad as it fails to limit the scope of the request to the relevant time period alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 33:**

All documents and communications relating to your policies and practices for auditing or inspecting a Park resident's Lot or mobile home.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 33:**

Defendants object to this Request on the grounds that it is overbroad as it fails to limit the scope of the request to the relevant time period alleged in the Complaint. Defendants object to this Request to the extent it calls for information that is subject to the attorney-client privilege and/or the work product doctrine.

**REQUEST FOR PRODUCTION NO. 34:**

All documents and communications relating to your decision to move tenants with "unauthorized occupants" onto month-to-month leases.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 34:**

Defendants object to this Request to the extent it calls for information that is subject to the attorney-client privilege, work product doctrine, or subject to any other applicable privilege.

**REQUEST FOR PRODUCTION NO. 35:**

All documents and communications relating to your enforcement of the month-to-month leases for the Lease Plaintiffs.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 35:**

Defendants object to this Request to the extent it calls for information that is  subject to the attorney-client privilege and/or the work product doctrine.

**REQUEST FOR PRODUCTION NO. 36:**

All documents and communications relating to your decision to impose a Surcharge on, or raise the rent for, any tenant on a month-to-month lease.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 36:**

Defendants object to this Request on the grounds that it seeks documents that are not relevant to the case and that are not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this Request on the grounds that it is overbroad as it fails to limit the scope of the request to the relevant time period alleged in the Complaint.  Defendants object to this Request to the extent it calls for information that is  subject to the attorney-client privilege, work product doctrine, or subject to any other applicable privilege.

**REQUEST FOR PRODUCTION NO. 37:**

All documents and communications relating to your decision, announced on or around March 11, 2016, to impose a $300 Surcharge effective as of June 1, 2016.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 37:**

Defendants object to this Request to the extent it calls for information that is  subject to the attorney-client privilege, work product doctrine, or subject to any other applicable privilege.

**REQUEST FOR PRODUCTION NO. 38:**

All documents and communications relating to your consideration of the federal Fair Housing Act, the Virginia Fair Housing Act, the VRLTA, and/or the MHLRA in creating, developing, implementing, altering, or enforcing policies and practices at the Park.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 38:**

Defendants object to this Request on the grounds that it is vague and ambiguous in that it fails to define or otherwise explain the terms "consideration" and "policies and practices". Defendants object to this Request on the grounds that it is overbroad as it fails to limit the scope of the request to the allegations in the Complaint, is outside the relevant time period alleged in the Complaint and seeks documents that are not relevant to the case and that are not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this Request to the extent it calls for information that is subject to the attorney-client privilege, work product doctrine, or subject to any other applicable privilege.

**REQUEST FOR PRODUCTION NO. 39:**

All documents and communications relating to your consideration of how the creation, development, implementation, alteration, or enforcement of any of the Park's policies and practices—including specifically:   (1) the Policy, (2) the decision to move tenants with "unauthorized occupants" onto month-to-month leases, and (3) the decision to impose a $300 Surcharge as of June 1, 2016—would have a disparate impact on any protected class under the federal Fair Housing Act and/or the Virginia Fair Housing Act.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 39:**

Defendants object to Plaintiffs definition of "Policy" on the grounds that it characterizes

a document which speaks for itself.  Defendants object to this Request on the grounds that it is vague and ambiguous in that it fails to define or otherwise explain the terms "consideration" and "policies and practices".  Defendants object to this Request on the grounds that it is overbroad as it fails to limit the scope of the request to the allegations in the Complaint, is outside the relevant time period alleged in the Complaint and seeks documents that are not relevant to the case and that are not reasonably calculated to lead to the discovery of admissible evidence.  Defendants object to this Request to the extent it calls for information that is  subject to the attorney-client privilege, work product doctrine, or subject to any other applicable privilege.

**REQUEST FOR PRODUCTION NO. 40:**

All documents and communications relating to your policies, practices, and processes for educating and training your employees and/or agents relating to the requirements of the federal Fair Housing Act, the Virginia Fair Housing Act, the VRLTA, and/or the MHLRA.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 40:**

Defendants also object to this Request on the grounds that the burden of producing the information sought is disproportional to the needs of the case when weighing the burden and expense against the likely benefit.  Defendants object to this Request on the grounds that it is overbroad as it fails to limit the scope of the request to the allegations in the Complaint, is outside the relevant time period alleged in the Complaint and seeks documents that are not relevant to the case and that are not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this Request to the extent it calls for information that is  subject to the attorney-client privilege, work product doctrine, or subject to any other applicable privilege.

**REQUEST FOR PRODUCTION NO. 41:**

All documents and communications relating to any other litigation or other proceedings between you and any Plaintiff.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 41:**

Defendants object to this Request on the grounds that it is vague and ambiguous in that it fails to define or otherwise explain the term "proceedings." Defendants object to this Request on the grounds that it is overbroad as it fails to limit the scope of the request to the allegations in the Complaint, is outside the relevant time period alleged in the Complaint and seeks documents that are not relevant to the case and that are not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this Request to the extent it calls for information that is subject to the attorney-client privilege and/or the work product doctrine.

**REQUEST FOR PRODUCTION NO. 42:**

All documents relating to the demographics of the Park by race, national origin, alienage, or citizenship relating to the time period from January 1, 2006 to the present, including all leases under which tenants resided in the Park during such period.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 42:**

Defendants object to this Request on the grounds that the burden of producing the information sought is disproportional to the needs of the case when weighing the burden and expense against the likely benefit. Defendants object to this Request on the grounds that it is overbroad as it fails to limit the scope of the request to the allegations in the Complaint, is outside the relevant time period alleged in the Complaint and seeks documents that are not relevant to the case and that are not reasonably calculated to lead to the discovery of admissible

evidence. Defendants object to this Request to the extent it calls for information that is subject to the attorney-client privilege, work product doctrine, or subject to any other applicable privilege.

## REQUEST FOR PRODUCTION NO. 43:

All documents detailing your document retention and destruction policies, when those policies were first implemented, any changes that have been made to those policies, and how and to what extent you implement and comply with those policies.

## OBJECTION TO REQUEST FOR PRODUCTION NO. 43:

Defendants object to this Request on the grounds that it is overbroad as it fails to limit the scope of the request to the allegations in the Complaint, is outside the relevant time period alleged in the Complaint and seeks documents that are not relevant to the case and that are not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this Request to the extent it calls for information that is subject to the attorney-client privilege and/or the work product doctrine.

## REQUEST FOR PRODUCTION NO. 44:

All documents or communications related to your use of products or services provided by Yardi Systems, Inc. ("Yardi"), or any of Yardi's parent or subsidiary companies, to conduct background or credit checks—including specifically: (1) past and present contracts between you and Yardi; (2) system operating manuals or instructions provided to you by Yardi; (3) communications between you and Yardi regarding conducting background or credit checks; (4) and communications between you and Yardi regarding any Plaintiff.

## OBJECTION TO REQUEST FOR PRODUCTION NO. 44:

Defendants object to this Request on the grounds that it is overbroad as it fails to limit the

- 20 -

scope of the request to the relevant time period alleged in the Complaint. Defendants further object to the Request for "past and present contracts between [Defendants] and Yardi" on the grounds that the term is overbroad in that it fails to limit the scope of the request to the allegations in the Complaint, and is outside the relevant time period alleged in the Complaint. Defendants object to the Request for "system operating manuals or instructions provided to [Defendants] by Yardi" on the grounds that the term is overbroad, in that it fails to limit the scope of the request to the allegations in the Complaint, and is outside the relevant time period alleged in the Complaint. Defendants object to the Request for "communications between [Defendants] and Yardi" on the grounds that the term is overbroad in that it fails to limit the scope of the request to the allegations in the Complaint, and is outside the relevant time period alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 45:**

All documents or communications related to your use of products or services provided by any individual or company other than Yardi Systems, Inc. ("Yardi"), or any of Yardi's parent or subsidiary companies, to conduct background or credit checks—including specifically: (1) past and present contracts between you and such individuals or companies; (2) system operating manuals or instructions provided to you by such individuals or companies; (3) communications between you and such individuals or companies regarding conducting background or credit checks; (4) and communications between you and such individuals or companies regarding any Plaintiff.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 45:**

Defendants object to this Request on the grounds that it is overbroad as it fails to limit the scope of the request to the relevant time period alleged in the Complaint.

Defendants further object to the Request for "past and present contracts between [Defendants]" and "any individual or company other than Yardi" on the grounds that the term is overbroad in that it fails to limit the scope of the request to the allegations in the Complaint, and is outside the relevant time period alleged in the Complaint. Defendants object to the Request for "system operating manuals or instructions provided to [Defendants]" by any individual or company other than Yardi on the grounds that the term is overbroad, in that it fails to limit the scope of the request to the allegations in the Complaint, and is outside the relevant time period alleged in the Complaint. Defendants object to the Request for "communications between [Defendants]" and any individual or company other than Yardi on the grounds that the term is overbroad in that it fails to limit the scope of the request to the allegations in the Complaint, and is outside the relevant time period alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 46:**

All communications between you and any non-party to the above-captioned litigation, including without limitation communications between Albert J. Dwoskin and Jeff Franzen, regarding this litigation, media coverage regarding this litigation, the legality of the Policy, or media coverage regarding the legality of the Policy.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 46:**

Defendants object to this Request on the grounds that it seeks documents that are not relevant to the case and that are not reasonably calculated to lead to the discovery of admissible

evidence. Defendants also object to this Request to the extent it calls for information that is subject to the attorney-client privilege and/or the work product doctrine.

**REQUEST FOR PRODUCTION NO. 47:**

All documents or communications regarding your future plans, if any, to sell, redevelop, or make major changes to the Park.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 47:**

Defendants object to this Request on the grounds that it seeks documents that are not relevant to the case and that are not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Request to the extent it calls for information that is subject to the attorney-client privilege and/or the work product doctrine.

**REQUEST FOR PRODUCTION NO. 48:**

All documents or communications regarding your future revenue or business projections.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 48:**

Defendants object to this Request on the grounds that it seeks documents that are not relevant to the case and that are not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs have not made any allegations which relate to the "future revenue or business projections." Defendants also object to this Request on the grounds that it is vague and ambiguous in that it fails to define or otherwise explain the term "future revenue or business projections." Defendants also object to this Request to the extent it calls for information that is subject to the attorney-client privilege and/or the work product doctrine.

**REQUEST FOR PRODUCTION NO. 49:**

A list of all current leaseholders at the Park, indicating which lot they lease and the type of identification provided to comply with the Policy.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 49:**

Defendants object to this Request on the grounds that it seeks documents that are not relevant to the case and that are not reasonably calculated to lead to the discovery of admissible evidence and is overly broad and unduly burdensome. Defendants object to this Request to the extent it calls for information that is subject to the attorney-client privilege, work product doctrine, or subject to any other applicable privilege.

**REQUEST FOR PRODUCTION NO. 50:**

A list of all current adult occupants at the Park, indicating at which lot they reside and the type of identification provided to comply with the Policy.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 50:**

Defendants object to this Request on the grounds that it seeks documents that are not relevant to the case and that are not reasonably calculated to lead to the discovery of admissible evidence and is overly broad and unduly burdensome. Defendants object to this Request to the extent it calls for information that is subject to the attorney-client privilege, work product doctrine, or subject to any other applicable privilege.

**REQUEST FOR PRODUCTION NO. 51:**

All criminal background checks run on all current adult occupants at the Park.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 51:**

Defendants object to this Request on the grounds that it seeks documents that are not relevant to the case and that are not reasonably calculated to lead to the discovery of admissible evidence and is overly broad and unduly burdensome. Defendants object to this Request to the extent it calls for information that is subject to the attorney-client privilege, work product doctrine, or subject to any other applicable privilege.

**REQUEST FOR PRODUCTION NO. 52:**

All credit checks run on all current adult occupants at the Park

**OBJECTION TO REQUEST FOR PRODUCTION NO. 52:**

Defendants object to this Request on the grounds that it seeks documents that are not relevant to the case and that are not reasonably calculated to lead to the discovery of admissible evidence and is overly broad and unduly burdensome. Defendants object to this Request to the extent it calls for information that is subject to the attorney-client privilege, work product doctrine, or subject to any other applicable privilege.

**REQUEST FOR PRODUCTION NO. 53:**

The current version and all prior versions of the Policy.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 53:**

Defendants object to Plaintiffs definition of "Policy" on the grounds that it characterizes a document which speaks for itself. Defendants object to this Request on the grounds that it is overbroad as it fails to limit the scope of the request to the allegations in the Complaint, and is outside the relevant time period alleged in the Complaint. Defendants object to this Request to

the extent it calls for information that is subject to the attorney-client privilege, and/or the work product doctrine.

Respectfully submitted,

WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP, WAPLES PROJECT LIMITED PARTNERSHIP AND A.J. DWOSKIN & ASSOCIATES, INC.

Michael S. Dingman (VSB No. 30031)
Justin deBettencourt (VSB No. 83806)
7900 Tysons One Place
Suite 500
McLean, Virginia 22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
mdingman@reedsmith.com
jdebettencourt@reedsmith.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2016, I caused the foregoing to be sent to the

following via email and U.S. mail, postage, prepaid:

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Ariel Wade Trajtenberg (pro hac vice)
777 Sixth Street NW, 11th Floor
Washington, District of Columbia 20001-3706
Phone: (202) 538-8000
Fax: (202) 538-8100
arieltrajtenberg@quinnemanuel.com


Michael S. Dingman (VSB No. 30031)
Justin deBettencourt (VSB No. 83806)
7900 Tysons One Place
Suite 500
McLean, Virginia  22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
mdingman@reedsmith.com
jdebettencourt@reedsmith.com