# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

| | |
|---|---|
| ROSY GIRON DE REYES; JOSE DAGOBERTO REYES; FELIX ALEXIS BOLANOS; RUTH RIVAS; YOVANA JALDIN SOLIS; ESTEBAN RUBEN MOYA YRAPURA; ROSA ELENA AMAYA; and HERBERT DAVID SARAVIA CRUZ, <br><br> *Plaintiffs*, <br><br> vs. <br><br> WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP; WAPLES PROJECT LIMITED PARTNERSHIP; and A.J. DWOSKIN & ASSOCIATES, INC., <br><br> *Defendants*. | Civil Action No. 1:16cv00563-TSE-TCB |

## REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL SUPPLEMENTAL DISCOVERY

## TABLE OF CONTENTS

**Page**

ARGUMENT ..................................................................................................................................1

I. DEFENDANTS IGNORE THE RELEVANCE OF THE REQUESTED DISCOVERY TO PLAINTIFFS' CLAIM FOR INJUNCTIVE RELIEF ..........................1

II. DEFENDANTS' BURDEN ARGUMENTS SHOULD BE REJECTED ..........................4

III. DEFENDANTS MISCHARACTERIZE THIS CASE'S PROCEDURAL HISTORY .................................................................................................................5

CONCLUSION ...............................................................................................................................6

Plaintiffs, by and through their attorneys, respectfully submit this Reply Memorandum in Support of Plaintiffs' Motion to Compel Supplemental Discovery (Dkt. 236). As discussed in their opening brief (Dkt. 237), Plaintiffs request an Order compelling Defendants to comply with Rule 26(e) by producing (1) an updated list of all residents of the Park; and (2) updated documents and information regarding Defendants' Policy. Defendants' opposition brief (Dkt. 239 ("Opp.")), mischaracterizes Plaintiffs' positions, the applicable legal authorities, and the procedural history of this case. In particular, Defendants barely mention the fact that Plaintiffs sued Defendants to enjoin Defendants' enforcement of their discriminatory Policy. In order to fairly try Plaintiffs' claim for such *prospective* relief, and to appropriately fashion such relief, respectively, Plaintiffs and this Court must know the details of the Policy and the Park as they exist today—not as they existed three years ago. In addition, Defendants overstate the implications of Plaintiffs' requests, and their newfound burden objection is disingenuous. Moreover, Defendants misrepresent the procedural history of this case and Plaintiffs' positions on further summary judgment briefing and expert discovery. In sum, Defendants failed to meet their burden to show why the requested discovery should not be produced.

For the foregoing reasons, and for the reasons set forth in Plaintiffs' opening brief, Plaintiffs respectfully request that the Court grant Plaintiffs' motion.

## ARGUMENT

### I. DEFENDANTS IGNORE THE RELEVANCE OF THE REQUESTED DISCOVERY TO PLAINTIFFS' CLAIM FOR INJUNCTIVE RELIEF

Defendants have not met their burden of establishing that the requested discovery is irrelevant to Plaintiffs' claims. Defendants' opposition brief seeks to cast Plaintiffs' FHA claims as frozen in time in 2016. As explained in Plaintiffs' opening brief, however, Plaintiffs seek an Order compelling Defendants to produce certain documents and information highly relevant to

their claim for *prospective* injunctive relief. Plaintiffs do not seek any "new" documents, but instead have asked for updated versions of the *same* documents that Defendants already produced and that they already agreed were relevant and discoverable. Defendants attempt to dismiss Plaintiffs' relevance arguments by asserting that "Defendants' Policy is still in place and being enforced." (Opp. at 13.) Plaintiffs should not have to rely on Defendants' outside counsel's say-so in an opposition to a discovery motion to prove Plaintiffs' FHA claim at trial.[1] In addition, the details of the current Policy are crucial to enable the Court to craft the appropriate equitable relief should Plaintiffs prevail on their FHA claim. In deciding to grant discovery following a remand, this Court in *eBay* emphasized the importance of knowing the current state of affairs in deciding whether and how to grant an injunction. In particular, the Court explained that the "current facts are so vital to the court's decision when such form of relief is sought as the court is not only charged with determining the equitable relief appropriate on the date of the court's order, but is also expected to fashion relief that appears appropriate for extension into the future," and that "such task can hardly be faithfully completed in reliance on a record that is nearly three and half years old and established prior to a significant factual development." *MercExchange, L.L.C. v. eBay, Inc.*, 467 F. Supp. 2d 608, 611 (E.D. Va. 2006) (emphasis added). Similarly, here, current facts regarding the population of the Park and details of Defendants' policy are vital to this Court's decision with respect to Plaintiffs' claim for injunctive relief.

Apparently recognizing the weaknesses in their relevance arguments, Defendants attempt to frame Plaintiffs' motion to compel supplementation under Rule 26(e) as a veiled motion to "reopen" discovery. (Opp. at 1-2, 10-11.) To be clear, Plaintiffs have *not* filed a motion to

---

[1] If it is true that the Policy has not changed in any way since 2016, it is unclear why Defendants chose to file a 15-page opposition brief setting forth various arguments as to why they should not be compelled to comply with Rule 26(e).

2

"reopen" discovery or to amend their Complaint to add new claims or theories. Plaintiffs narrowly seek only updated discovery that falls within the scope of their original requests; again, Plaintiffs do *not* seek any "new" documents. Thus, Defendants' cited cases on pages 9 and 10 of their opposition brief—none of which concern a limited, post-appellate remand request for supplementation pursuant to Rule 26(e)—are inapposite.[2]

In addition, Defendants misinterpret the scope of Rule 26(e)'s requirements. As an initial matter, Defendants do not dispute that their duty to supplement under Rule 26(e) continues past the deadline for fact discovery. Relying solely on language in the 2007 advisory committee notes to Rule 26(e), Defendants attempt to avoid this duty by arguing that it only applies to documents that were "created and available" when the "original discovery request is issued." (Opp. at 2, 9.) District Courts presented with this same strained argument have repeatedly and soundly rejected it. *See Robbins & Myers, Inc. v. J.M. Huber Corp.*, 274 F.R.D. 63, 74-75 (W.D.N.Y. 2011) (rejecting as "incorrect" plaintiff's argument that the scope of Rule 26(e)'s duty to supplement does not apply to "later created documents," and noting that Rule 26(e) was amended in 2007 "to effect stylistic, but not substantive changes"); *see also Spears v. First Am. Eappraiseit*, No. 08-868, 2014 WL 11369808, at *2 (N.D. Cal. June 17, 2014); *Switch Commc'ns Grp. v. Ballard*, 11-

---

[2] *See Telecomm. Sys., Inc. v. Mobile 365, Inc.*, No. 06-485, 2009 WL 5943235, at *17-18 (E.D. Va. Mar. 31, 2009) (denying post-trial "motion to reopen discovery" that sought production of documents not within scope of original discovery requests to support new legal theory); *Hately v. Terrenzano*, No. 16-1143, 2017 WL 1428712, at *4 (E.D. Va. Apr. 20, 2017) (denying motion to amend complaint after discovery was completed to add new claims); *Lee v. Wal-Mart Stores, Inc.*, No. 10-367, 2011 WL 796784, at *1 (E.D. Va. Mar. 1, 2011) (denying *pro se* plaintiff's belated "motion to produce documents and tangible things" where plaintiff neglected to respond to earlier discovery requests and "demonstrated bad faith due to his disregard of th[e] Court's prior discovery Order" compelling discovery); *Jackson v. United Airlines, Inc.*, No. 08-182, 2009 WL 1706681, at *5 (E.D. Va. June 17, 2009) (taking under advisement motion *in limine* to preclude reliance on testimony of treating physician where moving party failed to pursue discovery relating to physician's opinions in a timely manner).

285, 2012 WL 2342929, at *6-7 (D. Nev. June 19, 2012); 6–26 MOORE'S FEDERAL PRACTICE— CIVIL § 26.131 (3d ed. 2010) ("The 2007 restyling amendment to Rule 26 recognizes the duty to supplement or correct a disclosure or response with information *that is thereafter acquired*, as well as information that was not originally provided even though it was available at the time of the prior disclosure." (emphasis added)). Thus, Defendants' duty to supplement under Rule 26(e) includes information or documents that were created *after* the Defendants' initial discovery responses.[3]

Accordingly, Defendants' arguments that the requested discovery is irrelevant lack merit and should be rejected.

## II.  DEFENDANTS' BURDEN ARGUMENTS SHOULD BE REJECTED

In addition to raising meritless relevancy arguments, Defendants also rely on the purported cost and burden of supplementing their productions and disclosures. Defendants' burden arguments should be rejected.

Prior to their filing their opposition brief, including during the parties' meet and confer on August 8, 2019, Defendants did not raise any burden objection. Now, Defendants complain that granting Plaintiffs' request "would have the significant ramification of completely re-opening discovery" and would impose "immense costs and burdens to Defendants." (Opp. at 3, 8.) Defendants' characterization of the effect of Plaintiffs' request is overblown, and their newfound burden objection is disingenuous. Plaintiffs' requests for supplementation are modest in scope and narrowly-tailored. As discussed above, Plaintiffs seek supplementation of merely two categories of documents and information highly relevant to the claimed injunctive relief. Indeed, one of those two categories consists of a *single* document—a list of Park tenants. Plaintiffs have

---

[3] Notably, Defendants do not contest in their opposition brief that neither Plaintiffs' original requests nor Defendants' responses thereto set a date cut-off for discovery that the parties set a date cut-off for discovery.

4

not propounded any new discovery requests and, contrary to Defendants' assertion, do not seek a re-do of fact discovery. Moreover, Defendants do not dispute that the requested discovery falls squarely within the scope of Plaintiffs' original requests.

Accordingly, Defendants' burden objection completely lacks merit and should be rejected.

### III. DEFENDANTS MISCHARACTERIZE THIS CASE'S PROCEDURAL HISTORY

Rather than present meritorious arguments as to the relevance of Plaintiffs' requests, Defendants instead seek to mischaracterize the procedural history of this case in an effort to meet their burden. The Court should reject their attempts to do so.

For instance, Defendants contend that the Court should deny Plaintiffs' motion on the ground that Plaintiffs did not seek supplementation in their summary judgment briefs or while this case was on appeal. (*See* Opp. at 1-2.) Defendants' argument is wholly without merit. When the parties filed their motions for summary judgment in late 2016, the documents that were produced and relied on by the parties were, at that time, current. Thus, there would have been no reason to request more up-to-date documents. Moreover, in granting Defendants' summary judgment motion, the District Court dismissed with prejudice Plaintiffs' FHA claim (Dkt. 191), and therefore lacked jurisdiction over that claim from that point forward. Requesting supplementation while the case was on appeal before the Fourth Circuit would similarly make no sense, as the Circuit relies on the record as it existed at the time of summary judgment. This is not a situation in which Plaintiffs served belated discovery requests or else seek a second bite of the apple. Rather, promptly after the matter returned to this Court following appeals up to the United States Supreme Court, Plaintiffs requested that Defendants provide very limited supplemental discovery in light of the nearly three-year gap during which time requesting supplementation was either unnecessary or not an option at all.

5

In addition, Defendants contend that the Court should deny Plaintiffs' motion on the ground that Plaintiffs seek supplementation to enable a new round of expert discovery. (Opp. at 3.) Contrary to Defendants' assertion, Plaintiffs have never taken the position, in writing or in meet-and-confer discussions, that Plaintiffs seek or expect that the parties' experts will submit new expert reports or sit for additional depositions following supplementation of the requested discovery.

Defendants further contend that Plaintiffs' motion is inconsistent with Plaintiffs' proposal from this July to submit a proposed schedule for summary judgment briefing this Fall. (Opp. at 3, 7.) Not so. Again, the requested discovery is limited in scope and should be easily and quickly obtained and produced. Indeed, Defendants already produced earlier versions of these same documents (along with documents responsive to other requests for which Plaintiffs do not seek supplementation) within a couple of months of Plaintiffs' initial requests. As discussed above, Plaintiffs promptly requested supplementation from Defendants after the Supreme Court denied Defendants' petition for writ of certiorari, and promptly proposed to Defendants a balanced and fair schedule that would allow Defendants sufficient time to supplement their productions *and* ensure that this case proceeds quickly toward a final resolution.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in Plaintiffs' opening brief, Plaintiffs respectfully request that the Court grant their Motion to Compel Supplemental Discovery.

DATED this 15th day of August, 2019     Respectfully submitted,

/s/ *Simon Sandoval-Moshenberg*
LEGAL AID JUSTICE CENTER
Simon Sandoval-Moshenberg, VSB #77110
Nady Peralta, VSB #91630

6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Phone: (703) 778-3450
Fax: (703) 778-3454
nady@justice4all.org
simon@justice4all.org

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Kaiyeu Kevin Chu, VSB #85746
Matthew Traumpan (*pro hac vice*)
Ashley Fry (*pro hac vice*)
Gianna Puccinelli (*pro hac vice*)

1300 I Street NW, Suite 900
Washington, District of Columbia 20005
Phone: (202) 538-8000
Fax: (202) 538-8100
kevinchu@quinnemanuel.com
matthewtraupman@quinnemanuel.com
ashleyfry@quinnemanuel.com
giannapuccinelli@quinnemanuel.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of August, 2019, I filed the foregoing Reply Memorandum in Support of Plaintiffs' Motion to Compel Supplemental Discovery electronically with the Clerk of the Court using the ECF system, and caused to be served by electronic mail a copy of the foregoing document upon the following parties:

Grayson P. Hanes, VSB #06614
Michael S. Dingman, VSB #30031
Justin deBettencourt, VSB #83806
REED SMITH LLP
7900 Tysons One Place, Suite 500
McLean, Virginia 22102
Phone: (703) 641-4200
Fax: (703) 641-4340
ghanes@reedsmith.com
mdingman@reedsmith.com
jdbettencourt@reedsmith.com

*Counsel for Defendants*

/s/ *Simon Sandoval-Moshenberg*
LEGAL AID JUSTICE CENTER
Simon Sandoval-Moshenberg, VSB #77110

6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Phone: (703) 778-3450
Fax: (703) 778-3454
nady@justice4all.org

*Counsel for Plaintiffs*

8