UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ROSY GIRON DE REYES, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 1:16-cv-563 (TSE/TCB) |
| | ) |
| WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# **ORDER**

THIS MATTER comes before the Court on Plaintiffs' Motion to Compel Supplemental Discovery (Dkt. 236). Plaintiffs' motion seeks a Court order compelling Defendants to provide (1) an updated list of all residents of the Park[1] and (2) updated documents and information regarding the Policy. Defendants oppose such a request, arguing, in part, that the sought after discovery is irrelevant. (Dkt. 239 at 12-14.) The Court agrees with Defendant.

Discovery in this case closed on December 9, 2016. (Dkt. 35.) On April 18, 2017, the District Judge ruled on the cross-motions for summary judgment, denying Plaintiff's Cross-Motion for Summary Judgment in its entirety and dismissing, along with two other counts, Count I (Violation of the FHA) of Plaintiffs' Complaint. (Dkts. 190-91.) On June 13, 2017, Plaintiffs filed a notice of appeal, (Dkt. 198), only appealing this Court's dismissal of Plaintiffs' FHA disparate impact claim in Count I (Dkt. 239 at 6). On September 12, 2018, the Fourth Circuit vacated the Court's decision and remanded the case "to allow the district court to consider the cross-motions

---

1. All capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in Plaintiffs' Memorandum in Support of Plaintiffs' Motion to Compel Supplemental Discovery (Dkt. 237).

for summary judgment under Plaintiffs' disparate-impact theory of liability." *Reyes v. Waples Mobile Home Park Ltd. P'ship*, 903 F.3d 415, 433 (4th Cir. 2018) (footnote omitted).

The Fourth Circuit's opinion and mandate neither required nor prohibited additional discovery. Therefore, the "decision as to whether to 'reopen the record' on remand lies squarely within this court's discretion." *Mercexchange, LLC v. eBay, Inc.*, 467 F. Supp. 2d 608, 611 (E.D. Va. 2006) (citing *United States v. Com. of Va.*, 88 F.R.D. 656, 662 (E.D. Va. 1980)). When deciding whether to allow post-appeal and remand discovery, courts utilize a number of factors, including "the relevance and importance of the information sought through the discovery" and "whether the discovery relates to ongoing events relevant to the claims." *Carnell Constr. Corp. v. Danville Redevelopment & Hous. Auth.*, Civil Action No. 4:10-cv-00007, 2015 WL 2451223, at *2 (W.D. Va. May 22, 2015) (citation omitted).

Here, Plaintiffs contend that Defendants' duty under Federal Rule of Civil Procedure 26(e) requires them to supplement their discovery responses. (Dkt. 237 at 4-7.) However, the Court believes Defendants have the better argument. As held by the district court in *Thompson*, "Rule 26(e) does not require continual review of all information in a party's possession and constant supplementation of discovery up until the moment the court enters a final judgment in the action;" instead "post-discovery supplementation" is only required "under particular circumstances, such as when use of the previously-undisclosed discovery unfairly disadvantages or surprises the opposing party." *Thompson v. Ret. Plan for Emps. of S.C. Johnson & Sons, Inc.*, No. 07-CV-1047, 2010 WL 2735694, at *1 (E.D. Wis. July 12, 2010); *see also Pharmacy, Inc. v. Am. Pharm. Partners, Inc.*, No. CV 05-776 (DRH)(AKT), 2008 WL 4415263, at *3 (E.D.N.Y. Sept. 24, 2008) ("[A] party is under no duty to produce documents which did not exist prior to the close of discovery."); *cf. Iweala v. Operational Techs. Servs., Inc.*, Civil Action No. 04-02067 (RWR),

2010 WL 11583114, at *2-3 (D.D.C. Apr. 13, 2010) (finding passage of time will not automatically make discovery responses "incomplete" for purposes of Rule 26(e)). Therefore, given the sought after information's lack of relevance (addressed below), the Court finds that Defendants do not have a duty under Rule 26(e) to supplement their discovery responses at this time.[2]

Plaintiffs posit that the requested information is "indisputably" relevant to the instant action. (Dkt. 237 at 6, 8.) The court disagrees. The outcome of the cross-motions for summary judgment will rise and fall with the evidence already produced in discovery. Moreover, nothing in the Fourth Circuit's decision gives any indication that additional evidence is required before the Court can adequately reconsider those motions. The only true claim of relevance offered by Plaintiffs is the need to bolster their claim for injunctive relief. (*Id.* at 7-8.) Although "prospective equitable relief, such as an injunction" requires a court to "consider the facts as they exist at the time of remand and not as they existed several years in the past," *eBay,* 467 F. Supp. 2d at 611 (citing *Lyons Partnership, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 799 (4th Cir. 2001)), it does not mean Plaintiffs are automatically entitled to such discovery. Instead, the Court believes discovery for equitable relief purposes is better reserved until the Court determines that a FHA violation has in fact occurred. (Dkt. 239 at 13 n.1.) Should Plaintiffs ultimately prevail on Count I, the Court may again entertain a discovery motion for purposes of deciding whether to award equitable relief.

Because the Court finds the requested supplemental discovery to be irrelevant at this time, it sees no need to require Defendants to provide updated information. Accordingly, it is hereby

---

2. Moreover, Rule 26(e) only requires a party to supplement or correct its disclosure or response "if the party learns that in some *material respect* the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A) (emphasis added). Therefore, Defendants need not supplement their response regarding the Policy if it is still in place and being enforced. (Dkt. 239 at 13.)

3

ORDERED that Plaintiffs' Motion to Compel Supplemental Discovery (Dkt. 236) is DENIED.

ENTERED this 16th day of August, 2019.

/s/
THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia