UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ROSY GIRON DE REYES, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 1:16-cv-563 (TSE/TCB) |
| WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP, et al., | ) |
| Defendants. | ) |

## ORDER

THIS MATTER is before the Court on Defendants' Motion to Seal (the "Motion") (Dkt. 251). The parties in this matter previously agreed to a Stipulated Protective Order (Dkt. 45). Pursuant to that Order, Plaintiffs had designated their Responses to Defendants' Interrogatories as confidential. (Dkt. 253 at 1-2.) Defendants referred to the substance of one of those confidential Interrogatory Responses in their memorandum supporting their Motion for Summary Judgment filed on September 27, 2019 (Dkt. 248). Defendants later filed a redacted version of the document (Dkt. 250) and the instant Motion to Seal, along with the required Notice (Dkt. 252) and Memorandum in Support (Dkt. 253). Thereafter, Plaintiffs filed a Memorandum in Support of Defendants' Motion to Seal (Dkt. 254).

A district court may seal court filings if it (1) "provide[s] public notice of the request to seal and allow[s] interested parties a reasonable opportunity to object, (2) consider[s] less drastic alternatives to sealing the documents, and (3) provide[s] specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives. *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). Upon consideration of the parties' filings, the

1

Court makes the following findings.

First, the public has received notice of the request to seal and has had reasonable opportunity to object. Defendants publicly docketed their motion on October 1, 2019, in accordance with Local Civil Rule 5(C), and Plaintiffs filed their Memorandum in Support on October 10, 2019. More than seven (7) days have elapsed since Defendants filed their motion and notice. Therefore, Defendants satisfy the first requirement under *Ashcraft*.

Second, the Court finds that limited redactions are proper in this case, and a less drastic measure than entirely sealing the document. Here, Defendants filed a redacted version of the memorandum in support. (Dkt. 250). The redactions cover three sentences. (*See id.* at 8, 34.) These selective and narrow redactions constitute the least drastic measure to shield the information. *See, e.g.*, *Adams v. Object Innovation, Inc.*, No. 3:11cv272-REP-DWD, 2011 WL 7042224, at *4 (E.D. Va. Dec. 5, 2011) ("[The] proposal to redact only the . . . confidential information, rather than seal the entirety of [the document], constitutes the least drastic method of shielding the information at issue."), *report and recommendation adopted*, 2012 WL 135428 (E.D. Va. Jan. 17, 2012). Plaintiffs also condoned Defendants' redactions in its Memorandum in Support. (*See* Dkt. 254.) Accordingly, these redactions are sufficient to protect Plaintiffs' privacy while reasonably accommodating the public's right of access.

Third, there are adequate reasons to support the limited redactions because the Interrogatory Responses include sensitive information regarding one Plaintiff's immigration history. The Court finds that this information is sensitive enough that its public disclosure could harm that Plaintiff. Upon consideration of these factors, it is hereby

**ORDERED** that the Motion is GRANTED. Docket No. 248 shall be permanently sealed.

**ENTERED** this 16th day of October, 2019.

2

10/16/19

Alexandria, Virginia

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE