UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ROSY GIRON DE REYES; JOSE DAGOBERTO REYES; FELIX ALEXIS BOLANOS; RUTH RIVAS; YOVANA JALDIN SOLIS; ESTEBAN RUBEN MOYA YRAPURA; ROSA ELENA AMAYA; and HERBERT DAVID SARAVIA CRUZ,<br><br>*Plaintiffs*,<br><br>vs.<br><br>WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP; WAPLES PROJECT LIMITED PARTNERSHIP; and A.J. DWOSKIN & ASSOCIATES, INC.,<br><br>*Defendants*. | Civil Action No. 1:16cv00563-TSE-TCB |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION
TO FILE DOCUMENTS UNDER SEAL**

This matter comes before the Court under Local Civil Rule 5 and on the Motion of Plaintiffs Rosy Giron De Reyes, Jose Dagoberto Reyes, Felix Alexis Bolanos, Ruth Rivas, Yovana Jaldin Solis, Esteban Ruben Moya Yrapura, Rosa Elena Amaya, and Herbert David Saravia Cruz ("Plaintiffs") to file under seal Exhibits 1 and 3 to Plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment (the "Opposition Brief"), as well as portions of Plaintiffs' Opposition Brief which reference the parties' prior settlement agreement and quote sealed exhibits that are already part of the record.  Before this Court may seal documents, it must: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for

rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000) (internal citations omitted).

In compliance with Local Rule 5 and *Ashcraft*, the Court has provided public notice of this motion by posting an appropriate Notice on the public docket board:

"This document serves as notice to the public that Plaintiffs, by counsel, have moved the Court to seal from public disclosure Exhibits 1-3 to Plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment (the "Opposition Brief"), as well as portions of Plaintiffs' Opposition Brief which quote sealed exhibits that are already part of the record. A brief description of the content of the documents Plaintiffs request to file under seal is as follows:

- Ex. 1: Plaintiff Rosa Elena Amaya's confidential responses to Defendants' interrogatories.
- Ex. 3: Confidential excerpts from the deposition transcript of Defendants' designated 30(b)(6) deponent.[1]

The Opposition Brief also either quotes from or references the following confidential documents:

- Dkt. No. 138, Ex. 21: Confidential excerpts from the deposition transcript of Defendants' designated 30(b)(6) deponent.
- Dkt. No. 138, Ex. 27: Confidential excerpts from the deposition transcript of Carolina Easton.
- Dkt. No. 138, Ex. 43: Confidential Consumer Reports and CoreLogic SafeRent Training Manual.

---

[1] Although Defendants did not mark their deposition transcripts as confidential, Plaintiffs file these transcripts under seal out of an abundance of caution.

- Confidential settlement agreement.

Based upon Plaintiffs' filings, the Court **FINDS** that less drastic alternatives to sealing the Proposed Sealed Documents are not feasible. Accordingly, the Court **ORDERS** that the Proposed Sealed Document shall be maintained under seal by the Clerk, until otherwise directed. The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

**IT IS SO ORDERED**.

Dated:_____

_____
The Honorable T.S. Ellis, III
United States District Court for the
Eastern District of Virginia