**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| ROSY GIRON DE REYES; JOSE DAGOBERTO REYES; FELIX ALEXIS BOLANOS; RUTH RIVAS; YOVANA JALDIN SOLIS; ESTEBAN RUBEN MOYA YRAPURA; ROSA ELENA AMAYA; and HERBERT DAVID SARAVIA CRUZ, <br><br> *Plaintiffs*, <br><br> vs. <br><br> WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP; WAPLES PROJECT LIMITED PARTNERSHIP; and A.J. DWOSKIN & ASSOCIATES, INC., <br><br> *Defendants*. | Civil Action No. 1:16-cv-563 (TSE/TCB) |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO SEAL**

Pursuant to Local Civil Rule 5, Plaintiffs Rosy Giron De Reyes, Jose Dagoberto Reyes, Felix Alexis Bolanos, Ruth Rivas, Yovana Jaldin Solis, Esteban Ruben Moya Yrapura, Rosa Elena Amaya, and Herbert David Saravia Cruz ("Plaintiffs") submit this memorandum in support of their Motion to File Documents under Seal. The documents that Plaintiffs request permission to file under seal are Exhibits 1 and 3 to Plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment (the "Opposition Brief"), as well as portions of Plaintiffs' Opposition Brief which reference the parties' prior settlement agreement and quote sealed exhibits that are already part of the record.

*First*, this case implicates sensitive, private information pertaining to one Plaintiff's immigration history. Exhibit 1 contains information from a document that is subject to the

1

Stipulated Protective Order in this case (Dkt. 45). The information in question comes from one Plaintiff's responses to interrogatories, which are non-public materials. As numerous courts have recognized, such sensitive and private information about an immigrant's immigration history should be sealed from the public docket.

*Second,* the Opposition Brief quotes from documents Plaintiffs and Defendants designated confidential pursuant to the Protective Order and previously filed under seal. *See,* Dkt. No. 146 (Dec. 29, 2019 order granting Plaintiffs' motion to file exhibits to cross-motion for summary judgment (Dkt. No. 138) under seal).

*Third,* Plaintiffs seek to seal a reference to the parties' prior settlement agreement, which courts in this District have recognized consist of confidential information meriting protection.

## ARGUMENT[1]

With respect to the sealing of documents that would otherwise be placed onto the public record, the Fourth Circuit has held as follows:

> [B]efore a district court may seal any court documents . . . it must (1) provide public parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and rejecting the alternatives.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). As argued by Defendants, all of these requirements have been met here. *See* Dkt. 253. Here, the redactions to Defendants' summary judgment memorandum are minimal and narrowly tailored to protect only what is necessary.

Additionally, courts in this District have repeatedly recognized that nonpublic materials concerning immigration proceedings are sufficiently private to warrant sealing, *see, e.g.*, *Cabrera-Diaz v. Hott*, E.D. Va., Civ. No. 1:17-cv-1405, Dkt. #19; *Flores-Romero v. Hott*, E.D. Va., Civ.

---

[1] To the extent that Plaintiffs seek to seal quotations of documents that the Court has already ruled should be sealed, *see* Dkt. No. 146, Plaintiffs merely seek to adhere to the Court's prior ruling.

No 1:17-cv-754, Dkt. #23; as well as the general danger of making otherwise nonpublic immigration information available to the public, *see, e.g.*, *International Refugee Assistance Project v. Trump,* 2017 WL 818255, at *2 (D. Md., March 1, 2017) (determining that plaintiffs should be allowed to proceed anonymously in part because they "have a problematic immigration status that, if disclosed, could dissuade the Doe Plaintiffs from pursuing their rights in court." Here, the information sought to be sealed relates to one Plaintiff's immigration history, a topic which is generally nonpublic. If this information becomes publicly available, it would not only put that Plaintiff at risk, but it would also deter immigrants from asserting their rights in the Fourth Circuit in the future.

Courts in this District have further found that there is a compelling interest in preserving the confidentiality of settlement agreements.  *See, e.g.,* Regscan, Inc. v. The Bureau of Nat'l Affairs, Inc., No. 111CV01129JCCJFA, 2012 WL 12903672, at *2 (E.D. Va. May 22, 2012) ("Another reason that a document may be sealed from public view is that it is important to maintain confidentiality in settlement discussions for the purposes of encouraging settlement agreements." (internal quotation marks and citations omitted).  There is thus good cause to seal the portion of Plaintiffs' Opposition Brief referencing the terms of the parties' settlement agreement.

## CONCLUSION

For these reasons, this Court should grant Plaintiffs' Motion to Seal.

Respectfully submitted,

_____//s//_____     Dated: October 25, 2019
LEGAL AID JUSTICE CENTER
Simon Sandoval-Moshenberg, VSB #77110
Nady Peralta, VSB #91630
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Phone: (703) 778-3450
Fax: (703) 778-3454
simon@justice4all.org
nady@justice4all.org

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Kaiyeu Kevin Chu, VSB #85746
Matthew Traumpan (pro hac vice)
Gianna Puccinelli (pro hac vice)
1300 I Street NW, Suite 900
Washington, District of Columbia 20005
Phone: (202) 538-8000
Fax: (202) 538-8100
kevinchu@quinnemanuel.com
matthewtraupman@quinnemanuel.com
giannapuccinelli@quinnemanuel.com

*Counsel for Plaintiffs*

**Certificate of Service**

I hereby certify that on this 25th day of October, 2019, I caused the foregoing to be filed electronically with the Clerk of the Court using CM/ECF, which will then send a notification of such filing to all counsel of record.


_____//s//_____          Dated: October 25, 2019
Simon Sandoval-Moshenberg (VSB No. 77110)
*simon@justice4all.org*
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Tel: (703) 720-5605
Fax: (703) 778-3454