IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROSY GIRON DE REYES, *et al.*, <br><br> Plaintiff, <br> v. <br><br> WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP, *et al.*, <br><br> Defendants. | Civil No.: 1:16cv563-TSE-TCB |

### DEFENDANTS' NON-CONFIDENTIAL MEMORANDUM IN RESPONSE TO PLAINTIFFS' MOTION TO FILE DOCUMENTS UNDER SEAL (DKT. 257)

Defendants Waples Mobile Home Park Limited Partnership, Waples Project Limited Partnership, and A. J. Dwoskin & Associates, Inc. (collectively "Defendants"), by counsel, pursuant to Local Civil Rule 5, submit this non-confidential memorandum of points and authorities in response to Plaintiffs' Motion to File Documents Under Seal (Dkt. 257) related to documents attached to and referenced within Plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment (the "Opposition") (Dkt. 260).[1]

### INTRODUCTION

The parties agreed to a Stipulated Protective Order (Dkt. 45) which requires the parties to file information designated as confidential under seal with the Court. Pursuant to the Stipulated Protective Order (Dkt. 45), the parties designated certain documents as confidential, which Plaintiffs either attached to or referenced within the Opposition (Dkt. 260). In addition, Plaintiffs referred to a confidential settlement agreement within the Opposition.

---

[1] Plaintiffs' redacted Memorandum in Opposition to Defendants' Motion for Summary Judgment is filed as Dkt. 256.

## ARGUMENT

Plaintiffs moved to seal Exhibits 1 and 3 to the Opposition (Dkt. 260) as well as references within the Opposition to a confidential settlement agreement and references to other confidential sealed exhibits because the parties designated these documents as confidential.

Exhibit 1 contains a plaintiff's responses to Defendants' interrogatories. Defendants do not oppose Plaintiffs' Motion to File Documents Under Seal in regards to Exhibit 1.

Exhibit 3 to the Opposition contains confidential excerpts from Defendants' 30(b)(6) deposition.

The Opposition also refers to confidential documents, previously attached to Plaintiffs' prior memorandum in support of their prior motion for summary judgment (Dkt. 138), which were previously sealed by this Court (Dkt. 146), and the Opposition refers to a confidential settlement agreement. The Opposition therefore refers to documents containing confidential or sensitive business information relating to the confidential business practices of Defendants (documents which were previously sealed by this Court) and a confidential settlement agreement.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 282 (4th Cir. 2000), held that documents may be sealed pursuant to district court order when the court: (1) provides notice to the public and gives it an opportunity to object to sealing, (2) considers less drastic alternatives, and (3) provides specific findings in support of the decision to seal and the rejection of alternatives. Those requirements are met here.

The common law right to inspect and copy judicial records and documents is "not absolute." *In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 98 (1978)). The Court "has supervisory power over its own

records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *Knight*, 743 F.2d at 235.

First, Plaintiffs have filed a Notice of Motion which was docketed by the Clerk (Dkt. 259). The Notice will provide the public with an opportunity to object to the sealing of the documents in question.

Second, no feasible alternative exists to filing these documents under seal because Exhibit 3 to the Opposition and documents referred to within the Opposition contain the confidential business practices of Defendants. This Court has recognized that information of this type, due to its highly sensitive nature, merits the sealing of filings. *See*, *e.g.*, *RegScan, Inc. v. The Bureau of Natl. Affairs, Inc.*, 100 U.S.P.Q.2d 1635 (E.D. Va. 2011) (granting motion to seal information pertaining to commercial trade secrets). This Court has also recognized that "it is important to maintain confidentiality in settlement discussions for the purposes of encouraging settlement agreements." *Regscan, Inc. v. The Bureau of Nat'l Affairs*, Inc., No. 111CV01129JCCJFA, 2012 WL 12903672, at *2 (E.D. Va. May 22, 2012).

Finally, specific reasons exist to support the rejection of alternatives to sealing the exhibits and portions of the memorandum reflecting confidential information. The United States Supreme Court has recognized that it is proper for courts to "refuse[] to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing" or for other such improper purposes. *Nixon,* 435 U.S. at 598 (citations omitted). Further, if documents involve "private commercial conduct" lacking a substantial relation to any "important governmental or political question," the interest of maintaining the confidentiality of private parties is significant. *RegScan, Inc.* 100 U.S.P.Q.2d at 1637-1638. Due to the confidential nature of the documents designated by Defendants and previously sealed by this Court,

permitting the underlying documents and references thereto to be filed on the public docket would not adequately protect Defendants' business interests.

## CONCLUSION

For the aforementioned reasons, Defendants do not oppose Plaintiffs' request to seal Exhibit 1 and respectfully request that Exhibit 3 to Plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment (Dkt. 260) be sealed. In addition, Defendants respectfully request that the references within the Opposition to documents Defendants previously designated as confidential, and which the Court previously sealed, and the reference within the Opposition to the confidential settlement agreement be sealed.

Respectfully submitted,

WAPLES MOBILE HOME PARK LIMITED
PARTNERSHIP, WAPLES PROJECT LIMITED
PARTNERSHIP AND
A. J. DWOSKIN & ASSOCIATES, INC.

/s/
Grayson P. Hanes (VSB No. 06614)
Michael S. Dingman (VSB No. 30031)
Justin deBettencourt (VSB No. 83806)
REED SMITH LLP
7900 Tysons One Place
Suite 500
McLean, Virginia 22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
ghanes@reedsmith.com
mdingman@reedsmith.com
jdebettencourt@reedsmith.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of November, 2019, I caused the foregoing to be filed electronically with the Clerk of the Court using CM/ECF, which will then send a notification of such filing to all counsel of record.

/s/
Grayson P. Hanes (VSB No. 06614)
Michael S. Dingman (VSB No. 30031)
Justin deBettencourt (VSB No. 83806)
REED SMITH LLP
7900 Tysons One Place
Suite 500
McLean, Virginia 22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
ghanes@reedsmith.com
mdingman@reedsmith.com
jdebettencourt@reedsmith.com
*Counsel for Defendants*