UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ROSY GIRON DE REYES, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:16-cv-563 (TSE/TCB) |
| ) | |
| WAPLES MOBILE HOME PARK LIMITED ) | |
| PARTNERSHIP, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

THIS MATTER is before the Court on Plaintiffs' Motion to Seal (Dkt. 257). Plaintiffs move to seal Exhibits 1 and 3 to Plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment ("Opposition Brief") (Dkt. 256), as well as portions of the Opposition Brief itself.[1] Defendants have filed a Non-Confidential Memorandum in Response to Plaintiffs' Motion expressing that they do not oppose Plaintiffs' request as to Exhibit 1 and further requesting that the Court seal Exhibit 3 and the relevant portions of the Opposition Brief. (Dkt. 263.)

A district court may seal court filings if it (1) "provide[s] public notice of the request to seal and allow[s] interested parties a reasonable opportunity to object, (2) consider[s] less drastic alternatives to sealing the documents, and (3) provide[s] specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives. *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). Upon consideration of the parties' filings, the

---

[1] Plaintiffs have filed sealed versions of the documents as well as public, redacted versions of the documents. The Sealed Opposition Brief is Docket No. 260, Exhibit 1 is Docket No. 260-1, and Exhibit 3 is Docket No. 260-3.

1

Court makes the following findings.

First, the public has received adequate notice and has had reasonable opportunity to object. Plaintiffs publicly docketed the motion and notice on Friday, October 25, 2019 in accordance with Local Civil Rule 5(C). Accordingly, more than seven (7) days have elapsed since Plaintiffs filed their motion and notice. Therefore, Plaintiffs satisfy the first requirement under *Ashcraft*.

Second, the Court has considered less drastic alternatives to sealing and finds that none are appropriate here. As to the Opposition Brief, Plaintiffs have proposed redactions to protect the confidential information. This selective and narrow protection of the material constitutes the least drastic measure of shielding the information at issue. *See Adams v. Object Innovation, Inc.*, Civil No. 3:11cv272-REP-DWD, 2011 WL 7042224, at *4 (E.D. Va. Dec. 5, 2011), *report and recommendation* adopted, 2012 WL 135428 (E.D. Va. Jan. 17, 2012). As to the Exhibits 1 and 3, the Court finds that selective redactions would be ineffective to protect the sensitive or confidential information.

Third, there are adequate reasons to support sealing the documents at issue. Exhibit 1 contains sensitive information regarding one Plaintiff's immigration history that is subject to the parties' Stipulated Protective Order in this matter (Dkt. 45). Next, Exhibit 3 contains confidential excerpts from Defendants' Rule 30(b)(6) deposition and information about Defendants' confidential business practices that could harm the business if disclosed to the public. This information is also subject to the parties' Stipulated Protective Order and the Court has already placed it under seal in this matter. (*See* Dkt. 146.) Lastly, the redacted portions in the Opposition Brief also refer to confidential documents which this Court has already sealed as well as a confidential settlement agreement between the parties. (*See* Dkt. 146). The Court finds that the

references to the parties' confidential settlement agreement should be sealed to encourage settlement in this matter and others. Accordingly, it is hereby

ORDERED that Plaintiffs' Motion to Seal is GRANTED. Docket No. 260 shall remain permanently under seal.

ENTERED this 7th day of November, 2019.

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia