UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ROSY GIRON DE REYES, *et al.*, | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| v. | ) Civil Action No. 1:16-cv-563 (TSE/TCB) <br> ) |
| WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP, *et al.*, | ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

# **ORDER**

THIS MATTER is before the Court on Defendants' Motion to Seal (Dkt. 266). Defendants request that the Court seal portions of their Reply Memorandum in Support of their Motion for Summary Judgment ("Reply") and Exhibit 1 attached thereto.[1] Plaintiffs have also filed a Memorandum in Support of Defendants' Motion to Seal (Dkt. 269).

A district court may seal court filings if it (1) "provide[s] public notice of the request to seal and allow[s] interested parties a reasonable opportunity to object, (2) consider[s] less drastic alternatives to sealing the documents, and (3) provide[s] specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). Upon consideration of the parties' filings, the Court makes the following findings.

First, interested parties have received notice of Defendants' motion to seal and have been given a reasonable time to object. Over seven (7) days have elapsed since Defendants filed their

---

[1] Defendants filed public, redacted versions of the documents (Dkt. 264) as well as unredacted, sealed versions (Dkt. 265).

1

motion and notice. (*See* Dkt. 266.) Defendants therefore satisfy the requirements under Local Civil Rule 5(c) and *Ashcraft*.

Second, the Court has considered less drastic alternatives to sealing. As for the Reply, Defendants have specifically redacted limited portions of the brief. This narrow protection of confidential material constitutes the least drastic measure of shielding the information at issue. *See Adams v. Object Innovation, Inc.*, Civil No. 3:11cv272-REP-DWD, 2011 WL 7042224, at *4 (E.D. Va. Dec. 5, 2011), *report and recommendation adopted*, 2012 WL 135428 (E.D. Va. Jan. 17, 2012). Regarding Exhibit 1 to the Reply, the Court finds that redactions are insufficient to protect the confidential information and sealing is warranted.

Third, there are sufficient reasons to warrant sealing the information. The Court entered a Stipulated Protective Order in this matter. (Dkt. 45). Defendants' Reply references several documents that have been designated as confidential by both parties under the Protective Order.[2] The redactions cover information about one Plaintiff's immigration history and Defendants' internal business policies that could both harm the respective parties upon public disclosure. Accordingly, it is hereby

ORDERED that the Motion is GRANTED. Docket number 265 shall remain permanently under seal.

---

[2] Specifically, the Reply references three confidential documents: (1) Plaintiffs' Exhibit 43 to the Memorandum in Support of Plaintiffs' Cross Motion for Summary Judgment and in Opposition to Defendants' Motion for Summary Judgment (Dkts. 138, 138-43); (2) Defendants' Exhibits 9 and 11 to the Reply Memorandum in Support of Defendants' Motion for Summary Judgment and Memorandum in Opposition to Plaintiffs' Cross-Motion for Summary Judgment (Dkts. 151, 151-6, 151-8, 151-9, 151-10); and (3) deposition transcripts designated as confidential by Plaintiffs. Exhibit 1 consists of a deposition transcript designated as confidential.

ENTERED this 20th day of November, 2019.

                                                    /s/
                                     THERESA CARROLL BUCHANAN
                                     UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia