IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ROSY GIRON DE REYES, *et al.*, ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:16-cv-563 |
| ) | |
| WAPLES MOBILE HOME PARK ) | |
| LIMITED PARTNERSHIP, *et al.*, ) | |
| Defendants. ) | |

### ORDER

At issue on remand from the Fourth Circuit in this housing discrimination case is defendants' pending Motion for Summary Judgment.[1] The question at issue in defendants' motion, is whether defendants'[2] requirement that all adults seeking to become lessees and non-lessee occupants or to renew leases in defendants' mobile home park (the "Park") must provide proof of their lawful presence in the United States (the "Policy") causes an impermissible disparate impact on Latinos in violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq*. Defendants contend that they are entitled to summary judgment on plaintiffs' FHA disparate impact claim because the Policy serves multiple valid interests and those valid interests could not be served by another practice with a less discriminatory effect. Plaintiffs oppose defendants' Motion for Summary Judgment, arguing that defendants' Policy does not serve any valid interests of the defendants and, alternatively, that another practice with a less discriminatory effect—namely

---

[1] Although invited to do so, plaintiffs never filed a cross-motion for summary judgment. *See de Reyes v. Waples Mobile Home Park Ltd. P'ship*, No. 1:16-cv-563 (E.D. Va. Aug. 29, 2019) (Consent Order).

[2] Defendants, the owners and operators of the mobile home park, are Waples Mobile Home Park Limited Partnership, Waples Project Limited Partnership, and A.J. Dwoskin & Associates, Inc. These parties are referred to collectively as "defendants."

1

applying the Policy only to lessees and not to non-lessee occupants—would serve any valid interest asserted by the defendants.

Supplemental briefing would aid the decisional process in this matter. Specifically, it is important to give the parties an opportunity to address whether the Court's statement of the remaining questions to be resolved is accurate and whether those questions present issues of fact for a jury or whether those questions present issues to be resolved by the Court.

To begin with, it is necessary to review briefly the Fourth Circuit's decision on appeal and the scope of the Fourth Circuit's remand order. In essence, the Fourth Circuit vacated this Court's disposition of plaintiffs' disparate impact FHA claim and remanded with instructions. *See Reyes v. Waples Mobile Home Park Ltd. P'ship*, 903 F.3d 415, 432–33 (4th Cir. 2018).[3] In doing so, the Fourth Circuit applied the three-step framework for evaluation of FHA disparate impact claims established by the Supreme Court's decision in *Texas Department of Housing and Community Affairs v. Inclusive Communities, Project, Inc. (Inclusive Communities)*, —— U.S. ——, 135 S. Ct. 2507 (2015). *See Reyes*, 903 F.3d at 424. At the first step, plaintiffs must demonstrate a robust causal connection between defendants' challenged policy and the disparate impact on the protected class. *Reyes*, 903 F.3d at 424. At the second step, defendants have the burden of persuasion to "state and explain the valid interest served by their policies." *Id.* At the third step, and in order to

---

[3] As the Fourth Circuit recognized, only plaintiffs' FHA claim was involved in plaintiffs' appeal, and plaintiffs did not argue that summary judgment should not have been granted on plaintiffs' FHA disparate treatment theory. *See de Reyes v. Waples Mobile Home Park Ltd. P'ship*, 903 F.3d 415, 421–22 (4th Cir. 2018). Accordingly, the Fourth Circuit in its analysis and its remand focused solely on plaintiffs' FHA disparate impact claim. By the time of plaintiffs' appeal, the five other causes of action included in plaintiffs' Complaint had been dismissed with prejudice. *de Reyes v. Waples Mobile Home Park Ltd. P'ship*, No. 1:16-cv-563 (E.D. Va. Sept. 1, 2016) (Order) (dismissing plaintiffs' claim for tortious interference with a contract); *de Reyes v. Waples Mobile Home Park Ltd. P'ship*, No. 1:16-cv-563 (E.D. Va. April 18, 2017) (Order) (granting defendants' motion for summary judgment in part and dismissing with prejudice plaintiffs' claims for violation of the Virginia Fair Housing Law and 42 U.S.C. § 1981); *de Reyes v. Waples Mobile Home Park Ltd. P'ship*, No. 1:16-cv-563 (E.D. Va. May 17, 2017) (Order) (dismissing plaintiffs' claims for violation of the Manufactured Home Lot Rental Act and breach of contract pursuant to plaintiffs' Stipulation of Dismissal With Prejudice).

establish liability, plaintiffs have the burden to prove that defendants' asserted interests "could be served by another practice that has a less discriminatory effect." *Id.* The Fourth Circuit focused its analysis on the *Inclusive Communities* framework's first step and held that plaintiffs satisfied the robust causality requirement at the motion to dismiss stage because plaintiffs plausibly alleged that the Policy, a specific practice, "caused a disproportionate number of Latinos to face eviction from the Park compared to the number of non-Latinos who faced eviction based on the Policy." *Id.* at 428.[4] Accordingly, the Fourth Circuit vacated the grant of summary judgment in defendants' favor on plaintiffs' FHA claim, and the case was remanded.

Specifically, the Fourth Circuit remanded the case "to allow the district court to consider the cross-motions for summary judgment under Plaintiffs' disparate-impact theory of liability in a manner consistent with this opinion." *Id.* at 433. In remanding the case, the Fourth Circuit observed that the second and third steps of *Inclusive Communities* framework were "never considered" and that "[i]n such circumstances, it is prudent . . . to remand to the district court for consideration of these issues in the first instance." *Id.* at 432 (citing *Betsey v. Turtle Creek Assocs.*, 736 F.2d 983, 988–89 (4th Cir. 1984)). The Fourth Circuit provided further instructions regarding the scope of remand by stating:

> We merely hold that, under these facts, Plaintiffs have satisfied their burden under step one of the burden-shifting framework to make a prima facie showing of disparate impact. It is for the district court to determine in the first instance whether Plaintiffs have satisfied the additional steps in this inquiry and, thus, whether Waples' Policy requiring occupants to provide documentation evincing legal status violated the FHA by disproportionately impacting Latinos.

---

[4] The Fourth Circuit made clear that plaintiffs plausibly pleaded robust causality at the Rule 12(b)(6) stage and submitted additional, stronger evidence of robust causality at the summary judgment stage, namely evidence showing that "Latinos comprised 91.7% of those unable to comply with the Policy and consequently facing eviction, despite comprising only 60% of those subject to the Policy." *Reyes*, 903 F.3d at 433 n. 11.

3

*Reyes*, 903 F.3d at 433 n. 12.

Following the denial of defendants' petition for a writ of certiorari and in accordance with the parties' consent motion to set a briefing schedule, the parties were invited to file motions for summary judgment on plaintiffs' disparate impact theory of liability on or before September 27, 2019. *See de Reyes v. Waples Mobile Home Park Ltd. P'ship*, No. 1:16-cv-563 (E.D. Va. Aug. 29, 2019) (Consent Order). On September 27, 2019, defendants filed their Motion for Summary Judgment on plaintiffs' FHA disparate impact claim. Plaintiffs elected not to file a cross-motion for summary judgment, presumably because plaintiffs considered the remaining issues to be factually disputed matters properly submitted to a jury.

In summary, the remaining question on remand is whether defendants' Policy results in an impermissible disparate impact on Latinos in violation of the FHA.[5] More specifically, the task on remand is for the district court to perform the analysis at steps two and three of the *Inclusive Communities* framework, which ask whether the Policy's disproportionate impact on Latinos is justified because the Policy serves a valid interest that could not be served by another practice with a less discriminatory effect. *See Inclusive Communities*, 135 S. Ct. at 2513 ("[A] plaintiff bringing a disparate-impact claim challenges practices that have a 'disproportionately adverse effect on minorities' and are otherwise unjustified by a legitimate rationale") (quoting *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009)); *Reyes*, 903 F.3d at 430 (explaining that "whether such a practice that has a disparate impact on a protected class is *justified* is properly contained in steps two and three

---

[5] The Fourth Circuit expressed no opinion on whether plaintiffs' FHA disparate treatment theory should also be addressed on remand because plaintiffs did not pursue on appeal a challenge to the grant of summary judgment in defendants' favor on plaintiffs' FHA disparate treatment theory. *See Reyes*, 903 F.3d at 433. Neither party has contended that plaintiffs' FHA disparate treatment theory remains at issue in this case.

4

of the burden-shifting framework") (emphasis in original).[6]

Accordingly, the parties are directed to file supplemental briefs addressing the following questions:

1) Does this Order identify the correct questions on remand? If not, identify the question or questions believed to be required for consideration on remand.

2) Are the questions that remain jury issues or questions for the court to resolve on summary judgment?

Accordingly,

It is hereby **ORDERED** that the parties are **DIRECTED** to comply with the following briefing schedule:

- On or before **Thursday, April 30, 2020**, plaintiffs must file an initial brief that addresses the two above-stated questions.

- On or before **Friday, May 15, 2020**, defendants must file a brief that addresses the two above-stated questions and responds to plaintiffs' initial brief.

- On or before **Friday, May 22, 2020**, plaintiffs must file a reply brief that responds to defendants' brief.

Following submission of these supplemental briefs, the Court will determine whether the matter can be resolved on the basis of the current record or whether the matter must be tried to a jury.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
April 7, 2020

/s/
T. S. Ellis, III
United States District Judge

---

[6] In the existing summary judgment briefing, defendants have already identified the interests that defendants believe support the Policy, and plaintiffs have already stated why plaintiffs believe those interests are not valid or why those interests can be served by another practice with a less discriminatory effect.