# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| ROSY GIRON DE REYES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP, *et al.*, <br><br> Defendants. | Civil No.: 1:16cv563-TSE-TCB |

## MEMORANDUM IN SUPPORT OF
## DEFENDANTS' MOTION TO SEAL

Defendants Waples Mobile Home Park Limited Partnership, Waples Project Limited Partnership, and A. J. Dwoskin & Associates, Inc. (collectively "Defendants"), by counsel, pursuant to Local Civil Rule 5, submit this memorandum of points and authorities in support of Defendants' Motion to Seal (Dkt. 278).

### I.  Introduction

Defendants agreed to a Stipulated Protective Order (Dkt. 45), which requires the parties to file information designated as confidential under seal with the Court. Pursuant to the Stipulated Protective Order (Dkt. 45), Plaintiffs have designated certain documents as confidential, and Defendants referred to the substance of one such document within the text of Defendants' Supplemental Brief in support of their Motion for Summary Judgment ("Supplemental Brief") (Dkt. 276). Accordingly, Defendants move to seal that information. In addition, Defendants move to seal references within the Supplemental Brief to testimony from Defendants' 30(b)(6) deposition and an exhibit to the Supplemental Brief that contains that deposition testimony. Dkt. 277-2 (Exhibit B).

## II. Plaintiffs' Interrogatory Response

Pursuant to the Stipulated Protective Order (Dkt. 45), Plaintiffs designated their Responses to Defendants' Interrogatories as confidential. The relevant Interrogatory response – the response to Interrogatory 11 – is contained within Exhibit 3 to Defendants' memorandum in support of Defendants' *prior* Motion for Summary Judgment (Dkt. 98). Defendants referred to the substance of one of Plaintiffs' Interrogatory responses – the response to Interrogatory 11 – within Defendants' Supplemental Brief.

Because Plaintiffs have labeled this information as confidential pursuant to the Stipulated Protective Order (Dkt. 45) and this information has been previously filed under seal (Dkt. 146, Order granting Plaintiffs' Motion to Seal (Dkt. 139)), Defendants have filed this Motion to Seal pursuant to Local Civil Rule 5.

## III. Defendants' Deposition Testimony

Defendants also referred to their 30(b)(6) deposition testimony in their Supplemental Brief and attached the testimony thereto as Exhibit B (Dkt. 277-2). Because this deposition testimony discusses the business practices of Defendants and this information has likewise been previously filed under seal (Dkt. 146), Defendants have filed this Motion to Seal pursuant to Local Civil Rule 5.

## IV. Argument

Until the Court determines whether these references within the text of Defendants' Supplemental Brief and Exhibit B to Defendant's Supplemental Brief should be sealed, Defendants have filed a redacted version of Defendants' Supplemental Brief and a sealed copy of Exhibit B.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 282 (4th Cir. 2000), held that documents may be sealed pursuant to district court order when the court: (1) provides notice to the public and gives it an opportunity to object to sealing, (2) considers less drastic alternatives, and (3) provides specific findings in support of the decision to seal and the rejection of alternatives. Those requirements are met here.

The common law right to inspect and copy judicial records and documents is "not absolute." *In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 98 (1978)). The Court "has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *Knight*, 743 F.2d at 235.

First, Defendants have concurrently filed a Notice of Filing of Sealing Motion pursuant to Local Civil Rule 5 to be docketed by the Clerk. The Notice will provide the public with an opportunity to object to the sealing of the document in question.

Second, no feasible alternative exists to filing references to Plaintiffs' Interrogatory responses under seal in light of the Stipulated Protective Order (Dkt. 45) requiring information designated confidential pursuant to the Order to be filed with the Court consistent with Local Rule 5 of the Eastern District of Virginia.

In addition, this Court has recognized that sensitive business information merits the sealing of filings. *See, e.g., RegScan, Inc. v. The Bureau of Natl. Affairs, Inc.*, 100 U.S.P.Q.2d 1635 (E.D. Va. 2011) (granting motion to seal information pertaining to commercial trade secrets).

Finally, specific reasons exist to support the rejection of alternatives to sealing portions of the Supplemental Brief and the exhibit thereto that are discussed above. The United States Supreme Court has recognized that it is proper for courts to "refuse[] to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing" or for other such improper purposes. *Nixon*, 435 U.S. at 598 (citations omitted). Further, because the proposed sealed testimony involves "private commercial conduct" lacking a substantial relation to any "important governmental or political question," the interest of maintaining the confidentiality of private parties is significant. *RegScan, Inc.* 100 U.S.P.Q.2d at 1637-1638.

### V. Conclusion

For the aforementioned reasons, Defendants respectfully request that the following be sealed: 1) references within Defendant's Supplemental Brief to Plaintiffs' Interrogatory Response and Defendants' 30(b)(6) deposition testimony; and 2) Defendants' 30(b)(6) deposition testimony attached to Defendants' Supplemental Brief as Exhibit B.

Respectfully submitted,

WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP, WAPLES PROJECT LIMITED PARTNERSHIP AND
A. J. DWOSKIN & ASSOCIATES, INC.

/s/
_____
Grayson P. Hanes (VSB No. 06614)
Michael S. Dingman (VSB No. 30031)
Justin deBettencourt (VSB No. 83806)
REED SMITH LLP
7900 Tysons One Place
Suite 500
McLean, Virginia 22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
ghanes@reedsmith.com
mdingman@reedsmith.com
jdebettencourt@reedsmith.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of May, 2020, I caused the foregoing to be filed electronically with the Clerk of the Court using CM/ECF, which will then send a notification of such filing to all counsel of record.

/s/
Grayson P. Hanes (VSB No. 06614)
Michael S. Dingman (VSB No. 30031)
Justin deBettencourt (VSB No. 83806)
REED SMITH LLP
7900 Tysons One Place
Suite 500
McLean, Virginia  22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
ghanes@reedsmith.com
mdingman@reedsmith.com
jdebettencourt@reedsmith.com
*Counsel for Defendants*