# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

| | |
|---|---|
| ROSY GIRON DE REYES, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>WAPLES MOBILE HOME PARK )<br>LIMITED PARTNERSHIP, *et al.*, )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 1:16-cv-563 (TSE/TCB) |

## ORDER

THIS MATTER is before the Court on Defendants Waples Mobile Home Park Limited Partnership, Waples Project Limited Partnership, and A. J. Dwoskin & Associates, Inc.'s ("Defendants") motion to seal (Dkt. 278). Defendant seek to file under seal select portions of their Supplemental Brief in support of their Motion for Summary Judgment ("Supplement Brief"), as well as Exhibit B to the Supplemental Brief. (Dkt. 276.) Defendants have filed the Supplemental Brief and Exhibit B under seal for the Court's review. (Dkt. 277.)

A district court may seal court filings if it (1) "provide[s] public notice of the request to seal and allow[s] interested parties a reasonable opportunity to object, (2) consider[s] less drastic alternatives to sealing the documents, and (3) provide[s] specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). Upon consideration of Defendants' filings, the redacted portions of the Supplemental Brief, and Exhibit B, the Court makes the following findings.

First, the public has received notice of Defendants' motion and interested parties have

been given a reasonable opportunity to object. Defendants filed their motion and public notice on May 15, 2020. (*See* Dkts. 278, 280.) Because over seven days have elapsed since Defendants filed their motion and notice, and no interested party has objected, Defendants fulfill this requirement under Local Civil Rule 5(C) and *Ashcraft*. *See* L. Civ. R. 5(C).

Second, the Court has considered less drastic alternatives to sealing. In the Supplemental Brief, Defendants redacted only a few sentences. This selective protection of information constitutes the least drastic measure of sealing confidential material. *See Adams v. Object Innovation, Inc.*, No. 3:11cv272-REP-DWD, 2011 WL 7042224, at *4 (E.D. Va. Dec. 5, 2011) "[The] proposal to redact only the proprietary and confidential information, rather than seal the entirety of [the document], constitutes the least drastic method of shielding the information at issue."), *report and recommendation adopted*, 2012 WL 135428 (E.D. Va. Jan. 17, 2012). Regarding Exhibit B, the Court has reviewed the Exhibit and finds that less drastic measures of sealing are inadequate to protect Defendants' confidential information.

Finally, there are sufficient reasons to seal the portions of the Supplemental Brief and Exhibit B. Plaintiffs designated their responses to Defendants' interrogatories as "confidential" pursuant to the stipulated protective order entered in this matter. (Dkt. 45.) Defendants refer to the substance of one confidential interrogatory response in their Supplemental Brief. The Court previously reviewed this interrogatory response and ordered that it remain under seal. (*See* Dkts. 139, 146.) Defendants also refer to testimony from their own Rule 30(b)(6) deposition in the Supplemental Brief, and Exhibit B consists of a transcript of the deposition. Upon review of the redacted portions of the brief and the deposition transcript, the Court finds that the documents contain Defendants' confidential business practices. The Court also granted Defendants' previous motion to file this information under seal. (*See* Dkts. 139, 146.) Accordingly, it is

hereby

    **ORDERED** that Defendants' motion (Dkt. 278) is **GRANTED**. Docket number 277 shall remain permanently under seal.

    ENTERED this 26th day of May, 2020.

                                                      /s/
                                THERESA CARROLL BUCHANAN
                                UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia