# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| ROSY GIRON DE REYES, *et al.*, ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> WAPLES MOBILE HOME PARK ) <br> LIMITED PARTNERSHIP, *et al.*, ) <br> Defendants. ) | No. 1:16-cv-563 |

## ORDER

At issue on remand from the Fourth Circuit in this housing discrimination case is defendants' pending Motion for Summary Judgment. The question at issue in defendants' motion is whether defendants'[1] requirement that all adults seeking to become lessees and non-lessee occupants in defendants' mobile home park (the "Park") must provide proof of their lawful presence in the United States in order to renew their lease (the "Policy") causes a disparate impact on Latinos in violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq*. Defendants assert that the Policy does not violate the Fair Housing Act because the Policy is necessary to serve several valid interests such as verifying identity, conducting criminal background checks, avoiding loss from eviction, and avoiding liability under the anti-harboring statute, 8 *U.S.C.* § 1324(a)(1)(A)(iii). Plaintiffs contend that record evidence demonstrates the existence of genuine disputes of material fact regarding whether the Policy serves valid interests and whether the same valid interests would be served by an alternative to the Policy with a less discriminatory effect, namely applying the Policy only to lessees rather than to both lessees and non-lessee occupants.

---

[1] Defendants, the owners and operators of the mobile home park, are Waples Mobile Home Park Limited Partnership, Waples Project Limited Partnership, and A.J. Dwoskin & Associates, Inc. These parties are referred to collectively as "defendants."

1

The motion has been fully briefed[2] and argued orally and is now ripe for disposition. Defendants' Motion for Summary Judgment must be denied because genuine disputes of material fact exist. Specifically, these genuine disputes of material fact relate to whether plaintiffs' proposed alternative to the Policy, requiring only lessees to demonstrate proof of lawful presence in the United States, would serve the same valid interests in verifying identity and conducting criminal background checks that defendants claim require the Policy's implementation. There are also genuine disputes of fact regarding whether the Policy furthers defendants' interests in avoiding liability under the anti-harboring statute and avoiding loss from eviction. Accordingly, because a trial is necessary to resolve these genuine issues of material fact, a telephonic final pretrial conference in this matter will be held on Thursday, September 24, 2020 at 4:00 p.m.

Accordingly,

It is hereby **ORDERED** that defendants' Motion for Summary Judgment (Dkt. 247) is **DENIED**.

It is further **ORDERED** that a final pretrial conference in this matter is **SCHEDULED** for **Thursday, September 24, 2020 at 4:00 p.m.** and will be held telephonically.

It is further **ORDERED** that the parties are **DIRECTED** to comply with the instructions provided by Courtroom Deputy Tanya Randall for participation in the telephonic final pretrial conference.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
August 19, 2020

/s/
T. S. Ellis, III
United States District Judge

---

[2] After defendants' Motion for Summary Judgment was taken under advisement, an April 7, 2020 Order required the parties to submit supplemental briefing. The parties complied with the April 7, 2020 Order.