UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ROSY GIRON DE REYES; JOSE DAGOBERTO REYES; FELIX ALEXIS BOLANOS; RUTH RIVAS; YOVANA JALDIN SOLIS; ESTEBAN RUBEN MOYA YRAPURA; ROSA ELENA AMAYA; and HERBERT DAVID SARAVIA CRUZ, <br><br> *Plaintiffs*, <br><br> vs. <br><br> WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP; WAPLES PROJECT LIMITED PARTNERSHIP; and A.J. DWOSKIN & ASSOCIATES, INC., <br><br> *Defendants*. | Civil Action No. 1:16cv00563-TSE-TCB |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO CLARIFY AND/OR RECONSIDER THE COURT'S AUGUST 19, 2020 SUMMARY JUDGMENT ORDER**

Plaintiffs, by their attorneys, respectfully submit this memorandum of law in opposition to Defendants' Motion to Clarify and/or Reconsider the Court's August 19, 2020 Summary Judgment Order (ECF No. 285, the "Motion to Clarify/Reconsider").

**INTRODUCTION**

The Motion to Clarify/Reconsider does nothing more than demonstrate Defendants' continued willful misunderstanding of the Fourth Circuit's Opinion, *see generally Reyes v. Waples Mobile Home Park Limited P'ship*, 903 F.3d 415 (2018), which not only set forth the standard by which a Federal Housing Act ("FHA") disparate impact plaintiff satisfies step one of the three-step burden shifting standard, but also found that Plaintiffs in this case had "satisfied their burden" as to step one. *Id.* at 433 n.12. Defendants do not explain how they can be entitled to summary judgment on an issue for which the Court of Appeals found Plaintiffs to have "satisfied their

1

burden." In this Court's opinion on remand, ECF No. 283 (the "Summary Judgment Order"), the Court properly deferred to the Fourth Circuit's holding on step one and went on to find disputes of fact at the remaining steps two and three, denying summary judgment and setting the case for pretrial conference. Plaintiffs now stand ready to prove their case to the jury.

In an attempt to convince the Court to disregard the Fourth Circuit's ruling, Defendants make the exact same arguments that they did at summary judgment—and to the Fourth Circuit, for that matter—in their Motion for Reconsideration. But in order to succeed on such a motion, they must offer *new* factual or legal arguments; the "second bite at the apple" that they seek is not permitted. Moreover, granting Defendants' motion for reconsideration would violate specific direction from the Fourth Circuit. Defendants have exhausted all challenges to that decision: the panel's decision was affirmed *en banc*, and the Supreme Court denied *certiorari*. Thus, the Fourth Circuit's ruling as to step one is binding, and to find otherwise would constitute reversible error. Plaintiffs therefore respectfully request that the Court deny Defendants' Motion to Clarify/Reconsider in its entirety.

## **BACKGROUND**

On November 23, 2016, Defendants moved for summary judgment on, among other things, Plaintiffs' disparate impact and disparate treatment theories of liability for their FHA claim. *See* ECF No. 98 at 10-23. On December 23, 2016, Plaintiffs cross-moved for summary judgment on their disparate impact theory of liability, and opposed Defendants' motion for summary judgment as to the disparate treatment theory. *See* ECF No. 138 at 11-25. This Court granted Defendants' motion for summary judgment as to the disparate impact theory of liability, and denied Plaintiffs' motion. *See* ECF No. 190. Plaintiffs appealed.

The Fourth Circuit reversed this Court's order. The appellate decision applied the three-step burden-shifting standard for disparate impact, and held that Plaintiffs had provided sufficient evidence at step one to make a *prima facie* case, precluding summary judgment as to this step. *Reyes*, 903 F.3d at 432-33 and n.12 ("Plaintiffs have satisfied their burden under step one of the burden-shifting framework to make a *prima facie* showing of disparate impact."). But because the Court did not rule on the remaining inquiries under the three-part burden shifting standard, *i.e.*, whether Defendants had provided evidence of a "business necessity" sufficient to justify the Policy, and whether Plaintiffs had provided evidence of an alternative to the Policy with a less discriminatory effect, the Fourth Circuit remanded the case for a decision on these issues. *Id.* Defendants filed petitions for rehearing *en banc* and for *certiorari*; both were denied. *See Waples Mobile Home Park Ltd. P'ship v. de Reyes*, 139 S. Ct. 2026, 204 L. Ed. 2d 218 (2019) (denying *certiorari*); Order, *Reyes v. Waples Mobile Home Park Ltd. P'ship,* Case No. 17-1723 (4th Cir. Dec. 19, 2018), Dkt. No. 91 (denying motion for rehearing and rehearing *en banc*).

On remand, Defendants moved for summary judgment once more, insisting that all three steps of the disparate impact inquiry were ripe for the Court's consideration, and that summary judgment should be granted as to each of these steps. *See* ECF No. 247; *see also* ECF No. 276. Plaintiffs responded that the Court was constrained by the Fourth Circuit's ruling on step one ("Plaintiffs have satisfied their burden under step one," *Reyes,* 903 F.3d at 433 n.12), and that disputes of material fact precluded summary judgment as to steps two and three. *See* ECF No. 260 (the "Opposition"); *see also* ECF Nos. 274 and 281.

Before ruling on the Defendants' renewed summary judgment motion, the Court requested supplemental briefing to clarify the point further. Specifically, the Court issued an order quoting the Fourth Circuit's observation that "Plaintiffs have satisfied their burden under step one," noted

that the statement was "further instruction [from the Fourth Circuit] regarding the scope of remand," and requested briefing to confirm that "the task on remand" was limited to "the analysis at steps two and three." ECF No. 273 at 3, 4. Plaintiffs agreed with the Court's observation, but Defendants did not—again arguing that the Court should address all three steps of the disparate impact inquiry. *See* ECF Nos. 274, 276, 281.

On August 19, 2020, the Court issued an order denying Defendants' motion for summary judgment and highlighted the disputes of fact as to steps two and three to be decided at trial. *See generally* ECF No. 283. As previewed in its request for supplemental briefing, the Court limited its ruling to steps two and three, finding disputes of material fact as to (1) "whether the Policy furthers [D]efendants' interests in avoiding liability under the anti-harboring statute and avoiding loss from eviction"; and (2) "whether [P]laintiffs' proposed alternative to the policy . . . would serve the same valid interests in verifying identity and conducting criminal background checks that [D]efendants claim require the Policy's implementation." *Id.* at 2.

## ARGUMENT

Defendants' Motion to Clarify/Reconsider falls short in all respects. *First,* the Court's ruling does need not to be clarified; it makes perfect sense in light of the Fourth Circuit's order, which conclusively decided that Plaintiffs had "satisfied their burden" at step one. *Second,* Defendants' arguments in support of its motion to reconsider are exactly the same arguments they have made twice before: in support of their summary judgment motion on remand from the Fourth Circuit, and again in response to the Court's request for supplemental briefing. And in all three occasions, the Defendants would have this Court disregard binding precedent from the Fourth Circuit.

4

## I. THE SUMMARY JUDGMENT ORDER IS SUFFICIENTLY CLEAR TO PROCEED TO THE PRETRIAL CONFERENCE

On two prior occasions (their opposition to summary judgment, ECF No. 274, and their response to the Court's request for supplemental briefing, ECF No. 281), Plaintiffs have shown that the Fourth Circuit held that summary judgment was inappropriate as to step one, and remanded the case to this Court *only* for a determination of whether Defendants could demonstrate a lack of triable issues as to steps two and three.  To briefly restate, the Fourth Circuit's opinion addressed both the Court's ruling granting Defendants' motion to dismiss and the Court's ruling granting Defendants' first motion for summary judgment as to Plaintiffs' disparate impact theory under the FHA.  *See Reyes,* 903 F.3d at 423.  Regarding the latter, the Fourth Circuit held:

> Consequently, because the district court concluded that the FHA claim survived the motion to dismiss stage, and because we conclude that Plaintiffs[] ***submitted sufficient evidence*** of a *prima facie* case of disparate impact, the district court should have addressed the FHA claim under the disparate-impact theory of liability at the motion for summary judgment stage.

*Id.* at 433 (emphasis added).  The Fourth Circuit went on to explicitly instruct this Court as to the issues that remained for its consideration on remand:

> We merely hold, under these facts, Plaintiffs have satisfied their burden under step one of the burden-shifting framework to make a prima facie showing of disparate impact.  It is for the district court to determine in the first instance whether Plaintiffs have satisfied the additional steps in this inquiry and, thus, whether Waples' Policy requiring occupants to provide documentation evincing legal status violated the FHA by disproportionately impacting Latinos**.**

*Id.* at 433 n.12.  It was therefore perfectly appropriate for the Court to limit its summary judgment ruling to finding issues of fact as to steps two and three of the three-step burden shifting analysis.  It did not need to—nor should it have—retread the same ground already covered by the Fourth Circuit.

5

Specifically, the Fourth Circuit found that Plaintiffs had met their burden at step one by producing evidence that Latinos comprised 91.7% of those unable to comply with the Policy and consequently facing eviction, despite comprising only 60% of those subject to the Policy.[1] *Id.* Plaintiffs stand ready to introduce this same evidence to a jury, and will ask the Court to instruct the jury that the burden shifts to Defendants to produce evidence of "business necessity" at step two. Any remaining confusion that the Defendants may have regarding "what issues do, and do not, remain for trial," ECF No. 285 at 6, can be addressed by motions *in limine* and the submission of jury instructions prior to empaneling a jury.

## II. THE SUMMARY JUDGMENT ORDER CANNOT AND SHOULD NOT BE RECONSIDERED

The Motion to Reconsider is also deficient because Defendants offer no new factual or legal arguments—indeed, the arguments presented here have been presented *twice* before. "A motion to reconsider is not an opportunity to reargue a point previously decided against the movant." *Rembrandt Data Techs., LP v. AOL, LLP*, 2009 WL 10687907, at *1 (E.D. Va. June 26, 2009) (denying motion to reconsider because plaintiff "merely [sought] a second bite at the apple in an effort to reargue its position hoping for a more favorable outcome"). As such, when a motion for reconsideration 'raises no new arguments, but merely requests the district court to reconsider a legal issue or to "change its mind," relief is not authorized.'" *Ousely v. Nordstrom Dep't Stores*, 2002 WL 32362644, at *1 (E.D. Va. July 5, 2002), *aff'd sub nom. Vanderburg v. Nordstrom Dep't Stores*, 55 F. App'x 680 (4th Cir. 2003) (quoting *Pritchard v. Wal–Mart Stores*, 2001 WL 101473, *1 (4th Cir. Feb.7, 2001)).

---

[1] Notably, the Fourth Circuit did not rely on Plaintiffs' expert. Accordingly, Defendants' complaints about Plaintiffs' expert (*see* ECF No. 285 at 11) are entirely beside the point.

Defendants' arguments in support of their Motion to Reconsider are exactly the same as the arguments made in their Summary Judgment Motion and other supporting briefing: at each turn, they argued that Plaintiffs had not satisfied step one of the three-step burden shifting standard because (1) the ICRA's anti-harboring provision precludes a showing of robust causality; (2) the Policy is not "arbitrary, artificial, and unnecessary"; (3) there is no "robust causal link" between the Policy and a disparate impact; and (4) Plaintiffs failed to provide statistical evidence that Latinos are disparately impacted by the Policy. *Compare, e.g.,* ECF Nos. 247 at 10-22 *with* ECF No. 285 at 8-12.[2]  The Court already considered, and rejected, these arguments.[3]  Thus, the Motion to Reconsider should be denied on this ground alone.

But even if Defendants' arguments were not duplicative, this Court is bound by the Fourth Circuit's ruling. Indeed, to grant reconsideration on these issues would constitute reversible error. *See Jones v. Tyson Foods, Inc.*, 378 F. Supp. 2d 705, 709 (E.D. Va. 2004), *aff'd sub nom. Jones v. Tyson Foods*, 126 F. App'x 106 (4th Cir. 2005) ("Similarly, a district court in a circuit owes obedience to a decision of the court of appeals in that circuit and must follow it until the court of appeals overrules it.").[4]

---

[2] To the extent Defendants argue, albeit in a limited way, that the Court should reconsider its decision on steps two and three of the three-step burden shifting standard, these arguments are similarly duplicative. *Compare* ECF No. 247 at 22-30; ECF No. 264 at 11-20, ECF No. 276 at 14-22 *with* ECF No. 285 at 9, 10.

[3] The Fourth Circuit also considered and rejected many of these arguments. *See* Br. of Appellees at 34-35, 37-39, *Reyes v. Waples Mobile Home Park Ltd. P'ship*, No. 17-1723 (4th Cir. Dec. 15, 2017), Dkt. No. 50.

[4] Plaintiffs also intend to move *in limine* to prevent Defendants from arguing these points before the jury, given that they are irrelevant to the jury's inquiry on step one.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion to Clarify and/or Reconsider the Court's August 19, 2020 Summary Judgment Order.

Respectfully submitted,

_____//s//_____      September 11, 2020
LEGAL AID JUSTICE CENTER
Simon Sandoval-Moshenberg, VSB #77110
Nady Peralta, VSB #91630
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Phone: (703) 778-3450
Fax: (703) 778-3454
simon@justice4all.org
nady@justice4all.org

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Kaiyeu Kevin Chu, VSB #85746
Matthew Traupman (pro hac vice)
Gianna Puccinelli (pro hac vice)
1300 I Street NW, Suite 900
Washington, District of Columbia 20005
Phone: (202) 538-8000
Fax: (202) 538-8100
kevinchu@quinnemanuel.com
matthewtraupman@quinnemanuel.com
giannapuccinelli@quinnemanuel.com

*Counsel for Plaintiffs*

## Certificate of Service

I hereby certify that on this 11th day of September, 2020, I caused the foregoing to be filed electronically with the Clerk of the Court using CM/ECF, which will then send a notification of such filing to all counsel of record.


_____//s//_____      Dated: September 11, 2020
Simon Sandoval-Moshenberg (VSB No. 77110)
*simon@justice4all.org*
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Tel: (703) 720-5605
Fax: (703) 778-3454