# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| ROSY GIRON DE REYES, *et al.*, ) <br> Plaintiffs, ) <br>  ) <br> v. ) <br>  ) <br> WAPLES MOBILE HOME PARK ) <br> LIMITED PARTNERSHIP, *et al.*, ) <br> Defendants. ) | No. 1:16-cv-563 |

## ORDER

At issue on remand from the Fourth Circuit in this matter is defendants' Motion to Clarify and/or Reconsider the August 19, 2020 Order denying defendants' motion for summary judgment. Defendants seek (1) clarification as to whether the August 19, 2020 Order decided defendants' step one arguments under the three-step test for disparate impact liability under the Fair Housing Act ("FHA"), 42 U.S.C. § 3604, as set forth by the Fourth Circuit on appeal and (2) reconsideration of the August 19, 2020 Order to the extent it denied defendants' step one arguments. The matter has been fully briefed and argued, including a telephonic hearing on the matter that occurred on September 23, 2020. Accordingly, the matter is now ripe for disposition.

### I.

It is necessary to begin with a statement of the issues to be considered on remand. The Fourth Circuit expressly remanded this matter for consideration of summary judgment on steps two and three of plaintiffs' disparate impact claim under FHA § 3604.[1] This is unmistakably clear

---

[1] The first step of the three-step test for a claim of disparate impact under FHA § 3604 requires plaintiffs to demonstrate a robust causal connection between defendants' challenged policy and the disparate impact on the protected class. *See Reyes v. Waples Mobile Home Park LP*, 903 F.3d 415, 424 (4th Cir. 2018) (citing *Texas Dep't of Housing & Cmty. Affairs v. Inclusive Communities Project, Inc.*, 135 S. Ct. 2507, 2522 (2015). At the second step, defendants have the burden of persuasion to "'state and explain the valid interest served by their policies.'" *Id.* (quoting *Inclusive Communities* at 2522). At the third step, and in order to establish liability, plaintiffs have the burden to prove that

1

from the explicit instruction at the end of the Fourth Circuit's opinion. Specifically, the Fourth Circuit "remand[ed] to allow the district court to consider the cross-motions for summary judgment" and the specific task on summary judgment was consideration of the two "additional steps" of the three-step test: *i.e.*, steps two and three.

> We vacate the district court's grant of Waples' motion for summary judgment on the FHA claim and remand to allow the district court to consider the cross-motions for summary judgment under Plaintiff's disparate-impact theory of liability in a manner consistent with this opinion.[12]
>
> [12] . . . Plaintiffs have satisfied their burden under step one of the burden-shifting framework to make a prima facie showing of disparate impact. It is for the district court to determine in the first instance whether Plaintiffs have satisfied the additional steps in this inquiry and, thus, whether Waples' Policy requiring occupants to provide documentation evincing legal status violated the FHA by disproportionately impacting Latinos.

*See Reyes*, 903 F.3d at 433 (footnote twelve in original).

Footnote twelve of the Fourth Circuit's opinion[2] expressly forecloses defendants' contention here that it is appropriate to address step one on remand.[3] As made clear by footnote

---

defendants' asserted interests "'could be served by another practice that has a less discriminatory effect.'" *Id.* (quoting *Inclusive Communities* at 2515).

[2] In full, footnote twelve of the Fourth Circuit's opinion is as follows:

> Despite the dissent's assertions otherwise, our holding does not extend FHA protection to individuals based on immigration status, nor does it even extend FHA protection to these Plaintiffs. *See* Dissenting Op. at 434. We merely hold that, under these facts, Plaintiffs have satisfied their burden under step one of the burden-shifting framework to make a prima facie showing of disparate impact. It is for the district court to determine in the first instance whether Plaintiffs have satisfied the additional steps in this inquiry and, thus, whether Waples' Policy requiring occupants to provide documentation evincing legal status violated the FHA by disproportionately impacting Latinos.

*Reyes*, 903 F.3d at 433 n.12.

[3] Following remand, defendants filed a motion for summary judgment on all three steps of the three-step test for disparate impact liability under FHA § 3604. *See* Defs' Mot. for Summary Judgment (Dkt. 247). Although invited to do so, plaintiffs never filed a cross-motion for summary judgment. *See* Order of Issues to Address on Remand at 1 n.1 (Dkt. 273). At oral argument on September 23, 2020, plaintiffs' counsel confirmed that plaintiffs were no longer

twelve, plaintiffs have "satisfied their burden under step one" by presenting evidence sufficient to defeat defendants' motion for summary judgment.[4] It is not appropriate to re-litigate step one on remand because to do so would violate the Fourth Circuit's mandate. Indeed, the Fourth Circuit has emphasized that district courts are "bound to carry out the mandate of the higher court [and] may not reconsider issues the mandate laid to rest." *United States v. Susi*, 674 F.3d 278, 283 (4th Cir. 2012); *see also Doe v. Chao*, 511 F.3d 461, 464–65 (4th Cir. 2007); *South Atl. Ltd. P'ship of Tn., LP v. Riese*, 356 F.3d 576, 583–84 (4th Cir. 2004). Matters laid to rest by a mandate include "'issues expressly or impliedly decided by the appellate court,'" as district courts "must attempt to implement the spirit of the mandate." *See Riese*, 356 F.3d at 584 (quoting *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993)); *Brown v. Nucor Corp.*, 785 F.3d 895, 921 (4th Cir. 2015) (same).[5]

These principles, applied here, make clear that it is not necessary to clarify or reconsider the August 19, 2020 Order. Put simply, the August 19, 2020 Order complied with the Fourth Circuit's mandate by addressing the two steps listed in the remand instructions: steps two and three of the three-step test for a claim of disparate impact under FHA § 3604. As set forth in the August 19, 2020 Order, there is a genuine dispute of fact on step two as to "whether the Policy furthers defendants' interests in avoiding liability under the anti-harboring statute and avoiding loss from

---

pursuing a claim for disparate treatment under FHA § 3604.

[4] Plaintiffs do not contend that the Fourth Circuit granted summary judgment on step one to plaintiffs, such that the jury need not be instructed about step one. Although the Fourth Circuit's opinion is not entirely clear on this point, plaintiffs appear to be correct that the Fourth Circuit did not grant plaintiffs summary judgment on step one. *See, e.g., id.* at 432–33 (emphasis added) ("this appeal is before us as a challenge *to the district court's grant of Waples' motion for summary judgment* . . . and [] we conclude that Plaintiffs submitted sufficient evidence of a prima facie case"). Defendants, unsurprisingly, agree that the Fourth Circuit did not grant plaintiffs partial summary judgment on step one of the three-step test for a claim of disparate impact under FHA § 3604.

[5] Defendants' argument that appellate remand of an order disposing of a matter on a motion to dismiss does not bind a district court considering a later-in-time motion for summary judgment lacks merit because here the Fourth Circuit remanded on summary judgment, not a motion to dismiss. *See* Def.'s Reply Brief at 4 (Dkt. 289) (citing *Graves v. Lioli*, 930 F.3d 307, 318 (4th Cir. 2019)); *see also Reyes*, 903 F.3d at 432–33 ("this appeal is before us as a challenge to the district court's grant of Waples' motion for summary judgment").

3

eviction." *See* August 19, 2020 Order at 2. There are also genuine disputes of material fact on step three as to "whether plaintiffs' proposed alternative to the Policy, requiring only lessees to demonstrate proof of lawful presence in the United States, [] serves the same valid interest in verifying identify and conducting criminal background checks that defendants claim require the Policy's implementation." *Id.* The August 19, 2020 Order did not address step one because the Fourth Circuit remanded the matter only on steps two and three. *See Brown*, 785 F.3d at 921 (holding that the district court exceeded the scope of the appellate mandate by addressing the pre-requisite elements for class certification). In light of the above analysis, it is unnecessary to clarify or reconsider the August 19, 2020 Order.

Accordingly,

It is hereby **ORDERED** that defendants motion to clarify and/or reconsider (Dkt. 284) is **DENIED.**

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
September 28, 2020

/s/
T. S. Ellis, III
United States District Judge

4