UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ROSY GIRON DE REYES; JOSE DAGOBERTO REYES; FELIX ALEXIS BOLANOS; RUTH RIVAS; YOVANA JALDIN SOLIS; ESTEBAN RUBEN MOYA YRAPURA; ROSA ELENA AMAYA; and HERBERT DAVID SARAVIA CRUZ,<br><br>*Plaintiffs*,<br><br>vs.<br><br>WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP; WAPLES PROJECT LIMITED PARTNERSHIP; and A.J. DWOSKIN & ASSOCIATES, INC.,<br><br>*Defendants*. | Civil Action No. 1:16cv00563-TSE-TCB |

## [PROPOSED] ORDER

Upon consideration of Plaintiffs' Motions *in Limine*, it is hereby ordered that the Motions *in Limine* are **GRANTED** as follows:

1. Defendants shall not present evidence, testimony, or argument on the following topics:

    - Plaintiffs failed to show that Defendants' Policy is "artificial, arbitrary, and unreasonable."

    - The "anti-harboring" provision of the Immigration Reform and Control Act, 8 U.S.C. § 1324(a)(1)(A)(iii), precludes Plaintiffs from demonstrating robust causality.

    - Plaintiffs failed to show a "robust causal connection" between Defendants' Policy and its impact on them as Latinos, because the female Plaintiffs' immigration status (and not their ethnicity) precluded them from fulfilling the policy.

2. Defendants must lay an adequate foundation establishing their witnesses' personal knowledge before eliciting testimony on the "business necessities" that the Policy purportedly

1

fulfills.

3. Defendants must lay an adequate foundation establishing their witnesses' personal knowledge of the 2009 and 2018 Treasury Inspector General's reports before introducing evidence or argument regarding these reports.

4. Defendants shall not introduce evidence or argument relating to the ICRA anti-harboring statute, 8 U.S.C. § 1324, and the Personal Responsibility and Work Opportunity Reconciliation Act ("PRWORA"), 8 U.S.C. § 1611. The Court will also issue a jury instruction that mistakes of law cannot constitute business necessities for the purpose of satisfying step two of the *Inclusive Communities* framework.

5. Defendants shall not elicit additional testimony regarding the Plaintiffs' legal immigration status beyond what is necessary to establish whether they are legally present.

6. Defendants shall not introduce evidence or argument regarding Defendants' or Defendants' witnesses' views or opinions on immigrants or immigration.

7. Defendants shall not introduce evidence or argument regarding Defendants' or Defendants' witnesses possession of Fair Housing Act Training.

8. Defendants shall not introduce evidence or argument regarding Defendants' or Defendants' witnesses advertising for Defendants' business in Spanish.

**SO ORDERED.**

Dated: _____

                    Hon. T.S. Ellis, III
                    United States District Judge