# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

| | |
|---|---|
| ROSY GIRON DE REYES; JOSE DAGOBERTO REYES; FELIX ALEXIS BOLANOS; RUTH RIVAS; YOVANA JALDIN SOLIS; ESTEBAN RUBEN MOYA YRAPURA; ROSA ELENA AMAYA; and HERBERT DAVID SARAVIA CRUZ, <br><br> *Plaintiffs*, <br><br> vs. <br><br> WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP; WAPLES PROJECT LIMITED PARTNERSHIP; and A.J. DWOSKIN & ASSOCIATES, INC., <br><br> *Defendants*. | Civil Action No. 1:16cv00563-TSE-TCB |

## RESPONSE TO DEFENDANTS' MOTION TO SEAL

Plaintiffs Rosy Giron de Reyes, Jose Dagoberto Reyes, Felix Alexis Bolaños, Ruth Rivas, Yovana Jaldin Solis, Esteban Ruben Moya Yrapura, Rosa Elena Amaya, and Herbert David Saravia Cruz ("Plaintiffs"), by counsel, respectfully submit the following memorandum in response to Defendants' Motion to Seal (ECF No. 346, the "Motion to Seal"), related to documents cited in two of their motions *in limine* (ECF Nos. 323 and 329).

In the Motion to Seal, Defendants moved to seal the following general categories of documents:

- Documents designated as "confidential" pursuant to the Stipulated Protective Order (ECF No. 45), which must be filed under seal (*see, e.g.,* ECF No. 323, Ex. 1-7);

- Documents containing sensitive personal information, such as credit reports and resident ledgers (*see, e.g.,* ECF No. 329, Ex. 2-4); and

- Deposition testimony designated as "confidential" pursuant to the Stipulated Protective Order (ECF No. 45), which must be filed under seal (*see, e.g.,* ECF No. 329, Ex. 5).

Plaintiffs agree with Defendants that such documents should be filed under seal, for the reasons that follow.

## ARGUMENT

*Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000), held that documents may be sealed pursuant to district court order when the court: (1) provides notice to the public and gives it an opportunity to object to sealing, (2) considers less drastic alternatives, and (3) provides specific findings in support of the decision to seal and the rejection of alternatives. Those requirements are met here.

First, Defendants have concurrently filed a Notice of Motion to be docketed by the Clerk. The Notice will provide the public with an opportunity to object to the sealing of the documents in question.

Second, no feasible alternative exists to sealing these documents, in light of the Stipulated Protective Order requiring information designated confidential pursuant to the Order to be filed with the court consistent with Local Rule 5 of the Eastern District of Virginia. Moreover, this Court has found that there is good cause to file documents containing personal identifying information under seal, or with the personal identifying information redacted. *See, e.g., The Radiance Found., Inc. v. Nat'l Ass'n for the Advancement of Colored People*, No. 2:13CV53, 2013 WL 12433124, at *1 (E.D. Va. Dec. 4, 2013) (granting motion to seal "confidential information, including personal identifying information such as phone numbers, names, and e-mail addresses which have been designated as protected information"). Courts have also found it appropriate to seal other categories private information where it has no relation to the issues pending in the matter. *See, e.g., Rothman v. Snyder,* 2020 WL 7395488, at *4 (D. Md. Dec. 17, 2020) (sealing phone

2

records, call logs, and text messages of nonparties as "private information"). Such is the case with many of Defendants' exhibits here, including private credit reports and lease applications, the details of which are not central to this case. *See, e.g.,* ECF No. 329, Ex. 2.[1]

Third, specific reasons exist to justify the rejection of alternatives. Redacting or sealing the documents is the only way preserve the Plaintiffs' and other individuals' privacy interest in their personal identifying information and other private information. It also is the only way to protect them from undue harassment, including due to Plaintiffs' immigration status. Accordingly, the utmost discretion and confidentiality is necessary, and the documents Defendants have identified in their Motion to Seal should be kept redacted or under seal.

## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court grant Defendants' Motion to Seal.

---

[1] Plaintiffs' incorporate by reference Defendants' arguments as to the merits of sealing documents containing confidential business information. *See* ECF No. 347 at 3-4.

Respectfully submitted,

_____//s//_____     January 21, 2021
LEGAL AID JUSTICE CENTER
Simon Sandoval-Moshenberg, VSB #77110
Nady Peralta, VSB #91630
Granville C. Warner, VSB 24957
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Phone: (703) 778-3450
Fax: (703) 778-3454
simon@justice4all.org
nady@justice4all.org
cwarner@justice4all.org

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Kaiyeu Kevin Chu, VSB #85746
Matthew Traupman (pro hac vice)
Gianna Puccinelli (pro hac vice)
1300 I Street NW, Suite 900
Washington, District of Columbia 20005
Phone: (202) 538-8000
Fax: (202) 538-8100
kevinchu@quinnemanuel.com
matthewtraupman@quinnemanuel.com
giannapuccinelli@quinnemanuel.com

*Counsel for Plaintiffs*

## Certificate of Service

I hereby certify that on January 21, 2021, I caused the foregoing to be filed electronically with the Clerk of the Court using CM/ECF, which will then send a notification of such filing to all counsel of record.

_____//s//_____          Dated: January 21, 2021
Simon Sandoval-Moshenberg, VSB #77110
*simon@justice4all.org*
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Phone: (703) 778-3450
Fax: (703) 778-3454