# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

| | |
|---|---|
| **ROSY GIRON DE REYES,** *et al.*,           ) | |
| Plaintiffs,           ) | |
| ) | |
| v.           ) | No. 1:16-cv-563 |
| ) | |
| **WAPLES MOBILE HOME PARK**           ) | |
| **LIMITED PARTNERSHIP,** *et al.*,           ) | |
| Defendants.           ) | |

## ORDER

This matter is before the Court on the Court's decision to reassign this matter to a different district judge in the Alexandria Division of the Eastern District of Virginia. The basis for this decision is as follows. On January 11, 2021, Defendant Waples Mobile Home Park ("Defendant") filed a Motion *in limine* to exclude evidence and argument regarding the ethnicity of individuals at Waples' Mobile Home Park (the "Park"), focusing chiefly on the exclusion of evidence and argument related to a declaration prepared by one of Plaintiffs' former attorneys, Archith Ramkumar ("Ramkumar Declaration").[1] From August 2014 to August 2015, Archith Ramkumar served as a term law clerk for this Court. Until Defendant filed Defendant's Motion *in limine*, the Court was unaware that Mr. Ramkumar was involved in this matter as a potential witness.[2]

---

[1] The Ramkumar Declaration contains Mr. Ramkumar's "surname analysis" of the individuals living at the Park—an analysis which indicates that, based on the surnames of individuals living at the Park, approximately 91% of Park residents are Latino. *See* Ramkumar Decl. at 3 (Dkt. 161-9). Defendant's Motion *in limine* argues that the Ramkumar Declaration and evidence related to the Ramkumar Declaration is inadmissible because (1) the Ramkumar Declaration involves expert testimony and Mr. Ramkumar is not a qualified expert witness, (2) Plaintiff did not identify Mr. Ramkumar as a witness in Plaintiffs' pre-trial witness disclosures, and (3) Mr. Ramkumar previously served as Plaintiffs' counsel and therefore cannot testify in this matter. *See* Def.'s Mot. in Limine at 2, 7, 13 (Dkt. 323).

[2] Although Plaintiffs filed the Ramkumar Declaration in January 2017 as one of nine exhibits in support of a summary judgment reply brief, the Court did not realize at this time that Mr. Ramkumar might be involved in this case as a potential witness. Accordingly, the fact of Mr. Ramkumar's previous employment with this Court has not played any role whatever in the analysis of any of the parties' motions.

Canon 3(C) of the Code of Conduct for United States Judges states that "[a] judge shall disqualify himself [] in a proceeding in which the judge's impartiality might reasonably be questioned."[3] Here, the Court's impartiality might reasonably be questioned because, as a result of Defendant's Motion in *limine*, the Court may need to opine on the credibility and qualifications of a former employee. It is prudent to avoid making a decision on such an issue and therefore it is appropriate to reassign the matter to a different district judge in the Alexandria Division of the Eastern District of Virginia.[4] The Fourth Circuit's opinion and mandate in *Reyes v. Waples Mobile Home Park L.P.*, 903 F.3d 415 (4th Cir. 2018) clearly states the matters at issue on remand and the newly assigned district judge may familiarize him or herself with that opinion.

Accordingly,

It is hereby **ORDERED** that the Clerk is **DIRECTED** to reassign this matter, *Reyes et al. v. Waples Mobile Home Park*, No. 1:16-cv-563, to another district judge in the Alexandria Division of the Eastern District of Virginia.

It is further **ORDERED** that all deadlines, including the current briefing deadlines for the parties' motions *in limine* are **SUSPENDED** pending further order of the newly assigned district judge. Further, the hearing on the parties' motion in *limine* scheduled for March 3, 2021 is **CANCELLED**.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
February 1, 2021

/s/
T. S. Ellis, III
United States District Judge

---

[3] Canon 3(C), Code of Conduct for United States Judges at 8, https://www.uscourts.gov/judges-judgeships/code-conduct-united-states-judges (last accessed Feb. 1, 2021).

[4] *See State ex rel Lewis v. Hall*, 241 W. Va. 355, 360 (2019) ("There is authority holding that if a judge's law clerk testifies in a case then the judge should recuse himself"); *Wise v. Mastromarco*, 483 Mich. 912, 912 (2009) (same); *Kennedy v. Great Atl. & Pac. Tea Co.*, 551 F.2d 593, 599 (5th Cir. 1997) (same); *Gabriele v. Southworth*, 712 F.2d 1505, 1506 (1st Cir. 1983) ("We approach our scrutiny [of this case involving a former law clerk as an applicant for attorneys' fees] uneasy at the course these proceedings have taken.").