**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

ROSY GIRON DE REYES, *et al.*,

*Plaintiffs*,

vs.

WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP, *et al.*,

*Defendants*.

Civ. No. 1:16-cv-00563 (LO/TCB)

**PLAINTIFFS' MEMORANDUM IN RESPONSE TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING THE MEANING OF THE FEDERAL ANTI-HARBORING STATUTE, 8 U.S.C. § 1324, OR THE U.S. COURT OF APPEALS FOR THE FOURTH CIRCUIT'S DECISION IN *UNITED STATES V. AGUILAR*, 477 F. APP'X 1000 (4TH CIR. 2012)**

Plaintiffs, by counsel, hereby submit the following Memorandum of Law in response to Defendants' Motion *in Limine* to Exclude Evidence or Argument Regarding the Meaning of the Federal Anti-Harboring Statute, 8 U.S.C. § 1324, or the U.S. Court of Appeals for the Fourth Circuit's Decision in *United States v. Aguilar*, 477 F. App'x 1000 (4th Cir. 2012) (Dkt. No. 344, the "Motion").

**INTRODUCTION**

Plaintiffs agree that the interpretation of the federal anti-harboring statute, 8 U.S.C. §1324, as well as any accompanying case law, is a question of law that is properly reserved for the Court. They therefore do not oppose Defendants' requested relief in the Motion, *i.e.*, that the Court should exclude evidence or argument regarding the meaning of 8 U.S.C. §1324 and *United States v. Aguilar*, 477 F.App'x 1000 (4th Cir. 2012), and should instead instruct the jury on same. Dkt. No. 344 at 2. Nevertheless, the federal anti-harboring statute and *Aguilar* are not relevant to the *Inclusive Communities* burden-shifting framework because (1) Defendants misstate the applicable

standard at step one; and (2) Defendants cannot demonstrate that the federal anti-harboring statute applies to their conduct so as to constitute a business necessity under step two. Thus, the correct interpretation of the federal anti-harboring statute and *Aguilar* should nullify the need to introduce evidence regarding same in the first place.

## ARGUMENT

### I. Defendants Misstate the Applicable Standard at Step One of the *Inclusive Communities* Analysis

Although these arguments have been rejected by this Court and the Fourth Circuit, Defendants continue to insist that the anti-harboring statute prevents Plaintiffs from making a prima facie case of disparate impact under step one of the *Inclusive Communities* framework. Dkt. No. 344 at 2, 4-6. Specifically, Defendants incorrectly believe that Plaintiffs cannot make a prima facie case of disparate impact because the federal anti-harboring statute prevents the Policy from being "artificial, arbitrary, and unnecessary." *Id*. They also contend that the federal anti-harboring statute "substantially limits" Defendants' ability to formulate policies relating to undocumented immigrants. *Id*.

As detailed in Plaintiffs' Motions *in Limine*, Dkt. No. 332 at 3-6, the Fourth Circuit explained that step one of the three-step *Inclusive Communities* framework requires a plaintiff to "demonstrate a robust causal connection between the defendant's challenged policy and the disparate impact on the protected class." *Reyes v. Waples Mobile Home Park Ltd. P'ship*, 903 F.3d 415, 424 (4th Cir. 2018), *cert. denied sub nom. Waples Mobile Home Park Ltd. P'ship v. de Reyes*, 139 S. Ct. 2026, 204 L. Ed. 2d 218 (2019). In doing so, it rejected Defendants' arguments that disparate impact plaintiffs also needed to show that (1) the policy at issue was not "artificial, arbitrary, and unnecessary"; and (2) federal and state law does not "substantially limit" a defendant's discretion in formulating said policy. *See* Defendants presented each of these

arguments to the Court of Appeals. *See* Brief of Appellees at 33-35, 37-39, Case No. 17-1723 (4th. Cir. Dec. 15, 2017), Dkt No. 50. When Defendants presented the same arguments to this Court in their Motion for Summary Judgment, *see, e.g.,* Dkt. No. 248 at 10-14, the Court again rejected them and set the case for trial, *see generally* Dkt. No. 283. To the extent there was any lingering ambiguity (there was not), the Court unmistakably shut the door on these arguments for good in its order on Defendants' Motion for Reconsideration (Dkt. No. 285), stating,

> It is not appropriate to relitigate step one on remand because to do so would violate the Fourth Circuit's mandate. Indeed, the Fourth Circuit has emphasized that district courts are "bound to carry out the mandate of the higher court [and] may not reconsider the issues laid to rest."

Dkt. No. 298 at 1, 3 (citations omitted).

Thus, under the Fourth Circuit's precedent and the law of this case, the anti-harboring statute and *Aguilar* are irrelevant to step one.

## II. Defendants Cannot Demonstrate that the Federal Anti-Harboring Statute and *Aguilar* Are Relevant Because They Do Not Apply to this Case[1]

Moreover, as Plaintiffs argued in their Opposition to Defendants' Motion for Summary Judgment (Dkt. No. 256), merely renting to undocumented immigrants, without more, does not violate the ICRA anti-harboring provision. That result is consistent with all other reported appellate decisions. *See United States v. Vargas-Cordon*, 733 F.3d 366, 382 (2d Cir. 2013) ("The mere act of providing shelter to an alien, when done without intention to help prevent the alien's detection by immigration authorities or police is ... not an offense under §1324(a)(1)(A)(iii)."); *DelRio-Mocci v. Connolly Props. Inc.*, 672 F.3d 241, 247 (3d Cir. 2012) ("We do not know of any court of appeals that has held that knowingly renting an apartment to an alien lacking immigration

---

[1] Plaintiffs also contend that Defendants' witnesses cannot lay an adequate foundation to show that the federal anti-harboring statute motivated the creation or the enforcement of the Policy. Dkt. No. 332 at 6-13. Thus, any testimony or argument relating to same should be precluded.

status constitutes harboring."); *see also Lozano v. City of Hazleton*, 724 F.3d 297, 320 (3d Cir. 2013); *Villas at Parkside Partners v. City of Farmers Branch, Tex.*, 726 F.3d 524, 529 (5th Cir. 2013). Even in *Aguilar*, however, this Court noted that an individual possesses the pertinent *mens rea* when said individual acts "with reckless disregard" and "consciously ignores facts and circumstances clearly indicating that an individual is an undocumented alien." 477 F. App'x at 1002. Thus, because the defendant "admitted that 'it was the same' to her whether her tenants possessed proper documentation or not," and failed "to ascertain the status of her tenants even after repeatedly being warned by officials that numerous of her tenants were not properly documented," she possessed the requisite *mens rea* for conviction. *Id.* Defendants have submitted no evidence of (1) any conduct approaching the deliberate concealment described in the appellate decisions cited above; or (2) any intent approaching the "reckless disregard" of the defendant in *Aguilar*.[2] Thus, any instruction that the Court would provide to the jury regarding the proper interpretation of the federal anti-harboring statute and *Aguilar* would establish that Defendants' conduct falls outside the ambit of same.

## CONCLUSION

For the foregoing reasons, Plaintiffs do not oppose Defendants' requested relief in their Motion *in Limine* to Exclude Evidence or Argument Regarding the Meaning of the Federal Anti-Harboring Statute, 8 U.S.C. § 1324, or the U.S. Court of Appeals for the Fourth Circuit's Decision in *United States v. Aguilar*, 477 F. App'x 1000 (4th Cir. 2012), although they contend that the relevance of the federal anti-harboring statute and *Aguilar* is irrelevant to this case.

---

[2] Moreover, purported business interests based in mistakes of law cannot constitute business necessities for the purpose of step two of the *Inclusive Communities* framework. *See Rhode Island Com'n for Human Rights v. Graul*, 120 F. Supp. 3d 110, 127-128 (D. R.I. 2015) (finding that misinterpreted legal standard "cannot be said to be necessary to achieve a valid interest" under the second prong of the disparate impact standard (internal citations and quotation marks omitted)).

Respectfully submitted,

__________________//s//___________________ Dated: June 4, 2021

LEGAL AID JUSTICE CENTER
Simon Sandoval-Moshenberg, VSB #77110
Nady Peralta, VSB #91630
Granville C. Warner, VSB 24957
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Phone: (703) 778-3450
Fax: (703) 778-3454
simon@justice4all.org
nady@justice4all.org
cwarner@justice4all.org

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Kaiyeu Kevin Chu, VSB #85746
Matthew Traupman (pro hac vice)
1300 I Street NW, Suite 900
Washington, District of Columbia 20005
Phone: (202) 538-8000
Fax: (202) 538-8100
kevinchu@quinnemanuel.com
matthewtraupman@quinnemanuel.com

*Counsel for Plaintiffs*

**Certificate of Service**

I hereby certify that on this 4th day of June, 2021, I caused the foregoing to be filed electronically with the Clerk of the Court using CM/ECF, which will then send a notification of such filing to all counsel of record.

_________________//s//__________________
Simon Sandoval-Moshenberg, VSB #77110
*simon@justice4all.org*
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Phone: (703) 778-3450
Fax: (703) 778-3454