UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ROSY GIRON DE REYES, *et al.*,

    *Plaintiffs*,

vs.

WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP, *et al.*,

    *Defendants*.

Civ. No. 1:16-cv-00563 (LO/TCB)

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
MOTION TO AMEND EXHIBIT LIST AND WITNESS LIST**

Plaintiffs, by counsel, respectfully submit the following memorandum of law in support of their Motion to Amend Exhibit List and Witness List.

**Introduction**

While preparing a response to Defendants' Motion *in Limine* to Exclude Evidence of the Ethnicity of Individuals at the Park Allegedly Affected by the Policy (Dkt. 322), Plaintiffs' counsel realized that they had failed to list as a trial exhibit a publicly available reference document published by the United States Census Bureau. That error is embarrassing, and Plaintiffs' counsel apologize to the Court and Defendants' counsel for the inconvenience that it causes. But *as a legal matter,* the error is "harmless" under Federal Rule of Civil Procedure 37(c)(1) because, *inter alia*, Defendants themselves have used an earlier version of the document, Defendants have been aware of Plaintiffs' reliance on the document for four years, and trial has not been scheduled (and likely will not be scheduled for months).

Accordingly, Plaintiffs move for leave to amend their exhibit list to include "Frequently Occurring Surnames from the 2010 Census," which is available at:

1

https://www.census.gov/topics/population/genealogy/data/2010_surnames.html (hereafter "2010 Census Document"). This document lists, for every name that occurred more than 100 times in the 2010 census, the ethnicity reported by people who use that name. *See* https://www2.census.gov/topics/genealogy/2010surnames/surnames.pdf (explanatory document).

Because the 2010 Census Document is enormous (thousands of pages long, with 162,255 lines of data), Plaintiffs offer an alternative in accordance with Federal Rule of Evidence 1006, which allows presentation of a "summary" or "chart" of "voluminous writings." Specifically, Plaintiffs offer a chart that copies the relevant data from 22 lines of the 2010 Census Document – with each line reflecting data on the self-reported ethnicity of people using a designated surname. The surnames match those found on two lists created by Defendants to track tenants who were unable to meet Defendants' policies: Plaintiffs' Exs. 123 at WAPLES00002442, and 104 at WAPLES00001272-73. Copies of the cited pages of those exhibits are attached to this memorandum as Exhibits 1 and 2, and a copy of the summary chart is attached as Exhibit 3. The summary chart would also be harmless to Defendants, for the same reasons that adding the 2010 Census Document would harmless. And the chart will greatly improve trial efficiency so that the Court, counsel, witnesses and the jury will not have to repeatedly handle a large, unwieldy document.

## Argument

### I.  Legal Standard

Federal Rule of Civil Procedure 26(a)(3) requires parties to make pretrial disclosures, (including exhibits and witnesses) at least thirty days before trial, unless the court orders otherwise. No trial date has been set in this case, but the Court ordered pretrial disclosures on December 4, 2020. Dkt. 297. In accordance with Federal Rule of Civil Procedure 37(c)(1), a

party can be barred from using information that is not disclosed in a timely manner, unless the failure to disclose is "substantially justified" or "harmless."

A district court has "broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1)." *S. States Rack And Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). In exercising that discretion, the court "should be guided by the following factors:"

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Id.* The first four factors relate to the "harmless" ground under Rule 37(c)(1), and the fifth relates to the "substantially justified" ground. *Hill v. Coggins*, 867 F.3d 499, 507 (4th Cir. 2017). When considering whether a failure to disclose is "harmless," the fifth factor "sheds little light" on the analysis. *Id.* at 508.[1]

Federal Rule of Evidence 1006 allows the "use [of] a summary, chart, or calculation to prove the content of voluminous writings, recordings or photographs that cannot be conveniently examined by the court." Although "the underlying evidence need not be introduced into evidence" under Rule 1006, the Rule "'afford[s] a process to test the accuracy of the chart's summarization.'" *United States v. Blackwell*, 436 F. App'x 192, 199 (4th Cir. 2011), quoting *United States v. Janati*, 374 F.3d 263, 273 (4th Cir. 2004). Specifically, Rule 1006 "'require[s] that the documents be made available to the opposing party for examination and copying at a

---

[1] Plaintiffs are not claiming "substantial justification" for failing to designate the 2010 Census Document in the exhibit list; counsel simply made a mistake. Accordingly, the Court need not analyze the fifth factor from *Southern States*.

reasonable time and place'" and permits the district court to order "'that the underlying documents actually be brought to court.'" *Blackwell*, 436 F. App'x at 199.

Federal Rule of Evidence 611(a) states that the court should exercise control over trial procedures in order to: "(1) make those procedures effective for determining the truth; [and] (2) avoid wasting time[.] "Indeed, trial judges have a responsibility, particularly in complex technical cases as presented here, to ensure that matters are clarified for the record." *Synthon IP, Inc. v. Pfizer Inc.*, 2007 WL 1075194, at *6 (E.D. Va., Apr. 6, 2007) (Ellis, J.).

**II.     Failure to Designate the 2010 Census Document as an Exhibit Was Harmless.**

Plaintiffs' failure to designate the 2010 Census Document as an exhibit on December 4, when exhibit lists were submitted, did not harm the Defendants. The four "harmlessness" factors set forth in *Southern States¸* 318 F.3d at 597, make that fact clear:

*(1) the surprise to the party against whom the evidence would be offered*

Defendants cannot claim that they are surprised by Plaintiffs' use of the 2010 Census Document. Plaintiffs first referred to the document over four years ago, as part of their summary judgment briefing. Dkt 157, 157-9. *See Hill,* 867 F.3d at 507 (expert's additional statement was included in a summary judgment declaration, which "undermines [the] claim of unfair surprise"). And Defendants themselves had referred to an earlier version of the same document (based on 2000 census data, rather than 2010 data) even before that, in their own summary briefing. Dkt. 98 at 16 n.4.[2] Both parties even used the data for the same purpose: to conclude that a particular surname is "likely" to be used by someone with a particular ethnic background.

---

[2] The 2010 data apparently became available in December 2016 – between the time Defendants filed their brief (relying on 2000 data) and the time Plaintiffs' brief was filed (using 2010 data). https://www.census.gov/topics/population/genealogy/data/2010_surnames.html.

Moreover, the Court of Appeals, in its 2018 decision, specifically highlighted the evidence that Plaintiffs submitted based on the 2010 Census Document. *Reyes v. Waples Mobile Home Park Ltd. P'ship*, 903 F.3d 415, 433 n.11 (4th Cir. 2018) ("Most notably, Plaintiffs submitted evidence that Latinos comprised 91.7% of those unable to comply with the Policy").

Accordingly, Plaintiffs' use of 2010 Census Document cannot be surprising to Defendants.

### *(2) the ability of that party to cure the surprise*

Since Defendants could not have been surprised, there is nothing to cure.

It is also worth noting that this is not a situation in which one party withheld a private document from another party, and the latter lacked the opportunity to examine the document's author. The 2010 Census Document is a publicly available reference document, and it has been equally available to both parties (and to the rest of the world) for over four years. Moreover, as noted above, Defendants used a version of this document themselves. Dkt. 98 at 16 n.4. *See Daugherty v. Ocwen Loan Servicing, LLC*, 701 F. App'x 246, 254 (4th Cir. 2017) (party had its own copy of late-disclosed documents, so was "not unfairly surprised by the content of those documents").

### *(3) the extent to which allowing the evidence would disrupt the trial*

With the trial currently scheduled for the week of March 21, 2022, use of the 2010 Census Document cannot disrupt the trial.

Even if trial were imminent, the use of this document would not cause a disruption because it would not add new theories, or otherwise "substantially change" the "character of the case." *Hill*, 867 F.3d at 508 (additional evidence did not disrupt trial because it did not "'interject an additional, and considerably complex, legal theory' into the case, nor did it 'substantially

5

change the character of the case and render obsolete much of the parties' trial preparation,'" quoting *Rambus, Inc. v. Infineon Tech. AG*, 145 F. Supp. 2d 721, 730 (E.D. Va. 2001)). As noted above, the 2010 Census Document is a publicly available reference document, both parties have already used versions of that Document, and both parties have used it for the same purpose: to identify the likely ethnicity of a tenant based on that tenant's surname. *See* Dkt. 98 at 16 n. 4 (Defs' summary judgment mem.); Dkt. 157 at 7; 157-9 (Plfs' summary judgment reply).

### *(4) the importance of the evidence*

Plaintiffs' initial proof of disparate impact is based on evidence showing that Latinos in the relevant area are nearly seven times more likely to be undocumented – and therefore almost seven times more likely to be unable to meet the policy challenged in this case – than non-Latinos. Dkt. 294-1 at 5. The Court of Appeals held that allegations to that effect "sufficiently alleged a *prima facie* case of disparate impact." 903 F.3d at 428.

Nevertheless, the Court of Appeals found that supplementary evidence created by reference to the 2010 Census Document was compelling. According to the Court of Appeals, Plaintiffs' primary evidence "satisfied the robust causality requirement," 903 F.3d at 429, but the charts showing the likely ethnicity of those subject to eviction was "additional, stronger evidence . . . on the disparate impact theory of liability," 903 F.3d at 433 n.11. Accordingly, while the 2010 Census Document is not minimally necessary for the Plaintiffs to meet their burden, the Court of Appeals has specifically noted the importance of evidence derived from that document.

The 2010 Census Document is also important to rebut a claim recently raised by Defendants. In support of their Motion *in Limine* to Exclude Evidence of the Ethnicity of Individuals at the Park Allegedly Affected by the Policy, Defendants argue that the jury should not see or hear the names of tenants, because "it is likely that the jury will reach improper

assumptions about Latino-sounding surnames." Dkt. 323 at 13. But in fact, as the summary chart (Exhibit 3) shows, the jury would likely reach the *correct* conclusion about "Latino-sounding surnames": it is 90% likely that tenants with "Latino-sounding surnames" were actually Latino. In any event, access to the 2010 Census Document would eliminate whatever risk of "improper assumptions" might exist, because it provides specific data on surnames and ethnic identity.

This Court has noted that "trials are searches for the truth; they are not games in which lawyers compete to see who has the greatest skill at spinning the facts or leaving some matter pregnantly unclear." *Synthon IP, Inc.*, 2007 WL 1075194, at *6. It is true – and, indeed, embarrassing – that counsel mistakenly failed to list the 2010 Census Document on Plaintiffs' exhibit list. But that Document will undoubtedly further the "search[] for truth." And while Defendants and the Court will be *inconvenienced* by this motion, the delay in designating the 2010 Census Document as an exhibit will be "*harmless*" to Defendants under the standard set out in *Southern States.* Accordingly, Plaintiffs' motion to add the 2010 Census Document should be granted.

**III.   The Use of Summary Charts Under Federal Rule of Evidence 1006 Would Make the Proceedings More "Effective for Determining the Truth" and "Avoid Wasting Time."**

As noted above, the 2010 Census Document is enormous, and would be difficult to use at trial. Accordingly, as an alternative to using the entire document, Plaintiffs seek leave to present (1) a summary chart under Federal Rule of Evidence 1006 and, if necessary, (2) a witness to sponsor that chart.

Specifically, Plaintiffs offer a chart that copies the relevant data from 22 lines of the 2010 Census Document – with each line reflecting data on the self-reported ethnicity of people using a designated surname. The surnames are taken from lists that Defendants created to track tenants

7

that were unable to meet Defendants' policies. *See* Exs. 1 and 2. A copy of the chart is attached as Exhibit 3.[3]

For the same reasons that adding the 2010 Census Document would be harmless under Federal Rule of Civil Procedure 37(c)(1), using this chart would be harmless – indeed, the chart merely copies (1) the names from Defendants' list of tenants, and (2) limited excerpts from the 2010 Census Document.

Rule 1006 allows the "use [of] a summary, chart, or calculation to prove the content of voluminous writings, recordings or photographs that cannot be conveniently examined by the court." While it would be *possible* to produce the 2010 Census Document in a version that could be used at trial, a document of that size certainly "cannot be conveniently examined" by the Court, counsel, witnesses, and the jury. *Id.* At the very least, handling the entire Document would be a significant waste of time – which Federal Rule of Evidence 611(a)(2) directs courts to avoid. And a summary chart that includes only relevant data would be a more "effective [means] for determining the truth," which is the most obvious goal of all trial proceedings. Federal Rule of Civil Procedure 611(a)(1).

Rule 1006 "'require[s] that the [summarized] documents be made available to the opposing party for examination," but that happened long ago. The documents from which the tenants' names were drawn were created by Defendants, and the 2010 Census Document has been available to Defendants since Plaintiffs first cited it over four years ago. *See* Dkt. 157-9 at 1 n.1. Also, it is worth noting that Defendants have not identified any inaccuracies in the versions

---

[3] The parties should be able to stipulate to the data on the chart. But Defendants have separately complained about not being able to interrogate the person who created versions of the chart for Plaintiffs' summary judgment filings, *see* Dkt. 323 at 4 n.3, so we offer Danna Chavez Calvi, the paralegal who created the chart, as a witness.

of the chart that Plaintiffs produced at summary judgment – notwithstanding a motion *in limine* directed in part at excluding the charts from evidence, Dkt. 323. In any event, if there is any reasonable cause to be concerned about accuracy, Rule 1006 specifically allows the Court to order that the 2010 Census Document be produced in court to facilitate challenges.

## **Conclusion**

For the foregoing reasons, Plaintiffs' Motion to Amend Exhibit List and Witness List should be granted.

Respectfully submitted,   Date:   June 4, 2021


_____//s//_____
LEGAL AID JUSTICE CENTER
Simon Sandoval-Moshenberg, VSB #77110
*simon@justice4all.org*
Nady Peralta, VSB #91630
*nady@justice4all.org*
Granville Clayton Warner, VSB #24957
*cwarner@justice4all.org*
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Phone: (703) 778-3450
Fax: (703) 778-3454

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Kaiyeu Kevin Chu, VSB #85746
*kevinchu@quinnemanuel.com*
Matthew Traupman (pro hac vice)
*matthewtraupman@quinnemanuel.com*
1300 I Street NW, Suite 900
Washington, District of Columbia 20005
Phone: (202) 538-8000
Fax: (202) 538-8100

*Counsel for Plaintiffs*

**Certificate of Service**

I hereby certify that on this 4th day of June, 2021, I caused the foregoing, along with all attachments thereto, to be filed electronically with the Clerk of the Court using CM/ECF, which will then send a notification of such filing (NEF) to all counsel of record.

_____//s//_____
Simon Sandoval-Moshenberg (VSB No. 77110)
*simon@justice4all.org*
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Tel: (703) 720-5605
Fax: (703) 778-3454