# EXHIBIT 1

Case 1:16-cv-00563-PTG-WBP   Document 379-1   Filed 06/04/21   Page 1 of 4 PageID# 9069

```
                    UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                         ALEXANDRIA DIVISION


  ROSY GIRON DE REYES,         )
  et al,                       )
                               )   Civil 16-563
           Plaintiffs,         )
                               )
      v.                       )
                               )   Alexandria, Virginia
  WAPLES MOBILE HOME PARK      )   September 23, 2020
  LIMITED PARTNERSHIP,         )
  et al,                       )
           Defendants.         )
  _____)


                  TRANSCRIPT OF MOTION HEARING
                           VIA ZOOM

              BEFORE THE HONORABLE T. S. ELLIS
                 UNITED STATES DISTRICT JUDGE



         APPEARANCES:

  For the Plaintiffs:     Simon Yehuda Sandoval-Moshenberg
                          Gianna Puccinelli
                          Nady Peralta
                          Matthew Traupman


  For the Defendants:     Michael Sterling Dingman
                          Grayson Hanes
                          Justin deBettencourt
                          Grayson Hanes



  Court Reporter:    PATRICIA A. KANESHIRO-MILLER, RMR, CRR



  Proceedings reported by stenotype shorthand.
  Transcript produced by computer-aided transcription.
```

26

1  Circuit suggested? Is that the plaintiffs' position?
2  MS. PUCCINELLI: No, Your Honor. Plaintiffs contend
3  that we should only be proceeding to trial on the disparate
4  impact theory of the Fair Housing Act claim.
5  THE COURT: All right. And as to that, it's the
6  position of the plaintiffs that it should proceed to trial on
7  all three steps of the analysis as identified by the Fourth
8  Circuit?
9  MS. PUCCINELLI: That is correct, Your Honor.
10  THE COURT: All right. Now, with respect to the
11  arguments that I have heard, you might reiterate, just to
12  refresh my recollection, what is the plaintiffs' position on
13  the effect, if any, of the anti-harboring statute on the
14  plaintiffs' claim in this case?
15  MS. PUCCINELLI: Your Honor, plaintiffs' position is
16  that the anti-harboring statute has no place in the analysis
17  on step one. The Fourth Circuit's -- the Fourth Circuit's
18  opinion clearly states, under the first step, the plaintiff
19  must demonstrate a robust causal connection between the
20  defendants' challenged policy and the disparate impact on the
21  protected class. And it goes -- the Fourth Circuit goes on
22  to identify how plaintiffs have done that. And that's either
23  through statistical evidence or other evidence that
24  specifically links the policy at issue with a
25  disproportionate impact on the protected class. And

1     instructed to consider whether defendants actually relied on
2     the anti-harboring statute as a justification for creating
3     the policy and applying it in this case to our plaintiffs.
4     In other words, whether it is pretextual --
5             THE COURT:  Why couldn't they have --
6             MS. PUCCINELLI:  Sorry, Your Honor.
7             THE COURT:  Well, all right.  It's puzzling to me, if
8     there is any basis for the application of the anti-harboring
9     statute -- there may not be -- I will go back and look at
10    what I have written -- but I'm not sure that if they didn't
11    rely on the anti-harboring statute and it really came up in
12    the course of the litigation rather than in their formulation
13    of the policy, why couldn't they still say, look, that is
14    still a consideration, we didn't realize we'd be put in jail
15    but now we do.
16            MS. PUCCINELLI:  Well, Your Honor, that turns to a
17    question of whether, under the application of that law, that
18    they would validly be, as you said, put in jail for violating
19    the anti-harboring statute.
20            But I do think --
21            THE COURT:  Yes, but my problem there,
22    Ms. Puccinelli, is that juries don't decide that sort of
23    thing; judges do.  I think you will agree, as I think is
24    indisputable, that the anti-harboring statute really played
25    no role in the Fourth Circuit's analysis.