IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROSY GIRON DE REYES, *et al.*, <br><br> Plaintiff, <br> v. <br><br> WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP, *et al.*, <br><br> Defendants. | Civil No.: 1:16cv563-LO-TCB |

### DEFENDANTS' NON-CONFIDENTIAL MEMORANDUM IN RESPONSE TO PLAINTIFFS' MOTIONS TO FILE DOCUMENTS UNDER SEAL (DKT. 366, 375)

Defendants Waples Mobile Home Park Limited Partnership, Waples Project Limited Partnership, and A. J. Dwoskin & Associates, Inc. (collectively "Defendants"), by counsel, pursuant to Local Civil Rule 5, submit this non-confidential memorandum of points and authorities in response to Plaintiffs' Motions to File Documents Under Seal (Dkts. 366, 375). Defendants do not oppose Plaintiffs' Motions to File Documents Under Seal (Dkts. 366, 375).

### INTRODUCTION

Plaintiffs filed two motions to seal: (1) Plaintiffs' Motion to File Documents Under Seal (Dkt. 366) which moves to seal documents attached as exhibits to certain of Plaintiffs' memorandums in opposition to Defendants' Motions *in Limine*; and (2) Plaintiffs' Motion to File Documents Under Seal (Dkt. 375) which moves to seal documents attached as exhibits to Plaintiffs' memorandum in support of their Motion to Amend Exhibit List and Witness List (Dkt. 373).

Plaintiffs' Motions to Seal (Dkts. 366, 375) seek to seal documents designated by the parties as confidential pursuant to the agreed Stipulated Protective Order (Dkt. 45) entered by this Court.

## BACKGROUND

### I.  PLAINTIFFS' FIRST MOTION TO SEAL (DKT. 366)

Plaintiffs' First Motion to Seal (Dkt. 366) moves to seal various documents designated by the parties as confidential pursuant to the terms of the Stipulated Protective Order (Dkt. 45).[1] In Plaintiffs' memorandum supporting their First Motion to Seal (Dkt. 367), Plaintiffs provided a chart of the documents which they were moving to seal. This chart, however, is inaccurate and the use of it leads to confusion.[2] The documents that Plaintiffs filed under seal and presumably intend to move to file under seal are listed in the chart below:

| Dkt.  | Description | Party Designating Document |
|-------|-------------|----------------------------|
| 361-3 | Letter and internal inspection form containing confidential and sensitive information | Defendants |
| 361-4 | 21-30 letter with attached internal file containing confidential sensitive information of a plaintiff | Defendants |
| 361-5 | Confidential letter from Defendants to Plaintiff | Defendants |
| 361-7 | Excerpt of confidential deposition transcript of A. Dwoskin | Defendants |

---

[1]  Contrary to Plaintiffs' statement that all of these documents were designated by Defendants as confidential (*see* Dkt. 367), many of the documents Plaintiffs filed under seal as exhibits to Plaintiffs' memorandums in opposition to Defendants' Motions *in Limine* were designated by Plaintiffs as confidential pursuant to the Stipulated Protective Order.

[2]  For example, there is no exhibit attached to Dkt. 360 that can be sealed. *See* Dkt. 367. And, Plaintiffs filed Exhibit 7 to Dkt. 361 under seal but it is not listed in their chart. *Id.* Moreover, Plaintiffs filed Exhibit 4 to Dkt. 362 under seal but did not file Exhibit 2 to Dkt. 362 under seal, but Plaintiffs are moving to seal Dkt. 362-2 but not Dkt. 362-4. *Id.*

| 362-3 | Letters to Plaintiffs and internal inspection forms containing confidential, sensitive information | Defendants |
| --- | --- | --- |
| 362-4 | Letter to residents from Defendants | Plaintiffs |
| 362-5 | Emails to Plaintiffs' counsel | Plaintiffs |
| 362-6 | Lease agreement between Plaintiff and separate landlord | Plaintiffs |
| 362-7 | Screening reports for certain Plaintiffs | Both Parties |
|  |  |  |
| 363-1 | Plaintiffs' deposition transcript | Plaintiffs |
| 363-2 | Letter to Plaintiffs | Plaintiffs |
| 363-3 | Plaintiffs' deposition transcript | Plaintiffs |
| 363-4 | Plaintiffs' deposition transcript | Plaintiffs |

To the extent these documents are misidentified on Plaintiffs' chart (*see* Dkt. 367), Defendants move to seal the correctly identified documents as outlined in the chart above.

## II.     PLAINTIFFS' SECOND MOTION TO SEAL (DKT. 375)

Plaintiffs' Second Motion to Seal (Dkt. 375) moves to seal three documents attached as exhibits to Plaintiffs' memorandum in support of Plaintiffs' Motion to Amend Exhibit List and Witness List—Exhibits 1, 2, and 3. (Dkt. 376.) Plaintiffs, however, only filed two exhibits to that memorandum under seal: Dkts. 373-1 and 373-2.[3] Presumably, Plaintiffs intend to move to seal only those two exhibits. Defendants agree that those two documents should be filed under seal. A chart describing these documents is listed below.

---

[3] Dkt. 373-3 was publicly filed by Plaintiffs.

| Dkt. | Description | Party Designating Document |
|---|---|---|
| 373-1 | Internal audit file containing names of tenants | Defendants |
| 373-2 | Internal audit file containing names of tenants | Defendants |

## ARGUMENT

Plaintiffs move to seal documents: (1) that contain confidential and sensitive identifying information of Plaintiffs and other individuals (*e.g.*, 373-1, 373-2, 362-7); (2) internal confidential documents of Defendants and a deposition transcript that detail Defendants' business practices and/or contain sensitive identifying information of Plaintiffs and other individuals (*e.g.*, Dkts. 361-3, 361-4, 361-5, 361-7, Dkt. 362-3); and (3) documents designated by Plaintiffs as confidential (*e.g.*, Dkts. 363-1, 362-6). This type of information has been previously sealed by this Court in this matter. *See, e.g.,* Dkts. 114, 156. Most, if not all, of these documents have been previously sealed. *See id.*

*Ashcraft v. Conoco, Inc.*, 218 F.3d 282 (4th Cir. 2000), held that documents may be sealed pursuant to district court order when the court: (1) provides notice to the public and gives it an opportunity to object to sealing, (2) considers less drastic alternatives, and (3) provides specific findings in support of the decision to seal and the rejection of alternatives. Those requirements are met here.

The common law right to inspect and copy judicial records and documents is "not absolute." *In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 98 (1978)). The Court "has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *Knight*, 743 F.2d at 235.

First, Plaintiffs filed Notices of their Motions which were docketed by the Clerk (Dkts. 368, 377). The Notices provide the public with an opportunity to object to the sealing of the documents in question.

Second, no feasible alternative exists to filing these documents under seal because these documents contain the confidential business practices of Defendants. This Court has recognized confidential business practice information, due to its highly sensitive nature, merits the sealing of filings. *See*, *e.g.*, *RegScan, Inc. v. The Bureau of Natl. Affairs, Inc*., 100 U.S.P.Q.2d 1635 (E.D. Va. 2011) (granting motion to seal information pertaining to commercial trade secrets). Likewise, sensitive and private identifying information, especially of third party individuals, should not be made public.

Finally, specific reasons exist to support the rejection of alternatives to sealing the exhibits containing confidential information. The United States Supreme Court has recognized that it is proper for courts to "refuse[] to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing" or for other such improper purposes. *Nixon,* 435 U.S. at 598 (citations omitted). Further, if documents involve "private commercial conduct" lacking a substantial relation to any "important governmental or political question," the interest of maintaining the confidentiality of private parties is significant. *RegScan, Inc.* 100 U.S.P.Q.2d at 1637-1638.

Due to the confidential nature of the documents, permitting the underlying documents to be filed on the public docket would not adequately protect Defendants' business interests. And, documents containing private and sensitive identifying information of individuals should not be publicly filed. Defendants also do not oppose Plaintiffs' Motions to Seal in regard to documents designated by Plaintiffs as confidential.

## **CONCLUSION**

For the aforementioned reasons, Defendants do not oppose Plaintiffs' Motions to File Documents Under Seal (Dkts. 366, 375) and request that the documents identified on the charts above be sealed. A proposed Order is attached.

Dated: June 11, 2021                          Respectfully submitted,

WAPLES MOBILE HOME PARK LIMITED
PARTNERSHIP, WAPLES PROJECT LIMITED
PARTNERSHIP AND
A. J. DWOSKIN & ASSOCIATES, INC.

/s/
Grayson P. Hanes (VSB No. 06614)
Michael S. Dingman (VSB No. 30031)
Justin deBettencourt (VSB No. 83806)
REED SMITH LLP
7900 Tysons One Place
Suite 500
McLean, Virginia 22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
ghanes@reedsmith.com
mdingman@reedsmith.com
jdebettencourt@reedsmith.com
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of June, 2021, I caused the foregoing to be filed electronically with the Clerk of the Court using CM/ECF, which will then send a notification of such filing to all counsel of record.

/s/
Grayson P. Hanes (VSB No. 06614)
Michael S. Dingman (VSB No. 30031)
Justin deBettencourt (VSB No. 83806)
REED SMITH LLP
7900 Tysons One Place
Suite 500
McLean, Virginia 22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
ghanes@reedsmith.com
mdingman@reedsmith.com
jdebettencourt@reedsmith.com
*Counsel for Defendants*