UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ROSY GIRON DE REYES, *et al.*,

Plaintiffs,

v.

WAPLES MOBILE HOME PARK LIMTED PARTNERSHIP, *et al.*,

Defendants.

Civil Action No. 1:16-cv-563 (LO/TCB)

**ORDER**

This matter comes before the Court on Plaintiffs Rosy Giron de Reyes, Jose Dagoberto Reyes, Felix Alexis Bolanos, Ruth Rivas, Yovanna Jaldin Solis, Esteban Ruben Moya Yrapura, Rosa Elena Amaya, and Herbert David Saravia Cruz's ("Plaintiffs") Motions to File Documents Under Seal (Dkt. 366, 375). Plaintiffs seek to file under seal:

1) Exhibits 3, 4, 5, and 7 to their Memorandum in Opposition to Defendants' Motion *In Limine* to Exclude the Testimony of Ivan Yacub, Esq. (Dkt. 369);
2) Exhibits 3, 4, 5, 6, and 7 to their Memorandum in Opposition to Defendants' Motion *In Limine* to Exclude Lease Materials and Purported Eviction Correspondence (Dkt. 370);
3) Exhibits 1, 2, 3, and 4 to their Memorandum in Opposition to Defendants' Motion *In Limine* to Exclude Evidence of Damages (Dkt. 371); and
4) Exhibits 1 and 2 to their Motion to Amend Exhibit List and Witness List (Dkts. 378).

Pursuant to Local Civil Rule 5(C), Defendants Waples Mobile Home Park Limited Partnership,

Waples Project Limited Partnership, and A.J. Dwoskin & Associates, Inc. ("Defendants") replied (Dkt. 387) in support of Plaintiffs' motions. *See* L. Civ. R. 5(C).

District courts have authority to seal court documents "if the public's right of access is outweighed by competing interests." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). Procedurally, a district court may seal court filings if it (1) "provide[s] public notice of the request to seal and allow[s] interested parties a reasonable opportunity to object, (2) consider[s] less drastic alternatives to sealing the documents, and (3) provide[s] specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Id.* Upon consideration of the parties' filings, the Court makes the following findings.

First, Plaintiffs have provided public notice of their request to seal and interested parties have been given a reasonable opportunity to object. Plaintiffs filed their motions to seal and public notices on June 4, 2021. (*See* Dkts. 366, 368, 375, 377.) Because over seven days have elapsed since Plaintiffs filed the motions to seal and public notices, and no interested party has objected, the Court may treat these motions as uncontested under Local Civil Rule 5(C). *See* L. Civ. R. 5(C). Accordingly, Plaintiffs have satisfied this requirement under *Ashcraft* and the Local Civil Rules.

Second, this Court has considered less drastic alternatives. The documents at issue here contain Defendants' confidential business practices and private identifying information of tenants and third-party individuals. Given the nature of these documents and the amount of confidential information in them, redactions would not provide adequate protection.

Finally, the Court finds reason to seal the exhibits. These exhibits include Defendants' correspondence with tenants that contains tenants' confidential identifying information, deposition transcripts, correspondence between counsel, lease agreements and screening reports

for certain Plaintiffs, and internal audit files that contain the names of tenants. This information contains Defendants' confidential and proprietary business information, as well as the private identifying information of many individual tenants. The interests of privacy here therefore outweigh the public's right to access these documents.

Accordingly, it is hereby

**ORDERED** that Plaintiffs' motions to seal (Dkts. 366, 375) are **GRANTED**. Docket numbers 369, 370, 371, and 378 shall remain permanently under seal.

ENTERED this 14th day of June, 2021.

/s/

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia