UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| ROSY GIRON DE REYES, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 1:16-cv-563 (LO/TCB) |
| WAPLES MOBILE HOME PARK LIMTED PARTNERSHIP, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) ) | |

## ORDER

This matter comes before the Court on Defendants Waples Mobile Home Park Limited Partnership, Waples Project Limited, and A.J. Dwoskin & Associates, Inc.'s ("Defendants") Motion to Seal. (Dkt. 381.) Defendants seek to file under seal an unredacted version of their Memorandum in Opposition to Plaintiffs' Motion *In Limine* ("Opposition") and accompanying Exhibits 2, 3, and 4. (Dkt. 380.) Pursuant to Local Civil Rule 5(C), Plaintiffs Rosy Giron de Reyes, Jose Dagoberto Reyes, Felix Alexis Bolanos, Ruth Rivas, Yovanna Jaldin Solis, Esteban Ruben Moya Yrapura, Rosa Elena Amaya, and Herbert David Saravia Cruz's ("Plaintiffs") replied (Dkt. 388) in support of Defendants' motion. *See* L. Civ. R. 5(C).

District courts have authority to seal court documents "if the public's right of access is outweighed by competing interests." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). Procedurally, a district court may seal court filings if it (1) "provide[s] public notice of the request to seal and allow[s] interested parties a reasonable opportunity to object, (2) consider[s] less drastic alternatives to sealing the documents, and (3) provide[s] specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Id.*

Upon consideration of the parties' filings, the Court makes the following findings.

First, Defendants have provided public notice of their request to seal and interested parties have been given a reasonable opportunity to object. Defendants filed their motion to seal and public notice on June 4, 2021. (*See* Dkts. 381, 383.) Because over seven days have elapsed since Defendants filed the motion to seal and public notice, and no interested party has objected, the Court may treat this motion as uncontested under Local Civil Rule 5(C). *See* L. Civ. R. 5(C). Accordingly, Defendants have satisfied this requirement under *Ashcraft* and the Local Civil Rules.

Second, this Court has considered less drastic alternatives. Defendants submitted a redacted version of their Opposition. (Dkt. 379.) This selective protection of information constitutes the least drastic measure of sealing confidential material. *See Adams v. Object Innovation, Inc.*, No. 3:11cv272-REP-DWD, 2011 WL 7042224, at *4 (E.D. Va. Dec. 5, 2011) "[The] proposal to redact only the proprietary and confidential information, rather than seal the entirety of [the document], constitutes the least drastic method of shielding the information at issue."), *report and recommendation adopted*, 2012 WL 135428 (E.D. Va. Jan. 17, 2012).

Finally, the Court finds reason to seal Defendants' Opposition and Exhibits 2, 3, and 4. The exhibits consist of discovery responses Plaintiffs designated as confidential pursuant to the parties' stipulated protective order. The redacted portions of the Opposition and exhibits contain Plaintiffs' personal identifying information. Release of this information on the public docket could cause Plaintiffs harassment due to release of their private information, including immigration status.

Accordingly, it is hereby

**ORDERED** that Defendants' motion to seal (Dkt. 381) is **GRANTED**. Docket number 380 shall remain permanently under seal.

ENTERED this 14th day of June, 2021.

                                                  /s/
                            THERESA CARROLL BUCHANAN
                            UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia