**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

|  |  |
|---|---|
| ROSY GIRON DE REYES, *et al.*, | |
| Plaintiff, | |
| v. | Civil No.:  1:16cv563-LO-TCB |
| WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP, *et al.*, | |
| Defendants. | |

**DEFENDANTS' NON-CONFIDENTIAL MEMORANDUM IN RESPONSE TO
PLAINTIFFS' MOTIONS TO FILE DOCUMENTS UNDER SEAL (DKTS. 397, 403)**

Defendants Waples Mobile Home Park Limited Partnership, Waples Project Limited Partnership, and A. J. Dwoskin & Associates, Inc. (collectively "Defendants"), by counsel, pursuant to Local Civil Rule 5, submit this non-confidential memorandum of points and authorities in response to Plaintiffs' Motions to File Documents Under Seal (Dkts. 397, 403). Defendants support Plaintiffs' Motions to File Documents Under Seal (Dkts. 397, 403).

## INTRODUCTION

Plaintiffs filed two motions to seal: (1) Plaintiffs' Motion to File Documents Under Seal (Dkt. 397) which moves to seal portions of Plaintiffs' Reply Memorandum in Support of Motion to Amend Exhibit List and Witness List (Dkt. 396); and (2) Plaintiffs' Motion to File Documents Under Seal (Dkt. 403) which moves to seal Exhibits 1 – 4 to Plaintiffs' Reply Memorandum in Support of Motion *in Limine* (Dkt. 402).

## BACKGROUND

**I.    PLAINTIFFS' FIRST MOTION TO SEAL (DKT. 397)**

Plaintiffs' First Motion to Seal (Dkt. 397) moves to seal portions of Plaintiffs' Reply Memorandum in Support of Motion to Amend Exhibit List and Witness List (Dkt. 396), which refer to names of third-party individuals who are not parties to this action. These names are taken from documents designated by Defendants as confidential pursuant to the agreed Stipulated Protective Order (Dkt. 45) entered by this Court.

**II.    PLAINTIFFS' SECOND MOTION TO SEAL (DKT. 403)**

Plaintiffs' Second Motion to Seal (Dkt. 403) moves to seal documents attached as Exhibits 1 – 4 to Plaintiffs' Reply Memorandum in Support of Motion *in Limine* (Dkt. 402). Exhibits 1 – 3 are portions of confidential deposition transcripts from Defendants' witnesses' depositions. Exhibit 4 is private correspondence sent by Defendants to one of the Plaintiffs, which Plaintiffs designated as confidential pursuant to the agreed Stipulated Protective Order (Dkt. 45) entered by this Court.

## ARGUMENT

Plaintiffs move to seal (1) names of third-party individuals; names that have been taken from documents designated as confidential by Defendants (Dkt. 396); (2) portions of confidential deposition transcripts of Defendants' witnesses' deposition testimony (Dkts. 402-1, 402-2, 402-3); and (3) private correspondence sent by Defendants to one of the Plaintiffs (Dkt. 402-4). This type of information has been previously sealed by this Court in this matter. *See, e.g.,* Dkts. 146, 389.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 282 (4th Cir. 2000), held that documents may be sealed pursuant to district court order when the court: (1) provides notice to the public and gives

it an opportunity to object to sealing, (2) considers less drastic alternatives, and (3) provides specific findings in support of the decision to seal and the rejection of alternatives. Those requirements are met here.

The common law right to inspect and copy judicial records and documents is "not absolute." *In re Knight Publ. Co*., 743 F.2d 231, 235 (4th Cir. 1984) (citing *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 597 98 (1978)).  The Court "has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *Knight*, 743 F.2d at 235.

First, Plaintiffs filed Notices of their Motions which were docketed by the Clerk (Dkts. 399, 405).  The Notices provide the public with an opportunity to object to the sealing of the documents in question.

Second, no feasible alternative exists to filing this information under seal because this information contains the confidential business practices of Defendants and names of third-party individuals. This Court has recognized that confidential business practice information, due to its highly sensitive nature, merits the sealing of filings.  *See, e.g.*, *RegScan, Inc. v. The Bureau of Natl. Affairs, Inc*., 100 U.S.P.Q.2d 1635 (E.D. Va. 2011) (granting motion to seal information pertaining to commercial trade secrets). Likewise, sensitive and private identifying information, especially of third party individuals, should not be made public.

Finally, specific reasons exist to support the rejection of alternatives to sealing the exhibits containing confidential information.  The United States Supreme Court has recognized that it is proper for courts to "refuse[] to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing" or for other such improper purposes.  *Nixon,* 435 U.S. at 598 (citations omitted).  Further, if documents involve "private

commercial conduct" lacking a substantial relation to any "important governmental or political question," the interest of maintaining the confidentiality of private parties is significant. *RegScan, Inc.* 100 U.S.P.Q.2d at 1637-1638.

Due to the confidential nature of the documents, permitting the underlying documents to be filed on the public docket would not adequately protect Defendants' business interests and the privacy interests of third parties. Defendants also do not oppose Plaintiffs' motion to seal in regard to the documents designated by Plaintiffs as confidential (Dkt. 402-4).

## **CONCLUSION**

For the aforementioned reasons, Defendants support Plaintiffs' Motions to File Documents Under Seal (Dkts. 397, 403) and request that the documents and information discussed above be sealed. A proposed Order is attached.

Dated: July 6, 2021                    Respectfully submitted,


WAPLES MOBILE HOME PARK LIMITED
PARTNERSHIP, WAPLES PROJECT LIMITED
PARTNERSHIP AND
A. J. DWOSKIN & ASSOCIATES, INC.


/s/_____
Grayson P. Hanes (VSB No. 06614)
Michael S. Dingman (VSB No. 30031)
Justin deBettencourt (VSB No. 83806)
REED SMITH LLP
7900 Tysons One Place
Suite 500
McLean, Virginia 22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
ghanes@reedsmith.com
mdingman@reedsmith.com
jdebettencourt@reedsmith.com
*Counsel for Defendants*

- 4 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 6th day of July, 2021, I caused the foregoing to be filed electronically with the Clerk of the Court using CM/ECF, which will then send a notification of such filing to all counsel of record.

/s/
_____
Grayson P. Hanes (VSB No. 06614)
Michael S. Dingman (VSB No. 30031)
Justin deBettencourt (VSB No. 83806)
REED SMITH LLP
7900 Tysons One Place
Suite 500
McLean, Virginia 22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
ghanes@reedsmith.com
mdingman@reedsmith.com
jdebettencourt@reedsmith.com
*Counsel for Defendants*