UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ROSY GIRON DE REYES, *et al.*,

    Plaintiffs,

    v.

WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP, *et al.*,

    Defendants.

Civil Action No. 1:16-cv-563 (LO/TCB)

## ORDER

This matter comes before the Court on Plaintiffs' Rosy Giron de Reyes, Jose Dagoberto Reyes, Felix Alexis Bolanos, Ruth Rivas, Yovana Jaldin Solis, Esteban Ruben Moya Yrapura, Rosa Elena Amaya, and Herbert David Saravia Cruz's ("Plaintiffs") Motions to File Documents Under Seal (Dkts. 397, 403) and supporting memoranda (Dkts. 398, 404). Plaintiffs request to file under seal portions of their Reply Memorandum in Support of Motion to Amend Exhibit List and Witness List ("Reply") (Dkt. 400) and Exhibits 1, 2, 3, and 4 to their Reply Memorandum in Support of Motion *in Limine*. (Dkt. 406.) Pursuant to Local Civil Rule 5, Defendants Waples Mobile Home Park Limited Partnership, Waples Project Limited Partnership, and A.J. Dwoskin & Associates ("Defendants") filed a response in support of Plaintiffs' motions to seal. *See* L. Civ. R. 5(C).

District courts have authority to seal court documents "if the public's right of access is outweighed by competing interests." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). Procedurally, a district court may seal court filings if it (1) "provide[s] public notice of the request to seal and allow[s] interested parties a reasonable opportunity to object, (2) consider[s]

1

less drastic alternatives to sealing the documents, and (3) provide[s] specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Id.* Upon consideration of the parties' filings, the Court makes the following findings.

First, Plaintiffs have provided public notice of their request to seal and interested parties have been given a reasonable opportunity to object. Plaintiffs filed their motions to seal and public notices on June 28, 2021. (*See* Dkts. 397, 399, 403, 405.) Because over seven days have elapsed since Plaintiffs filed the motions to seal and public notices, and no interested party has objected, the Court may treat these motions as uncontested under Local Civil Rule 5(C). *See* L. Civ. R. 5(C). Accordingly, Plaintiffs have satisfied this requirement under *Ashcraft* and the Local Civil Rules.

Second, this Court has considered less drastic alternatives. Plaintiffs submitted a redacted version of their Reply. (Dkt. 396.) This selective protection of information constitutes the least drastic measure of sealing confidential material. *See Adams v. Object Innovation, Inc.*, No. 3:11cv272-REP-DWD, 2011 WL 7042224, at *4 (E.D. Va. Dec. 5, 2011) "[The] proposal to redact only the proprietary and confidential information, rather than seal the entirety of [the document], constitutes the least drastic method of shielding the information at issue."), *report and recommendation adopted*, 2012 WL 135428 (E.D. Va. Jan. 17, 2012). As for the remaining exhibits, no amount of redaction will suffice to protect the confidential information at issue.

Finally, the Court finds reason to seal the Reply and Exhibits 1-4. The redacted portions of the Reply and Exhibits 1-4 contain the names of tenants, some of whom are not parties in this action. Specifically, the exhibits consist of the parties' deposition testimony and other documents that identify tenants' personal identifying information. Release of this confidential information to the public could cause harm to tenants involved in this action and to third parties.

Accordingly, it is hereby

**ORDERED** that Plaintiffs' motions to seal (Dkts. 397, 403) are **GRANTED**. Docket numbers 400 and 406 shall remain permanently under seal.

ENTERED this 7th day of July, 2021.

/s/
Theresa Carroll Buchanan
United States Magistrate Judge
THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia