IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| ROSY GIRON DE REYES, *et al.*, ) <br> ) <br> *Plaintiffs*, ) <br> ) <br> v. ) <br> ) <br> WAPLES MOBILE HOME PARK LIMITED ) <br> PARTNERSHIP, *et al.*, ) <br> ) <br> *Defendants*. ) <br> ) | Case No. 1:16-cv-00563 <br> Hon. Liam O'Grady |

## ORDER

This matter comes before the Court *sua sponte* following post-remand orders on Defendants' motions for summary judgment and reconsideration. The Court finds that several issues warrant further judicial inquiry, such that supplemental briefing is necessary.

First, at oral argument for the pending motions *in limine*, the Parties offered competing views on which of Defendants' policies was in effect when this Action was filed. This dispute surfaced in the Parties' summary judgment briefing, as well. *Compare* Dkt. 138, at 10, ¶ 1, *with* Dkt. 150, at 7, ¶ 1; *see also* Dkt. 326, at 2 ("Plaintiffs alleged in their Complaint that Defendants' Policy required (1) an 'original social security card' or, if unavailable, an 'original Passport, original U.S. Visa, and original Arrival/Departure Form (I-94 or I-94W).' […] However, Plaintiffs' allegations mischaracterize Defendants' Policy. Defendants' Policy permits tenants and occupants to provide any document proving legal presence, not just visas and I-94 forms."). The Court's careful review of the record evidence suggests that Waples's 2015 revised policy was likely in effect and was being applied when Plaintiffs filed suit. *See* Dkt. 151-7, at 10–13; Dkt.

150-7, at 4–5. However, the Court will afford the Parties an opportunity to clarify their positions on this matter.

Second, the Parties agree that Step Two of the *Inclusive Communities* framework for disparate-impact claims under the Fair Housing Act requires a defendant to demonstrate that a challenged policy serves a valid interest. *Texas Dep't of Hous. & Cmty. Affairs v. Inclusive Communities Project, Inc.*, 576 U.S. 519, 541 (2015); Dkt. 250, at 27; Dkt. 256, at 14. To that end, Defendants assert that their policy of requiring proof of legal presence in the United States serves a valid interest of avoiding potential criminal liability for harboring "illegal aliens" under the Fourth Circuit's interpretation of the Immigration Reform and Control Act ("IRCA"), 8 U.S.C. § 1324 in *United States v. Aguilar*, 477 Fed. App'x 1000, 1002–03 (4th Cir. 2012). *See* Dkt. 250, at 27–29.

Notwithstanding the Court's prior Orders, *see* Dkt. 283, at 2; Dkt. 298, at 3–4, revisiting this topic is warranted. The Court therefore directs the Parties to submit briefing on the question of whether avoiding the risk of criminal liability under the IRCA and *Aguilar* is a valid interest at Step Two of *Inclusive Communities* when that avoidance is accomplished via a policy that requires adult residents to provide proof of lawful presence in the United States.

Third, the Parties disagree on whether Defendants' motive for implementing or enforcing the 2015 revised policy is relevant to Defendants' Step Two burden. *Compare* Dkt. 364, at 4–6, *with* Dkt. 393, at 5–7. Although one out-of-circuit court has found that "[a] reason is not 'legitimate' or 'valid' if it was not present at the time [of] a rule's adoption," *Treece v. Perrier Condo. Owners Assn., Inc.*, 2020 WL 759567, at *18–19 (E.D. La. Feb. 14, 2020), the Supreme Court suggests the impropriety of looking backward to ascertain motive in FHA disparate-impact claims. *See Inclusive Communities*, 576 U.S. at 524 (citing *United States v. Giles*, 300 U.S. 41,

2

48 (1937)) (emphasizing "the consequences of an action rather than the actor's intent"); *see also id.* at 540 (citing *Griggs v. Duke Power Co.*, 401 U.S. 424, 431 (1971)) ("Governmental or private policies are not contrary to the disparate-impact requirement unless they are 'artificial, arbitrary, and unnecessary barriers.'"). Accordingly, the Court orders additional argument from the Parties on whether a defendant's motive for adopting a challenged policy impacts its valid interest at Step Two of *Inclusive Communities* and whether a *post-hoc* rationale for a policy undermines that valid interest.

Finally, if avoiding IRCA liability under *Aguilar* serves a valid interest irrespective of motive, it follows that only policies that exclude "illegal aliens" are viable alternatives at Step Three of *Inclusive Communities*. *See* 576 U.S. at 527. There is no dispute that the female Plaintiffs are undocumented immigrants and cannot satisfy the 2015 revised policy, assuming this policy requires documentation showing proof of legal presence. *See* Dkt. 256, at 10. As such, the Court orders briefing on whether any judicial Order can redress the female Plaintiffs' asserted injuries in this case if the 2015 revised policy applies. It also requests the Parties' position on whether the male Plaintiffs' standing relies solely on the redressability of the injuries suffered by the female Plaintiffs.

The Court appreciates that prior interlocutory orders have briefly addressed these issues. Still, its ultimate obligation is to reach a correct result. *See Netscape Communs. Corp. v. Valueclick, Inc.*, 704 F. Supp. 2d 544, 547 (E.D. Va. 2010). As such, Defendants are **DIRECTED** to submit a supplemental brief within ten (10) days addressing the aforementioned issues. Plaintiffs will then have ten (10) days to respond, and Defendants may file a reply within seven (7) days. Opening and response briefs are not to exceed fifteen (15) pages, and Defendants' reply brief may not exceed ten (10) pages.

It is **SO ORDERED**.

July 28, 2021
Alexandria, Virginia

_____
Liam O'Grady
United States District Judge

4