**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

|  |  |
|---|---|
| ROSY GIRON DE REYES, *et al.*,<br><br>                Plaintiff,<br><br>v.<br><br>WAPLES MOBILE HOME PARK<br>LIMITED PARTNERSHIP, *et al.*,<br><br>                Defendants. | Civil No.:  1:16cv563-LO-TCB |

## DEFENDANTS' NON-CONFIDENTIAL MEMORANDUM IN RESPONSE TO PLAINTIFFS' MOTION TO FILE DOCUMENTS UNDER SEAL (DKT. 418)

Defendants Waples Mobile Home Park Limited Partnership, Waples Project Limited Partnership, and A. J. Dwoskin & Associates, Inc. (collectively "Defendants"), by counsel, pursuant to Local Civil Rule 5, submit this non-confidential memorandum of points and authorities in response to Plaintiffs' Motion to File Documents Under Seal ("Motion"). (Dkt. 418.) Defendants consent to Plaintiffs' Motion.

## INTRODUCTION

Plaintiffs' Motion to File Documents Under Seal (Dkt. 418) moves to seal documents attached as exhibits to Plaintiffs' Supplemental Brief in Response to the Court's *Sua Sponte* Order (Dkt. 417), specifically Exhibits 3, 4, 5 and 7 to that brief. Exhibit 3 is Defendants' internal correspondence and Exhibits 4, 5, and 7 are portions of Defendants' witnesses' deposition testimony.

## ARGUMENT

Plaintiffs move to seal confidential internal correspondence of Defendants and portions of confidential transcripts of Defendants' witnesses' deposition testimony. This type of information has been previously sealed by this Court in this matter. *See, e.g.,* Dkts. 156, 410.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 282 (4th Cir. 2000), held that documents may be sealed pursuant to district court order when the court: (1) provides notice to the public and gives it an opportunity to object to sealing, (2) considers less drastic alternatives, and (3) provides specific findings in support of the decision to seal and the rejection of alternatives. Those requirements are met here.

The common law right to inspect and copy judicial records and documents is "not absolute." *In re Knight Publ. Co*., 743 F.2d 231, 235 (4th Cir. 1984) (citing *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 597 98 (1978)). The Court "has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *Knight*, 743 F.2d at 235.

First, Plaintiffs filed a Notice of their Motion which was docketed by the Clerk (Dkt. 420). This Notice provides the public with an opportunity to object to the sealing of the documents in question.

Second, no feasible alternative exists to filing these documents under seal because these documents contain the confidential business practices of Defendants. This Court has recognized confidential business practice information, due to its highly sensitive nature, merits the sealing of filings. *See*, *e.g.*, *RegScan, Inc. v. The Bureau of Natl. Affairs, Inc*., 100 U.S.P.Q.2d 1635 (E.D. Va. 2011) (granting motion to seal information pertaining to commercial trade secrets).

Finally, specific reasons exist to support the rejection of alternatives to sealing the exhibits containing confidential information.  The United States Supreme Court has recognized that it is proper for courts to "refuse[] to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing" or for other such improper purposes.  *Nixon*, 435 U.S. at 598 (citations omitted).  Further, if documents involve "private commercial conduct" lacking a substantial relation to any "important governmental or political question," the interest of maintaining the confidentiality of private parties is significant.  *RegScan, Inc.* 100 U.S.P.Q.2d at 1637-1638.

Due to the confidential nature of the documents, permitting the underlying documents to be filed on the public docket would not adequately protect Defendants' business interests.

## **CONCLUSION**

For the aforementioned reasons, Defendants consent to Plaintiffs' Motion to File Documents Under Seal (Dkt. 418). A proposed Order is attached.

Dated: September 14, 2021         Respectfully submitted,

WAPLES MOBILE HOME PARK LIMITED
PARTNERSHIP, WAPLES PROJECT LIMITED
PARTNERSHIP AND
A. J. DWOSKIN & ASSOCIATES, INC.

/s/
Michael S. Dingman (VSB No. 30031)
McGuireWoods LLP
1750 Tysons Boulevard
Suite 1800
Tysons, VA 22102
(703) 712-5462
(703) 712-5262
mdingman@mcguirewoods.com

Grayson P. Hanes (VSB No. 06614)
Justin deBettencourt (VSB No. 83806)
REED SMITH LLP
7900 Tysons One Place
Suite 500
McLean, Virginia 22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
ghanes@reedsmith.com
jdebettencourt@reedsmith.com

*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 14th day of September, 2021, I caused the foregoing to be filed electronically with the Clerk of the Court using CM/ECF, which will then send a notification of such filing to all counsel of record.

/s/ _____
Michael S. Dingman (VSB No. 30031)
McGuireWoods LLP
1750 Tysons Boulevard
Suite 1800
Tysons, VA 22102
(703) 712-5462
(703) 712-5262
mdingman@mcguirewoods.com

Grayson P. Hanes (VSB No. 06614)
Justin deBettencourt (VSB No. 83806)
REED SMITH LLP
7900 Tysons One Place
Suite 500
McLean, Virginia 22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
ghanes@reedsmith.com
jdebettencourt@reedsmith.com

*Counsel for Defendants*