IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROSY GIRON DE REYES, *et al.*, <br><br> Plaintiffs, <br> v. <br><br> WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP, *et al.*, <br><br> Defendants. | Civil No.: 1:16cv563-LO-TCB |

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO SEAL**

Defendants Waples Mobile Home Park Limited Partnership, Waples Project Limited Partnership, and A. J. Dwoskin & Associates, Inc. (collectively "Defendants"), by counsel, pursuant to Local Civil Rule 5, submit this memorandum of points and authorities in support of Defendants' Motion to Seal.

**I. Introduction**

Defendants move to seal Exhibits 3, 4, and 5 to their Reply in support of their Supplemental Memorandum Pursuant to the Court's July 28, 2021 Order. These exhibits contain confidential deposition testimony from Defendants' witnesses. Exhibit 3 is the testimony of Josephine Giambanco, Exhibit 4 is the testimony of Carolina Easton, and Exhibit 5 is the testimony of Mark Jones, Defendants' 30(b)(6) designee. Because this deposition testimony discusses the business practices of Defendants and this information has been previously filed under seal (*see* Dkts. 146, 423), Defendants have filed this Motion to Seal pursuant to Local Civil Rule 5.

**II.     Argument**

*Ashcraft v. Conoco, Inc.*, 218 F.3d 282 (4th Cir. 2000), held that documents may be sealed pursuant to district court order when the court: (1) provides notice to the public and gives it an opportunity to object to sealing, (2) considers less drastic alternatives, and (3) provides specific findings in support of the decision to seal and the rejection of alternatives. Those requirements are met here.

The common law right to inspect and copy judicial records and documents is "not absolute." *In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 98 (1978)). The Court "has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *Knight*, 743 F.2d at 235.

First, Defendants have concurrently filed a Notice of Filing of Sealing Motion pursuant to Local Civil Rule 5 to be docketed by the Clerk. The Notice will provide the public with an opportunity to object to the sealing of the documents in question.

Second, no feasible alternative exists to filing these documents under seal because these documents contain the confidential business practices of Defendants. This Court has recognized confidential business practice information, due to its highly sensitive nature, merits the sealing of filings. *See, e.g.*, *RegScan, Inc. v. The Bureau of Natl. Affairs, Inc.*, 100 U.S.P.Q.2d 1635 (E.D. Va. 2011) (granting motion to seal information pertaining to commercial trade secrets).

Finally, specific reasons exist to support the rejection of alternatives to sealing the exhibits containing confidential information. The United States Supreme Court has recognized that it is proper for courts to "refuse[] to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing" or for other such improper purposes. *Nixon,*

435 U.S. at 598 (citations omitted). Further, if documents involve "private commercial conduct" lacking a substantial relation to any "important governmental or political question," the interest of maintaining the confidentiality of private parties is significant. *RegScan, Inc.* 100 U.S.P.Q.2d at 1637-1638. Due to the confidential nature of the documents, permitting the underlying documents to be filed on the public docket would not adequately protect Defendants' business interests.

### III. Conclusion

For the aforementioned reasons, Defendants respectfully request that the following be sealed: Exhibits 3, 4, and 5 to their Reply in support of their Supplemental Memorandum Pursuant to the Court's July 28, 2021 Order.

Dated: September 17, 2021            Respectfully submitted,

WAPLES MOBILE HOME PARK LIMITED
PARTNERSHIP, WAPLES PROJECT LIMITED
PARTNERSHIP AND
A. J. DWOSKIN & ASSOCIATES, INC.

/s/
Michael S. Dingman (VSB No. 30031)
McGuireWoods LLP
1750 Tysons Boulevard
Suite 1800
Tysons, VA 22102
(703) 712-5462
(703) 712-5262
mdingman@mcguirewoods.com

Grayson P. Hanes (VSB No. 06614)
Justin deBettencourt (VSB No. 83806)
REED SMITH LLP
7900 Tysons One Place
Suite 500
McLean, Virginia 22102

(703) 641-4200 (Telephone)  
(703) 641-4340 (Facsimile)  
ghanes@reedsmith.com  
jdebettencourt@reedsmith.com  

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of September, 2021, I caused the foregoing to be filed electronically with the Clerk of the Court using CM/ECF, which will then send a notification of such filing to all counsel of record.

/s/
Michael S. Dingman (VSB No. 30031)
McGuireWoods LLP
1750 Tysons Boulevard
Suite 1800
Tysons, VA 22102
(703) 712-5462
(703) 712-5262
mdingman@mcguirewoods.com

Grayson P. Hanes (VSB No. 06614)
Justin deBettencourt (VSB No. 83806)
REED SMITH LLP
7900 Tysons One Place
Suite 500
McLean, Virginia 22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
ghanes@reedsmith.com
jdebettencourt@reedsmith.com

*Counsel for Defendants*