UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ROSY GIRON DE REYES, *et al.*, <br><br> *Plaintiffs*, <br><br> vs. <br><br> WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP, *et al.*, <br><br> *Defendants*. | Civ. No. 1:16-cv-00563 (PTG/WBP) |

**PARTIES' JOINT POSITION AS TO OUTSTANDING ISSUES
FOR DECISION BY THE COURT**

In response to this Court's February 16, 2024 Order (ECF 448), Plaintiffs Rosy Giron de Reyes, Jose Dagoberto Reyes, Felix Alexis Bolaños, Ruth Rivas, Yovana Jaldin Solis, Esteban Ruben Moya Yrapura, Rosa Elena Amaya, and Herbert David Saravia Cruz ("Plaintiffs"), and Defendants Waples Mobile Home Park Limited Partnership, Waples Project Limited Partnership, and A.J. Dwoskin & Associates, Inc. ("Defendants," and together with Plaintiffs, "the Parties") hereby submit their joint position as to the outstanding issues for decision by the Court.

**Pre-Trial Procedural History**

This case involves an extensive procedural history dating back to 2016. For the Court's benefit, the Parties provide the following abbreviated pretrial history, only as relevant to the outstanding issues for decision by the Court.

1.  In September 2020, Judge Ellis ordered the Parties to file on or before December 4, 2020, their Rule 26(a)(3) pretrial disclosures, a list of the exhibits to be used at trial, a list of the witnesses to be called at trial, and a written stipulation of uncontested facts (ECF 294 & 297).

2.  In November 2020, the court ordered that the Parties file on or before January 11, 2021, any motions in limine (ECF 310).

Pre-Trial Disclosures, Objections Thereto, and Request for Amendment

3. On December 4, 2020, the Parties filed their Rule 26(a)(3) pretrial disclosures, a list of the exhibits to be used at trial, a list of the witnesses to be called at trial, and a stipulation of uncontested facts. *See* ECF 312 (Plaintiffs' pretrial disclosures, witness list, and exhibit list); ECF 313 (joint stipulation of uncontested facts); ECF 314 (Defendants' disclosures, witness list, and exhibit list).

4. Plaintiffs filed objections to Defendants' deposition designations (ECF 318) and to Defendants' trial exhibit list (ECF 320).

5. Defendants filed an objection to Plaintiffs' Rule 26 pretrial disclosures and a request to strike witnesses called to establish a foundation for records or other evidence if the witness was not listed in Plaintiffs' pretrial disclosures (ECF 317). Defendants also filed objections to Plaintiff's trial exhibit list (ECF 321).

6. In response to Defendants' objection to their pretrial disclosures (ECF 317), on June 4, 2021, Plaintiffs filed a motion to amend their Rule 26 exhibit and witness lists by adding one exhibit and one witness (ECF 372). Defendants filed their opposition on June 21, 2021 (ECF 391) and Plaintiffs filed their reply brief on June 28, 2021 (ECF 396).

Motions in Limine

7. On January 11, 2021, Plaintiffs filed their motions in limine and a supporting memorandum. *See* ECF 331 (containing Plaintiffs' eight motions in limine) & 332 (supporting memorandum). Defendants filed their opposition on June 4, 2021 (ECF 379), and Plaintiffs filed their reply brief on June 28, 2021 (ECF 402).

8. Also On January 11, 2021, Defendants filed six motions in limine and supporting memoranda. *See* ECF 322 & 323; 325 & 326; 328 & 329; 337 & 338; 340 & 342; 343 & 344. On

June 4, 2021, Plaintiffs filed their opposition briefs. ECF 360, 361, 362, 363, 364, 365. On June 28, 2021, Defendants filed their reply briefs. ECF 392, 393, 394, 395, 401, 407.

9. A chart identifying the Parties' respective motions in limine and a brief description of the topics of each motion is included as part of **Exhibit A**. After transfer of the case from Judge Ellis, the motions were argued at a hearing before Judge O'Grady and taken under advisement by the court on July 16, 2021 (ECF 412).

<u>Before Trial, the Court Grants Summary Judgment for Defendants Based on Their "Anti-Harboring" Defense</u>

10. After being assigned the case, Judge O'Grady set a jury trial beginning on March 14, 2022.

11. After the motions in limine hearing, the court ordered supplemental briefing from the Parties (ECF 413). As relevant here, the court requested the Parties' positions on the legal standard under Step Two and Defendants' "anti-harboring" defense. Supplemental briefing was filed (ECF 416 & 417). The Parties argued their supplemental briefing at a hearing on October 19, 2021 (ECF 433 & 434).

12. In December 2021, two of Plaintiffs' counsel filed motions for admission pro hac vice to participate in the trial (ECF 435 & 436). Those motions were not addressed.

13. On February 18, 2022, the Parties filed a joint request for a pretrial conference (ECF 438).

14. On February 23, 2022, the court removed the jury trial from the calendar.

15. On May 6, 2022, the court granted summary judgment to Defendants on their "anti-harboring" defense and made legal rulings related to the standard at Step Two (ECF 440).

<u>The Fourth Circuit Reverses and Remands</u>

16. On January 23, 2024, the U.S. Court of Appeals for the Fourth Circuit reversed the grant of summary judgment and remanded to this Court for further proceedings consistent with its decision. The mandate issued on February 14, 2024.

**Parties' Joint Position as to the Outstanding Issues for Decision by the Court**

17. **Exhibit A** sets forth all pending motions and matters to be resolved by the Court, as well as a proposed framework for how the Court should adjudicate those pending items.

18. In summary, the Parties request that the Court do the following:

    a. <u>Rebrief, Rehear, and Resolve Motions in Limine.</u> Plaintiffs believe that at least some of Plaintiffs' and Defendants' motions in limine were affected by the Fourth Circuit's decision and that this Court would benefit from either rebriefing or the withdrawal of certain motions. *See, e.g.*, ECF 331, 340. Defendants intend to withdraw one motion in limine as moot in light of the Fourth Circuit's decision (ECF 343), but do not believe that their remaining motions in limine are affected by the Fourth Circuit's decision or that any additional briefing is necessary as to their other motions in limine. To reconcile these views, the Parties jointly propose the following procedure:

        i. Within 30 days of the Court's order, either party may file a revised version of any motion in limine in light of the Fourth Circuit's decision.

        ii. Within 21 days thereafter, either party may file a revised opposition to <u>*any*</u> motion in limine (including motions in limine that have not been revised) in light of the Fourth Circuit's decision.

        iii. Within 14 days thereafter, either party may submit a revised reply in support of a motion in limine.

        iv. A hearing date should be set for argument on the motions.

  b. <u>Set a Trial Date.</u> The Court should set dates for the jury trial. The Parties previously estimated one week for the trial.

  c. <u>Set a Pretrial Conference.</u> The Court should set a final pretrial conference. *See* ECF 348 (Parties' joint request for a pretrial conference). The conference would determine any logistical issues for trial and resolve any issues related to the Parties' respective pending objections and motions addressing witness lists, exhibit lists, and Rule 26(a)(3) disclosures (ECF 317, 318, 320, 321, 372).

  d. <u>Grant Plaintiffs' Unopposed Pending Motions and Requests.</u> The Court should grant Plaintiffs' unopposed request to use laptops and phones at trial (ECF 437) and their motion to admit Nicholas M. DiCarlo pro hac vice (ECF 436). Plaintiffs will also soon file a motion for admission pro hac vice for another counsel, Cyril Smith.

March 1, 2024               Respectfully submitted,

                     /s/
               Granville C. Warner, VSB #24957
               Nady Peralta, VSB #91630
               Larisa Zehr, VSB #96032
               LEGAL AID JUSTICE CENTER
               6402 Arlington Blvd., Suite 1130
               Falls Church, VA 22042
               703.778.3450
               cwarner@justice4all.org
               nady@justice4all.org
               larisa@justice4all.org

               Nicholas M. DiCarlo (*pro hac vice* motion pending)
               ZUCKERMAN SPAEDER LLP
               1800 M Street NW, Suite 1000
               Washington, DC 20036
               202.778.1800
               ndicarlo@zuckerman.com

               *Counsel for Plaintiffs*

                                                                  */s/*
                              Michael S. Dingman, VSB #30031
McGUIREWOODS LLP
1750 Tysons Boulevard
Suite 1800
Tysons, VA 22102
(703) 712-5462
mdingman@mcguirewoods.com

Grayson P. Hanes, VSB #06614
ODIN FELDMAN PITTLEMAN
1775 Wiehle Avenue
Suite 400
Reston, VA 20190
(703) 218-2100
grayson.hanes@ofplaw.com

Justin deBettencourt, VSB #83806
REED SMITH LLP
7900 Tysons One Place
Suite 500
McLean, Virginia 22102
(703) 641-4200
jdebettencourt@reedsmith.com

*Counsel for Defendants*

**Certificate of Service**

      I hereby certify that on this 1st day of March, 2024, I caused the foregoing to be filed electronically with the Clerk of the Court using CM/ECF, which will then send a notification of such filing to all counsel of record.

                                              /s/
                            Granville C. Warner, VSB #24957
                            LEGAL AID JUSTICE CENTER
                            6402 Arlington Blvd., Suite 1130
                            Falls Church, VA 22042
                            703.778.3450
                            cwarner@justice4all.org