# Exhibit A

| de Reyes v. Waples - pending motions and matters | | | | | |
|---|---|---|---|---|---|
| ECF No | Date | Party | Description | Status | Proposed Action |
| 438 | 2/18/2022 | Joint | Request for a pretrial conference 02/25/2022 | not addressed; order entered 2/23/2022 removing case from trial calendar | Parties propose that the Court set a trial date, a pretrial conference, and a hearing on the motions in limine (as decribed below) |
| 437 | 2/17/2022 | Plaintiffs | Request to use laptops and phones at trial | not addressed; order entered 2/23/2022 removing case from trial calendar | Plaintiffs renew their request and ask that the Court grant it. No objection from Defendants. |
| 436 | 12/21/2021 | Plaintiffs | Motion to appear Pro Hac Vice by Nicholas Michael DiCarlo | not addressed; order entered 2/23/2022 removing case from trial calendar | Plaintiffs renew their motion and ask that the Court grant it. No objection from Defendants. |
| 435 | 12/21/2021 | Plaintiffs | Motion to appear Pro Hac Vice by Adam Abelson | not addressed; order entered 2/23/2022 removing case from trial calendar | None. Mr. Abelson has since left private practice and is serving as a magistrate judge on the U.S. District Court for the District of Maryland. |
| 372 | 6/4/2021 | Plaintiffs | Motion to Amend Rule 26 disclosures - exhibit list and witness list (ECF 312) | Opposition filed 6/21/21; ECF 391 Reply Brief filed 6/28/21; ECF 396;  argued 07/16/2021; taken under advisement (ECF 412) | Plaintiffs renew their motion and Parties request that the Court consider Plaintiffs' motion to amend Rule 26 pretrial disclosures with Defendants' objections to Plaintiffs' Rule 26 pretrial disclosures (ECF 317). |
| 340 | 1/11/2021 | Defendants | MIL Exclude Argument Questioning Whether Valid Interests for the Policy were in Place at the Time of the Policy's Adoption. | Opposition filed 6/4/21; ECF 364;      Reply Brief filed 6/28/21; ECF 392;  Argued 07/16/2021; taken under advisement (ECF 412) | Parties jointly propose the following procedure: i. Within 30 days of the Court's order, either party may file a revised version of any motion in limine in light of the Fourth Circuit's decision. |
| 337 | 1/11/2021 | Defendants | MIL to exclude evidence of damages | Opposition filed 6/4/21; ECF 363      Reply Brief filed 6/28/21; ECF 394;  argued 07/16/2021; taken under advisement (ECF 412) | ii. Within 21 days thereafter, either party may file a revised opposition to any motion in limine (including motions in limine that have not been revised) in light of the Fourth Circuit's decision. |
| 331 | 1/11/2021 | Plaintiffs | Plaintiffs' 8 MILs: (1) to exclude evidence that (a) Ps failed to show that Ds' Policy is "artificial, arbitrary, and unreasonable"; (b) the "anti-harboring" statute precludes Ps from demonstrating robust causality; and (c) Ps failed to show a "robust causal connection" between Ds' Policy and its impact on Ps as Latinos; (2) Ds must establish witness's personal knowledge before eliciting testimony on the "business necessities" the Policy purportedly fulfills; (3) Ds must establish witness's personal knowledge before eliciting testimony on 2009 and 2018 Treasury Inspector General reports; (4) to exclude evidence on the "anti-harboring" statute and the Personal Responsibility & Work Opportunity Reconciliation Act; (5) to exclude additional testimony regarding the Ps' legal immigration status beyond what is necessary to establish whether they are legally present; (6) to exclude evidence re Ds' views  on immigrants or immigration; (7) to exclude evidence re Ds' possession of Fair Housing Act Training; (8) to exclude evidence re Ds' advertising in Spanish. | Opposition filed 6/4/21; ECF 379;         Reply Brief filed 6/28/21; ECF 402;      argued 07/16/2021; taken under advisement (ECF 412) | iii. Within 14 days thereafter, either party may submit a revised reply in support of a motion in limine. |
| 328 | 1/11/2021 | Defendants | MIL Exclude Evidence of Lease Materials and Purported "Eviction" Correspondence | Opposition filed 6/4/21; ECF 362         Reply Brief filed 6/28/21; ECF 407 ;   argued 07/16/2021; taken under advisement (ECF 412) | |
| 325 | 1/11/2021 | Defendants | MIL to exclude expert tesimony of Ivan Yacub, an immigration attorney, regarding (1) Individual Taxpayer Identification Numbers ("ITINs"), specifically how to obtain them, and (2) whether U.S. Visas and I-94 documents were good evidence of legal presence | Opposition filed 6/4/21; ECF 361         Reply Brief filed 6/28/21; ECF 401     argued 07/16/2021; taken under advisement (ECF 412) | |
| 322 | 1/11/2021 | Defendants | MIL to exclude evidence of a "surname analysis" allegedly performed by Plaintiffs' former counsel, Mr. Archith Ramkumar. Dkt. 157-9 ("Ramkumar Declaration") | Opposition filed 6/4/21; ECF 360         Reply Brief filed 6/28/21; ECF 395    argued 07/16/2021; taken under advisement (ECF 412) | |
| 321 | 12/23/2020 | Defendants | Objections to Plaintiffs' trial exhibits | not addressed | |
| 320 | 12/23/2020 | Plaintiffs | Objections to Defendants' trial exhibits | not addressed | Parties request that the Court consider their respective objections to each other's trial exhibits |
| 318 | 12/18/2020 | Plaintiffs | Objections to Defendants' deposition designations | not addressed | Plaintiff requests that the Court consider their objections to the Defendants' deposition designations and that any issues related thereto be resolved during a final pretrial conference set by the court. |
| 317 | 12/18/2020 | Defendants | Objections to Plaintiffs' Rule 26 pretrial disclosures (ECF 312) and request to strike witnesses called to establish foundation for records or other evidence if witness not listed in pretrial disclosures | not addressed; related to ECF 372 (Plaintiffs' motion to amend Rule 26 pre-trial disclosures) | Parties request that the Court consider Defendants' objections together with Plaintiffs' motion to amend Rule 26 pre-trial disclosures (ECF 372). |