# EXHIBIT 1

```
                                                                    1

 1                    UNITED STATES DISTRICT COURT
                    FOR THE EASTERN DISTRICT OF VIRGINIA
 2                         ALEXANDRIA DIVISION

 3
     ROSY GIRON DE REYES,         )
 4   et al,                       )
                                  )    Civil 16-563
 5           Plaintiffs,          )
                                  )
 6      v.                        )
                                  )    Alexandria, Virginia
 7   WAPLES MOBILE HOME PARK      )    September 23, 2020
     LIMITED PARTNERSHIP,         )
 8   et al,                       )
             Defendants.          )
 9   _____    )

10
                        TRANSCRIPT OF MOTION HEARING
11                              VIA ZOOM

12              BEFORE THE HONORABLE T. S. ELLIS
                     UNITED STATES DISTRICT JUDGE
13

14

15         APPEARANCES:

16   For the Plaintiffs:     Simon Yehuda Sandoval-Moshenberg
                             Gianna Puccinelli
17                           Nady Peralta
                             Matthew Traupman
18

19   For the Defendants:     Michael Sterling Dingman
                             Grayson Hanes
20                           Justin deBettencourt
                             Grayson Hanes
21

22
     Court Reporter:    PATRICIA A. KANESHIRO-MILLER, RMR, CRR
23

24
     Proceedings reported by stenotype shorthand.
25   Transcript produced by computer-aided transcription.
```

1    Circuit suggested?  Is that the plaintiffs' position?
2            MS. PUCCINELLI:  No, Your Honor.  Plaintiffs contend
3    that we should only be proceeding to trial on the disparate
4    impact theory of the Fair Housing Act claim.
5            THE COURT:  All right.  And as to that, it's the
6    position of the plaintiffs that it should proceed to trial on
7    all three steps of the analysis as identified by the Fourth
8    Circuit?
9            MS. PUCCINELLI:  That is correct, Your Honor.
10           THE COURT:  All right.  Now, with respect to the
11   arguments that I have heard, you might reiterate, just to
12   refresh my recollection, what is the plaintiffs' position on
13   the effect, if any, of the anti-harboring statute on the
14   plaintiffs' claim in this case?
15           MS. PUCCINELLI:  Your Honor, plaintiffs' position is
16   that the anti-harboring statute has no place in the analysis
17   on step one.  The Fourth Circuit's -- the Fourth Circuit's
18   opinion clearly states, under the first step, the plaintiff
19   must demonstrate a robust causal connection between the
20   defendants' challenged policy and the disparate impact on the
21   protected class.  And it goes -- the Fourth Circuit goes on
22   to identify how plaintiffs have done that.  And that's either
23   through statistical evidence or other evidence that
24   specifically links the policy at issue with a
25   disproportionate impact on the protected class.  And