IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROSY GIRON DE REYES, *et al.*, <br><br> Plaintiffs, <br> v. <br><br> WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP, *et al.*, <br><br> Defendants. | Civil No.: 1:16-cv-563 (PTG/WBP) |

### MEMORANDUM IN SUPPORT OF
### DEFENDANTS' MOTION TO SEAL

Defendants Waples Mobile Home Park Limited Partnership, Waples Project Limited Partnership, and A. J. Dwoskin & Associates, Inc. (collectively "Defendants"), by counsel, pursuant to Local Civil Rule 5, submit this memorandum of points and authorities in support of Defendants' Motion to Seal (Dkt. 468).

**I.   Introduction**

Defendants agreed to a Stipulated Protective Order (Dkt. 45), which requires the parties to file information designated as confidential under seal with the Court. Pursuant to the Stipulated Protective Order (Dkt. 45), Plaintiffs and Defendants designated certain documents as confidential. Some of those documents have been attached as exhibits to (1) Defendants' memorandum supporting their Motion *in Limine* to Exclude Evidence of the Ethnicity of Individuals at the Park Allegedly Affected by the Policy (Dkt. 463); and (2) Defendants' memorandum supporting their Motion *in Limine* to Exclude Evidence of Lease Materials and the Purported "Eviction" of Plaintiffs (Dkt. 466). In addition, Defendants have redacted personal identifying information.

Defendants respectfully move to seal this information and note that these exhibits are re-filed exhibits that were previously filed as Exhibits 1-7 to Dkt. 323 and Exhibits 2-5 to Dkt. 329 and thus these exhibits have already been sealed pursuant to the Court's January 22, 2021 Order (Dkt. 354).

**II.   Exhibits 1-7 to Defendant's Memorandum Supporting Their Motion *in Limine* to Exclude Evidence of the Ethnicity of Individuals at the Park Allegedly Affected by the Policy (Dkt. 463)**

Defendants filed certain internal lists of tenants and individuals at the Waples Mobile Home Park under seal. These lists are attached as Exhibits 1-7 to Defendants' memorandum supporting their Motion *in Limine* to Exclude Evidence of the Ethnicity of Individuals at the Park Allegedly Affected by the Policy (Dkt. 463). These lists are confidential internal documents, and Defendants designated this information as confidential pursuant to the Stipulated Protective Order (Dkt. 45). In addition, these documents contain third parties' names and identifying information. As a result, Defendants filed these exhibits under seal and note that these exhibits are re-filed exhibits that were previously filed as Exhibits 1-7 to Dkt. 323 and thus these exhibits have already been sealed pursuant to the Court's January 22, 2021 Order (Dkt. 354).

**III.   Exhibits 2-5 to Defendants' Memorandum Supporting Their Motion *in Limine* to Exclude Evidence of Lease Materials and the Purported "Eviction" of Plaintiffs (Dkt. 466)**

Exhibit 2 (Dkts. 466-2 and 466-3) contains numerous lease materials that Plaintiffs identified as potential trial exhibits. Within these documents, Defendants redacted personal identifying information where appropriate, *e.g.*, *id.* (Pls.' Ex. 8), and filed documents designated as confidential by the Plaintiffs under seal, *e.g.*, *id.* (Pls.' Ex. 9). In addition, Defendants filed a confidential credit report under seal, *id.* (Pls.' Ex. 65), and Defendants filed a confidential internal inspection form under seal. *Id*. (Pls.' Ex. 70).

Exhibit 3 (Dkt. 466-4) contains the resident ledgers for the male Plaintiffs. Defendants redacted personal identifying information on these documents.

Exhibit 4 (Dkt. 466-5) contains exhibits that Plaintiffs identified as potential trial exhibits. On certain of these exhibits, Defendants redacted personal identifying information. *E.g.*, Exhibit 4 (Pls.' Exs. 151, 155). Other documents were designated as confidential by Plaintiffs. *E.g.*, *id.* (Pls.' Exs. 153, 154, 163, 164). Other confidential lease communications with confidential identifying information attached, were filed under seal. *Id.* (Pls.' Ex. 158). Defendants also filed under seal other confidential internal communications within Exhibit 4.

Exhibit 5 is a deposition transcript of one of the Plaintiffs, which Plaintiffs designated as confidential. Accordingly, light of the Stipulated Protective Order (Dkt. 45) requiring information designated confidential pursuant to that Order to be filed under seal, Defendants filed Exhibit 5 under seal.

Defendants note that these exhibits are re-filed exhibits that were previously filed as Exhibits 2-5 to Dkt. 329 and thus these exhibits have already been sealed pursuant to the Court's January 22, 2021 Order (Dkt. 354).

**IV.   Argument**

*Ashcraft v. Conoco, Inc.*, 218 F.3d 282 (4th Cir. 2000), held that documents may be sealed pursuant to district court order when the court: (1) provides notice to the public and gives it an opportunity to object to sealing, (2) considers less drastic alternatives, and (3) provides specific findings in support of the decision to seal and the rejection of alternatives. Those requirements are met here.

The common law right to inspect and copy judicial records and documents is "not absolute." *In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (citing *Nixon v. Warner*

*Commc'ns, Inc.*, 435 U.S. 589, 597 98 (1978)). The Court "has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *Knight*, 743 F.2d at 235.

First, Defendants have concurrently filed a Notice of Filing of Sealing Motion pursuant to Local Civil Rule 5 to be docketed by the Clerk. The Notice will provide the public with an opportunity to object to the sealing of the document in question.

Second, no feasible alternative exists in light of the Stipulated Protective Order (Dkt. 45) requiring information designated confidential pursuant to the Order to be filed with the Court consistent with Local Rule 5 of the Eastern District of Virginia. Where Plaintiffs have designated information as confidential, the utmost discretion is necessary.

In addition, this Court has recognized that sensitive business information merits the sealing of filings. *See, e.g., RegScan, Inc. v. The Bureau of Natl. Affairs, Inc.*, 100 U.S.P.Q.2d 1635 (E.D. Va. 2011) (granting motion to seal information pertaining to commercial trade secrets). Moreover, personal identifying information should be filed redacted and filed under seal.

Finally, specific reasons exist to support the rejection of alternatives to sealing the exhibits and portions thereof that are discussed above. The United States Supreme Court has recognized that it is proper for courts to "refuse[] to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing" or for other such improper purposes. *Nixon*, 435 U.S. at 598 (citations omitted). Further, because the proposed sealed information involves "private commercial conduct" lacking a substantial relation to any "important governmental or political question," the interest of maintaining the confidentiality of private parties is significant. *RegScan, Inc.* 100 U.S.P.Q.2d at 1637-1638.

**V.      Conclusion**

For the aforementioned reasons, Defendants respectfully request that the following be sealed: (1) Exhibits 1-7 to Defendants' memorandum supporting their Motion *in Limine* to Exclude Evidence of the Ethnicity of Individuals at the Park Allegedly Affected by the Policy (Dkt. 463); and (2) the redacted portions of Exhibits 2-5 to Defendants' Memorandum Supporting their Motion *in Limine* to Exclude Evidence of Lease Materials and the Purported "Eviction" of Plaintiffs (Dkt. 466).

Dated:  April 10, 2024                          Respectfully submitted,


WAPLES MOBILE HOME PARK LIMITED
PARTNERSHIP, WAPLES PROJECT LIMITED
PARTNERSHIP AND
A. J. DWOSKIN & ASSOCIATES, INC.

/s/
Michael S. Dingman (VSB No. 30031)
Brooks H. Spears (VSB No. 86391)
McGuireWoods LLP
1750 Tysons Boulevard
Suite 1800
Tysons, VA 22102
(703) 712-5462
(703) 712-5073
mdingman@mcguirewoods.com
bspears@mcguirewoods.com

Grayson P. Hanes (VSB  No. 06614)
Odin Feldman Pittleman, P.C.
1775 Wiehle Avenue
Suite 400
Reston, VA 20190
(703) 218-2100
grayson.hanes@ofplaw.com

Justin deBettencourt (VSB No. 83806)
Reed Smith LLP
7900 Tysons One Place

Suite 500
McLean, Virginia 22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
jdebettencourt@reedsmith.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of April, 2024, I caused the foregoing to be filed electronically with the Clerk of the Court using CM/ECF, which will then send a notification of such filing to all counsel of record.

/s/
Michael S. Dingman (VSB No. 30031)
Brooks H. Spears (VSB No. 86391)
McGuireWoods LLP
1750 Tysons Boulevard
Suite 1800
Tysons, VA 22102
(703) 712-5462
(703) 712-5073
mdingman@mcguirewoods.com
bspears@mcguirewoods.com

Grayson P. Hanes (VSB No. 06614)
Odin Feldman Pittleman, P.C.
1775 Wiehle Avenue
Suite 400
Reston, VA 20190
(703) 218-2100
grayson.hanes@ofplaw.com

Justin deBettencourt (VSB No. 83806)
Reed Smith LLP
7900 Tysons One Place
Suite 500
McLean, Virginia 22102
(703) 641-4200 (Telephone)
(703) 641-4340 (Facsimile)
jdebettencourt@reedsmith.com

*Counsel for Defendants*