**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

|  |  |  |
|---|---|---|
| ROSY GIRON DE REYES, ET AL., | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | Case No: 1:16CV563 (PTG/WBP) |
| | ) | |
| WAPLES MOBILE HOME PARK | ) | |
| LIMITED PARTNERSHIP, ET AL., | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION *IN LIMINE* TO EXCLUDE IVAN YACUB'S TESTIMONY**

Defendants Waples Mobile Home Park Limited Partnership, Waples Project Limited Partnership, and A.J. Dwoskin & Associates, Inc. (collectively, "Defendants"), pursuant to L. Civ. R. 7(F)(1) and this Court's Order of March 11, 2024 (ECF No. 451), file this reply in support of their motion *in limine* to exclude the testimony of Ivan Yacub ("Yacub"), who is the purported immigration law expert designated by Plaintiffs Rosy Giron de Reyes, Jose Dagoberto Reyes, Felix Alexis Bolanos, Ruth Rivas, Yovana Jaldin Solis, Eseban Ruben Moya Yrapura, Rosa Elena Amaya, and Herbert David Saravia Cruz (collectively, "Plaintiffs").

**ARGUMENT**

Plaintiffs hired Ivan Yacub to address an issue that is no longer part of this case, which renders his opinions irrelevant. Defendants originally argued that one of their Step Two justifications was verifying the female Plaintiffs' legal status. In response, Plaintiffs planned to argue at Step Three that their individual taxpayer identification numbers ("ITINs") were a less burdensome means of verifying legal status. To support their Step Three alternative, Plaintiffs

were going to use Yacub's opinion that ITINs provide an equivalent means of verifying legal status as compared to the documents that Defendants allegedly required.   After *Reyes II*, however, Defendants' primary Step Two justification is no longer the verification of legal status, but is instead the need to verify the identities of the female Plaintiffs so as to obtain accurate criminal background checks.[1]   Consequently, Yacub's proposed opinions about verifying legal status through ITINs are no longer relevant to this case.

## CONCLUSION

For the reasons discussed, the Court should grant Defendants' motion *in limine*.

---

[1] In their September 2016 interrogatory answers, Defendants explained: "The reasons for creating the policy are to confirm the identity of the applicant(s) and any adult occupants . . . to eventually perform criminal background checks[.] . . . Policies were strengthened and modified over time due to discovery of numerous unauthorized occupants at other properties, some of whom were criminals with felonies with sexual or violent crimes[.]"

Dated: May 15, 2024

Respectfully submitted by,
**Waples Mobile Home Park Limited Partnership**
**Waples Project Limited Partnership**
**A.J. Dwoskin & Associates, Inc.**
*By Counsel*

*/s/ Brooks H. Spears*
Michael S. Dingman
Brooks H. Spears
McGuireWoods LLP
1750 Tysons Boulevard, Suite 1800
Tysons, VA 22102
Phone: (703) 712-5000
Fax: (703) 712-5050
mdingman@mcguirewoods.com
bspears@mcguirewoods.com

Grayson P. Hanes
Odin, Feldman & Pittleman, P.C.
1775 Wiehle Avenue, Suite 400
Reston, VA 20190
Phone: (703) 218-2195
Fax: (703) 218-2160
grayson.hanes@ofplaw.com

## CERTIFICATE OF SERVICE

I certify that, on May 15, 2024, I caused the foregoing document to be filed via the Court's

CM/ECF system, which will send notice to all counsel of record.

*/s/ Brooks H. Spears*
Brooks H. Spears