IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ROSY GIRON DE REYES, ET AL., | ) ) ) |
| *Plaintiffs*, | ) ) |
| v. | ) ) Case No: 1:16CV563 (PTG/WBP) |
| WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP, ET AL., | ) ) ) ) |
| *Defendants*. | ) ) ) |

**DEFENDANTS' MOTION FOR A SHORT CONTINUANCE OF THE TRIAL DATE**

Defendants Waples Mobile Home Park Limited Partnership, Waples Project Limited Partnership, and A.J. Dwoskin & Associates, Inc. (collectively, "Defendants"), pursuant to L. Civ. R. 7(G), move for a short continuance of the current trial date. Plaintiffs Rosy Giron de Reyes, Jose Dagoberto Reyes, Felix Alexis Bolanos, Ruth Rivas, Yovana Jaldin Solis, Esteban Ruben Moya Yrapura, Rosa Elena Amaya, and Herbert David Saravia Cruz (collectively, "Plaintiffs") oppose this motion.

1. The trial in this case is set to begin on September 16, 2024. Waples asks this Court to continue the trial date for a brief period of time to allow the Supreme Court of the United States to decide whether to grant or deny Waples' pending petition for a writ of certiorari.

2. On June 21, 2024, Waples filed its cert. petition in the Supreme Court, *see* Exhibit 1, seeking review of the Fourth Circuit's decision in *Reyes v. Waples Mobile Home Park LP*, 91 F.4th 270 (4th 2024).

3. Waples' petition argues that the Fourth Circuit articulated and applied the wrong legal standards at Steps One and Two of the disparate-impact analysis under the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.*

4. Based on the timing for Plaintiffs' response, the Supreme Court will likely consider Waples' petition at the first conference of the upcoming term on September 30, 2024. The Supreme Court will likely decide whether to grant or deny Waples' petition within a few weeks of that conference. The parties will immediately advise this Court of the Supreme Court's decision on Waples' petition.

5. If the Supreme Court denies Waples' petition, the parties can proceed to trial on the next available trial date under the legal standards set forth by the Fourth Circuit in *Reyes I* and *Reyes II*.

6. On the other hand, if the Supreme Court grants Waples' petition, the parties and this Court should not proceed to trial until the Supreme Court renders a merits decision on the appeal.

7. A merits decision from the Supreme Court could dispose of this case. For instance, if the Supreme Court agrees with Waples that the Fourth Circuit erred in its Step One standard for showing a statistical disparity, the result would be dismissal under Fed. R. Civ. P. 12(b)(6). Similarly, if the Supreme Court agrees that the Fourth Circuit erred in its Step Two standard for justifying any disparity, the result would likely be the reinstatement of summary judgment for Waples.

8. The potential for a dispositive decision from the Supreme Court—or at least guidance on the legal standards applicable to this case—amounts to "good cause" for a short continuance under L. Civ. R. 7(G).

9. District courts routinely grant motions to continue trial dates based on pending cert petitions filed with the Supreme Court. *See, e.g.*, *Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, No. 15-1168, 2021 WL 616992, at *2 (D. Del. Feb. 17, 2021); *Hill v. Warden of Lee Cty., U.S.P.*, No. 7:18CV166, 2020 WL 908125, at *1 (W.D. Va. Feb. 25, 2020); *Ortega v. J.B. Hunt Transp., Inc.*, No. 2:07CV8336, 2018 WL 2717825, at *1 (C.D. Cal. Apr. 19, 2018).

10. Moreover, there is no risk of prejudice to Plaintiffs should the trial date be briefly continued for what is anticipated to be less than two months.

11. On the other hand, there is a substantial risk of wasting judicial resources and the parties' time and money if this case proceeds to trial in September, only to have the Supreme Court subsequently grant Waples' petition days after the verdict.

12. This is not an unlikely scenario. In its petition, Waples identifies a significant circuit split about the law applicable to FHA disparate-impact claims. This split of authority creates a "reasonable chance" that the Supreme Court will grant Waples' petition so as to warrant a continuance. *United States v. William Beaumont Hosps.*, No. 2:10CV13440, 2021 WL 4472767 at *2 (E.D. Mich. Sept. 30, 2021).

13. In sum, the pros and cons clearly favor a short continuance. The only reason not to grant the requested continuance is to proceed to trial a few weeks before the Supreme Court is expected to rule on Waples' petition. But Plaintiffs cannot articulate how these additional days—for a case that has been pending for more than eight years—would actually prejudice them. On the other side of the ledger, the reasons for granting the continuance are numerous: (i) saving judicial resources and avoiding the risk of multiple trials; (ii) not requiring jurors to participate in a trial for no reason; (iii) reducing the time that the parties must spend away from their families,

jobs, and businesses; (iv) mitigating the amount of attorneys' fees at issue; and (v) ensuring that the Court's instructions to the jury about the applicable law are correct.

14. Wherefore, Waples asks the Court to grant its motion and to continue the trial date for a short period of time to allow the Supreme Court to rule on Waples' pending cert. petition.

Dated: June 26, 2024

Respectfully submitted,
**Waples Mobile Home Park Limited Partnership**
**Waples Project Limited Partnership**
**A.J. Dwoskin & Associates, Inc.**
*By Counsel*

*/s/ Michael S. Dingman*
Michael S. Dingman
Brooks H. Spears
MCGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
Tysons, VA 22102
Phone: (703) 712-5000
Fax: (703) 712-5050
mdingman@mcguirewoods.com
bspears@mcguirewoods.com

Grayson P. Hanes
ODIN, FELDMAN & PITTLEMAN, P.C.
1775 Wiehle Avenue, Suite 400
Reston, VA 20190
Phone: (703) 218-2195
Fax: (703) 218-2160
grayson.hanes@ofplaw.com

## CERTIFICATE OF SERVICE

I certify that, on June 26, 2024, I caused the foregoing document to be filed via the Court's CM/ECF system, which will send notice to all counsel of record.

*/s/ Michael S. Dingman*
Michael S. Dingman