1

```
                    UNITED STATES DISTRICT COURT
 1                  EASTERN DISTRICT OF VIRGINIA
                         ALEXANDRIA DIVISION
 2

 3

 4  ROSY GIRON DE REYES, ET AL.    )
                                    )
 5                                  )
         VS.                        )   1:16-CV-563  PTG/WBP
 6                                  )
                                    )   ALEXANDRIA, VIRGINIA
 7                                  )   APRIL 18, 2024
    WAPLES MOBILE HOME PARK         )
 8  LIMITED PARTNERSHIP, ET AL.     )
    _____)
 9

10

11

12

13
    _____
14
                 TRANSCRIPT OF STATUS CONFERENCE
15        BEFORE THE HONORABLE PATRICIA TOLLIVER GILES
                   UNITED STATES DISTRICT JUDGE
16  _____

17

18

19

20

21

22

23

24  Proceedings reported by stenotype, transcript produced by

25  Julie A. Goodwin.
```

———Julie A. Goodwin, CSR, RPR

| | |
|---|---|
| 1 | **A P P E A R A N C E S** |
| 2 | |
| 3 | FOR THE PLAINTIFF: |
| | ZUCKERMAN SPAEDER LLP |
| 4 | By:  MR. NICHOLAS M. DICARLO |
| | 1800 M Street NW |
| 5 | Suite 1000 |
| | Washington, D.C.  20036 |
| 6 | 202.778.1800 |
| | ndicarlo@zuckerman.com |
| 7 | |
| 8 | ZUCKERMAN SPAEDER LLP |
| | By:  MR. CYRIL V. SMITH |
| 9 | 100 East Pratt Street |
| | Suite 2440 |
| 10 | Baltimore, Maryland  21202-1031 |
| | 410.332.0440 |
| 11 | csmith@zuckerman.com |
| 12 | |
| | LEGAL AID JUSTICE CENTER |
| 13 | By:  MS. LARISA D. ZEHR |
| | 6402 Arlington Boulevard |
| 14 | Suite 1130 |
| | Falls Church, Virginia  22042 |
| 15 | 703.778.3450 |
| | larisa@justice4all.org |
| 16 | |
| 17 | |
| 18 | FOR THE DEFENDANT: |
| | MCGUIRE WOODS LLP |
| 19 | By:  MR. MICHAEL S. DINGMAN |
| | 1750 Tysons Boulevard |
| 20 | Suite 1800 |
| | Tysons, Virginia  22102 |
| 21 | 703.712.5000 |
| | mdingman@mcguirewoods.com |
| 22 | |
| | ODIN, FELDMAN & PITTLEMAN, P.C. |
| 23 | By:  MR. GRAYSON P. HANES |
| | 1775 Wiehle Avenue |
| 24 | Suite 400 |
| | Reston, Virginia  20190 |
| 25 | 703.218.2195 |
| | grayson.hanes@ofplaw.com |

**A P P E A R A N C E S**

OFFICIAL U.S. COURT REPORTER:
    MS. JULIE A. GOODWIN, RPR
    United States District Court
    401 Courthouse Square
    Eighth Floor
    Alexandria, Virginia  22314
    571.229.7074

1  (APRIL 18, 2024, 10:42 A.M., OPEN COURT.)
2            THE COURTROOM DEPUTY:  Court calls *Rosy Giron de*
3  *Reyes, et al. versus Waples Mobile Home Park Limited*
4  *Partnership, et al.*; Case Number 1:16-CV-563.
5            May I have appearances, please, first for the
6  plaintiffs.
7            MR. DICARLO:  Nicholas DiCarlo of Zuckerman Spaeder
8  LLP on behalf of the plaintiffs.
9            MR. SMITH:  Good morning, Your Honor.  Cy Smith for
10 the plaintiffs.
11           THE COURT:  Good morning.
12           MS. ZEHR:  Good morning, Your Honor.  Larisa Zehr with
13 Legal Aid Justice Center for the plaintiffs.
14           THE COURT:  Good morning.
15           MR. DINGMAN:  Good morning, Your Honor.  Michael
16 Dingman, McGuireWoods, for the defendants.
17           THE COURT:  Good morning to --
18           MR. HANES:  Good morning.  Grayson Hanes, Odin
19 Feldman, for the defendants.
20           THE COURT:  I'm sorry.  Didn't hear that.
21           MR. HANES:  Odin Feldman Pittleman.
22           THE COURT:  Okay.  Thank you.
23           Good morning to you.  And so we are on today for a
24 status.  And I've reviewed the parties' joint status report.
25 And so my purpose here this morning is to hear more about where

1  we stand, how quickly you think we are -- would be in the
2  position to set this for trial, or how soon that trial date
3  could be, and then to set a few dates.
4         I also want to see if anything has changed in terms
5  of your witness list, just given the -- you know, that so much
6  time has passed in terms of are these -- you know, have you had
7  contact with the witnesses, are they still available, and
8  things like that.  And so first, I'm going to start off hearing
9  from plaintiffs.
10        MR. DICARLO:  Good morning, Your Honor.
11        THE COURT:  I need you to come to the podium.
12        MR. DICARLO:  Of course.
13            Our principle goal today is to set a prompt date
14 for trial.  It's been eight years since our clients were forced
15 from their homes in defendant's mobile home park.  We've been
16 up to the Fourth Circuit twice.  The areas that are
17 controverted have been narrowed, and we believe that we'll be
18 ready in relatively short order to have a jury trial.
19            We were only a few weeks out when Judge O'Grady
20 *sua sponte* ordered summary judgment the last time the parties
21 had exchanged jury instructions, voir dire questions, and a
22 proposed verdict form.  We are currently -- there are motions
23 in limine that are currently being briefed through -- through
24 May, but I think our hope would be that we could set a trial
25 date sometime in late summer or early fall.

Julie A. Goodwin, CSR, RPR

4/18/2024

1              As to our witness list, our witnesses are currently
2  available.  We do expect that the plaintiff families will be in
3  attendance and will be here.  A logistical issue involved with
4  that is we will need consecutive translation for -- for the
5  families for their testimony.
6              THE COURT:  Okay.  You know you provide that.
7              MR. DICARLO:  Yes, Your Honor.
8              THE COURT:  The parties -- in civil cases, the parties
9  provide the translators for their witnesses.
10             MR. DICARLO:  Yes, and we will -- and we will do so.
11 I just -- I wanted to bring that to the Court's attention in
12 terms of duration and a logistical aspect --
13             THE COURT:  Okay.
14             MR. DICARLO:  -- of our presentation.
15             THE COURT:  Okay.
16             MR. DICARLO:  But our witness list has not changed.
17 We have the same experts, and our plaintiff families will be
18 here as well.
19             We would be interested -- the parties have
20 discussed settlement.  We would be interested in a parallel
21 track in having a mediated settlement conference, if defendants
22 are interested, with the magistrate judge.
23             THE COURT:  Okay.  I'm going to let you-all discuss
24 settlement on your own.  But I will say in all of my final
25 pretrials I strongly urge the parties to contact the assigned

1  magistrate judge.  In this case, that is Judge Porter.  Because
2  our magistrate judges here -- and I'm sure you are, both sides
3  are aware of this -- have been very successful in helping our
4  parties reach resolution, because having a neutral third party
5  involved, helping parties and sometimes clients accept -- you
6  know, assess the strength or weaknesses in a case, and
7  sometimes help with client control somewhat, and expectations,
8  they have been very successful in that.
9           And so if you -- if both sides are interested in
10 that, you should be pursuing that sooner as opposed to later.
11 You should be reaching out to his chambers immediately to
12 schedule that.
13          MR. DICARLO:  Thank you, Your Honor.
14          And -- and lastly, in terms of logistics, the
15 clerk's office has pinged us about filing the motions in limine
16 without calling for a --
17          THE COURT:  They do that automatically.  I'm setting
18 the hearing for the motions in limine today.
19          MR. DICARLO:  Wonderful.
20          THE COURT:  Okay?
21          And so in terms of -- and I know there's the
22 outstanding objection defendants have to your witness list as
23 well as to the exhibit list.  And then I think you filed that
24 motion to amend in response to that, and so I'll take that up
25 at the time I take up the motions in limine.  Okay?

1          MR. DICARLO:  Wonderful.

2          THE COURT:  What about the stipulation of uncontested
3  facts that were filed.  Are there going to be any changes to
4  that?

5          MR. DICARLO:  Prior to the grant of -- the second
6  grant of summary judgment, the parties had exchanged additional
7  stipulations.  We've not agreed to them, but that will be on
8  the parties' plate, and we will -- we will pursue that as to
9  whether we have additional stipulations that the parties will
10 agree to.

11         THE COURT:  Okay.  Thank you.

12             Anything further?

13         MR. DICARLO:  No, Your Honor.

14         THE COURT:  And so is it Mr. Dingman?

15         MR. DINGMAN:  Yes, Your Honor.

16         THE COURT:  Okay.  I'll hear from you next.

17         MR. DINGMAN:  Thank you.

18             So with respect to what needs to be done to get
19 this case to trial, there are a few things that I think the
20 Court needs to consider.  One is, what are the issues that are
21 left to be tried in this case?

22             The defendants' view is there's still the step one
23 statistical disparity issue on robust causality that's still in
24 the case.

25             Step two, which is the legitimate purpose for the

1  policy.  Clearly the Fourth Circuit has ruled that the
2  anti-harboring statute is out of the case.  So the -- what
3  remains on step two is the policy's purpose to conduct criminal
4  background checks and credit checks, which -- and certainly
5  plaintiff can speak to this.
6           I don't think there's a challenge, if that's not a
7  legitimate purpose.  My understanding is the challenge is more
8  the documentation that's utilized for that purpose.  That's
9  the -- the issue that's being raised by the plaintiffs, which
10 to us seems more like a step three argument because step three
11 is, is there a less impactful way to achieve the same policy.
12          So, I think it would be helpful to have the parties
13 and the Court clarify those issues because I also --
14          THE COURT:  Are you going to be filing a motion on
15 this?
16          MR. DINGMAN:  I'm sorry?
17          THE COURT:  Are you going to be filing a motion with
18 respect to this?
19          MR. DINGMAN:  Yes.  We can certainly file a motion and
20 set forth -- and I'll confer with plaintiffs' counsel as well
21 to see if we can come to an agreement on what those issues are
22 because I think that's going to be important for how the trial
23 proceeds.  And then we're going to need, I would think, you
24 know, specific questions for the jury to consider as they're
25 going through the various steps of that.

```
 1            THE COURT:  In terms of the verdict form, yes.
 2            MR. DINGMAN:  Yes.
 3            So that's something I'm happy to talk to
 4   plaintiffs' counsel.  And if we can submit something jointly
 5   that we agree, we'll do so.  If there's some disagreement, then
 6   we'll file an appropriate motion.
 7            The next issue with respect to trial is one of our
 8   motions in limine deals with the plaintiffs' claims for
 9   damages.  If the Court denies that motion in limine and allows
10   the plaintiffs to present damage evidence -- and we'll file a
11   separate motion on this as well, but I just wanted to bring it
12   to Your Honor's attention that we would ask for a bifurcation
13   of the liability phase and the damage phase of the trial
14   because we are concerned that the damage testimony would
15   prejudice the defendants' ability to have a fair determination
16   on the issue of liability.
17            So that's -- and again, I'm happy to talk to
18   plaintiffs' counsel.  But if the motion in limine is denied and
19   damages are allowed, then we do intend to seek that
20   bifurcation.
21            The last issue I wanted to raise to Your Honor is
22   we had filed a motion to strike Professor Clark, who is the
23   statistical expert for the plaintiffs, which Judge Ellis
24   denied.  But I just want to alert the Court that we intend to
25   renew our objections with respect to the reliability of his
```

1  opinions.
2           THE COURT:  So you will want me to reconsider that
3  decision?
4           MR. DINGMAN:  We would like the Court to reconsider
5  that issue prior to trial, yes.
6           THE COURT:  File your motion.
7           MR. DINGMAN:  Okay.  We'll certainly do that, Your
8  Honor.  I'm just trying to --
9           THE COURT:  I know.  This is --
10          MR. DINGMAN:  -- tell you where --
11          THE COURT:  -- the purpose.  And I appreciate that
12  because you don't want me -- you don't want any surprises.
13          MR. DINGMAN:  Yes.
14          THE COURT:  And I thank you.
15          MR. DINGMAN:  So those are the steps from the
16  defendants' side, Your Honor, that we think after the Court
17  rules on the motions in limine, we would at that point, if
18  there's disagreement, seek a bifurcation and a reconsideration
19  of the propriety of Professor Clark's expert testimony.
20          THE COURT:  How soon will you be ready for trial?
21  They're saying they would like late summer, early fall.
22          MR. DINGMAN:  I think that as long as we can get
23  through these issues -- and I would like to -- as Your Honor
24  pointed out with witnesses, we've been tracking our witnesses
25  down, so I would like to confer with them as well.  But I do

1  think, setting aside the issues we've talked about, we're
2  prepared to proceed with trial as well.  I -- we just want to
3  confirm with my witnesses their availability.
4            THE COURT:  I'm setting the trial date today.  Okay?
5            MR. DINGMAN:  Okay.
6            So I think that --
7            THE COURT:  That was my intention of bringing us here,
8  and that was one of the things that you-all listed in your
9  joint status report --
10           MR. DINGMAN:  Uh-huh.
11           THE COURT:  -- for the Court to do would be to go
12 ahead and set that trial date.  And I think it's important to
13 do that because it gives us the limits.  Then we can set our
14 hearing date on the motions in limine --
15           MR. DINGMAN:  Uh-huh.
16           THE COURT:  -- the additional motions that you
17 mentioned today.  But we'll go ahead and set a hearing date for
18 those, and then we can just move -- make sure everything is
19 moving forward.  Because I'm sure given this -- you know, how
20 long this litigation has taken, both sides want a resolution as
21 quickly as possible, and so I do want to -- I'm sensitive to
22 that as well.
23           MR. DINGMAN:  Yes.
24           So I think that late summer, early fall should be
25 sufficient for defendants to be ready for trial.

1        THE COURT:  Okay.
2            And let's see here.  You're still tracking down
3 your witnesses, so you can't tell me right now whether or not
4 you'll have any changes to that witness list.
5        MR. DINGMAN:  Right.  We're not anticipating any
6 changes at this time, Your Honor, but we'll confirm that in
7 short order.
8        THE COURT:  Okay.
9            How long -- I didn't ask this.  How long did each
10 side anticipate their case taking?
11           I'll start with you, Mr. Dingman, since you're at
12 the podium.
13       MR. DINGMAN:  Your Honor, I think that the -- the
14 liability piece of the case I would think could be done in a
15 couple of days.
16       THE COURT:  Both sides?
17       MR. DINGMAN:  That would be my belief.  I think if
18 damages are allowed, then I would probably double that estimate
19 and say four days for the full trial.
20       THE COURT:  Okay.  Mr. DiCarlo, how long do you
21 anticipate?
22       MR. DICARLO:  We anticipate that we should be able to
23 complete trial within -- within one week.
24       THE COURT:  Okay.
25       MR. DICARLO:  We do think that the bifurcation issue

1  would unnecessarily lengthen the time period, and we do oppose
2  that.
3              I will note just for the Court --
4           THE COURT: I'm sure we're going to have a full
5  briefing on the whole bifurcation issue, so you don't -- don't
6  feel the need to make your argument now.
7           MR. DICARLO: I won't make my argument. I will only
8  note that there is a pending motion in -- in defendants' motion
9  in limine that addresses damages. The bifurcation issue is --
10 is addressed, and we will be addressing it in our opposition to
11 that -- to that pending motion in limine.
12          THE COURT: Oh, I see it. Okay.
13          MR. DICARLO: And I will -- I'll note for the Court as
14 well that when we were proceeding last time we had set it -- we
15 had set aside one week --
16          THE COURT: One week. Okay.
17          MR. DICARLO: And we do think that we would be able
18 to -- to wrap up within one week.
19          THE COURT: Okay. Both sides?
20          MR. DICARLO: Correct.
21          THE COURT: Okay.
22              So, I have availability in August, but I will say
23 this. We will run into issues in terms of picking a jury when
24 people are on -- you know, a lot of people are on vacation
25 during that time frame period. I'm happy to set an August date

1  and then us calling in a bigger pool in order to get people, or
2  we could push this into early September.  So I'll hear from
3  both sides on that.
4          MR. DICARLO:  So our preference, Your Honor, would be
5  to push to early September.
6          THE COURT:  Mr. Dingman.
7          MR. DINGMAN:  We agree, Your Honor.
8          THE COURT:  Okay.  Then that's -- I think that's wise.
9  I think I'm pretty -- pretty open in all of September.
10          What about...
11     (BRIEF PAUSE.)
12          THE COURT:  September 10th?
13          MR. DICARLO:  Would it be possible to do the following
14  week, Your Honor?
15          THE COURT:  The 17th?
16          Does the 17th work?
17          MR. DINGMAN:  September 17th start date is fine for
18  defendants.
19          THE COURT:  And I will say this.  I won't be sitting
20  on Friday the 20th, just to let you know.  Okay?  And so this
21  will go into that following week.
22          And I don't start trials on Mondays because if
23  there's a last-minute settlement or some -- I want to have time
24  for the Court to advise a jury, and so I start my trials on --
25  typically on Tuesdays.

1           So I'll start on the 17th.  We'll sit the 17th,
2  18th, 19th, and then it will flow into the following week.
3           MR. SMITH:  Your Honor, if I may.  Cy Smith.
4           I have a trial in New York that starts on Wednesday
5  the 25th, and I'm a little -- I'm a little concerned that if we
6  got to the end of it, it might cut me short.
7           THE COURT:  Okay.  So do you-all want to go back to
8  the week of the 10th?  Let me know because I don't -- I'm not
9  pushing this into --
10          MR. SMITH:  Right.
11          THE COURT:  Because if you're heading into trial the
12 following week that means you're not going to be available the
13 following week.  Correct?
14          MR. SMITH:  Can I have just a moment with Mr. DiCarlo?
15          THE COURT:  Sure.
16          MR. SMITH:  Is that all right?
17     (BRIEF PAUSE.)
18          MR. SMITH:  Your Honor, we've conferred, and we'll go
19 with September 10th.  Appreciate it.
20          THE COURT:  September 10th.
21          Is that still good for you?
22          MR. DINGMAN:  That -- September 10 is not available
23 for me, Your Honor.  That's -- the 17th works fine, but not --
24          THE COURT:  Okay.  What's going on on the 10th for
25 you?

1        MR. DINGMAN:  I have -- I'm going to be out of town
2   the week before that, the week of September 10th.
3        THE COURT:  Okay.
4            Okay.  When does your trial start?
5        MR. SMITH:  Your Honor, it starts on Wednesday,
6   September 25th.
7        THE COURT:  Okay.  Then this is what I'm going to do.
8   I'm going to start sitting -- I'm going to start this on the
9   16th then.  Okay?  That's tight for you.  I recognize it.
10       MR. SMITH:  Thank you, Your Honor.
11       THE COURT:  But there are three of you, and I'm sure
12  you-all probably have an army back at headquarters.  So I'm
13  going to set this for both sides.  That's both sides.  I'm
14  going to set this for -- to start on September 16th.
15           Again, I'm warning you.  I'm not going to sit on
16  the 20th, so we'll sit that Monday, Tuesday, Wednesday,
17  Thursday.  I won't do my normal docket that Thursday because
18  I'll be sitting in trial.  And then if it carries over, it will
19  carry over into the following Monday, hopefully, and then be
20  concluded.
21           Now, you may have to leave while the jury is
22  deliberating because we can't control that.
23       MR. SMITH:  I understand, and I appreciate the Court's
24  consideration.
25       THE COURT:  All right.  And so now let's set our date

1  for the motions hearing.  Let's see here.  And there are a lot
2  of motions here.
3            So for this, I'm going to -- I'm not going to set
4  this because there are so many motions in this one case.  I'm
5  not going to set it on a normal motions day.  I'm going to
6  bring you-all in on a -- I'll bring you in on a Wednesday for
7  motions hearing in this case.
8            And so if our trial is September 16, I'm tempted to
9  do motions -- the motions hearing in July so it's well before
10 trial so you can have time to reassess and make changes.
11           July 18 -- July 17th for our motions hearing.
12           MR. DICARLO:  That works well for the plaintiffs, Your
13 Honor.
14           THE COURT:  And we'll start at 11:00.  So July 17th at
15 11:00 a.m.
16           Okay.  Now, I'm going to go over a few housekeeping
17 matters with respect for our trial.
18           You-all know under the local rules that our voir
19 dire and our jury instructions are due seven calendar days
20 before trial, but I have special instructions for jury
21 instructions for the parties.  And that is you are to file one
22 agreed upon set of jury instructions, then any disputed
23 instructions are filed by each side, separately of course.  But
24 what you file on the record, I want you to also submit
25 electronically to chambers in Word format, so I'm getting your

1  jury instructions in Word format.
2          In terms of your exhibits, of course you file your
3  original set, but the Court will need two courtesy copies.
4          Okay.  And even though we're having our motions
5  hearing in July, I want you to go ahead and file all of these
6  motions.  You know, confer with each other.  Please streamline
7  the issues, because you can.  And then go ahead and file those
8  sooner as opposed to later because I have so many to get
9  through.  And so I'm going to start the process so that I'm
10 ready for July 17th.
11         And if you-all do that, then I'll be in the
12 position to rule in the moment.  And that's what I would like
13 to do.  Because if I do it in writing, that just adds to it.
14 It makes you wait.  Okay?
15         Is there anything else that we have to cover today?
16     MR. DICARLO:  No, Your Honor.
17     THE COURT:  Mr. Dingman?
18     MR. DINGMAN:  Not for the defendants, Your Honor.
19     THE COURT:  Okay.  Well, thank you.
20         And so we are adjourned.
21     THE LAW CLERK:  All rise.
22       (PROCEEDINGS CONCLUDED AT 11:06 A.M.)
23                        -oOo-
24
25

1 | UNITED STATES DISTRICT COURT    )
2 | EASTERN DISTRICT OF VIRGINIA    )
3 |
4 |              I, JULIE A. GOODWIN, Official Court Reporter for
5 | the United States District Court, Eastern District of Virginia,
6 | do hereby certify that the foregoing is a correct transcript
7 | from the record of proceedings in the above matter, to the best
8 | of my ability.
9 |              I further certify that I am neither counsel for,
10 | related to, nor employed by any of the parties to the action in
11 | which this proceeding was taken, and further that I am not
12 | financially nor otherwise interested in the outcome of the
13 | action.
14 |              Certified to by me this 1ST day of JULY, 2024.
15 |
16 |
17 |                         __/s/_____
                             JULIE A. GOODWIN, RPR
18 |                         Official U.S. Court Reporter
                             401 Courthouse Square
19 |                         Eighth Floor
                             Alexandria, Virginia  22314

— Julie A. Goodwin, CSR, RPR

4/18/2024