UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ROSY GIRON DE REYES; JOSE DAGOBERTO REYES; FELIX ALEXIS BOLANOS; RUTH RIVAS; YOVANA JALDIN SOLIS; ESTEBAN RUBEN MOYA YRAPURA; ROSA ELENA AMAYA; and HERBERT DAVID SARAVIA CRUZ,<br><br>*Plaintiffs*,<br><br>vs.<br><br>WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP; WAPLES PROJECT LIMITED PARTNERSHIP; and A.J. DWOSKIN & ASSOCIATES, INC.,<br><br>*Defendants*. | Case No: 1:16-cv-00563 (PTG/WBP) |

### PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S ORDER CONTINUING THE TRIAL DATE

Plaintiffs, by counsel, submit the following memorandum in support of their Motion for Partial Reconsideration of the Court's Order Continuing the Trial Date (ECF 501). Defendants take no position on the relief sought in this Motion.

### BACKGROUND

On June 26—more than two months after they had agreed in an April 18 status conference to a jury trial scheduled to begin September 16—Defendants filed a motion to continue that trial date (ECF 497). Defendants argued in their motion that they had the "good cause" required for a continuance by Local Civil Rule 7(G) because they had recently filed a petition for certioriari, which would likely not be decided until shortly after the scheduled trial date. *See* ECF 497-1 (petition filed June 21 and docketed June 25). When conferring on the motion, Plaintiffs communicated to Defendants that they opposed a continuance for Defendants' second certiorari

1

petition in this case (even though Plaintiffs had consented to a stay pending Defendants' first certiorari petition in 2019) because (1) Defendants had already filed a substantively similar certiorari petition earlier in the case, which was denied by the Supreme Court without calling for a response, and (2) Defendants themselves created the delay that will cause this certiorari petition to be decided after the agreed trial date. In their continuance motion, Defendants noted Plaintiffs' opposition but omitted that Defendants had created the delay by seeking a 60-day extension and that the Supreme Court had previously denied their very similar certiorari petition.

On July 2—eight days before Plaintiffs' response brief was due under Local Civil Rule 7(F) and before Plaintiffs had an opportunity to explain to the Court why they opposed Defendants' continuance motion—the Court granted the motion (ECF 501). In addition to granting the relief requested by Defendants, the Court *sua sponte* ordered that the action be stayed pending the Supreme Court's decision and that a pre-trial motions hearing (scheduled for July 17) be canceled. The Court ordered the parties to provide a status report within five business days of the Supreme Court's decision on the petition.

Although Plaintiffs disagree with the continuance, they are not asking the Court to reinstate the September trial date. Instead, Plaintiffs respectfully request that the Court reconsider the part of its order that stayed the action and deferred scheduling of trial until after the Court receives notice that the petition has been resolved. Because it is very likely that Defendants' second certiorari petition will be denied like their first one was, and these proceedings were already stayed for eight months during consideration of Defendants' first petition, Plaintiffs request that the Court schedule trial for mid-November or December 2024—a time the parties agree will very likely be after the Supreme Court rules on the petition. Scheduling a new date for trial will prevent further delay in this eight-year-old case after the Supreme Court disposes of Defendants' second petition.

## ARGUMENT

**I.  DEFENDANTS NEITHER MET NOR TRIED TO MEET THE LEGAL STANDARD FOR A STAY PENDING THEIR CERTIORARI PETITION.**

Partial consideration of the Court's stay order is warranted because Defendants have never met and cannot meet the legal standard for a stay or a continuance pending their certiorari petition. After the Fourth Circuit reversed Defendants' judgment in a published opinion for the second time in *Reyes II*, Defendants did not seek a stay of the mandate pending the filing of a certiorari petition. Defendants' decision not to do so underscores that they could not meet the legal standard—as they would have needed to show that their petition "would present a substantial question and that there is good cause for a stay." Fed. R. App. P. 41(d); *see also Packwood v. Senate Select Comm. on Ethics*, 510 U.S. 1319 (1994) ("An applicant must demonstrate: (1) a reasonable probability that four Justices would vote to grant certiorari; (2) a significant possibility that the Court would reverse the judgment below; and (3) a likelihood of irreparable harm, assuming the correctness of the applicant's position, if the judgment is not stayed.").

Defendants likely did not seek a stay in the Fourth Circuit or the Supreme Court because their petition largely repeats the petition they already filed unsuccessfully after their judgment was reversed for the first time in *Reyes I.* The lead question presented in the 2024 petition is nearly identical to the question they raised in their 2019 petition, which was denied by the Supreme Court without calling for a response. *Compare* ECF 497-1 (2024 petition) ("Whether a plaintiff relying on a disparate-impact theory of liability under the Fair Housing Act, 42 U.S.C. § 3601 *et seq.,* carries her prima facie burden by showing only a preexisting statistical disparity within the affected population that the defendant did not create."), *with Waples Mobile Home Park Ltd. Partnership v. De Reyes*, 2019 WL 1294668 (2019 petition) ("Whether a plaintiff can allege a *prima facie* case of disparate-impact discrimination on the basis of race or national origin under the FHA against a

3

landlord's leasing policy that screens out undocumented aliens, where the landlord predominantly rents to Latino tenants, and the only factual allegation of disparate impact is that undocumented aliens in the geographic vicinity of the landlord's property happen to be disproportionately Latino."). Moreover, that question was not even properly presented this time, because the issue was not presented to or decided by the district court or the court of appeals in ruling on Defendants' summary judgment motion. The briefing and argument in *Reyes II* had nothing to do with Plaintiffs' *prima facie* burden; it focused on an affirmative defense that Defendants asserted related to the federal anti-harboring statute. Defendants' 2024 petition does not meaningfully challenge the Fourth Circuit's *Reyes II* ruling on the anti-harboring statute. At its core, this is a second petition in an interlocutory posture that attempts to relitigate a ruling challenged in a prior interlocutory petition.[1]

Plaintiffs consented to a stay pending a decision on certiorari after *Reyes I*, and Judge Ellis granted a pause in the proceedings until months after the petition was denied. *See* ECF 222 (Defs. Mot. to Stay Pending Disposition on Their Pet. for Writ of Certiorari from the U.S. Supreme Court) (Jan. 10, 2019); ECF 225, 230 (Orders Granting Defs. Mot.); ECF 232 (Defs. Notice of Denial of Pet. for Writ of Certiorari From the U.S. Supreme Court) (May 28, 2019); ECF 242 (Order Lifting Stay) (Aug. 16, 2019). No further stay is appropriate for the second interlocutory petition.

Although a certiorari petition in theory could provide "good cause" for granting a trial continuance under the Local Civil Rules, this is not such a case. The Supreme Court grants a vanishing percentage of all certiorari petitions. It is common sense that the percentage would be even lower in a case in which the Court has already denied a very similar petition from the same

---

[1] Defendants likely will file a third petition after the trial, so this second interlocutory petition will not even be the final word.

petitioner. Defendants are wrong that the mere "potential for a dispositive decision from the Supreme Court—or at least guidance on the legal standards applicable to this case—amounts to 'good cause'" for a continuance under Local Civil Rule 7(G). *See* ECF 497 at ¶ 8. Under that logic, every case would be stayed while a certiorari petition is pending.[2]

In addition, no "good cause" for a continuance exists here because Defendants created the delay that will cause their petition to be decided after the agreed trial date. In January 2024, the Fourth Circuit issued its ruling in *Reyes II*.[3] Defendants chose not to seek a stay, and the mandate issued on February 14. On April 12, Defendants submitted a 60-day extension request for filing their certiorari petition in the Supreme Court. *See* U.S. No. 23-1340 (Defs. Application to Extend the Time to File a Petition for a Writ of Certiorari from April 22, 2024 to June 21, 2024). On April 17, the Chief Justice granted the 60-day extension. *The very next day*, on April 18, counsel for the parties attended a status conference in this Court and agreed to a September 16 trial start date. Defendants' sophisticated appellate counsel knew that a 60-day extension to file their petition to June 21 would likely mean that their petition would not be considered until after the justices returned for the October Term—around the first week in October. Defendants' counsel nonetheless never mentioned the certiorari petition or the extension during the status conference, depriving the

---

[2] Defendants cite three cases where a district court granted a stay or a continuance pending a certiorari motion. ECF 497 at ¶ 9. Unsurprisingly, none of the cases involves a petitioner whose similar certiorari petition had already denied in the same case, and who had created the delay for consideration of the petition beyond an agreed trial date. In one of the cases, unlike here, the Supreme Court had called for a response—which makes a grant likelier. *See Am. Axle & Mfg., Inc. v. Neapco Holdings LLC,* No. 15-1168, 2021 WL 616992, at *1 (D. Del. Feb. 17, 2021).

[3] The longer history is also relevant here. The Fourth Circuit only was involved for a second time because, "*[a]s the parties were preparing for trial* [in February 2022], the case was reassigned to a new district court judge who reversed course and granted summary judgment to Waples." *Reyes II*, 91 F.4th 270, 275 (4th Cir. 2024) (emphasis added).

Court of an opportunity to take the petition into account in scheduling and to require earlier filing as a condition for delaying the trial as a matter of scheduling discretion (given that Defendants did not have grounds for a stay). Instead, Defendants took the entire extended window to file their petition—until June 21, after the last conference before the Court's summer recess—knowing that doing so would result in the petition not being considered until after the agreed trial date. Defendants then filed their opposed continuance motion without noting for the Court that their 60-day extension caused the delay beyond the trial date,[4] and that they had filed a similar certiorari petition earlier in the case, which had been denied after causing an eight-month delay. Neither a new stay nor a continuance was warranted under the circumstances.

## II.   A NEW TRIAL DATE SHOULD BE SET IN NOVEMBER OR DECEMBER.

Plaintiffs are not asking the Court to reinstate a September trial date before the Supreme Court will rule on Defendants' petition. Rather, Plaintiffs request that the Court reconsider the open-ended stay (which Defendants never asked for in their motion) and schedule a trial for mid-November or December. This relief would largely align with the relief originally requested by Defendants, and ensure that no unjust delay occurs after the Supreme Court disposes of the petition.

Plaintiffs agree with Defendants that "the Supreme Court will likely consider Waples' petition at the first conference of the upcoming term on September 30, 2024," and the "Supreme Court will likely decide whether to grant or deny Waples' petition within a few weeks of that conference." ECF 497 at ¶ 4. Plaintiffs further agree with Defendants that "[i]f the Supreme Court

---

[4] Given the insubstantiality of Defendants' petition, Plaintiffs have waived their right to respond in the Supreme Court.

denies Waples' petition, the parties can proceed to trial on the next available trial date under the legal standards set forth by the Fourth Circuit in *Reyes I* and *Reyes II.*" *Id.* at ¶ 5.

To ensure a prompt trial after the likely denial of the petition, Plaintiffs request that the Court schedule a one-week trial in mid-November or December. This relief would be consistent with the relief requested in Defendants' continuance motion. *See* ECF 497-2 (Defs. Proposed Order Accompanying Continuance Motion) (proposing that "[w]ithin five (5) business day of the U.S. Supreme Court's decision on Waples' petition for a writ of certiorari …, the parties shall notify this Court of the decision and provide the parties' availability for a week-long trial in November and December 2024"). However, scheduling the November or December trial now rather than waiting for a decision in early October would better allow the parties to plan and prepare for trial with their witnesses. Importantly, it would also prevent further opportunities for delay after disposition of the petition.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Partial Reconsideration of the Court's Order Continuing the Trial Date should be granted; the stay should be lifted; a new one-week trial date should be set in mid-November or December 2024; and the final pre-trial motions hearing (originally scheduled for July 17) should be scheduled before then.

Dated: July 10, 2024

ZUCKERMAN SPAEDER LLP
Nicholas M. DiCarlo (admitted *pro hac vice*)
1800 M Street NW, Suite 1000
Washington, DC 20036
202.778.1800
ndicarlo@zuckerman.com

Cyril V. Smith (admitted *pro hac vice*)
100 East Pratt Street, Suite 2440
Baltimore, MD 21202-1031
410.332.0444
csmith@zuckerman.com

Respectfully Submitted,

*/s/ Granville C. Warner*
LEGAL AID JUSTICE CENTER
Granville C. Warner, VSB #24957
Nady Peralta, VSB #91630
Larisa D. Zehr, VSB #96032
6402 Arlington Blvd., Suite 1130
Falls Church, VA 22042
703.778.3450
cwarner@justice4all.org
nady@justice4all.org
larisa@justice4all.org

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of July, 2024, I caused the foregoing to be filed electronically with the Clerk of the Court using CM/ECF, which will then send a notification of such filing to all counsel of record.

                                              */s/ Granville C. Warner*
                                              Granville C. Warner, VSB #24957