**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

|  |  |  |
|---|---|---|
| ROSY GIRON DE REYES, ET AL., | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | Case No: 1:16CV563 (PTG/WBP) |
| | ) | |
| WAPLES MOBILE HOME PARK | ) | |
| LIMITED PARTNERSHIP, ET AL., | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION FOR PARTIAL RECONSIDERATION**

Defendants Waples Mobile Home Park Limited Partnership, Waples Project Limited Partnership, and A.J. Dwoskin & Associates, Inc. (collectively, "Waples"), pursuant to L. Civ. R. 7(F) and the Court's Order of July 11, 2024 (ECF 505), respond to the motion for partial reconsideration filed by Plaintiffs Rosy Giron de Reyes, Jose Dagoberto Reyes, Felix Alexis Bolanos, Ruth Rivas, Yovana Jaldin Solis, Esteban Ruben Moya Yrapura, Rosa Elena Amaya, and Herbert David Saravia Cruz (collectively, "Plaintiffs").

**INTRODUCTION**

The Court found that Waples' pending cert petition in the Supreme Court constituted good cause not to proceed with trial as previously scheduled for September 16, 2024.[1]  Despite their nine-page brief, Defendants do <u>not</u> seek reconsideration of that finding.  Rather, Defendants ask the Court to "lift the stay; set a new one-week trial date in mid-November or December 2024; and

---

[1] Plaintiffs mischaracterize Waples' current cert petition as "substantively similar" to its earlier cert petition.  ECF 503 at 2.  Unlike its earlier cert petition, which focused exclusively on Plaintiffs' Step One pleading burden, Waples' current cert petition addresses the circuit split as to a defendant's Step Two evidentiary burden.

schedule the final pre-trial motions hearing . . . before then." ECF 502. Waples does <u>not</u> oppose the setting of a trial date, provided that the Court also allows for sufficient time for the Supreme Court to rule on Waples' cert petition and sufficient time for the Court to resolve the many pending motions and evidentiary objections. These motions and objections should be resolved sufficiently in advance of a trial date to allow the parties to properly prepare for trial. These issues are discussed below.

## DISCUSSION

With respect to a decision on Waples' cert petition, as discussed in Waples' prior motion, it is Waples' expectation that the Supreme Court will consider the petition during its September 30, 2024 conference. While the Supreme Court can decide petitions as it determines, Waples believes that a decision will likely be issued within a few weeks of the September 30, 2024 conference. However, that is complicated somewhat by the decision of Plaintiffs not to respond to Waples' cert petition. That is certainly Plaintiffs' prerogative, but any one of Supreme Court Justices could order Plaintiffs to respond, which would delay a ruling on the petition. Waples cannot predict what any of the Justices will do, but want to bring to the Court's attention this potential delay.

Even if Plaintiffs are not required to respond, a ruling from the Supreme Court in mid- to late-October, in Waples' view, would make a November trial date very challenging given the large volume of currently pending evidentiary objections, motions, and briefing, which must be resolved sufficiently in advance of trial so that the parties can adequately prepare. Assuming the Supreme Court denies the petition in mid- to late-October, Waples suggests that the earliest a trial could be set is the week of December 9, 2024—provided that the various motions and objections can be resolved by mid-November.

To that end, Waples believes that the volume of outstanding pre-trial issues can and should be culled down considerably through the cooperation of the parties.  For example, the parties can and should agree to a joint list of trial exhibits, the actual witnesses whom they intend to call, and a stipulation of facts. These standard submissions, alone, would eliminate many of the pre-trial issues.  The parties' Rule 26(a)(3) Pretrial Disclosures were submitted almost four years ago in December 2020 and should be re-submitted given what has transpired in the case since that time.  Of course, this will be driven to some extent by the Court's rulings on several of the pending motions.

Below, Waples addresses everything that it believes requires resolution before the trial and how the issues can be narrowed.

**A.    Plaintiffs' Unidentified Foundation Witness(es) and Waples' Objection (ECF 312 & 317).**

In their 2020 witness list, Plaintiffs said they can call "any witness necessary to establish a foundation for the admission of records or other evidence" without identifying such person before trial.  ECF 312 § I.  Waples disagreed.  ECF 317.  At this point, Plaintiffs should know the name of each witness they intend to call.  If Plaintiffs do not intend to call any previously unidentified witness, they should say so—in which case, Waples can withdraw its objection.  On the other hand, if Plaintiffs do intend to call a previously unidentified witness, Waples would ask them to disclose that person immediately so that Waples can determine if any objection is still appropriate.

**B.    Waples' Deposition Designations and Plaintiffs' Objections (ECF 314-2 & 318).**

Waples designated party deposition excerpts that it originally intended to use at trial.  ECF 314-2.  Plaintiffs objected to nearly every excerpt.  ECF 318.  In a good-faith effort to resolve these objections, Waples will review its party deposition designations (assuming Plaintiffs will all testify

at trial) to eliminate designations to the extent possible.[2]  At the same time, Waples asks Plaintiffs to reconsider whether they need to object to any remaining designations.  Following this process, if there are any legitimate objections remaining, Waples will try to resolve them with Plaintiffs so as not to burden the Court.

To this same end, Waples also believes that, given sufficient time, the parties should try to stipulate to as many facts as possible in an effort to shorten and streamline the trial and limit the number of evidentiary disputes.  If Plaintiffs are agreeable, Waples will draft a proposed set of factual stipulations and send it to Plaintiffs for review.  A stipulation of facts could reduce the need for deposition designations (as well as other evidence and testimony).

**C.    Plaintiffs' Objections to Waples' Trial Exhibits (ECF 314-3 & 320-1), and Waples' Objections to Plaintiffs' Trial Exhibits (ECF 312-1 & 321).**

The parties filed their exhibit lists at ECF 312-1 and 314-3.  Each party objected to the other's exhibit list at ECF 321 and 320-1.  Plaintiffs designated 181 exhibits, and Defendants designated 166 exhibits—for a combined total of 347 exhibits.  Together, the parties objected to 289 of the 347 exhibits, or 83% of them.

The reality is that the parties have no chance of introducing and using 347 exhibits during a five-day trial; nor is there any need for the jury to consider that volume of exhibits.  On top of that, the exhibit lists and objections were filed nearly four years ago.  The case has substantially changed since then, and it makes no sense to proceed to trial on exhibit lists (and corresponding objections) that have not been updated to reflect the current posture of the case.

Waples strongly suggests that the parties work together to develop a joint exhibit list for trial that includes only those exhibits relevant to each party's respective position in the case as it

---

[2] Again, this exercise will be influenced by the Court's decision on the pending motions.

currently exists.  (Notably, there is already at least some overlap between the parties' exhibit lists.)  If Plaintiffs are agreeable to this, Waples can draft the initial joint exhibit list and provide to Plaintiffs for review.  Waples anticipates that there may be a small number of remaining exhibits that the parties legitimately dispute on evidentiary grounds.  However, those remaining disputes can be easily resolved after the exhibits and objections have been culled down to what is actually appropriate for this case.

**D.     Plaintiffs' Motion to Amend Its Exhibit List, Waples' Opposition, and Plaintiffs' Reply (ECF 373, 391, & 396).**

Plaintiffs moved to amend their exhibit list at ECF 373.  Plaintiffs' proposed addition to their exhibit list would purportedly allow them to use the 2010 Census Bureau statistics to prove the ethnicity of the individual residents allegedly impacted by Waples' policy.  Waples contends that nationwide statistics are not relevant to prove the actual ethnicities of the individual Park residents, that any opinion about the ethnicity of a particular surname requires expert testimony, and that Plaintiffs' reliance on the Census Bureau statistics after the close of discovery prejudiced Waples.  Moreover, given Plaintiffs' position (and Dr. Clark's position) that they can satisfy their Step One burden without proving any specific facts about the actual Park residents,[3] it is unclear what purpose the 2010 Census Bureau statistics would even serve.

**E.     Plaintiffs' Omnibus Motion in Limine, Waples' Opposition, and Plaintiffs' Reply (ECF 455, 474, & 487).**

Plaintiffs moved to exclude four things: (i) evidence that is not "contemporaneous"; (ii) evidence about the anti-harboring statute and the PRWORA; (iii) evidence about Waples' lack of

---

[3] Instead, Plaintiffs contend that they can estimate the percentage of impacted Hispanics at the Park by simply extrapolating from statewide statistics about Hispanics in Virginia.  If correct, there is no need for Plaintiffs to prove whether the actual Park residents were truly Hispanic or not.

discriminatory intent; and (iv) evidence about what procedures occur to obtain various immigration documents.  ECF 455.

Plaintiffs' contention about "contemporaneous" evidence was targeted at Waples' prior argument about the anti-harboring statute, which Waples is no longer making.  As it is, Waples will elicit testimony and present evidence that is fully admissible under the Federal Rules. Therefore, Plaintiffs' "contemporaneous" argument is moot, and any ruling from the Court about that issue would be advisory.  Plaintiffs should withdraw this argument.

Plaintiffs' argument about the anti-harboring statute and the PRWORA is likewise moot. Waples has already said that it will not present any evidence, or make any argument, about either statute.  Nevertheless, Plaintiffs insist on obtaining a Court Order that evidence about the two statutes is inadmissible.  Such a ruling would be advisory and improper.  Therefore, Plaintiffs should withdraw this argument.

Plaintiffs' remaining two arguments are legitimately in dispute and will require Court resolution.  However, those arguments can be dealt with easily after a short pre-trial hearing.

**F.    Waples' Motion to Exclude Yacub, Plaintiffs' Opposition, and Waples' Reply (ECF 457, 475, & 485).**

Waples moved to exclude Plaintiffs' purported immigration law expert, Ivan Yacub, because his opinions are no longer relevant to the case.  ECF 457.  Mr. Yacub would have testified that an individual taxpayer number ("ITIN") proves legal status in the United States.  That opinion—true or false—is beside the point, because the purpose of Waples' policy was not to determine Plaintiffs' legal status.  Rather, the policy of requiring certain U.S. Government issued documents was to verify Plaintiffs' identities so as to input the correct personal information in the criminal background searches.  The only relevant question, therefore, as it relates to ITINs, is whether a person's identity can be confirmed to the same degree of accuracy based on an ITIN as

it can be based on other U.S. Government documentation.  Mr. Yacub has no opinion on that issue, which means Plaintiffs do not need to call him to testify.  If Plaintiffs agree, Waples can withdraw its motion.

**G.    Waples' Motion to Exclude the Argument About Contemporaneous Step Two Evidence, Plaintiffs' Opposition, and Waples' Reply (ECF 459, 476, & 486).**

Waples moved to exclude Plaintiffs' "contemporaneous" argument.  ECF 459.  In the second paragraph of Section E above, Waples already explained why this is a moot issue. Assuming the Court agrees, and that Plaintiffs withdraw their corresponding argument from their motion in limine, Waples will withdraw its motion.

**H.    Waples' Motion to Exclude Damages Evidence or Bifurcate, Plaintiffs' Opposition, and Waples' Reply (ECF 461, 477, & 482).**

Waples moved to exclude evidence of damages, or alternatively to bifurcate the issues of liability and damages at trial.  ECF 461.  This is a legitimate legal dispute that will have to be resolved by the Court.  However, its resolution will substantially impact the evidence and testimony presented at trial.  Therefore, Waples suggests that this issue be decided as early as possible, so that the parties have guidance as they attempt to develop their joint exhibit list and stipulation of facts.

**I.    Waples' Motion to Exclude Evidence of Ethnicity, Plaintiffs' Opposition, and Waples' Reply (ECF 463, 478, & 484).**

Waples moved to exclude certain evidence of ethnicity.  ECF 463.  In their opposition, Plaintiffs confirmed that they will not introduce as evidence the January 17, 2017 "Declaration of Archith Ramkumar."  Given that stipulation, Waples will withdraw its motion without prejudice to its right to re-raise the same arguments if necessary.

**J.      Waples' Motion to Exclude Plaintiffs' Exhibits 8-72, 98-101, and 151-166, Plaintiffs' Opposition, and Waples' Reply (ECF 466, 479, & 483).**

Waples moved to exclude Plaintiffs' Exhibits 8-72, 98-101, and 151-166.  ECF 466.  As already stated, Waples strongly urges that the parties submit a joint exhibit list, which will likely include at least some of the exhibits that are currently subject to Waples' motion.  If Plaintiffs are willing to develop a joint exhibit list, Waples will limit this motion to any remaining exhibits upon which the parties cannot agree.

**K.      Waples' Motion to Exclude Clark, Plaintiffs' Opposition, and Waples' Reply (ECF 495, 496, & 500).**

Waples moved to exclude Plaintiffs' purported demographics expert, Dr. Clark.  ECF 495. In deciding that motion, the dispositive issue is whether Plaintiffs can meet their Step One burden by using data of people other than Park residents impacted by the policy.  If Plaintiffs cannot rely on such data (as Waples argues), then Dr. Clark must be excluded.  If Plaintiffs can rely on such data (as they argue), then that is all the more reason for Plaintiffs to withdraw their motion to amend their exhibit list, as described in Section D above, because it would be irrelevant whether the actual Park residents were Hispanic or not.  In any event, this issue of the relevant populations at Step One should be decided by the Court sufficiently in advance of the trial date so that the parties can prepare based on the ruling.

Dated: July 16, 2024

Respectfully submitted,
**Waples Mobile Home Park Limited Partnership**
**Waples Project Limited Partnership**
**A.J. Dwoskin & Associates, Inc.**
*By Counsel*

*/s/ Michael S. Dingman*
Michael S. Dingman
Brooks H. Spears
MCGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
Tysons, VA 22102
Phone: (703) 712-5000
Fax: (703) 712-5050
mdingman@mcguirewoods.com
bspears@mcguirewoods.com

Grayson P. Hanes
ODIN, FELDMAN & PITTLEMAN, P.C.
1775 Wiehle Avenue, Suite 400
Reston, VA 20190
Phone: (703) 218-2195
Fax: (703) 218-2160
grayson.hanes@ofplaw.com

## CERTIFICATE OF SERVICE

I certify that, on July 16, 2024, I caused the foregoing document to be filed via the Court's

CM/ECF system, which will send notice to all counsel of record.

*/s/ Michael S. Dingman*
Michael S. Dingman