IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ROSY GIRON DE REYES, ET AL., | ) |
| *Plaintiffs*, | ) |
| v. | ) Case No: 1:16CV563 (PTG/WBP) |
| WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP, ET AL., | ) |
| *Defendants*. | ) |

## DEFENDANTS' STATUS REPORT

Defendants Waples Mobile Home Park Limited Partnership, Waples Project Limited Partnership, and A.J. Dwoskin & Associates, Inc. (collectively, "Defendants") submit this status report in advance of the motions hearing on January 22, 2025, to provide the Court with Defendants' view of all pending objections and motions.

Counsel for Defendants and Plaintiffs had two meet-and-confers on December 23, 2024, and on January 6, 2025, in an effort to file this status report *jointly*. Unfortunately, those efforts broke down on January 10 because of two motions (ECF 372 and 465) on which the parties could not agree as to the language to be included. In an email from 11:50 a.m. on January 10, counsel for Plaintiffs advised that: "Plaintiffs do not consent to Defendants' draft status report."

Up to that point, however, the parties had agreed on the language for all remaining objections and motions that are currently pending. The language to which the parties had agreed in their back-and-forth—before negotiations stalled—is set forth below. The two motions on which the parties could not agree (ECF 372 and 465) are also identified below.

- ECF 317: Defendants' Objections to Plaintiffs' Pretrial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(3)(B)

    o The parties agree that these objections should be overruled as moot without prejudice to the parties' right to raise the same or new objections to the forthcoming revised Rule 26(a)(3) disclosures ordered by the Court.

- ECF 318: Plaintiffs' Objections to Defendants' Deposition Designations

    o The parties agree that these objections should be overruled as moot without prejudice to the parties' right to raise the same or new objections to the forthcoming revised Rule 26(a)(3) disclosures ordered by the Court.

- ECF 320-1: Plaintiffs' Objections to Defendants' Exhibits

    o The parties agree that these objections should be overruled as moot without prejudice to the parties' right to raise the same or new objections to the forthcoming revised Rule 26(a)(3) disclosures ordered by the Court.

- ECF 321: Defendants' Objections to Plaintiffs' Trial Exhibits

    o The parties agree that these objections should be overruled as moot without prejudice to the parties' right to raise the same or new objections to the forthcoming revised Rule 26(a)(3) disclosures ordered by the Court.

- ECF 372/373: Plaintiffs' Motion to Amend Exhibit List and Witness List

    o The parties could not agree on the language for this motion.

    o Defendants' view is that this motion, which seeks to amend a stale witness and exhibit list, should be denied as moot, in light of the forthcoming revised Rule 26(a)(3) disclosures ordered by the Court. However, Defendants believe that Plaintiffs intend to include the document at ECF 373-3 on their forthcoming revised exhibit list, and that they also intend to identify Danna Chavez Calvi on their forthcoming revised witness list. Because the admissibility of ECF 373-3 and Ms. Calvi's testimony is critical to the parties' trial preparation, Defendants would ask the Court to decide that issue at the hearing on January 22, 2025.

- ECF 454/455: Plaintiffs' Motion *In Limine*

    o Plaintiffs' four *in limine* requests, and the status of each, are as follows:

        ▪ **Exclusion of any evidence other than "contemporaneous" evidence of the business rationale for the policy.** This *in limine* request will need to be decided by the Court at the hearing on January 22, 2025.

        ▪ **Exclusion of evidence relating to inapplicable statutes.** The parties agree this this *in limine* request should be denied as moot, based on Defendants'

       stipulation that they are no longer relying on the anti-harboring statute, the PRWORA, or any mistake of law as a justification for their Policy (ECF 474 at 8-9).

- **Exclusion of Defendants' relationship with and views toward Latinos.** This *in limine* request will need to be decided by the Court at the hearing on January 22, 2025.

- **Exclusion of cross-examination regarding immigration status.** This *in limine* request will need to be decided by the Court at the hearing on January 22, 2025.

- ECF 456/457: Defendants' Motion *In Limine* to Exclude the Testimony of Ivan Yacub, Esq.

  - This motion will need to be decided by the Court at the hearing on January 22, 2025.

- ECF 458/459: Defendants' Motion *In Limine* to Exclude Argument Questioning Whether Valid Interests for the Policy Were in Place at the Time of the Policy's Adoption

  - This motion will need to be decided by the Court at the hearing on January 22, 2025.

- ECF 460/461: Defendants' Motion *In Limine* to Exclude Evidence of Damages

  - This motion will need to be decided by the Court at the hearing on January 22, 2025.

- ECF 462/463: Defendants' Motion *In Limine* to Exclude Evidence of the Ethnicity of Individuals at the Park Allegedly Affected by the Policy

  - This motion will need to be decided by the Court at the hearing on January 22, 2025, except for Defendants' request to exclude the January 17, 2017 Declaration of Archith Ramkumar, which can be denied as moot based on Plaintiffs' stipulation not to introduce the Ramkumar Declaration into evidence.

- ECF 465/466: Defendants' Motion *In Limine* to Exclude Evidence of Lease Materials and the Purported "Eviction" of Plaintiffs

  - The parties could not agree on the language for this motion.

  - Defendants' view is that their prior objections to Exhibit Nos. 8-72 and 98-101 are moot in light of the forthcoming revised Rule 26(a)(3) disclosures ordered by the Court. Defendants should have the right to raise the same or new objections to these exhibits, as necessary, when Plaintiffs file their revised exhibit list. Defendants' objections to Exhibit Nos. 151-166 and evidence of the claimed

3

evictions are critical to the parties' trial preparation, and therefore Defendants ask the Court to decide those objections at the hearing on January 22, 2025.

- <u>ECF 494/495: Defendants' Motion to Exclude the Opinions of William A.V. Clark, Ph.D.</u>
    - This motion will need to be decided by the Court at the hearing on January 22, 2025.

\*\*\*

Should the Court have any questions about these issues, Defendants are happy to answer them at the hearing on January 22, 2025, or any time before then.

Dated: January 10, 2025

Respectfully submitted,
**Waples Mobile Home Park Limited Partnership**
**Waples Project Limited Partnership**
**A.J. Dwoskin & Associates, Inc.**
*By Counsel*

<u>/s/ Michael S. Dingman</u>
Michael S. Dingman
Brooks H. Spears
MCGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
Tysons, VA 22102
Phone: (703) 712-5000
Fax: (703) 712-5050
mdingman@mcguirewoods.com
bspears@mcguirewoods.com

Grayson P. Hanes
ODIN, FELDMAN & PITTLEMAN, P.C.
1775 Wiehle Avenue, Suite 400
Reston, VA 20190
Phone: (703) 218-2195
Fax: (703) 218-2160
grayson.hanes@ofplaw.com

## CERTIFICATE OF SERVICE

I certify that, on January 10, 2025, I caused the foregoing document to be filed via the Court's CM/ECF system, which will send notice to all counsel of record.

/s/ *Michael S. Dingman*
Michael S. Dingman