# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

| | |
|---|---|
| ROSY GIRON DE REYES; JOSE DAGOBERTO REYES; FELIX ALEXIS BOLANOS; RUTH RIVAS; YOVANA JALDIN SOLIS; ESTEBAN RUBEN MOYA YRAPURA; ROSA ELENA AMAYA; and HERBERT DAVID SARAVIA CRUZ, <br><br> *Plaintiffs*, <br><br> vs. <br><br> WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP; WAPLES PROJECT LIMITED PARTNERSHIP; and A.J. DWOSKIN & ASSOCIATES, INC., <br><br> *Defendants*. | Case No: 1:16-cv-00563 (PTG/WBP) |

### PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION FOR PERMISSION TO INTRODUCE SELECT TRIAL TESTIMONY VIA VIDEOCONFERENCE OR, IN THE ALTERNATIVE, TO TAKE A *DE BENE ESSE* DEPOSITION

Plaintiffs submit the following memorandum in support of their motion for permission to introduce certain testimony via videoconference at trial or, in the alternative, via pre-trial deposition.

## BACKGROUND

This Fair Housing Act case was filed in 2016. During the November 21, 2024 status conference, this Court scheduled a jury trial from April 1 to April 9, 2025 amid a busy calendar for the Court, the four Plaintiff families, the Defendants, and counsel. When the Court raised April 1 to April 9 as possible trial dates, Plaintiffs' counsel immediately noted that an important third-party witness who works in California, Mr. Brady Bustany, likely would be unavailable to testify at trial on those dates. Under the circumstances, the Court ruled that it would be willing to hear

1

Plaintiffs' motion for Mr. Bustany to testify remotely. The Court also encouraged the parties to reach agreement regarding Mr. Bustany and another unavailable witness for Defendants. Plaintiffs have attempted for two months to reach resolution with Defendants on each party's unavailable witness while simultaneously seeking to arrange for Mr. Bustany's in-person testimony. However, Defendants' counsel has represented that he does not believe the parties will reach an agreement and Mr. Bustany is not under Plaintiffs' control. To ensure that the jury can hear Mr. Bustany's concise and important testimony, and to prevent delay in the run-up to trial, Plaintiffs are moving promptly for permission—to the extent necessary—for Mr. Bustany to testify remotely via videoconference or, in the alternative, for the Court to authorize a videotaped *de bene esse* deposition to be shown at trial.

## ARGUMENT

### I. MR. BUSTANY'S TESTIMONY IS IMPORTANT.

In November 2016, Mr. Bustany submitted a nine-paragraph sworn declaration in the matter on behalf of non-party RentGrow, Inc. dba Yardi Resident Screening ("RentGrow") by authorization. *See* ECF 138, Ex. 44 (attached hereto as **Exhibit A**). RentGrow is a subsidiary of Yardi Systems, Inc. ("Yardi"). In December 2020, via Rule 26(a)(3) pretrial disclosures ordered by the court (ECF 312), Plaintiffs listed Mr. Bustany as a witness. Plaintiffs intend to call Mr. Bustany at trial to testify to his concise sworn statement.

Mr. Bustany's testimony is highly probative and important for the jury to hear. Defendants will argue at Step Two of the disparate-impact burden-shifting framework that their challenged housing policy was necessary for conducting criminal background checks. In Defendants' own words, "Defendants required residents without SSNs to provide documentation from *Yardi's* screening list, so that their names, birth dates, and addresses could be used to obtain accurate criminal background checks." ECF 474 at 4 (emphasis added). Mr. Bustany's brief testimony will

demonstrate that RentGrow and/or Yardi's screening list did not ask for or make use of documents required by Defendants' housing policy. This testimony is directly relevant to whether the documents required in Defendants' policy were in fact used to conduct criminal background checks by Yardi and/or its subsidiary RentGrow, and in what manner. Indeed, testimony from a representative of the very company Defendants purport to have used to conduct their criminal background checks will be particularly illuminating.

II. **MR. BUSTANY SHOULD BE ALLOWED TO TESTIFY REMOTELY AT TRIAL VIA VIDEOCONFERENCE.**

Federal Rule of Civil Procedure 43(a) authorizes remote testimony for good cause, in compelling circumstances, and with appropriate safeguards. Technological advances mean that remote testimony via videoconference can be readily achieved with appropriate safeguards. *See, e.g.*, *Sutphin v. Ethicon, Inc.*, No. 2:14-CV-01379, 2020 WL 5229448, at *2, *3 (S.D.W. Va. Sept. 1, 2020), at *2-*3. Courts have even conducted entire trials using remote technology. *See In re Terrorist Attacks on Sept. 11, 2001*, 337 F.R.D. 575, 578 (S.D.N.Y. 2020). In a December 9, 2024 seminar for counsel, Judge Brinkema and Magistrate Judge Anderson stated that the U.S. District Court for the Eastern District of Virginia routinely allows witnesses to testify via remote videoconference.

Good cause exists for Mr. Bustany to testify remotely because he is likely unavailable to travel across the country for his brief testimony. Mr. Bustany is the General Counsel for Yardi and is located in California. Yardi's outside counsel has stated that Mr. Bustany's work obligations make it unlikely that he will be able to travel for trial during the calendared dates. Courts allow remote testimony in such circumstances. *See Cunningham v. Cunningham*, Case No. 3:16-cv-1349-J-34JBT, 2016 WL 8261726, at *1 (M.D. Fla. Dec. 27, 2016) (allowing remote testimony where witnesses' responsibilities made extended travel burdensome); *F.T.C. v. Swedish Match N.*

*Am., Inc.*, 197 F.R.D. 1, 2 (D.D.C. 2000) (good cause is shown under Rule 43(a) "by the serious inconvenience that will arise in requiring Mr. Cross, a resident of Oklahoma, to appear as a witness in the hearing in Washington, DC"); *Scott Timber, Inc. v. United States*, 93 Fed. Cl. 498, 500 (2010) ("The significant geographical distance between Oregon and Washington, D.C. represents a 'compelling circumstance' justifying the use of contemporaneous transmission."). On the other side of the ledger, Defendants would not be prejudiced by the use of video testimony because they would be able to cross-examine Mr. Bustany and they have known for years—since Mr. Bustany's November 2016 declaration—that he may be called to testify and about the subject of his testimony.

### III. IN THE ALTERNATIVE, THIS COURT SHOULD AUTHORIZE THE TAKING AND SUBMISSION OF A VIDEOTAPED *DE BENE ESSE* DEPOSITION AT TRIAL.

Although Plaintiffs are trying to coordinate Mr. Bustany's live testimony, to the extent necessary and if Mr. Bustany is unavailable for trial (in person or by videoconference), this Court should permit Plaintiffs to take a videotaped trial deposition—a "*de bene esse* deposition"—and show it to the jury for the same reasons as above. "The Federal Rules of Civil Procedure specifically provide for the use of a deposition, whether taken during the discovery period or as a *de bene esse* deposition, in a court proceeding." *Patterson v. W. Carolina Univ.*, No. 2:12cv3, 2013 WL 1629132, at *1 (W.D.N.C. Apr. 16, 2013); *accord Tatman v. Collins*, 938 F.2d 509, 510–11 (4th Cir. 1991); *see also* Fed. R. Civ. P. 32. To preserve Mr. Bustany's testimony for trial should he be unavailable, Plaintiffs propose to take Mr. Bustany's videotaped *de bene esse* deposition on

the limited scope of his prior sworn statement in this matter, and permit Defendants the opportunity to cross-examine him on video as to his testimony.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' motion for permission to introduce Mr. Bustany's testimony via videoconference at trial or, in the alternative, via video deposition, should be granted.

Dated: January 10, 2025

ZUCKERMAN SPAEDER LLP
Nicholas M. DiCarlo (admitted *pro hac vice*)
1800 M Street NW, Suite 1000
Washington, DC 20036
202.778.1800
ndicarlo@zuckerman.com

Cyril V. Smith (admitted *pro hac vice*)
100 East Pratt Street, Suite 2440
Baltimore, MD 21202-1031
410.332.0444
csmith@zuckerman.com

Respectfully Submitted,

*/s/ Larisa D. Zehr*
LEGAL AID JUSTICE CENTER
Granville C. Warner, VSB #24957
Nady Peralta, VSB #91630
Larisa D. Zehr, VSB #96032
6402 Arlington Blvd., Suite 1130
Falls Church, VA 22042
703.778.3450
cwarner@justice4all.org
nady@justice4all.org
larisa@justice4all.org

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of January, 2025, I caused the foregoing to be filed electronically with the Clerk of the Court using CM/ECF, which will then send a notification of such filing to all counsel of record.

*/s/ Larisa D. Zehr*
Larisa D. Zehr, VSB #96032
