**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| ROSY GIRON DE REYES; JOSE DAGOBERTO REYES; FELIX ALEXIS BOLANOS; RUTH RIVAS; YOVANA JALDIN SOLIS; ESTEBAN RUBEN MOYA YRAPURA; ROSA ELENA AMAYA; and HERBERT DAVID SARAVIA CRUZ,<br><br>*Plaintiffs*,<br><br>vs.<br><br>WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP; WAPLES PROJECT LIMITED PARTNERSHIP; and A.J. DWOSKIN & ASSOCIATES, INC.,<br><br>*Defendants*. | Case No: 1:16-cv-00563 (PTG/WBP) |

## **PLAINTIFFS' STATUS REPORT**

Plaintiffs Rosy Giron de Reyes, Jose Dagoberto Reyes, Felix Alexis Bolaños, Ruth Rivas, Yovana Jaldin Solis, Esteban Ruben Moya Yrapura, Rosa Elena Amaya, and Herbert David Saravia Cruz ("Plaintiffs") submit the following status report to provide their view on all pending matters in advance of the January 22, 2025 hearing, and to supplement Defendants' status report filed on January 10, 2025 (ECF 513) ("Defendants' Report"). Defendants' Report set forth a partly-negotiated, non-final statement by the parties as to certain issues, and did not include Plaintiffs' position as to other issues.

In October 2024, the parties submitted a joint status report listing the pending motions *in limine* (ECF 510-2)—which were fully briefed in 2024—and the parties' respective objections to the Rule 26 pretrial disclosures and related filings—which were filed in 2020-2021 (ECF 510-3).

1

At and following the November 21, 2024 status conference, the Court scheduled a hearing to consider the motions *in limine* for January 22, 2025 (ECF 512); acknowledged that the parties may have issues related to certain unavailable witnesses; directed the Parties to meet and confer on motions *in limine* and witness issues (ECF 511); and stated that it would order the parties to submit revised Rule 26(a)(3) disclosures.

On December 23, 2024 and January 6, 2025, the Parties met and conferred on motions *in limine* and witness issues. Plaintiffs' view as to those issues after those meet-and-confers follows:

### **Motions *in Limine***

Defendants' Report (ECF 513) lists the pending motions *in limine* and Rule 26 pretrial disclosures-related filings. These are the same filings shown in a table with their respective oppositions and replies thereto in the parties' October joint submission. *See* ECF 510-2 & 510-3. Defendants' Report reflects the parties' positions as to these papers following the recent meet-and-confers but omits Plaintiffs' position as to two pending motions. Plaintiffs provide those two positions below. Defendants' views, as quoted in Defendants' Report, are also shown for reference.

#### ECF 372/373: Plaintiffs' Motion to Amend Exhibit List and Witness List

- "Defendants' view is that this motion, which seeks to amend a stale witness and exhibit list, should be denied as moot, in light of the forthcoming revised Rule 26(a)(3) disclosures ordered by the Court. However, Defendants believe that Plaintiffs intend to include the document at ECF 373-3 on their forthcoming revised exhibit list, and that they also intend to identify Danna Chavez Calvi on their forthcoming revised witness list. Because the admissibility of ECF 373-3 and Ms. Calvi's testimony is critical to the parties' trial preparation, Defendants would ask the Court to decide that issue at the hearing on January 22, 2025."

- Plaintiffs agree that the relief sought in this motion in June 2021—to amend Plaintiffs' Rule 26(a)(3) disclosures to include a census document, a summary chart thereof (ECF 373-3), and the testimony of Ms. Calvi to describe the creation of the summary chart—is mooted by the Court's statement at the November 21 status conference that it would direct the parties to submit revised Rule 26(a)(3) disclosures. Plaintiffs intend to include Ms. Calvi and these documents on their forthcoming revised disclosures ordered by the Court. However, Defendants have argued in their opposition to this motion and in their Motion *in Limine* to Exclude Evidence of the Ethnicity of Individuals at the Park Allegedly Affected by the Policy

2

that the document at ECF 373-3 and the testimony of Ms. Calvi are inadmissible. Plaintiffs' positions on these admissibility issues are described at ECF 373, 396, and ECF 478 at 10-15. Because these admissibility issues are ripe for resolution, Plaintiffs agree they should be decided by the Court at the January 22 hearing.

<u>ECF 465/466: Defendants' Motion *In Limine* to Exclude Evidence of Lease Materials and the Purported "Eviction" of Plaintiffs</u>

- <u>"Defendants'</u> view is that their prior objections to Exhibit Nos. 8-72 and 98-101 are moot in light of the forthcoming revised Rule 26(a)(3) disclosures ordered by the Court. Defendants should have the right to raise the same or new objections to these exhibits, as necessary, when Plaintiffs file their revised exhibit list. Defendants' objections to Exhibit Nos. 151-166 and evidence of the claimed evictions are critical to the parties' trial preparation, and therefore Defendants ask the Court to decide those objections at the hearing on January 22, 2025."

- <u>Plaintiffs'</u> view is that Defendants' position on this motion is internally inconsistent. Defendants have provided no reason why its motion is moot as to certain exhibits but not others. Defendants have not withdrawn their *in limine* request as to Exhibit Nos. 8-72 and 98-101 and in fact seek the right to make the same or new objections as to these exhibits after the January 22 hearing. Because the parties have already expended considerable time and effort briefing these issues, Plaintiffs request that Defendants' motion be denied in its entirety at the January 22 hearing, with prejudice as to re-raising already briefed issues

. **Witness Issues**

The Parties' meet-and-confers have not resulted in a mutually agreed resolution on unavailable witness issues. As a result, on January 10, 2025, Plaintiffs moved the Court for permission to introduce the testimony of an important third-party witness, Mr. Brady Bustany, via videoconference or, in the alternative, to take a *de bene esse* deposition (ECF 514/515). Plaintiffs request to be heard on that motion at the first available opportunity.

Dated: January 13, 2025

ZUCKERMAN SPAEDER LLP
Nicholas M. DiCarlo (admitted *pro hac vice*)
1800 M Street NW, Suite 1000
Washington, DC 20036
202.778.1800
ndicarlo@zuckerman.com

Cyril V. Smith (admitted *pro hac vice*)
100 East Pratt Street, Suite 2440
Baltimore, MD 21202-1031
410.332.0444
csmith@zuckerman.com

Respectfully Submitted,

*/s/ Granville C. Warner*
LEGAL AID JUSTICE CENTER
Granville C. Warner, VSB #24957
Nady Peralta, VSB #91630
Larisa D. Zehr, VSB #96032
6402 Arlington Blvd., Suite 1130
Falls Church, VA 22042
703.778.3450
cwarner@justice4all.org
nady@justice4all.org
larisa@justice4all.org

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of January, 2025, I caused the foregoing to be filed electronically with the Clerk of the Court using CM/ECF, which will then send a notification of such filing to all counsel of record.

*/s/ Granville C. Warner*
Granville C. Warner, VSB #24957