IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ROSY GIRON DE REYES, et al., <br><br> Plaintiff, <br><br> v. <br><br> WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP, et al., <br><br> Defendants. | Case No.: 1:16CV563 (PTG/WBP) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION
TO ALLOW INTO EVIDENCE DEPOSITION TESTIMONY A
ND EXPERT REPORT OF UNAVAILABLE WITNESS
GEORGE C. CARUSO, CPM, RAM, SHCM, HCCP**

Defendants submit the following memorandum in support of their motion to allow into evidence the deposition testimony and expert report of Mr. George C. Caruso, CPM, RAM, SHCM, HCCP "Mr. Caruso"), who is unavailable to testify at trial.

## BACKGROUND

Plaintiffs filed this Fair Housing Act Case in 2016. The Court recently set it for trial from April 1 to April 9, 2025. Plaintiffs' sole claim is Defendants' have a policy that disparately impacts Latinos by requiring certain documents to accompany a lease application or renewal. In 2016, Defendants retained Mr. Caruso as an expert witness to opine on the relevance and reasonableness of Defendants' policy—"Step 2" of the Inclusive Communities analysis. In November 2016, Defendants produced Mr. Caruso's expert report to Plaintiffs.[1] On December 20, 2016, Plaintiffs deposed Mr. Caruso.[2]

---

[1] A true and accurate copy of Mr. Caruso's expert report is attached as Exhibit 1.
[2] A true and accurate transcript of Mr. Caruso's deposition testimony is attached as Exhibit 2.

Unfortunately, in November 2024, Mr. Caruso's son advised counsel for Defendants that Mr. Caruso now suffers from dementia and is unable to testify at trial. Counsel for Defendants promptly shared this information with Plaintiffs' counsel. Plaintiffs' counsel consented to allowing Mr. Caruso's deposition testimony into evidence but objected to allowing his expert report into evidence, even though it is the subject of and referred to throughout the deposition. Defendants are already negatively impacted in their ability to present the critical testimony of Mr. Caruso to the jury due to circumstances beyond Defendants' control. Denying the jury the ability to review the expert report of Mr. Caruso alongside his deposition effectively prevents Defendants from presenting his opinions to the jury. The jury must consider Mr. Caruso's report to fully comprehend his deposition testimony. Further, because Mr. Caruso's expert report is sufficiently trustworthy under Fed. R. Evid. 807, Plaintiffs' hearsay objections should be overruled.

## ARGUMENT

### I. The Federal Rules of Civil Procedure and Evidence Permit, and Plaintiffs Do Not Oppose, Introducing Mr. Caruso's Deposition Testimony into Evidence.

Under Fed. R. Civ. P. 32(a)(4)(B), Defendants may "use for any purpose the deposition of" Mr. Caruso since he "cannot attend or testify" at trial "because of" his dementia. Under Fed. R. Evid. 804(a)(4), Mr. Caruso is considered "unavailable as a witness" as he "cannot be present or testify at the trial" because of his dementia. Moreover, his testimony is "not excluded by the rule against hearsay" under Fed. R. Evid. 804(b)(1)(A) because his testimony was given at a "lawful deposition" and "is now offered against a party who had . . . an opportunity and similar motive to develop it by direct, cross, or redirect examination."

Consistent with these Rules, Plaintiffs indicated they "do not plan to object to admission of [Mr. Caruso's] deposition testimony as an unavailable witness." Accordingly, this Court should allow Mr. Caruso's deposition testimony into evidence at trial.

2

**II.     Under Fed. R. Evid. 807, and as a Matter of Fairness, the Jury Should Be Allowed to Consider Mr. Caruso's Expert Report Alongside His Deposition Testimony.**

Although Plaintiffs agree to the admission of Mr. Caruso's deposition testimony, they "object to admission of Mr. Caruso's expert report because it is hearsay outside any exception." Plaintiffs' proposed course of action severely prejudices Defendants. Mr. Caruso is a critical witness. He is Defendants' *only* Step-Two expert. Step Two is the *only* issue in this case in which Defendants bear the burden of proof. *See Reyes v. Waples Mobile Home Park Ltd. P'ship*, 903 F.3d 415, 524 (4th Cir. 2018). Mr. Caruso is a vital witness to Defendants' Step Two analysis and defense. Now, through no fault of Defendants, Mr. Caruso is not available to testify at trial. Precluding the admission of his expert report and allowing only the (in essence) cross-examination of Mr. Caruso to come in via his deposition deprives Defendants of the ability to submit the opinions of Mr. Caruso to the jury for its consideration.

If Mr. Caruso were available at trial, Defendants would elicit testimony conveying the opinions from his expert report. However, Mr. Caruso's sudden and unfortunate dementia diagnosis renders that impossible. Defendants suggested a reasonable alternative—allow the jury to consider his expert report (a pale substitute for direct testimony) along with Plaintiffs' cross-examination of Mr. Caruso (i.e., his deposition testimony).[3] Apparently, Plaintiffs would like the jury to consider just the cross-examination. To ensure Defendants have a fair opportunity to present their case, this Court should allow Defendants to introduce Mr. Caruso's expert report.

In addition to the unfair prejudice to Defendants, the omission of Mr. Caruso's report would unfairly confuse the jury and render his testimony incomprehensible to them. Mr. Caruso's

---

[3] As a further alternative, counsel for Defendants suggested to counsel for Plaintiffs that the parties could waive objections to *all* expert reports (including Plaintiffs'), subject to Defendants' now-pending motions *in limine*. Plaintiffs rejected that proposal.

deposition, like most expert depositions, focused almost exclusively on his expert report. Indeed, Plaintiffs' counsel introduced only one exhibit at his deposition—his expert report. *See* Exhibit 2 at 5. The jury cannot fully analyze and understand vast swaths of Mr. Caruso's deposition testimony without considering his expert report.[4] For example, when the jury hears a question referring to page 1 of the expert report, how can they understand Mr. Caruso's response without the report? Presenting his deposition testimony without the context of the expert report would leave the jury with the untenable task of reviewing Mr. Caruso's deposition transcript and wondering what "report" is referenced throughout and what it says.

Moreover, Fed. R. Evid. 807 allows for admission of Mr. Caruso's expert report even if it is "not admissible under [another] hearsay exception." The report satisfies Rule 807 if: (1) it "is supported by sufficient guarantees of trustworthiness" and (2) "it is more probative on the point for which it is offered than any other evidence that [Defendants] can obtain through reasonable efforts."

Mr. Caruso's report satisfies both requirements of Rule 807. First, the report is supported by sufficient guarantees of trustworthiness. Plaintiffs do not seriously contend that someone other than Mr. Caruso drafted the report. In fact, Plaintiffs' counsel *admitted* that the report is authentic. *See id.* at 34:18–20 ("For the record, I'm holding up what's been marked as Exhibit 1, which is Mr. Caruso's report."). Second, the report is more probative as to Mr. Caruso's opinions than any other evidence that can be obtained. The purpose of the report was to provide "a complete

---

[4] *See, e.g.,* Exhibit 1 at 65:17–21 ("Q. What is your basis for the statement **in your report** that, and I quote, any applicant who does not have legal status to work will be unable to obtain employment that can be verified as to duration and amount to permit underwriting?") (emphasis added); 95:2–4 ("Q. I wanted to go back to what was the question that you were asked to answer **in your report**?") (emphasis added); 118:8–12 ("Q. Mr. Caruso, on page 1 of **your report** you state, any applicant who does not have legal status to work will be unable to obtain employment that can be verified as to duration and amount to permit underwriting.") (emphasis added).

statement of all opinions" that Mr. Caruso intended to express "and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). Moreover, the Court has already determined that, in his report, "Mr. Caruso . . . applied **reliable** principles and methods," and "**reliably**" applied his experience to this case." ECF 189 at 3 (emphasis added). Therefore, Mr. Caruso's report falls within Rule 807.

Other courts have admitted expert reports under Fed. R. Evid. 807 in far less compelling circumstances.[5] In *Televisa, S.A. de C.V. v. Univision Commc'ns, Inc.*, after an expert witness was deposed, a conflict of interest arose preventing the expert from testifying. 635 F. Supp. 2d 1106, 1107 (C.D. Cal. 2009). Relying on Fed. R. Evid. 807, the court admitted the expert report. *Id.* at 1110. The court specifically noted that "[s]ince the item in question is a report prepared by a designated expert witness, rather than a remark or statement," as it is here, "many of the classic hearsay risks, such as faulty perception, faulty memory, and faulty narration do not seem to be of concern here." *Id.* at 1109 (citation omitted).

The court also noted that, like here, the defendant "questioned [the expert] extensively on his Report, including the documents he considered in reaching his opinions, the methodology and process he employed, and the ultimate substantive basis for those opinions." *Id.* at 1109–10. Critically, the court found, "[i]n light of [the defendant's] opportunity to cross-examine [the expert] during his sworn deposition, there are sufficient guarantees of accuracy and truthfulness here, and the need to cross-examine [the expert] at trial regarding his credentials, methods, and the contents of the Report would probably be superfluous." *Id.* at 1110 (citations omitted).

---

[5] In *N5 Techs. LLC v. Capital One N.A.*, Judge Ellis rejected an attempt to admit an expert report into evidence under Fed. R. Evid. 807. 56 F. Supp. 3d 755, 765 (E.D. Va. 2014). However, that case is readily distinguishable. There, at the summary judgment stage, the *plaintiff* intended to rely upon the *defendant's* expert report. *Id.* Judge Ellis held that the report was not admissible under Fed. R. Evid. 807 because "plaintiff, through reasonable efforts, could have retained its own expert" to opine on the same subject matter, "but chose not to do so." *Id.* Unlike the plaintiff in *N5 Technologies*, Defendants intend to introduce the report of *their own* expert.

5

The overarching principle underpinning the *Televisa* court's decision is fairness. The court recognized the importance of the expert's opinions and the unfairness of precluding their presentation because of the conflict of interest. The court also recognized the lack of prejudice to the opposing side because the expert had been deposed and cross-examined. Those same fairness principles are even more important and applicable here where Defendants find themselves unable to present Mr. Caruso at trial because of his diagnosis.

In November 2016, Defendants sent Mr. Caruso's report to Plaintiffs. The next month, Plaintiffs deposed him extensively about his credentials, his conclusions, and his methodology. Plaintiffs even filed a motion to strike his expert report, which was denied. Therefore, his report is accompanied by indicia of trustworthiness sufficient to alleviate the concerns that typically accompany hearsay statements. Now, through no fault of Defendants, Mr. Caruso is unavailable to testify at trial. The parties agree that his deposition testimony may be introduced as evidence given his unavailability. The jury should be permitted to review Mr. Caruso's expert report to aid in its understanding of his deposition testimony and avoid the manifestly unfair prejudice that Defendants would otherwise suffer.

## CONCLUSION

For the foregoing reasons, Defendants' motion to allow into evidence the deposition testimony and expert report of Mr. George C. Caruso, CPM, RAM, SHCM, HCCP should be granted.

Dated: January 14, 2025

Respectfully submitted,
**Waples Mobile Home Park Limited Partnership**
**Waples Project Limited Partnership**
**A.J. Dwoskin & Associates, Inc.**
*By Counsel*

*/s/ Michael S. Dingman*
Michael S. Dingman

Brooks H. Spears
MCGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
Tysons, VA 22102
Phone: (703) 712-5000
Fax: (703) 712-5050
mdingman@mcguirewoods.com
bspears@mcguirewoods.com

Grayson P. Hanes
ODIN, FELDMAN & PITTLEMAN, P.C.
1775 Wiehle Avenue, Suite 400
Reston, VA 20190
Phone: (703) 218-2195
Fax: (703) 218-2160
grayson.hanes@ofplaw.com

## **CERTIFICATE OF SERVICE**

I certify that, on January 14, 2025, I caused the foregoing document to be filed via the Court's CM/ECF system, which will send notice to all counsel of record.

/s/ *Michael S. Dingman*
Michael S. Dingman