## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

ROSY GIRON DE REYES; JOSE
DAGOBERTO REYES; FELIX ALEXIS
BOLANOS; RUTH RIVAS; YOVANA
JALDIN SOLIS; ESTEBAN RUBEN MOYA
YRAPURA; ROSA ELENA AMAYA; and
HERBERT DAVID SARAVIA CRUZ,

       *Plaintiffs*,

    vs.

WAPLES MOBILE HOME PARK LIMITED
PARTNERSHIP; WAPLES PROJECT
LIMITED PARTNERSHIP; and A.J.
DWOSKIN & ASSOCIATES, INC.,

       *Defendants*.

Case No: 1:16-cv-00563 (PTG/WBP)

---

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
## DEFENDANTS' MOTION TO ALLOW INTO EVIDENCE
## THE DEPOSITION TESTIMONY AND EXPERT REPORT OF GEORGE C. CARUSO

Plaintiffs submit the following memorandum in opposition to Defendants' motion to allow into evidence the deposition testimony and expert report of George C. Caruso (ECF 520).

### BACKGROUND

In 2016, Defendants retained Mr. Caruso as an expert and produced his expert report to Plaintiffs. ECF 521-1. At a deposition that same year, both Plaintiffs' counsel *and Defendants' counsel* examined Mr. Caruso under oath. ECF 521-2. After the deposition, Plaintiffs moved to strike Mr. Caruso's expert report and exclude his expert testimony. ECF 166. Although he denied the motion, Judge Ellis stated: "Of course, [P]laintiffs will be afforded sufficient opportunity to cross-examine the witness at trial, should defendants call him." ECF 189 at 4.

In November 2024, Defendants' counsel advised Plaintiffs that Mr. Caruso was suffering from dementia and could not testify at trial. Defendants asserted that, due to Mr. Caruso's unavailability, they would seek to introduce his deposition *and expert report* to the jury. Despite not getting the opportunity to cross-examine Mr. Caruso in front of the jury at trial, Plaintiffs agreed to accommodate Defendants under the unfortunate circumstances by not objecting to admission of Mr. Caruso's deposition testimony as an unavailable witness *to the extent it was otherwise admissible*. Plaintiffs' counsel wrote to Defendants: "Based on what you have written and said about Mr. Caruso's condition, Plaintiffs do not plan to object to admission of his deposition testimony as an unavailable witness. However, we reserve all rights as to individual pieces of his testimony that may be inadmissible." Plaintiffs conveyed that they object to admission of Mr. Caruso's expert report because it is inadmissible hearsay outside any exception.

Defendants have now moved the Court to admit Mr. Caruso's inadmissible expert report largely because Plaintiffs offered not to object to Mr. Caruso's unavailability. Defendants' attempt to piggyback the inadmissible report onto any admissible deposition testimony should be denied.

## ARGUMENT

**I.      THIS COURT SHOULD FOLLOW THE FEDERAL RULES BY ADMITTING MR. CARUSO'S DEPOSITION TESTIMONY TO THE EXTENT IT IS OTHERWISE ADMISSIBLE AND EXCLUDING HIS EXPERT REPORT AS INADMISSIBLE HEARSAY.**

The Federal Rules treat sworn deposition testimony and one-sided expert reports very differently. Federal Rule of Civil Procedure 32(a)(1)(B) allows use of an un unavailable witness's deposition at trial "to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying[.]" And Federal Rule of Evidence 804(b) enumerates exceptions to the hearsay rule "if the declarant is unavailable as a witness," including an exception

for former deposition testimony offered against a party that had an opportunity and similar motive to develop that deposition testimony by cross-examination.

By contrast, the Federal Rules do not allow use of expert reports at trial. An expert report is a required pre-trial disclosure: a party must provide "the identity of any witness *it may use at trial*," along with a report produced by that witness containing certain information. Fed. R. Civ. P. 26(a)(2) (emphasis added). Any party may depose that expert "only after the report is provided." Fed. R. Civ. P. 26(b)(4)(A). Both the expert report and the ensuing deposition testimony are undoubtedly hearsay, because they are out-of-court statements offered for the truth of the matter asserted. *See* Fed. R. Evid. 801(c). But unlike the special exception for former deposition testimony, expert reports are notably missing from the listed exceptions to the hearsay rule. Fed. R. Evid. 804(b)(1)-(6).

Plaintiffs' counsel's offer to Defendants tracked the Federal Rules' disparate treatment of former deposition testimony and expert reports. Plaintiffs stated that they did not "plan to object to admission of [Mr. Caruso's] deposition testimony as an unavailable witness," but "reserve[d] all rights as to individual pieces of his testimony that may be inadmissible." *See* Fed. R. Civ. P. 32(a)(1)(B).[1] Plaintiffs objected to admitting the expert report because it is "hearsay outside any exception." It is. This Court should apply the Federal Rules as written.

---

[1] In their motion, Defendants overstate Plaintiffs' offer by omitting the second sentence of Plaintiffs' counsel's statement—the reservation of rights as to inadmissible parts of Mr. Caruso's testimony—and instead asserting that "Plaintiffs agree to the admission of Mr. Caruso's deposition testimony." ECF 521 at 3. Plaintiffs do not blanket agree to admitting Mr. Caruso's entire deposition transcript and have not waived any rights with respect to arguing that individual pieces of Mr. Caruso's deposition testimony may be inadmissible. Defendants' motion was the second time in three business days that Defendants have selectively quoted Plaintiffs' counsel to the Court.

## II.    THE RESIDUAL HEARSAY EXCEPTION DOES NOT JUSTIFY ADMISSION OF DEFENDANTS' EXPERT REPORT.

Defendants' attempt to shoehorn in the expert report under Federal Rule of Evidence 807 should be rejected. This "residual hearsay exception" allows a hearsay statement to be admitted even if it is not subject to one of the exceptions specifically listed under Rules 803 or 804, but only when "(1) the statement is supported by sufficient guarantees of trustworthiness—after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and (2) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." "As the Fourth Circuit has repeatedly explained, the residual exception is to 'be used very rarely, and only in exceptional circumstances'" not present here. *Tankesley v. Vidal*, No. 1:21-CV-I448, 2023 WL 4273763, at \*5 (E.D. Va. June 29, 2023) (quoting *United States v. Gomez*, 774 F. App'x 136, 137 (4th Cir. 2019)).

"It can rarely be said that a report prepared by a paid, retained expert witness for a party or its counsel bears 'equivalent circumstantial guarantees of trustworthiness' to justify application of the residual hearsay exception." *Diamond Resorts International, Inc. v. Aaronson*, 378 F. Supp. 3d 1143, 1145  (M.D. Fla 2019).[2] As a result, courts nearly categorically deny motions to admit expert reports under Rule 807 when the expert will not testify at trial. *See, e.g.*, *id.*; *Marquette Transp. Co., Inc. v. Eagle Subaru*, No. CIVA 06-9053, 2010 WL 1558921, at \*3 (E.D. La. Apr. 15, 2010) (admitting unavailable expert's deposition but excluding report); *Siqueiros v. Gen. Motors LLC*, No. 16-CV-07244-EMC, 2022 WL 3974752, at \*11-15 (N.D. Cal. Aug. 31, 2022) (same); *Miami Valley Fair Hous. Ctr. Inc. v. Metro Dev. LLC*, No. 2:16-cv-607, 2018 WL

---

[2] In December 2019, Rule 807 was amended from requiring "equivalent circumstantial guarantees of trustworthiness" to "support[] by sufficient guarantees of trustworthiness." But that change does not alter the "exceptional" application of Rule 807.

2416570, at *1 (S.D. Ohio May 29, 2018); *Est. of Ellis v. Am. Advisors Grp., Inc.*, No. 2:18-cv-70, 2021 WL 5236019, at *2 (S.D. Ga. Mar. 30, 2021), *objections overruled*, No. 2:18-cv-70, 2021 WL 5035115 (S.D. Ga. June 10, 2021); *cf. West v. Drury Co.*, No. CIVA 2:07CV215-P-A, 2009 WL 1405181, at *1 (N.D. Miss. May 19, 2009).

Against this overwhelming authority, Defendants muster only one outlier decision with readily distinguishable, exceptional facts (ECF 521 at 5), which itself cited no authority and has since been rejected. In *Televisa, S.A. de C.V. v. Univision Commc'ns, Inc.*, 635 F. Supp. 2d 1106, 1109-10 (C.D. Cal. 2009), under a former version of Rule 807 that considered whether "the interests of justice will be served by admission of the statement," the court admitted an expert report when the opposing party had, in effect, caused the expert to become unavailable to testify at trial. As the court explained, "it is in the interests of justice that Televisa be permitted to introduce the Report, given that its expert witness apparently withdrew, at the insistence of Univision [the opposing party], on the basis of a non-existent ethical conflict." *Id.* at 1110. Before reaching its decision, the *Televisa* court acknowledged that it had found no other authority justifying admission of an expert report under Rule 807, *id.* at 1109. Of course, no such circumstances exist here. Plaintiffs did not cause Mr. Caruso to become unavailable at trial.

Courts have rejected a broader application of *Televisa* as a justification to admit expert reports. Most directly, in *Diamond Resorts International, Inc. v. Aaronson*, the court denied a motion like this one—which sought to admit an expert report due to the expert's "unavailability to testify at trial and the incompleteness of his deposition testimony." 378 F. Supp. 3d at 1144. The court reasoned that expert reports are not sufficiently trustworthy to admit at trial, even when the expert had been previously deposed about the subjects of his expert report:

> Admitting the Stewart Report under these circumstances would set a dangerous precedent. Every retained expert prepares an expert report under Federal Rule of

Civil Procedure 26. Virtually every retained expert is comprehensively deposed. And virtually every retained expert is technically "unavailable" under Federal Rule of Civil Procedure 32 as rarely are they located within 100 miles of the courthouse. Given that, admitting the Stewart Report here would mean that in virtually every case with a retained expert, a party could avoid the crucible of cross examination in the courtroom, before the jury in person, by introducing deposition testimony under Rule 32 and seeking admission of the Rule 26 report under the residual hearsay exception. The Federal Rules of Civil Procedure don't allow for this and instead exhort the importance of live testimony. *See* Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment ("The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition.").

The *Diamond Resort* court concluded that "[i]t's little wonder the *Televisa* court was unable to find any authority admitting an expert report under Rule 807." *Id.* at 1145.

Defendants nonetheless seek to make Mr. Caruso the only expert in the case immune from facing the crucible of cross-examination at trial.[3] That is not what Judge Ellis countenanced *after Mr. Caruso's deposition*, when he stated that Plaintiffs "will be afforded sufficient opportunity to cross-examine the witness at trial, should defendants call him." ECF 189 at 4; *see also id.* at 4 (noting that any danger of Mr. Caruso's opinions "misleading the jury" or "confusing the issues" could be cured by cross-examination at trial, which would be a "sufficient disinfectant"); *id.* at n.1 (identifying "prime topics for cross-examination" in Mr. Caruso's report and testimony).

As a matter of fairness, it would prejudice *Plaintiffs* to admit Mr. Caruso's one-sided expert report without an opportunity to cross-examine the author before the jury. Defendants are wrong

---

[3] Defendants' proposed alternative—"that the parties could waive objections to *all* expert reports (including Plaintiffs'), subject to Defendants' now-pending motions *in limine*" (ECF 521 at 3 n.3—is an illusory one that would not alleviate the prejudice to Plaintiffs of admitting the Caruso report. Plaintiffs plan to offer the testimony of their experts, Mr. Ivan Yacub and Professor William A.V. Clark, live and in-person at trial. Hence, they will be subject to cross-examination at trial by Defendants. Defendants' pending motions *in limine* aim to exclude the reports *and testimony* of both of Plaintiffs' experts. ECF 456/457 & 494/495.

that admitting the admissible portions of Mr. Caruso's sworn deposition testimony without the unsworn report would "severely prejudice[]" them; and the deposition transcript does not "only" include "(in essence) cross-examination," ECF 521 at 3. To the contrary, Defendants' counsel participated in the deposition of Mr. Caruso and had every opportunity to, and did, ask him questions about his experience, the report, and his opinions under oath. *See* Fed. R. Civ. P. 30(c)(1); *see also* ECF 521-2 at 114:20-120:22. Mr. Caruso's report consists of three one-sentence opinions accompanied by three paragraphs of explanation (along with a statement of purported qualifications and compensation). ECF 521-1 at 1-2. During the *direct* examination segment of the deposition, Defendants' counsel adduced sworn testimony on Mr. Caruso's asserted qualifications, paraphrased each of the opinions found in the report, and Mr. Caruso adopted them and discussed his reasoning. ECF 521-2 at 114:22-116:9, 116:10-117:1, 118:8-119:13.[4]

Thus, excluding the report does not "effectively prevent[] Defendants from presenting his opinions to the jury." ECF 521 at 2. Because there is available sworn deposition evidence on Mr. Caruso's opinions, Defendants have failed to demonstrate that the unsworn, un-cross-examined expert report is "more probative . . . than any other" available evidence or that it is sufficiently trustworthy. Fed. R. Evid. 807(a)(1)-(2); *see Marquette Transp. Co.*, 2010 WL 1558921, at *3 (holding report of unavailable expert inadmissible under Rule 807 because the report was "not more probative than other evidence that the parties ha[d] already agreed to introduce. Specifically,

---

[4] Similarly, jurors would have no issue understanding deposition references to the report without seeing the report itself. The transcript explains the substance of the report. *Compare* ECF No. 521-1 at 1 (the report on page 1 states, "Consequently any applicant who does not have legal status to work will be unable to obtain employment that can be verified as to duration and amount to permit underwriting."), *with* ECF No. 521-2 at 118:8-13 (in response to defense counsel's question, "Mr. Caruso, on page 1 of your report you state, any applicant who does not have legal status to work will be unable to obtain employment that can be verified as to duration and amount to permit underwriting," Mr. Caruso testified, "Yes."). Moreover, jurors frequently hear expert testimony at trial without having access to the underlying reports.

[the] unsworn expert report [was] less probative and less trustworthy than [the expert's] sworn perpetuation deposition testimony.").

## **CONCLUSION**

For the foregoing reasons, Defendants' motion to allow into evidence the deposition testimony and expert report of Mr. Caruso (ECF 520) should be denied. Mr. Caruso's deposition testimony may be admitted into evidence due to his unavailability to the extent it is otherwise admissible. But Mr. Caruso's expert report should be excluded.

Dated: January 16, 2025

ZUCKERMAN SPAEDER LLP
Nicholas M. DiCarlo (admitted *pro hac vice*)
1800 M Street NW, Suite 1000
Washington, DC 20036
202.778.1800
ndicarlo@zuckerman.com

Cyril V. Smith (admitted *pro hac vice*)
100 East Pratt Street, Suite 2440
Baltimore, MD 21202-1031
410.332.0444
csmith@zuckerman.com

Respectfully Submitted,

*/s/ Granville C. Warner*
LEGAL AID JUSTICE CENTER
Granville C. Warner, VSB #24957
Nady Peralta, VSB #91630
Larisa D. Zehr, VSB #96032
6402 Arlington Blvd., Suite 1130
Falls Church, VA 22042
703.778.3450
cwarner@justice4all.org
nady@justice4all.org
larisa@justice4all.org

*Attorneys for Plaintiffs*

## <u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 16th day of January, 2025, I caused the foregoing to be filed electronically with the Clerk of the Court using CM/ECF, which will then send a notification of such filing to all counsel of record.

<u>*/s/ Granville C. Warner*</u>
Granville C. Warner, VSB #24957