IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ROSY GIRON DE REYES, et al., <br><br> Plaintiff, <br><br> v. <br><br> WAPLES MOBILE HOME PARK LIMITED PARTNERSHIP, et al., <br><br> Defendants. | Case No.: 1:16CV563 (PTG/WBP) |

**DEFENDANTS' MEMORANDUM IN OPPOSITION
TO PLAINTIFFS' MOTION FOR PERMISSION TO INTRODUCE
SELECT TRIAL TESTIMONY VIA VIDEOCONFERENCE OR, IN THE
<u>ALTNERATIVE, TO TAKE A *DE BENE ESSE* DEPOSITION</u>**

Defendants submit the following memorandum in opposition to Plaintiffs' Motion for Permission to Introduce Select Trial Testimony Via Videoconference or, in the Alternative, to Take a *De Benne Esse* Deposition (the "Motion").

## BACKGROUND

Plaintiffs filed this Fair Housing Act case on May 23, 2016. Discovery in this case closed on December 9, 2016. ECF 35. On December 23, 2016, Plaintiffs filed a Cross Motion for Summary Judgment. With their memorandum, Plaintiffs attached as an exhibit the Declaration of Mr. Brady M. Bustany (the "Declaration"). ECF 138-44. In the Declaration, Mr. Bustany states he is corporate counsel at Yardi Systems, Inc. ("Yardi"), which is the parent company of RentGrow, Inc. d/b/a Yardi Resident Screening ("RentGrow"). *Id.* at ¶¶ 1–2. The genesis of the Declaration prepared by Plaintiff's counsel makes clear that despite knowing that Mr. Bustany

resided in California, Plaintiffs made the strategic decision to not depose him, but instead to rely on the Declaration.

On August 3, 2016, Plaintiffs issued a subpoena to Yardi requesting the production of documents responsive to 17 separate document requests. ECF 36; 36-1. Yardi never produced any documents in response to the subpoena. Instead, over the course of several months, Plaintiff's counsel negotiated a declaration with Yardi through Mr. Bustany. Then-counsel for Plaintiffs, William A. Margeson, stated in a declaration dated November 17, 2016, Exhibit 9 to Reply Brief in Support of Plaintiff's Motion to Compel,[1] ECF 86-2, "Between August and November of 2016, I exchanged several emails and spoke on the telephone with Mr. Bustany. Our communications centered on a declaration that Mr. Bustany would provide to Plaintiffs regarding the subject matter of the subpoena." Mr. Bustany in fact provided such a declaration prepared by Plaintiffs' counsel.[2] Satisfied that the Declaration would serve their purposes, Plaintiffs chose to not depose Mr. Bustany—or anyone else from Yardi—even though they were fully aware that Mr. Bustany could not be compelled to testify at trial. Given Mr. Bustany's apparent lack of knowledge behind the statements in his Declaration, Plaintiffs chose to not put the veracity of the statements in the Declaration to the test through a deposition.

On December 4, 2020—four years after the Bustany Declaration—Plaintiffs identified Mr. Bustany as a witness they "*may* call" in their Rule 26(a)(3) pretrial disclosures. ECF 312 at 3 (emphasis added). But now Plaintiffs insist Mr. Bustany is a vital witness. Plaintiffs did not

---

[1] The motion to compel was directed at defendants, not Yardi, and was denied.
[2] Mr. Bustany's Declaration, attached to the Motion, is in effect a corporate Declaration because he states in paragraph 2 that the declaration is based on "my personal knowledge… *or* upon information and belief gained from persons most knowledgeable of the matters described herein." Obviously, Mr. Bustany in not one of those persons "most knowledgeable" and he does not state that the Declaration is based on his actual knowledge as opposed to his "information and belief" gleaned from unnamed persons who actually have that knowledge. Cleverly, he says it could be based on his knowledge or someone else's without taking a position.

2

think so eight years ago when they opted not to depose Mr. Bustany before the close of discovery—knowing he could not be compelled to testify at trial—or four years ago when Plaintiffs identified him as a "may call" witness. In the *eight years* since discovery closed, Plaintiffs never asked this Court to amend its Scheduling Order to allow Plaintiffs to take Mr. Bustany's deposition. Current counsel now appears to take a different view of Mr. Bustany—upgrading him to a vital witness eight years after the fact—and wants to change the strategic decision previously made by Plaintiffs and the consequences of those decisions.

During the November 21, 2024 status conference, this Court set trial for April 1 to April 9.[3] When the Court suggested April 1 as the first day of trial, counsel for Defendants stated they "have a witness who *may* not be able to attend *on that date*." Exhibit 1 at 5:9–10 (emphasis added). The Court probed whether Mr. Bustany was unable to attend for the duration of trial. *Id.* at 5:20–23. In response, counsel for Defendants inquired whether the Court would "be amenable to remote testimony" for Defendants' "nonparty witness." *Id.* at 5:24–25. The Court indicated that remote testimony is "one thing if it's a bench trial, but when it's a jury, [the Court is] hesitant to do a remote witness." *Id.* at 6:1–4. Counsel for Defendants asked if the Court would entertain the instant Motion, to which the Court noted it already "said [its] view on remote testimony," but would "hear that motion." *Id.* at 10:3–6.

The instant Motion asks the Court to allow Defendants "call Mr. Bustany at trial to testify" to his Declaration via videoconference or, alternatively, to take a *de bene esse* deposition of Mr. Bustany. ECF 515 at 2. As justification for his unavailability, Defendants proffer (indeed, it is Defendants' proffer since the Motion contains *no* evidence to support it) that Mr. Bustany works in California and is "likely unavailable to travel across the country" to testify between April 1

---

[3] A true and accurate copy of the November 21, 2024 status conference transcript is attached as Exhibit 1.

and 9 because of "work obligations." *Id.* This representation is not based on Mr. Bustany's sworn declaration or any correspondence from Mr. Bustany.[4] Instead, it is based on Defendants' accepting the word of "Yardi's outside counsel[.]" *Id.*

## ARGUMENT

### I. If Plaintiff's Deemed Mr. Bustany's Testimony As Important, They Should Have Been Deposed Him Eight Years Ago.

Plaintiffs now contend "Mr. Bustany's testimony is highly probative and important for the jury to hear." *Id.* That begs the question: *why* did Plaintiffs opt not to depose Mr. Bustany while discovery was open or, alternatively, move this Court to reopen discovery for that purpose? The answer appears to be that Plaintiffs were satisfied with the Declaration they wrote for Mr. Bustany and made the strategic decision not to depose him. As Plaintiffs point out, Mr. Bustany "is located in California." *See id.* at 3. That is not news to Plaintiffs, they knew that eight years ago. And Plaintiffs' counsel surely knew the straightforward method to present at trial the testimony of a witness who is not subject to subpoena for trial: take that person's deposition. *See* Fed. R. Civ. P. 32(a)(4)(B) and Fed. R. Evid. 804(b)(1)(A). Plaintiffs also note "Mr. Bustany is not under Plaintiffs' control." *Id.* at 2. That was also true eight years ago and, again, the obvious way to address this issue was to have deposed Mr. Bustany.

Plaintiffs made the intentional decision to not depose Mr. Bustany and to rely on his Declaration. If Mr. Bustany's testimony is "highly probative and important," "directly relevant," and anticipated to "be particularly illuminating," as Plaintiffs now say, that was true eight years

---

[4] It is noteworthy that Mr. Bustany did not provide a declaration swearing to his unavailability. Without actual confirmation Mr. Bustany cannot (or will not) attend trial, the instant Motion may seek an advisory opinion. According to Plaintiffs' brief, is entirely possible that Mr. Bustany *will* be available to testify at trial. *See, e.g.,* ECF 515 at 4 ("Although Plaintiffs are trying to coordinate Mr. Bustany's live testimony, to the extent necessary and if Mr. Bustany is unavailable for trial . . ."). In all likelihood, if the Court *does* allow Mr. Bustany to testify remotely, he will not show up to trial, even if he could.

ago. But Plaintiffs decided it was better over the last eight years for them to not depose him to preserve his testimony and to instead rely on his Declaration. Plaintiffs must live with that decision.[5]

## II. No Compelling Circumstances Justify the Prejudice Defendants Would Suffer by Allowing Mr. Bustany to Testify via Videoconference.

Under Fed. R. Civ. P. 43, "[f]or good cause in *compelling circumstances* and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." (emphasis added); *see also* Exhibit 1 at 6:1–4 (noting "remote testimony is "one thing if it's a bench trial, but when it's a jury, [the Court is] hesitant to do a remote witness"). "The importance of live testimony in court cannot be forgotten." Fed. R. Civ. P. 43 advisory committee's note to 1996 amendment. "Transmissions cannot be justified merely by showing that it *is inconvenient for the witness to attend the trial.*" *Id.* (emphasis added). If "good cause" and "compelling circumstances" could be found where a third-party witness lives outside a court's subpoena power and, according to their attorney, has "work obligations," few out-of-state third-party witnesses would testify at trial. *See* ECF 515 at 3.

There are no compelling circumstances to justify relief under Fed. R. Civ. P. 43. As stated above, Plaintiffs knew eight years ago of Mr. Bustany's supposed testimony and the claimed importance of that testimony, but did nothing to preserve it. The Federal Rules recognize the fact that a witness may not be subject to a trial subpoena and provide a mechanism to present the testimony of such a witness at trial: a deposition. It is Defendants' belief that Plaintiffs made a

---

[5] That is why this Motion and the motion regarding Mr. Caruso are entirely different. The only reason Plaintiffs cannot present the testimony of Mr. Bustany is that they chose not to take the basic steps to preserve his testimony through a deposition. Their "predicament" was wholly preventable. Defendants, however, had no way of knowing that Mr. Caruso would develop dementia. Plaintiffs are in their position because of deliberate decisions—Defendants are in theirs because of the tragic diagnosis of Mr. Caruso.

conscious decision not to depose Mr. Bustany. But even if the lack of a deposition was due to inadvertence over the last eight years, that is not a "compelling circumstance" under Fed. R. Civ. P. 43. If it were, in any case in which a party decided not to, or simply failed to, depose a witness who cannot be subpoenaed for trial, such a witness could testify remotely. That is contrary to the very limited scope of Fed. R. Civ. P. 43 and would throw open wide the door to remote testimony in every case.

The cases Defendants cite to support the proposition that good cause exists where an individual's work obligations prevent them from testifying in-person at trial are inapposite. Again, if that were true that any busy witness can simply opt for remote testimony, the limited scope of Fed. R. Civ. P. 43 would become a nullity. For example, in *Cunningham v. Cunningham*, plaintiffs brought a claim under the Hague convention. No. 3:16-cv-1349-J-34JBT, 2016 WL 8261726, at *1 (M.D. Fla. Dec. 27, 2016). Under that framework, and in "accordance with the expedited nature of Hague Convention proceedings," the court scheduled an evidentiary hearing to be held a little over two months after the case was filed. *Id.* The court found good cause and compelling circumstances to permit remote testimony for the evidentiary hearing "after due consideration of the logistical difficulties posed by these expedited proceedings[.]" *Id.* Here, Plaintiffs had over eight years to procure Mr. Bustany's attendance at trial or, alternatively, take his deposition and offer it into evidence.

In *Scott Timber, Inc. v. United States*, the Court of Federal Claims determined that a witness could testify via videoconference where she "previously appeared in person to testify at the trial of the liability phase of [the] case, . . . and the parties then had ample opportunity to evaluate her demeanor on the stand." 93 Fed. Cl. 498, 501 (2010). Critically, the court cited to the Advisory Committee notes to Fed. R. Civ. P. 43, which indicate that "good cause and

compelling circumstances are established with 'relative ease' where the parties have agreed upon the transmission of testimony," which the parties had already done.  *Id.*  Here, by contrast, Mr. Bustany has not previously testified at any other phase of trial (or at a deposition) and the parties do not agree to his remote testimony.[6]

Defendants would also be prejudiced by allowing Mr. Bustany to testify. The current situation is more akin to *Haines v. Get Air LLC*, No. CV-15-00002-TUC-RM (EJM), 2019 WL 3501054 (D. Ariz. Aug. 1, 2019).  There, the defendant filed a *Daubert* brief, "which contained a request to present testimony by [an expert] by videoconference at the *Daubert* hearing." *Id.* at *1.  The court noted that "allowing [the expert] to testify would cause unfair prejudice to Plaintiff, who *did not have the opportunity to depose [the expert] during discovery*." *Id.* (emphasis added). Plaintiffs claim that Defendants have known "for years" that Mr. Bustany "may be called to testify" at trial.  ECF 515 at 4.  But that ignores the fact that Defendants did not receive the Declaration until December 23, 2016—*after* discovery closed on December 9, 2016.  Like the plaintiff in *Haines*, allowing Mr. Bustany to testify at trial would unfairly prejudice Defendants. Namely, it would force Defendants to confront Mr. Bustany's testimony for the first time during trial.

Among other things, it is unknown what, if any, basis Mr. Bustany has for the statements in the Declaration, who he discussed the issues with at Yardi, and what documents if any he relies upon.  Defendants have Yardi documents that conflict with the Declaration—how will Mr.

---

[6] Even the most cursory review of Plaintiffs' other cited cases shows their inapplicability here. In *Sutphin v. Ethicon, Inc.*, in September 2020, the court noted "[w]here an acceptable alternative to in-person testimony exists and allows for the benefits of live witness examination, *the COVID-19 pandemic* presents perhaps the most compelling reason yet to authorize its use." No. 2:14-cv-01379, 2020 WL 5229448, at *2 (S.D. W. Va. Sep. 1, 2020) (emphasis added). In *In re Terrorist Attacks on September 11, 2001*, in December 2020, the court conducted a remote trial given the COVID-19 pandemic and noted the "substantial weight . . . assign[ed] to the health risk implicated to lawyers, witnesses, deposition staff, and all of their families, by ordering people to travel and gather." 337 F.R.D. 575, 578 (S.D.N.Y. 2020).  By contrast, Mr. Bustany (according to his attorney) has "work obligations."

Bustany address those? If the instant Motion is granted, Defendants (and the jury) will hear his response for the first time at trial. Mr. Bustany's work schedule—unverified by any statement from him—does not rise to the "compelling circumstances" Fed. R. Civ. P. 43 demands to permit remote trial testimony. Such testimony would unfairly prejudice Defendants. The Motion must be denied.

### III. No Good Cause Exists to Amend the Scheduling Order.

Plaintiffs ask, in the alternative, for this Court to permit "Plaintiffs to take a videotaped trial deposition—a '*de bene esse* deposition"—and show it to the jury[.]" ECF 515 at 4. In support, they cite to Fed. R. Civ. P. 32, which allows a party to "use for any purpose the deposition of" an unavailable witness. But Plaintiffs are not just asking to take a deposition. They are asking to reopen discovery, which closed on December 9, 2016. Under Fed. R. Civ. P. 16(b)(4), like Fed. R. Civ. P. 43, the Court must find "good cause" to modify the Scheduling Order. Three months before trial, and more than eight years after the Complaint was filed, no good cause exists.

The "good cause provision of Rule 16(b)(4)" is principally focused on the moving party's diligence." *Reese v. Va. Intern. Terminals, Inc.*, 286 F.R.D. 282, 285 (E.D. Va. 2012). Nonetheless, "[p]rejudice to the opposing party remains relevant" to this inquiry. *Doe v. Sutton-Wallace*, No. 3:18-cv-00041, 2019 WL 5088769, at *3 (W.D. Va. Oct. 10, 2019) (quoting *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 154 (1st Cir. 2004)). Plaintiffs' only claim for good cause is that Mr. Bustany is unavailable because he has "work obligations" and lives in California. ECF 515 at 3. But there is no indication lived anywhere else *at any point* during this litigation. Moreover, he has held a counsel position with Yardi for at least eight years. *See id.* at 2; ECF 138-44, ¶ 2. There is *no* change in circumstances that justifies Plaintiffs' decision—whether in 2016 or at any point since then—not to depose Mr. Bustany.

Plaintiffs may argue they diligently filed this Motion when it became clear a scheduling conflict could arise. However, it is eminently foreseeable that an out-of-state witness may have "work obligations" during a trial they cannot be compelled to attend. Instead of deposing Mr. Bustany, Plaintiffs opted to rely upon his declaration. Their choice to wait over eight years to even attempt to depose him—despite no change in his location or occupation—evinces a lack of diligence.

Moreover, the sharp prejudice Defendants would face, explained above, is not blunted if discovery is reopened for the limited purpose of conducting a deposition of a witness whose identity and scope of testimony has been known for eight years. For example, whether Defendants face Mr. Bustany's testimony at trial for the first time or at deposition for the first time is a distinction without a difference. Mr. Bustany's deposition testimony would be played at trial as though he appeared in person to testify. Unlike a normal situation—where a witness is deposed before testifying at trial—Defendants could not undertake any further diligence to evaluate the veracity of Mr. Bustany's deposition testimony and appropriately cross-examine him before the jury. The Court should not only consider that Plaintiffs failed to exercise *any* diligence in attempting to depose Mr. Bustany. It should also consider relevant that this alternative fails to mitigate any prejudice to Defendants.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion for Permission to Introduce Select Trial Testimony Via Videoconference or, in the Alternative, to Take a *De Benne Esse* Deposition should be denied.

| | |
|---|---|
| Dated: January 16, 2025 | Respectfully submitted,<br>**Waples Mobile Home Park Limited Partnership**<br>**Waples Project Limited Partnership**<br>**A.J. Dwoskin & Associates, Inc.**<br>*By Counsel*<br><br>*/s/ Michael S. Dingman*<br>Michael S. Dingman<br>Brooks H. Spears<br>MCGUIREWOODS LLP<br>1750 Tysons Boulevard, Suite 1800<br>Tysons, VA 22102<br>Phone: (703) 712-5000<br>Fax: (703) 712-5050<br>mdingman@mcguirewoods.com<br>bspears@mcguirewoods.com<br><br>Grayson P. Hanes<br>ODIN, FELDMAN & PITTLEMAN, P.C.<br>1775 Wiehle Avenue, Suite 400<br>Reston, VA 20190<br>Phone: (703) 218-2195<br>Fax: (703) 218-2160<br>grayson.hanes@ofplaw.com |

## **CERTIFICATE OF SERVICE**

I certify that, on January 16, 2025, I caused the foregoing document to be filed via the Court's CM/ECF system, which will send notice to all counsel of record.

/s/ *Michael S. Dingman*
Michael S. Dingman