# EXHIBIT 1

```
              UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF VIRGINIA


  ROSY GIRON DE REYES,             :
                                   :
              et al.,              :
                                   :
              Plaintiffs,          :  Civil Action
                                   :  No. 1:16-cv-00563-PTG-WBP
       v.                          :
                                   :
  WAPLES MOBILE HOME PARK          :  November 21, 2024
  LIMITED PARTNERSHIP,             :  10:40 a.m.
                                   :
              et al.,              :
                                   :
              Defendants.          :
                                   :
  .............................    :


         TRANSCRIPT OF MOTION HEARING PROCEEDINGS
     BEFORE THE HONORABLE PATRICIA TOLLIVER GILES,
          UNITED STATES DISTRICT COURT JUDGE
```

APPEARANCES:

For the Plaintiffs:            **Nicholas Michael DiCarlo, Esq.**
                               ZUCKERMAN SPAEDER LLP (DC-NA)
                               1800 M Street, NW
                               Suite 1000
                               Washington, DC 20036
                               202-778-1800
                               Fax: 202-822-8106
                               Email: Ndicarlo@zuckerman.com

                               **Nady Leticia Peralta, Esq.**
                               LEGAL AID JUSTICE CENTER
                               (Falls Church)
                               6066 Leesburg Pike
                               Suite 520
                               Falls Chruch, VA 22041
                               703-778-3450
                               Fax: 703-778-3454
                               Email: Nady@justice4all.org

```
APPEARANCES:  (Cont.)

For the Plaintiffs:        Larisa D. Zehr, Esq.
                           LEGAL AID JUSTICE CENTER
                           (Falls Church)
                           6066 Leesburg Pike
                           Suite 520
                           Falls Church, VA 22041
                           571-213-7582
                           Email: Larisa@justice4all.org

For the Defendants:        Michael Sterling Dingman, Esq.
                           REED SMITH LLP
                           3110 Fairview Park Drive
                           Suite 1400
                           Falls Church, VA 22042
                           (703) 641-4200
                           Fax: (703) 641-4340
                           Email: Mdingman@mcguirewoods.com

                           Brooks Holton Spears, Esq.
                           MCGUIREWOODS, LLP (McLean)
                           1750 Tysons Boulevard
                           Suite 1800
                           McLean, VA 22102-4215
                           703-712-5073
                           Email: Bspears@mcguirewoods.com

Court Reporter:            Scott L. Wallace, RDR, RMR, CRR
                           Official Court Reporter
                           United States District Court
                           401 Courthouse Square
                           Alexandria, VA 22314-5798
                           Cell: 443-584-6558
                           Email: Scottwallace.edva@gmail.com
```

Proceedings reported by machine shorthand, transcript produced by computer-aided transcription.

|   |   |
|---|---|
| 1 | **MORNING SESSION, NOVEMBER 21, 2024** |
| 2 | (10:40 a.m.) |
| 3 | THE COURTROOM CLERK:  The Court calls *Giron Reyes, et al.* |
| 4 | *versus Waples Mobile Park Limited, Partnership*, et al., Case |
| 5 | Number 1:16-cv-563. |
| 6 | May I have appearances, please, first for the plaintiff? |
| 7 | MR. DiCARLO:  Good morning, Your Honor.  Nick DiCarlo from |
| 8 | Zuckerman Spader on behalf of the plaintiff families.  I'm here |
| 9 | at counsel table.  With me are colleagues from the Legal Aid |
| 10 | Justice Center, Nady Peralta and Larisa Zehr. |
| 11 | THE COURT:  Good morning to all of you. |
| 12 | MR. DINGMAN:  Good morning, Your Honor.  Michael Dingman, |
| 13 | McGuire Woods, for the defendants, and with me today is Brooks |
| 14 | Spears. |
| 15 | THE COURT:  Good morning to both of you. |
| 16 | MR. DINGMAN:  Thank you. |
| 17 | THE COURT:  So we're on today for our status.  It's been a |
| 18 | while.  I hope you all are doing well.  So I think we're going |
| 19 | to -- one, we're going to set a date, a trial date; we're going |
| 20 | to set a date for the motions in limine, and we'll also discuss |
| 21 | your differing positions on the Rule 26(a)(3) disclosures, okay? |
| 22 | Have you all discussed potential trial dates?  First of |
| 23 | all, did we decide how long -- I can't remember now.  How long is |
| 24 | this case anticipated?  How long do you think it will take? |
| 25 | MR. DINGMAN:  My understanding, Your Honor, is we had |

```
 1   given an estimate of five days, and Mr. DiCarlo can correct me if
 2   I'm misstating that.
 3           I will say one thing that I wanted to bring to the Court's
 4   attention.  When I went back, and I looked at all the disclosures
 5   and so forth that the plaintiffs say they intend to call, all
 6   eight of the plaintiffs, my understanding is that they will all
 7   need translators, plus at least two experts and maybe another
 8   fact witness.  We have five live witnesses.  We have an issue
 9   with one witness which I'll raise with the Court later on.
10   That's a lot of witnesses, and there's over, at the moment 300 --
11   right around 350 exhibits.
12           So, I'm not a hundred percent confident that five days is
13   enough.  I certainly don't want to push it beyond what's needed,
14   but I just wanted to --
15           THE COURT:  I'd rather reserve more on my docket and then
16   hold you all and bring it down but have the days reserved.  So
17   we'll set aside seven, okay, with the goal for it to be five.
18   Did you discuss potential dates?  Your filing indicated in the
19   first quarter, and that's pretty broad.  Have you thought about
20   it?
21           MR. DINGMAN:  Well, obviously, we have not discussed
22   specific dates, but I think we're in agreement, Your Honor, that
23   there should be -- I think we said in our joint submission 60
24   days between the resolution of the motions and trial, so I would
25   propose, of course, according to Your Honor's schedule, perhaps
```

```
 1   the week of March 17th, and we can work back from that to set
 2   hearing dates on the motions in limine.  And to the extent that
 3   the Court agrees with the defendants' position on brief
 4   submissions, the Rule 26 disclosures, a date for that as well.
 5          MR. DiCARLO:  And for plaintiff --
 6          THE COURT:  I have a trial on March 18th, and it's a
 7   criminal one, and it's -- I have two weeks reserved for that.
 8   April 1st.
 9          MR. DiCARLO:  Your Honor, we have a witness who may not be
10   able to attend on that date.  But otherwise --
11          MR. DINGMAN:  April 1 is good for defendants, Your Honor.
12          THE COURT:  But, I mean, the witness just can't appear on
13   April 1, but are they available the rest of the month or the rest
14   of the April dates?
15          MR. DiCARLO:  They have -- they have other availability
16   later in April.
17          THE COURT:  I'm just saying, like, we couldn't call them
18   out of order?  I mean, because the first day is picking a jury.
19          MR. DiCARLO:  Correct.
20          THE COURT:  You know, a big part of that is picking a jury
21   and opening statements, and so we may not even be getting to
22   testimony until late afternoon or day number two.  So, are they
23   unavailable that entire week?
24          MR. DiCARLO:  Would the Court be amenable to remote
25   testimony in that instance?  It's a nonparty witness.
```

```
 1              THE COURT:  Is it an expert?  Is it -- because I am
 2   hesitant with that with a jury.  It's one thing if it's a bench
 3   trial, but when it's a jury, I'm hesitant to do a remote witness.
 4   Are they available -- I could start it March 4th.
 5              MR. DiCARLO:  March 4th is worse for plaintiffs, Your
 6   Honor.
 7              We can make it work.
 8              THE COURT:  Okay.  So we'll make it April 1.
 9              MR. DiCARLO:  Your Honor, I'm sorry.  What's the next
10   availability after April 1?
11              THE COURT:  April 2.  Well, I just set that other trial in
12   April, and so I really am limited, okay?
13              MR. DiCARLO:  Your Honor, I did notice that January 22nd
14   opened up from the first --
15              THE COURT:  I know, but if you all want the 60 days
16   between the motions in limine -- I'm fine with January 22nd.
17   You're not going to have 60 days; you're going to have -- you can
18   put it on the motions docket, but, I mean, I have other matters,
19   too, and so you will not have 60 days.  But if that is what you
20   want, January 22nd works for the Court.
21              MR. DINGMAN:  Your Honor, my concern with that is, I think
22   the motions in limine and our suggestion that the Rule 26
23   disclosures, which are now four years old, be withdrawn and
24   resubmitted, is going to be important in setting up what actually
25   is presented at trial, and I think that we do need, as we said in
```

*1*   the joint submission, some period of time for the Court to

*2*   consider the motions, and there are several; for the parties to

*3*   digest them, because I think that will impact --

*4*       THE COURT:  Did you all -- did you all confirm those

*5*   motions in limine?  Do you remember how early on I asked -- and I

*6*   know you refiled them.

*7*       MR. DINGMAN:  Yes.

*8*       THE COURT:  Did you refile the same ones, or did you

*9*   refile different ones?

*10*      MR. DINGMAN:  We filed, essentially, the same ones.  I

*11*  believe we withdrew -- if I can stand over here -- one of our

*12*  motions in limine.  We've had discussions about some of the other

*13*  pending motions, but we have not reached any sort of resolution

*14*  on those.

*15*      MR. DiCARLO:  And, Your Honor, from plaintiffs'

*16*  perspective, we did substantially change the motions in limine

*17*  based on our discussions with defendants' counsel, and --

*18*      THE COURT:  I see you filed one that is 22 pages, and I

*19*  know that -- I think they have, like, six that are 85.  I think

*20*  you can do some changing.

*21*      MR. DiCARLO:  Your Honor, we filed all of ours in one

*22*  submission.

*23*      THE COURT:  That's what I said.  You did one filing that

*24*  is 22 pages.  I have it.  I'm saying that the defense had filed,

*25*  I believe, six, and they totaled 85 pages.  I think those can be

```
 1  looked at.
 2          MR. DINGMAN:  We are certainly willing, Your Honor, to
 3  talk to plaintiffs about those to see if there is anything that
 4  can be resolved, but we have had a number of discussions about
 5  these issues and motions over an extended period of time, and we
 6  have not been able to come to any sort of agreement on them, but
 7  we can certainly take another attempt at that.
 8          MR. DiCARLO:  And, Your Honor, from the plaintiffs'
 9  perspective, our hard goal today is to calendar -- or to
10  recalendar this motions hearing and to get a trial date on the
11  calendar.  We --
12          THE COURT:  I said that at the outset, that that was my
13  goal, too.
14          MR. DiCARLO:  Thank you, Your Honor.
15          THE COURT:  Back to these motions in limine.  Like I said,
16  you filed six.  I want you to take a look at those.  I don't
17  think they're all necessary based on a cursory review of them
18  because, at the very first status conference, I asked that you
19  all look at those motions in limine, meet and confer on them,
20  attempt to resolve what you could, and then refile.
21          And when I look here and I see six motions in limine, I
22  don't know if that's been done, okay, six from you alone, okay?
23  I want you to look at them.
24          MR. DINGMAN:  We'll certainly take a look at those.  One
25  thing I would say, Your Honor, plaintiffs didn't change their
```

1   motions in any significant way, and a lot of the issues that are
2   in their motion in limine are in our motion in limine, and so
3   they're addressing similar, if not the same, issues, and so --
4   but we'll certainly look at those and see if we can cull those
5   down.
6           THE COURT:  Okay.  Thank you.  So our trial date is
7   April -- what are your positions on January 22nd?
8           MR. DINGMAN:  I think it's not enough time, Your Honor,
9   for what we have to do in this case.  And one of the things,
10  under Rule 26 disclosures, I think if the parties can have the
11  benefit of decisions on the motions in limine, and then look at
12  the disclosures -- and I'll just give the Court an example.
13  There are 350 combined exhibits, and the parties have objected to
14  80 percent of them collectively.
15          We also have designated deposition testimony from all
16  eight plaintiffs that have been objected to on the grounds of
17  relevance and prejudice, and decisions on the motion in limine,
18  and if the Court says this issue is relevant, it's coming in;
19  these topics are not, will provide a lot of guidance, I think, to
20  the parties on what exhibits are pertinent and probably resolve a
21  fair number of the objections to the deposition excerpts.  And
22  given the holidays and so forth --
23          THE COURT:  I've heard enough.  Thank you.  I've heard
24  enough.
25          MR. DINGMAN:  Okay.

*1*   THE COURT: I'm going to set motions for January 22nd,
*2* okay? I'm going to keep the trial date as is.
*3*   MR. DiCARLO: Your Honor, would you entertain a motion as
*4* to remote testimony if we submitted one before the motions date?
*5*   THE COURT: But I just said my view on remote testimony
*6* was, right?
*7*   MR. DiCARLO: Okay.
*8*   THE COURT: I'll hear that motion.
*9*   MR. DiCARLO: Thank you.
*10*   THE COURT: I'll hear that motion, okay? I'll consider
*11* that. After I rule on the motion in limine, my plan will be to
*12* rule the day of, okay? I don't plan on writing. And then, at
*13* that time, I will set a date for revised Rule 26(a)(3)
*14* disclosures. It always works to the parties' interests to be as
*15* reasonable with each other as possible and to resolve what you
*16* can before bringing it to the Court. Is there anything further?
*17*   MR. DINGMAN: There's just one other issue, Your Honor,
*18* that I wanted to raise, and it deals with one of our expert
*19* witnesses, George Caruso. I was contacted by Mr. Caruso's son a
*20* few weeks ago, who told me he's been diagnosed with dementia --
*21*   THE COURT: Oh, no.
*22*   MR. DINGMAN: -- and is not going to be able to testify.
*23* I shared that information with plaintiffs' counsel, and we have
*24* suggested that Mr. Caruso is now an unavailable witness, and we
*25* should be able to use his deposition and expert report. We have

```
 1  not come to an agreement on that yet.  We're still in
 2  discussions.  But I just wanted to raise that in the event that
 3  we're not able to resolve that.  We may have to involve the
 4  Court.
 5          THE COURT:  Well, why don't you all reach some agreement
 6  with respect to this witness that they're saying is unavailable
 7  in April and your expert witness?  Why don't you all come up with
 8  a mutually agreeable plan, and that is some --
 9          MR. DINGMAN:  -- we actually have talked about certain
10  witnesses testifying virtually, so we've had some of that
11  conversation already, Your Honor, and we're happy to continue
12  that.
13          MR. DiCARLO:  We proposed exactly what you proposed, Your
14  Honor.
15          THE COURT:  Okay.  Well, see what you can work out.  Thank
16  you.  Anything further?
17          MR. DINGMAN:  No, Your Honor.
18          THE COURT:  Okay let's call our next case.
19          I don't think I told everybody this morning, but have
20  a nice Thanksgiving.
21          (Proceedings adjourned at 10:56 a.m.)
22
23
24
25
```

# **C E R T I F I C A T E**

        I, Scott L. Wallace, RDR-CRR, certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

```
/s/ Scott L. Wallace                    12/18/24
-----------------------------         ----------------
 Scott L. Wallace, RDR, CRR               Date
   Official Court Reporter
```