**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

ROSY GIRON DE REYES, et al.,

                Plaintiff,

v.

WAPLES MOBILE HOME PARK
LIMITED PARTNERSHIP, et al.,

                Defendants.

Case No.:  1:16CV563 (PTG/WBP)

**DEFENDANTS' REPLY TO ALLOW INTO EVIDENCE DEPOSITION**
**TESTIMONY AND EXPERT REPORT OF UNAVAILABLE WITNESS**
**GEORGE C. CARUSO, CPM, RAM, SHCM, HCCP**

Defendants submit the following memorandum in response to the Plaintiffs' opposition to Defendants' Motion to Allow into Evidence Deposition Testimony and Expert Report of Unavailable Witness George C. Caruso, CPM, RAM, SHCM, HCCP ("Mr. Caruso").

**BACKGROUND**

On January 14, Defendants moved this Court to allow the jury to consider Mr. Caruso's deposition testimony *and* expert report as evidence at trial (the "Motion").  ECF 521.  Plaintiffs did not inform Defendant until 8:30 PM on January 12 that they would not object to the admission of Mr. Caruso's deposition.  This is not an "accommodation" by Plaintiffs, as they suggest, but is mandated by the Federal Rules of Civil Procedure.  Plaintiffs object, however, to the jury's consideration of his *six-page* expert report—four of which are an exhibit slip sheet and Mr. Caruso's credentials—alongside his deposition testimony unless Defendants agree to the remote testimony of Mr. Bustany at trial.  Plaintiffs suggest that the unavailability of Mr. Caurso is akin

to an expert merely being unavailable for reasons—such as travel—that are avoidable. That is plainly not the case here.

Defendants would be well within their rights to ask for leave to designate a replacement expert who could testify in person at trial, which is much more effective than the reading of a deposition transcript, and do not see how Plaintiffs could object. However, Defendants want the case to get to trial as much as the Plaintiffs do and proposed a solution that is supported by the Federal Rules of Evidence and the Federal Rules of Civil Procedure to present Mr. Caruso's testimony and opinions to avoid any delay to the trial. But Plaintiffs object to the jury considering two (2) pages of expert conclusions and substantive analysis alongside Mr. Caruso's deposition testimony, which focuses almost exclusively on a cross-examination of Mr. Caruso about that very report. The Court should not allow Plaintiffs to take advantage of Mr. Caruso's condition and should grant the Motion.

## **ARGUMENT**

### I.    **Defendants' Reasonable Request Ensures Trial Will Commence as Scheduled and Does Not Prejudice Plaintiffs.**

After more than eight years, trial is set in this case for April 1 through April 9. Just five months before the trial—and nearly eight years after discovery closed—Mr. Caruso was diagnosed with dementia. Instead of asking this Court to continue the trial and re-open discovery for Defendants to procure a replacement expert,[1] Defendants offered a Plaintiffs a reasonable alternative: allow the jury to consider Mr. Caruso's six-page (in reality, two-page) expert report

---

[1] In similar circumstances, courts have reopened discovery. *See Ball-Bey v. Chandler*, Case No. 4:18-CV-1364-SPM, 2023 WL 7280903, at *1 (E.D. Mo. Oct. 2, 2023) ("Unfortunately, [Plaintiff's expert] Mr. Knox died suddenly on Friday, September 22, 2023. The parties, requested, and the Court granted, a motion to continue the trial date to allow Plaintiff time to find a new expert to offer testimony on the topics about which Mr. Knox had previously offered testimony."). Mr. Caruso is not dead; however, his unfortunate, untimely, and severe diagnosis has the same practical effect on Defendants' case leading up to trial.

alongside his deposition testimony. Plaintiffs rejected that alternative. Defendants offered Plaintiffs a further alternative: waive objections to *all* expert reports (including Plaintiffs'), subject to Defendants' now-pending motions *in limine*. Plaintiffs rejected that alternative as well, which they now refer to as "illusory."[2] ECF 523 at 6, n.3.

After rejecting those alternatives, Plaintiffs claim Defendants filed this Motion "to make Mr. Caruso the only expert in the case immune from facing the crucible of cross-examination at trial." *Id.* at 6. Plaintiffs' suggestion that Defendants somehow benefit from not being able to present Mr. Caruso in person at the trial is absurd. Defendants are trying to deal with a tragic situation without delaying the trial in this matter. Nor are Defendants trying to "immunize" Mr. Caruso from cross-examination. He was cross-examined for *three hours* at his deposition. Instead, Plaintiffs seek to make Mr. Caruso the only individual in this case whose direct testimony (here, his would-be direct testimony) cannot be considered by the jury. Defendants are simply trying to lessen the prejudice they will suffer by virtue of the unavailability of their only expert on "Step Two" of the *Inclusive Communities* burden-shifting framework (i.e., the *only* portion of this case where Defendants bear the burden of proof). Given the circumstances, Plaintiffs' position that Defendants are attempting to gain an unfair advantage, and that Plaintiffs are prejudiced by the jury considering a six-page expert report discussed at Mr. Caruso's hours-long deposition testimony *about that report*, is baseless.

By contrast, granting Defendants' Motion will keep the trial as close to the status quo as possible given Mr. Caruso's dementia diagnosis. The jury will consider Mr. Caruso's expert report (i.e., the minimal information Defendants would have elicited on direct) *and* Mr. Caruso's

---

[2] Of course, since Plaintiffs' experts *are* available to testify at trial, a truly symmetrical offer is not possible. But Defendants offered the best alternative available under the circumstances, not an "illusory" alternative.

deposition testimony (i.e., Plaintiffs hours-long cross-examination of Mr. Caruso).[3] Defendants did not ask this Court to continue the trial and reopen discovery despite what Defendants believe is clearly good cause to do so. Nor, "[a]s a matter of fairness," would it "prejudice *Plaintiffs*." ECF 523 at 6 (emphasis in original). Instead, Defendants merely ask this Court to allow the jury to consider at least the basic information regarding Mr. Caruso's opinions.

## II.    Defendants' Fed. R. Evid. 807 Case Law is Inapposite and Mr. Caruso's Report Fits the Exception Given the Rare Circumstances.

Plaintiffs are correct that the residual hearsay exception is to be used only in exceptional circumstances. This is such a circumstance. Plaintiffs string cite five cases where courts excluded an expert's report under Fed. R. Evid. 807. But none of those cases consider a situation analogous to the instant circumstances: where an expert suddenly becomes unavailable due to a severe illness just months before trial and years after the close of discovery. For example, in *Marquette Transp. Co., Inc. v. Eagle Subaru*, the court denied the admission of an expert report where the expert was in Australia during the trial. No. CIVA 06-9053, 2010 WL 1558921, at *3 (E.D. La. Apr. 15, 2010).[4]

Most tellingly, Plaintiffs quote a paragraph from *Diamond Resorts Int'l, Inc. v. Aaronson* strongly admonishing the dangers of letting expert reports in under the residual hearsay exception. 378 F. Supp. 3d 1143, 1145 (M.D. Fla. 2019). The impetus for the court's strong language, however, was that the expert was "unavailable to testify at trial because he [was] *traveling out of the country*." *Id.* at 1144 (emphasis added). Of course, if a party cannot procure the attendance

---

[3] Plaintiffs claim that Defendants adequately elicited the reasoning behind Mr. Caruso's opinions and, therefore, Defendants are not prejudiced by the omission of Mr. Caruso's expert report. *See* ECF 523. In support, Plaintiffs cite to six pages of deposition testimony where Mr. Caruso was examined by Defendants' counsel. By contrast, Plaintiffs' examination of Mr. Caruso spans more than one hundred pages.

[4] This information is not included in the court's opinion but is noted in the moving party's memorandum in support of its motion. A true and accurate copy of this memorandum is attached as Exhibit 1.

of their own expert at trial for some reason that can be accounted for (e.g., travel or work obligations), that party should not be able to offer the expert's report into evidence.

This is not a situation where Defendants' expert is travelling or simply does not want to attend trial. He is unavailable for a far more compelling reason: a serious illness. That there is no case law on the application of Fed. R. Evid. 807 when an expert dies or suffers a serious health condition is no surprise; in such a circumstance the party losing the expert would be allowed time to find a replacement expert (presumably, with the consent of opposing counsel). *No* amount of effort, let alone "reasonable efforts" could procure Mr. Caruso's attendance at trial. Moreover, his expert report is simply offered to put his deposition testimony in context. Given his sudden unavailability, there is no more probative evidence on this point. Plaintiffs seek to tip the scales of Mr. Caruso's role at trial in their favor at great prejudice to Defendants. The Court should not permit them to do so.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Allow into Evidence Deposition Testimony and Expert Report of Unavailable Witness George C. Caruso, CPM, RAM, SHCM, HCCP should be granted.

Dated: January 17, 2025         Respectfully submitted,
**Waples Mobile Home Park Limited Partnership**
**Waples Project Limited Partnership**
**A.J. Dwoskin & Associates, Inc.**
*By Counsel*

*/s/ Michael S. Dingman*
Michael S. Dingman
Brooks H. Spears
McGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
Tysons, VA 22102
Phone: (703) 712-5000
Fax: (703) 712-5050

5

mdingman@mcguirewoods.com
bspears@mcguirewoods.com

Grayson P. Hanes
ODIN, FELDMAN & PITTLEMAN, P.C.
1775 Wiehle Avenue, Suite 400
Reston, VA 20190
Phone: (703) 218-2195
Fax: (703) 218-2160
grayson.hanes@ofplaw.com

6

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on January 17, 2025, I caused the foregoing document to be filed via the

Court's CM/ECF system, which will send notice to all counsel of record.

*/s/ Michael S. Dingman*
Michael S. Dingman