# EXHIBIT 1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARQUETTE TRANSPORTATION CO., INC. and BLUEGRASS MARINE, INC.<br><br>VERSUS<br><br>EAGLE SUBARU, her engines, tackle, apparel, etc., *in rem*, and AET INC. LTD., V SHIPS ASIA MSI PTE. LTD., and THE UNITED KINGDOM MUTUAL STEAMSHIP ASSURANCE ASSOCIATION (BERMUDA) LTD., *in personam* | CIVIL ACTION<br><br>NUMBER: 06-9053<br><br>SECTION: "R" - (2)<br><br>JUDGE:<br>SARAH S. VANCE<br><br>MAGISTRATE JUDGE:<br>JOSEPH C. WILKINSON, JR. |

## MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO ADMIT THE EXPERT REPORT LARRY EARL STROUSE

During our 8 April 2010, pre-trial conference, the Court was asked whether expert reports would be in evidence for witnesses who were testifying live at trial. The Court indicated the reports would not. A Mississippi River navigation expert, Larry Strouse, unavoidably is in Australia at present and unavailable to testify in person. His evidence will be presented by deposition. Because of his unavailability, BRUCE HAHN interests respectfully request the Court receive his expert report as an exhibit.

The Captain Strouse's expert report is admissible under the residual exception to the hearsay rule.

1

PD.3974918.1

According to the United States Supreme Court, the "hearsay exceptions exist because in some situations, the surrounding circumstances provide sufficient guarantees of accuracy and truthfulness, rendering the need for cross-examination at trial superfluous."[1] This is one of those situations. Captain Strouse's expert report is admissible because EAGLE SUBARU was given two opportunities to cross-examine the witness regarding the statements and opinions contained in his expert report, thereby providing "sufficient guarantees" of statement's "accuracy and truthfulness."

Federal Rule of Evidence 807 expressly provides a residual exception for statements not covered by any of the enumerated exceptions to the hearsay rules, if the statement has (1) "equivalent circumstantial guarantees of trustworthiness"; (2) the statement is offered as evidence of a material fact; (3) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (3) the general purpose of the rules and the interests of justice will be served by the admission of the statement.[2]

An expert report is admissible under the residual hearsay exception when an unavailable expert has been questioned extensively on the report by opposing counsel prior to its introduction. The Central District of California recently made this determination, in *Televisa, S.A. v. Univision Communications, Inc.*, when one of the plaintiff's expert witnesses became unavailable.[3] In admitting the expert report, the Court explained:

---

[1] *Televisa, S.A. de C.V. v. Univision Comm., Inc.*, 635 F.Supp. 2d 1106, 1109 (C.D.Cal. 2009) (*citing Idaho v. Wright*, 497 U.S. 805, 820 (1990)).
[2] Fed.R.Evid. 807.
[3] *Televisa*, 635 F.Supp. 2d 1106.

2

PD.3974918.1

> Since the item in question [was] a report prepared by a designated expert witness, rather than a remark or statement, many of the classic hearsay risks, such as faulty perception, faulty memory, and faulty narration [are not] of concern here. [The expert] signed [the exhibit] and adopted it, during his deposition, as a true and correct copy of the expert report he submitted in this case. Furthermore, [the defendant] questioned [the expert] extensively on his Report, including the documents he considered in reaching his opinions, the methodology and process he employed, and the ultimate substantive basis for those opinions. In light of [the defendant's] prior opportunity to cross-examine [the unavailable expert] during his sworn deposition, there are sufficient guarantees of accuracy and truthfulness here, and the need to cross examine [the plaintiff's expert] regarding his credentials, methods, and the contents of the Report would probably be superfluous.[4]

As was the case in *Televisa*, Captain Strouse's expert report is trustworthy because it is not plagued by the classic hearsay risks. He signed the expert report and adopted it, during his deposition, as a true and correct copy of the expert report he submitted in this case. Furthermore, EAGLE SUBARU questioned Captain Strouse extensively on his Report, on two separate occasions, including the documents he considered in reaching his opinions, the methodology and process he employed, and the ultimate substantive basis for those opinions. Therefore, in light of EAGLE SUBARU's prior opportunity to cross-examine Mr. Strouse during his sworn deposition, "there are sufficient guarantees of accuracy and truthfulness here, and the need to cross-examine [Captain Strouse] regarding his credentials, methods, and the contents of the Report would [ ] be superfluous."[5]

The remaining evidentiary concerns of Federal Rule of Evidence 807 are also met because (1) the expert report is probative of a material fact at issue in this case; (2) the Report is

---

[4] *Televisa*, 635 F.Supp. 2d 1106, 1109-10.
[5] *Id.* at 1110.

more probative than any other evidence Marquette could procure through reasonable efforts at this later stage; and (3) it is in the interest of justice that Marquette be permitted to introduce the Report. Therefore, the Report is admissible under the residual hearsay exception.

Since Captain Strouse's expert report meets the requirements of Federal Rule of Evidence 807 and because EAGLE SUBARU had ample opportunity to cross-examine the witness on the statements and opinions contained in the report, Marquette respectfully requests that the expert report of Captain Strouse be admitted into evidence as an exhibit to his deposition testimony.

RESPECTFULLY SUBMITTED,

**PHELPS DUNBAR LLP**

BY: _____
HUGH RAMSAY STRAUB (#12525)
MICHAEL M. BUTTERWORTH (#21265)
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
Attorneys for Plaintiffs,
Marquette Transportation Co., Inc. and
Bluegrass Marine, Inc.

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing pleading has been served upon all counsel of record by hand delivery, by fax or electronic transmission, or by placing same in the United States mail, properly addressed and first class postage prepaid, on this __12__ day of __april__, 2010.

_____
HUGH RAMSAY STRAUB
MICHAEL M. BUTTERWORTH

5

PD.3974918.1