IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ROSY GIRON DE REYES, *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | 1:16-cv-563 (PTG/WBP) |
| ) | |
| WAPLES MOBILE HOME PARK LIMITED ) | |
| PARTNERSHIP, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

### ORDER

This matter comes before the Court on Defendants' Motion to Allow Into Evidence Deposition Testimony and Expert Report of Unavailable Witness George C. Caruso, CPM, RAM, SHCM, HHCCP ("Motion") (Dkt. 520). Defendants' Motion was filed on January 14, 2025. Dkt. 520. Defendants' Motion requests that both the deposition testimony and expert report of unavailable expert witness Mr. Caruso be admissible at trial. *Id.* On January 22, 2025, the Court held a hearing on this Motion and others. Dkt. 526.

This case began almost a decade ago, in May 2016. Dkt. 1. On November 21, 2024, the Court held a Status Hearing in this case. Dkt. 511. At the hearing, Defendants' counsel indicated that they were "contacted by Mr. Caruso's son a few weeks ago" and were informed that Mr. Caruso was diagnosed with dementia and would be unavailable to testify at trial. Dkt. 519 at 10:19–22. Counsel also indicated that they had "shared that information with plaintiffs' counsel, . . . and we should be able to use his deposition and expert report. We have not come to

1

an agreement on that yet. We're still in discussions." *Id.* 10:23–11:2.[1] At that same hearing, a jury trial was scheduled in this case for April 1, 2025. Dkt. 511.

According to Defendants, Mr. Caruso is the only expert witness who would be offering evidence as to whether the "challenged practice is necessary to achieve one or more substantial, legitimate, nondiscriminatory interests." Dkt. 521 at 3; *see also Texas Dep't of Hous. & Cmty. Affs. v. Inclusive Communities Project, Inc.*, 576 U.S. 519, 527 (2015). This is step two of the *Inclusive Communities* test upon which Defendants bear the burden.

The Court will first confront Defendants' request to introduce Mr. Caruso's deposition testimony. The parties are in agreement that Mr. Caruso's deposition testimony, to the extent the testimony is otherwise admissible, is admissible at trial pursuant to Fed. R. Evid. 804(b)(1)(A). Rule 804(b)(1)(A) provides that the testimony of an unavailable witness is not excluded by the rule against hearsay if the testimony "was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one." A declarant is unavailable as a witness if he "cannot be present or testify at trial or hearing because of death or a then-existing infirmity, physical illness, or mental illness[.]" Fed. R. Evid. 804(a)(4). Mr. Caruso's dementia diagnosis renders him unavailable to testify at trial under Rule 804(a) and therefore, his deposition testimony is admissible under Rule 804(b)(1)(A), subject to all other challenges to admissibility.

---

[1] In their Reply, Defendants represent that Plaintiffs advised on "8:30 PM on January 12 that they would not object to the admission of Mr. Caruso's deposition. . . . Plaintiffs object, however, to the jury's consideration of his six-page expert report . . . alongside his deposition testimony unless Defendants agree to the remote testimony of Mr. Bustany at trial." Dkt. 525 at 1 (emphasis omitted).

The Court next turns to Defendants' request that Mr. Caruso's expert report be deemed admissible at trial pursuant to the residual hearsay exception found in Fed. R. Evid. 807. Rule 807 provides that

> [A] hearsay statement is not excluded by the rule against hearsay even if the statement is not admissible under a hearsay exception in Rule 803 or 804 [if]:
>
> (1) the statement is supported by sufficient guarantees of trustworthiness—after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and
>
> (2) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts.

Defendants argue that Mr. Caruso's expert report has sufficient guarantees of trustworthiness, as is required by Rule 807, because Plaintiffs "admitted" the report was authored by Mr. Caruso when they repeatedly referred to it as Mr. Caruso's report. Dkt. 521 at 4 (citing to portions of deposition transcript, Dkt. 521-2). Defendants also argue that the report is more probative as to Mr. Caruso's opinions than any other evidence that Defendants could obtain. *Id.* For support, Defendants rely on a single case arising out of the Central District of California wherein the court permitted the report of an unavailable expert to be admitted pursuant to Rule 807. *Televisa, S.A. de C.V. v. Univision Commc'ns, Inc.*, 635 F. Supp. 2d 1106, 1110 (C.D. Cal. 2009). There, the district court reasoned that "a report prepared by a designated expert witness" does not have "many of the classic hearsay risks, such as faulty perception, faulty memory, and faulty narration." *Id.* at 1109. For this reason, and because the opposing party had the opportunity to cross-examine the expert witness during a deposition, the district court was persuaded that the expert report at issue had "sufficient guarantees of accuracy and truthfulness." *Id.* at 1110.

3

This Court disagrees. The Committee Notes regarding 2019 Amendments to Rule 807 explain that "the focus for trustworthiness is on circumstantial guarantees surrounding the making of the statement itself, as well as any independent evidence corroborating the statement." Fed. R. Evid. 807, advisory committee's notes. "It can rarely be said that a report prepared by a paid, retained expert witness for a party or its counsel bears 'equivalent circumstantial guarantees of trustworthiness' to justify application of the residual hearsay exception." *Diamond Resorts Int'l, Inc. v. Aaronson*, 378 F. Supp. 3d 1143, 1145 (M.D. Fla. 2019). Simply acknowledging that Mr. Caruso authored his report does not provide guarantees of trustworthiness regarding the making of the statements included in the report such that the report does not constitute hearsay. Accordingly, the Court finds that the report of a paid, retained expert witness does not have "sufficient guarantees of trustworthiness" to fall within the residual hearsay exception.

Further, the Court finds that Mr. Caruso's report is not more probative as to Mr. Caruso's opinions than any other evidence reasonably obtainable on the underlying subject matter. The deposition testimony – which is admissible – covers Mr. Caruso's opinions. Additionally, the Court is troubled that Defendant waited to file this motion until January 14, 2025, after learning of Mr. Caruso's condition in early November. As previously noted, at the Status Hearing held on November 21, 2024, Defendants represented to the Court that they were informed of Mr. Caruso's condition "a few weeks ago." Dkt. 519 at 10:19–20. Given the importance of his opinion, Defendants should have sought the Court's intervention long before that time if Plaintiffs were unwilling to commit to a position. Then, Defendants could have made a more timely request to secure a new expert.

"Every retained expert prepares an expert report[,] . . . [v]irtually every retained expert is comprehensively deposed[,] [a]nd virtually every retained expert is technically 'unavailable.'"

*Diamond Resorts*, 378 F. Supp. 3d at 1145. "[T]he Fourth Circuit has repeatedly explained [that] the residual exception is to 'be used very rarely, and only in exceptional circumstances.'" *Tankesley v. Vidal*, No. 1:21-cv-1448, 2023 WL 4273763, at *5 (E.D. Va. June 29, 2023) (quoting *United States v. Gomez*, 774 F. App'x 136, 137 (4th Cir. 2019)). Defendants contend this is one of those exceptional circumstances. The Court recognizes that it is Mr. Caruso's condition which makes him unavailable, not travel or some other excuse. That being said, even that basis does not make his expert testimony admissible under Rule 807. *See Siqueiros v. Gen. Motors LLC*, 2022 WL 3974752, at *14–15 (N.D. Cal. Aug. 31, 2022) (excluding expert report of decedent expert witness when new expert could provide a new report). Permitting Defendants to introduce Mr. Caruso's expert report would set the precedent that any expert report could fall within the residual hearsay exception. Accordingly, the Court will not allow Mr. Caruso's report to be admitted under the residual hearsay exception and Defendants' motion will be denied in that respect.

During argument of this Motion at the January 22, 2025 hearing before the Court, Defendants indicated that if the Court found Mr. Caruso's expert report to be inadmissible, Defendants would request to be permitted to designate a new expert. The Court has reviewed the deposition testimony of Mr. Caruso. Although the deposition testimony does address his opinions and reasoning, the Court finds that Defendants' trial presentation on an issue on which they bear the burden would be severely disjointed if Defendants are limited to presenting Mr. Caruso's deposition transcript. Thus, the Court will reopen discovery on a limited basis and grant Defendants' request to designate a new expert <u>with explicit restrictions</u>. Any new expert report will be limited to the scope of Mr. Caruso's report. The Court will not permit a new expert to submit a report which covers new areas outside of the bounds of Mr. Caruso's report,

nor will the Court permit a new expert to testify as to any such new areas. If a new expert were permitted to submit a broader report, Plaintiffs would be significantly prejudiced. Defendants will have fourteen (14) days from the date of this Order to designate a new expert; the newly designated expert will then have ten (10) days to issue his or her report; and Plaintiff will have twenty (20) days to respond and schedule a deposition for which the expert must make himself or herself available.

Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Allow Into Evidence Deposition Testimony and Expert Report of Unavailable Witness George C. Caruso, CPM, RAM, SHCM, HHCCP (Dkt. 520) is **GRANTED in part** and **DENIED in part**; it is further

**ORDERED** that the Court will reopen discovery on a limited basis and **GRANT** Defendants' request to designate a new expert with explicit limitations. Any new expert report will be limited to the scope of Mr. Caruso's report. The Court will not permit a new expert to submit a report on, or testify to, any areas outside of the bounds of Mr. Caruso's report; it is further

**ORDERED** that Defendants will have fourteen (14) days from the date of this Order to designate a new expert; the newly designated expert will then have ten (10) days to issue his or her report; and Plaintiffs will have twenty (20) days to respond and schedule a deposition for which the expert must make himself or herself available; and it is further

**ORDERED** that Mr. Caruso's deposition testimony may be admitted at trial, subject to other objections as to admissibility, if Defendants decide to not designate a new expert.

Entered this 24th day of January, 2025.
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge