IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ROSY GIRON DE REYES, *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | 1:16-cv-563 (PTG/WBP) |
| ) | |
| WAPLES MOBILE HOME PARK LIMITED ) | |
| PARTNERSHIP, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

## ORDER

This matter is before the Court on various pretrial motions. On January 22, 2025, the Court held a hearing on these motions. The Court will address Defendants' Motion to Allow Into Evidence Deposition Testimony and Expert Report of Unavailable Witness George C. Caruso, CPM, RAM, SHCM, HHCCP (Dkt. 520) and Defendants' Motion to Exclude the Opinions of William A.V. Clark, Ph.D. (Dkt. 494) in separate orders. For the reasons stated from the bench, it is hereby

**ORDERED** that Plaintiffs' Motion to Preclude Defendants from Introducing Any Evidence of "Business Necessity" at Step Two of the Disparate-Impact Analysis Unless Evidence Relates to Actual, Contemporaneous Reasons for the Policy (Dkt. 454) is **DENIED**; it is further

**ORDERED** that Plaintiffs' Motion to Preclude Defendants from Eliciting Evidence Regarding "Business Necessities" that Arise from Inapplicable Statutes (Dkt. 454) is **MOOT in part** and **DENIED in part**. To the extent Defendants agreed to not elicit evidence of a business necessity arising from the anti-harboring statute or the Personal Responsibility and Work

1

Opportunity Reconciliation Act of 1996, this Motion is **MOOT**. Plaintiffs' request for a jury instruction at this time is **DENIED without prejudice**; it is further

**ORDERED** that Plaintiffs' Motion to Exclude Evidence of Defendants' Relationship with or Views Toward Immigrants and the Latino Community (Dkt. 454) is **DENIED as moot**; it is further

**ORDERED** that Plaintiffs' Motion to Restrict Cross-Examination of Female Plaintiffs Regarding their Immigration Status (Dkt. 454) is **GRANTED**. Plaintiffs are directed to provide Defendants with Individual Taxpayer Identification Numbers (ITINs) information of the one female plaintiff discussed at the hearing; it is further

**ORDERED** that Defendants' Motion to Exclude Testimony of Ivan Yacub, Esq. (Dkt. 456) is **GRANTED in part** and **DENIED in part**. Mr. Yacub is permitted to testify regarding the areas identified in his declaration (Dkt. 457-1) with the exception that Mr. Yacub is not permitted to testify as to the information contained in paragraphs 27–29; it is further

**ORDERED** that Defendants' Motion to Exclude Argument Questioning On Whether Valid Interests for the Policy Were in Place at the Time of the Policy's Adoption (Dkt. 458) is **DENIED**; it is further

**ORDERED** that Defendants' Motion to Exclude Evidence of Damages (Dkt. 460) is **DENIED in part** and **RESERVED in part**. Actual and punitive damages are available in Fair Housing Act disparate impact cases; however, the Court **RESERVES** ruling on the availability of punitive damages in this case. Plaintiffs are directed to not refer to punitive damages in their opening statement. Defendants' request for bifurcation of the liability and damages phases of this trial is **DENIED**; it is further

**ORDERED** that Defendants' Motion to Exclude Evidence of the Ethnicity of Individuals at the Park Allegedly Affected by the Policy (Dkt. 462) is **DENIED**. Plaintiffs must provide a sponsoring witness for its Summary Chart of 2010 Census Data; it is further

**ORDERED** that Defendants' Motion to Exclude Evidence of Lease Materials and the Purported "Eviction" of Plaintiffs (Dkt. 465) is **GRANTED in part, DENIED in part**, and **RESERVED in part**. Defendants' Motion is **GRANTED** as it relates to Plaintiffs' Exhibits 156 and 160 (VOICE Letter and Letter from Virginia Senator). Defendants' Motion is **DENIED** as it relates to evidence of leases that Plaintiffs had with Defendants and evidence of notices or information sent by Defendants to Plaintiffs and other impacted individuals. The Court **RESERVES** ruling on all other pieces of evidence discussed in this Motion until trial; and it is further

**ORDERED** that Plaintiffs' Motion For Permission To Introduce Select Trial Testimony Via Videoconference Or, In The Alternative, To Take A *De Bene Esse* Deposition (Dkt. 514) is **GRANTED in part**. Mr. Bustany will be permitted to testify at trial live via videoconference.

Entered this 24th day of January, 2025
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge

3